DANIEL DAVID DYDZAK

Plaintiff and Appellant

4265 Marina City Drive, Suite 407W

Marina del Rey, CA 90292

Telephone: (310) 867-1289

Email: ddydzak@yahoo.com

**IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

| | |
|---|---|
| DANIEL DAVID DYDZAK, | No. 23-15784, 23-16193 |
| | (Consolidated) |
| Plaintiff-Appellant, | |
| | U.S. DISTRICT COURT CASE NO. |
| v. | 2:22-cv-01008-APG-VCF (Nev.) |
| | |
| TANI CANTIL-SAKAUYE, ET AL., | **APPELLANT'S INFORMAL OPENING BRIEF** |
| Defendants-Appellees. | |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................... (ii)

I QUESTIONS AND ISSUES PRESENTED ON APPEAL ................................. 3

II STANDARD OF REVIEW ................................................................................ 3

III RELEVANT PROCEDURAL HISTORY .......................................................... 4

IV ARGUMENT ..................................................................................................... 6

V CONCLUSION ................................................................................................... 9

PROOF OF SERVICE ............................................................................................ 10

CERTIFICATE OF COMPLIANCE ....................................................................... 12

## TABLE OF AUTHORITIES

CASE LAW

Collins v. Union Federal Sav. & Loan Ass'n, 99 Nev. 284, 303, 662 P.2d 610, 622 (1983) .. 7

Gibson v. Berryhill, 411 U.S. 564 (1973) ................................................................. 9

In re Ruffalo, 390 U.S. 544 (1968) .......................................................................... 8

International Shoe Co. v. Washington, 326 U.S. 310 (1945) ..................................... 7

Marbury v. Madison, 5 U.S. 137 (1803) .................................................................. 9

United States v. Mateo-Mendez, 215 F.3d 1039. 1042 ............................................ 3

United States v. Nixon, 418 U.S. 683 (1954) ........................................................... 8


STATUTES/REGULATIONS

5th and 14 Amendments, U.S. Const. ..................................................................... 9

TO THIS HONORABLE FEDERAL COURT OF APPEALS, ALL PARTIES AND THEIR COUNSEL OF RECORD:

COMES NOW Plaintiff and Appellant, DANIEL DAVID DYDZAK ("DYDZAK"), and respectfully submits the following Opening Brief.

Dated: February 26, 2024

                                            Respectfully Submitted,

                                            DANIEL DAVID DYDZAK

                                            Plaintiff and Appellant

# I QUESTIONS AND ISSUES PRESENTED ON APPEAL

1. Did the lower court err in law and fact in entering Judgments against DYDZAK?

2. Did the lower court err in law and fact in granting Defendants' Motions to Dismiss?

3. Did the lower court err in law and fact in ruling that it did not have personal and subject matter jurisdiction to hear the case?

4. Did the lower court err in law and fact in not granting leave to amend the Complaint?

5. Did the lower court err in law and fact in ruling that DYDZAK was subject to a pre-filing Order?

6. Did the lower court err in law and fact in not allowing and dismissing DYDZAK's bonafide and sufficiently pled causes of action and remedies, as set forth in his Complaint?

7. Should this appeal be granted, with costs, and with a remand Order to the lower court for further proceedings?

Applying either an abuse of discretion standard or <u>de novo</u> standard, the U.S. District Court committed reversible error in dismissing this case. The appeal should be granted, with remand instructions for further proceedings in the lower court.

# II STANDARD OF REVIEW

The <u>de novo</u> standard prevails when a question of law predominates. <u>United States v. Mateo-Mendez</u>, 215 F.3d 1039, 1042 (9th Cir. 2000).

## III  RELEVANT PROCEDURAL HISTORY

DYDZAK timely filed his lawsuit in the District Court of Clark County, Nevada (Case No. A-22-847734-C) for violation of civil rights and other causes of action against several Defendants. Defendants were duly served, other than Defendant THOMAS LAYTON whom DYDZAK elected not to serve. Defendants TANI CANTIL-SAKAUYE and JORGE NAVARRETE subsequently filed Motions to Dismiss the Complaint. DYDZAK opposed same. Violating DYDZAK's civil rights and due process rights, the state judge deliberately did not provide notice of a continued hearing date so that DYDZAK could do oral argument. The Nevada state judge granted the aforesaid Dismissal Motion on June 3, 2022, and ordered Defendants CANTIL-SAKAUYE and NAVARRETE dismissed, without foundation, from the case. This ruling contained numerous misstatements of the law, and reference to alleged evidence and purported facts that are not appropriate at the pleading stage. This state judge has since that ruling "retired" from the Nevada bench.

During the same time frame, on or about June 24, 2022, Defendants Dwyer, Shaw, Schiffer, Thomas and King filed a removal petition to federal court on various federal statutory grounds. (PACER 1, 2:22:cv-1008, hereinafter "LAWSUIT").

The federal case was assigned to District Judge Andrew P. Gordon (PACER 2).

On July 1, 2022, Defendants ERIC GEORGE, RONALD GEORGE and ALAN I. ROTHENBERG filed a Motion to Dismiss Complaint (PACER 5) and Request for Judicial Notice (PACER 8).

Defendant WILLIAM DATO filed a Motion to Dismiss on July 12, 2022 (PACER 14).

Various bank entities filed a Motion to Dismiss on July 20, 2022 (PACER 22).

DYDZAK responded to the Motion to Dismiss by Defendants GEORGES and ROTHENBERG on July 20, 2022 (PACER 24).

· Defendant SCHWAB filed a Motion to Dismiss on July 25, 2022 (PACER 25), only after evasively being in default of timely responding to the lawsuit.

Defendants ROTHENBERG and GEORGES filed Reply Briefs re: their Motion to Dismiss on July 27, 2022 (PACER 28).

A Joint Status Report was filed on July 27, 2022 (PACER 29).

On August 1, 2022, DYDZAK filed Responses to various Motions to Dismiss (PACER 31, 32).

On August 3, 2022, DYDZAK filed a Request for Judicial Notice (PACER 34).

Reply Briefs were filed by various Defendants to DYDZAK's opposition pleadings (PACER 36, 37, 43).

On August 5, 2022, DYDZAK filed a Response and opposition papers to the Motion to Dismiss by Defendant SCHWAB (PACER 45).

Various so-called federal Defendants filed a Motion to Dismiss (PACER 46) on August 30, 2022 (PACER 46).

DYDZAK sent an administrative letter to Chief Judge Du complaining about his phone being illegally blocked (PACER 51).

DYDZAK moved to stay the case and discovery and for appointment of a special master (PACER 52, 53).

Various Defendants responded to the stay and special master motion (PACER 54, 55, 56, 57, 58, 59, 60, 66, 67, 68, 69).

DYDZAK replied to those responses (PACER 70, 71, 72, 73, 74, 75, 76, 77).

Defendant TASHIMA joined in the Motion to Dismiss on October 7, 2022 (PACER 81).

The U.S. District Court granted Motions to Dismiss on October 7, 2022 (PACER 80).

Defendant LAYTON was dismissed from the case due to lack of service (PACER 83).

The lower court dismissed various Defendants from the case on April 17, 2023 (PACER 91).

Judgment in favor of Defendant RAWLINSON was entered on April 18, 2023 (PACER 92).

Judgment was entered as to other Defendants on August 4, 2023 (PACER 97).

Timely appeals were made from the two Judgments.

## IV **ARGUMENT**

### (1) **LAWSUIT SHOULD HAVE NEVER BEEN DISMISSED AT THE PLEADING STAGE**

DYDZAK is entitled to his day in court. Cases should not be dismissed when adequately pled, which is the situation here. The case is not barred for the reasons alleged by the lower court.

There is subject matter and personal jurisdiction because one of the named Defendants, Defendant RAWLINSON , resides in Las Vegas, Nevada where the case was filed. Underlying torts came about as a result of actions she took related to and bearing on torts and other unlawful conduct that took place in Northern and Southern California, and other locations under the 9th Circuit umbrella by the various named Defendants. Minimum contacts with Nevada came about not only because of the residency of Defendant RAWLINSON and the conduct of Defendant RAWLINSON but also because actions, torts and inactions determined by her, or related to the subject matter of other litigation ruled upon by her, originated from Northern California, Southern California and other jurisdictions.

DYDZAK was entitled to elect his forum. See <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945).

The First Cause of Action in the Complaint for Violation of Civil Rights as to Defendants CANTIL-SAKAUYE and NAVARRETE need not be considered by this Appellate Court, because it was determined by a state judge and will be ultimately appealed to the Supreme Court of Nevada. The Second Cause of Action for Violation of the Wiretap Act need not be considered by this Appellate Court because Defendant LAYTON was dismissed from LAWSUIT due to lack of service,

The Third Cause of Action for Conspiracy to Unlawfully Interfere with the Processes of the Court as to Defendants SCHWAB, MILES, RONALD GEORGE, ERIC GEORGE, ROTHENBERG, BANK ENTITIES, AKA DEFENDANT MIDLAND BANK, AND DATO is sufficiently pled. A conspiracy to commit a tort is alleged between these Defendants. These Defendants were implicated in prior rulings appealed before Defendant RAWLINSON. Under Nevada law, an actionable civil conspiracy is a combination of two or more persons who by some concerted action intend to accomplish some unlawful objective for the purpose of harming another which results in damage. <u>Collins v. Union Federal Sav. & Loan Ass'n</u>, 99 Nev. 284, 303, 662 P.2d 610, 622 (1983).

The Fourth Cause of Action adequately alleges a Violation of Civil Rights against Defendants DWYER and THOMAS. Their unlawful actions pertain to the Ninth Circuit, one of whose jurisdictions is Nevada so there is minimum contacts for jurisdiction, Blocking DYDZAK's phone without cause and without a hearing is a violation of his rights and actionable.

The Fifth Cause of Action for Violation of Civil Rights involves direct acts by Defendant RAWLINSON and the other named Defendants to harm DYDZAK and is actionable and adequately pled. There are minimum contacts because of Defendant RAWLINSON's clear involvement and emanating from the "NORTHERN DISTRICT CASE" (See Para. 48 of Complaint).

The Sixth Cause of Action involves violation of DYDZAK's civil rights by a non-judge, Defendant SHAW, and other named Defendants illegally disbarring DYDZAK from the 9th Circuit against due process and without a fair and impartial hearing. There is no ruling on pending motions which is illegal and against Plaintiff's civil rights, tantamount to an obstruction of justice. The 6th count is actionable and could be filed in Nevada as under the Ninth Circuit jurisdictional umbrella. Upon information and belief, Defendants SCHIFFER and SHAW were compromised due to financial conflicts of interest with Defendant SCHWAB.

The Seventh Cause of Action for Violation of Civil Rights involves unfair and illegal actions by the named Defendants in disbarring him from the federal Central District of California without a hearing and for other reasons. In re Ruffalo, 390 U.S. 544 (1968) requires procedural and substantive due process in federal attorney cases. The seventh count is adequately pled.

The Eighth Cause of Action for Violation of Civil Rights against Defendants DATO and CANTIL-SAKAUYE is adequately pled. These Defendants illegally put DYDZAK on the California Vexatious Litigant List and can be sued.

It was improper of the lower Court to dismiss the Complaint, or at a minimum not grant DYDZAK leave to amend.

This case does not involve suing for DYDZAK's California Disbarment Order to be reversed and set aside, as improperly claimed by the lower court. DYDZAK properly elected his forum to sue. There is no basis to claim that a Prefiling Order should be allowed in this federal case.

The case should be remanded to the lower court. Individual parties such as Alan Rothenberg and Charles Schwab should not be allowed to be dismissed. There should be a trial on the merits.

No-one is above the Rule of Law, even the President of the United States. See U.S. v. Nixon, 418 U.S. 683 (1974).

The Due Process Clause, guaranteed by the 5th and 14th Amendments, requires that there be fairness in court proceedings. This is a cornerstone of the American judicial system. The federal District Court could not simply disregard the U.S. Constitution and U.S Supreme Court precedent by ignoring DYDZAK's valid constitutional and civil rights. This constitutes reversible error.

As Chief Justice Marshall stated in <u>Marbury v. Madison</u>, 5 U.S. 137 (1803): "The Government of the United States has been emphatically termed a government of laws and not of men. It will certainly cease to deserve this high appellation if the laws furnish no remedy for the violation of vested legal rights."

Judges are required to act fairly and ethically. See unanimous decision of United States Supreme Court, <u>Gibson v. Berryhill</u>, 411 U.S. 564 (1973) [trier of fact incompetent to act by reason of bias].

V

**CONCLUSION**

This appeal should be granted, with costs.

Dated: February 26, 2024                    Respectfully Submitted,

_____

DANIEL DAVID DYDZAK

Plaintiff-Appellant

# CERTIFICATE/PROOF OF SERVICE

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Ste 407W, Marina del Rey, CA 90292.

On February 26, 2024, I served a true and correct copy of the following document or pleading on the interested parties or their counsel of record:

APPELLANT'S INFORMAL OPENING BRIEF

[X] [BY U.S. MAIL] On this same day, I mailed the interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

| | |
|---|---|
| OLSON CANNON GORMLEY & STOBERSKI | MARQUIS AURBACH |
| 9950 WEST CHEYENE AVENUE | 10001 PARK RUN DRIVE |
| LAS VEGAS, NEVADA 89129 | LAS VEGAS, NEVADA 89145 |
| | |
| QUINTAIROS, PRIETO, WOOD & BOYER, P.A. | PATRICK A. ROSE, ESQ. |
| 200 S. VIRGINIA ST., 8TH FL. | U.S. ATTORNEY OFFICE |
| RENO, NEVADA 89501 | 501 LAS VEGAS BLVD. SO. |
| | SUITE 1100 |
| | LAS VEGAS, NEVADA 89101 |
| ERIC M. GEORGE | LEWIS ROCA |
| RONALD M. GEORGE | 3993 HOWARD HUGHES PARKWAY |
| ALAN I. ROTHENBERG | STE 600 |
| c/o 2121 AVENUE OF THE STARS | LAS VEGAS, NEVADA 89161 |
| 30TH FLOOR | |

| | |
|---|---|
| 1 | LOS ANGELES, CA 90067 |
| 2 | |
| 3 | HINSHAW & CULBERTSON, LLP |
| 4 | 350 SOUTH GRAND AVE., STE 3600 |
| 5 | LOS ANGELES, CA 90071 |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on February 26, 2024, at Los Angeles, California.

*Jim Lane*

JIM LANE
Declarant

## CERTIFICATE OF COMPLIANCE

I, DANIEL DAVID DYDZAK, certify that this Opening Brief contains approximately 1738 words, excluding those items excluded by FRAP 32(f) and complies with the word limit of Cir.Rule 32-1 in appropriate word format.

Dated: 2-26-2024

DANIEL DAVID DYDZAK

Appellant