CASE NO.: 23-15784/23-16193

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DANIEL DAVID DYDZAK,

        Plaintiff/Appellant,

  vs.

TANI CANTIL-SAKAUYE; ET AL.,

        Defendant/Appellant.

Appeal from the United States District Court
District of Nevada, Las Vegas
Case No.: 2:22-cv-01008-APG-VCF

## DEFENDANT-APPELLEE DONALD F. MILES'S ANSWERING BRIEF

Marquis Aurbach
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
  Attorneys for Defendant-Appellee
  Donald F. Miles

## CORPORATE DISCLOSURE STATEMENT

Defendant-Appellee Donald F. Miles ("Retired-Judge Miles") is a natural person and has no corporate affiliation.

Dated this 15th day of May, 2024.

MARQUIS AURBACH

By /s/ Craig R. Anderson
    Craig R. Anderson, Esq.
    Nevada Bar No. 6882
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    Attorneys for Defendant-Appellee
    Donald F. Miles

# TABLE OF CONTENTS

I.    JURISDICTIONAL STATEMENT ................................................................1

II.    STATEMENT OF ISSUES PRESENTED FOR REVIEW ...........................2

III.    STANDARD OF REVIEW ........................................................................2

IV.    STATEMENT OF THE CASE ....................................................................3

V.    STATEMENT OF FACTS ...........................................................................3

    A.    NATURE OF THE CASE AND PROCEDURAL HISTORY .............3

    B.    JURISDICTIONAL ALLEGATIONS .................................................5

VI.    SUMMARY OF ARGUMENT .....................................................................6

VII.    LEGAL STANDARDS ................................................................................9

    A.    PERSONAL JURISDICTION. .........................................................9

    B.    SUBJECT-MATTER JURISDICTION. ...........................................12

VII.    LEGAL ARGUMENT ...............................................................................13

    A.    THE DISTRICT COURT DID NOT ERR IN DETERMINING THAT IT LACKED PERSONAL JURISDICTION OVER RETIRED-JUDGE MILES. ................................................................13

        1.    The District Court correctly ruled that Retired-Judge Miles is not subject to general jurisdiction in the State of Nevada. ...15

        2.    The District Court correctly ruled that Retired-Judge Miles is not subject to specific jurisdiction in the State of Nevada. ...16

MAC:17012-001 5419528_4.docx

B.    THE DISTRICT COURT APPROPRIATELY RULED THAT THE VEXATIOUS LITIGANT ORDERS REGARDING PLAINTIFF WERE AN INDEPENDENT GROUNDS FOR DISMISSAL. ..........................................................................21

C.    THE DISTRICT COURT LACKED SUBJECT-MATTER JURISDICTION TO CONSIDER THE MERITS OF PLAINTIFF'S CLAIMS. ...................................................24

VIII.  CONCLUSION ................................................................................26

MAC:17012-001 5419528_4.docx

# TABLE OF AUTHORITIES

## CASES

*Amba Marketing Systems, Inc. v. Jobar International, Inc.*,
    551 F.2d 784 (9th Cir. 1977)..............................................................10

*Ballard v. Savage*,
    65 F.3d 1495 (9th Cir. 1995)..............................................................10

*Boschetto v. Hansing*,
    539 F.3d 1011 (9th Cir.2008) ............................................................11

*Brainerd v. Governors of the Univ. of Alberta*,
    873 F.2d 1257 (9th Cir. 1989) ...........................................................17

*Brand v. Menlove Dodge*,
    796 F.2d 1070 (9th Cir.1986) ............................................................11

*Briskin v. Shopify, Inc.*,
    87 F.4th 404 (9th Cir. 2023) .............................................................19

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*,
    582 U.S. 255, 137 S. Ct. 1773 (2017)......................................... 15, 16

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462, 105 S.Ct. 2174 (1985)..................................................12

*Calder v. Jones*,
    465 U.S. 783, 104 S.Ct. 1482 (1984)..................................................18

*D.C. Court of Appeals v. Feldman*,
    460 U.S. 462, 103 S.Ct. 1303 (1983)................................. 9, 13, 24, 25

*Daimler AG v. Bauman*,
    571 U.S. 117, 134 S. Ct. 746 (2014)......................................... 10, 16

MAC:17012-001 5419528_4.docx

*Doe & Assocs. Law Offices v. Napolitano*,
    252 F.3d 1026 (9th Cir. 2001) ...............................................................25

*Dydzak v. Cantil-Sakauye*,
    2:11-cv-5560-JCC, ECF No. 35 (C.D. Cal. Sept. 25, 2012) ...............................22

*Dydzak v. Cantil-Sakauye*,
    603 F. App'x 622 (9th Cir. 2015) ...............................................................4, 22

*Dydzak v. Cantil-Sakaye*,
    No. C11-5560-JCC, ECF No. 35 (C.D. Cal. Sept. 25, 2012) ...............................4

*Dydzak v. Chen*,
    2018 WL 10455693 (N.D. Cal. April 20, 2018)....................................................4

*Dydzak v. U.S.A.*,
    2019 WL8405457 (9th Cir. Oct. 21, 2019)..........................................................23

*Dydzak v. United States of Am.*,
    3:17-cv-04360-MMC, ECF No. 61 (N.D. Cal. March 19, 2018) ...................4, 22

*Dydzak v. United States*,
    2017 WL 4922450 (N.D. Cal. Oct. 31, 2017) ......................................................4

*Firestone Tire & Rubber Co. v. Risjord*,
    449 U.S. 368 (1981)...............................................................................................1

*Gelboim v. Bank of Am. Corp.*,
    574 U.S. 405, 135 S. Ct. 897 (2015).....................................................................1

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*,
    284 F.3d 1114 (9th Cir. 2002) .............................................................................10

*Hall v. Hall*,
    584 U.S. 59, 138 S. Ct. 1118 (2018).....................................................................1

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408, 104 S. Ct. 1868 (1984)..................................................................15

MAC:17012-001 5419528_4.docx

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310, 66 S.Ct. 154 (1945)................................................................ 11, 17

*Kingman Reef Atoll Invs., L.L.C. v. United States*,
   541 F.3d 1189 (9th Cir. 2008) ...............................................................2

*Kougasian v. TMSL, Inc.*,
   359 F.3d 1136 (9th Cir. 2004) ...............................................................25

*Lake v. Lake*,
   817 F.2d 1416 (9th Cir.1987) ................................................................12

*MacKay v. Nesbett*,
   412 F.2d 846 (9th Cir. 1969)............................................................ 13, 25

*Milliken v. Meyer*,
   311 U.S. 457, 61 S.Ct. 339 (1940)........................................................11

*Myers v. Bennett Law Offices*,
   238 F.3d 1068 (9th Cir.2001) .................................................................2

*Noel v. Hall*,
   341 F.3d 1148 (9th Cir. 2003) ...............................................................25

*Pebble Beach Co. v. Caddy*,
   453 F.3d 1151 (9th Cir. 2006) ........................................................ 12, 18

*Picot v. Weston*,
   780 F.3d 1206 (9th Cir. 2015) ...............................................................11

*Rooker v. Fid. Trust Co.*,
   263 U.S. 416, 44 S.Ct. 149 (1923)................................................ 9, 13, 25

*Rush v. Savchuk*, 444 U.S. 320, 100 S.Ct. 571 (1980) ............................................17

*Rutsky & Co. Ins. Services, Inc. v. American Special Risk Ins. Services*,
   328 F.3d 1122 (9th Cir. 2003) ...............................................................20

MAC:17012-001 5419528_4.docx

*Sassower v. Abrams*,
    833 F. Supp. 253 (S.D.N.Y. 1993).........................................................................23

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004)..................................................... 2, 10, 11, 12, 14, 17

*State of Alaska v. Babbitt*,
    38 F.3d 1068 (9th Cir.1994)...................................................................................2

*Walden v. Fiore*,
    571 U.S. 277, 134 S. Ct. 1115 (2014).......................................................... 10, 12

*Whitehead v. Twentieth Century Fox Film Corp.*,
    No. CIV.A. 05-1464 GK, 2005 WL 3275905 (D.D.C. Aug. 29, 2005) ..............23

## STATUTES

28 U.S.C. § 1257 .....................................................................................................13

28 U.S.C. § 1291 .......................................................................................................1

Nev. Rev. Stat. § 14.065 ........................................................................................10

## RULES

Fed. R. Civ. Proc. 12(b)(2) .................................................................................9, 14

MAC:17012-001 5419528_4.docx

# I. JURISDICTIONAL STATEMENT

The basis for the jurisdiction of the Ninth Circuit to hear this appeal is 28 U.S.C. § 1291, under which the federal courts of appeals have jurisdiction over "all final decisions of the district courts … except where a direct review may be had in the Supreme Court." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981). "A final decision ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Hall v. Hall*, 584 U.S. 59, 64, 138 S. Ct. 1118, 1123–24 (2018) (internal quotation marks and citation omitted). The "core application [of § 1291] is to rulings that terminate an action." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409, 135 S. Ct. 897, 902 (2015). "The archetypal final decision is one that triggers the entry of judgment." *Hall*, 584 U.S. at 64, 138 S. Ct. at 1124 (internal quotation marks and citation omitted).

Here, the district court entered a final decision in this case adjudicating all claims and the rights and liabilities of all parties in its Orders Granting Motions to Dismiss (MilesSER-004-005; MilesSER-007-019), and then proceeded to enter final judgment. (MilesSER-003, MilesSER-006). Plaintiff-Appellant Daniel David Dydzak ("Plaintiff") filed his notices of appeal. (MilesSER-113-122).

## II.  STATEMENT OF ISSUES PRESENTED FOR REVIEW

1.      Did the district court err in dismissing with prejudice Plaintiff's claim against Retired-Judge Miles on account of the court lacking personal jurisdiction?

2.      Did the district court err in dismissing with prejudice Plaintiff's claim against Retired-Judge Miles due to Plaintiff's failure to comply with standing vexatious litigant orders against him?

3.      Did the district court have subject-matter jurisdiction to hear Plaintiff's claim against Retired-Judge Miles?

## III.  STANDARD OF REVIEW

This Court reviews de novo the district court's determination that it does not have personal jurisdiction over a plaintiff. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (*citing Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir.2001)).

"Subject matter jurisdiction determinations are subject to de novo review." *State of Alaska v. Babbitt*, 38 F.3d 1068, 1072 (9th Cir.1994). "A district court's findings of fact relevant to its determination of subject matter jurisdiction are reviewed for clear error." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

MAC:17012-001 5419528_4.docx

## IV.  STATEMENT OF THE CASE

Plaintiff is a disbarred California attorney who filed the instant suit in the Eighth Judicial District Court of Nevada on February 3, 2022. (MilesSER-073-092). Plaintiff, a California resident, sued over 20 Defendants, the majority of which are current or former California state judicial officers or judges of federal, district, and appellate courts located in California. (*Id.*) The suit was removed to the United States District Court for the District of Nevada. (MilesSER-064-067). Retired-Judge Miles is a retired California State Bar Court Hearing Judge who has no ties or connections to Nevada. (MilesSER-074-092). Retired-Judge Miles brought a motion to dismiss Plaintiff's claim against him for lack of personal jurisdiction and subject-matter jurisdiction. (MilesSER-035-045). The district court dismissed Plaintiff's claims based on a lack of personal jurisdiction and Plaintiff's failure to comply with vexatious litigant orders. (MilesSER-007-011; MilesSER-012-019). The court entered a final judgment in favor of Retired-Judge Miles. (MilesSER-003).

## V.  STATEMENT OF FACTS

### A.  NATURE OF THE CASE AND PROCEDURAL HISTORY.

For the past fourteen years, Plaintiff has attempted to challenge and unwind his 2010 California State Disbarment. (*See* California Supreme Court Case

No. S179850.) The claims made by Plaintiff in this lawsuit have been rejected numerous times by California State and federal courts. *See e.g., Dydzak v. United States*, 2017 WL 4922450 (N.D. Cal. Oct. 31, 2017); *Dydzak v. Chen*, 2018 WL 10455693 (N.D. Cal. April 20, 2018). As a result of Plaintiff's actions, he is subject to multiple vexatious litigant orders. *See Dydzak v. Cantil-Sakauye*, No. C11-5560-JCC, ECF No. 35 (C.D. Cal. Sept. 25, 2012), *aff'd Dydzak v. Cantil-Sakauye*, 603 F. App'x 622 (9th Cir. 2015); *see also Dydzak v. United States of Am.*, 3:17-cv-04360-MMC, ECF No. 61 (N.D. Cal. March 19, 2018).

Due to his inability to sue in federal courts, Plaintiff sought to evade the vexatious litigant orders by re-litigating his claims in Nevada state court through the instant case. Plaintiff's Complaint includes only one claim against Retired-Judge Miles, a conspiracy claim which alleges that Retired-Judge Miles and other Defendants had unethical and illegal *ex parte* extra-judicial communications with other named Defendants intended to affect the outcome of Plaintiff's California disbarment proceedings and to harm Plaintiff. (MilesSER-074-092). In the district court, Retired-Judge Miles sought to dismiss the claim against him based on the fact that he is a California resident with no ties or connections to Nevada, and, thus, the district court lacked personal jurisdiction over Retired-Judge Miles. (MilesSER-035-045; MilesSER-020-024). Retired-Judge Miles also argued that

the district court lacked subject-matter jurisdiction over Plaintiff's claim against him because the claim was, in effect, a collateral challenge to a decision made by the State Bar of California. (*Id.*) The district court ruled that Plaintiff failed to meet his burden of demonstrating that the district court has personal jurisdiction over Retired-Judge Miles, and that Plaintiff could not maintain his claims because he failed to comply with the multiple vexatious litigant orders against him. (MilesSER-012-019).

Plaintiff now brings the instant appeal, contending that personal jurisdiction existed because one of the twenty-one Defendants, Defendant Rawlinson, resides in Las Vegas, Nevada. (AOB p.6). Plaintiff goes on to argue in his opening brief that the claims were adequately pled, and that it was improper of the lower court to dismiss the Complaint, or at a minimum not to grant Plaintiff leave to amend. (*Id.* at p.7-8).

## B. JURISDICTIONAL ALLEGATIONS.

Plaintiff alleged in his Complaint that he is an individual residing in the County of Los Angeles, California. (MilesSER-075). Plaintiff sued Retired-Judge Miles as "an individual residing in Redding, California." (*Id.*) Plaintiff is also suing California Supreme Court Justices, State Bar of California Judges, California State Bar investigators and panel members, Ninth Circuit Court of Appeals Article III

Judges, a California bank, and a State of Delaware corporation. (MilesSER-075-078).

There was no allegation in Plaintiff's Complaint that Retired-Judge Miles took any action in Nevada or engaged in conduct directed toward Nevada. (MilesSER-075-092). In opposing Retired-Judge Miles' motion to dismiss for lack of personal jurisdiction, Plaintiff offered no factual assertions or arguments to support the notion that Retired-Judge Miles is subject to the personal jurisdiction of the State of Nevada. (MilesSER-025-031). In Plaintiff's Opening Brief, the only argument made regarding personal jurisdiction is that Nevada had personal jurisdiction over all Defendants because one of the named Defendants, Ninth Circuit Judge Johnny B. Rawlinson, is an individual residing in the City of Las Vegas. (AOB p.4-9). The Complaint suggests that Judge Rawlinson's only involvement in the case was as a Ninth Circuit Judge assigned to one of Plaintiff's appeals in a court based in San Francisco, California. (MilesSER-074-092). The allegations against Judge Rawlinson are not related to the Plaintiff's third cause for relief – the only claim against Retired-Judge Miles. (MilesSER-080-081).

## VI.  SUMMARY OF ARGUMENT

The district court did not err in determining that it lacked personal jurisdiction over Retired-Judge Miles or that the vexatious litigant orders regarding

MAC:17012-001 5419528_4.docx

Plaintiff justified dismissal of his claims. Moreover, the district court lacked subject-matter jurisdiction to hear claims that are collateral attacks on the California Supreme Court's disbarment of Plaintiff and are inextricably intertwined with the disbarment proceedings.

Plaintiff's Complaint is wholly bereft of jurisdictional allegations which could militate towards a finding that the district court had personal jurisdiction over Retired-Judge Miles. With regard to general jurisdiction, Plaintiff's Complaint alleged that Retired-Judge Miles is a California resident and did not allege that Retired-Judge Miles is domiciled in or has any continuous or systematic contacts with Nevada. As to specific personal jurisdiction, the Complaint did not allege that Retired-Judge Miles purposefully directed any activities towards Nevada or purposefully availed himself of the benefits of the laws of Nevada. In fact, Plaintiff did not allege any connection or relationship whatsoever between Retired-Judge Miles and the State of Nevada. In the briefing below, Plaintiff did not offer by affidavit or otherwise any contention that Retired-Judge Miles has conducted any activity in Nevada which could support a finding of specific personal jurisdiction. Plaintiff's only argument on appeal relating to personal jurisdiction is that personal jurisdiction exists because one of the named Defendants, Defendant Rawlinson, resides in Las Vegas, Nevada. As explained

herein, Plaintiff's implied contention that a court's personal jurisdiction over one Defendant would establish personal jurisdiction over all Defendants is in direct contravention of long-established legal authorities.

In addition, the district court was correct in ruling that the vexatious litigant orders regarding Plaintiff prohibited him from maintaining his claim against Retired-Judge Miles. The vexatious litigant order entered by the United States District Court for the Northern District of California proscribed Plaintiff from initiating litigation in any other federal court raising any claim based on, arising out of, or related to his disbarment without prior authorization. Plaintiff could not evade that order by filing a lawsuit in Nevada state court alleging federal claims and awaiting the inevitable removal to federal court. Plaintiff's conspiracy claim against Retired-Judge Miles necessarily arises out of and relates to his disbarment, and, as a result, the district court was correct to dismiss the claim on account of Plaintiff's failure to obtain authorization consistent with the vexatious litigant order.

Although the district court did not analyze the issue, having already found multiple valid bases for dismissal, the district court also could have dismissed Plaintiff's claim against Retired-Judge Miles based on a lack of subject-matter jurisdiction. Plaintiff's claim against Retired-Judge Miles is a collateral attack on

MAC:17012-001 5419528_4.docx

and *de facto* appeal of his disbarment by the California Supreme Court, and is inextricably intertwined with the disbarment. Therefore, as illustrated below, the district court lacked subject-matter jurisdiction over Plaintiff's claim against Retired-Judge Miles under the *Rooker-Feldman* doctrine.

Lastly, Plaintiff argues briefly on appeal that the district court should have, at a minimum, allowed him leave to amend his Complaint. (AOB p.8). However, in opposing Retired-Judge Miles's 12(b)(2) motion in the district court, Plaintiff did not request jurisdictional discovery or assert that he could amend the Complaint to cure the jurisdictional defect with respect to Retired-Judge Miles. Accordingly, the district court correctly determined that Plaintiff waived those arguments and dismissed Plaintiff's claim without leave to amend or conduct jurisdictional discovery.

Based on the foregoing, the district court properly dismissed Plaintiff's singular claim against Retired-Judge Miles with prejudice.

## VII. <u>LEGAL STANDARDS</u>

### A. **PERSONAL JURISDICTION.**

Federal Rule of Civil Procedure 12(b)(2) governs the dismissal of an action based on lack of personal jurisdiction. Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of

MAC:17012-001 5419528_4.docx

demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.2004). A plaintiff cannot simply rest on the bare allegations of his complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. *Amba Marketing Systems, Inc. v. Jobar International, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). Where the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *See Schwarzenegger*, 374 F.3d at 800. A prima facie showing means that the plaintiff has produced admissible evidence, which if believed, is sufficient to establish the existence of personal jurisdiction. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

Where no applicable federal statute addresses the issue, a court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002). Because Nevada's long-arm statute reaches the constitutional zenith, the question is whether jurisdiction "comports with the limits imposed by federal due process." *Walden v. Fiore*, 571 U.S. 277, 283, 134 S. Ct. 1115 (2014) (*quoting Daimler AG v. Bauman*, 571 U.S. 117, 125, 134 S. Ct. 746, 753 (2014)); Nev. Rev. Stat. § 14.065.

MAC:17012-001 5419528_4.docx

A court may only exercise jurisdiction over a nonresident defendant with sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339 (1940)). Depending on the strength of those contacts, there are two forms that personal jurisdiction may take: general and specific. *Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015) (*citing Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir.2008)).

General jurisdiction exists over a non-resident defendant when there are continuous and systematic general business contacts that approximate physical presence in the forum state. *Schwarzenegger*, 374 F.3d at 801 (quotations and citations omitted). This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world. *Id.* (*citing Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir.1986)).

In the absence of general jurisdiction, the district court applies a three-part test to determine whether the exercise of specific jurisdiction over a nonresident defendant is appropriate:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or

MAC:17012-001 5419528_4.docx

perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Id.* at 802 (*citing Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir.1987)). Specific jurisdiction focuses on the relationship among the defendant, the forum, and the litigation. *Walden*, 571 U.S. at 283–84, 134 S.Ct. 1115 (quotation omitted). The plaintiff bears the burden on the first two prongs. *Id.* If the plaintiff establishes both prongs one and two, the defendant must come forward with a "compelling case" that the exercise of jurisdiction would not be reasonable. *Schwarzenegger*, 374 F.3d at 802 (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78, 105 S.Ct. 2174 (1985)). But if the plaintiff fails at the first step, the jurisdictional inquiry ends, and the case must be dismissed. *See, e.g., Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) ("[Plaintiff's] arguments fail under the first prong. Accordingly, we need not address [the remaining two prongs].").

## B.     SUBJECT-MATTER JURISDICTION.

Under *Rooker–Feldman*, lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore

MAC:17012-001 5419528_4.docx

only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See Rooker v. Fid. Trust Co.*, 263 U.S. 416, 416, 44 S.Ct. 149 (1923) (holding that a federal district court lacked subject matter jurisdiction over a suit that effectively sought review of an Indiana state court's decision); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486–87, 103 S.Ct. 1303 (1983) (holding that a federal district court was without subject matter jurisdiction to entertain a challenge to a decision of the District of Columbia Court of Appeals); *see also* 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari...."). "[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court." *MacKay v. Nesbett*, 412 F.2d 846 (9th Cir. 1969).

## VII. LEGAL ARGUMENT

### A. THE DISTRICT COURT DID NOT ERR IN DETERMINING THAT IT LACKED PERSONAL JURISDICTION OVER RETIRED-JUDGE MILES.

In order to establish that the district court had personal jurisdiction over Retired-Judge Miles, Plaintiff had the burden to make a showing sufficient to

MAC:17012-001 5419528_4.docx

establish the district court's general jurisdiction or specific jurisdiction over Retired-Judge Miles. *Schwarzenegger*, 374 F.3d at 800.

Instead, Plaintiff pled no facts in his Complaint that would establish the district court's personal jurisdiction—general or specific—over Retired-Judge Miles, a California resident. (MilesSER-074-092). The allegations giving rise to Plaintiff's claim presumably occurred in California, as Plaintiff's Complaint alleges improper, unethical, and illegal *ex parte* extra-judicial communications between judicial officers based in California which affected the outcome of Plaintiff's disbarment proceedings in the California Supreme Court. (MilesSER-081). Plaintiff did not allege that the harm he sustained occurred in Nevada. (MilesSER-074-092). In short, Plaintiff failed to offer any facts, or even allegations, that this case or Retired-Judge Miles has anything at all to do with the State of Nevada. Plaintiff's mere allegation that the Honorable Judge Johnny Rawlinson resides in Las Vegas did not establish the district court's personal jurisdiction over Retired-Judge Miles. Therefore, the district court properly and appropriately dismissed Plaintiff's claim against Retired-Judge Miles for want of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

MAC:17012-001 5419528_4.docx

**1.** **The District Court correctly ruled that Retired-Judge Miles is not subject to general jurisdiction in the State of Nevada.**

Since Retired-Judge Miles, a California State Bar Court Hearing Judge, is not domiciled in Nevada and has not had continuous and systematic contacts in Nevada, the district court lacks general jurisdiction over him.

"For general jurisdiction, the 'paradigm forum' is an 'individual's domicile'…" *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 255-56, 137 S. Ct. 1773, 1776 (2017). General jurisdiction only exists where an individual is domiciled or where his or her activities in the forum state are so substantial or continuous and systematic that it may be deemed present in the forum and hence subject to suit over claims unrelated to its activities there. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–416, 104 S. Ct. 1868, 1872–73 (1984).

In this case, Plaintiff's Complaint alleges that Retired-Judge Miles resides in and is domiciled in the State of California. (MilesSER-075). Further, the Complaint makes clear that the conduct complained of occurred in California. (MilesSER-074-092). Plaintiff failed to allege facts or provide an affidavit purporting to establish any connection between Retired-Judge Miles and Nevada. (MilesSER-025-034; MilesSER-074-092). Plaintiff did not offer the district court, by affidavit or otherwise, any evidence to support a theory that Retired-Judge

Miles had continuous and systematic contacts with the State of Nevada. (*Id.*) As a result, the district court properly determined that the State of Nevada lacked general jurisdiction over Retired-Judge Miles.

> **2.** **The District Court correctly ruled that Retired-Judge Miles is not subject to specific jurisdiction in the State of Nevada.**

With respect to specific jurisdiction, Plaintiff's pleadings and moving papers in the district court failed to allege or offer evidence demonstrating a relationship between Retired-Judge Miles, the State of Nevada, and his conspiracy claim against Retired-Judge Miles. "In order for a state court to exercise specific jurisdiction, 'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'" *Bristol-Myers Squibb Co.*, 582 U.S. at 262, 137 S. Ct. at 1780 (*quoting Daimler*, 571 U.S., at 137, 134 S.Ct., at 760). Retired-Judge Miles does not have any contacts with the State of Nevada. As a result, the district court correctly determined that it lacked specific personal jurisdiction over Plaintiff's claim against Retired-Judge Miles.

> **a.** **Retired-Judge Miles Did Not Direct Any Activities, Consummate Any Transaction, or Otherwise Purposefully Avail Himself of the Laws of Nevada.**

The first prong of the three-part test utilized by this Court to determine whether the exercise of specific jurisdiction over a nonresident defendant is appropriate asks whether the non-resident defendant purposefully directed his

MAC:17012-001 5419528_4.docx

activities or consummated some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. *Schwarzenegger*, 374 F.3d at 802.

Plaintiff's Complaint is void of any allegation even suggesting that Retired-Judge Miles has any contacts with Nevada. (MilesSER-074-092). In his Opening Brief, Plaintiff contends that personal jurisdiction exists over all Defendants, including Retired-Judge Miles, because Defendant Rawlinson resides in Las Vegas, Nevada. (AOB p.6). However, Plaintiff acknowledges that the underlying torts arise from acts which occurred in Northern and Southern California. *Id.*

Plaintiff's argument that the district court should have found specific personal jurisdiction over Retired-Judge Miles based on the residency or forum-related activity of a separate Defendant is in direct contravention of long-established principles of this Court and the United States Supreme Court. *See, e.g., Rush v. Savchuk*, 444 U.S. 320, 332, 100 S.Ct. 571, 579 (1980) ("The requirements of *International Shoe* ... must be met as to each defendant over whom a state court exercises jurisdiction"); *see also Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257 (9th Cir. 1989) ("[p]ersonal jurisdiction over each defendant must

MAC:17012-001 5419528_4.docx

be analyzed individually.") (*citing Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482, 1487 (1984)).

As such, the district court correctly analyzed that Judge Rawlinson residing in Nevada is not a contact that Retired-Judge Miles created with Nevada, and that Plaintiff offered no allegations or evidence that Retired-Judge Miles engaged in acts directed at Nevada or purposefully availed himself of the privilege of conducting activities in Nevada. (MilesSER-015). The district court appropriately concluded that Plaintiff's claim against Retired-Judge Miles does not arise out of or relate to any of Retired-Judge Miles's forum-related activities because there are none. (*Id.*) Given the dearth of any allegations or evidence offered by Plaintiff which could militate towards a finding that Retired-Judge Miles directed any activities, consummated any transaction, or otherwise purposefully availed himself of the laws of Nevada, the district court correctly ruled that Plaintiff failed to make a prima facie showing of specific personal jurisdiction over Retired-Judge Miles.

On account of Plaintiff's failure to bring forth evidence, or even allegations, which could satisfy the first prong of this Court's specific personal jurisdiction test, the district court properly dismissed Plaintiff's claim against Retired-Judge Miles. For this reason alone, this Court should affirm. *See Pebble Beach Co* 453 F.3d at

1155 ("[Plaintiff's] arguments fail under the first prong. Accordingly, we need not address [the remaining two prongs].").

> **b.** **Plaintiff's Claim Against Retired-Judge Miles Arises Out of Alleged Acts in California.**

The determination of whether a plaintiff's claim arises out of or relates to a defendant's forum-related activities, as required for exercise of specific personal jurisdiction, is a claim-tailored inquiry that requires the court to examine plaintiff's specific injury and its connection to forum-related activities in question. *See Briskin v. Shopify, Inc.*, 87 F.4th 404 (9th Cir. 2023).

Here, Plaintiff failed to allege facts, offer evidence, or set forth a cogent argument before the district court as to how his conspiracy claim against Retired-Judge Miles arose out of or related to Retired-Judge Miles's contacts with Nevada. (MilesSER-025-034; MilesSER-074-092). Plaintiff did not allege contacts between Retired-Judge Miles and Nevada, and, as a result, it is necessarily true that he did not allege that his conspiracy claim against Retired-Judge Miles arose out of or related to any act or omission of Retired-Judge Miles in Nevada. (*Id.*) Moreover, Plaintiff's singular allegation in the Complaint regarding Retired-Judge Miles is as follows:

> Plaintiff is informed and believes, and thereon alleges, that the above-named Defendants had improper, unethical and illegal ex parte, extra-judicial communications and contacts with Defendants CANTIL-

SAKAUYE and NAVARRETE on or about September 11, 2019, and on occasions thereafter, and continuing to the present, to affect the outcome of the California Supreme Court Case No. S179850 and harm DYDZAK, as herein alleged. Such overt acts were done as part of a conspiracy to obstruct justice and interfere with the processes of that Court.

(MilesSER-081). Analyzing the substance of this allegation, it is apparent that Plaintiff alleged conduct by Retired-Judge Miles occurring in California, with an effect in California.

Based on the foregoing, Plaintiff failed to establish the second prong of this Court's specific personal jurisdiction test, and the district court properly dismissed Plaintiff's claim against Retired-Judge Miles as a result. Because Plaintiff failed to meet his burden on the first two prongs, this Court need not analyze further.

### c. It Would be Unreasonable and Not in Accordance With Traditional Notions of Fair Play and Substantial Justice for a Nevada Court to Exercise Personal Jurisdiction Over Retired-Judge Miles.

Third, and finally, a district court's exercise of jurisdiction must comport with fair play and substantial justice; i.e., it must be reasonable. *Rutsky & Co. Ins. Services, Inc. v. American Special Risk Ins. Services*, 328 F.3d 1122, 1129 (9th Cir. 2003).

Here, it was not necessary for Retired-Judge Miles to set forth a compelling case before the district court that the exercise of jurisdiction would not be

MAC:17012-001 5419528_4.docx

reasonable because Plaintiff plainly failed to meet his burden in establishing the first two prongs. Nevertheless, it is evident that if the district court had exercised personal jurisdiction over Retired-Judge Miles, that such an exercise of jurisdiction would have been unreasonable and not in accordance with traditional notions of fair play and substantial justice. Retired-Judge Miles is a resident of California, and Plaintiff's allegations solely involve activities that occurred in California. Retired-Judge Miles did not direct any activities towards Nevada, and Plaintiff's claim does not arise out of any activities in the State of Nevada. Because Retired-Judge Miles did not purposefully direct any conduct toward Nevada, avail himself of Nevada, and there are no forum-related activities alleged, it would be unreasonable and unfair to hale Retired-Judge Miles before a court in Nevada.

**B.     THE DISTRICT COURT APPROPRIATELY RULED THAT THE VEXATIOUS LITIGANT ORDERS REGARDING PLAINTIFF WERE AN INDEPENDENT GROUNDS FOR DISMISSAL.**

In the district court, it was argued that Plaintiff's Complaint should be dismissed for failure to comply with vexatious litigant orders requiring him to obtain pre-filing authorization before initiating any proceedings in federal court. Plaintiff argued that his claims did not fall within the parameters of the orders and that the orders were not final. (MilesSER-016-018). The district court rejected those arguments, properly ruling that Plaintiff failed to comply with the vexatious

Page 21 of 30

MAC:17012-001 5419528_4.docx

litigant orders, and granted dismissal. (*Id.*) In his Opening Brief, Plaintiff does not mention the vexatious litigant orders, nor does he provide points or authorities to support the notion that the district court erred in ruling that Plaintiff's failure to comply with the vexatious litigant orders barred his claims. (AOB p.6-9).

Plaintiff is subject to multiple vexatious litigant orders as a result of his frivolous lawsuits. In 2012, the United States District Court for the Central District of California entered a vexatious litigant order prohibiting Plaintiff from initiating any further litigation alleging a deprivation of rights based on his disbarment without prior authorization. *See Dydzak v. Cantil-Sakauye*, 2:11-cv-5560-JCC, ECF No. 35 (C.D. Cal. Sept. 25, 2012). That order was affirmed on appeal. *Dydzak v. Cantil-Sakauye*, 603 F. App'x 622 (9th Cir. 2015). Then in 2018, the United States District Court for the Northern District of California issued an order declaring Plaintiff a vexatious litigant and prohibiting him "from initiating any further litigation in this court or any other federal court raising any claim based on, arising out of, or related to his disbarment or alleging that orders entered in lawsuits previously filed by him related to the same were rigged, fixed, or otherwise unlawful or illegitimate, without prior authorization from the federal court in which he seeks to initiate such litigation." *Dydzak v. United States of Am.*, 3:17-cv-04360-MMC, ECF No. 61 (N.D. Cal. March 19, 2018). That order was

MAC:17012-001 5419528_4.docx

appealed, but the Ninth Circuit dismissed the appeal for failure to file the opening brief. *Dydzak v. U.S.A.*, 2019 WL8405457 (9th Cir. Oct. 21, 2019).

Although Plaintiff initiated this lawsuit in Nevada state court, the district court correctly ruled that he should not be permitted to evade the vexatious litigant orders by filing suit in state court and awaiting the inevitable removal of the action to federal court. (MilesSER-017) (*citing Whitehead v. Twentieth Century Fox Film Corp.*, No. CIV.A. 05-1464 GK, 2005 WL 3275905, at *3 (D.D.C. Aug. 29, 2005) (declining to allow a vexatious litigant to "circumvent" a pre-filing authorization order by filing in state court, which the defendants then removed to federal court); *Sassower v. Abrams*, 833 F. Supp. 253, 266 (S.D.N.Y. 1993) (same).

It is undisputed that Plaintiff did not obtain pre-filing authorization, nor did he obtain authorization to proceed after the case was removed to federal court. Plaintiff's Complaint alleges that his claim against Retired-Judge Miles is based upon a theory that Retired-Judge Miles engaged in improper, unethical, and illegal *ex parte* extra-judicial communications intended to affect the outcome of his California disbarment proceedings. (MilesSER-081). Accordingly, the only reasonable conclusion to draw from Plaintiff's Complaint is that his conspiracy claim against Retired-Judge Miles is based on, arises out of, or relates to his

MAC:17012-001 5419528_4.docx

disbarment proceedings. Therefore, the district court was correct to dismiss the claim on account of Plaintiff's failure to comply with the vexatious litigant orders.

## C. THE DISTRICT COURT LACKED SUBJECT-MATTER JURISDICTION TO CONSIDER THE MERITS OF PLAINTIFF'S CLAIMS.

Retired-Judge Miles presented argument below that Plaintiff's lawsuit was an attempt at a collateral attack on attorney discipline rendered against him by the State Bar of California against his attorney license in California, and, as a result, the district court lacked subject-matter jurisdiction over the claims. (MilesSER-040-41; MilesSER-021-022). The district court did not analyze the subject-matter jurisdiction argument advanced by Retired-Judge Miles, presumably because it had already identified multiple valid bases for dismissal. (MilesSER-016-019). Nevertheless, pursuant to this Court's *de novo* review, Retired-Judge Miles offers the following analysis in support of the argument that the district court lacked subject-matter jurisdiction over Plaintiff's claim against Retired-Judge Miles.

In *Dist. Of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 N.16 (1983), the United States Supreme Court determined that "[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the State Court, and not by means of an original action in a lower federal court") (citing

MAC:17012-001 5419528_4.docx

*MacKay v. Nesbett*, 412 F.2d 846 (9th Cir. 1969)). The *Rooker-Feldman* doctrine

prohibits a federal district court from exercising subject matter jurisdiction over a

suit that is a de facto appeal from a state court judgment." *Kougasian v. TMSL,*

*Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). A district court must refuse to hear such

a de facto appeal, and "[a]s part of that refusal, it must also refuse to decide any

issue raised in the suit that is 'inextricably intertwined' with an issue resolved by

the state court in its judicial decision." *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir.

2003). "Where the district court must hold that the state court was wrong in order

to find in favor of the plaintiff, the issues presented to both courts are inextricably

intertwined." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th

Cir. 2001).

Plaintiff's Complaint effectively challenges his disbarment proceedings,

which are state court determinations. Although Plaintiff attempts to cast his claim

against Retired-Judge Miles as a conspiracy claim, the claim is a forbidden *de*

*facto* appeal of his disbarment proceedings because Plaintiff's allegations are

inextricably intertwined with the issues relating to his disbarment proceedings.

Plaintiff's allegations are inextricably intertwined with his disbarment proceedings

because in order for Plaintiff to prevail, it would necessarily require a finding that

the California Supreme Court erred. Resultantly, pursuant to the *Rooker-Feldman*

MAC:17012-001 5419528_4.docx

doctrine, the federal courts lack subject-matter jurisdiction to consider Plaintiff's conspiracy claim against Retired-Judge Miles.

Based on the foregoing, if this Court reaches the issue of whether the federal courts have subject-matter jurisdiction over Plaintiff's claims, it should find that the federal courts lack subject-matter jurisdiction over Plaintiff's claim against Retired-Judge Miles.

## VIII. CONCLUSION

Based upon the foregoing, Retired-Judge Miles respectfully requests that this Court affirm the district court's dismissal of Plaintiff's claim against him.

Dated this 15th day of May, 2024.

MARQUIS AURBACH

By /s/ Craig R. Anderson
    Craig R. Anderson, Esq.
    Nevada Bar No. 6882
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    Attorneys for Defendant-Appellee
    Donald F. Miles

MAC:17012-001 5419528_4.docx

## STATEMENT OF RELATED CASES

Defendant-Appellee Donald Miles is not aware of any related cases proceeding before this Court, and it is believed that there are no related cases under Ninth Circuit Rule 28-2.6.

Dated this 15th day of May, 2024.

MARQUIS AURBACH


By /s/ Craig R. Anderson
    Craig R. Anderson, Esq.
    Nevada Bar No. 6882
    10001 Park Run Drive
    Las Vegas, Nevada  89145
    Attorneys for Defendant-Appellee
    Donald F. Miles

MAC:17012-001 5419528_4.docx

# <u>CERTIFICATE OF COMPLIANCE</u>

I certify that *(check appropriate option(s))*:

1.     ☒ *This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:*

>      ☒ this brief contains <u>6,195</u> words (principal briefs must not exceed 14,000 words; reply briefs must not exceed 7,000 words) excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

>      ☐ this brief uses a monospaced typeface (10.5 or fewer characters per inch) and contains _____ lines of text (principal briefs must not exceed 1,300 lines of text; reply briefs must not exceed 650 lines of text), excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     *This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:*

>      ☒ this brief has been prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman, 14-point font, or

>      ☐ this brief has been prepared in a monospaced spaced typeface using Microsoft Word, _____ font with _____ characters per inch.

3.     *This brief complies with the enlargement of brief size permitted by:*

>      ☐ Ninth Circuit Rule 28-4. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6). This brief is _____ words, _____ lines of text or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable.

>      ☐ court order dated _____. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6). This brief is _____ words, _____lines of text or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable.

MAC:17012-001 5419528_4.docx

☐ the accompanying motion for leave to file an oversize brief pursuant to Circuit Rule 32-2 and is _____ words, _____ lines of text or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable.

☐ the accompanying motion for leave to file an oversize brief pursuant to Circuit Rule 29-2(c)(2) or (3) and is _____ words, _____ lines of text or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable.

4.    *Capital Cases:*

☐ This brief complies with the length limits set forth at Ninth Circuit Rule 32-4. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

Dated this 15th day of May, 2024.

MARQUIS AURBACH

By /s/ Craig R. Anderson_____
        Craig R. Anderson, Esq.
        Nevada Bar No. 6882
        10001 Park Run Drive
        Las Vegas, Nevada  89145
        Attorneys for Defendant-Appellee
        Donald F. Miles

MAC:17012-001 5419528_4.docx

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANT-APPELLEE DONALD MILES'S ANSWERING BRIEF** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on the 15th day of May, 2024.

☒ I further certify that all participants in the case that are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Daniel David Dydzak
Suite 407W
4265 Marina City Dr.
Marina Del Rey, CA 90292
*Plaintiff-Appellant*


/s/ Leah Dell
An employee of Marquis Aurbach

MAC:17012-001 5419528_4.docx