# In the
# United States Court of Appeals
# For the Ninth Circuit

DANIEL DAVID DYDZAK,

Plaintiff-Appellant,

v.

TANI CANTIL-SAKAUYE, et.al.,

Defendants-Appellees.

On Appeal from the United States District Court
for the District of Nevada,

**DC No. 2:22-cv-01008-APG-VCF (Andrew P. Gordon, J.)**

## FEDERAL JUDICIAL DEFENDANTS'
## SUPPLEMENTAL EXCERPTS OF
## RECORD VOLUME II

JASON M. FRIERSON
United States Attorney

ROBERT L. ELLMAN
Appellate Chief

PATRICK A. ROSE
Assistant United States Attorney
District of Nevada
501 Las Vegas Blvd S., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
*Attorneys for the United States*

Date submitted: May 15, 2024

JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 7709

PATRICK A. ROSE
Assistant United States Attorney
Nevada Bar Number 5109
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Patrick.Rose@usdoj.gov
*Attorneys for the Ninth Circuit Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| DANIEL DAVID DYDZAK,<br><br>                Plaintiff,<br><br>vs.<br><br>TANI CANTIL-SAKAUYE, et al.,<br><br>                Defendants. | Case No. 2:22-cv-01008-APG-VCF<br><br>**Reply to Opposition to Motion to Dismiss** |

The Ninth Circuit Defendants (defined in their Motion to Dismiss, ECF No. 46, ("Motion") and Joinder, ECF No. 81) submit this reply to Plaintiff Dydzak's opposition, ECF No. 87, ("Opposition") to their Motion.

## I. Introduction

In their Motion, the Ninth Circuit Defendants demonstrated several grounds warranting their dismissal: this Court lacks personal jurisdiction over all Ninth Circuit Defendants except Judge Rawlinson; the fourth through seventh causes of action are barred by claim preclusion, the statute of limitations, the failure to plead damages, and/or the vexatious litigant prefiling orders entered against Dydzak; Dydzak failed to allege cognizable, plausible *Bivens* claims for a constitutional violation; and the Ninth Circuit Defendants have judicial or quasi-judicial immunity against this lawsuit.

In his Opposition, Dydzak begins with a faulty argument that this Court has previously rejected, i.e., the alleged Nevada residency of one defendant establishes personal jurisdiction over non-Nevada defendants. Otherwise, Dydzak either fails to address points and authorities (such as those concerning the vexatious litigant prefiling orders and the limited availability of the *Bivens* remedy) or he offers conclusory assertions (e.g., claims are not time barred and judicial immunity is not applicable) instead of developed arguments. Dydzak has not overcome the grounds for dismissal of the Ninth Circuit Defendants.

## II.  Argument

**A.    Dydzak Failed to Establish Personal Jurisdiction over any Ninth Circuit Defendant Beyond Judge Rawlinson.**

The requirements for a court to exercise personal jurisdiction over a defendant must be satisfied for each defendant individually. *See Walden v. Fiore*, 571 U.S. 277, 286 (2014) (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980) in parenthetical); *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990). Consistent with this proposition, this Court dismissed earlier moving defendants whom Dydzak alleged resided outside of Nevada. *See* Order Granting Motions to Dismiss at 3–4, ECF No. 80 ("Order"). The Court specifically rejected Dydzak's argument that Judge Rawlinson's alleged residency in Nevada established personal jurisdiction over other defendants. Order at 4:8–17, ECF No. 80. Likewise, Judge Rawlinson's alleged residency in Nevada does not establish personal jurisdiction over the other Ninth Circuit Defendants, each of whom Dydzak alleges resides outside of Nevada. *See* Compl. ¶¶ 8–10, 16–17, 19–25, ECF No. 1–2. "And with no allegations or evidence that [the other Ninth Circuit] defendants engaged in acts directed at Nevada or purposefully availed themselves of the privilege of conducting activities in Nevada," Dydzak "has not made a prima facie showing of personal jurisdiction over" the other Ninth Circuit Defendants. Order at 4:12–17, ECF No. 80. As a result, the Court lacks personal jurisdiction over all Ninth Circuit Defendants except Judge Rawlinson.

SER-014

**B.      Dydzak Failed to Refute the Showing that the Fourth Cause of Action Is Barred by Claim Preclusion.**

In his fourth cause of action, Dydzak alleges that Clerk Dwyer and Judge Thomas blocked Dydzak's phone number from calling the Ninth Circuit Clerk's Office. The Ninth Circuit Defendants showed that claim preclusion bars this phone blocking claim. *See* Mot. at 9:3–13 (discussing the dismissal of the phone blocking claim in *Dydzak v. United States*, No. 3:17-cv-04360-EMC, 2017 WL 4922450, at *6–8 (N.D. Cal. Oct. 31, 2017), *aff'd*, No. 17-17401, 2018 WL 2539464, at *1 (9th Cir. Apr. 24, 2018) (dismissing "appeal as frivolous").

In his Opposition, Dydzak ignores the 2017 ruling from the Northern District of California, as well as the 2018 dismissal of his appeal. Dydzak fails to discuss any case authorities on the doctrine of claim preclusion. He merely, inaccurately asserts that none of his claims have previously been litigated. *See, e.g.*, Opp. at 2:7–8, 6:1–2. Therefore, the Court should dismiss the fourth cause of action on the grounds of claim preclusion.

**C.      Dydzak Failed to Refute the Showing that the Fourth and Sixth Causes of Action Are Time-Barred.**

The Ninth Circuit Defendants showed that Nevada's two-year statute of limitations barred the fourth cause of action (for phone blocking) and the sixth cause of action (that arises from case No. 10-80193, which began in 2010 as a reciprocal disbarment proceeding and ended in 2012). *See* Mot. at 9–10.

In his Opposition, Dydzak fails to discuss any relevant dates, as well as any case authorities on the limitations period for *Bivens* claims. His general assertion that claims are not time barred, Opp. at 5:26–28, is insufficient. Accordingly, the Court should dismiss the fourth and sixth causes of action as time barred.

**D.      Dydzak Failed to Refute the Showing that He Cannot Obtain Equitable Relief.**

The Ninth Circuit Defendants showed that equitable relief, including injunctive relief, is not available as a *Bivens* remedy. *See* Mot. at 10–11 (relying on *Ministerio Roca Solida*

3

*v. McKelvey*, 820 F.3d 1090, 1093–96 (9th Cir. 2016)).[1] The Ninth Circuit Defendants also showed that this Court is otherwise without the subject matter jurisdiction, legal authority, and factual grounds to enjoin judges and staff of the Ninth Circuit and another judicial district. *See* Mot. at 11:4–19 (citations omitted).

Dydzak failed to address these points and authorities. *See Corey v. McNamara*, 409 F. Supp. 2d 1225, 1229 (D. Nev. 2006) (plaintiff "failed to provide points and authorities in opposition to this ground for dismissal"), *aff'd on other grounds*, 265 Fed. App'x 555 (9th Cir. Jan. 24, 2008). Therefore, the Court should dismiss the fifth and seventh causes of action for equitable relief.

**E.    Dydzak Failed to Refute the Showing that the Sixth and Seventh Causes of Action Are Barred by the Vexatious Litigant Prefiling Orders.**

The Ninth Circuit Defendants showed that the sixth and seventh causes of action, which relate to reciprocal disbarment proceedings, are subject to vexatious litigant prefiling orders entered in the Central and Northern Districts of California. *See* Mot. at 11–12 (citations include *Dydzak v. Cantil-Sakauye*, No. C11-5560-JCC, 2012 U.S. Dist. LEXIS 191396, at *19 (C.D. Cal. Sept. 25, 2012), *aff'd*, *Dydzak v. Cantil-Sakauye*, 603 F. App'x 622, 623 (9th Cir. 2015) and *Dydzak v. United States*, No. 17-cv-04360-MMC, 2018 U.S. Dist. LEXIS 44842, at *5 (N.D. Cal. Mar. 19, 2018)). This Court has acknowledged that Dydzak cannot circumvent the prefiling orders by running to other state or federal district courts. Order at 5–7, ECF No. 80. Dydzak failed to (i) obtain prefiling approval from the applicable courts and (ii) provide monetary security, as required by the prefiling orders.

Dydzak failed to address the prefiling orders as a basis for dismissal. *See Corey*, 409 F. Supp. 2d at 1229 (plaintiff "failed to provide points and authorities in opposition to this ground for dismissal"). Therefore, the Court should dismiss the sixth and seventh causes of

---

[1] Dydzak prayed only for equitable relief in in his fifth and seventh causes of action; he prayed for equitable relief and damages in his fourth and sixth causes of action. Compl. ¶¶ 44–46, 50–51, 54–55, 57–58, 63.

SER-016

action. *See* Order at 7:17–20, ECF No. 80 (granting earlier motions to dismiss based on the prefiling orders).

**F.    Dydzak Failed to Show that his Factual Allegations Establish a Cognizable, Plausible *Bivens* Claim Against the Ninth Circuit Defendants.**

The Ninth Circuit Defendants showed that *Bivens* is a limited remedy, which has not been extended by the Supreme Court to new contexts for over forty years. *See* Mot. at 13–14. Dydzak has had available, and pursued, alternative administrative and judicial remedies, which foreclose *Bivens* as a remedy. *See* Mot. at 15–16.

In response, Dydzak cites no case in which *Bivens* has been extended to claims against members or staff of the judiciary, and he develops no argument for such an extension here. *See Corey*, 409 F. Supp. 2d at 1229 (plaintiff "failed to provide points and authorities in opposition to this ground for dismissal"). Thus, Dydzak's factual allegations fail to establish a cognizable, plausible *Bivens* claim against the Ninth Circuit Defendants.

**G.    Dydzak Failed to Refute the Showing that Judicial and Quasi-Judicial Immunity Bar his Claims Against the Ninth Circuit Defendants.**

The Ninth Circuit Defendants showed that they have judicial immunity and quasi-judicial immunity against Dydzak's claims *See* Mot. at 16–19.

Dydzak failed to address the points and authorities on these immunities. He merely, erroneously asserted that judicial immunity is inapplicable because he seeks no damages against some Ninth Circuit Defendants. Opp. at 7:2–3.[2] In any event, "'[t]he judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief.'" *Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996), *superseded by statute on other grounds*, (quoting *Mullis v. Bankruptcy Ct. Distr. Nev.* 828 F.2d 1385, 1394 (9th Cir.1987)). Thus, Dydzak failed to overcome the bar of judicial and quasi-judicial immunity.

---

[2] Where Dydzak seeks no damages, he pleads himself out of a *Bivens* claim. *See* Part II.D, *supra* (relying on *Ministerio Roca Solida,* 820 F.3d at 1093–96).

1

### III.  Conclusion

2        Based on the several grounds explained in the Motion and this reply, the Court

3   should dismiss the Ninth Circuit Defendants.

4        Respectfully submitted this 22nd day of December 2022.

5                                            JASON M. FRIERSON
                                             United States Attorney
6
                                             _/s/ Patrick A. Rose_____
7                                            PATRICK A. ROSE
                                             Assistant United States Attorney
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**Certificate of Service**</u>

I hereby certify that on December 22, 2022, I electronically filed and served the foregoing Reply to Opposition to Motion to Dismiss with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system and also served a copy via US Mail to the persons below.

<u>US Mail</u>

Daniel D. Dydzak
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone (310) 867-1289
*Plaintiff, in Pro Per*

Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
E-Mail: egeorge@egcfirm.com
*Defendants in propria persona*
*Ronald M. George, and,*
*Alan I. Rothenberg*

*/s/ Vera Minkova*
Paralegal Specialist

7

<span style="color:red">**SER-019**</span>

1  Daniel David Dydzak
2  Plaintiff
   4265 Marina City Drive, Suite 407W
3  Marina del Rey, CA 90292
4  Telephone: (310) 867-1289
   Email: ddydzak@yahoo.com
5

```
_____ FILED        _____ RECEIVED
_____ ENTERED      _____ SERVED ON
              COUNSEL/PARTIES OF RECORD

        DEC 15 2022

   CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY: _____ DEPUTY
```

6
7
8              **UNITED STATES DISTRICT COURT**
9                 **DISTRICT OF NEVADA**
10                                    | **Case No. 2:22-cv-01008-APG-VCF**
11
12                                    | **PLAINTIFF'S OPPOSITION AND**
   DANIEL DAVID DYDZAK,               | **RESPONSE TO MOTION TO DISMISS**
13                                    | **BY SO-CALLED FEDERAL**
            Plaintiff,                | **DEFENDANTS; MEMORANDUM OF**
14                                    | **POINTS AND AUTHORITIES**
       v.                             | **THERETO**
15
16 TANI CANTIL-SAKAUYE, et al.,       | **Hearing Requested**
17         Defendants.                | Before Hon. Andrew P. Gordon,
                                      | U.S. District Judge
18
19
20
21
22     TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF
23 RECORD:
24     COMES NOW Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), and
25 opposes and responds to the unsupportable Motion to Dismiss Plaintiff's Complaint by
26 Defendants TASHIMA, CANBY, FERNANDEZ, FLETCHER, GOULD, RAWLINSON,
27 SILVERMAN, TALLMAN, THOMAS, WARDLAW, CHESNEY, DWYER, KING,
28

   DYDZAK V. CANTIL-SAKAUYE

1  SCHIFFER and SHAW.

2      The aforesaid Defendants will be referred to herein as "FEDERAL

3  DEFENDANTS".

4      Causes of action are stated against said Defendants. In addition, leave to amend

5  should be liberally granted if the Court is of the view that it needs more detail.

6      .  Of further note in opposition is the following: This lawsuit is not contesting

7  DYDZAK's illegal disbarment in the State of California. The Complaint avers new causes

8  of action and claims that have never been litigated on the merits.

9      There has been extensive "fraud upon the court" in prior litigation involving

10  DYDZAK. Regardless, the claims presented by this lawsuit have NEVER been litigated

11  on the merits and prior litigation is irrelevant at the pleading stage.

12

13  Dated: December 13, 2022                    Respectfully Submitted,

14

15

16                                      DANIEL DAVID DYDZAK

17                                           Plaintiff

18

19

20

21

22

23

24

25

26

27

28

DYDZAK V. CANTIL-SAKAUYE                    2

<div align="center">

1
2
</div>

## MEMORANDUM OF POINTS AND AUTHORITIES

<div align="center">

I
</div>

## THIS HONORABLE COURT HAS SUBJECT MATTER AND PERSONAL JURISDICTION OVER THE FEDERAL DEFENDANTS

Plaintiff is the one bringing the lawsuit. He elects the venue when there is a proper jurisdictional basis therefor. There are several Defendants in this case, residing in various jurisdictions such as Nevada, California, Arizona and Washington.

In this case, Defendant RAWLINSON is, and was at all times relevant to this litigation, a resident of the State of Nevada (Paragraph 7 of the Complaint). This lawsuit was properly and jurisdictionally filed in Clark County, Nevada.  Venue is proper in Las Vegas, Nevada, because venue exists where any of the defendants reside. NRS 13.040.

There is proper subject matter jurisdiction in this case, because the Fifth Cause of Action for Violation of Civil Rights includes Defendant RAWLINSON, residing in Clark County, Nevada (Paragraphs 47-51 of the Complaint). The Nevada Court where this case was originally filed before it was removed has concurrent jurisdiction to hear federal claims (Paragraph 28 of the Complaint). Tafflin v. Levitt, 493 U.S. 455 (1990). As well, the gravamen of allegations against Defendant RAWLINSON implicate in lower court proceedings Defendants being sued in this lawsuit. There are therefore minimum contacts.

Under Nevada law, the district courts have original jurisdiction over all matters excluded from the jurisdiction of the justice and municipal courts and appellate jurisdiction in cases arising from these courts. Morrison v. Beach City LLC, 991 P.2d 982 (2000). This federal court has jurisdiction to hear this case because of diversity of citizenship and federal questions presented. The U.S. District Court in Nevada further has supplemental or ancillary jurisdiction to hear related state claims. Removal was appropriate where certain of the Defendants moved for same.

Defendant RAWLINSON was served with process the day after President's day. This was done by an adult over eighteen years old at the Ninth Circuit's address in

DYDZAK V. CANTIL-SAKAUYE                    3

1   Pasadena, California. The lawsuit as well has been provided via certified mail to the local

2   Nevada U.S. Attorney and the Attorney General of the United States in Washington, D.C.

3        Defendant RAWLINSON and other Defendants represented by Mr. Rose have

4   been afforded additional time to responsively plead by this Court.

5        As pointed out in Plaintiff's opposition papers to the GEORGES' and

6   ROTHENBERG's Motion to Dismiss, the wrongful, illegal, harsh and fraudulent conduct

7   DYDZAK alleges in this lawsuit against state actors such as Defendant MILES and

8   federal state actors such as FEDERAL DEFENDANTS, while new claims, emanate

9   directly and indirectly from actions earlier taken in the Northern District of California

10  federal court. One of the Defendants in that litigation was Defendant CANTIL-

11  SAKAUYE, and there is no question she has acted with Defendant MILES and other

12  Defendants, as alleged, to harm DYDZAK. This then led to unlawful conduct by

13  Defendant RAWLINSON and others, as alleged in this lawsuit. The claims presented in

14  this case have never been tried on the merits to final conclusion or informal resolution.

15  They are therefore not barred by res judicata or collateral estoppel. There are minimum

16  contacts implicating Defendant MILES and his conspiracy with others, such as Defendant

17  CANTIL-SAKAUYE, to harm DYDZAK in no uncertain terms. This lawsuit is not

18  challenging in any manner DYDZAK's illegal California disbarment.

19       The torts committed by FEDERAL DEFENDANTS are more than adequately pled

20  at the pleading stage. Purported outside evidence has no relevance at the pleading stage.

21  The allegations, as pled, are taken as true for pleading purposes. Defendant MILES knows

22  the tortious conduct Nevada-based RAWLINSON did with others. He is an active

23  participant-Defendant in harming DYDZAK in Nevada and elsewhere. DYDZAK has and

24  had a right to elect his forum in the State of Nevada. Regrettable as it is to say, it is

25  doubtful, given the "politics" of DYDZAK's situation at play in this case that he could get

26  a fair shake in the California state courts with the causes of action alleged herein before

27  this federal court.  DYDZAK trusts that this Honorable federal District Court will treat

28  him fairly and give him his day in court on the merits.

        Given the foregoing, FEDERAL DEFENDANTS have minimum contacts with the

DYDZAK V. CANTIL-SAKAUYE               4

1   State of Nevada, so that maintenance of the suit against him does not offend traditional

2   notions of fair play and substantial justice. International Shoe v. Washington, 326 U.S.

3   310 (1945). FEDERAL DEFENDANTS did tortious acts towards DYDZAK having

4   foreseeability liability, producing consequences in the State of Nevada. Hess v.

5   Pawlowski, 274 U.S. 352 (1927).

6       The "minimum contacts" doctrine recognizes the power of the sovereign state of

7   Nevada to exercise jurisdiction where a sufficient connection exists with a nonresident.

8   I.e., commonly referred to as a "long-arm" statute. Nevada has a long-arm statute, and is

9   interpreted broadly to reach the outer limits of federal constitutional due process. See

10   Welburn v. Eighth Jud. Dist. Ct. of State, 806 P.2d 1045 (1991).

11       A recent case in the news, Johnny Depp v. Amber Heard, was tried in Virginia.

12   Counsel for Heard contended that the matter did not belong in Virginia but in another

13   state jurisdiction. The trial judge ruled that the case could stay in Virginia as there were

14   minimum contacts. This is the same situation with FEDERAL DEFENDANTS.

15   

16   <div align="center">II</div>

17   **THE COMPLAINT MORE THAN SUFFICIENTLY ALLEGES CAUSES OF**
**ACTION AGAINST FEDERAL DEFENDANTS**

18   

19       E.g., Defendant SHAW impersonating a judge and violating DYDZAK's rights;

20   various FEDERAL DEFENDANTS deliberately not ruling on DYDZAK's legal cases;

21   DYDZAK's phone being illegally blocked by Defendant DWYER with the illegal

22   ratification of Defendant THOMAS; certain FEDERAL DEFENDANTS illegally acting

23   while on "senior status", in the absence of jurisdiction and against Plaintiff's civil rights..

24   Therefore, the Motion to Dismiss should be denied with prejudice as to Plaintiff. Or leave

25   to amend should be granted.

26       The claims are not time-barred as there are ongoing torts by FEDERAL

27   DEFENDANTS. (e.g., 9th Circuit Judges deliberately not ruling on pending motions;

28   DYDZAK's phone being illegally blocked).

DYDZAK V. CANTIL-SAKAUYE      5

1  All the claims presented are new and have never been litigated on the merits.

2  There is no claim preclusion.

3  No-one is above the Rule of Law, not even the President of the United States.

4  See U.S. v. Nixon, 418 U.S. 683 (1974). This Court has to do the right thing, give

5  DYDZAK his day in court and allow him to pursue his more than sufficiently alleged

6  causes of action.

7  The Due Process Clause, guaranteed by the 5th and 14th Amendments, requires

8  that there be fairness in state proceedings and activities related thereto. This is a

9  cornerstone of the American judicial system. This U.S. District Court cannot ignore

10  tainted state proceedings and state actor misconduct as well as wrongful and unlawful

11  conduct by Defendant MILES. *and others, Do* The law favors a trial on the merits.

12  The moving papers offer no persuasive authority why his lawsuit should not

13  be allowed to proceed. DYDZAK has standing to pursue remedies for illegal

   actions by the subject state and federal actors.

14  This federal District Court has jurisdiction to adjudicate this case fully on the

15  merits against Defendant MILES. This Court has the power to declare laws and

16  improper state decisions unconstitutional. See, for example,  Gibson v. Chouteau,

17  80 U.S. (13 Wall.) 92 (1872).

18  And certainly DYDZAK has a right of redress in this case. As Chief Justice

19  Marshall stated in Marbury v. Madison, 5 U.S. 137 (18, 03): "The Government of

20  the United States has been emphatically termed a government of laws and not of

21  men. It will certainly cease to deserve this high appellation if the laws furnish no

22  remedy for the violation of vested legal rights."

23  The Motion to Dismiss does NOT adequately address at all why DYDZAK

24  cannot sue FEDERAL DEFENDANTS. The moving papers offer no persuasive

25  authority why the conspiracy count is not adequately pled.

26  Plaintiff has already sufficiently stated  causes of action through "notice"

27  pleading—a short and plain statement of the claim showing Plaintiff is entitled to relief,

28  See Fed.R.Civ.P. 8(a)(2).

DYDZAK V. CANTIL-SAKAUYE          6

As stated in other pleadings, this lawsuit is not in bad faith nor frivolous.

Plaintiff is not seeking damages against certain of the FEDERAL DEFENDANTS so the doctrine of judicial immunity does not apply. Moreover, as the <u>Bivens</u> case makes clear, federal actors going against constitutional norms and violating one's civil rights can be sued. Persons can be sued when they act unreasonably. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982).

## III   <u>CONCLUSION</u>

For the reasons set forth herein, and in the interests of justice and equity, the Motion to Dismiss Plaintiff's Complaint should be denied with prejudice. FEDERAL DEFENDANTS should be ordered to answer forthwith. The averments and allegations of the Complaint are taken and presumed to be true, pending discovery. Leave to amend should be liberally granted, if the Court so requires same. See, for instance, Rule 15(a), 16(b) NRCP; Rule 15 F.R.C.P. Bringing up irrelevant purported evidence or distorted matters is of no consequence at the pleading stage. Engaging in purported character assassination is irrelevant.

Dated: December 13, 2022                    Respectfully Submitted,


DANIEL DAVID DYDZAK

Plaintiff

1

# CERTIFICATE/PROOF OF SERVICE

2

3    I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to

4    the within above-entitled action, that I am employed in the County of Los Angeles, State of

5    California, and that my business address is  4265 Marina City Drive, Suite 407W, Marina del

6    Rey, CA 90292.

7    On December 13, 2022, I served a true and correct copy of the following document or

8    pleading on the interested parties or their counsel of record:

9

10    PLAINTIFF'S OPPOSITION AND RESPONSE TO MOTION TO DISMISS BY SO-CALLED

11    FEDERAL DEFENDANTS; MEMORANDUM OF POINTS AND AUTHORITIES THERETO

12

13    [X]  [BY U.S. MAIL] On this same day,  I mailed the interested parties or their

14    counsel of record the above-described document or pleading by regular United States mail to their

15    respective service or mailing addresses.

16    OLSON CANNON GORMLEY & STOBERSKI          MARQUIS AURBACH

17    9950 WEST CHEYENE AVENUE                  10001 PARK RUN DRIVE

18    LAS VEGAS, NEVADA 89129                    LAS VEGAS, NEVADA 89145

19

20    QUINTAIROS, PRIETO, WOOD & BOYER, P.A.    PATRICK A. ROSE, ESQ.

21    200 S. VIRGINIA ST., 8TH FL.              U.S. ATTORNEY OFFICE

22    RENO, NEVADA 89501                         501 LAS VEGAS BLVD. SO.

23                                              SUITE 1100

24                                              LAS VEGAS, NEVADA 89101

25

26

27

28

PROOF OF SERVICE                    8

ERIC M. GEORGE                          LEWIS ROCA

RONALD M. GEORGE                        3993 HOWARD HUGHES PARKWAY

ALAN I. ROTHENBERG                      STE 600

c/o 2121 AVENUE OF THE STARS    LAS VEGAS, NEVADA 89161

30TH FLOOR

LOS ANGELES, CA 90067


HINSHAW & CULBERTSON, LLP

350 SOUTH GRAND AVE., STE 3600

LOS ANGELES, CA 90071


     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on December 13, 2022, at Los Angeles, California.


_____

JIM LANE

Declarant

SER-028

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DANIEL DAVID DYDZAK,

    Plaintiff

v.

TANI CANTIL-SAKAUYE, et al.,

    Defendants

Case No.: 2:22-cv-01008-APG-VCF

**Order**

On September 15, 2022, plaintiff Daniel Dydzak was advised by the court that his claim against Thomas Layton[1] would be dismissed without prejudice unless by October 15, 2022 Dydzak either filed proper proof of service or showed good cause why such service was not timely made. ECF No. 63. Dydzak has failed to do so.

I THEREFORE ORDER that plaintiff Daniel Dydzak's claim against defendant Thomas Layton is DISMISSED without prejudice for failure to timely and properly serve.

DATED this 18th day of October, 2022.

 

 

 

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] The notice also advised Dydzak that he failed to provide proof of service as to defendant Wallace Tashima. ECF No. 63. However, Tashima has appeared in this action. ECF No. 81.

SER-029

1  JASON M. FRIERSON
   United States Attorney
2  District of Nevada
   Nevada Bar Number 7709

3
   PATRICK A. ROSE
4  Assistant United States Attorney
   Nevada Bar Number 5109
5  501 Las Vegas Blvd. So., Suite 1100
   Las Vegas, Nevada 89101
6  (702) 388-6336
   Patrick.Rose@usdoj.gov
7  *Attorneys for the Ninth Circuit Defendants*

8              **UNITED STATES DISTRICT COURT**
                    **DISTRICT OF NEVADA**
9

10

11   DANIEL DAVID DYDZAK,                    Case No. 2:22-cv-01008-APG-VCF

12                     Plaintiff,            **Defendant A. Wallace Tashima's**
                                             **Joinder to Motion to Dismiss**
13   vs.                                     **(ECF No. 46)**

14   TANI CANTIL-SAKAUYE, et al.,

15                     Defendants.

16

17          United States Circuit Judge A. Wallace Tashima joins in the Ninth Circuit

18  Defendants' Motion to Dismiss (ECF No. 46).

19          Respectfully submitted this 7th day of October 2022.

20                                    JASON M. FRIERSON
                                      United States Attorney
21

22                                    */s/  Patrick A. Rose*
                                      PATRICK A. ROSE
23                                    Assistant United States Attorney

24

25

26

27

28

<u>**Certificate of Service**</u>

I hereby certify that on October 7, 2022, I electronically filed and served the foregoing Defendant A. Wallace Tashima's Joinder to Motion to Dismiss (ECF No. 46) with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system, and also served via US Mail to the parties and addresses below.

<u>US Mail</u>

Daniel D. Dydzak
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone (310) 867-1289
*Plaintiff, in Pro Per*

Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
E-Mail: egeorge@egcfirm.com
*Defendants in propria persona*
*Eric M. George, Ronald M. George, and Alan I.*
*Rothenberg*

　　　　　　　　　　　*/s/ Vera Minkova*
　　　　　　　　　　　Paralegal Specialist

2

| | |
|---|---|
| DANIEL DAVID DYDZAK, | Case No.: 2:22-cv-01008-APG-VCF |
| Plaintiff | **Order Granting Motions to Dismiss** |
| v. | [ECF Nos. 5, 14, 16, 22, 25] |
| TANI CANTIL-SAKAUYE, et al., | |
| Defendants | |

Daniel Dydzak sues numerous defendants for various claims arising out of or related to his disbarment as a California attorney and the subsequent lawsuits he has pursued in California state and federal courts. The California state and federal courts have entered vexatious litigant orders barring him from bringing such lawsuits in California or federal courts without pre-filing authorization. Dydzak filed this action in Nevada state court. ECF No. 1-2. Defendants Molly Dwyer, Peter Shaw, Edward Schiffer, Sidney Thomas, and George King removed the action under 28 U.S.C. §§ 1442(a)(1) and (3) because they are federal officers and judges. ECF No. 1.

Defendants Eric George, Ronald George, Alan Rothenberg, William Dato, Donald Miles, MidFirst Bank, and Charles Schwab (collectively, the moving defendants) filed motions to dismiss raising various arguments, including that this lawsuit is barred by the vexatious litigant orders, that this court lacks subject matter and personal jurisdiction, that the complaint fails to state a claim, that Schwab was not properly served, and that absolute judicial immunity bars the claims against Dato. ECF Nos. 5, 14, 16, 22, 25.

Dydzak responds that as the plaintiff, he can choose where to sue and Nevada is a proper venue because defendant Johnnie Rawlinson resides here. He asserts that Rawlinson was one member of an illegally constituted appellate panel presiding over an appeal in a case out of the

Northern District of California in which the moving defendants were parties, so the defendants have contacts with Nevada. He contends that subject matter jurisdiction exists because the complaint asserts violations of his federal civil rights. He also contends that the vexatious litigant orders are on appeal or were the product of fraud and therefore should not be enforced. According to Dydzak, Dato acted fraudulently and in the absence of jurisdiction, so he is not entitled to absolute judicial immunity. Finally, he asserts that he properly served Schwab.

I grant the motions to dismiss because this court lacks personal jurisdiction over the moving defendants. Additionally, Dydzak's claims against the moving defendants are barred by vexatious litigant orders and Dydzak has not sought pre-filing authorization.

## I. PERSONAL JURISDICTION

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). If the motion to dismiss is based on written materials rather than an evidentiary hearing, I must determine whether the plaintiff's "pleadings and affidavits make a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotation omitted). In deciding whether the plaintiff has met his burden, I must accept as true the complaint's uncontroverted allegations. *Id.*

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co.*, 453 F.3d at 1154. Nevada's long-arm statute permits the exercise of jurisdiction on any basis consistent with federal due process. Nev. Rev. Stat. § 14.065(1).

SER-033

Personal jurisdiction over defendants may be based on general or specific jurisdiction. "A court may assert general jurisdiction over defendants when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (simplified). By contrast, specific jurisdiction may be exercised when the defendants have sufficient minimum contacts with the forum state and the claims against them arise from those contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

The moving defendants are alleged to be California residents or entities, and there are no allegations or evidence that they have continuous and systematic contacts with Nevada. ECF No. 1-2 at 3-5. Consequently, there is no basis to exercise general jurisdiction over them, and Dydzak does not assert that general personal jurisdiction applies.

The Ninth Circuit has established a three-prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quotation omitted). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* at 802. If he succeeds, the defendant then must "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.*

In analyzing specific jurisdiction, the court "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014)

3

SER-034

1 (simplified).  That "relationship must arise out of contacts that the defendant himself creates with

2 the forum State." *Id.* at 284 (simplified).  It cannot be based on the "random, fortuitous, or

3 attenuated contacts" the defendant "makes by interacting with other persons affiliated with the

4 State." *Id.* at 286 (simplified).  The "defendant's suit-related conduct must create a substantial

5 connection with the forum State." *Id.* at 284.  Thus, the "analysis looks to the defendant's

6 contacts with the forum State itself, not the defendant's contacts with persons who reside there."

7 *Id.* at 285.

8        Dydzak contends that the defendants were parties to a case arising out of the Northern

9 District of California in which Rawlinson was one of the Ninth Circuit judges on the appellate

10 panel.  Judge Rawlinson is alleged to live in Nevada.  ECF No. 1-2 at 3.  But the fact that

11 Rawlinson was randomly selected to sit as an appellate judge for that case and that she happens

12 to live in Nevada are not contacts the moving defendants created with Nevada.  And with no

13 allegations or evidence that the moving defendants engaged in acts directed at Nevada or

14 purposefully availed themselves of the privilege of conducting activities in Nevada, Dydzak's

15 claims against them do not arise out of or relate to the moving defendants' forum-related

16 activities because there are none.  Dydzak therefore has not made a prima facie showing of

17 personal jurisdiction over any of the moving defendants.

18        In his various responses, Dydzak did not request amendment or jurisdictional discovery,

19 and he offers no basis for suspecting that amendment or jurisdictional discovery would change

20 the outcome. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (stating that a

21 plaintiff seeking jurisdictional discovery must provide some basis to believe that discovery will

22 lead to relevant evidence).  And as discussed below, Dydzak's claims are barred by vexatious

23

SER-035

litigant orders.  I therefore grant the moving defendants' motions to dismiss without leave to amend or to conduct jurisdictional discovery.

## II.  VEXATIOUS LITIGANT ORDERS

Dydzak is subject to multiple vexatious litigant orders.  As relevant here, Judge Coughenour entered an order against Dydzak in the Central District of California declaring Dydzak a vexatious litigant and prohibiting him "from initiating any further litigation in this or any other federal court alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on his disbarment without the prior authorization from the presiding judge of the U.S. District Court for the Central District of California." *Dydzak v. Cantil-Sakauye*, 2:11-cv-5560-JCC, ECF No. 35 (C.D. Cal. Sept. 25, 2012).  Dydzak also must "provide security in the amount of $5,000 for each defendant against whom he seeks to proceed with Court authorization in the future." *Id.* That order was affirmed on appeal. *Dydzak v. Cantil-Sakauye*, 9th Cir. No. 12-56960, Dkt. No. 25.  The Ninth Circuit denied reconsideration and stated it would not entertain further motions in that appeal. *Dydzak v. Cantil-Sakauye*, 9th Cir. No. 12-56960, Dkt. No. 38.  The mandate issued on August 21, 2015. *Dydzak v. Cantil-Sakauye*, 9th Cir. No. 12-56960, Dkt. No. 40.  Despite that appeal being closed, Dydzak continued to file numerous motions in the case for nearly a year. *Dydzak v. Cantil-Sakauye*, 9th Cir. No. 12-56960, Dkt. Nos. 39, 42-91.

Judge Chesney issued a separate vexatious litigant order in *Dydzak v. United States of America* in the Northern District of California.  Judge Chesney also declared Dydzak a vexatious litigant and prohibited Dydzak "from initiating any further litigation in this or any other federal court raising any claim based on, arising out of, or related to his disbarment or alleging that orders entered in lawsuits previously filed by him related to the same were rigged, fixed, or otherwise unlawful or illegitimate, without prior authorization from the federal court in which he

SER-036

seeks to initiate such litigation." *Dydzak v. United States of Am.*, 3:17-cv-04360-MMC, ECF No. 61 (N.D. Cal. March 19, 2018). Judge Chesney also required $5,000 in security for each defendant that Dydzak seeks to sue. *Id.* Dydzak appealed this order as well. *Dydzak v. U.S.A.*, 9th Cir. No. 18-15673. Judge Rawlinson was a member of the appellate panel for that appeal. The appeal was dismissed for failure to prosecute. *Dydzak v. U.S.A.*, 9th Cir. No. 18-15673, Dkt. No. 24. The Ninth Circuit stated that no further filings would be accepted, and the mandate issued. *Dydzak v. U.S.A.*, 9th Cir. No. 18-15673, Dkt. Nos. 24, 26. Dydzak nevertheless again filed numerous motions in the closed appeal. *Dydzak v. U.S.A.*, 9th Cir. No. 18-15673, Dkt. Nos. 25, 27-33.

Although Dydzak filed this lawsuit in Nevada state court, he has not sought pre-filing authorization after some of the federal defendants removed the case to this court. Dydzak should not be able to evade the vexatious litigant orders by filing suit in state court and awaiting the inevitable removal of the action to federal court. *See, e.g.*, *Whitehead v. Twentieth Century Fox Film Corp.*, No. CIV.A. 05-1462 GK, 2005 WL 3275905, at *3 (D.D.C. Aug. 29, 2005) (declining to allow a vexatious litigant to "circumvent" a pre-filing authorization order by filing in state court, which the defendants then removed to federal court); *Sassower v. Abrams*, 833 F. Supp. 253, 266 (S.D.N.Y. 1993) (same).

Dydzak contends that his claims do not fall within the parameters of the orders but instead they allege the defendants engaged in *ex parte* communications "to affect the outcome of the California Supreme Court Case No. S179850." ECF No. 1-2 at 9. That case is Dydzak's disbarment proceeding. *See* ECF No. 5-1 at 114-18. Dydzak also alleges that another defendant had improper *ex parte* communications with Dato to cause Dato to place Dydzak on the vexatious litigant list in California state court. ECF No. 1-2 at 9; *see also Dydzak v. United*

6

SER-037

*States*, No. 17-CV-04360-EMC, 2017 WL 4922450, at *1 n.2 (N.D. Cal. Oct. 31, 2017) (describing the case that resulted in Dato's order as "involv[ing] similar allegations" to Dydzak's other cases). Dydzak thus is alleging that an order entered in one of his previously filed lawsuits related to his disbarment was rigged, fixed, or otherwise unlawful or illegitimate.

Finally, Dydzak asserts that I should not enforce the vexatious litigant orders because they are not final. Dydzak is wrong, both factually and legally. As set forth above, the appeals have been resolved. The fact that Dydzak filed numerous motions after the mandates issued does not mean the appeals remain pending. And Dydzak is incorrect that a party is free to ignore a court's ruling until it is finalized on appeal. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (stating that "an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings"). As the Supreme Court has explained:

> [It is a] basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.

*Maness v. Meyers*, 419 U.S. 449, 458 (1975). Consequently, even if Dydzak were correct that the appeals were not final, the vexatious litigant orders have not been overturned and Dydzak therefore must comply with them. Because he has not done so, I grant the moving defendants' motions to dismiss.

**III. CONCLUSION**

I THEREFORE ORDER that defendants Eric George, Ronald George, and Alan Rothenberg's motion to dismiss **(ECF No. 5) is GRANTED**.

7

1    I FURTHER ORDER that defendant William Dato's motion to dismiss **(ECF No. 14) is**
2  **GRANTED**.

3    I FURTHER ORDER that defendant Donald Miles' motion to dismiss **(ECF No. 16) is**
4  **GRANTED**.

5    I FURTHER ORDER that defendant MidFirst Bank's motion to dismiss **(ECF No. 22) is**
6  **GRANTED**.

7    I FURTHER ORDER that defendant Charles Schwab's motion to dismiss **(ECF No. 25)**
8  **is GRANTED**.

9    DATED this 7th day of October, 2022.

10

11    _____
      ANDREW P. GORDON
12    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

8

1

Daniel David Dydzak
2
Plaintiff
4265 Marina City Drive, Suite 407W
3
Marina del Rey, CA 90292
Telephone: (310) 867-1289
4
Email: ddydzak@yahoo.com

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                              **DISTRICT OF NEVADA**

10                                                    | **Case No. 2:22-cv-01008-APG-VCF**

11

12    DANIEL DAVID DYDZAK,                            **PLAINTIFF'S REPLY TO DEFENDANT MIDFIRST'S OPPOSITION TO MOTION**
13                   Plaintiff,                        **FOR STAY AND APPOINTMENT OF SPECIAL MASTER; REPLY TO**
14         v.                                          **DEFENDANT MILES' OPPOSITION TO MOTION FOR STAY; MEMORANDUM OI**
15                                                     **POINTS AND AUTHORITIES**
16    TANI CANTIL-SAKAUYE, et al.,

17                   Defendants.                       Before Hon. Andrew P. Gordon,
                                                       U.S. District Judge
18

19

20

21

22        TO THIS HONORABLE FEDERAL COURT, ALL PARTIES AND THEIR
23    COUNSEL OF RECORD:
24        Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), hereby respectfully replies to
25    the two respective Oppositions to his Motion to Stay and his Motion for Appointment of
26    Special Master by Defendant MIDFIRST.  DYDZAK also replies to Defendant MILES'
27    opposition to his moved for stay.

28

      DYDZAK V. CANTIL-SAKAUYE                          REPLY

1        It is to be noted that Defendant A. WALLACE TASHIMA is in default, has been

2 duly served with process, and his default and default judgment will be moved for.

3 Apparently, Defendant is willfully refusing to participate even though an officer of the

4 Court and a senior federal judge. Plaintiff has put Assistant U.S. Attorney ROSE on notice

5 that Defendant TASHIMA is in default.

6

7     Dated: September 21, 2022                Respectfully Submitted,

8

9

10

11                      DANIEL DAVID DYDZAK

12                      Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYDZAK V. CANTIL-SAKAUYE     2         REPLY

## MEMORANDUM OF POINTS AND AUTHORITIES

I

## THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY
## TO STAY THE ACTION AND APPOINT A SPECIAL MASTER

Clearly, as stated in other opposition papers filed with the Court, this case is not a simplistic matter, whereby DYDZAK has no rights and whereby the case should simply be tossed because certain of DYDZAK's Defendant-adversaries are well-connected, influential, wealthy, part of the establishment, and have powerful positions. Indeed, DYDZAK is entitled to have remedies available to him as any other litigant to be fairly treated in the federal courts. Marbury v. Madison, 5 U.S. 137 (1803).

In addition, there should be no "rush to judgment." There needs to be uniformity of decision as to various Defendants, not an ad hoc approach. In its opposition papers, Defendant MIDFIRST articulates no discernible prejudice to it that would be brought about by a reasonable stay until or or about December 15, 2022. Likwise, Defendant MILES does not demonstrate any discernible prejudice why the moved for stay should not be granted, as requested by DYDZAK.

The failure by Defendant TASHIMA to respond or answer the lawsuit to date should in fairness to DYDZAK and other litigants also delay the adjudicatory process and warrants the moved for stay. DYDZAK is now compelled to file a Motion for Default against Defendant TASHIMA. The latter will then likely want to respond in some fashion to the Motion, the Complaint or both, either through independent counsel or the U.S. Attorney's Office in Nevada. Then DYDZAK has a right of reply to same.

Another legal wrench in the equation is the ongoing, recently discovered illegal blocking of DYDZAK's phone even in the Las Vegas, Nevada branch of the federal court. This is patently being done with the knowing acquiescence and, arguably, criminal conduct and condoning of the U.S Attorney's Office in Nevada. This is against the public

DYDZAK V. CANTIL-SAKAUYE          3          REPLY

1  policy of the United States, whereby U.S. Attorneys in the Department of Justice take an

2  oath to uphold the Rule of Law and Federal Constitution.

3       The Attorney General's Office is also condoning other illegal, criminal conduct.

4  E.g., Defendant SHAW, while only an inactive attorney, falsely acting as a judge

5  previously. Certain Defendants apparently, upon information and belief, being

6  compromised by SCHWAB bribes and/or financial conflicts of interest, such as Defendants

7  MILES and SCHIFFER. This is clearly criminal conduct that individuals such as Attorney

8  ROSE should not be tolerating.

9       Defendant MIDFIRST, successor-in-interest to Defendants 1st CENTURY BANK

10  and 1st CENTURY BANCSHARES, INC. is justifiably in this case, because it is alleged

11  in the lawsuit that its bank entities conspired to unlawfully interfere with the processes of

12  a state court. This is no small matter. Defendant MIDFIRST in its Motion to Dismiss does

13  not adequately demonstrate that its Motion should be granted, as a cause of action is stated

14  and there are minimum contacts with the State of Nevada.

15       DYDZAK's Complaint on file herein is adequately pled to withstand the various

16  Motions to Dismiss. Furthermore, at a bare minimum, if necessary, DYDZAK should be

17  given leave to amend if the Court wants more elaboration in a potential First Amended

18  Complaint, such as the basis for Nevada minimum contacts. Leave to amend is liberally

19  granted in the federal courts. See Fed.R.Civ.P. 15; Foman v. Davis. 371 U.S. 178 (1962).

20       There are exceptional circumstances here warranting the appointment of a special

21  master pursuant to F.R.C.P. Section 53. And none of the causes of action in this case have

22  ever been litigated on the merits. There is no collateral estoppel or res judicata effect.

23       As to Defendant MIDFIRST, a Special Master should be appointed to delve into

24  issues and evidence pertaining to it, without limitation: i.e., the relationship between it and

25  Defendants ROTHENBERG, RONALD M. GEORGE and ERIC M. GEORGE to harm

26  DYDZAK; the financial conflicts of interest harming DYDZAK as it relates to the

27  ownership or equity ownership interests of Defendants GEORGES and ROTHENBERG

28  in Defendant MIDFIRST; the money-laundering, tax fraud and mail fraud of Defendant

    MIDFIRST as it relates to their officers and agents, Defendants GEORGES and

DYDZAK V. CANTIL-SAKAUYE          4          REPLY

1    ROTHENBERG.

2         This case raises new issues and evidence as to the above-referenced Defendants.

3    It asserts new causes of action against these Defendants. It is not in bad faith nor

4    frivolous. There is minimum contacts, because Defendant RAWLINSON, a Nevada

5    resident, is involved in the alleged torts and misconduct. There is tortious conduct in

6    Nevada. The allegations of the Complaint are taken as true for pleading purposes.

7

8

9

10                              II   **CONCLUSION**

11

12     For the reasons set forth herein, the Motion for Stay until on or about December 15,

13    2022, should be granted. The Motion for Special Master should be granted.

14

15    Dated: September 21, 2022              Respectfully Submitted,

16

17

18

19                              DANIEL DAVID DYDZAK

20                                   Plaintiff

21

22

23

24

25

26

27

28

DYDZAK V. CANTIL-SAKAUYE          5          REPLY

1

**PROOF OF SERVICE**

2

3        I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to

4   the within above-entitled action, that I am employed in the County of Los Angeles, State of

5   California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey,

6   CA 90292.

7        On  September 21, 2022, I served a true and correct copy of the following document or

8   pleading:

9

10  PLAINTIFF'S REPLY TO DEFENDANT MIDFIRST'S OPPOSITION TO MOTION FOR

11  STAY AND APPOINTMENT OF SPECIAL MASTER; REPLY TO DEFENDANT MILES'

    OPPOSITION TO MOTION FOR STAY; MEMORANDUM OF POINTS AND

12  AUTHORITIES

13

14   [ x ]  [BY U.S. MAIL] On this same day,  I mailed the following interested parties or their

15  counsel of record the above-described document or pleading by regular United States mail to their

16  respective service or mailing addresses.

17

18  See Attached Service List

19

20        I declare under penalty of perjury under the laws of the United States of America that the

21  foregoing is true and correct. Executed on September 21, 2022, at Marina del Rey, California.

22

23

24                                              _Jim Lane_____

25                                              JIM LANE

26                                              Declarant

27

28

DYDZAK V. CANTIL-SAKAUYE          6          REPLY

ATTACHMENT (SERVICE LIST)

OLSON CANNON GORMLEY & STOBERSKI          MARQUIS AURBACH

9950 WEST CHEYENE AVENUE                  10001 PARK RUN DRIVE

LAS VEGAS, NEVADA 89129                    LAS VEGAS, NEVADA 89145


QUINTAIROS, PRIETO, WOOD & BOYER, P.A.     PATRICK A. ROSE, ESQ.

200 S. VIRGINIA ST., 8TH FL.               U.S. ATTORNEY OFFICE

RENO, NEVADA 89501                         501 LAS VEGAS BLVD. SO.

                                           SUITE 1100

                                           LAS VEGAS, NEVADA 89101


ERIC M. GEORGE              LEWIS ROCA

RONALD M. GEORGE            3993 HOWARD HUGHES PARKWAY

ALAN I. ROTHENBERG         STE 600

c/o 2121 AVENUE OF THE STARS   LAS VEGAS, NEVADA 89161

30TH FLOOR

LOS ANGELES, CA 90067


HINSHAW & CULBERTSON, LLP

350 SOUTH GRAND AVE., STE 3600

LOS ANGELES, CA 90071

ATTACHMENT                              7



Daniel D. Dydzak
4265 Marina City Dr.
#407W
Marina del Rey, CA 90292

LOS
22 SEP PM
UNITED STATES POSTAL SERVICE

U.S. POSTAGE PAID
FCM LETTER
MARINA DEL REY, CA
90292
SEP 22, 22
AMOUNT
$0.84
R2305K138776-25

1000        89101

FILED ___    ___ RECEIVED
ENTERED ___  ___ SERVED ON
        COUNSEL/PARTIES OF RECORD

SEP 26 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

Clerk's Office (Civil filing)
United States District Court
Lloyd D. George Federal Court
333 S. Las Vegas Blvd.    house
Las Vegas, NV 89101

89101-706599

SER-047

1   Daniel David Dydzak
2   Plaintiff
3   4265 Marina City Drive, Suite 407W
    Marina del Rey, CA 90292
4   Telephone: (310) 867-1289
    Email: ddydzak@yahoo.com
5

```
_____ FILED          _____ RECEIVED
_____ ENTERED              _____ SERVED ON
           COUNSEL/PARTIES OF RECORD

           SEP 2 6 2022

       CLERK US DISTRICT COURT
            DISTRICT OF NEVADA
BY:_____
                          _____ DEPUTY
```

6

7

8                   UNITED STATES DISTRICT COURT

9                       DISTRICT OF NEVADA

10                                          |  Case No. 2:22-cv-01008-APG-VCF

11

12   DANIEL DAVID DYDZAK,                       PLAINTIFF'S REPLY TO OPPOSITION
                                                TO MOTIONS FOR STAY AND
13              Plaintiff,                       APPOINTMENT OF SPECIAL MASTER
                                                BY DEFENDANTS CANTIL-SAKAUYE,
14        v.                                     NAVARRETE AND DATO; REPLY TO SO-
                                                CALLED NINTH CIRCUIT DEFENDANTS'
15                                              OPPOSITION TO MOTION TO STAY;
     TANI CANTIL-SAKAUYE, et al.,               MEMORANDUM OF POINTS AND
16                                              AUTHORITIES
              Defendants.
17

18                                          Before Hon. Andrew P. Gordon,
                                            U.S. District Judge
19

20

21

22
_____

23        TO THIS HONORABLE FEDERAL COURT, ALL PARTIES AND THEIR

24   COUNSEL OF RECORD:

25        Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), hereby respectfully replies to

26   the two respective Oppositions to his Motion to Stay and his Motion for Appointment of

27   Special Master by Defendants TANI CANTIL-SAKAUYE, NAVARRETE AND DATO.

28

     DYDZAK V. CANTIL-SAKAUYE                          REPLY

1    DYDZAK also replies to the so-called Ninth Circuit Defendants' opposition to his moved
2    for stay.
3            It is to be noted that Defendant A. WALLACE TASHIMA is in default, has been
4    duly served with process, and his default and default judgment will be moved for.
5    Apparently, Defendant is willfully refusing to participate even though an officer of the
6    Court and a senior federal judge. Plaintiff has put Assistant U.S. Attorney ROSE on notice
7    that Defendant TASHIMA is in default.

8
9        Dated: September 21, 2022                    Respectfully Submitted,
10
11
12
13                                                   _____
14                                                   DANIEL DAVID DYDZAK
15                                                   Plaintiff
16
17
18
19
20
21
22
23
24
25
26
27
28

DYDZAK V. CANTIL-SAKAUYE            2        REPLY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY TO STAY THE ACTION AND APPOINT A SPECIAL MASTER

Clearly, as stated in other opposition papers filed with the Court, this case is not a simplistic matter, whereby DYDZAK has no rights and whereby the case should simply be tossed because certain of DYDZAK's Defendant-adversaries are well-connected, influential, wealthy, part of the establishment, and have powerful positions. Indeed, DYDZAK is entitled to have remedies available to him as any other litigant to be fairly treated in the federal courts. Marbury v. Madison, 5 U.S. 137 (1803).

In addition, there should be no "rush to judgment." There needs to be uniformity of decision as to various Defendants, not an ad hoc approach. In its opposition papers, Defendants CANTIL-SAKAUYE, NAVARRETE and DATO articulate no discernible prejudice to them that would be brought about by a reasonable stay until or or about December 15, 2022. Likwise, the so-called Ninth Circuit Defendants represented by the U.S. Attorney's Office do not demonstrate any discernible prejudice why the moved for stay should not be granted, as requested by DYDZAK.

The failure by Defendant TASHIMA to respond or answer the lawsuit to date should in fairness to DYDZAK and other litigants also delay the adjudicatory process and warrants the moved for stay. DYDZAK is now compelled to file a Motion for Default against Defendant TASHIMA. The latter will then likely want to respond in some fashion to the Motion, the Complaint or both, either through independent counsel or the U.S. Attorney's Office in Nevada. Then DYDZAK has a right of reply to same.

Another legal wrench in the equation is the ongoing, recently discovered illegal blocking of DYDZAK's phone even in the Las Vegas, Nevada branch of the federal court. This is patently being done  with the knowing acquiescence and, arguably, criminal conduct and condoning of the U.S Attorney's Office in Nevada. This is against the public

DYDZAK V. CANTIL-SAKAUYE                    3             REPLY

1     policy of the United States, whereby U.S. Attorneys in the Department of Justice take an
2     oath to uphold the Rule of Law and Federal Constitution.

3         The Attorney General's Office is also condoning other illegal, criminal conduct.
4     E.g., Defendant SHAW, while only an inactive attorney, falsely acting as a judge
5     previously. Certain Defendants apparently, upon information and belief, being
6     compromised by SCHWAB bribes and/or financial conflicts of interest, such as Defendant
7     MILES and SCHIFFER. This is clearly criminal conduct that individuals such as
8     Assistant U.S. Attorney ROSE should not be tolerating.

9         DYDZAK's Complaint on file herein is adequately pled to withstand the various
10    Motions to Dismiss. Furthermore, at a bare minimum, if necessary, DYDZAK should be
11    given leave to amend if the Court wants more elaboration in a potential First Amended
12    Complaint, such as the basis for Nevada minimum contacts. Leave to amend is liberally
13    granted in the federal courts. See Fed.R.Civ.P. 15; Foman v. Davis. 371 U.S. 178 (1962).

14        There are exceptional circumstances here warranting the appointment of a special
15    master pursuant to F.R.C.P. Section 53. And none of the causes of action in this case have
16    ever been litigated on the merits. There is no collateral estoppel or res judicata effect.

17        As to Defendants CANTIL-SAKAUYE, NAVARRETE and DATO, a Special
18    Master should be appointed to delve into issues and evidence pertaining to them, without
19    limitation: i.e., the relationship between them and Defendants ROTHENBERG,
20    RONALD M. GEORGE and ERIC M. GEORGE to harm DYDZAK; the financial
21    conflicts of interest harming DYDZAK as it relates to the ownership or equity ownership
22    interests of Defendants GEORGES and ROTHENBERG in Defendant MIDFIRST; the
23    money-laundering, tax fraud and mail fraud of Defendant MIDFIRST as it relates to their
24    officers and agents, Defendants GEORGES and ROTHENBERG; the obstruction of
25    justice acts of Defendants CANTIL-SAKAUYE, NAVARRETE and DATO; Defendant
26    CANTIL-SAKAUYE's preexisting relationship and ex parte communications and
27    contacts with Defendant CHESNEY to harm DYDZAK; Defendant CANTIL-SAKAUYE
28    conspiring with Defendant NAVARRETE to interfere with the processes of a state court
        by acting unilaterally without a proper quorum vote, against DYDZAK's civil rights; the

DYDZAK V. CANTIL-SAKAUYE         4        REPLY

lengthy prior criminal investigation by U.S. Attorney General BARR and his office into the violation of DYDZAK 's civil rights and obstruction of justice acts of Defendants CANTIL-SAKAUYE and NAVARRETE; any and all financial bribes and conflicts of interest by Defendant SCHWAB vis-à-vis Defendants DATO, NAVARRETE and CANTIL-SAKAUYE.

This case raises new issues and evidence as to the above-referenced Defendants. It asserts new causes of action against these Defendants. It is not in bad faith nor frivolous. There is minimum contacts, because Defendant RAWLINSON, a Nevada resident, is involved in the alleged torts and misconduct. There is tortious conduct in Nevada. The allegations of the Complaint are taken as true for pleading purposes.

## II   **CONCLUSION**

For the reasons set forth herein, the Motion for Stay until on or about December 15, 2022, should be granted. The Motion for Special Master should be granted.

Dated: September 21, 2022                     Respectfully Submitted,


DANIEL DAVID DYDZAK

Plaintiff

DYDZAK V. CANTIL-SAKAUYE                5                REPLY

1

**PROOF OF SERVICE**

2

3       I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to

4    the within above-entitled action, that I am employed in the County of Los Angeles, State of

5    California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey,

6    CA 90292.

7       On  September 21, 2022, I served a true and correct copy of the following document or

8    pleading:

9

10   PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR STAY AND APPOINTMENT OF

11   SPECIAL MASTER BY DEFENDANTS CANTIL-SAKAUYE, NAVARRETE AND DATO;

12   REPLY TO SO-CALLED NINTH CIRCUIT DEFENDANTS' OPPOSITION TO MOTION TO

13   STAY; MEMORANDUM OF POINTS AND AUTHORITIES

14

15   [ x ]  [BY U.S. MAIL] On this same day,  I mailed the following interested parties or their

16   counsel of record the above-described document or pleading by regular United States mail to their

17   respective service or mailing addresses.

18

19   See Attached Service List

20

21      I declare under penalty of perjury under the laws of the United States of America that the

22   foregoing is true and correct. Executed on September 21, 2022, at Marina del Rey, California.

23

24

25                                                    _____

26                                                    JIM LANE

27                                                    Declarant

28

DYDZAK V. CANTIL-SAKAUYE                    6              REPLY

SER-053

1
ATTACHMENT (SERVICE LIST)

2

3   OLSON CANNON GORMLEY & STOBERSKI          MARQUIS AURBACH

4   9950 WEST CHEYENE AVENUE                  10001 PARK RUN DRIVE

5   LAS VEGAS, NEVADA 89129                   LAS VEGAS, NEVADA 89145

6

7   QUINTAIROS, PRIETO, WOOD & BOYER, P.A.    PATRICK A. ROSE, ESQ.

8   200 S. VIRGINIA ST., 8TH FL.             U.S. ATTORNEY OFFICE

9   RENO, NEVADA 89501                        501 LAS VEGAS BLVD. SO.

10                                            SUITE 1100

11                                            LAS VEGAS, NEVADA 89101

12

13  ERIC M. GEORGE                            LEWIS ROCA

    RONALD M. GEORGE                          3993 HOWARD HUGHES PARKWAY

14  ALAN I. ROTHENBERG                        STE 600

15  c/o 2121 AVENUE OF THE STARS              LAS VEGAS, NEVADA 89161

16  30TH FLOOR

17  LOS ANGELES, CA 90067

18

19  HINSHAW & CULBERTSON, LLP

20  350 SOUTH GRAND AVE., STE 3600

21  LOS ANGELES, CA 90071

22

23

24

25

26

27

28

ATTACHMENT                                    7

Daniel D. DiBabe Rdc
4265 Marina City Dr
#407 W
Marina del Rey, CA 90292

BY:

FILED _____  _____ RECEIVED
ENTERED _____  COUNSEL/PARTIES OF RECORD

SEP 25 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
_____ DEPUTY

89101-706599

LOS _____
22 _____

1000

88101

U.S. POSTAGE PAID
MARINA DEL REY, CA
SEP 23, 22
AMOUNT
$0.84
R2306K138776-25

Clerks Office (Civil Filing)
United States District Court
U.S. MARSHALS SER
MAILED BY
D. George Federal Courthouse
333 S. Las Vegas Blvd.
Las Vegas, NV
89101

SER-055

1   DYDZAK also replies to the so-called Ninth Circuit Defendants' opposition to his moved

2   for stay.

3       It is to be noted that Defendant A. WALLACE TASHIMA is in default, has been

4   duly served with process, and his default and default judgment will be moved for.

5   Apparently, Defendant is willfully refusing to participate even though an officer of the

6   Court and a senior federal judge. Plaintiff has put Assistant U.S. Attorney ROSE on notice

7   that Defendant TASHIMA is in default.

8

9       Dated: September 21, 2022                    Respectfully Submitted,

10

11

12

13

14                                              DANIEL DAVID DYDZAK

15                                              Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

DYDZAK V. CANTIL-SAKAUYE                2           REPLY

1

2

3

4

5

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

```
____FILED          ____RECEIVED
____ENTERED        ____SERVED ON
              COUNSEL/PARTIES OF RECORD

            SEP 2 6 2022

      CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY:_____DEPUTY
```

6

7

8                    UNITED STATES DISTRICT COURT

9                        DISTRICT OF NEVADA

10                                    | Case No. 2:22-cv-01008-APG-VCF

11

12   DANIEL DAVID DYDZAK,             | PLAINTIFF'S OPPOSITION AND
                                       RESPONSE TO VARIOUS MOTIONS TO
13              Plaintiff,             STAY DISCOVERY; REQUEST FOR
                                       SETTING OF PRETRIAL OR STATUS
14        v.                          CONFERENCE IN MID-JANUARY, 2023;
                                       NOTICE OF INTENT TO MOVE FOR
15                                    DEFAULT AND DEFAULT JUDGMENT
                                       AGAINST DEFENDANT A. WALLACE
16   TANI CANTIL-SAKAUYE, et al.,     TASHIMA

17              Defendants.

18                                    Before Hon. Andrew P. Gordon,
                                       U.S. District Judge
19

20

21

22

23        TO THIS HONORABLE FEDERAL COURT, ALL PARTIES AND THEIR

24   COUNSEL OF RECORD:

25        Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), opposes a complete stay of

26   all discovery. However, in the spirit of cooperation and in view of pending motions,

27   DYDZAK is amenable and respectfully submits that discovery be stayed until January 15,

28

DYDZAK V. CANTIL-SAKAUYE                    OPPOSITION TO DISCOVERY STAY

2023, for the following reasons, without limitation:

(1) DYDZAK has moved for an extension to oppose and respond to so-called Ninth Circuit Defendants' Motion to Dismiss. The U.S. Attorney's Office will likely want to file a Reply to same. There will likely not be a ruling on this Motion in the near term in light of same.

(2) DYDZAK has moved for a stay of the case until on or about December 15, 2022, based upon good cause and in the interests of justice and equity.

(3) The Court has to consider and rule upon the Motion for Special Master.

(4) Defendant A. Wallace Tashima is "playing games" and not responding to the lawsuit although duly served. Thus, a motion for his default will be submitted shortly to the Court. The Court will need sufficient time to rule upon same. Defendant TASHIMA may wish to oppose same or finally file a responsive pleading. In that event, DYDZAK will need to file applicable opposition papers, if warranted.

(5) There are pending motions that the Court will have to rule upon in the future. This will dictate discovery considerations given the number of parties and issues and disputed evidence. Either the Court or a Special Master will likely issue a Briefing Schedule and Discovery Schedule.

(6) Certain causes of action may become moot in the future depending upon developing circumstances, which may lead to resolution, partial resolution and/or narrow the issues and causes of action.

The Court should consider setting a Status Conference or Pretrial Conference for mid-January, 2023, or some other convenient date in that time frame, so that the parties and the Court can reasonably meet and confer as to outstanding issues and matters.

On an administrative note, DYDZAK's phone continues to be illegally blocked to the various Nevada federal courts. This alarming and ongoing violation of Plaintiff's civil rights should be looked into by the Chief Judge of this Court, the Chief Judge of the Ninth Circuit Court of Appeals, the Chief Justice of the U.S. Supreme Court, the Judicial Council of the United States, and the Administrative Office of the federal courts.

1

2   Dated: September 22, 2022                    Respectfully Submitted,

3

4

5

6

7                                               DANIEL DAVID DYDZAK

8                                               Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYDZAK V. CANTIL-SAKAUYE              3          OPPOSITION TO DISCOVERY STAY

**PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On September 22, 2022, I served a true and correct copy of the following document or pleading:

PLAINTIFF'S OPPOSITION AND RESPONSE TO VARIOUS MOTIONS TO STAY DISCOVERY; REQUEST FOR SETTING OF PRETRIAL OR STATUS CONFERENCE IN MID-JANUARY, 2023; NOTICE OF INTENT TO MOVE FOR DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANT A. WALLACE TASHIMA

[ x ]   [BY U.S. MAIL] On this same day,  I mailed the following interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

See Attached Service List

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 22, 2022, at Marina del Rey, California.

*Jim Lane*

JIM LANE
Declarant

DYDZAK V. CANTIL-SAKAUYE                4                OPPOSITION TO DISCOVERY STAY

ATTACHMENT (SERVICE LIST)

OLSON CANNON GORMLEY & STOBERSKI

9950 WEST CHEYENE AVENUE

LAS VEGAS, NEVADA 89129

MARQUIS AURBACH

10001 PARK RUN DRIVE

LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

200 S. VIRGINIA ST., 8TH FL.

RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.

U.S. ATTORNEY OFFICE

501 LAS VEGAS BLVD. SO.

SUITE 1100

LAS VEGAS, NEVADA 89101

ERIC M. GEORGE

RONALD M. GEORGE

ALAN I. ROTHENBERG

c/o 2121 AVENUE OF THE STARS

30TH FLOOR

LOS ANGELES, CA 90067

LEWIS ROCA

3993 HOWARD HUGHES PARKWAY

STE 600

LAS VEGAS, NEVADA 89161

HINSHAW & CULBERTSON, LLP

350 SOUTH GRAND AVE., STE 3600

LOS ANGELES, CA 90071

ATTACHMENT                                            5

Daniel A. DeRosa
4265 Moon City Dr.
#40??
Pioneer, CO 80242

FILED _____
ENTERED _____          RECEIVED _____
                         SERVED ON
                         COUNSEL/PARTIES OF RECORD

SEP 26 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
89101-707323
BY _____ DEPUTY

U.S. POSTAGE PAID
MARINA DEL REY, CA
SEP 22
$0.84
R2305K138776-25

Clerks Office (civil filing)
United States District Court
Lloyd D. George Federal Courthouse
333 S. Las Vegas Blvd.
Las Vegas, Nevada 89101

RECEIVED US MARSHAL

SUB-063

1
2
3
4
5

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
                 COUNSEL/PARTIES OF RECORD

           SEP 2 2 2022

      CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY: _____ DEPUTY
```

6
7
8
9

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

10
11
12
13
14
15
16
17
18
19
20
21

DANIEL DAVID DYDZAK,

       Plaintiff,

    v.

TANI CANTIL-SAKAUYE, et al.,

       Defendants.

Case No. 2:22-cv-01008-APG-VCF

**PLAINTIFF'S REPLY TO OPPOSITION BY DEFENDANTS ERIC M. GEORGE, RONALD M. GEORGE AND ALAN I. ROTHERNBERG TO PLAINTIFF'S MOTION TO STAY AND PLAINTIFF'S MOTION FOR SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES**

Before Hon. Andrew P. Gordon, U.S. District Judge

22
23
24
25
26
27
28

    TO THIS HONORABLE FEDERAL COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

    Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), hereby respectfully replies to the above-referenced Opposition by Defendants ERIC M. GEORGE, RONALD M. GEORGE and ALAN I. ROTHENBERG.

DYDZAK V. CANTIL-SAKAUYE             REPLY

1     Dated: September 19, 2022        Respectfully Submitted,

2

3

4

5                           DANIEL DAVID DYDZAK

6                         Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYDZAK V. CANTIL-SAKAUYE       2      REPLY

## MEMORANDUM OF POINTS AND AUTHORITIES

I

## THE STAY MOVED FOR IS REASONABLE TO ENSURE UNIFORMITY OF DECISION AND THAT THIS HONORABLE COURT REVIEW AND CONSIDER MATTERS THOROUGHLY, WITH AN END TO EFFECTUATE JUSTICE

Since many of the Defendants have related issues, and there is good cause to grant an extension for DYDZAK to file his opposition papers to the so-called Ninth Circuit's Motion to Dismiss, there should be no "rush to judgment" for this Court to make rulings in ad hoc fashion, on an individual basis. Reply briefing would then be due from certain Defendants. Personal considerations dictate that DYDZAK go out of town to care for his mother. The issue of the Special Master remains to be resolved and fully briefed.

As indicated in prior opposition papers, there are "minimum contacts" tying in Defendants GEORGES and ROTHENBERG. There is a long-arm statute in Nevada as well.

A stay is even more warranted in light of recent developments that Defendant A. WALLACE TASHIMA is refusing to date to answer the lawsuit or otherwise responsively plead. A Default Motion is being prepared with proof of service information. Defendant TASHIIMA's actions give good cause to stay the case.

II

## THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY TO APPOINT A SPECIAL MASTER

Alan Rothenberg, Eric M. George and Ronald M. George have a personal animus towards DYDZAK. DYDZAK's former clients previously sued Mr. Rothenberg and his bank entities (whereby the Georges were major investors and Eric George was a director) and obtained a favorable result for said clients. Defendant ROTHENBERG once stated to

DYDZAK V. CANTIL-SAKAUYE                3                REPLY

1    DYDZAK after a deposition (whereby the latter's then office manager had to restrain him
2    from literally hitting DYDZAK), "I'm going to get you." His secret business
3    partner/investor, Ronald M. George, stated to DYDZAK a number of years ago
4    telephonically: "No one cares what you have to say." Eric is an investor with Mr.
5    Rothenberg and his father, Ronald M. Geoge. So it is not a stretch that these Defendants
6    would tortiously conspire to harm DYDZAK, as alleged in the lawsuit.

7         DYDZAK also has information and evidence and sources that these Defendants
8    have all engaged in money-laundering, mail fraud and tax fraud, from various sources.
9    DYDZAK has exposed this corruption which has led to public discourse. This also
10   explains their personal animus towards DYDZAK. So it is not a stretch they would use
11   their pre-existing and ongoing relationships and improper ex parte communications and
12   contacts, upon information and belief, to harm DYDZAK and conspire as alleged in the
     lawsuit.

13        As indicated in other opposition papers, there is a reasonable and good faith basis
14   for the appointment of a special master.  Among various matters involving the GEORGES
15   and ROTHENBERG towards DYDZAK, without limitation:

16       (1) Their alleged interference with the processes of the court, upon information and
17           belief,  matters before the Supreme Court of California affecting DYDZAK.

18       (2) Ronald M. George's conflicts of interest towards DYDZAK because of his
19           involvement with MIDLAND bank entities.

20       (3) These Defendants' knowledge and involvement in the unlawful and fraudulent
21           Order of Defendant DATO putting in a bogus vexatious litigant Order against
22           DYDZAK in the California Courts, in conspiracy with Defendant CANTIL-
23           SAKAUYE.

24       (4) Ronald M. George's involvement in  Plaintiff's phone being illegally blocked
25           (and STILL being unlawfully blocked) against due process and equal protection
26           of laws and Federal Communications Act. He gave the Ronald M. George
27           award at a law school ceremony to a certain senior federal jurist who was
28           involved in this phone blockage activity.

DYDZAK V. CANTIL-SAKAUYE        4        REPLY

(5) These Defendants' involvement with DYDZAK's illegal federal court disbarments in the Central District of California and Ninth Circuit Court of Appeals.

(6) These Defendants' investments and relationships with Defendant SCHWAB.

(7) These Defendants' relationships with various Defendants in this case affecting DYDZAK.

(8) Various grounds for bias and conflicts of interest on the part of Defendant RONALD M. GEORGE to harm DYDZAK, in retaliation for DYDZAK's former clients successfully suing his bank entities, to GEORGE's financial detriment.

(9) RONALD M. GEORGE's relationship with Defendant CHESNEY and any improper contacts and communications between them to harm DYDZAK.

(10) RONALD M. GEORGE's relationship with Defendants CANTIL-SAKAUYE and NAVARRETE and any improper contacts and communications between them to harm DYDZAK.

This case is not a simplistic matter, whereby DYDZAK has no rights and whereby the case should simply be tossed because certain of DYDZAK's Defendant-adversaries are well-connected, influential, wealthy, part of the establishment, and have powerful positions. Indeed, DYDZAK is entitled to have remedies available to him as any other litigant to be fairly treated in the federal courts. Marbury v. Madison, 5 U.S. 137 (1803).

There are exceptional circumstances here warranting the appointment of a special master pursuant to F.R.C.P. Section 53. And none of the causes of action in this case have ever been litigated on the merits. It is not in bad faith nor frivolous. There is minimum contacts, because Defendant RAWLINSON, a Nevada resident, is involved in the alleged torts and misconduct. There is tortious conduct in Nevada. The allegations of the Complaint are taken as true for pleading purposes.

**PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On September 20, 2022, I served a true and correct copy of the following document or pleading:

PLAINTIFF'S REPLY TO OPPOSITION BY DEFENDANTS ERIC M. GEORGE, RONALD M. GEORGE AND ALAN I. ROTHENBERG TO PLAINTIFF'S MOTION TO STAY AND PLAINTIFF'S MOTION FOR SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES

[ x ]  [BY U.S. MAIL] On this same day,  I mailed the following interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

See Attached Service List

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct. Executed on September 20, 2022, at Marina del Rey, California.

_____
JIM LANE
Declarant

DYDZAK V. CANTIL-SAKAUYE          7          REPLY

1

ATTACHMENT (SERVICE LIST)

2

3   OLSON CANNON GORMLEY & STOBERSKI          MARQUIS AURBACH

4   9950 WEST CHEYENE AVENUE                   10001 PARK RUN DRIVE

5   LAS VEGAS, NEVADA 89129                     LAS VEGAS, NEVADA 89145

6

7   QUINTAIROS, PRIETO, WOOD & BOYER, P.A.      PATRICK A. ROSE, ESQ.

8   200 S. VIRGINIA ST., 8TH FL.               U.S. ATTORNEY OFFICE

9   RENO, NEVADA 89501                          501 LAS VEGAS BLVD. SO.

    SUITE 1100

10                                             LAS VEGAS, NEVADA 89101

11

12  ERIC M. GEORGE                    LEWIS ROCA

13  RONALD M. GEORGE                  3993 HOWARD HUGHES PARKWAY

14  ALAN I. ROTHENBERG                STE 600

15  c/o 2121 AVENUE OF THE STARS      LAS VEGAS, NEVADA 89161

16  30TH FLOOR

17  LOS ANGELES, CA 90067

18

19  HINSHAW & CULBERTSON, LLP

20  350 SOUTH GRAND AVE., STE 3600

21  LOS ANGELES, CA 90071

22

23

24

25

26

27

28

ATTACHMENT                              8

Daniel D. Dydzak
4265 Travis City Dr.
#4D7W
Pinina Del Ren, A 90292

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 22 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY:                              DEPUTY

8910147073-0075

U.S. District Court
Clerks Office (Civil Filing)
Lloyd D. George Courthouse
333 Las Vegas Blvd.
Los Vegas, Nevada
89101

SER-078

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

FILED ✓
ENTERED ____
RECEIVED ____
SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 2 1 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Case No. 2:22-cv-01008-APG-VCF

DANIEL DAVID DYDZAK,

     Plaintiff,

    v.

TANI CANTIL-SAKAUYE, et al.,

    Defendants.

**PLAINTIFF'S REPLY TO DEFENDANT MILES' JOINDER IN DEFENDANT SCHWAB'S MOTION FOR APPOINTMENT OF SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES**

Before Hon. Andrew P. Gordon, U.S. District Judge

TO THIS HONORABLE FEDERAL COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

    Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), hereby respectfully replies to the above-referenced Joinder by Defendant MILES.

DYDZAK V. CANTIL-SAKAUYE              REPLY

1     Dated: September 17, 2022              Respectfully Submitted,

2

3

4

5

6                                          DANIEL DAVID DYDZAK

7                                          Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYDZAK V. CANTIL-SAKAUYE           2          REPLY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY TO APPOINT A SPECIAL MASTER

This case is not about DYDZAK's illegal state disbarment. The lawsuit does not attempt in any manner to set same aside. This is an unsupportable, "canard" argument that various Defendants advance in certain pleadings. There is also a showing of "minimum contacts" to warrant the case being filed in Nevada.

Among various causes of action, without limitation: It has to do with Defendants CANTIL-SAKAUYE and NAVARRETE conspiring to not file pleadings in the Supreme Court of California—i.e., obstruction of justice and violation of Plaintiff's civil rights—of which there is overwhelming and patent evidence. It has to do with various Defendants, such as Defendants MILES, SCHWAB, GEORGES and ROTHENBERG, committing major corruption which is actionable: i.e., intentionally conspiring to interfere with the processes of the court, upon information and belief, as to matters before the Supreme Court of California.  It has to do with an unlawful and fraudulent Order of Defendant DATO putting in a bogus vexatious litigant Order against DYDZAK in the California Courts, in conspiracy with Defendant CANTIL-SAKAUYE. It has to do with various causes of action, such as Plaintiff's phone being illegally blocked (and STILL being unlawfully blocked) against due process and equal protection of laws and Federal Communications Act due to illegal actions by certain Ninth Circuit individuals and/or agents or former Ninth Circuit employees. It has to do with DYDZAK's illegal federal court disbarments in the Central District of California and Ninth Circuit Court of Appeals. These matters have never been ruled upon the merits. Whereby, for example, a "fake" Judge, former so-called Appellate Commissioner, Defendant SHAW, conducted an evidentiary hearing against Plaintiff's civil rights, and thereafter an illegally constituted 9th Circuit Panel affirmed his tainted findings and recommendations. And then have not ruled

DYDZAK V. CANTIL-SAKAUYE                    3           REPLY

1   on pending motions for years. This is a violation of DYDZAK's civil rights and

2   obstruction of justice. The case has to do with Defendant KING, while a federal judge, not

3   allowing DYDZAK a required evidentiary hearing concerning his status as a federally

4   licensed attorney in the Central District of California, against due process and

5   DYDZAK's civil rights. See In re Rufallo, 390 U.S. 544 (1968) [due process required to

6   be followed in federal attorney disciplinary cases].  And then certain Ninth Circuit

7   Defendants subsequently backing up that corrupt and unlawful process with an improperly

8   and unlawfully constituted Panel. The case has to do with the egregious, unlawful and

9   fraudulent failure by various Defendants to deliberately not rule on valid, pending motions

10  by DYDZAK in the 9th Circuit Court of Appeals in different cases.  It has to do with

11  Defendant SCHWAB, using his agents/employees/attorneys, with improper financial

12  incentives, bribes and ex parte contacts and communications, upon information and belief,

13  to damage DYDZAK. It has to do with certain 9TH Circuit Defendants acting

14  unconstitutionally through irregularly constituted adjudicatory Panels, against

15  DYDZAK's civil and constitutional rights. This has apparently resulted in part in

16  Defendant SHAW's and SCHIFFER's recent ouster from employment with the 9th Circuit

17  since they ratified and condoned same. It has to do with Defendant CHESNEY illegally

18  and unethically acting as a "senior status" judge without due authorization, in the absence

19  of jurisdiction, to put in place an absurdly illegal, overbroad Order that DYDZAK cannot

20  sue any judge on any matter alleging corrupt acts in the whole United States. Defendant

21  CHESNEY has not disclosed her "fraud upon the court" and preexisting relationship and

22  ex parte contacts and communications and conflicts of interest, upon information and

23  belief, with Defendant CANTIL-SAKAUYE.

24          This case is not a simplistic matter, whereby DYDZAK has no rights and whereby

25  the case should simply be tossed because certain of DYDZAK's Defendant-adversaries

26  are well-connected, influential, wealthy, part of the establishment, and have powerful

27  positions. Indeed, DYDZAK is entitled to have remedies available to him as any other

28  litigant to be fairly treated in the federal courts. Marbury v. Madison, 5 U.S. 137 (1803).

           There are exceptional circumstances here warranting the appointment of a special

DYDZAK V. CANTIL-SAKAUYE          4          REPLY

1   master pursuant to F.R.C.P. Section 53. And none of the causes of action in this case have

2   ever been litigated on the merits. There is no collateral estoppel or res judicata effect.

3          As well, certain Defendant judges do no enjoy absolute immunity when they act

4   with "fraud upon the court", against judicial canons and ethics and "in the absence of

5   jurisdiction" because of their biases and conflicts of interest or the appearance of same.

6   Judicial acts done in the absence of jurisdiction are void ab initio. Mireles v. Waco, 502

7   U.S. 9 (1991). Due process is required to be followed by judges in order to avoid ethical

8   violations. Caperton v. A.T. Massey Coal Co.. 556 U.S. 868 (2009).

9          As to Defendant MILES, a Special Master should be appointed to delve into issues

10   and evidence pertaining to him, without limitation: i.e., the relationship between him and

11   Defendant SCHWAB, as his former counsel; financial incentives and financial conflicts

12   between Defendant SCHWAB and various Defendants such as Defendant MILES,

13   SCHIFFER, SHAW and WARDLAW; improper and illegal communications between

14   SCHWAB and certain Defendants to harm DYDZAK such as Defendant MILES;

15   Defendant SCHWAB's relationship with certain of Defendants, such as Defendant

16   MILES, and his financial interactions with them, individually and through his business

17   entities; any financial investments and financial payments Defendant MILES had with

18   Defendant SCHWAB and SCHWAB's attorneys in San Francisco adverse to DYDZAK's

19   interests and affecting Defendant MILES' impartiality towards DYDZAK or lack thereof;

20   Defendant MILES' pre-existing relationships with certain individuals that demonstrated

    bias, or the appearance of same, towards DYDZAK and harmed Plaintiff.

21          This case raises new issues and evidence as to Defendant MILES. It asserts a new

22   cause of action against Defendant MILES. It is not in bad faith nor frivolous. The

23   relationship between Defendant SCHWAB and Defendant MILES creates minimum

24   contacts, because Defendant RAWLINSON, a Nevada resident, was called upon to delve

25   into that related subject matter. There was tortious conduct in Nevada. Prior litigation

26   against Defendant MILES was never heard on the merits, is irrelevant, and was

27   improperly dismissed. The allegations of the Complaint are taken as true for pleading

28   purposes.

1

2                                  II   **CONCLUSION**

3

4        For the reasons set forth herein, the Motion for Special Master should be granted.

5

6

7    Dated: September 17, 2022                Respectfully Submitted,

8

9

10                                                  DANIEL DAVID DYDZAK

11

12                                                       Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CERTIFICATE/PROOF OF SERVICE

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is  4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On September 19, 2022, I served a true and correct copy of the following document or pleading on the interested parties or their counsel of record:

PLAINTIFF'S REPLY TO DEFENDANT MILES' JOINDER IN DEFENDANT SCHWAB'S MOTION FOR APPOINTMENT OF SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES

[X]   [BY U.S. MAIL] On this same day,  I mailed the interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

OLSON CANNON GORMLEY & STOBERSKI          MARQUIS AURBACH

9950 WEST CHEYENE AVENUE                          10001 PARK RUN DRIVE

LAS VEGAS, NEVADA 89129                            LAS VEGAS, NEVADA 89145


QUINTAIROS, PRIETO, WOOD & BOYER, P.A.     PATRICK A. ROSE, ESQ.

200 S. VIRGINIA ST., 8TH FL.                        U.S. ATTORNEY OFFICE

RENO, NEVADA 89501                                 501 LAS VEGAS BLVD. SO.

                                                   SUITE 1100

                                                   LAS VEGAS, NEVADA 89101

PROOF OF SERVICE                    7

1    ERIC M. GEORGE                    LEWIS ROCA

2    RONALD M. GEORGE                  3993 HOWARD HUGHES PARKWAY

3    ALAN I. ROTHENBERG                STE 600

4    c/o 2121 AVENUE OF THE STARS      LAS VEGAS, NEVADA 89161

5    30TH FLOOR

6    LOS ANGELES, CA 90067

7

8    HINSHAW & CULBERTSON, LLP

9    350 SOUTH GRAND AVE., STE 3600

10   LOS ANGELES, CA 90071

11

12           I declare under penalty of perjury under the laws of the United States of America that the

13   foregoing is true and correct, and that this Declaration was executed on September 19, 2022,

14   at  Los Angeles, California.

15

16

17                                              JIm Lane

18                                              JIM LANE

                                                Declarant

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE                          8



Daniel D. Rydzale
4825 Pheona City Dr.
#4071
Pheona Dr. Pay, CA 90292

Clerks Office (Civil Filing)
United States District Court
Lloyd D. George Courthouse
333 Las Vegas Blvd.
Las Vegas, Nevada

SBR-079

1

Daniel David Dydzak
2
Plaintiff
4265 Marina City Drive, Suite 407W
3
Marina del Rey, CA 90292
Telephone: (310) 867-1289
4
Email: ddydzak@yahoo.com
5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                                **DISTRICT OF NEVADA**

10                                                    Case No. 2:22-cv-01008-APG-VCF

11

12                                                    **PLAINTIFF'S REPLY TO SO-CALLED**
**NINTH CIRCUIT DEFENDANTS'**
     DANIEL DAVID DYDZAK,               **OPPOSITION TO MOTION FOR**
13                                                    **APPOINTMENT OF SPECIAL MASTER;**
                    Plaintiff,                        **MEMORANDUM OF POINTS AND**
14                                                    **AUTHORITIES**
               v.
15

16   TANI CANTIL-SAKAUYE, et al.,

17                    Defendants.                     Before Hon. Andrew P. Gordon,
                                                      U.S. District Judge
18

19

20

21

22           TO THIS HONORABLE FEDERAL COURT, ALL PARTIES AND THEIR

23   COUNSEL OF RECORD:

24           Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), hereby respectfully replies to

     the Opposition to Appointment of Special Master by Defendants CANBY, CHESNEY,
25
     DWYER, FERNANDEZ, FLETCHER, GOULD, KING, RAWLINSON, SCHIFFER,
26
     SHAW, SILVERMAN, THOMAS, TALLMAN and WARDLAW (so-called "Ninth
27
     Circuit Defendants" even though certain of the Defendants were never Judges on the 9th
28

     DYDZAK V. CANTIL-SAKAUYE                              REPLY

1   Circuit).

2          It is to be noted that Defendant A. WALLACE TASHIMA is in default, has been

3   duly served with process, and his default and default judgment will be moved for.

4   Apparently, Defendant is willfully refusing to participate even though an officer of the

5   Court and a senior federal judge. Plaintiff has put Assistant U.S. Attorney ROSE on notice

6   that Defendant TASHIMA is in default.

7

8          Dated: September 17, 2022                    Respectfully Submitted,

9

10

11

12                                                      DANIEL DAVID DYDZAK

13                                                      Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY TO APPOINT A SPECIAL MASTER

This case is not about DYDZAK's illegal state disbarment. The lawsuit does not attempt in any manner to set same aside. This is an unsupportable, "canard" argument that various Defendants advance in certain pleadings. There is also a showing of "minimum contacts" to warrant the case being filed in Nevada.

Among various causes of action, without limitation: It has to do with Defendants CANTIL-SAKAUYE and NAVARRETE conspiring to not file pleadings in the Supreme Court of California—i.e., obstruction of justice and violation of Plaintiff's civil rights—of which there is overwhelming and patent evidence. It has to do with various Defendants, such as Defendants MILES, SCHWAB, GEORGES and ROTHENBERG, committing major corruption which is actionable: i.e., intentionally conspiring to interfere with the processes of the court, upon information and belief, as to matters before the Supreme Court of California.  It has to do with an unlawful and fraudulent Order of Defendant DATO putting in a bogus vexatious litigant Order against DYDZAK in the California Courts, in conspiracy with Defendant CANTIL-SAKAUYE. It has to do with various causes of action, such as Plaintiff's phone being illegally blocked (and STILL being unlawfully blocked) against due process and equal protection of laws and Federal Communications Act due to illegal actions by certain Ninth Circuit individuals and/or agents or former Ninth Circuit employees. It has to do with DYDZAK's illegal federal court disbarments in the Central District of California and Ninth Circuit Court of Appeals. These matters have never been ruled upon the merits. Whereby, for example, a "fake" Judge, former so-called Appellate Commissioner, Defendant SHAW, conducted an evidentiary hearing against Plaintiff's civil rights, and thereafter an illegally constituted 9th Circuit Panel affirmed his tainted findings and recommendations. And then have not ruled

DYDZAK V. CANTIL-SAKAUYE                3        REPLY

on pending motions for years. This is a violation of DYDZAK's civil rights and obstruction of justice. The case has to do with Defendant KING, while a federal judge, not allowing DYDZAK a required evidentiary hearing concerning his status as a federally licensed attorney in the Central District of California, against due process and DYDZAK's civil rights. See In re Ruffalo, 390 U.S. 544 (1968) [due process required to be followed in federal attorney disciplinary cases]. And then certain Ninth Circuit Defendants subsequently backing up that corrupt and unlawful process with an improperly and unlawfully constituted Panel. The case has to do with the egregious, unlawful and fraudulent failure by various Defendants to deliberately not rule on valid, pending motions by DYDZAK in the 9th Circuit Court of Appeals in different cases. It has to do with Defendant SCHWAB, using his agents/employees/attorneys, with improper financial incentives, bribes and ex parte contacts and communications, upon information and belief, to damage DYDZAK. It has to do with certain 9TH Circuit Defendants acting unconstitutionally through irregularly constituted adjudicatory Panels, against DYDZAK's civil and constitutional rights. This has apparently resulted in part in Defendant SHAW's and SCHIFFER's recent ouster from employment with the 9th Circuit since they ratified and condoned same. It has to do with Defendant CHESNEY illegally and unethically acting as a "senior status" judge without due authorization, in the absence of jurisdiction, to put in place an absurdly illegal, overbroad Order that DYDZAK cannot sue any judge on any matter alleging corrupt acts in the whole United States. Defendant CHESNEY has not disclosed her "fraud upon the court" and preexisting relationship and ex parte contacts and communications and conflicts of interest, upon information and belief, with Defendant CANTIL-SAKAUYE.

This case is not a simplistic matter, whereby DYDZAK has no rights and whereby the case should simply be tossed because certain of DYDZAK's Defendant-adversaries are well-connected, influential, wealthy, part of the establishment, and have powerful positions. Indeed, DYDZAK is entitled to have remedies available to him as any other litigant to be fairly treated in the federal courts. Marbury v. Madison, 5 U.S. 137 (1803).

There are exceptional circumstances here warranting the appointment of a special

master pursuant to F.R.C.P. Section 53. And none of the causes of action in this case have ever been litigated on the merits. There is no collateral estoppel or res judicata effect.

As well, certain Defendant judges do no enjoy absolute immunity when they act with "fraud upon the court", against judicial canons and ethics and "in the absence of jurisdiction" because of their biases and conflicts of interest or the appearance of same. Judicial acts done in the absence of jurisdiction are void <u>ab initio</u>. <u>Mireles v. Waco</u>, 502 U.S. 9 (1991). Due process is required to be followed by judges in order to avoid ethical violations. <u>Caperton v. A.T. Massey Coal Co.</u>. 556 U.S. 868 (2009).

As to the opposing Defendants herein, a Special Master should be appointed to delve into issues and evidence pertaining to them, without limitation: i.e., the relationship between them and Defendant SCHWAB; financial incentives and financial conflicts between Defendant SCHWAB and various Defendants such as Defendants MILES, SCHIFFER, SHAW and WARDLAW; improper and illegal communications between SCHWAB and certain Defendants to harm DYDZAK such as Defendant MILES; Defendant SCHWAB's relationship with certain of Defendants, such as Defendant MILES, and his financial interactions with them, individually and through his business entities; any financial investments and financial payments Defendant MILES had with Defendant SCHWAB and SCHWAB's attorneys in San Francisco adverse to DYDZAK's interests and affecting Defendant MILES' impartiality towards DYDZAK or lack thereof; Defendant MILES'pre-existing relationships with certain individuals that demonstrated bias, or the appearance of same, towards DYDZAK and harmed Plaintiff; an unilateral act by one Circuit Judge (without a proper three-Judge Circuit Panel) to unilaterally block DYDZAK's phone without advance notice and an OSC, against DYDZAK's civil rights; the ongoing lack of rulings on motions before the Ninth Circuit involving DYDZAK; the lack of proper hearings involving DYDZAK's disciplinary cases as a federally licensed attorney in the Central District of California and 9th Circuit; the lack of properly designating and appointing "senior status" judges in the Northern District of California and the 9th Circuit; financial holdings of Defendants SCHIFFER and SHAW involving Defendant SCHWAB; the failure by Defendants THOMAS and DWYER to stop the

DYDZAK V. CANTIL-SAKAUYE          5          REPLY

1    blocking of DYDZAK's phone and the ongoing illegal blockage thereof.

2        This case raises new issues and evidence as to the above-referenced Defendants.

3 It asserts new causes of action against these Defendants. It is not in bad faith nor

4 frivolous. There is minimum contacts, because Defendant RAWLINSON, a Nevada

5 resident, is involved in the alleged torts and misconduct. There is tortious conduct in

6 Nevada. The allegations of the Complaint are taken as true for pleading purposes.

7

8                  II   **CONCLUSION**

9

10    For the reasons set forth herein, the Motion for Special Master should be granted.

11

12

13 Dated: September 17, 2022          Respectfully Submitted,

14

15

16

17                     DANIEL DAVID DYDZAK

18                      Plaintiff

19

20

21

22

23

24

25

26

27

28

DYDZAK V. CANTIL-SAKAUYE        6        REPLY

## PROOF OF SERVICE

1
2
3    I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to
4    the within above-entitled action, that I am employed in the County of Los Angeles, State of
5    California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey,
6    CA 90292.
7    On  September 19, 2022, I served a true and correct copy of the following document or
8    pleading:
9
10   PLAINTIFF'S REPLY TO SO-CALLED NINTH CIRCUIT DEFENDANTS' OPPOSITION TO
11   MOTION FOR APPOINTMENT OF SPECIAL MASTER; MEMORANDUM OF POINTS
12   AND AUTHORITIES
13
14   [ x ]  [BY U.S. MAIL] On this same day,  I mailed the following interested parties or their
15   counsel of record the above-described document or pleading by regular United States mail to their
16   respective service or mailing addresses.
17   See Attached Service List
18
19   I declare under penalty of perjury under the laws of the State of Nevada that the foregoing
20   is true and correct. Executed on September 19, 2022, at Marina del Rey, California.
21
22
23                                        _Jim Lane_____
24                                        JIM LANE
25                                        Declarant
26
27
28

DYDZAK V. CANTIL-SAKAUYE          7          REPLY

1                     ATTACHMENT (SERVICE LIST)

2

3   OLSON CANNON GORMLEY & STOBERSKI      MARQUIS AURBACH

4   9950 WEST CHEYENE AVENUE            10001 PARK RUN DRIVE

5   LAS VEGAS, NEVADA 89129              LAS VEGAS, NEVADA 89145

6

7   QUINTAIROS, PRIETO, WOOD & BOYER, P.A.    PATRICK A. ROSE, ESQ.

8   200 S. VIRGINIA ST., 8TH FL.              U.S. ATTORNEY OFFICE

9   RENO, NEVADA 89501                   501 LAS VEGAS BLVD. SO.

10                                   SUITE 1100

11                                   LAS VEGAS, NEVADA 89101

12   ERIC M. GEORGE         LEWIS ROCA

13   RONALD M. GEORGE       3993 HOWARD HUGHES PARKWAY

14   ALAN I. ROTHENBERG      STE 600

15   c/o 2121 AVENUE OF THE STARS   LAS VEGAS, NEVADA 89161

16   30TH FLOOR

17   LOS ANGELES, CA 90067

18

19   HINSHAW & CULBERTSON, LLP

20   350 SOUTH GRAND AVE., STE 3600

21   LOS ANGELES, CA 90071

22

23

24

25

26

27

28

ATTACHMENT                 8

SER-087

Daniel D. DiBiase
4265 Pauma City Dr.
#4074
Pauma Del [?], CA 90092

BY: __

FILED ___ RECEIVED
___ COUNSEL/PARTIES OF RECORD

SEP 21 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

89101-706599

LOS ANGELES
19 SEP 2022

FOREVER USA
0377209191422l5

FOREVER USA
0377209191422l5

Clerks Office (Civil Filing)
United States District Court
Lloyd D. George Courthouse
333 Las Vegas Blvd,
Las Vegas, Nevada

SEB-088

1
2
3
4
5
6
7

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

FILED _____ _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 19 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

8

# UNITED STATES DISTRICT COURT

9

## DISTRICT OF NEVADA

10

Case No. 2:22-cv-01008-APG-VCF

11

12

DANIEL DAVID DYDZAK,

**PLAINTIFF'S REPLY TO DEFENDANT CHARLES SCHWAB'S RESPONSE TO MOTION FOR APPOINTMENT OF SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES**

13

Plaintiff,

14

v.

15

16

TANI CANTIL-SAKAUYE, et al.,

Before Hon. Andrew P. Gordon,
U.S. District Judge

17

Defendants.

18
19
20
21

    TO THIS HONORABLE FEDERAL COURT, ALL PARTIES AND THEIR

22

COUNSEL OF RECORD:

23

    Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), hereby respectfully replies to

24

the above-referenced Response by Defendant SCHWAB.

25
26
27
28

SER-089

1

Dated: September 17, 2022                    Respectfully Submitted,

2

3

4

5

DANIEL DAVID DYDZAK

6

Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYDZAK V. CANTIL-SAKAUYE          2          REPLY

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3                                        I

4   ## THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY
5   ## TO APPOINT A SPECIAL MASTER

6

7        Defendant SCHWAB created, upon reasonable information and belief, a perilous

8   legal situation to him, where the evidence will show he and/or his financial entities

9   promoted and engaged in improper ex parte communications and gave systematic

10  improper financial incentives to certain parties identified and sued in this case to harm

11  DYDZAK. DYDZAK has evidence of same and also needs to conduct additional

12  discovery. There are exceptional circumstances here warranting the appointment of a

13  special master pursuant to F.R.C.P. Section 53.

        As to Defendant SCHWAB, a Special Master should be appointed to delve into

14  issues and evidence pertaining to him, without limitation: i.e., the relationship between

15  him and his prior counsel, Defendant MILES; financial incentives and financial conflicts

16  between Defendant SCHWAB and various Defendants such as Defendant MILES,

17  SCHIFFER, SHAW and WARDLAW; improper and illegal communications between

18  SCHWAB and certain Defendants to harm DYDZAK; Defendant SCHWAB's

19  relationship with certain of Defendants and his financial interactions with them,

20  individually and through his business entities.

21        This case raises new issues and evidence as to Defendant SCHWAB. It asserts a

22  new cause of action against Defendant SCHWAB. It is not in bad faith nor frivolous. Prior

23  litigation against Defendant SCHWAB was never heard on the merits and was improperly

24  dismissed.

25        The Supreme Court of Nevada indicated recently that DYDZAK's appeal as to

26  Defendants CANTIL-SAKAUYE and NAVARRETE was dismissed without prejudice,

27  purely on jurisdictional grounds, as there was no final judgment yet to appeal as to all

28  issues and parties.DYDZAK reserves the right to appeal same in the future, if warranted.

DYDZAK V. CANTIL-SAKAUYE              **3**          REPLY

1

## II  **CONCLUSION**

2

3    For the reasons set forth herein, the Motion for Special Master should be granted.

4

5

6    Dated: September 12, 2022                    Respectfully Submitted,

7

8

9

              DANIEL DAVID DYDZAK

10

                   Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYDZAK V. CANTIL-SAKAUYE                4         REPLY

**PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On  September 17, 2022, I served a true and correct copy of the following document or pleading:

PLAINTIFF'S REPLY TO DEFENDANT CHARLES SCWHAB'S RESPONSE TO MOTION FOR APPOINTMENT OF SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES

[ x ]   [BY U.S. MAIL] On this same day,  I mailed the following interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

See Attached Service List

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct. Executed on September 17, 2022, at Marina del Rey, California.

<div style="text-align:right;">

_Jim Lane_
_____

JIM LANE

Declarant

</div>

DYDZAK V. CANTIL-SAKAUYE                    5               REPLY

1

ATTACHMENT (SERVICE LIST)

2

3  OLSON CANNON GORMLEY & STOBERSKI          MARQUIS AURBACH

4  9950 WEST CHEYENE AVENUE                  10001 PARK RUN DRIVE

5  LAS VEGAS, NEVADA 89129                   LAS VEGAS, NEVADA 89145

6

7  QUINTAIROS, PRIETO, WOOD & BOYER, P.A.    PATRICK A. ROSE, ESQ.

8  200 S. VIRGINIA ST., 8TH FL.             U.S. ATTORNEY OFFICE

9  RENO, NEVADA 89501                        501 LAS VEGAS BLVD. SO.

10                                           SUITE 1100

11                                           LAS VEGAS, NEVADA 89101

12

13  ERIC M. GEORGE              LEWIS ROCA

14  RONALD M. GEORGE            3993 HOWARD HUGHES PARKWAY

    ALAN I. ROTHENBERG         STE 600

15  c/o 2121 AVENUE OF THE STARS   LAS VEGAS, NEVADA 89161

16  30TH FLOOR

17  LOS ANGELES, CA 90067

18

19  HINSHAW & CULBERTSON, LLP

20  350 SOUTH GRAND AVE., STE 3600

21  LOS ANGELES, CA 90071

22

23

24

25

26

27

28

ATTACHMENT                          6

FOREVER USA

03772091714203B

FOREVER USA

03772091714203O

LOS A[...]

17 SEP 20[...]

Clerks Office (Civil filing)
United States District Court
Lloyd D. George Courthouse
333 Las Vegas Blvd
Las Vegas, Nevada
89101

89101-707049

Daniel D. Maynak
#4645 Marine City Dr.
Marina Del Rey, CA 90292

RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 19 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:

FILED
ENTERED

1

Daniel David Dydzak
2  Plaintiff
4265 Marina City Drive, Suite 407W
3  Marina del Rey, CA 90292
Telephone: (310) 867-1289
4  Email: ddydzak@yahoo.com

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10                                              **Case No. 2:22-cv-01008-APG-VCF**

11

12                                              **PLAINTIFF'S REPLY TO DEFENDANT**
       **DANIEL DAVID DYDZAK,**              **CHARLES SCHWAB'S RESPONSE TO**
13                                              **MOTION FOR STAY OF PROCEEDINGS,**
                      Plaintiff,              **TO AND INCLUDING DECEMBER 14,**
14                                              **2022, AND DEFENDANT MILES' JOINDER**
                 v.                           **IN SAID RESPONSE; MEMORANDUM OF**
15                                              **POINTS AND AUTHORITIES**

16     **TANI CANTIL-SAKAUYE, et al.,**

17                      Defendants.              Before Hon. Andrew P. Gordon,
                                              U.S. District Judge
18

19

20

21

22          TO THIS HONORABLE FEDERAL COURT, ALL PARTIES AND THEIR

23   COUNSEL OF RECORD:

24          Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK") hereby respectfully replies to

25   the above-referenced Response by Defendant SCHWAB and Defendant MILES' joinder

26   to same.

27

28

     DYDZAK V. CANTIL-SAKAUYE                          REPLY TO SCHWAB RESPONSE RE
                                                       STAY

1

2   Dated: September 17, 2022                      Respectfully Submitted,

3

4

5

6

7                                                  DANIEL DAVID DYDZAK

8                                                  Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYDZAK V. CANTIL-SAKAUYE              2         REPLY TO SCHWAB RESPONSE RE
                                                STAY

## MEMORANDUM OF POINTS AND AUTHORITIES

I

## THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY TO STAY THIS CASE IN THE INTERESTS OF JUSTICE AND EQUITY

This Court has inherent and statutory authority to regulate its own affairs as a federal court. Wayman v. Southhard, 29 U.S. 1 (1825). A federal court has broad discretion to stay an action. Landis v. North American Co., 229 U.S. 248, 255 (1936).

As incident to the judicial power, United States Courts possess inherent power and authority to supervise the conduct of their officers, parties, witnesses, counsel, and jurors by self-preserving rules for the protection of the rights of litigants and the ordinary administration of justice. McDonald v. Pless, 238 U.S. 264, 266 (1915); Griffin v. Thompson, 43 U.S. (2 How.) 244, 257 (1844).

Defendant SCHWAB cannot complain of delay with credibility. He intentionally did not respond to the lawsuit for months. He only responsively pled when faced with default and a default motion. Then his motion to dismiss was never duly served on DYDZAK. Had DYDZAK not checked the PACER docket, he would not have known about Defendant SCHWAB's late entry into the case at that point.

DYDZAK is moving for a reasonable stay of the case. There are complex facts and issues/questions of law and fact in this case. The Court has to take its time to weigh and consider the appointment of a special master. The Court needs uniformity of decision among all parties, clearly not a piecemeal approach as to only one Defendant. The 9th Circuit Defendants' arguments advanced need to addressed by DYDZAK with thought and with detail. DYDZAK needs additional time to research same and meet and confer with experienced counsel re: same in formulating his opposition. Defendant SCHWAB created, upon reasonable information and belief, a perilous legal situation to him, where the evidence will show he and/or his financial entities promoted and engaged in improper ex parte communications and gave systematic improper financial incentives to certain

DYDZAK V. CANTIL-SAKAUYE           3           REPLY TO SCHWAB RESPONSE RE
                                                STAY

parties identified and sued in this case to harm DYDZAK. DYDZAK has evidence of same and also needs to conduct additional discovery. Defendant SCHWAB never convincingly demonstrates why DYDZAK does not assert a valid cause of action as to him at the pleading stage. Unpersuasively, Defendant SCHWAB now wants the process rushed, even though he deliberately took his time in initially responding to the case, creating a default situation.

As a long-time licensed stockbroker, required by the applicable securities law, not to engage in criminal conduct, it is unfortunate that Defendant SCHWAB had no reluctance to injure and damage DYDZAK that way.

Aside from DYDZAK's needing to spend considerable time to attend to personal concerns, such as his disabled mother, the case is now being delayed by the ongoing failure of Defendant A. WALLACE TASHIMA to responsively plead (even though duly served with process). DYDZAK has not recently heard back from Assistant U.S. Attorney Rose as to this failure. He has notified Mr. Rose he will have to default and file a default motion against Defendant TASHIMA shortly if no Answer or responsive pleading is filed by said Defendant. DYDZAK will submit shortly the proof of service information and documentation as to Defendant TASHIMA. In this case, Defendant TASHIMA was part of an illegally constituted 9th Circuit Panel, and his actions violated DYDZAK's civil and constitutional rights. At all times relevant hereto, Defendant TASHIMA also had towards DYDZAK, upon reasonable information and belief, preexisting relationships with certain of the other Defendants, and biases and conflicts of interest, making his actions towards DYDZAK unlawful and extrinsic fraud. This will be brought out at the discovery stage.

Discovery in this case will likely be extensive so a stay is warranted. Also pending developments in the make up of the Supreme Court of California may allow for resolution of certain causes of action in the future, making the case less complex.

Again, the Court wants uniformity of decision as to all parties. There should not be a "rush to judgment," to use that old but apt aphorism. Defendant SCHWAB has shown no discernible prejudice to him by the case being thoughtfully adjudicated by the Court and a slight stay. He will not be harmed by the modest, called for stay.

1       Nor in that regard will Defendant MILES who has joined in SCHWAB's

2  opposition. In the past, Defendant MILES had, upon information and belief,

3  impermissible biases, bribes and conflicts of interest, and improper ex parte

4  communications with Defendant SCHWAB and/or his agents and attorneys, to harm

5  DYDZAK. DYDZAK will elaborate upon Defendant MILES' misconduct in other

6  pleadings when warranted. Defendant MILES got compromised by SCHWAB and certain

7  of his former San Francisco based attorneys in the past. So it is not surprising that he

8  would oppose the moved for stay and be joined at the legal hip with Defendant

9  SCHWAB.

10

11

12                  II  **CONCLUSION**

13

14     For the reasons set forth herein, the moved for stay should be granted. There is no

15  discernible prejudice to any of the parties by a short delay. This is especially so in order

16  that this Court effectuate proper justice in this case, given the importance of the subject

17  matter of this litigation.

18

19

20  Dated: September 12, 2022           Respectfully Submitted,

21

22

23

24                         DANIEL DAVID DYDZAK

25                         Plaintiff

26

27

28

DYDZAK V. CANTIL-SAKAUYE       5       REPLY TO SCHWAB RESPONSE RE STAY

**PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On  September 17, 2022, I served a true and correct copy of the following document or pleading:

PLAINTIFF'S REPLY TO DEFENDANT CHARLES SCWHAB'S RESPONSE TO MOTION FOR STAY OF PROCEEDINGS, TO AND INCLUDING DECEMBER 14, 2022, AND DEFENDANT MILES' JOINDER IN SAID RESPONSE; MEMORANDUM OF POINTS AND AUTHORITIES

[ x ]   [BY U.S. MAIL] On this same day,  I mailed the following interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

See Attached Service List

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct. Executed on September 17, 2022, at Marina del Rey, California.

_Jim Lane_
_____
JIM LANE
Declarant

DYDZAK V. CANTIL-SAKAUYE                 6                 REPLY TO SCHWAB RESPONSE RE STAY

1    ATTACHMENT (SERVICE LIST)

2

3    OLSON CANNON GORMLEY & STOBERSKI          MARQUIS AURBACH

4    9950 WEST CHEYENE AVENUE                  10001 PARK RUN DRIVE

5    LAS VEGAS, NEVADA 89129                   LAS VEGAS, NEVADA 89145

6

7    QUINTAIROS, PRIETO, WOOD & BOYER, P.A.    PATRICK A. ROSE, ESQ.

8    200 S. VIRGINIA ST., 8TH FL.             U.S. ATTORNEY OFFICE

     RENO, NEVADA 89501                        501 LAS VEGAS BLVD. SO.
9
                                               SUITE 1100
10
                                               LAS VEGAS, NEVADA 89101
11

12
     ERIC M. GEORGE               LEWIS ROCA
13
     RONALD M. GEORGE             3993 HOWARD HUGHES PARKWAY
14
     ALAN I. ROTHENBERG           STE 600
15
     c/o 2121 AVENUE OF THE STARS  LAS VEGAS, NEVADA 89161
16
     30TH FLOOR
17
     LOS ANGELES, CA 90067
18

19
     HINSHAW & CULBERTSON, LLP
20
     350 SOUTH GRAND AVE., STE 3600
21
     LOS ANGELES, CA 90071
22

23

24

25

26

27

28

     ATTACHMENT                        7



SER-103

1
2
3
4
5

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
Michael Ayers, Esq. (NV Bar No. 10851)
michael.ayers@qpwblaw.com
Clark Vellis, Esq. (NV Bar No. 5533)
clark.vellis@qpwblaw.com
200 S. Virginia Street, 8th Floor
Reno, Nevada 89501
Telephone: 775-322-4697
Facsimile: 775-322-4698

6
7
8
9

Michael A.S. Newman (admitted *pro hac vice*)
mnewman@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:    213-680-2800
Facsimile:    213-614-7399

10

*Attorneys for Defendant MIDFIRST BANK*

11
12

## UNITED STATES DISTRICT COURT

13
14

## DISTRICT OF NEVADA

15

DANIEL DAVID DYDZAK,

Plaintiff,

16

v.

17
18

TANI CANTIL SAKAIJYE; JORGE
NAVARRETE; THOMAS LAYTON, aka TOM
LAYTON; CHARLES SCHWAB; DONALD F.
MILES; JOHNNIE B. RAWLINGSON; BARRY
G. SILVERMAN; WILLIAM A. FLETCHER;
PETER LIND SHAW; RONALD M. GEORGE;
ERIC M. GEORGE; ALAN I. ROTHENBERG;
MIDFIRST BANK; EDWARD EPHRAIM
SCHIFFER; SIDNEY R. THOMAS, WILLIAM
DATO; MAXINE M. CHESNEY; MOLLY C.
DWYER; GEORGE H. KING; A. WALLACE
TASHIMA; FERDINAND FRANCIS
FERNANDEZ; KIM MCCLANE WARDLAW;
WILLIAM C. CANBY; RONALD M. GOULD;
RICHARD C. TALLMAN; and DOES 1 through
50, inclusive,

Defendants.

19
20
21
22
23
24
25
26
27

Case No.:   2:22-cv-01008-APG-VCG

**DEFENDANT MIDFIRST BANK'S
OPPOSITION TO PLAINTIFF'S
MOTION TO STAY**

28

1052658\311572069.v1

**SER-104**

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Plaintiff Daniel Dydzak's ("Plaintiff") motion to stay (ECF No. 52) is not justified, and will merely lead to unnecessary and unwarranted delay.

The district court has "the power to stay proceedings . . . to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Plaintiff satisfies none of these standards, and indeed Plaintiff does not even try to satisfy them. Certainly, Plaintiff makes no case for why it would be an undue hardship or inequity for him to be required to go forward. Nor does he explain how the orderly course of justice would benefit by a stay. Meanwhile, the damage from granting the stay is clear, as to MidFirst Bank. For one thing, none of Plaintiff's purported bases for a stay have anything to do with MidFirst Bank. Plaintiff claims that he needs more time to oppose the Ninth Circuit Defendants' motion to dismiss (it is unclear why), because of "pending developments in the Nevada Supreme Court" (it is unclear what these are), "pending developments in the makeup of the Supreme Court of California" (again, it is unclear what Plaintiff means here), so that he can have a special master appointed, and to care for his mother. Plaintiff does not adequately explain why any of these issues should allow him to delay this entire action for three months, and not at all why MidFirst Bank should be subject to a stay.

MidFirst Bank's motion to dismiss is fully briefed, MidFirst Bank strongly believes it should be dismissed from this action and that the Court will dismiss it once the Court has reviewed it. MidFirst Bank will be unduly prejudiced if a ruling on that motion is delayed, and

1  if it is forced to expend fees associated with remaining in this meritless lawsuit.  For this reason,

2  Plaintiff's motion should be denied.

3          Dated this 16th day September 2022.

4                                          **QUINTAIROS, PRIETO, WOOD &**
                                           **BOYER, P.A.**
5

6                                          By:    */s/  Michael Ayers*
7                                                 Michael Ayers, Esq.
                                                  (NV Bar No. 10851)
8                                                 michael.ayers@qpwblaw.com
                                                  Clark Vellis, Esq.
9                                                 (NV Bar No. 5533)
                                                  clark.vellis@qpwblaw.com
10                                                200 S. Virginia Street, 8th Floor
                                                  Reno, Nevada 89501
11                                                Telephone: 775-322-4697
                                                  Facsimile: 775-322-4698
12                                                *Attorneys for Defendant MIDFIRST*
                                                  *BANK*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System and through that service, a copy was sent with e-notice to all parties, and mailed via U.S. Mail, postage prepaid, to the party with no e-notice listed below.

Daniel David Dydzak
4265 Marina City Drive Suite 407W
Marina del Rey, CA 90292

Dated:  September  16, 2022

*/s/ Christine L. Miller*
An Employee of QUINTAIROS, PRIETO,
WOOD & BOYER, P.A.

1

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
Michael Ayers, Esq. (NV Bar No. 10851)

2
michael.ayers@qpwblaw.com
Clark Vellis, Esq. (NV Bar No. 5533)

3
clark.vellis@qpwblaw.com
200 S. Virginia Street, 8th Floor

4
Reno, Nevada 89501
Telephone: 775-322-4697

5
Facsimile: 775-322-4698

6
Michael A.S. Newman (admitted *pro hac vice*)

7
mnewman@hinshawlaw.com
HINSHAW & CULBERTSON LLP

8
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476

9
Telephone:    213-680-2800
Facsimile:    213-614-7399

10
*Attorneys for Defendant MIDFIRST BANK*

11

12

13
### UNITED STATES DISTRICT COURT

14
### DISTRICT OF NEVADA

15
DANIEL DAVID DYDZAK,

16
                    Plaintiff,

17
          v.

18
TANI CANTIL SAKAIJYE; JORGE
NAVARRETE; THOMAS LAYTON, aka TOM

19
LAYTON; CHARLES SCHWAB; DONALD F.
MILES; JOHNNIE B. RAWLINGSON; BARRY

20
G. SILVERMAN; WILLIAM A. FLETCHER;
PETER LIND SHAW; RONALD M. GEORGE;

21
ERIC M. GEORGE; ALAN I. ROTHENBERG;
MIDFIRST BANK; EDWARD EPHRAIM

22
SCHIFFER; SIDNEY R. THOMAS; WILLIAM
DATO; MAXINE M. CHESNEY; MOLLY C.

23
DWYER; GEORGE H. KING; A. WALLACE
TASHIMA; FERDINAND FRANCIS

24
FERNANDEZ; KIM MCCLANE WARDLAW;
WILLIAM C. CANBY; RONALD M. GOULD;

25
RICHARD C. TALLMAN; and DOES 1 through
50, inclusive,

26

27
                    Defendants.

Case No.:  2:22-cv-01008-APG-VCG

**DEFENDANT MIDFIRST BANK'S
OPPOSITION TO PLAINTIFF'S
MOTION TO APPOINT A SPECIAL
MASTER**

28

OPPOSITION TO MOTION TO APPOINT SPECIAL MASTER - P a g e  | 1

1052658\311576171.v1

**SER-108**

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Daniel Dydzak's ("Plaintiff") motion for special master (ECF No. 53) is not justified.

Courts may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). "In appointing a master, the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3).

Plaintiff asks for a special master to "make recommendations to the District Court" as to seven vaguely articulated issues and allegations for which absolutely no factual support is provided.  Even if these did have any support or basis, Plaintiff does not explain how or why the District Court needs any assistance in addressing these issues (if they are issues). In particular, it is not clear why they "cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

OPPOSITION TO MOTION TO APPOINT SPECIAL MASTER - P a g e | 2

1052658\311576171.v1

1        Moreover, as with the motion for stay, none of these issues relate to MidFirst Bank. As

2 Plaintiff is using this request for a special master, among other things, to delay this action – and

3 thus to delay a ruling on MidFirst Bank's fully briefed motion to dismiss, MidFirst Bank would

4 be unduly prejudiced by the granting of this request.  Furthermore, MidFirst Bank may be forced

5 to endure additional, unwarranted expenses. As the Court must consider the "fairness of

6 imposing the likely expenses on the parties and must protect against unreasonable expense or

7 delay," and as granting this request will cause the parties to undergo unreasonable expense and

8 delay, the request is not justified.  Therefore, MidFirst Bank respectfully requests that Plaintiff's

9 motion be denied.

10        Dated this 16th day September 2022.

11                         **QUINTAIROS, PRIETO, WOOD &**
**BOYER, P.A.**

13                 By:    */s/  Michael Ayers*
14                         Michael Ayers, Esq.
(NV Bar No. 10851)
michael.ayers@qpwblaw.com
Clark Vellis, Esq.
(NV Bar No. 5533)
clark.vellis@qpwblaw.com
200 S. Virginia Street, 8th Floor
Reno, Nevada 89501
Telephone: 775-322-4697
Facsimile: 775-322-4698
*Attorneys for Defendant MIDFIRST*
*BANK*

OPPOSITION TO MOTION TO APPOINT SPECIAL MASTER - P a g e | 3

1052658\311576171.v1

**SER-110**

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System and through that service, a copy was sent with e-notice to all parties, and mailed via U.S. Mail, postage prepaid, to the party with no e-notice listed below.

Daniel David Dydzak
4265 Marina City Drive Suite 407W
Marina del Rey, CA 90292

Dated:  September 16, 2022

/s/ Christine L. Miller
An Employee of QUINTAIROS, PRIETO,
WOOD & BOYER, P.A.

OPPOSITION TO MOTION TO APPOINT SPECIAL MASTER - P a g e | 4

1052658\311576171.v1

SER-111

1  THOMAS D. DILLARD, ESQ.
Nevada Bar No. 006270
2  OLSON CANNON GORMLEY & STOBERSKI
3  9950 West Cheyenne Avenue
Las Vegas, NV 89129
4  Tel: (702) 384-4012 / Fax: (702) 383-0701
TDillard@ocgas.com
5  *Attorneys for Defendants*
6  *Tani G. Cantil-Sakauye, Chief Justice of California;*
*Jorge Navarrete, Clerk/Executive Officer of*
7  *the Supreme Court of California; and William Dato,*
*Associate Justice of the California Court of Appeal,*
8  *Fourth Appellate District, Division One*

9  **UNITED STATES DISTRICT COURT**

10  **DISTRICT OF NEVADA**

11

12  DANIEL DAVID DYDZAK               CASE NO.:   2:22-cv-01008-APG-VCF

13                          Plaintiff,

14  vs.

15  TANI CANTIL-SAKAUYE, JORGE
16  NAVARRETE, THOMAS LAYTON, aka      **JOINDER IN PART AND**
TOM LAYTON, CHARLES SCHWAB,        **OPPOSITION IN PART TO**
17  DONALD F. MILES, JOHNNIE B.        **PLAINTIFF'S MOTION FOR**
RAWLINSON, BARRY G. SILVERMAN,     **A STAY OF PROCEEDINGS**
18  WILLIAM A. FLETCHER, PETER LIND
19  SHAW, RONALD M. GEORGE ERIC M.
GEORGE, ALAN I. ROTHENBERG, 1ST
20  CENTURY BANK, 1ST CENTURY
BANCSHARES, INC., EDWARD
21  EPHRAIM SCHIFFER, SIDNEY R.
22  THOMAS, WILLIAM DATO, MAXINE M.
CHESNEY, MOLLY C. DWYER, GEORGE
23  H. KING, A. WALLACE TASHIMA,
24  FERDINAND FRANCIS FERNANDEZ,
KIM MCCLANE WARDLAW, WILLIAM
25  C. CANBY, RONALD M. GOULD,
RICHARD C. TALLMAN, and Does 1
26  through 50, inclusive,
27                          Defendants.
28

*Law Offices of*
**OLSON CANNON GORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

1

COME NOW Defendants, TANI G. CANTIL-SAKAUYE, Chief Justice of California, JORGE NAVARRETE, Clerk/Executive Officer of the Supreme Court of California ("California Supreme Court Defendants") and WILLIAM DATO, Associate Justice of the California Court of Appeal (Fourth Appellate District, Division One) ("Associate Justice Dato"), by and through their counsel of record, THOMAS D. DILLARD, JR., ESQ., of the law firm OLSON, CANNON, GORMLEY, & STOBERSKI, and hereby partially joins Plaintiff's Motion to stay [#52] to the extent that the motion seeks a stay of discovery until the resolution of all pending motions to dismiss and opposes to the extent Plaintiff seeks any stay of the Court deciding the pending motions to dismiss.

This Partial Joinder and Opposition is made and based upon all the pleadings and papers on file herein, the attached points and authorities, together with any argument that may be introduced at the time of hearing this matter before this Honorable Court.

Dated this 16th day of September, 2022

OLSON CANNON GORMLEY & STOBERSKI

*/s/Thomas D. Dillard, Jr.*

By: _____

THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California;*
*Jorge Navarrete, Clerk/Executive Officer of*
*the Supreme Court of California; and*
*William Dato, Associate Justice of the California*
*Court of Appeal, Fourth Appellate District,*
*Division One*

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Plaintiff is a disbarred California attorney who filed suit in the Eighth Judicial District Court of Nevada on February 3, 2022 simply because "one of the parties resides in Clark County." (Complaint ¶ 5). Plaintiff (himself a California resident) has sued twenty-four Defendants in the case, many of which are current or former California state judicial officers or judges of federal district and appellate courts located in California. The Eighth Judicial District Court of Nevada has already dismissed claims against Chief Justice Tani Cantil-Sakauye of the California Supreme Court and Jorge Navarrete, Clerk/Executive Officer of the Supreme Court of California ("California Supreme Court Defendants"). [Doc. #14 at (Ex. "A") pp. 21-37, attached hereto as Exhibit "A"]. The dismissal was based upon lack of subject matter jurisdiction, the absence of personal jurisdiction, and, alternatively, failure to state a claim for relief based upon the defense of absolute immunity.

Following the removal of this action, Defendant Associate Justice Dato renewed his motion to dismiss (originally filed in state court) the third and eighth causes of action against him. [Doc. # 14]. Associate Justice Dato seeks dismissal at the pleading stage of this case as all defenses raised by Chief Justice Cantil-Sakauye apply equally to him to warrant his dismissal with prejudice from this Complaint as well, including no personal jurisdiction and judicial immunity. Associate Justice Dato's motion is now fully briefed and is pending with this Honorable Court. [Docs. #31 & #37]. The remaining Defendants have also now filed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (no subject matter jurisdiction), 12(b)(2) (lack of personal jurisdiction) and Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim for relief). [Docs. #5, #16, #22, #25 #46].

SER-114

Plaintiff has now, on September 2, 2022, filed two separate motions to stay discovery in this case [Doc. #52] and to appoint a special master [Doc. #53]. The California Supreme Court Defendants and Associate Justice Dato have filed a separate opposition to the appointment of a special master because there are not exceptional circumstances present to justify this extraordinary request as required by Federal Rule of Civil Procedure 53. These Defendants do join in Plaintiff's motion for a temporary stay--albeit for entirely different reasons than identified by Plaintiff. The scope of the stay should be to preclude discovery until after the Court has entered an order on the pending motions to dismiss and made a finding that Plaintiff has alleged facts that establish jurisdiction (subject matter and personal) and that he has alleged facts that could plausibly pierce Associate Justice Dato's judicial immunity.

There should not be any stay, however, on the Court's consideration and determination of the pending motions to dismiss. Plaintiff has identified no colorable reason why there should be any delay on the issuance of orders for these motions beyond the Court's own calendaring schedule. Plaintiff stated that a stay is proper, for no specified or particular reason, simply because he has an appeal pending in the Nevada Supreme Court pertaining to the dismissal of the California Supreme Court Defendants. But the Nevada Supreme Court has dismissed that appeal for lack of jurisdiction. (Order Dismissing Appeal in Case No. 84868, attached as Exhibit "B"). Further, none of Plaintiff's other stated reasons for a stay make any sense or are supported by any evidence. The pending dismissal motions should therefore proceed while the discovery phase of this litigation is stayed until there has been a finding that this Court has subject matter jurisdiction. Defendants are not subject to personal jurisdiction in the U.S. District Court of Nevada, and Plaintiff's claims are precluded by the Defendants' absolute immunity from suit.

4

## II.  **LEGAL ARGUMENT**

### A.  **Legal Standard for a Stay of Discovery**

In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. See Kidneigh v. Tournament One Corp., No. 2:12-cv-02209-APG-CWH, 2013 WL 1855764, at *2 (D. Nev., May 1, 2013). The party or parties seeking a stay has the burden to show "good cause" by demonstrating some harm or prejudice that will result from the discovery. Fed.R.Civ.P. 26(c)(1).

Preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay of discovery. See Twin City Fire Insurance v. Employers of Wausau, 124 F.R.D. 652, 653 (D. Nev. 1989). Further, motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) after the court has taken a "preliminary peek" at the merits of the potentially dispositive motion, whether the court is "convinced" that the plaintiff will be unable to state a claim for relief. See Kor Media Group, LLC v. Green, 294 F.R.D. 579, 581 (D. Nev. 2013).[1] "[D]iscovery should be stayed while dispositive motions are pending 'only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive.'" Solida v. United States Dep't of

---

[1] Federal district courts in the Ninth Circuit have enumerated other factors prudently considered in weighing the competing equities. See Skellerup Indus. v. City of Los Angeles, 163 F.R.D. 598, 601 (C.D. Cal. 1995) (quoting Hatchett Distribution, Inc. v. Hudson County News Company, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)). These additional factors include: (1) the type of motion and whether it is a challenge as a "matter of law" or the "sufficiency" of the allegations; (2) the nature and complexity of the action; (3) whether counterclaims and/or cross-claims have been interposed; (4) whether some or all of the defendants join in the request for a stay; (5) the posture or stage of the litigation; (6) the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and (7) any other relevant circumstances. Id.

*Law Offices of*
**OLSON CANNON ORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Law Offices of*
**OLSON CANNON ORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

Fish & Wildlife, 288 F.R.D. 500, 506 (D. Nev. 2013) (*citing* Hachette Distribution, Inc. v. Hudson Cty. News Co., 136 F.R.D. 356, 357 (E.D.N.Y. 1991)).

B.  **The Jurisdictional Infirmities in this Case Warrant a Stay of Discovery Until after this Court Has Found Both Subject Matter Jurisdiction and Personal Jurisdiction to Hear this Case.**

The California Supreme Court Defendants have already obtained an order dismissing all of Plaintiff's claims due to want of jurisdiction and legal invalidity. (Notice of Entry of Order in Case No. A-22-847734-C, attached as Exhibit "A"). The Eighth Judicial District Court held that Plaintiff did not establish subject matter jurisdiction for claims that are essentially nothing more than collateral attack on discipline rendered by the California State Bar. The state court further determined that there was a lack of any minimum contacts with the State of Nevada to establish personal jurisdiction over the California Supreme Court Defendants. Finally and alternatively, the court ruled that Plaintiff alleged claims arise out of a judicial or quasi-judicial function; therefore, absolute immunity from suit attached to all claims. Associate Justice Dato has made these same arguments in his motion to dismiss pending before this Court. Dismissal is thus sought based on valid arguments that there is not subject matter jurisdiction to hear this case and, even if there is subject matter jurisdiction, this Court lacks jurisdiction over Associate Justice Dato (and all other California resident Defendants) as none of the conduct alleged occurred in Nevada or had any minimum contact with Nevada.

The jurisdictional challenge on two fronts to this case proceeding, that is now fully briefed with the Court, justifies a stay of all discovery until there is a finding of proper jurisdiction. A pending motion challenging jurisdiction strongly favors a stay, or at minimum, limitations on discovery until the question of jurisdiction is resolved. See Liberty Media Holdings, LLC v. Letyagin, 2012 WL 3135671 *5 (D. Nev., Aug. 1, 2012) ("A defendant should not be required to

6

engage in expensive and burdensome discovery in a court that has no jurisdiction over him."); Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction). The conditions here strongly favor a temporary stay of discovery at least until jurisdiction has been established over the case and the defendants.

### C.   Associate Justice Dato Possesses Absolute Immunity from Suit, Thus, it is Appropriate to Stay Discovery Until the Court Has Denied His Motion to Dismiss.

Associate Justice Dato, and all other judicial officer Defendants, possess absolute immunity from suit for claims against them while exercising a judicial function. This is immunity from suit, including discovery, and not simply immunity from damages. They have filed motions to dismiss on the basis of judicial immunity. These motions raise no factual issue and simply address whether Plaintiff has alleged facts in his Complaint that are beyond the broad ambit of their well-established immunity.

Good cause for a discovery stay is also established when there are any immunities or privileges at stake. Indeed, the U.S. Supreme Court has made it abundantly clear that a district court should often stay discovery until the threshold immunity from suit question is settled. See Crawford-El v. Britton, 523 U.S. 574, 598, 118 S.Ct. 1584 (1998) (holding "[i]f the defendant does plead qualified immunity, the court should resolve that threshold question before permitting discovery"); see also Anderson v. Creighton, 483 U.S. 635, 646 n.6, 107 S.Ct. 3034 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). The Court in fact succinctly held that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." 457 U.S. at 818.

Indeed, the very purpose of the doctrine of qualified immunity (and more so with absolute immunity) is predicated upon the recognition that holding officials liable for reasonable mistakes

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Law Offices of*
**OLSON CANNON ORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

might unnecessarily paralyze their ability to make difficult decisions in challenging situations, thus disrupting the effective performance of their public duties. See Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009). Permitting a § 1983 plaintiff to conduct discovery prior to the resolution of the legal matters attendant to immunity effectively strips the state actor or judicial officer defendant of immunity altogether. See Lollar v. Baker, 196 F.3d 603, 606 n. 3 (5th Cir. 1999) (concluding, where the district court declined to rule on a motion to dismiss based on qualified immunity and instead ordered discovery limited to issues relating to that defense, that "the grant of plaintiff's discovery requests in such circumstances constitutes a denial of the defendant's claim of qualified immunity from which the defendant is entitled to an immediate appeal."). Even if there were established jurisdiction over the claims and Associate Justice Dato, there is still good cause to impose a discovery stay until the Court rules on the judicial immunity defense, at least at the pleading stage of this case.

### D. <u>Plaintiff Has Failed to Make a Strong Showing that a Stay on Ruling on the Pending Motions for Any Period of Time is Substantially Justified.</u>

Plaintiff has not made a strong showing to stay consideration of the pending motions to dismiss the case pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6). Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 601 (D. Nev. 2011). First, Plaintiff did not make even an attenuated connection between a complete stay of the case and his appeal to the Nevada Supreme Court. Regardless, there remains nothing pending with the Nevada Supreme Court as Plaintiff's appeal has been dismissed. (Exhibit "B"). Second, Plaintiff's motion to appoint a special master is feeble–if not frivolous. The record is barren of any condition raising the prospect of the appointment of a special master, and the points and authorities set forth in the opposition to that motion are incorporated here. Third, the motions are largely already fully briefed beyond the motion filed recently by the Ninth Circuit Defendants. There is nothing left for Plaintiff to do with respect to the fully briefed motions and so any time constraints he has with respect to care of family members should not be adversely impacted. Plaintiff, to be sure, failed to make a strong showing that he or his family members will experience undue adversity

should the Court maintain its current calendar and decide the pending motions in the ordinary course. The remainder of the motion to stay should be denied in order for the legal issues of subject matter jurisdiction, personal jurisdiction and immunity from suit be decided with all deliberate speed.

## III.   CONCLUSION

IN ACCORDANCE WITH THE FOREGOING, the Court should enter a stay of discovery pending resolution of the motions to dismiss this case based upon lack of jurisdiction and immunity from suit. The Court should further move forward in the ordinary course of the Court's docket management in ruling on the pending motions and deny Plaintiff's request to stay the entire case.

Respectfully Submitted this 16th day of September, 2022.

OLSON CANNON GORMLEY & STOBERSKI

*/s/Thomas D. Dillard, Jr.*

By:   _____
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California;*
*Jorge Navarrete, Clerk/Executive Officer of*
*the Supreme Court of California; and*
*William Dato, Associate Justice of the California*
*Court of Appeal, Fourth Appellate District,*
*Division One*

9

## CERTIFICATE OF SERVICE

I hereby certify that I am employed in the law offices of OLSON CANNON GORMLEY

& STOBERSKI, and that on the 16th day of September, 2022, I served a copy of the foregoing,

**JOINDER IN PART AND OPPOSITION IN PART TO PLAINTIFF'S MOTION FOR A**

**STAY OF PROCEEDINGS.** in the following manner:

Through the CM/ECF system of the United States District Court for the District of

Nevada, upon the following:

Daniel David Dydzak
4265 Marina City Drive,
Suite 407W
Marina del Rey, CA 90292
ddydzak@yahoo.com
*Plaintiff Pro Se*

Craig R. Anderson, Esq.
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, NV 89145
smong@maclaw.com
canderson@maclaw.com
*Attorneys for Defendant*
*Judge Donald F. Miles*

Michael Ayers, Esq.
Clark Vellis, Esq.
QUINTAIROS, PRIETO, WOOD &
BOYER, P.A.
200 S. Virginia St., 8th Fl.
Reno, NV 89501
michael.ayers@qpwblaw.com
clark.vellis@qpwblaw.com
*Attorneys for MIDFIRST BANK*
*incorrectly named herein as 1ST*
*CENTURY BANK and/or 1ST*
*CENTURY BANCSHARES, INC.*

Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
*Defendants in propria persona*

David J. Carroll, Esq.
Eric M. George, Esq.
ELLIS GEORGE CIPOLLONE
801 S. Figueroa Street, Suite 2000
Los Angeles, California 90017
cubence@egcfirm.com
www.egcfirm.com
*Defendants in propria persona Eric M.*
*George,*
*Ronald M. George, and Alan I.*
*Rothenberg*

Patrick Rose, Esq.
Patrick.Rose@usdoj.gov
Vera Minknova
Vera.Minkova@usdoj.gov
*Assistant United States Attorney for Peter*
*Lind Shaw*

_____
        */s/Jane Hollingsworth*
An employee of OLSON CANNON GORMLEY & STOBERSKI

*Law Offices of*
**OLSON CANNON ORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

SER-121

1   THOMAS D. DILLARD, ESQ.
    Nevada Bar No. 006270
2   OLSON CANNON GORMLEY & STOBERSKI
3   9950 West Cheyenne Avenue
    Las Vegas, NV 89129
4   Tel: (702) 384-4012 / Fax:   (702) 383-0701
    TDillard@ocgas.com
5   *Attorneys for Defendants*
6   *Tani G. Cantil-Sakauye, Chief Justice of California;*
    *Jorge Navarrete, Clerk/Executive Officer of*
7   *the Supreme Court of California; and William Dato,*
    *Associate Justice of the California Court of Appeal,*
8   *Fourth Appellate District, Division One*

9                   **UNITED STATES DISTRICT COURT**

10                       **DISTRICT OF NEVADA**

11

12   DANIEL DAVID DYDZAK                    CASE NO.:   2:22-cv-01008-APG-VCF

13                  Plaintiff,

14   vs.

15
     TANI CANTIL-SAKAUYE, JORGE
16   NAVARRETE, THOMAS LAYTON, aka          **OPPOSITION TO**
     TOM LAYTON, CHARLES SCHWAB,        **PLAINTIFF'S MOTION FOR**
17   DONALD F. MILES, JOHNNIE B.           **APPOINTMENT OF**
     RAWLINSON, BARRY G. SILVERMAN,         **SPECIAL MASTER**
18   WILLIAM A. FLETCHER, PETER LIND
     SHAW, RONALD M. GEORGE ERIC M.
19   GEORGE, ALAN I. ROTHENBERG, 1ST
     CENTURY BANK, 1ST CENTURY
20   BANCSHARES, INC., EDWARD
     EPHRAIM SCHIFFER, SIDNEY R.
21   THOMAS, WILLIAM DATO, MAXINE M.
     CHESNEY, MOLLY C. DWYER, GEORGE
22   H. KING, A. WALLACE TASHIMA,
23   FERDINAND FRANCIS FERNANDEZ,
     KIM MCCLANE WARDLAW, WILLIAM
24   C. CANBY, RONALD M. GOULD,
     RICHARD C. TALLMAN, and Does 1
25   through 50, inclusive,
     Defendants.
26

27

28

*Law Offices of*
**OLSON CANNON GORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

1

COME NOW Defendants, TANI G. CANTIL-SAKAUYE, Chief Justice of California, JORGE NAVARRETE, Clerk/Executive Officer of the Supreme Court of California ("California Supreme Court Defendants") and WILLIAM DATO, Associate Justice of the California Court of Appeal (Fourth Appellate District, Division One) ("Associate Justice Dato"), by and through their counsel of record, THOMAS D. DILLARD, JR., ESQ., of the law firm OLSON, CANNON, GORMLEY, & STOBERSKI, and oppose Plaintiff's Motion to Appoint a Special Master [Doc. #53].

This Opposition is made and based upon all the pleadings and papers on file herein, the attached points and authorities, together with any argument that may be introduced at the time of hearing this matter before this Honorable Court.

Dated this 16th day of September, 2022.

OLSON CANNON GORMLEY & STOBERSKI

*/s/Thomas D. Dillard, Jr.*

By: _____

THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California;*
*Jorge Navarrete, Clerk/Executive Officer of*
*the Supreme Court of California; and*
*William Dato, Associate Justice of the California*
*Court of Appeal, Fourth Appellate District,*
*Division One*

Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff is a disbarred California attorney who filed suit in the Eighth Judicial District Court of Nevada on February 3, 2022 simply because "one of the parties resides in Clark County." (Complaint ¶ 5). Plaintiff (himself a California resident) has sued twenty-four Defendants in the case, many of which are current or former California state judicial officers or judges of federal district and appellate courts located in California. The Eighth Judicial District Court of Nevada has already dismissed claims against Tani Cantil-Sakauye, Chief Justice of California, and Jorge Navarrete, Clerk/Executive Officer of the Supreme Court of California. [Doc. #14 at (Ex. "A") pp. 21-37].[1] Following the removal of this action, Defendant Associate Justice Dato renewed his motion to dismiss (originally filed in state court) the third and eighth cause of actions against him. [Doc. # 14]. Associate Justice Dato seeks dismissal at the pleading stage of this case as all defenses raised by Chief Justice Cantil-Sakauye apply equally to him to warrant his dismissal with prejudice from this Complaint as well. This motion is now fully briefed and is pending with this Honorable Court. [Docs. #31 & #37]. The remaining Defendants have also now filed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docs. #5, #16, #22, #25 #46].

Plaintiff has now, on September 2, 2022, filed two separate motions to stay discovery in this case [Doc. #52] and to appoint a special master [Doc. #53]. The California Supreme Court Defendants and Associate Justice Dato has no opposition to staying discovery pending resolution of the pending motions to dismiss and will file a partial joinder to that motion. Plaintiff, however, has

---

[1] The Nevada Supreme Court, on September 1, 2022, dismissed Plaintiff's premature appeal of the order dismissing Chief Justice Cantil-Sakauye and Jorge Navarrete due to lack of jurisdiction. (Order Dismissing Appeal in Case No. 84868, attached as Exhibit "A").

3

failed to present any justification for the expensive appointment of a special master in this case. The

matter as it stands now generally turns on the scope of immunity that Plaintiff has filed against

several state and federal court jurists. Discovery has yet to commence and there is no indication of

any extraordinary discovery issues. Plaintiff simply reiterates his far-flung corruption allegations

against Defendants as a basis for appointment of a special master. Plaintiff has abjectly failed to

identify extraordinary circumstances warranted the appointment of a special master in the case;

therefore, the motion to appoint pursuant to Federal Rule of Civil Procedure 53 should be denied.

## II.   LEGAL ARGUMENT

### There are Not Any Circumstances Present in this Case to Warrant the Appointment of a Special Master Pursuant to Federal Rule of Civil Procedure 53

Plaintiff has failed to establish a clear need to appoint a special master to handle any pre-trial

or discovery matter in this case in place of the assigned U.S. Magistrate Judge and District Court

Judge. Federal Rule of Civil Procedure 53(a), governing the appointment of special masters, states in

pertinent part, "[t]he court in which any action is pending may appoint a special master therein."

Reference to a master "shall be the exception and not the rule" and shall be made "upon a showing

that some exceptional condition requires it." Burlington Northern v. Dep't of Revenue, 934 F.2d

1064, 1071 (9th Cir. 1991). "The use of masters, however, is restricted to situations where they are

necessary to aid judges in the performance of specific duties, as they may arise in the progress of a

cause." Id. at 1071-72. (internal citations omitted). Courts have found such exceptional circumstances

based on "the complexity of [the] litigation" or "problems associated with compliance with the

district court order." United States v. Suquamish Indian Tribe, 901 F.2d 772, 775 (9th Cir. 1990); see

also Fed. R. Civ. P. 53, Advisory Committee Notes (2003) ("A pretrial master should be appointed

only when the need is clear").

Law Offices of
OLSON CANNON ORMSLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

4

According to Federal Rule of Civil Procedure 53(a), a court may appoint a master only to "perform duties consented by the parties," hold trial proceedings and make recommendations if there is an "exceptional condition" or "need to perform an accounting or resolve a difficult computation of damages," or "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed.R.Civ.P. 53(a)(1). Payment to a special master is made by the parties or from a fund derived from the action. Fed.R.Civ.P. 53(g)(2) If a court decides to appoint a special master, it "must allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master." Fed. R. Civ. P. 53(g)(3).

The Supreme Court has cautioned that "[t]he use of masters is to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause, ... and not to displace the court." La Buy v. Howes Leather Co., 352 U.S. 249, 256, 77 S.Ct. 309 (1957). The term "exceptional" is not an "elastic term[ ] with the trial court the sole judge of [its] elasticity." Id. at 258. While none of these conditions are present in this case, the Supreme Court still cautioned that calendar congestion, complexity of the case, and great length of time required for trial are not "exceptional" circumstances warranting appointment of a special master under Rule 53(a)(1)(B)(i). Id. at 259.

Plaintiff has failed to present "extraordinary circumstances" justification to warrant the appointment of a special master in this case. Hook v. State of Ariz., 120 F.3d 921, 926 (9th Cir. 1997). Plaintiff has not shown that there are any complex matters, exceptional conditions, or post-trial matters that cannot be effectively and timely addressed by this Court. Plaintiff in fact does not cite to any relevant authority in support of his request for an appointment of a special master. The record is also devoid of any evidence substantiating any allegation listed in Plaintiff's motion. Even if

SER-126

there was some evidentiary basis for Plaintiff's far-flung allegations, none of these issues satisfy the narrow justification of a Rule 53 appointment. There is, to be certain, not a "clear need" here to appoint a special master in a case when all defendants have now filed motions to dismiss (largely based upon immunity from suit) and the discovery phase of the case has yet to even commence. Barnum v. Equifax Information Services, LLC, Case No. 2:16-cv-02866-RFB-NJK, 2018 WL 1245492 *3 (D. Nev., Mar. 9, 2018). Therefore, the Court should deny Plaintiff's motion pursuant to Rule 53 to appoint a special master because there are no circumstances present in this case to support even the consideration of such an expensive and extraordinary request.

## III.   <u>CONCLUSION</u>

IN ACCORDANCE WITH THE FOREGOING, the Court should deny Plaintiff's motion for failure to establish a clear need based upon the existence of extraordinary circumstances to justify the appointment of a special master.

Respectfully Submitted this 16th day of September, 2022.

OLSON CANNON GORMLEY & STOBERSKI

*/s/Thomas D. Dillard, Jr.*

By: _____
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California;*
*Jorge Navarrete, Clerk/Executive Officer of*
*the Supreme Court of California; and*
*William Dato, Associate Justice of the California Court*
*of Appeal, Fourth Appellate District, Division One*

Law Offices of
**OLSON CANNON ORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Law Offices of*
**OLSON CANNON ORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

## CERTIFICATE OF SERVICE

I hereby certify that I am employed in the law offices of OLSON CANNON GORMLEY

& STOBERSKI, and that on the 16th day of September, 2022, I served a copy of the foregoing,

**OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL**

**MASTER** in the following manner:

Through the CM/ECF system of the United States District Court for the District of

Nevada, upon the following:

Daniel David Dydzak
4265 Marina City Drive,
Suite 407W
Marina del Rey, CA 90292
ddydzak@yahoo.com
*Plaintiff Pro Se*

Craig R. Anderson, Esq.
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, NV 89145
smong@maclaw.com
canderson@maclaw.com
*Attorneys for Defendant*
*Judge Donald F. Miles*

Michael Ayers, Esq.
Clark Vellis, Esq.
QUINTAIROS, PRIETO, WOOD &
BOYER, P.A.
200 S. Virginia St., 8th Fl.
Reno, NV 89501
michael.ayers@qpwblaw.com
clark.vellis@qpwblaw.com
*Attorneys for MIDFIRST BANK*
*incorrectly named herein as 1ST*
*CENTURY BANK and/or 1ST*
*CENTURY BANCSHARES, INC.*

Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
*Defendants in propria persona*

David J. Carroll, Esq.
Eric M. George, Esq.
ELLIS GEORGE CIPOLLONE
801 S. Figueroa Street, Suite 2000
Los Angeles, California 90017
cubence@egcfirm.com
www.egcfirm.com
*Defendants in propria persona Eric M.*
*George,*
*Ronald M. George, and Alan I.*
*Rothenberg*

Patrick Rose, Esq.
Patrick.Rose@usdoj.gov
Vera Minknova
Vera.Minkova@usdoj.gov
*Assistant United States Attorney for Peter*
*Lind Shaw*

_____ */s/Jane Hollingsworth*_____
An employee of OLSON CANNON GORMLEY & STOBERSKI

7

1  Eric M. George
   Ronald M. George
2  Alan I. Rothenberg
   c/o 2121 Avenue of the Stars, 30th Floor
3  Los Angeles, California 90067
   Telephone: (310) 274-7100
4  Facsimile: (310) 275-5697
   Email: egeorge@egcfirm.com
5
   Defendants *in propria persona*
6  Eric M. George, Ronald M. George, and Alan I.
   Rothenberg
7

8                UNITED STATES DISTRICT COURT

9                    DISTRICT OF NEVADA

10

11  DANIEL DAVID DYDZAK,              | Case No. 2:22-cv-01008-APG-VCF

12          Plaintiff,                | **DEFENDANTS ERIC M. GEORGE,**
                                      | **RONALD M. GEORGE, AND ALAN I.**
13          vs.                       | **ROTHENBERG'S OPPOSITION TO:**

14  TANI CANTIL-SAKAUYE, et al.,      | **(1) PLAINTIFF'S MOTION TO STAY**

15          Defendants.               | **(2) PLAINTIFF'S MOTION TO**
                                      | **APPOINT A SPECIAL MASTER**
16
                                      | Trial Date:  None Set
17

18

19

20

21

22

23

24

25

26

27

28

1

2    **MEMORANDUM OF POINTS AND AUTHORITIES**

3    Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg  (collectively

4    "Attorney Defendants") submit this opposition to Plaintiff Daniel D. Dydzak's motion to stay the

action and motion to appoint a special master.

5    **I.    MOTION TO STAY**

6    Attorney Defendants oppose Plaintiff's motion to stay the action to the extent Plaintiff

7    seeks to stay the adjudication of the Attorney Defendants' pending motion to dismiss, which is

8    fully briefed and under submission with the Court.[1]

9    The district court has "the power to stay proceedings . . . to control the disposition of the

10   cases on its docket with economy of time and effort for itself, for counsel, and for litigants."

11   *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).  "In order to determine whether a *Landis* stay

12   should be implemented, courts consider: (1) 'the possible damage which may result from the

13   granting of a stay,' (2) 'the hardship or inequity which a party may suffer in being required to go

14   forward,' and (3) 'the orderly course of justice measured in terms of the simplifying or

15   complicating of issues, proof, and questions of law which could be expected to result from

16   a stay.'"  *Pamintuan v. Bristol–Myers Squibb Co.*, 2016 WL 4319844, at *1 (N.D. Cal. July 14,

17   2016) (citations omitted).

18   None of Plaintiff's reasons for staying the action justify delaying adjudication of the

19   Attorney Defendants' submitted motion to dismiss.  Plaintiff claims a need for additional time to

20   oppose the Ninth Circuit Defendants' motion to dismiss, Mot. to Stay at 3, Dkt. No. 52, but that

21   motion has nothing to do with Attorney Defendants' motion.  Indeed, the issue raised in the

22   Attorney Defendants' motion—whether this Court has personal jurisdiction over them—is

23   exclusive to them and does not turn on either the merits of the action or whether *other* defendants

24   have adequate jurisdictional ties to Nevada.  *See* Reply in Support of Mot. to Dismiss at 1–2, Dkt.

25   No. 28; *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 848 (N.D. Cal. 2018).  Similarly, while

26   ───────────────

27   [1] On July 1, 2022, Attorney Defendants moved to dismiss Plaintiff's complaint based on lack of personal jurisdiction.  Dkt. No. 5.  That motion is now fully briefed.  *See* Dkt. Nos. 24

28   (opposition), 28 (reply).

1  Plaintiff vaguely alludes to "pending developments in the Nevada Supreme Court" and "pending

2  developments in the makeup of the Supreme Court of California" as further justification for a stay,

3  Mot. to Stay at 3, Plaintiff does not explain how any such "developments" could possibly affect

4  whether this Court has personal jurisdiction over the Attorney Defendants in this action.

5        Plaintiff next seeks a stay on the basis of a need to appoint a special master in this matter.

6  *Id.*  For the reasons stated below, there is clearly no need for a special master in this action—but

7  even if there were, the question of this Court's jurisdiction over the Attorney Defendants would

8  need to be resolved before it could appoint a master on any issue relating to the Attorney

9  Defendants.  *See Baker Indus., Inc. v. Cerberus Ltd.*, 764 F.2d 204, 210 (3d Cir. 1985) (court that

10  lacks jurisdiction over the controversy cannot appoint a Rule 53 master).  Finally, Plaintiff's need

11  to care for his mother will not affect the court's ability to adjudicate the Attorney Defendants'

12  motion to dismiss.

13        For these reasons, the Court should deny Plaintiff's motion to stay insofar as it seeks to

14  delay this Court's adjudication of the Attorney Defendants' pending motion to dismiss.

15  **II.**        **MOTION TO APPOINT SPECIAL MASTER**

16        Plaintiff argues that the Court should appoint a master under Federal Rule of Civil

17  Procedure 53 to make recommendations to the Court on a laundry list of vague allegations against

18  all of the defendants in this matter.  *See* Mot. for Appointment of Special Master at 3–4, Dkt. No.

19  53.  Many of the issues Plaintiff raises—such as defendants impersonating judges, court clerks

20  blocking cellphones, and so on, *id.*—are the same kind of vague and fanciful accusations that he

21  has leveled against numerous defendants in the multiple lawsuits he has filed throughout the years.

22        With respect to the Attorney Defendants, Plaintiff suggests that this Court should appoint a

23  master to "make recommendations pertaining to" them allegedly engaging in "tax fraud, money-

24  laundering, criminal conversion and mail fraud."  *Id.*  These accusations are wholly unsupported

25  and facially absurd, and nothing in Rule 53 warrants appointment of a master to address them.  As

26  an initial matter, this Court lacks personal jurisdiction over the Attorney Defendants and thus

27  necessarily lacks jurisdiction to appoint a master to review any issue relating to them.  *See Baker*

28  *Indus.*, 764 F.2d at 210 (court that lacks jurisdiction over the controversy cannot appoint a Rule 53

1   special master).  Furthermore, in any event, Rule 53 does not contemplate the appointment of a

2   master to address such issues.  Absent consent of the parties, the court may appoint a pretrial

3   master only if the pretrial issues "cannot be effectively and timely addressed by an available

4   district judge or magistrate judge of the district."  Fed. R. Civ. P. 53(a)(1)(B), (a)(1)(C).  "A

5   pretrial master should be appointed only when the need is clear."  Fed. R. Civ. P. 53 advisory

6   committee's notes.  Even in matters involving complex issues of fact or law, appointments of

7   masters are "the exception and not the rule."  *Bartlett-Collins Co. v. Surinam Nav. Co.*, 381 F.2d

8   546, 550 (10th Cir. 1967).

9        There is no need to appoint a master here.  Plaintiff makes no showing that this Court or a

10  magistrate judge would be unable to timely address any issue that action properly raises.

11  Moreover, aside from the frivolity of Plaintiff's accusations, those accusations are entirely

12  collateral to Plaintiff's complaint allegations against the Attorney Defendants.  In the only cause

13  of action Plaintiff asserts against the Attorney Defendants, Plaintiff alleges that they engaged in *ex*

14  *parte* communications with California Chief Justice Cantil-Sakauye and Court Clerk Navarrette

15  (presumably in connection with his disbarment proceedings).  Compl. ¶ 39.  Yet Plaintiff claims a

16  need to appoint a master to conduct what amounts to a quasi-criminal investigation of the Attorney

17  Defendants on issues such as fraud and money laundering.  Plaintiff draws no connection between

18  the complaint and these accusations, and there is none—besides Plaintiff's unfounded perception

19  that the entire judicial system is engaged in a vast conspiracy against him.  There is no need to

20  appoint a master to address accusations that are not even encompassed by the pleadings.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    The Attorney Defendants respectfully request that the Court deny the motion to appoint a

2    special master.

3

4    DATED:  September 14, 2022              Respectfully submitted,

5

6

7                                           By:      /s/ Eric M. George

8                                           Eric M. George, *in propria persona*
                                            c/o 2121 Avenue of the Stars, Suite 3000
9                                           Los Angeles, California 90067
                                            Tel. (310) 274-7100

10   DATED:  September 14, 2022

11

12

13                                          By:      /s/ Alan I. Rothenberg

14                                          Alan I. Rothenberg, *in propria persona*
                                            c/o 2121 Avenue of the Stars, Suite 3000
15                                          Los Angeles, California 90067
                                            Tel. (310) 274-7100

16

17   DATED:  September 14, 2022

18

19

20                                          By:      /s/ Ronald M. George

21                                          Ronald M. George, *in propria persona*
                                            c/o 2121 Avenue of the Stars, Suite 3000
22                                          Los Angeles, California 90067
                                            Tel. (310) 274-7100

23

24

25

26

27

28

<u>**PROOF OF SERVICE**</u>

**Eric George, et al., adv. Daniel Dydzak**
**United States District Court, District of Nevada – Case No. 2:22-cv-01008-APG-VCF**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 S. Figueroa Street, Suite 2000, Los Angeles, CA 90017.

On September 14, 2022, I served true copies of the following document(s) described as **DEFENDANTS ERIC M. GEORGE, RONALD M. GEORGE, AND ALAN I. ROTHENBERG'S OPPOSITION TO:** on the interested parties in this action as follows:

Daniel D. Dydzak                                    Plaintiff, in Pro Per
4265 Marina City Drive, Suite 407W
Marina del Rey, CA  90292
Telephone (310) 867-1289

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ellis George Cipollone O'Brien Annaguey LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 14, 2022, at Los Angeles, California.

_____
Corinne Ubence

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com

*Attorneys for Defendant Donald F. Miles*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

                Plaintiff,

     vs.

TANI CANTIL-SAKAUYE; JORGE
NAVARRETE; THOMAS LAYTON a/k/a TOM
LAYTON; CHARLES SCHWAB; DONALD F.
MILES; JOHNNIE B. RAWLINSON; BARRY
G. SILVERMAN; WILLIAM A. FLETCHER;
PETER LIND SHAW; RONALD M. GEORGE;
ERIC M. GEORGE; ALAN L. ROTHENBERG;
MIDFIRST BANK; EDWARD EPHRAIM
SCHIFFER; SIDNEY R. THOMAS; WILLIAM
DATO; MAXINE M. CHESNEY; MOLLY C.
DWYER; GEORGE H. KING; A. WALLACE
TASHIMA; FERDINAND FRANCIS
FERNANDEZ; KIM MCCLANE WARDLAW;
WILLIAM C. CANBY; RONALD M. GOULD;
RICHARD C. TALLMAN and DOES 1 through
50, inclusive,

                Defendants.

Case No.:     2:22-cv-01008-APG-VCF

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**DEFENDANT DONALD F. MILES' PARTIAL OBJECTION TO PLAINTIFF'S
MOTION FOR STAY OF PROCEEDINGS, TO AND INCLUDING, DECEMBER 14,
2022 (ECF NO. 52)**

        Defendant, Donald F. Miles ("Defendant Miles"), by and through his attorney of record,

Marquis Aurbach, hereby files his Partial Objection to Plaintiff's Motion for Stay of

Proceedings, to and including, December 14, 2022. (ECF No. 52).  This Partial Objection is

made and based upon the Memorandum of Points & Authorities attached hereto, the pleadings

and papers on file herein, and any oral argument allowed by counsel at the time of hearing.

               Page 1 of 2

## **MEMORANDUM OF POINTS & AUTHORITIES**

Defendant Miles does not object to Plaintiff's request for stay as far as it involves discovery. However, Defendant Miles does object to any stay prohibiting the Court from ruling on his Motion to Dismiss. Plaintiff's Motion for Stay makes no mention of a need to stay the Court's ruling on Defendant Miles' Motion to Dismiss.  Defendant Miles' motion is fully briefed and may be ruled upon by this Court without any further action by the Plaintiff.

Dated this 14th day of September, 2022.

MARQUIS AURBACH

By  *s/Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorney for Defendant*
*Donald F. Miles*

### **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **DEFENDANT DONALD F. MILES' PARTIAL OBJECTION TO PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS, TO AND INCLUDING, DECEMBER 14, 2022 (ECF NO. 52)** was submitted electronically for filing and/or service with the United States District Court on the 14th day of September, 2022. Electronic service of the foregoing document shall be made in accordance with the CM/ECF-Service List.

I further certify that I served a copy of this document by mailing a true and correct copy thereof, postage prepaid, addressed to:

Daniel David Dydzak
4265 Marina City Drive, Ste. 407W
Marina del Rey, CA 90292
Plaintiff Pro Per

*s/Sherri Mong*
an employee of Marquis Aurbach

Page 2 of 2

MAC:17012-001 4838983_1

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

1  **Marquis Aurbach**
   Craig R. Anderson, Esq.
2  Nevada Bar No. 6882
   10001 Park Run Drive
3  Las Vegas, Nevada 89145
   Telephone: (702) 382-0711
4  Facsimile: (702) 382-5816
   canderson@maclaw.com
5
   *Attorneys for Defendant Donald F. Miles*
6
                    **UNITED STATES DISTRICT COURT**
7
                         **DISTRICT OF NEVADA**
8
   DANIEL DAVID DYDZAK,
9
                    Plaintiff,               Case No.:    2:22-cv-01008-APG-VCF
10
          vs.
11
   TANI CANTIL-SAKAUYE; JORGE
12 NAVARRETE; THOMAS LAYTON a/k/a TOM
   LAYTON; CHARLES SCHWAB; DONALD F.
13 MILES; JOHNNIE B. RAWLINSON; BARRY
   G. SILVERMAN; WILLIAM A. FLETCHER;
14 PETER LIND SHAW; RONALD M. GEORGE;
   ERIC M. GEORGE; ALAN L. ROTHENBERG;
15 MIDFIRST BANK; EDWARD EPHRAIM
   SCHIFFER; SIDNEY R. THOMAS; WILLIAM
16 DATO; MAXINE M. CHESNEY; MOLLY C.
   DWYER; GEORGE H. KING; A. WALLACE
17 TASHIMA; FERDINAND FRANCIS
   FERNANDEZ; KIM MCCLANE WARDLAW;
18 WILLIAM C. CANBY; RONALD M. GOULD;
   RICHARD C. TALLMAN and DOES 1 through
19 50, inclusive,

20                  Defendants.

21
   **DEFENDANT DONALD F. MILES' JOINDER TO NINTH CIRCUIT DEFENDANTS'
22 OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL
                         MASTER. (ECF NO. 56)**
23
          Defendant, Donald F. Miles, by and through his attorney of record, Marquis Aurbach,
24
   hereby files his Joinder to Ninth Circuit Defendants' Opposition to Plaintiff's Motion for
25
          / / /
26
27
          / / /
28
                              Page 1 of 2

                                          MAC:17012-001 4838468_1

**SER-137**

Left margin vertical text: MARQUIS AURBACH / 10001 Park Run Drive / Las Vegas, Nevada 89145 / (702) 382-0711 FAX: (702) 382-5816

Appointment of Special Master. (ECF No. 56)

Dated this 13th day of September, 2022.

MARQUIS AURBACH

By _____*s/Craig R. Anderson*_____
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorney for Defendant*
*Donald F. Miles*

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT DONALD F. MILES' JOINDER TO NINTH CIRCUIT DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL MASTER. (ECF NO. 56)** was submitted electronically for filing and/or service with the United States District Court on the 13th day of September, 2022. Electronic service of the foregoing document shall be made in accordance with the CM/ECF-Service List.

I further certify that I served a copy of this document by mailing a true and correct copy thereof, postage prepaid, addressed to:

Daniel David Dydzak
4265 Marina City Drive, Ste. 407W
Marina del Rey, CA 90292
Plaintiff Pro Per

_____*s/Sherri Mong*_____
an employee of Marquis Aurbach

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Page 2 of 2

MAC:17012-001 4838468_1

**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com

*Attorneys for Defendant Donald F. Miles*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL DAVID DYDZAK,<br><br>                Plaintiff,<br><br>   vs.<br><br>TANI CANTIL-SAKAUYE; JORGE NAVARRETE; THOMAS LAYTON a/k/a TOM LAYTON; CHARLES SCHWAB; DONALD F. MILES; JOHNNIE B. RAWLINSON; BARRY G. SILVERMAN; WILLIAM A. FLETCHER; PETER LIND SHAW; RONALD M. GEORGE; ERIC M. GEORGE; ALAN L. ROTHENBERG; MIDFIRST BANK; EDWARD EPHRAIM SCHIFFER; SIDNEY R. THOMAS; WILLIAM DATO; MAXINE M. CHESNEY; MOLLY C. DWYER; GEORGE H. KING; A. WALLACE TASHIMA; FERDINAND FRANCIS FERNANDEZ; KIM MCCLANE WARDLAW; WILLIAM C. CANBY; RONALD M. GOULD; RICHARD C. TALLMAN and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No.:     2:22-cv-01008-APG-VCF |

<u>**DEFENDANT DONALD F. MILES' JOINDER TO DEFENDANT CHARLES SCHWAB'S RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL MASTER. (ECF NO. 55)**</u>

Defendant, Donald F. Miles, by and through his attorney of record, Marquis Aurbach, hereby files his Joinder to Defendant Charles Schwab's Response to Plaintiff's Motion for

/ / /

/ / /

Page 1 of 2

MAC:17012-001 4838256_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    Appointment of Special Master. (ECF No. 55)

2        Dated this 13th day of September, 2022.

3                                               MARQUIS AURBACH

4
                                               By      s/Craig R. Anderson
5                                                  Craig R. Anderson, Esq.
                                                   Nevada Bar No. 6882
6                                                  10001 Park Run Drive
                                                   Las Vegas, Nevada 89145
7                                                  *Attorney for Defendant*
                                                   *Donald F. Miles*
8

9                       **CERTIFICATE OF SERVICE**

10        I hereby certify that the foregoing **DEFENDANT DONALD F. MILES' JOINDER TO**

11   **DEFENDANT CHARLES SCHWAB'S RESPONSE TO PLAINTIFF'S MOTION FOR**

12   **APPOINTMENT OF SPECIAL MASTER. (ECF NO. 55)** was submitted electronically for

13   filing and/or service with the United States District Court on the 13th day of September, 2022.

14   Electronic service of the foregoing document shall be made in accordance with the CM/ECF-

15   Service List.

16        I further certify that I served a copy of this document by mailing a true and correct copy

17   thereof, postage prepaid, addressed to:

18

19                       Daniel David Dydzak
                         4265 Marina City Drive, Ste. 407W
20                       Marina del Rey, CA 90292
                         Plaintiff Pro Per
21

22

23                          *s/Sherri Mong*
                         an employee of Marquis Aurbach
24

25

26

27

28
                            Page 2 of 2

                                                   MAC:17012-001 4838256_1

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1 | JASON M. FRIERSON
United States Attorney
2 | District of Nevada
Nevada Bar Number 7709
3
PATRICK A. ROSE
4 | Assistant United States Attorney
Nevada Bar Number 5109
5 | 501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
6 | (702) 388-6336
Patrick.Rose@usdoj.gov
7 | *Attorneys for the Ninth Circuit Defendants*

8

9 | **UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
10

11

12 | DANIEL DAVID DYDZAK,                    Case No. 2:22-cv-01008-APG-VCF

13 |                         Plaintiff,      **Opposition to Motion for Appointment
                                             of Special Master**
14 | vs.

15 | TANI CANTIL-SAKAUYE, et al.,

16 |                         Defendants.

17

18 |         The Ninth Circuit Defendants submit this opposition to Plaintiff Dydzak's opposition

19 | for appointment of special master (ECF No. 53) ("Motion").[1]

20 |                         **Points and Authorities**

21 |         "Appointment of a special master must be 'the exception and not the rule,' and

22 | should occur only upon a showing of clear need". *Barnum v. Equifax Info. Servs., LLC*, No.

23

24 | [1] The Ninth Circuit Defendants are Ninth Circuit Judge William Canby, Ninth Circuit
Judge Ferdinand Fernandez, Ninth Circuit Judge William Fletcher, Ninth Circuit Judge
25 | Ronald Gould, Ninth Circuit Judge Johnnie Rawlinson, Ninth Circuit Judge Barry
Silverman, Ninth Circuit Judge Richard Tallman, Ninth Circuit Judge Sidney Thomas,
26 | Ninth Circuit Judge Kim Wardlaw, U.S. District Judge Maxine Chesney (for the Northern
District of California), Ninth Circuit Clerk of Court Molly Dwyer, former U.S. District
27 | Judge George King (for the Central District of California), former Ninth Circuit Career Law
Clerk/Staff Attorney Edward Schiffer, and former Ninth Circuit Appellate Commissioner
28 | Peter Shaw.

2:16-cv-02866-RFB-NJK, 2018 WL 1245492, at *3 (D. Nev. Mar. 9, 2018) (quoting *Burlington Northern R. Co. v. Dept. of Revenue of State of Wash.*, 934 F.2d 1064, 1071 (9th Cir. 1991) and citing Fed. R. Civ. P. 53, Advisory Committee Notes (2003)). District courts may appoint a special master to address pretrial matters that cannot be handled effectively by the judges assigned to the case. *Id.*

Several groups of defendants have filed motions to dismiss this case, which "is the latest in a long line of cases brought by Daniel D. Dydzak since his disbarment by the California Bar in 2010." *Dydzak v. United States*, No. 3:17-cv-04360-EMC, 2017 WL 4922450, at *1 (N.D. Cal. Oct. 31, 2017), *aff'd*, No. 17-17401, 2018 WL 2539464, at *1 (9th Cir. Apr. 24, 2018) (dismissing "appeal as frivolous"). Some groups of defendants have common grounds for their motions to dismiss, e.g., lack of personal jurisdiction, judicial immunity, the bar of prefiling vexatious litigant orders entered against Dydzak. Additional grounds in the Ninth Circuit Defendant's motion to dismiss include the lack of a cognizable, plausible *Bivens* claim here, and a time-bar as to the two putative *Bivens* claims for damages.[2] Judges routinely issue orders that address the merits of dispositive motions. Nothing about this case satisfies the exceptional circumstances of a clear need to address matters that cannot be effectively handled by the judges assigned to this case. Plaintiff "has not made a sufficient showing that appointment of a special master is warranted here," and the Court, therefore, should deny Dydzak's Motion. *Barnum*, 2018 WL 1245492, at *3.

Respectfully submitted this 13th day of September 2022.

JASON M. FRIERSON
United States Attorney

 /s/ Patrick A. Rose
PATRICK A. ROSE
Assistant United States Attorney

---

[2] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (the Court implied from the Constitution a cause of action for damages arising from federal law enforcement agents' alleged violation of Mr. Biven's Fourth Amendment rights against unreasonable search and seizure).

**<u>Certificate of Service</u>**

I hereby certify that on September 13, 2022, I electronically filed and served the

foregoing Opposition to Motion for Appointment of Special Master with the Clerk of the

Court for the United States District Court for the District of Nevada using the CM/ECF

system and also served a copy via US Mail to the persons below.

<u>US Mail</u>

Daniel D. Dydzak
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone (310) 867-1289
*Plaintiff, in Pro Per*

Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
E-Mail: egeorge@egcfirm.com
*Defendants in propria persona*
*Ronald M. George, and,*
*Alan I. Rothenberg*

*/s/ Vera Minkova*
Paralegal Specialist

3

1   Brian D. Blakley, Esq.
    Nevada Bar No. 13074
2   LEWIS ROCA ROTHGERBER CHRISTIE LLP
    3993 Howard Hughes Parkway, Suite 600
3   Las Vegas, NV  89169
    Tel:  702.949.8200
4   Email:  BBlakley@lewisroca.com

5   *Attorney for Defendant Charles Schwab*

6

7                    **UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEVADA**

8   DANIEL DAVID DYDZAK,                    Case No. 2:22-CV-01008-APG-VCF

9           Plaintiff,

10  vs.                                     **DEFENDANT CHARLES SCHWAB'S**
                                            **RESPONSE TO PLAINTIFF'S**
11  TANI CANTIL-SAKAUYE; JORGE              **MOTION FOR APPOINTMENT OF**
    NAVARRETE; THOMAS LAYTON a/k/a          **SPECIAL MASTER**
12  TOM LAYTON, CHARLES SCHWAB;
    DONALD F. MILES; JOHNNIE B.
13  RAWLINSON; BARRY G. SILVERMAN;
    WILLIAM A. FLETCHER; PETER LIND
14  SHAW; RONALD M. GEORGE; ERIC M.
    GEORGE; ALAN L. ROTHENBERG;
15  MIDFIRST BANK; EDWARD EPHRAIM
    SCHIFFER; SIDNEY R. THOMAS;
16  WILLIAM DATO; MAXINE M. CHESNEY;
    MOLLY C. DWYER; GEORGE H. KING; A.
17  WALLACE TASHIMA; FERDINAND
    FRANCIS FERNANDEZ; KIM MCCLANE
18  WARDLAW; WILLIAM C. CANBY;
    RONALD M. GOULD; RICHARD C.
19  TALLMAN and DOES 1 through 50, inclusive,

20          Defendants.

21

22                    **MEMORANDUM OF POINTS AND AUTHORITIES**

23      **I.      INTRODUCTION**

24          There is no reason to appoint a special master as to Defendant Charles Schwab

25  ("Schwab"), and indeed, the Court has no authority to do so. Plaintiff's Motion for Appointment

26  of Special Master ("Motion") is just the latest of Plaintiff's repeated attempts to interfere with the

27  functioning of the judicial system and revive his meritless claims. This Court should deny

28  Plaintiff's Motion, and his associated Motion for Stay of Proceedings ("Stay Motion") (ECF No.

118795829.1

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

52), at least as to Schwab.[1] It should proceed with a ruling on Schwab's pending Motion to Dismiss (MTD, ECF No. 27-1) without regard for any ruling this Court issues on the Motion or the Stay Motion as to the "9th Circuit Defendants"[2] or any other Defendants.

## II. LEGAL ARGUMENT

Reference to special masters are "'the exception and not the rule', and 'save in matters of account and of difficult computation of damages, … shall be made only upon a showing that some exceptional condition requires it.'" *Burlington N. R. Co. v. Dep't of Revenue of State of Wash.*, 934 F.2d 1064, 1071 (9th Cir. 1991) (internal citations omitted). As a result, courts strictly apply Federal Rule of Civil Procedure 53 "to require a showing of exceptional conditions to justify the appointment." *Id*.

Rule 53(a) governs the requirements to appoint a special master. It states in relevant part: "Unless a statute provides otherwise, a court may appoint a master only to: (A) perform duties consented to by the parties; (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by: (i) some exceptional condition; or (ii) the need to perform an accounting or resolve a difficult computation of damages; or (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53.

None of the limited conditions which can justify the appointment of a special master under Rule 53(a) apply to Schwab in this case. Plaintiff points to no statute justifying the appointment of a special master. Schwab does not consent to the appointment of a special master, nor has Plaintiff provided any evidence that any other party has given such consent. Furthermore, appointing a special master for trial proceedings or findings of fact would be premature as to Schwab, given that Schwab's Motion to Dismiss has been fully briefed and remains pending.

---

[1] Plaintiff's Stay Motion is addressed in greater detail in Schwab's concurrently filed Response to the same.

[2] In his Stay Motion, Plaintiff refers to the "Motion to Dismiss by the so-called 9th Circuit Defendants" (Stay Motion, ECF No. 52 at p. 2). Plaintiff identified this motion as "Document 46 on PACER" which corresponds with the Motion to Dismiss filed by Defendants Canby, Chesney, Dwyer, Fernandez, Fletcher, Gould, King, Rawlinson, Schiffer, Shaw, Silverman, Tallman, Thomas and Wardlaw. Id. (MTD, ECF No. 46). Schwab therefore also refers to these Defendants as the "9th Circuit Defendants."

1  Even if Plaintiff could establish that appointing a special master was appropriate at this early

2  stage to hold trial proceedings or determine findings of fact, Plaintiff cannot identify any

3  exceptional conditions or difficult damages calculations in this case. Finally, Plaintiff has

4  established no reason why the pretrial matters currently before the Court "cannot be effectively

5  and timely addressed" by this Court, given that Plaintiff has not even made his own initial

6  disclosures under Rule 26, discovery has not yet commenced, and neither Schwab, nor any other

7  defendant, has filed, and is not yet required to file an answer.

8       Furthermore, Plaintiff's Motion is primarily addressed towards the 9th Circuit Defendants

9  rather than Schwab. His accompanying Stay Motion addresses only claims against the 9th Circuit

10  Defendants, and does not mention Schwab at all. (Stay Motion, ECF No. 52 at p. 4) ("DYDZAK

11  also believes that the present Motion to Dismiss by so-called 9th Circuit Defendants may

12  necessitate the appointment of a special master.") Indeed, the only reference to Schwab in the

13  instant Motion is Plaintiff's request that a special master make recommendations pertaining to,

14  among other points, "[t]he issue of Defendant SCHWAB giving, upon information and belief,

15  improper incentives and bribes to various parties to harm Dydzak." (Special Master Motion, ECF

16  No. 53 at p. 3). As explained in greater detail in Schwab's Motion to Dismiss, and reply in

17  support of said motion, these specious allegations, are mere repetitions of those in Plaintiff's

18  Complaint, and would not even meet a liberal notice pleading standard, much less the "showing

19  of exceptional circumstances" required by Rule 53 to justify the appointment of a special master

20  as to Schwab. *See e.g.*, (MTD, ECF No. 27-1 at p. 2-3, 12-15); (Reply ISO MTD, ECF No. 49 at

21  p. 5-7). Plaintiff does not explain what these alleged "improper incentives and bribes" are, what

22  "various parties" they were allegedly given to, how these unknown parties allegedly harmed

23  Dydzak, or why Schwab would have any reason to engage in such a scheme.[3] Nor does the

24  qualifier "upon information and belief" transform these baseless allegations into the "showing of

25

26  [3] Plaintiff has previously made similar allegations against Schwab in a number of other cases, including *Dydzak v. Schwarzenegger*, Case No. 12-8759 (C.D. Cal. 2012); *Dydzak v. Schwab*, Case No. 4:16-cv-4799-YGR (N.D. Cal. Nov. 30, 2016) and *Dydzak v. United States*, Case No.

27  17-cv-04360-EMC (N.D. Cal. Oct. 31, 2017). He failed to substantiate these specious allegations in those cases (all of which were dismissed) and after ten years of frivolous litigation, remains

28  unable to do so in this case.

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

1  exceptional circumstances" required by Rule 53. Even if Plaintiff's allegations about the other

2  Defendants were sufficiently pled, they would not justify appointing a special master as to

3  Schwab.

4         Furthermore, even if Plaintiff's had sufficiently pled his allegations regarding Schwab,

5  they still would not justify the appointment of a special master as to Schwab. Because these

6  allegations against Schwab merely reassert those in Plaintiff's Complaint, they are subject to

7  Schwab's pending Motion to Dismiss. (MTD, ECF No. 27-1). This Court, like every other federal

8  district court, regularly deals with such motion to dismiss, assesses the sufficiency of pleading at

9  the motion to dismiss stage, and determines whether a plaintiff has failed to state a claim for

10  relief. As to Schwab, the issues are simple and can be decided on the pleadings by this Court

11  acting within its inherent and statutory authority during the normal course of its business. Indeed,

12  Plaintiff himself affirmatively states that, "[t]his Court has inherent and statutory authority to

13  regulate its own affairs as a federal court." (Special Master Motion, ECF No. 53 at p. 3) (citing

14  *Wayman v. Southhard*, 29 U.S. 1 (1825)). There is no need for a special master to usurp this

15  Court's authority or to interfere with its daily processes, procedures and inherent powers.

16         Plaintiff's attempt to enlist a special master at this stage seeks to upend the procedural

17  process under the civil rules of procedure. It is unclear what other reason Plaintiff could have to

18  request a Special Master,[4] save perhaps to add another defendant to his inevitable future frivolous

19  suits. Nor does Plaintiff explain what his proposed special master would actually do as to Schwab

20  other than "make recommendations… without limitations" on "various matters before the court"

21  including the unfounded bribery allegation directed against Schwab, which, after 10 years of

22  litigation, is still founded on nothing more than "information and belief." (Special Master Motion,

23  ECF No. 53 at p. 3). Plaintiff cannot sidestep Schwab's pending Motion to Dismiss simply by

24

_____

[4] Plaintiff's request that a special master be appointed to address the purported blocking of his
25  cell phone number is a red herring. Firstly, on or about January 1, 2017, in *Dydzak v. Alexander*,
2:16-cv-02915-ODW, Docket No. 29 (C.D. Cal. June 1, 2016), the Ninth Circuit Court of
26  Appeals prohibited Plaintiff from communicating with the court except in writing, due in part to
Plaintiff's designation as a vexatious litigant. Second, as evidenced by the pleadings filed in this
27  case, Plaintiff has not been denied access to the Court. At most, he has been denied the ability to
do so via his cell phone pursuant to a duly authorized order issued in a prior case. Finally,
28  Schwab objects to Plaintiff's ex parte communications with the Court. *See e.g.*, (Letter, ECF No.
51); (Special Master Motion, ECF No. 53 at p. 8, 11).

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

1  repeating his allegations here. Plaintiff further appears to request that this Court appoint a special

2  master over Schwab to rule on discovery issues before Schwab has, or more importantly, is even

3  required to file an answer. Plaintiff's Motion for Appointment of a Special Master as to Schwab is

4  simply a thinly veiled end around the rules of civil procedure to keep a claim that is unsupported

5  in fact, and otherwise dead-on-arrival, alive.

6          Rule 53 and its comments specifically caution against appointing special masters in cases

7  like this one. "A pretrial master should be appointed only when the need is clear. Direct judicial

8  performance of judicial functions may be particularly important in cases that involve important

9  public issues or many parties. At the extreme, a broad delegation of pretrial responsibility… can

10  run afoul of Article III."[5] Fed. R. Civ. P. 53 advisory committee's note to 2003 amendment. This

11  case unquestionably involves many parties, necessitating direct judicial performance of judicial

12  functions by this Court. And as previously discussed, Plaintiff seeks a broad delegation of pretrial

13  responsibility, literally "without limitation" (Special Master Motion, ECF No. 53 at p. 3), which

14  risks running afoul of Article III and divesting this Court of its constitutional authority and

15  responsibilities.

16          Other factors weigh against appointing a special master as to Schwab. For example, Rule

17  53(a)(3) specifically states that, "[i]n appointing a master, the court must consider the fairness of

18  imposing the likely expenses on the parties and must protect against unreasonable expense or

19  delay." Appointing a special master in this case as to Schwab would cause Schwab unreasonable

20  delay. Indeed, Plaintiff has already attempted to use his Motion as a justification to stay this case.

21  (Stay Motion, ECF No. 52 at p. 5) ("The possible future appointment of a special master makes

22  the issuance of a stay warranted as well.") Given that Schwab's Motion to Dismiss is fully

23  briefed, any delay in ruling on it stemming from the appointment of a special master is unjustified

24  and unreasonable. Likewise, any unnecessary expense Schwab incurs as a result of appointing a

25  _____

26  [5] It should be noted that Plaintiff has previously pointed to Article III as a basis to challenge
    previous rulings against him, and to bring suit against judicial officials who have issued rulings

27  he found unfavorable. *See e.g.*, (Compl., ECF No. 1-2 at 12). Given Plaintiff's history of
    vexatious litigation, Plaintiff may employ similar tactics to challenge any unfavorable
    recommendations issued by a special master or by this Court should it appoint one. Conversely, if

28  Plaintiff's concerns about Article III are genuine, they support the argument that this Motion
    should be denied as to Schwab.

1  special master, including any compensation payment under Rule 53(g) would be unreasonable.

2  Accordingly, even if a special master is appointed as to any other Defendants, it should not

3  postpone this Court's ruling on Schwab's Motion to Dismiss, nor should Schwab have to pay any

4  compensation for the special master.

5        Other than a bare citation to Rule 53(b), the sole authority Plaintiff cites to justify the

6  appointment of a special master is *In re United States Department of Defense*, 848 F .2d 232, 236

7  (D.C. Cir. 1988) (Special Master Motion, ECF No. 53 at p. 3). He uses that case in support of the

8  proposition that "[a] special master is needed in this case to make recommendations to the District

9  Judge as to the disposition of various matters before the court." *Id*. Yet that case supports the

10  opposite conclusion. *In re U.S. Dep't of Def.*, 848 F.2d 232, 236 (D.C. Cir. 1988). The "*DOD*"

11  court emphasized that the case before it "feature[d] a <u>very special set of circumstances</u> which

12  meet the 'exceptional condition' test of Rule 53." *Id*. (emphasis added). Among these special set

13  of circumstances were the fact that the case involved "a FOIA claim with... a massive collection

14  of 14,000 pages" and that to review those documents would require numerous court clerks to

15  undergo a time-consuming process of obtaining special security clearances. *Id*. Most notably, the

16  *DOD* court found that the lower court's appointment of a special master was appropriate in large

17  part because the lower court judge "carefully cabined the master's authority. He expressly

18  forbade the master from making any recommendations..." *Id*. By contrast, Plaintiff requests that a

19  proposed special master be entitled to make recommendations literally "without limitation."

20  (Special Master Motion, ECF No. 53 at p. 3). Because there has not yet been a ruling on

21  Schwab's fully briefed Motion to Dismiss, there are as yet no discoverable documents for the

22  court to review, much less 14,000 documents requiring special security clearance the motion for a

23  special master should be denied. And to the extent the pleadings in this case thus far appear

24  voluminous, it is solely because of Plaintiff's history of vexatious litigation, which cannot serve

25  as grounds for granting his Motion.

26  **III.    CONCLUSION**

27        For the forgoing reasons, Plaintiff's Motion for Appointment of a Special Master should

28  be denied as to Schwab. If this Court grants this Motion or Plaintiff's Stay Motion as to any other

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

SER-149

1    Defendants, it should not allow either to delay its ruling on Schwab's pending Motion to Dismiss,

2    nor should Schwab be required to pay any compensation for a special master.

3            Dated this 12th day of September, 2022.

4                                              LEWIS ROCA ROTHGERBER CHRISTIE LLP

5

6                                              By: /s Brian Blakley
                                               Brian D. Blakley
7                                              Nevada Bar No. 13074
                                               3993 Howard Hughes Parkway, Suite 600
8                                              Las Vegas, NV  89169
                                               E-mail: BBlakley@LewisRoca.com
9
                                               Attorney for Charles Schwab
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SER-150

1

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

## CERTIFICATE OF SERVICE

I hereby certify that, on September 12, 2022, a true and exact copy of the foregoing has been served upon all parties via CM/ECF.

US Mail

Daniel D. Dydzak
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone (310) 867-1289
*Plaintiff, in Pro Per*

Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
E-Mail: egeorge@egcfirm.com
*Defendants in propria persona*
*Ronald M. George, and,*
*Alan I. Rothenberg*

  /s/  Rebecca J. Contla
An employee of Lewis Roca
Rothgerber Christie LLP

Brian D. Blakley, Esq.
Nevada Bar No. 13074
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Tel:  702.949.8200
Email:  BBlakley@lewisroca.com

*Attorney for Defendant Charles Schwab*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

      Plaintiff,

vs.

TANI CANTIL-SAKAUYE; JORGE
NAVARRETE; THOMAS LAYTON a/k/a
TOM LAYTON, CHARLES SCHWAB;
DONALD F. MILES; JOHNNIE B.
RAWLINSON; BARRY G. SILVERMAN;
WILLIAM A. FLETCHER; PETER LIND
SHAW; RONALD M. GEORGE; ERIC M.
GEORGE; ALAN L. ROTHENBERG;
MIDFIRST BANK; EDWARD EPHRAIM
SCHIFFER; SIDNEY R. THOMAS;
WILLIAM DATO; MAXINE M. CHESNEY;
MOLLY C. DWYER; GEORGE H. KING; A.
WALLACE TASHIMA; FERDINAND
FRANCIS FERNANDEZ; KIM MCCLANE
WARDLAW; WILLIAM C. CANBY;
RONALD M. GOULD; RICHARD C.
TALLMAN and DOES 1 through 50, inclusive,

      Defendants.

Case No. 2:22-CV-01008-APG-VCF

**DEFENDANT CHARLES SCHWAB'S
RESPONSE TO PLAINTIFF'S
MOTION FOR STAY OF
PROCEEDINGS TO AND INCLUDING
DECEMBER 14, 2022**

**MEMORANDUM OF POINTS AND AUTHORITIES**

      Plaintiff's Motion for Stay should be summarily denied as to Defendant Charles Schwab

("Schwab"), and the Court should proceed with a ruling on Schwab's pending Motion to Dismiss

/ / /

/ / /

/ / /

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

(MTD, ECF No. 27-1) without regard to its ruling on a stay as to the "9th Circuit Defendants."[1],[2] Plaintiff's Motion for Stay is directed almost exclusively at the 9th Circuit Defendants, and makes no mention of, or even allusion to, Plaintiff's claims against Schwab or a stay of rulings on Schwab's Motion to Dismiss. For example, Plaintiff alleges that he "needs additional time to respond to the Motion to Dismiss by the so-called 9th Circuit Defendants." (Stay Motion, ECF No. 52 at p. 3). He also claims that he "believes that the present Motion to Dismiss by so-called 9th Circuit Defendants may necessitate the appointment of a special master…" *Id*. *See also Id*. at 2. Plaintiff's Motion for Appointment of Special Master (Special Master Motion, ECF No. 53) is addressed in greater detail in Schwab's concurrently filed Response to the same, but there is no basis for granting said Motion as to Schwab. Therefore, even if a special master is appointed as to any other Defendants, it does not justify a stay as to Schwab.

None of the other reasons Plaintiff cites to grant a stay apply to Schwab. Schwab's Motion to Dismiss has been fully briefed and may be ruled upon this court without any further action by Plaintiff. (MTD, ECF No. 27-1). *See also* (Reply ISO MTD, ECF No. 49). Therefore, Plaintiff's need to care for his mother, for example, does not affect this court's ability to rule on Schwab's Motion to Dismiss. (Stay Motion, ECF No. 52 at p. 3, 5). Nor do Plaintiff's oblique references to unspecified "pending developments" in the Supreme Court of California or the Nevada Supreme Court and corresponding references to potential "resolution," "settlement," or "moot[ness]" justify postponing a ruling on Schwab's Motion to Dismiss. *Id*. Schwab is unaware of any matters pending in the Supreme Court of California or Nevada that impact this case. Further, given Plaintiff's history of vexatious litigation, these "developments" (whatever they are) are unlikely to stem the tide of frivolous lawsuits. Indeed, Plaintiff's appeal from the dismissals with prejudice

---

[1] Plaintiff refers to the "Motion to Dismiss by the so-called 9th Circuit Defendants (Stay Motion, ECF No. 52 at p. 2). Plaintiff identified this motion as "Document 46 on PACER" which corresponds with the Motion to Dismiss filed by Defendants Canby, Chesney, Dwyer, Fernandez, Fletcher, Gould, King, Rawlinson, Schiffer, Shaw, Silverman, Tallman, Thomas and Wardlaw. (MTD, ECF No. 46). Schwab therefore also refers to these Defendants as the "9th Circuit Defendants."

[2] Plaintiff separately contacted counsel for Schwab to request to delay a ruling on his MTD by voluntarily stipulating to the stay at issue here. Schwab respectfully declined for the reasons set forth here.

SER-153

1   entered by the Eighth Judicial District Court, Clark County has been dismissed for lack of

2   jurisdiction. (Order Dismissing Appeal attached as Exhibit 1). Accordingly, to the extent this

3   Court grants a stay as to any other Defendants, it should not do so as to Schwab, nor should it

4   allow such a stay to justify delaying its ruling on Schwab's pending Motion to Dismiss.

5          Dated this 12th day of September, 2022.

6                                              LEWIS ROCA ROTHGERBER CHRISTIE LLP

7

8                                              By: */s Brian Blakley*
                                               Brian D. Blakley
9                                              Nevada Bar No. 13074
                                               993 Howard Hughes Parkway, Suite 600
10                                             Las Vegas, NV  89169
                                               E-mail: BBlakley@LewisRoca.com
11
                                               *Attorney for Charles Schwab*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

118795826.1                              - 3 -

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 12, 2022, a true and exact copy of the foregoing has been served upon all parties via CM/ECF.

US Mail

Daniel D. Dydzak
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone (310) 867-1289
*Plaintiff, in Pro Per*


Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
E-Mail: egeorge@egcfirm.com
*Defendants in propria persona*
*Ronald M. George, and,*
*Alan I. Rothenberg*

  /s/ Rebecca J. Contla
An employee of Lewis Roca
Rothgerber Christie LLP

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

118795826.1

- 4 -

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

```
_____ FILED        _____ RECEIVED
_____ ENTERED      _____ SERVED ON
        COUNSEL/PARTIES OF RECORD

        SEP 2 - 2022

   CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| | **Case No. 2:22-cv-01008-APG-VCF** |
| DANIEL DAVID DYDZAK, <br><br> Plaintiff, <br><br> v. <br><br> TANI CANTIL-SAKAUYE, et al., <br><br> Defendants. | **PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES THERETO; DECLARATION OF DANIEL DAVID DYDZAK IN SUPPORT THEREOF** <br><br> **Hearing Requested** <br><br> Before Hon. Andrew P. Gordon, U.S. District Judge |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

COMES NOW Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), and moves for appointment of a Special Master before the Court makes any dispositive rulings on the various Motions to Dismiss pending before this Honorable Court. Said Special Master is needed in order that he/she can provide guidance and input on various

DYDZAK V. CANTIL-SAKAUYE

1  issues of law and fact before this Honorable federal Court.

2       This Motion is based on this Notice, the attached Memorandum of Points and

3  Authorities and Declaration of Daniel David Dydzak, and such other argument and

4  authority as may be presented at the hearing of said Motion.

5

6

7  Dated:  August 31, 2022             Respectfully Submitted,

8

9

10                       DANIEL DAVID DYDZAK

11                       Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYDZAK V. CANTIL-SAKAUYE          2

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2

3                                   I

4  ## <u>THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY</u>

5  ## <u>TO APPOINT A SPECIAL MASTER IN THE INTERESTS OF JUSTICE AND</u>

6  ## <u>EQUITY</u>

7

8       This Court has inherent and statutory authority to regulate its own affairs as a

9  federal court. <u>Wayman v, Southhard</u>, 29 U.S. 1 (1825). A federal court has broad

10 discretion to stay an action. <u>Landis v. North American Co.</u>, 229 U.S. 248, 255 (1936).

11      A special master is needed in this case to make recommendations to the District

12 Judge as to the disposition of various matters before the court. Fed.R.Civ.P. 53(b); <u>In re</u>
<u>United States Department of Defense</u>, 848 F.2d 232, 236 (D.C. Cir. 1988).

13      Among issues that a Special Master should be called upon to make

14 recommendations pertaining thereto, without limitation:

15     (1) The issue of Defendant SHAW impersonating a judge against DYDZAK's civil

16         rights and thereby harming him.

17     (2) The issue of the illegal blocking of DYDZAK's cell phone by the Clerk of the

18         Ninth Circuit Court of Appeals, Defendant DWYER,

19     (3) The issue of the disqualification or possible disqualification of the U.S.

20         Attorney's Office in this case.

21     (4) The issue of Defendant SCHWAB giving, upon information and belief,

22         improper financial incentives and bribes to various parties to harm DYDZAK.

23     (5) The failure and obstruction of justice by various 9th Circuit Defendants in not

24         ruling on motions pending before that Court, against DYDZAK's civil rights,

25     (6)  The tax fraud, money-laundering, criminal conversion and mail fraud by

26         Defendants ROTHENBERG and Defendant GEORGES to harm DYDZAK.

27     (7) The issue of Defendant KING not providing DYDZAK a required evidentiary

28         hearing pertaining to DYDZAK's status as a federally licensed attorney in the

DYDZAK V. CANTIL-SAKAUYE                        3

1      Central District of California, against Plaintiff's civil rights and applicable law.

## II  **CONCLUSION**

For the reasons set forth herein, and in the interests of justice and equity, the Motion to Appoint a Special Master should be granted.

Dated: August 31, 2022          Respectfully Submitted,

DANIEL DAVID DYDZAK

Plaintiff

DYDZAK V. CANTIL-SAKAUYE        4

# DECLARATION OF DANIEL DAVID DYDZAK

I, DANIEL DAVID DYDZAK, declare:

1.    I am the Plaintiff in the above-entitled case. The facts herein are known to this Declarant. If called as a witness to same, I could and would competently testify thereto under oath. I am an adult over eighteen years, and a resident of the County of Los Angeles, State of California.

2.    The appointment of a special master is warranted under the circumstances, as set forth in the within Motion.

3.    My cell phone, 310-867-1289, is being blocked in various federal courts. I have relayed this violation of my civil and constitutional rights to appropriate persons, per true and correct copies of correspondence and emails collectively marked and attached hereto as Exhibit 1 and incorporated by reference herein.

4.    An issue that a Special Master should consider is whether or not the U.S. Attorney's Office in Nevada should cease representation of various parties and disqualify themselves.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on August 31, 2022, at Marina del Rey, California.

DANIEL DAVID DYDZAK
Declarant

DYDZAK V. CANTIL-SAKAUYE                    5

1

**CERTIFICATE/PROOF OF SERVICE**

2

3        I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to

4    the within above-entitled action, that I am employed in the County of Los Angeles, State of

5    California, and that my business address is  4265 Marina City Drive, Suite 407W, Marina del

6    Rey, CA 90292.

7        On August 31, 2022, I served a true and correct copy of the following document or pleading

8    on the interested parties or their counsel of record:

9

10   PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL MASTER; MEMORANDUM

     OF POINTS AND AUTHORITIES THERETO; DECLARATION OF DANIEL DAVID

11   DYDZAK IN SUPPORT THEREOF

12

13        [X]  [BY U.S. MAIL] On this same day,  I mailed the interested parties or their

14   counsel of record the above-described document or pleading by regular United States mail to their

15   respective service or mailing addresses.

16

17   OLSON CANNON GORMLEY & STOBERSKI          MARQUIS AURBACH

18   9950 WEST CHEYENE AVENUE                  10001 PARK RUN DRIVE

19   LAS VEGAS, NEVADA 89129                   LAS VEGAS, NEVADA 89145

20

21   QUINTAIROS, PRIETO, WOOD & BOYER, P.A.    PATRICK A. ROSE, ESQ.

22   200 S. VIRGINIA ST., 8TH FL.              U.S. ATTORNEY OFFICE

23   RENO, NEVADA 89501                        501 LAS VEGAS BLVD. SO.

24                                             SUITE 1100

25                                             LAS VEGAS, NEVADA 89101

26

27

28

PROOF OF SERVICE                        6

1

2   ERIC M. GEORGE                LEWIS ROCA

3   RONALD M. GEORGE             3993 HOWARD HUGHES PARKWAY

4   ALAN I. ROTHENBERG          STE 600

5   c/o 2121 AVENUE OF THE STARS   LAS VEGAS, NEVADA 89161

6   30TH FLOOR

7   LOS ANGELES, CA 90067

8

9   HINSHAW & CULBERTSON, LLP

10  350 SOUTH GRAND AVE., STE 3600

11  LOS ANGELES, CA 90071

12

13      I declare under penalty of perjury under the laws of the United States of America that the

14  foregoing is true and correct, and that this Declaration was executed on August 31, 2022,

15  at Los Angeles, California.

16

17                                      Jim Lane

18                                   _____

19                                   JIM LANE

20                                   Declarant

21

22

23

24

25

26

27

28

PROOF OF SERVICE                        7

DANIEL DAVID DYDZAK
4265 MARINA CITY DRIVE, SUITE 407W
MARINA DEL REY, CA 90292
TELEPHONE: (310) 867-1289

Hon. Miranda M. Du
Chief Judge
United States District Court (Nevada)
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101

August 31, 2022

VIA U.S. MAIL
RE: ADMINISTRATIVE COMPLAINT RE: ILLEGAL BLOCKING OF MY CELL PHONE
(310) 867-1289 TO TELEPHONE NUMBERS OF YOUR COURT BUILDING AND
OTHER FEDERAL NEVADA COURT BUILDINGS; REQUEST FOR
INVESTIGATION AND REMOVAL OF THE ILLEGAL BLOCKING

Dear Chief Judge Du:

I am the Plaintiff in pending federal litigation in your courthouse, DYDZAK V. CANTIL-SAKAUYE et al.
(2:22-cv-01008). There is, and was at all times relevant hereto, an illegal blocking of my aforesaid cell
phone, upon reasonable information and belief, and same was done and/or ratified illegally by former
Chief 9th Circuit Judge Sidney Thomas and other federal agents without an OSC to me. This illegal activity
is being illegally condoned and continued, upon reasonable information and belief, by the present Chief
Judge of the 9th Circuit, Mary H. Murguia. Could you as Chief Judge take steps to investigate and remove
the unlawful blockage which violates applicable state and federal law and violates my civil and
constitutional rights, including my First Amendment access to the courts and equal protection and due
process of laws? Thank you for your anticipated prompt attention to this urgent matter.

This letter is in no manner to be construed as an illegal ex parte communication, but is a bonafide
administrative complaint re: compliance with the Rule of Law in the federal courts. However, it may at
some point be attached as an Exhibit to a pertinent pleading in the future, if warranted, in a court of
competent jurisdiction in order to protect my legal and constitutional rights. At the present time, the
Ninth Circuit is apparently illegally blocking my cell phone number as well, despite my complaining
about it.

This administrative complaint is also being brought to the attention of the Chief Justice of the U.S.
Supreme Court and Chief Circuit Judge Murguia.

Respectfully,

DANIEL D. DYDZAK

cc: Chief Justice Roberts, U.S. Supreme Court; Chief Judge Murguia, 9th Circuit Court of Appeals

ExHIBIT 1                                    8

DYDZAK V. CANTIL- SAKAUYE ET AL.

From: Daniel Dydzak (ddydzak@yahoo.com)

To:     patrick.rose@usdoj.gov

Date: Tuesday, August 30, 2022 at 08:42 PM PDT

Dear Mr. Rose:

I understand that you are an advocate. However, certain of your clients, upon information and belief, have engaged in conduct that not only violates my civil rights but is or could be construed as criminal (e.g., blocking my phone illegally against applicable law; using an attorney falsely impersonating a judge), So it is quite disingenuous to bring your clients' motion to dismiss when my rights are being egregiously violated.

I have just found out that my phone is illegally blocked to the Nevada U.S. District Court which improperly originated with Judge Chen of the San Francisco federal court and was then condoned and ratified by various Ninth Circuit judges, including but not limited to your client, Circuit Judge Thomas. There was never an OSC before blocking my phone. This is yet another example of certain federal judges violating the law and not observing the Rule of Law.

You and your office should do an investigation into the illegal blocking. Please govern yourself accordingly. It raises an actual or potential issue that you are a material witness to criminal conduct. As an officer of the Court, and an Assistant U.S. Attorney, you are not allowed to tolerate criminal activity at the federal level.

Very truly yours,

DANIEL D. DYDZAK
Plaintiff

*9*

# DYDZAK V. CANTIL-SAKAUYE ET AL.

From:  Daniel Dydzak (ddydzak@yahoo.com)

To:     patrick.rose@usdoj.gov

Date   Wednesday, August 31, 2022 at 04:44 AM PDT


Dear Mr. Rose:

It came to my attention yesterday that my cell phone, 310-867-1289, is being illegally blocked, upon reasonable information and belief, in all federal Nevada courthouse telephone numbers. I am bringing this illegal activity to the attention of the Chief Judge of the Nevada federal court and the Chief Justice of the United States and the Chief 9th Circuit Judge.

Your office's Motion to Dismiss apparently does not address the illegal blockage of my phone by the Ninth Circuit Clerk and Defendant THOMAS while he was Chief Judge for a long time of that Circuit. This is illegal. Defendant Schiffer has acknowledged to me that he was "behind" the blockage of my phone. The aforementioned misconduct is a violation of my civil rights and criminal.

Please advise if the U.S. Attorney's Office in Nevada is going to investigate the illegal blockage of my phone. This is against applicable federal and state law as well as criminal in nature. I am being denied due process of law, equal protection and my First Amendment right of access to the courts. Should the U.S. Attorney's Office in Nevada not investigate this criminal conduct, this would appear to make you and the present  U.S. Attorney in Las Vegas, Nevada compromised, complicit in criminal activity, and grounds for your disqualification and your office. That is one reason a special master is needed. Please respond to this email FORTHWITH. Please explain your position on this illegal blocking forthwith in writing.

Very truly yours,

DANIEL D. DYDZAK
Plaintiff



FOREVER USA
0377208311154951

LOS ANGELES
31 AUG 2022

XRAYED FOR MARSHALS

Darrel O Dykzale
12265 Marina City Dr.
#407W
Marina Del Rey, CA 90292

Clerk
Office (Civil Filing)
United State District Court
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 2 - 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY
707323

1
2      Daniel David Dydzak
       Plaintiff
3      4265 Marina City Drive, Suite 407W
       Marina del Rey, CA 90292
4      Telephone: (310) 867-1289
       Email: ddydzak@yahoo.com
5
6
7
8                          UNITED STATES DISTRICT COURT
9                                DISTRICT OF NEVADA
10                                                Case No. 2:22-cv-01008-APG-VCF
11
12                                                **PLAINTIFF'S MOTION FOR STAY OF**
                                                  **PROCEEDINGS TO AND INCLUDING**
13     DANIEL DAVID DYDZAK,                       **DECEMBER 14, 2022; MEMORANDUM**
                                                  **OF POINTS AND AUTHORITIES**
14                    Plaintiff,                  **THERETO; DECLARATION OF DANIEL**
                                                  **DAVID DYDZAK IN SUPPORT**
15            v.                                  **THEREOF**
16     TANI CANTIL-SAKAUYE, et al.,               **Hearing Requested**
17                    Defendants.                 Before Hon. Andrew P. Gordon,
                                                  U.S. District Judge
18
19
20
21
22          TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF
23     RECORD:
24          COMES NOW Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), and
25     moves for a stay of the proceedings in this case, to and including December 14, 2022.
26          This Motion is based on this Notice, the attached Memorandum of Points and
27     Authorities and Declaration of Daniel David Dydzak, and such other argument and
28

       DYDZAK V. CANTIL-SAKAUYE

1    authority as may be presented at the hearing of said Motion.

2         This Court has inherent and statutory authority to issue the requested stay. In

3    connection with this stay motion, DYDZAK moves that his opposition pleadings and

4    papers to the Motion to Dismiss by so-called 9th Circuit Defendants (Document 46 on

5    PACER) be extended to December 15, 2022. The responsive pleadings to same are

6    presently due September 13, 2022.

7

8    Dated:  August 30, 2022                    Respectfully Submitted,

9

10

11                                              _____

12                                              DANIEL DAVID DYDZAK

13                                                    Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYDZAK V. CANTIL-SAKAUYE                    2

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

I

## <u>THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY TO STAY THE ACTION TO AND INCLUDING DECEMBER 14, 2022, IN THE INTERESTS OF JUSTICE AND EQUITY</u>

Per the attached Declaration of Daniel David Dydzak, there is good cause to stay this case to and including December 14, 2022.

This Court has inherent and statutory authority to regulate its own affairs as a federal court. <u>Wayman v. Southhard</u>, 29 U.S. 1 (1825). A federal court has broad discretion to stay an action. <u>Landis v. North American Co.</u>, 229 U.S. 248, 255 (1936). Stays are, for example, often granted where there is a pending arbitration. U.S.C. Section 3.

In this case, DYDZAK needs additional time to respond to the Motion to Dismiss by so-called 9th Circuit Defendants. There are complex issues of law and fact that need to be addressed. In addition, there are pending developments in the Nevada Supreme Court which may or may not dictate whether DYDZAK pursues this case and to what extent. There are other pending developments in the makeup of the Supreme Court of California which may lend itself to resolution with DYDZAK in the near term and make certain issues/causes of action possibly moot. DYDZAK also believes that the present Motion to Dismiss by so-called 9th Circuit Defendants may necessitate the appointment of a special master and he will be filing a motion for such special master in the near term. There are other personal considerations involving DYDZAK's care of his elderly mother that necessitate the stay.

## V  <u>CONCLUSION</u>

For the reasons set forth herein, and in the interests of justice and equity, the

DYDZAK V. CANTIL-SAKAUYE                    3

1  Motion to Stay the Case until December 14, 2022, should be granted. The deadline to file

2  and serve opposition papers to the 9th Circuit Defendants' Motion to Dismiss should be

3  extended to and including December 15, 2022, in connection with a stay Order.

4      The relief moved for is warranted and reasonable.

5

6

7  Dated:                       Respectfully Submitted,

8

9

10

11                             DANIEL DAVID DYDZAK

12                                  Plaintiff

13

DYDZAK V. CANTIL-SAKAUYE    4

DECLARATION OF DANIEL DAVID DYDZAK

I, DANIEL DAVID DYDZAK, declare:

1.   I am the Plaintiff in the above-entitled case. The facts herein are known to this Declarant. If called as a witness to same, I could and would competently testify thereto under oath. I am an adult over eighteen years, and a resident of the County of Los Angeles, State of California.

2.   I move for a stay to and including December 14, 2022, based upon good cause as follows. I need additional time to respond to, research the recently filed Motion to Dismiss by the so-called 9th Circuit Defendants. I need additional time to meet and confer with experienced counsel as best how to respond to same. In addition, the issues presented in this case are such I will be filing shortly a motion for special master to make recommendations to this Court that would be useful. This is a complicated case because of the issues presented and certain of the participant-Defendants involved. In addition, my 83 year old mother has various physical ailments and medical issues that will necessitate my going to see her in Florida for an extended period of time. She is legally blind and needs assistance in various ways. The stay will also allow me additional time to explore resolution and possible settlement due to pending developments in the Nevada Supreme Court and the Supreme Court of California. The stay should be granted to and including December 14, 2022, and the deadline to file opposition papers to the 9th Circuit Defendants' Motion to Dismiss extended to December 15, 2022. The possible future appointment of a special master makes the issuance of a stay warranted as well.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on August 30, 2022, at Marina del Rey, California.

DANIEL DAVID DYDZAK
Declarant

DYDZAK V. CANTIL-SAKAUYE                    5

1

2

## CERTIFICATE/PROOF OF SERVICE

3          I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to

4   the within above-entitled action, that I am employed in the County of Los Angeles, State of

5   California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del

6   Rey, CA 90292.

7          On August 30, 2022, I served a true and correct copy of the following document or pleading

8   on the interested parties or their counsel of record:

9

10  PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS TO AND INCLUDING

11  DECEMBER 14, 2022; MEMORANDUM OF POINTS AND AUTHORITIES THERETO;

12  DECLARATION OF DANIEL DAVID DYDZAK IN SUPPORT THEREOF

13

14          [X]  [BY U.S. MAIL] On this same day,  I mailed the interested parties or their

15  counsel of record the above-described document or pleading by regular United States mail to their

16  respective service or mailing addresses.

17  OLSON CANNON GORMLEY & STOBERSKI          MARQUIS AURBACH

18  9950 WEST CHEYENE AVENUE                  10001 PARK RUN DRIVE

19  LAS VEGAS, NEVADA 89129                   LAS VEGAS, NEVADA 89145

20

21  QUINTAIROS, PRIETO, WOOD & BOYER, P.A.    PATRICK A. ROSE, ESQ.

22  200 S. VIRGINIA ST., 8TH FL.             U.S. ATTORNEY OFFICE

23  RENO, NEVADA 89501                        501 LAS VEGAS BLVD. SO.

24                                            SUITE 1100

25                                            LAS VEGAS, NEVADA 89101

26

27

28

PROOF OF SERVICE                      6

1

2   ERIC M. GEORGE            LEWIS ROCA

3   RONALD M. GEORGE         3993 HOWARD HUGHES PARKWAY

4   ALAN I. ROTHENBERG       STE 600

5   c/o 2121 AVENUE OF THE STARS   LAS VEGAS, NEVADA 89161

6   30TH FLOOR

7   LOS ANGELES, CA 90067

8

9   HINSHAW & CULBERTSON, LLP

10  350 SOUTH GRAND AVE., STE 3600

11  LOS ANGELES, CA 90071

12

13         I declare under penalty of perjury under the laws of the United States of America that the

14  foregoing is true and correct, and that this Declaration was executed on August 30, 2022,

15  at  Los Angeles, California.

16

17                                          Jim Lane

18                                          _____

19                                          JIM LANE
    
20                                          Declarant

21

22

23

24

25

26

27

28

PROOF OF SERVICE                    7

SER-173

FOREVER USA
037720830184419

FOREVER USA
037720830184419

Daniel D Dydzak
4265 Marina City Drive
#407W Marina Del Rey, 90292

RECEIVED
ENTERED
SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 2 - 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

Clerks Office (Civil Filing)
U.S. District Court / District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101

8910185345

DANIEL DAVID DYDZAK
4265 MARINA CITY DRIVE, SUITE 407W
MARINA DEL REY, CA 90292
TELEPHONE: (310) 867-1289



Hon. Miranda M. Du
Chief Judge
United States District Court (Nevada)
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101

August 31, 2022

VIA U.S. MAIL
RE:  ADMINISTRATIVE COMPLAINT RE: ILLEGAL BLOCKING OF MY CELL PHONE
(310) 867-1289 TO TELEPHONE NUMBERS OF YOUR COURT BUILDING AND
OTHER FEDERAL NEVADA COURT BUILDINGS; REQUEST FOR
INVESTIGATION AND REMOVAL OF THE ILLEGAL BLOCKING

Dear Chief Judge Du:

I am the Plaintiff in pending federal litigation in your courthouse, DYDZAK V. CANTIL-SAKAUYE et al. (2:22-cv-01008). There is, and was at all times relevant hereto, an illegal blocking of my aforesaid cell phone, upon reasonable information and belief, and same was done and/or ratified illegally by former Chief 9th Circuit Judge Sidney Thomas and other federal agents without an OSC to me. This illegal activity is being illegally condoned and continued, upon reasonable information and belief, by the present Chief Judge of the 9th Circuit, Mary H. Murguia. Could you as Chief Judge take steps to investigate and remove the unlawful blockage which violates applicable state and federal law and violates my civil and constitutional rights, including my First Amendment access to the courts and equal protection and due process of laws?  Thank you for your anticipated prompt attention to this urgent matter.

This letter is in no manner to be construed as an illegal ex parte communication, but is a bonafide administrative complaint re: compliance with the Rule of Law in the federal courts. However, it may at some point be attached as an Exhibit to a pertinent pleading in the future, if warranted, in a court of competent jurisdiction in order to protect my legal and constitutional rights. At the present time, the Ninth Circuit is apparently illegally blocking my cell phone number as well, despite my complaining about it.

This administrative complaint is also being brought to the attention of the Chief Justice of the U.S. Supreme Court and Chief Circuit Judge Murguia.

Respectfully,

DANIEL D. DYDZAK

cc: Chief Justice Roberts, U.S. Supreme Court; Chief Judge Murguia, 9th Circuit Court of Appeals



Daniel D. Tydgale
1265 Laguna Cliffs Dr.
#407W
Laguna del Mar, CA 90292

FILED US MARSHALX

LOS ANGELES CA 900

31 AUG 2022 PM 8 L

FOREVER

Hon. Miranda M. Du
Chief Judge
United States District Court (Nevada)
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101

RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 2 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

CC: _____
ENTERED _____

89101-706599

1   JASON M. FRIERSON
    United States Attorney
2   District of Nevada
    Nevada Bar Number 7709
3
    PATRICK A. ROSE
4   Assistant United States Attorney
    Nevada Bar Number 5109
5   501 Las Vegas Blvd. So., Suite 1100
    Las Vegas, Nevada 89101
6   (702) 388-6336
    Patrick.Rose@usdoj.gov
7   *Attorneys for the Ninth Circuit Defendants*

8

9                  **UNITED STATES DISTRICT COURT**
10                       **DISTRICT OF NEVADA**

11

12   DANIEL DAVID DYDZAK,                          Case No. 2:22-cv-01008-APG-VCF

13                              Plaintiff,         **Motion to Dismiss**

14   vs.

15   TANI CANTIL-SAKAUYE, et al.,

16                              Defendants.

17

18          Pursuant to Fed. R. Civ. P. 12(b)(1), (2), (6), the following defendants move for an

19   order dismissing them, as well as the fourth through seventh causes of action asserted

20   against them: Ninth Circuit Judge William Canby; Ninth Circuit Judge Ferdinand

21   Fernandez; Ninth Circuit Judge William Fletcher; Ninth Circuit Judge Ronald Gould;

22   Ninth Circuit Judge Johnnie Rawlinson; Ninth Circuit Judge Barry Silverman; Ninth

23   Circuit Judge Richard Tallman; Ninth Circuit Judge Sidney Thomas; Ninth Circuit Judge

24   Kim Wardlaw; U.S. District Judge Maxine Chesney (for the Northern District of

25   California); Ninth Circuit Clerk of Court Molly Dwyer; former U.S. District Judge George

26   King (for the Central District of California); former Ninth Circuit Career Law Clerk/Staff

27   Attorney Edward Schiffer; and former Ninth Circuit Appellate Commissioner Peter Shaw

28   (collectively "Ninth Circuit Defendants").

Plaintiff's putative *Bivens* claims against the Ninth Circuit Defendants suffer from numerous fatal deficiencies including the following: this Court lacks personal jurisdiction over all but one Ninth Circuit Defendant; the claims are barred by claim preclusion, the statute of limitations, and/or vexatious litigant prefiling orders entered against Plaintiff; Plaintiff fails to allege plausible *Bivens* claims for relief; and the Ninth Circuit Defendants have judicial or quasi-judicial immunity.[1] And to the extent Plaintiff seeks injunctive relief—which is impermissible under *Bivens* anyway—this Court lacks subject matter jurisdiction to enjoin or order mandamus against the judges and staff of the Ninth Circuit, as well as the judge of a sister district court.

## I.  Introduction

### A.  Some of Plaintiff Dydzak's Litigation History

"This is the latest in a long line of cases brought by Daniel D. Dydzak since his disbarment by the California Bar in 2010." *Dydzak v. United States*, No. 3:17-cv-04360-EMC, 2017 WL 4922450, at *1 (N.D. Cal. Oct. 31, 2017), *aff'd*, No. 17-17401, 2018 WL 2539464, at *1 (9th Cir. Apr. 24, 2018) (dismissing "appeal as frivolous"). Dydzak's history includes a reciprocal disbarment proceeding in the Central District of California, case No. 2:10-mc-00270-GHK, which is referenced in the instant complaint's seventh cause of action, and a reciprocal disbarment proceeding in the Ninth Circuit, case No. 10-80193, which is referenced in the instant's complaint's sixth cause of action. *See* Compl. ¶¶ 53(1), (4), 61(1), ECF No. 1-2.[2] Dydzak unsuccessfully appealed and sought writs of certiorari, as applicable, for the reciprocal orders of disbarment. *See* No. 11-56028, ECF No. 4-1 (affirming order of

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (the Court implied from the Constitution a cause of action for damages arising from federal law enforcement agents' alleged violation of Mr. Biven's Fourth Amendment rights against unreasonable search and seizure).

[2] Courts may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (citation omitted). Courts may also take judicial notice of information on government websites. *See Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 985 (D. Nev. 2014) (citations omitted).

reciprocal disbarment entered in No. 2:10-mc-00270-GHK), ECF No. 11 (the United States Supreme Court dismissed the petition for writ of certiorari and noted that the "petitioner has repeatedly abused this Court's process"); No. 10-80193, ECF No. 49 (the United States Supreme Court denied the petition for writ of certiorari on December 12, 2011).

Dydzak's litigation history also includes court orders finding him to be a vexatious litigant. In September 2012, the Central District of California declared Dydzak a vexatious litigant, prohibiting him "from initiating any further litigation in this or any other federal court alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on his disbarment without the prior authorization from the presiding judge of the U.S. District Court for the Central District of California," and requiring that he "provide security in the amount of $5,000 for each defendant against whom he seeks to proceed with Court authorization in the future." *Dydzak v. Cantil-Sakauye*, No. C11-5560-JCC, 2012 U.S. Dist. LEXIS 191396, at *19 (C.D. Cal. Sept. 25, 2012), *aff'd*, *Dydzak v. Cantil-Sakauye*, 603 F. App'x 622, 623 (9th Cir. 2015) ("The district court did not abuse its discretion by entering a pre-filing order against Dydzak after providing him notice and an opportunity to be heard, developing an adequate record for review, making substantive findings regarding his frivolous litigation history, and tailoring the restriction narrowly.").

In March 2018, the Northern District of California declared Dydzak a vexatious litigant, prohibiting him "from initiating any further litigation in this or any other federal court raising any claim based on, arising out of, or related to his disbarment or alleging that orders entered in lawsuits previously filed by him related to the same were rigged, fixed, or otherwise unlawful or illegitimate, without prior authorization from the federal court in which he seeks to initiate such litigation," and requiring that he "provide security in the amount of $5,000 for each defendant against whom he seeks to proceed with court authorization in the future." *Dydzak v. United States*, No. 17-cv-04360-MMC, 2018 U.S. Dist. LEXIS 44842, at *5 (N.D. Cal. Mar. 19, 2018).

**B.     The Instant Causes of Action (Fourth through Seventh) Against the Ninth Circuit Defendants.**

In his fourth cause of action, Dydzak invokes *Bivens* and a First Amendment right of access to the courts. He alleges that Clerk Dwyer blocked his cell phone number from calling the Ninth Circuit and that Judge Thomas ratified such action. Compl. ¶¶ 42–43, ECF No. 1-2. Dydzak requests damages and equitable (including injunctive) relief. Compl. ¶¶ 44–46.[3]

In his fifth cause of action, Dydzak fails to identify a constitutional right that was allegedly violated. He alleges that Judge Chesney violated her oath to be a fair and impartial federal judge, lacked jurisdiction to adjudicate a case, and had *ex parte* communications with unidentified third parties and with (already-dismissed) Defendant Tani Cantil-Sakauye. Compl. ¶ 48(1)–(3); *see also* ECF No. 1-3 (state court order granting motion to dismiss by California Supreme Court Chief Justice Tani Cantil-Sakauye). Dydzak alleges that Judges Silverman, Fletcher, and Rawlinson violated Dydzak's civil rights by not ruling on four motions in case no. 18-15673. Compl. ¶ 48(5). Dydzak requests equitable (including injunctive) relief. Compl. ¶¶ 50–51.

In his sixth cause of action, Dydzak fails to identify a constitutional right that was allegedly violated. He alleges that former Appellate Commissioner Shaw misrepresented that Shaw could make rulings and conduct an evidentiary hearing in a judicial capacity and that any orders issued by Shaw in case No. 10-80193 were and are void. Compl. ¶ 53(1). Dydzak further alleges that former Staff Attorney Schiffer assisted Shaw, and that Shaw and Schiffer were bribed by Defendant Schwab or that such defendants have actual or apparent financial conflicts of interest. Compl. ¶ 53(3). Dydzak also alleges that Judges Canby,

---

[3] Dydzak also invokes 42 U.S.C. § 1983, Compl. ¶ 42, but Section "1983 does not provide a cause of action for actions taken under color of *federal law*." *Whitehorn v. F.C.C.*, 235 F. Supp. 2d 1092, 1099 (D. Nev. 2002) (citations omitted); *see also Corey v. McNamara*, 409 F. Supp. 2d 1225, 1226-27 (D. Nev. 2006) (federal "employees are acting under federal law and are, therefore, not covered by Section 1983.").

Gould, and Tallman acted unethically, fraudulently, and illegally by issuing rulings adverse to Dydzak. Compl. ¶ 53(4)–(5). Dydzak requests equitable (including injunctive) relief against Judges Canby, Gould, and Tallman, Compl. ¶ 54, while he requests damages and equitable (including injunctive) relief against former Appellate Commissioner Shaw and former Staff Attorney Schiffer, ¶¶ 55, 57–58.

In his seventh cause of action, Dydzak alleges that former Judge King had *ex parte* communications with unidentified persons in case No. 2:10-mc-00270-GHK [a reciprocal disbarment proceeding in the Central District of California]. Compl. ¶ 61(1). Dydzak alleges that King denied Dydzak a fair and impartial process, which was against substantive and procedural due process, equal protection of the laws, and First Amendment access to the courts, and for which King's rulings were void. Compl. ¶ 61(1)–(4). In the appeal of Judge King's ruling(s), Judges Fernandez, Tashima, and Wardlaw allegedly acted unlawfully and unconstitutionally by issuing orders adverse to Dydzak. Comp. ¶ 61(5). And Dydzak again alleges bribes, financial conflicts of interest, and/or *ex parte* communications. Compl. ¶ 61(5), 62. Dydzak requests equitable (including injunctive) relief. Compl. ¶ 63.

## II.  Points and Authorities

### A.  This Court Lacks Personal Jurisdiction over Most of the Ninth Circuit Defendants.

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Arandell Corp. v. Xcel Energy, Inc.* (*In re W. States Wholesale Nat'l Gas Antitrust Litig.*), 605 F. Supp. 2d 1118, 1130 (D. Nev. 2009) (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). To meet this burden, a plaintiff must demonstrate that personal jurisdiction over a defendant is (1) permitted under the applicable state's long-arm statute and (2) the exercise of jurisdiction does not violate federal due process. *Id*. (citing *Pebble Beach Co.,* 453 F.3d at 1154); *see also Sciara v. Campbell*, No. 2:18-cv-01700-DJA, 2019 WL 8128162, at *2 (D. Nev. Sept. 27, 2019) (Federal courts have personal jurisdiction over defendants to the same extent as the state courts in the state in which the federal district court is located.)

SER-181

(citation omitted), *aff'd in part, rev'd in part*, 840 Fed. App'x 920 (9th Cir. 2020). Where a state has a long-arm statute providing its courts with jurisdiction to the fullest extent permitted by the due process clause, as Nevada does, a court need only address federal due process standards. *Sciara*, 2019 WL 8128162, at *2 (citing *Arbella Mut. Ins. Co. v. Eighth Jud. Dist. Ct.*, 134 P.3d 710, 712 (Nev. 2006)); NRS 14.065.

Due process requires that a defendant be present within the state or have certain minimum contacts with the state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (citations omitted). A defendant's conduct and connection with the forum must be such that the defendant should reasonably anticipate being haled into court there. *Sciara,* 2019 WL 8128162, at *2 (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). Courts typically assess whether a defendant is essentially present in the state so as to be subject to general personal jurisdiction or has sufficient minimum contacts with the state so as to be subject to specific personal jurisdiction; for the latter, the litigation must arise from the defendant's contacts with the forum. *See Arandell Corp.,* 605 F. Supp. 2d at 1131; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984). The requirements for personal jurisdiction must be established as to each defendant. *See Walden v. Fiore*, 571 U.S. 277, 286 (2014) (citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)); *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 848 (N.D. Cal. 2018).

## 1.      General personal jurisdiction.

To establish general personal jurisdiction, the plaintiff must demonstrate the defendant has sufficient contacts to constitute the kind of continuous and systematic general business contacts that approximate physical presence. *Arandell Corp.*, 605 F. Supp. 2d at 1131 (citations omitted); *see also Sciara*, 2019 WL 8128162, at *4–6 (affiliations with the forum state must be so "continuous and systematic" as to render defendant essentially "at home" in the forum) (citation omitted). "[A] defendant whose contacts are substantial, continuous, and systematic is subject to a court's general jurisdiction even if the suit

concerns matters not arising out of his contacts with the forum." *Arandell Corp.*, 605 F. Supp. 2d at 1131 (alteration in original) (citations omitted).

With one exception, Dydzak alleges that every Ninth Circuit Defendant resides outside of Nevada, in a city in California. *See* Compl. ¶¶ 7–10, 16–17, 19–25.[4] The Ninth Circuit's website provides similar information. *See* https://www.ca9.uscourts.gov/judicial-council/judges-seniority-list/ (last visited August 29, 2022) (listing the city in which each Ninth Circuit judge maintains chambers). Thus, Dydzak's allegations, along with judicially-noticeable information, indicate that no Ninth Circuit Defendant (other than Judge Rawlinson) is present in Nevada so as to be subject to general personal jurisdiction in Nevada.

### 2.   Specific personal jurisdiction.

The Ninth Circuit has established a three-prong test for analyzing specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (citations omitted).

Under the first prong, the phrase "purposeful availment" is often used as a shorthand phrase for either of two circumstances: the defendant purposefully availed herself of contracting in or doing business in the forum in contract-type cases; or, in tort cases, the

---

[4] Dydzak alleges that Judge Rawlinson resides in the City of Las Vegas, State of California [sic]. Compl. ¶ 7.

1   defendant purposefully directed her actions at the forum, such as distributing goods to the

2   forum or committing an intentional act, expressly aimed at the forum, and causing harm

3   that the defendant knows is likely to be suffered in the forum state. *Calder v. Jones*, 465 U.S.

4   783, 789 (1984). In *Walden v. Fiore*, 571 U.S. 277 (2014), the Supreme Court found no

5   specific jurisdiction in Nevada over a deputized DEA agent who searched a Nevada–bound

6   couple at a Georgia airport, seized property, and drafted an allegedly false, probable cause

7   affidavit to support a forfeiture action in Georgia. *Id*. at 279–80. The Supreme Court held

8   that "it is the defendant, not the plaintiff or third parties, who must create contacts with the

9   forum State." *Id*. at 291. The Court found that defendant's actions in Georgia "did not

10  create sufficient contacts with Nevada simply because he allegedly directed his conduct at

11  plaintiffs whom he knew had Nevada connections." *Id*. at 289. "Petitioner's [Defendant's]

12  relevant conduct occurred entirely in Georgia, and the mere fact that his conduct affected

13  plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id*.

14  at 291.

15       Here, Dydzak alleges no facts showing that any Ninth Circuit Defendant directed

16  activities toward Nevada. Dydzak does not even allege that he has connections with

17  Nevada, rendering any argument for specific jurisdiction here weaker than in *Walden*, 571

18  U.S. 277. Dydzak is a California resident, he complains of orders, actions, or omissions that

19  arose from or are related to cases that originated in California, and all Ninth Circuit

20  Defendants (except Judge Rawlinson) reside and/or maintain chambers outside Nevada.

21  Thus, Dydzak's allegations fail to establish the necessary "'relationship among the

22  defendant, the forum, and the litigation'" to establish specific personal jurisdiction. *Id*. at

23  291 (quoting *Calder*, 465 U.S. at 788).

24  **B.    The Fourth Cause of Action Is Barred By Claim Preclusion.**

25       Claim preclusion prohibits lawsuits on any claims that were raised or could have

26  been raised in a prior action. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)

27  (citation omitted). Claim preclusion applies when there is (1) an identity of claims, (2) a

28

8

final judgment on the merits, and (3) identity or privity between parties. *Id.* (citation and internal quotation marks omitted).

In the fourth cause of action, Dydzak alleges that Clerk Dwyer blocked Dydzak's phone number from calling the Ninth Circuit's Clerk's Office in San Francisco, and such act was authorized, ratified, etc. by Judge Thomas. Compl. ¶ 42. Dydzak previously sued Dwyer and Thomas for such alleged conduct. *See Dydzak*, 2017 WL 4922450, at *6. Thus, there is an identity of claims and parties.

"The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart*, 297 F.3d at 956 (citations omitted). The Northern District of California dismissed Dydzak's phone-blocking claim with prejudice (on the grounds of judicial immunity and quasi-judicial immunity). *See Dydzak*, 2017 WL 4922450, at *6–8. Therefore, the instant fourth cause of action (for alleged blocking of phone) is barred by claim preclusion and should be dismissed.

**C.   The Fourth and Sixth Causes of Action Are Time-Barred.**

The applicable statute of limitations for a *Bivens* claim is the forum state's statute of limitations for personal injury actions. *Schwarz v. Meinberg*, 761 F. App'x 732, 735 (9th Cir. 2019) (citing *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) and *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991)). In Nevada, the limitations period for a personal injury action is two years. *Scrase v. Forever Resorts*, No. 2:12-cv-00983-KJD-PAL, 2013 WL 3198339, at *4 (D. Nev. June 21, 2013) ("Even if Plaintiff could state a *Bivens* claim, it would be barred by the two-year statute of limitations.") (applying NRS 11.190(4)(e)).[5] "A *Bivens* claim accrues when the plaintiff knows or has reason to know of the injury." *W. Ctr. For Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000).

In the fourth cause of action, Dydzak alleges the Clerk Dwyer blocked Dydzak's phone number from calling the Ninth Circuit's Clerk's Office in San Francisco, and such act

---

[5] California also has a two-year limitations period for personal injury actions. *Schwarz*, 761 F. App'x at 735 (citing Cal. Code Civ. P. § 335.1).

was authorized, ratified, etc. by Judge Thomas. Compl. ¶ 42. As already reasoned by a sister district court, the alleged blockage of the phone was based on a Ninth Circuit order, dated January 17, 2017, prohibiting Dydzak from communicating with the Ninth Circuit except in writing. *Dydzak*, 2017 WL 4922450, at *3, *6, *8 (referencing ECF No. 29 in *Dydzak v. Alexander*, 2:16-cv-02915-ODW (C.D. Cal.) [also ECF No. 9 in No. 16-55813 (9th Cir.)]). The January 17, 2017, prohibition order was the last order filed by a Ninth Circuit Defendant in case nos. 16-55813 and 2:16-cv-02915-ODW. Therefore, the instant complaint's fourth cause of action is time-barred as a putative *Bivens* claim and should be dismissed.

In the sixth cause of action, Dydzak complains of filings in case No. 10-80193, which began in 2010 as a reciprocal disbarment proceeding in the Ninth Circuit. *See* No. 10-80193 (9th Cir.), ECF No. 3. The last order filed by a Ninth Circuit Defendant in such case was in 2012 (and Dydzak made subsequent filings during 2016–2017). Because all filings in No. 10-80193 (9th Cir.) predate the instant lawsuit by more than two years, the instant complaint's sixth cause of action is time-barred as a putative *Bivens* claim and should be dismissed.

**D.   Dydzak Fails to Assert *Bivens* Claims for Damages in the Fifth and Seventh Causes of Action.**

In *Bivens*, the Supreme Court authorized a damages action against federal officials for alleged violations of the Fourth Amendment. *Egbert v. Boule*, ____ U.S. ___, 142 S. Ct. 1793, 1799 (2022); *see also Ministerio Roca Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) (In *Bivens*, the Supreme Court held that "'petitioner is entitled to recover *money damages* for any injuries he has suffered as a result of the agents' violation of the [Fourth] Amendment.'") (emphasis and alteration in original) (quoting *Bivens*, 403 U.S. at 397).

Equitable relief, including declaratory and injunctive relief, is not available as a *Bivens* remedy. *See Ministerio Roca Solida*, 820 F.3d at 1093-96. By definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action. *Id.* at 1094. In his fifth and seventh causes of action, Dydzak disavows monetary damages; he seeks equitable including injunctive relief. *See* Compl. ¶¶ 50-51, 63. Therefore, the fifth and

seventh causes of action fail to establish a cognizable *Bivens* claim and should be dismissed. *See Ministerio*, 820 F.3d at 1096 ("McKelvey's motion to dismiss [the *Bivens* claim for injunctive relief] for failure to state a claim should have been granted.").

And to the extent that Dydzak's claims could be construed as seeking injunctive relief against a Ninth Circuit Defendant in his or her official capacity, Dydzak has not established the subject matter jurisdiction, authority, or grounds for this Court to enjoin the judges or staff of the Ninth Circuit or the judge of a sister district court. *Cf. In re Sussex*, 781 F.3d 1065, 1070 (9th Cir. 2015) ("A writ of mandamus is an extraordinary or drastic remedy, used only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.") (internal quotation marks and citation omitted); *Stafne v. Zilly*, 337 F. Supp. 3d 1079, 1091 (W.D. Wash. 2018) (district court lacked jurisdiction to issue what is essentially a writ of mandamus to another district court judge or to the Ninth Circuit; otherwise, it would permit a "horizontal appeal" from one district court to another or a "reverse review" of a ruling of the court of appeals) (citing *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1392–93 (9th Cir. 1987)), *aff'd*, 820 F. App'x 594 (9th Cir. 2020); *see also Shull v. Univ. of Queensland*, No. 2:18-cv-01781-APG-BNW, 2019 WL 4345979, at *2 (D. Nev. Sept. 12, 2019) (plaintiff failed to allege the likelihood of a future constitutional violation, as well as the specific injunctive relief he seeks).

**E.    The Sixth and Seventh Causes of Action Are Barred by the Vexatious Litigant Prefiling Orders.**

"A litigant 'is not permitted to hopscotch from court to court because she does not like the rulings she has received.'" *O'Neil v. New York*, No. 2:21-cv-00036-KJD-NJK, 2021 WL 1555040, at *4 (D. Nev. Mar. 24, 2021) (citations omitted), *report and recommendation adopted*, 2021 WL 1554323, (D. Nev. Apr. 20, 2021). "More specifically, a vexatious litigant cannot circumvent a prefiling order issued in one district by filing similar cases in another district." *Id.* (citations omitted). Courts have not abandoned these principles or the intent of prefiling orders when a litigant hops to state court to commence an otherwise enjoined

11

1   action. *See, e.g., Whitehead v. Twentieth Century Fox Film Corp.*, No. CIV.A. 05-1462 GK,

2   2005 WL 3275905, (D.D.C. Aug. 29, 2005) (finding that experienced *pro se* plaintiff

3   commenced action in state court to evade an order enjoining plaintiff from commencing

4   certain actions in federal district court); *Jemzura v. Mikoll*, No. 99-CV-710, 2001 WL

5   1217227, (N.D.N.Y. Sept. 4, 2001) (finding that state court action was subject to an order

6   enjoining plaintiffs from commencing certain actions in federal district court).

7        Dydzak is subject to two vexatious litigant prefiling orders that prohibit him from

8   initiating further litigation "alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens*

9   based on his disbarment without the prior authorization from the presiding judge of the U.S.

10  District Court for the Central District of California[,]" *Dydzak*, 2012 U.S. Dist. LEXIS

11  191396, at *19, *aff'd*, 603 F. App'x 622, and from "raising any claim based on, arising out

12  of, or related to his disbarment or alleging that orders entered in lawsuits previously filed by

13  him related to the same were rigged, fixed, or otherwise unlawful or illegitimate," *Dydzak*,

14  2018 U.S. Dist. LEXIS 44842, at *5. Dydzak complains, in his sixth cause of action, of

15  filings, acts, and omissions in or related to Ninth Circuit case No. 10-80193, which was a

16  reciprocal disbarment proceeding. *See* No. 10-80193 (9th Cir.), ECF No. 3. Therefore,

17  Dydzak's sixth cause of action is subject to the prefiling orders and should be dismissed.

18       Similarly, Dydzak complains, in his seventh cause of action, of filings, acts, or

19  omissions in or related to case No. 2:10-mc-00270-GHK, which was also a reciprocal

20  disbarment proceeding, and case No. 11-56028, which was Dydzak's unsuccessful appeal to

21  the Ninth Circuit of the district court's disbarment order. *See* No. 2:10-mc-00270-GHK

22  (C.D. Cal.), ECF No. 1; No. 11-56028 (9th Cir.). Therefore, the seventh cause of action is

23  subject to the prefiling orders and should be dismissed.

24  **F.   The Factual Allegations Fail to Establish Cognizable, Plausible *Bivens* Claims
25       Against the Ninth Circuit Defendants.**

26       To state a plausible claim for relief, the complaint's factual content must allow the

27  court to draw the reasonable inference that the defendant is liable for the factual misconduct

28  alleged. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550

U.S. 544, 556 (2007)). An inference of the mere possibility of misconduct is insufficient; indeed, where a complaint pleads facts that are just consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* (citing *Twombly*, 550 U.S. at 557). It is not enough for a plaintiff to use labels, conclusions, naked assertions, or a formulaic recitation of the elements of a cause of action, for while a court accepts the factual allegations in a complaint as true, it does not accept as true legal conclusions. *See id.* at 678-9. Allegations that constitutional rights were violated are conclusory and part of a formulaic recitation. *Compare id.* at 666 (noting that respondent claimed "he was deprived of various constitutional protections") *with id.* at 687 (holding that respondent "fail[ed] to plead sufficient facts to state a claim for purposeful and unlawful [unconstitutional] discrimination against petitioners"); *see also Montoya v. Smith*, No. 2:16-cv-00032-JAD-VCF, 2016 WL 3511185, at *5–6 (D. Nev. June 27, 2016) (dismissing Sheriff who allegedly "'encouraged,'" "'allowed,'" and was "'a moving force [behind] and/or proximate cause' of the constitutional violations.") (alteration in original).

### 1. This case presents a starkly different context than the three in which the Supreme Court authorized a *Bivens*-type claim for an alleged violation of a constitutional right.

After the *Bivens* case for an alleged Fourth Amendment violation, the Supreme Court authorized constitutional damages claims in just two additional contexts: a Fifth Amendment, sex-discrimination claim by a congressional staffer; and an Eighth Amendment, inadequate-care claim by a federal prisoner. *See Egbert*, 142 S. Ct. at 1802 (citing *Davis v. Passman*, 442 U.S. 228, 234 (1979) and *Carlson v. Green*, 446 U.S. 14 (1980)). For the past 42 years, the Supreme Court has consistently declined to extend the *Bivens* cause of action to any new contexts beyond the original three. *See id.* at 1799, 1802; *see also Zigler v. Abassi*, __ U.S. __, 137 S. Ct. 1843, 1857 (2017) ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity.'").

Therefore, the "'first question a court must ask in a case like this one is whether the claim arises in a new *Bivens* context, i.e., whether the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court.'" *Vega v. United States*, 881 F.3d

1146, 1153 (9th Cir. 2018) (quoting *Ziglar*, 137 S. Ct. at 1864). While the following is not an

exhaustive list,

> [a] case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the function of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Ziglar*, 137 S. Ct. at 1861. "A claim may arise in a new context even if it is based on the

same constitutional provision as a claim in a case in which a damages remedy was

previously recognized." *Hernandez v. Mesa*, ___ U.S. ___, 140 S. Ct. 735, 743 (2020)

(declining to extend *Bivens* remedy to new context of cross-border shooting allegedly in

violation of the Fourth Amendment); *see also Egbert*, 142 S. Ct. 1793 (declining to extend

*Bivens* remedy to new context of Fourth Amendment, excessive force claim against Border

Patrol agent); *Ziglar*, 137 S. Ct. at 1857 (collecting cases in which the Court rejected *Bivens*

remedy in suits alleging race discrimination, violations of procedural and substantive due

process, and violation of Eighth Amendment).

      As recounted in the Introduction, *supra*, Dydzak asserts the following claims: a claim

for violation of a First Amendment, right of access to the courts based on the alleged

blocking of his cell phone number (fourth cause of action); a claim that judges were unfair,

had *ex parte* communications, and failed to rule on motions (fifth cause of action); a claim

that court staff misrepresented their authority, received bribes, and/or had financial conflicts

of interest, as well as that appellate judges acted unethically, fraudulently, and illegally by

issuing rulings adverse to Dydzak (sixth cause of action); and an additional claim that

judges had *ex parte* communications, were unfair, and violated the rights of access to courts

and procedural and substantive due process by issuing orders adverse to Dydzak (seventh

cause of action). These "claims bear little resemblance to the three *Bivens* claims the

[Supreme] Court has approved in the past[.]" *Ziglar*, 137 S. Ct. at 1860; *see also id.* at 1864

("even a modest extension is an extension"). Because this case presents a different context

than the three past *Bivens* cases, this Court must next ask whether any special factors

1    indicate that the Court should not extend the *Bivens* remedy to this new context. *Id*. at 1857,

2    1860; *see also Egbert*, 142 S. Ct. at 1803.

3          **2.**    **This Court should not extend *Bivens* to the new context of this case.**

4          An alternative remedial structure is a sufficient, though not necessary, reason to

5    decline to extend *Bivens* to a new context. *See Egbert*, 142 S. Ct. at 1804; *Zigler*, 137 S. Ct. at

6    1862–63; *Wilkie v. Robbins*, 551 U.S. 537, 550, 554 (2007). Alternate remedies need not

7    provide the same relief as *Bivens*, e.g., damages. *See Egbert*, 142 S. Ct. at 1806–7 (rejecting

8    *Bivens* where plaintiff had available an administrative grievance procedure, which triggered

9    an agency investigation of the officer's conduct); *Abassi*, 137 S. Ct. at 1862–63 (rejecting

10    *Bivens* where plaintiff had available injunctive relief and possibly a writ of habeas corpus);

11    *Bush v. Lucas*, 462 U.S. 367, 378 (1983) (rejecting *Bivens* where plaintiff had available the

12    alternative remedies in the Civil Service Reform Act); *W. Radio Serv. Co. v. U.S. Forest Serv.*,

13    578 F.3d 1116, 1123–25 (9th Cir. 2009) (rejecting *Bivens* where plaintiff had available the

14    Administrative Procedures Act, which did not authorize the remedy of damages).

15          As already indicated by the authorities above, administrative remedies and judicial

16    review are alternatives that foreclose the *Bivens* damages remedy, *see Rote v. Comm. on Jud.*

17    *Conduct & Disability of Jud. Conf. of United States*, 577 F. Supp. 3d 1106, 1138 (D. Or. 2021)

18    (special factors included "(1) Plaintiff's ability to appeal the underlying legal decisions that

19    he claims were improperly influenced by the federal judges, which serves as an alternative

20    remedial structure to a new *Bivens* claim; and (2) the fact that the legislative branch is best

21    positioned to determine federal employees' exposure to monetary damages for

22    constitutional torts, which raises separation of powers concerns."); *Switzer v. Coan*, 261 F.3d

23    985, 991 (10th Cir. 2001) (rejecting *Bivens* claim for equitable relief where "earlier

24    proceedings had provided adequate remedial process through appellate review or an

25    extraordinary writ, thereby precluding equitable relief in the subsequent civil rights case.")

26          Dydzak has had available, and pursued over many years, administrative remedies

27    and court processes including appeals and petitions for writs of certiorari to the U.S.

28    Supreme Court. *See* Introduction, *supra; see also* Def. Dato's Mot. Dism. at 3–4 n.3, ECF

No. 14; Def. Mile's Mot. Dism. at 3–4, ECF No. 16. Indeed, he has so over-pursued already-adjudicated matters that more than one court has declared him a vexatious litigant and prohibited him from initiating further litigation "alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on his disbarment . . .", *Dydzak*, 2012 U.S. Dist. LEXIS 191396, at *19, *aff'd*, 603 F. App'x 622, or "raising any claim based on, arising out of, or related to his disbarment or alleging that orders entered in lawsuits previously filed by him related to the same were rigged, fixed, or otherwise unlawful or illegitimate," *Dydzak*, 2018 U.S. Dist. LEXIS 44842, at *5. Dydzak has filed this lawsuit, as well as others, purportedly to address alleged errors and conduct in or related to prior proceedings and lawsuits. This Court lacks subject matter jurisdiction for such a collateral attack. *See Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 n. 16 (1983) ("[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court.'") (citation omitted); *Stafne*, 337 F. Supp. 3d at 1091 ("[T]his Court lacks subject matter jurisdiction (and all other authority) to overturn a decision of the Ninth Circuit or any district court entered in a separate lawsuit.") (citing *Mullis*, 828 F.2d at 1393 n.19).

The policy reasons behind judicial immunity, discussed below, also counsel against recognizing a *Bivens* cause of action in a context like this.

## G.   The Ninth Circuit Defendants Have Judicial Immunity or Quasi-Judicial Immunity.

"'Judges are absolutely immune from civil liability for damages arising out of their judicial acts.'" *Dydzak*, 2017 WL 4922450, at *6 (quoting *Mullis*, 828 F.2d at 1388). And court staff have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Mullis*, 828 F.2d at 1390. "The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996), *superseded by*

1    *statute on other grounds*, (citing *Mullis*, 828 F.2d at 1394). The doctrine of judicial immunity

2    serves to "discourage[e] collateral attacks, and thereby help[s] to establish appellate

3    procedures as the standard system for correcting judicial error." *Forrester v. White*, 484 U.S.

4    219, 225 (1988). Judicial immunity also "reflects the long-standing general principle of the

5    highest importance to the proper administration of justice that a judicial officer, in

6    exercising the authority vested in him, shall be free to act upon his own convictions, without

7    apprehension of personal consequences to himself." *Moulton v. City of Sparks*, No. 3:09-cv-

8    00016-BES-VPC, 2009 WL 2407362, at *2 (D. Nev. July 28, 2009) (internal quotation

9    marks and citation omitted). Moreover, despite the unfairness to litigants that sometimes

10   results, the doctrine of judicial immunity is thought to be in the best interests of the proper

11   administration of justice. *Id.* (citations omitted).

12        Therefore, a "'judge will not be deprived of immunity because the action he took was

13   in error, was done maliciously, or was in excess of his authority.'" *Id.* (quoting *Mullis*, 828

14   F.2d at 1388). Judicial immunity applies to virtually any action taken by a judge in his or

15   her judicial capacity, "'however erroneous the act may have been, and however injurious in

16   its consequences it may have proved to the plaintiff.'" *Moore,* 96 F.3d at 1244 (quoting

17   *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)).

18        Judicial immunity can only be overcome in two circumstances: (1) where the judge

19   acts outside his or her judicial capacity; or (2) where the judge acts in the "complete absence

20   of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). As to the first circumstance,

21   courts do not look at each particular alleged act in a vacuum; rather, courts must look to the

22   nature and function of the act and its relation to those normally performed by judges. *Stafne*,

23   337 F. Supp. 3d at 1093–94 (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)); *see also*

24   *Moore*, 96 F.3d at 1243–44 (9th Cir. 1996) (judicial immunity is not lost by allegations that a

25   judge conspired with one party to rule against another party, even though such a conspiracy

26   would be clearly improper) (citing *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (*en*

27   *banc*)). Dydzak alleges, in the fourth through seventh causes of action, acts or omissions by

28   the Ninth Circuit Defendants that took place in the contexts of prior legal proceedings. He

does not allege acts or omissions of the Ninth Circuit Defendants that were divorced from their roles and duties as judges and court staff. Accordingly, even if erroneous, the alleged acts or omissions against the Ninth Circuit Defendants are subject to judicial and quasi-judicial immunity.

As to the second circumstance, the "complete absence of all jurisdiction," means more than simply exceeding jurisdiction or authority. *See Mireles*, 502 U.S. at 13 ("If Judge Mireles authorized and ratified the police officers' use of excessive force, he acted in excess of his authority. But such an action—taken in the very aid of the judge's jurisdiction over a matter before him—cannot be said to have been taken in the absence of jurisdiction."); *Pinnacle Minerals Corp. v. Whitehead*, 357 F. Supp. 3d 1053, 1059 (D. Nev. 2019) (plaintiff's argument, steeped in technicality, between "in excess of jurisdiction" and "in complete absence of all jurisdiction" failed to establish the latter). As explained by the Ninth Circuit,

> where a judge has a 'colorable authority' for asserting jurisdiction, she has not acted in the 'clear absence of all jurisdiction.' Likewise, when a judge 'misinterpret[s] a statute and erroneously exercise[s] jurisdiction[,]' she is not acting in the clear absence of jurisdiction.

*Wright-Bolton v. Andress-Tobiasson*, 696 Fed. App'x 258, 259 (9th Cir. 2017) (quoting *Crooks v. Maynard*, 913 F.2d 699, 701 (9th Cir. 1990) and *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)) (alterations in original); *see also Stafne,* 337 F. Supp. 3d at 1095 ("the challenged conduct must be 'manifestly or palpably beyond the judge's authority'") (quoting *Bud Antle, Inc. v. Barbosa*, 106 F.3d 406 (9th Cir. 1996)). Dydzak's allegations that jurisdiction was lacking in some instances because of the involvement of senior judges, Compl. ¶ 48(3)–(4), is insufficient to defeat judicial immunity. *See Stafne,* 337 F. Supp. 3d at 1096–7 (rejecting plaintiff's argument about senior judges and holding that judicial immunity applied). Dydzak has not pled facts plausibly establishing the complete absence of all jurisdiction for an act or omission, by a Ninth Circuit Defendant, that amounted to the violation of a constitutional right.

And again, it is in or related to past legal proceedings that Dydzak alleges his civil rights were violated. As the alleged acts or omissions by present or former Ninth Circuit

staff were "closely associated with the judicial process," Clerk Dwyer, former Staff Attorney Schiffer, and former Appellate Commissioner Shaw have quasi-judicial immunity. *Shahroki v. Throne*, No. 2:22-cv-00001-JAD-NJK, 2022 WL 2080090, at *1, *3 (D. Nev. June 9, 2022) (dismissing law clerk and judicial assistant on quasi-judicial immunity grounds); *see also Mullis*, 828 F.2d at 1386, 1390 (dismissing bankruptcy court clerk and two deputy clerks on quasi-judicial immunity grounds for alleged acts or omissions that included not filing an amended petition); *Godwin v. Senior Garden Aparts.*, No. 2:17-cv-02178-MMD-DJA, 2017 WL 7260930, at *1, *3 (D. Nev. Dec. 10, 2020) (dismissing court clerks and law clerks on quasi-judicial immunity grounds for various alleged acts or omissions in prior legal proceedings).

### III.  Conclusion

Dismissal of the Ninth Circuit Defendants, along with the fourth through seventh causes of action asserted against them, is warranted on the following grounds: this Court lacks personal jurisdiction over all Ninth Circuit Defendants except Judge Rawlinson; the causes of action are barred by claim preclusion, the statute of limitations, and/or vexatious litigant prefiling orders entered against Plaintiff; Plaintiff fails to allege cognizable, plausible *Bivens* claims for damages for a constitutional violation by the Ninth Circuit Defendants; the Ninth Circuit Defendants have judicial or quasi-judicial immunity for their alleged acts or omissions related to prior legal proceedings; and this Court lacks subject matter jurisdiction to enjoin or order mandamus against the judges and staff of the Ninth Circuit, as well as the judge of a sister district court.

Respectfully submitted this 30th day of August 2022.

JASON M. FRIERSON
United States Attorney

*/s/ Patrick A. Rose*
PATRICK A. ROSE
Assistant United States Attorney

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Certificate of Service</u>**

I hereby certify that on August 30, 2022, I electronically filed and served the

foregoing Motion to Dismiss with the Clerk of the Court for the United States District Court

for the District of Nevada using the CM/ECF system and also served a copy via US Mail to

the persons below.

<u>US Mail</u>

Daniel D. Dydzak
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone (310) 867-1289
*Plaintiff, in Pro Per*

Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
E-Mail: egeorge@egcfirm.com
*Defendants in propria persona*
*Ronald M. George, and,*
*Alan I. Rothenberg*

                                  */s/ Vera Minkova*
                                   Paralegal Specialist

20

<span style="color:red">SER-196</span>

1    Daniel David Dydzak
2    Plaintiff
3    4265 Marina City Drive, Suite 407W
     Marina del Rey, CA 90292
4    Telephone: (310) 867-1289
     Email: ddydzak@yahoo.com
5

6

7

8                 **UNITED STATES DISTRICT COURT**

9                    **DISTRICT OF NEVADA**

| | |
|---|---|
| | **Case No. 2:22-cv-01008-APG-VCF** |
| | **Assigned to Hon. Andrew P. Gordon** |
| **DANIEL DAVID DYDZAK,** | |
| Plaintiff, | **PLAINTIFF'S OPPOSITION AND RESPONSE TO MOTION TO DISMISS BY DEFENDANT SCHWAB; MEMORANDUM OF POINTS AND AUTHORITIES; OPPOSITION AND RESPONSE TO REQUEST FOR JUDICIAL NOTICE** |
| v. | |
| **TANI CANTIL-SAKAUYE, et al.,** | |
| Defendants. | |
| | **Hearing Requested** |

10
11
12
13
14
15
16
17
18
19
20
21
22

23

24      TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF

25 RECORD:

26      COMES NOW Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), and

27 opposes and responds to the meritless and unsupportable Motion to Dismiss Plaintiff's

28 Complaint by Defendant CHARLES SCHWAB ("SCHWAB"). It is to be noted that

DYDZAK V. CANTIL-SAKAUYE

DYDZAK was never served via email or mail with Defendant SCHWAB's pleadings and therefore had to retrieve same from PACER.

Plaintiff further responds to the Request for Judicial Notice.

Dated: August 22, 2022                              Respectfully Submitted,

DANIEL DAVID DYDZAK

Plaintiff

DYDZAK V. CANTIL-SAKAUYE                    2

## MEMORANDUM OF POINTS AND AUTHORITIES

I

## THIS HONORABLE COURT HAS SUBJECT MATTER AND PERSONAL JURISDICTION OVER DEFENDANT SCHWAB

Plaintiff is the one bringing the lawsuit. He elects the venue when there is a proper jurisdictional basis therefor. There are several Defendants in this case, residing in various jurisdictions such as Nevada, California, Arizona and Washington.

In this case, Defendant RAWLINSON is, and was at all times relevant to this litigation, a resident of the State of Nevada (Paragraph 7 of the Complaint). This lawsuit was properly and jurisdictionally filed in Clark County, Nevada.  Venue is proper in Las Vegas, Nevada, because venue exists where any of the defendants reside. NRS 13.040. Thereafter, the case was removed by certain Defendants.

Defendant RAWLINSON, with various other federal Defendants, was served with process the day after President's Day by an adult over eighteen years old. Various other federal Defendants were served on other dates. The Attorney General of the United States and local Nevada U.S. Attorney have also been served with the lawsuit materials via certified mail. It is anticipated that Defendant RAWILSON, with other federal Defendants, will respond shortly to the lawsuit through the Attorney General of the United States, Department of Justice.

There is proper subject matter jurisdiction in this case, because the Fifth Cause of Action for Violation of Civil Rights includes Defendant RAWLINSON, residing in Clark County, Nevada (Paragraphs 47-51 of the Complaint). The Nevada Court had concurrent jurisdiction to hear federal claims (Paragraph 28 of the Complaint). <u>Tafflin v. Levitt</u>, 493 U.S. 455 (1990). Thereafter, the case was removed by certain Defendants to federal court.

Under Nevada law, the district courts have original jurisdiction over all matters excluded from the jurisdiction of the justice and municipal courts and appellate jurisdiction in cases arising from these courts. <u>Morrison v. Beach City LLC</u>, 991 P.2d 982

DYDZAK V. CANTIL-SAKAUYE                    3

(2000).

Certain federal Defendants were entitled to remove the case to federal court under diversity of citizenship grounds.

Defendant SCHWAB alleges he does not belong as a party to the lawsuit, because he allegedly has no connection to the State of Nevada. This is inaccurate. Defendant RAWLINSON, a Nevada based Defendant, was part of an illegally constituted Appellate panel in the Ninth Circuit involving a case emanating from the U.S. District Court of the Northern District of California wherein Defendant SCHWAB is a party-defendant. And Plaintiff can elect his forum when there are many parties from different states. The   CA Northern District case was appealed (still pending) to the 9th Circuit and Defendant RAWLINSON is involved therein in said appeal, establishing the Nevada jurisdictional basis.

Defendant SCHWAB has minimum contacts with the State of Nevada, so that maintenance of the suit against him does not offend traditional notions of fair play and substantial justice. International Shoe v. Washington, 326 U.S. 310 (1945). Said Defendant did tortious acts towards DYDZAK having foreseeability liability, producing consequences in the State of Nevada. Hess v. Pawlowski, 274 U.S. 352 (1927).

The "minimum contacts" doctrine recognizes the power of the sovereign state of Nevada to exercise jurisdiction where a sufficient connection exists with a nonresident. I.e., commonly referred to as a "long-arm" statute. Nevada has a long-arm statute, and it is interpreted broadly to reach the outer limits of federal constitutional due process. See Welburn v. Eighth Jud. Dist. Ct. of State,  806 P.2d 1045 (1991).

II

**THE COMPLAINT MORE THAN SUFFICIENTLY ALLEGES A CAUSE OF ACTION AGAINST DEFENDANT SCHWAB**

The Third Cause of Action for Conspiracy to Unlawfully Interfere with the Processes of the Court is more than sufficiently pled to withstand this Motion to Dismiss. Therefore, the Motion to Dismiss should be denied with prejudice as to the moving

DYDZAK V. CANTIL-SAKAUYE                    4

Defendant. Or leave to amend should be granted to Plaintiff.

No-one is above the Rule of Law, not even the President of the United States. See U.S. v. Nixon, 418 U.S. 683 (1974). This Court has to do the right thing, give DYDZAK his day in court and allow him to pursue his more than sufficiently alleged causes of action.

The Due Process Clause, guaranteed by the 5th and 14th Amendments, requires that there be fairness in state proceedings and activities related thereto. This is a cornerstone of the American judicial system. This federal District Court cannot ignore tainted state proceedings and state actor misconduct. Nor can it ignore illegal actions by Defendant SCHWAB as a private party.

The law favors a trial on the merits.

The moving papers offer no persuasive authority why his lawsuit should not be allowed to proceed. Certainly, DYDZAK has a right of redress in this case. As Chief Justice Marshall stated in Marbury v. Madison, 5 U.S. 137 (18, 03): "The Government of the United States has been emphatically termed a government of laws and not of men. It will certainly cease to deserve this high appellation if the laws furnish no remedy for the violation of vested legal rights."

The Motion to Dismiss does NOT adequately address at all why DYDZAK cannot sue moving Defendant in the Third Cause of Action. This count is adequately pled. DYDZAK has alleged the requisite elements for a conspiracy to commit the underlying tort. E.g., conspiracy to commit violation of civil rights, 42 USC 1985; CA CACI No. 3600 (CA Jury Instructions); Pettitt v. Levy (1972) 28 Cal.App.3d 484, 491.

Plaintiff has already sufficiently stated causes of action through "notice" pleading—a short and plain statement of the claim showing Plaintiff is entitled to relief, See Fed.R.Civ.P. 8(a)(2).

### III

**THIS LAWSUIT IS NOT IN BAD FAITH NOR FRIVOLOUS; THEREFORE, THIS COURT, EXERCISING ITS INDEPENDENT JURISDICTION AND**

DYDZAK V. CANTIL-SAKAUYE                    5

**AUTHORITY, SHOULD NOT CONSIDER UNLAWFUL, "RIGGED"
PREFILING ORDERS EMANATING FROM OTHER COURTS**

As to Defendant SCHWAB, the cause of action against him is not attacking directly or indirectly DYDZAK's illegal state disbarment. The tainted, "fraud upon the court" and illegal vexatious litigant Order by Defendant DATO in the California courts is being sued upon in the operative Complaint and has no bearing on the validity of DYDZAK's claims in this lawsuit against Defendant SCHWAB.

As stated in other opposition papers in the record, with regard to the federal Coughenour pre-filing Order, this Order is subject to numerous pending appeal motions in the Ninth Circuit Court of Appeals, which have not been deliberately ruled upon for years. The purported Coughenour "political" Order is not final and still being appealed in the 9th Circuit Court of Appeals.

An Order that is not final should not been given any weight or collateral estoppel effect. <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56 (1982).

Moreover, a Nevada Court has independent jurisdiction over whether a litigant is vexatious. NRS 155.165; <u>Jones v. State ex rel. Dept. of Motor Vehicles & Public Safety</u>, 121 Nev. 44, 110 P.3d 30 (2005). Clearly, this lawsuit has merit and should be allowed to proceed.  Likewise, this federal lawsuit is not frivolous and should be allowed to proceed.

This lawsuit is not contesting Plaintiff's illegal disbarment in the State of California. The Cause of Action against Defendant SCHWAB is sufficiently pled and no pre-filing Order applies to the new claims against him and other Defendants that have NEVER been litigated before ON THE MERITS. DYDZAK has a right of redress to the Courts, not to be "politically" shut down. Doing unwarranted and uncalled for alleged "character assassination" allegations against DYDZAK serves no useful purpose at the pleading stage.

With regard to the tainted, extrinsic fraud and unlawful Order of Defendant CHESNEY filed on or about March 19, 2018, said Order is overbroad, not final and subject to pending appeal.

DYDZAK V. CANTIL-SAKAUYE                        6

The CA Northern District case, DYDZAK V. USA, was illegally transferred to Defendant CHESNEY. Defendant CHESNEY was a "senior status" judge and could not act (and was not duly authorized to act) because the case was illegally transferred to her. She was neither properly statutorily appointed by the Judicial Council of the United States, the Chief Justice of the United States Supreme Court, or the presiding Chief Judge of the 9th Circuit to rule upon DYDZAK's case as a senior status judge. This was in contravention of 28 USC 294. Therefore, Defendant CHESNEY acted in the absence of jurisdiction and with bias. See 28 USC 455 and Mireles v. Waco, 502 U.S. 9 (1991). Upon information and belief, she had biases and conflicts of interest, or the appearance of same, and a preexisting biased relationship with Defendant CANTIL-SAKAUYE and ex parte communications/contacts with the latter.  See Paras. 48-51 of the Complaint, Fifth Cause of Action.

In view of the foregoing, this Court should disregard any and all unlawful pre-filing Orders. DYDZAK should not be prejudiced at the pleading stage by Defendant SCHWAB attempting to avail himself of illegal, irregular, void and tainted Orders. For this federal court to do so would be perpetuating and condoning unlawful actions, Orders and proceedings.

With respect to the Request for Judicial Notice, the pleadings proffered are not relevant to the new claims asserted in this lawsuit against Defendant SCHWAB. The Request for Judicial Notice should be denied with prejudice.

At the pleading stage, the allegations of the Complaint are liberally construed and regarded as true. See F.R.Evidence, Rule 201.

## IV **DEFENDANT SCHWAB WAS PROPERLY AND TIMELY SERVED WITH PROCESS**

Defendant SCHWAB was very late in responding to this lawsuit, and default/default judgment  could have been sought against him in Nevada state court and subsequently in this federal court. A registered process server was told specifically by a Schwab

DYDZAK V. CANTIL-SAKAUYE                    7

representative/agent to serve him at CT Corp. when service was first attempted at his long-time downtown San Francisco office. Several of Schwab's long time attorneys at Arnold and Porter in San Francisco and Washington, D.C., including the managing partner, were also repeatedly advised that he was in default. Defendant SCHWAB never made any attempt to bring a timely motion to quash service, in either federal or state court. Defendant SCHWAB was also notified in writing by Plaintiff that he was in default and would be defaulted if he did not respond to the lawsuit.

Furthermore, of note, Defendant SCHWAB does not provide any sworn Declaration or Affidavit that he was not served. DYDZAK is more than willing to provide the proof of service on Defendant SCHWAB if the Court so requires and requests.

In any event, Defendant SCHWAB has waived the service argument by failing to timely respond in Nevada District Court and subsequently in this federal court. As the Court is well aware, again, as a courtesy, Plaintiff advised Defendant SCHWAB and his agents/counsel several times he was in default and that default and default judgment would be sought if he failed to file an Answer or responsive pleading. Given the untimeliness of Defendant SCHWAB's "entry" into this case, his deliberate tardiness in responding should not be rewarded by the granting of this motion.

Unfortunately, Defendant SCHWAB's gamesmanship had his experienced Nevada counsel NEVER serve DYDZAK with any of their moving papers and pleadings. This is patently an unethical and illegal game of hide and seek by Defendant SCHWAB, to attempt to win at any cost. At the pleading stage, DYDZAK's averments and allegations are taken as true. His case against Defendant SCHWAB should be allowed to proceed.

## V   <u>CONCLUSION</u>

For the reasons set forth herein, and in the interests of justice and equity, the Motion to Dismiss Plaintiff's Complaint by Defendant SCHWAB should be denied with prejudice. Said Defendant should be ordered to answer forthwith. The Request for Judicial Notice is not relevant at the pleading stage, since the averments and allegations are taken

DYDZAK V. CANTIL-SAKAUYE                        8

1   and presumed to be true, pending discovery. Leave to amend should be liberally granted,

2   if the Court so requires same. See F.R.C.P. , Rule 15.

3           This federal court has jurisdiction over ancillary or supplemental claims over

4   Defendant SCHWAB in addition to the federal causes of action.

5

6        Dated: August 22, 2022                    Respectfully Submitted,

7

8

9

10                                                 DANIEL DAVID DYDZAK

11                                                    Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYDZAK V. CANTIL-SAKAUYE                    9

**CERTIFICATE/PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On August 23, 2022, I served a true and correct copy of the following document or pleading on the interested parties or their counsel of record:

PLAINTIFF'S OPPOSITION AND RESPONSE TO MOTION TO DISMISS BY DEFENDANT SCHWAB; MEMORANDUM OF POINTS AND AUTHORITIES; OPPOSITION AND RESPONSE TO REQUEST FOR JUDICIAL NOTICE

[X]   [BY U.S. MAIL] On this same day,  I mailed the interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

OLSON CANNON GORMLEY & STOBERSKI          MARQUIS AURBACH

9950 WEST CHEYENE AVENUE                              10001 PARK RUN DRIVE

LAS VEGAS, NEVADA 89129                                    LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.       PATRICK A. ROSE, ESQ.

200 S. VIRGINIA ST., 8TH FL.                                U.S. ATTORNEY OFFICE

RENO, NEVADA 89501                                            501 LAS VEGAS BLVD. SO.

                                                                            SUITE 1100

                                                                            LAS VEGAS, NEVADA 89101

SER-206

1

2   ERIC M. GEORGE                    LEWIS ROCA

3   RONALD M. GEORGE                  3993 HOWARD HUGHES PARKWAY

4   ALAN I. ROTHENBERG                STE 600

5   c/o 2121 AVENUE OF THE STARS      LAS VEGAS, NEVADA 89161

6   30TH FLOOR

7   LOS ANGELES, CA 90067

8

9   HINSHAW & CULBERTSON, LLP

10  350 SOUTH GRAND AVE., STE 3600

11  LOS ANGELES, CA 90071

12

13      I declare under penalty of perjury under the laws of the United States of America that the

14  foregoing is true and correct, and that this Declaration was executed on August 23, 2022,

15  at Los Angeles, California.

16

17

18                                      JIM LANE

19                                      Declarant

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE                        11

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
Michael Ayers, Esq. (NV Bar No. 10851)
michael.ayers@qpwblaw.com
Clark Vellis, Esq. (NV Bar No. 5533)
clark.vellis@qpwblaw.com
200 S. Virginia Street, 8th Floor
Reno, Nevada 89501
Telephone: 775-322-4697
Facsimile: 775-322-4698

Michael A.S. Newman (admitted *pro hac vice*)
mnewman@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone:    213-680-2800
Facsimile:    213-614-7399

*Attorneys for Defendant MIDFIRST BANK*
*(incorrectly named as 1ST CENTURY BANK*
*and/or 1ST CENTURY BANCSHARES INC.)*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL DAVID DYDZAK,<br><br>                    Plaintiff,<br><br>        v.<br><br>TANI CANTIL SAKAIJYE; JORGE NAVARRETE; THOMAS LAYTON, aka TOM LAYTON; CHARLES SCHWAB; DONALD F. MILES; JOHNNIE B. RAWLINGSON; BARRY G. SILVERMAN; WILLIAM A. FLETCHER; PETER LIND SHAW; RONALD M. GEORGE; ERIC M. GEORGE; ALAN I. ROTHENBERG; 1ST CENTURY BANK; 1ST CENTURY BANCSHARES, INC; EDWARD EPHRAIM SCHIFFER; SIDNEY R. THOMAS, WILLIAM DATO; MAXINE M. CHESNEY; MOLLY C. DWYER; GEORGE H. KING; A. WALLACE TASHIMA; FERDINAND FRANCIS FERNANDEZ; KIM MCCLANE WARDLAW; WILLIAM C. CANBY; RONALD M. GOULD; RICHARD C. TALLMAN; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.:   2:22-cv-01008-APG-VCG<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS OF DEFENDANT MIDFIRST BANK** |

REPLY RE MOTION TO DISMISS OF MIDFIRST BANK - P a g e | 1

1052658\311374087.v1

SER-208

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

As should now be clear, this action should be dismissed with prejudice as to MidFirst.[1]

First, Dydzak has articulated no bases for disregarding March 19, 2018 order from the Northern District of California prohibiting him from pursuing any suit in federal court "arising out of, or related to his disbarment" without leave of court. His self-serving and unsupported claims against Judge Chesney, his defunct appeal to the Ninth Circuit, and his insubstantial procedural claims are not enough.

Second, Dydzak's totally implausible allegations of conspiracy against MidFirst do not even come close to satisfying the pleading standards under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Dydzak presents no argument on this score, other than to assert platitudes and assert (without support) that he has alleged enough. Not nearly.

Third, Dydzak cannot establish subject matter jurisdiction, nor has he established personal jurisdiction over MidFirst. Again, Dydzak's response – that Judge Rawlinson's residency in Nevada somehow confers jurisdiction over MidFirst – is unsupported and incorrect.

Each of these are sufficient reasons to dismiss this action.  The Complaint should be dismissed without leave to amend as against MidFirst.

### II.    LEGAL ARGUMENT

#### A.    PLAINTIFF IS BARRED FROM PURSUING THIS ACTION BY COURT ORDER

As discussed at length in the opening brief, the Northern District of California has issued an order ("Order") specifically prohibiting Dydzak from initiating any further litigation in "this or any other federal court" arising from or related to his disbarment without court approval. Dydzak is specifically barred from pursing litigation in any "federal court raising any claim based on, arising out of, or related to his disbarment" without "prior authorization from the

---

[1] Dydzak erroneously refers to MidFirst Bank as "Midland Bank" throughout his opposition.

federal court in which he seeks to initiate such litigation." *Dydzak v. United States*, 2018 U.S. Dist. LEXIS 44842, *5 (N.D. Cal. 2018); **Exhibit 2** to Opening Brief. This lawsuit, centering on alleged conspiracies pertaining to Dydzak's disbarment proceedings (*see* California Supreme Court, Case No. S179850) falls squarely within the parameters of the Northern District of California's injunction. Nowhere in his Complaint, or in his opposition brief, does Dydzak allege that he has received prior authorization from the federal court.

Again, as discussed in the opening brief, where a district court issues an order barring a plaintiff from pursuing litigation in any federal court, that ruling is binding outside of the district where it was issued. *Justice v. Luna*, 2016 U.S. Dist. LEXIS 164557, *2-3 (E.D. Cal. 2016) (dismissing action by vexatious litigant where another district issued vexatious litigant order prohibiting plaintiff "from filing any new civil actions in any federal court of the United States, without first obtaining leave of that court"). This is true even where another party removed the action to federal court. *Dantzler v. United States EEOC*, 810 F. Supp. 2d 312, 319 (D.D.C. 2011); *see Whitehead v. Twentieth Century Fox Film Corp.*, 2005 U.S. Dist. LEXIS 18893, 2005 WL 3275905, at *1 (D.D.C. Aug. 29, 2005) (dismissing the plaintiff's claim that was filed in state court to avoid a prior injunction issued in federal court, thereby violating the "intent and spirit" of the injunctive order); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993); *see also*, *Jemzura v. Mikoll*, 2001 U.S. Dist. LEXIS 13550 (N.D.N.Y. 2001); *Dantzler v. United States EEOC*, 810 F. Supp. 2d 312, 319 (D.D.C. 2011).

Dydzak neither discusses nor distinguishes MidFirst's cases. Dydzak presents no on-point authority to explain how or why the Order does not bar this lawsuit, presenting instead a series of arguments that clearly have no validity.

First, Dydzak argues that "[t]his lawsuit is not contesting Dydzak's illegal disbarment in the State of California." [ECF No. 41, Opp'n at p. 6].  But the Order prohibits more than just lawsuits contesting the disbarment; it applies to "any claim based on, arising out of, or related to his disbarment." The Third Cause of Action against MidFirst alleges it (and others) had "improper, unethical, and illegal ex parte, extra-judicial communications and contacts with

Defendant CANTIL-SAKAUYE and NAVARETTE . . . to affect the outcome of the California Supreme Court Case No. S179850." [ECF No. 1-2, Comp., ¶ 39]. Case No. S179850, of course, is the action wherein Dydzak sought to set aside and reverse his California disbarment. Therefore, it is beyond question that the instant action both arises out of and relates to Dydzak's disbarment.

Second, Dydzak argues that the matter was "illegally" transferred to Judge Chesney, who issued the Order. In particular, mirroring the bare allegations in paragraph 48(3) of the Complaint, Dydzak argues that Judge Chesney was not properly appointed as a judge, apparently because she was a "senior status" judge at the time.  Dydzak cites to 28 U.S.C. § 294, but that section specifically states that a senior status judge may be designated to perform such judicial duties as he or she is willing and able to undertake. Section 294(c). Dydzak presents neither argument nor evidence to support the idea that Judge Chesney's appointment violated any law.

Third, Dydzak presents no procedural basis for what amounts to a collateral attack on a judicial order. While Dydzak did appeal this ruling, his assertion that the appeal is still pending is manifestly untrue. Dydzak's Exhibit 1, the Pacer Docket for Ninth Circuit Case 18-15673 shows, on October 21, 2019, after Dydzak failed to file his opening brief, his seventh request for extension was denied. [ECF No. 41, Opp'n, Ex. 1, p. 13, Dkt. 24]. Thereafter the Ninth Circuit ordered "[n]o further filings will be entertained in this closed case. DISMISSED." [*Id.*] All seven filings that Dydzak attempted to make following this are followed by the words: "**Deficiencies: Mandate issued, no further filings per 10/21/2019 order**." [*Id*]. Dydzak cannot unilaterally reopen a closed Ninth Circuit case simply by filing documents under that case number. Otherwise, any litigant could prevent an appellate order from becoming final simply by persisting in papering the record with documents.  ***There is no pending appeal***. Judge Chesney's order is final, binding, and prevents this case from proceeding.

Fourth, even if Dydzak could somehow get past this insurmountable procedural bar, his mere unsupported and self-serving allegation "on information and belief" that Judge Chesney (like every jurist who has ruled on cases he was involved in) "had biases and conflicts of interest"

1  would not be enough. [*See* ECF No. 1-2, Compl., ¶ 48]. Such allegations would, like all other

2  allegations in the Complaint, be subject to the *Iqbal/Twombly*[2] analysis, requiring "facial

3  plausibility" in the form of "factual content that allows the court to draw the reasonable inference

4  that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Such factual

5  contentions must "nudge [the allegations] across the line from conceivable to plausible . . . ."

6  *Twombly*, 550 U.S. at 570. Dydzak presents absolutely no facts or allegations to render such

7  assertions even faintly plausible. *Cf., Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147,

8  127 L. Ed. 2d 474 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias

9  or partiality motion."); *Banks v. ACS Educ.*, 638 Fed. Appx. 587, 590 (9th Cir. 2016) (denying

10  motion for reconsideration based on unsupported allegations of judicial bias).

11  Finally, Dydzak asserts that MidFirst "knows full well that Defendant CHESNEY is

12  being sued" by Dydzak. [ECF No. 41, Opp'n at p. 7:12-13]. So what? The mere fact that Dydzak

13  has sued Judge Chesney (together with a trove of other jurists, including the Chief Justice of the

14  California Supreme Court) does nothing to alter the validity of the Order. Otherwise, any litigant

15  could halt a judicial order merely by suing the judge that issued it. Such is not the law. *United*

16  *States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) (holding "[a] judge is not disqualified by a

17  litigant's suit or threatened suit against him"); *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701

18  (9th Cir. 1981) ("[s]uch an easy method for obtaining disqualification should not be encouraged

19  or allowed"). Likewise, the Order is not negated merely because Dydzak has sued Judge

20  Chesney.

21  In short, the Order in final, is binding, and bars the entirety of the claim against MidFirst.

22  **B.  PLAINTIFF HAS FAILED TO ASSERT CLAIMS FOR WHICH RELIEF**

23  **CAN BE GRANTED**

24  As discussed at length in the opening brief, in considering a Rule 12(b)(6) motion to

25  dismiss, a complaint "must plead 'enough facts to state a claim to relief that is plausible on its

26

27  [2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556

28  (2007).

1052658\311374087.v1

face.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroftl*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 556. The plausibility standard "asks for more than sheer possibility that a defendant acted unlawfully." *Id.* A claim that is possible but is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

The sole claim against MidFirst (Third Cause of Action) is for "Conspiracy to Interfere with the Processes of the Court." An actionable civil conspiracy "consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts." *Consol. Generator-Nevada v. Cummins Engine Co.*, 114 Nev. 1304, 1311 (1998).  As explained in *Dydzak v. United States*, 2017 U.S. Dist. LEXIS 180458, *11 (N.D. Cal. 2017), "it is not sufficient to merely allege a conspiracy." *Id.*; *see also Rozario v. Richards*, 2015 U.S. Dist. LEXIS 190466, *16 (C.D. Cal. 2015) ("inconceivable conjecture does not pass the *Iqbal-Twombly* threshold and cannot support a claim for civil conspiracy."); *Little v. Washington*, 2012 U.S. Dist. LEXIS 47120, *6 (W.D. Wash. 2012) (dismissing complaint that "does not contain specific factual allegations from which the court could conclude that Defendants entered into a civil conspiracy").

Here, Dydzak simply asserts without more that he is "informed and believes" that MidFirst and other defendants "had improper, unethical and illegal ex parte, extra-judicial communications and contacts with Defendants CANTIL-SAKAUYE and NAVARRETTE on or about September 11, 2019, and on other occasions thereafter, and continuing to the present, to affect the outcome of the California Supreme Case No. S179850 and harm Dydzak." [ECF No. 1-2, Compl., ¶ 39].  Dydzak does not explain exactly what these *ex parte* communications were, how they happened, why they happened, what they resulted in, or any of the other details needed to make this "highly implausible, vague, and conclusory" allegation of conspiracy plausible. Again, Dydzak must allege sufficient facts to "nudge" his claim "across the line from

conceivable to plausible" or his case "must be dismissed." *Twombly*, 550 U.S. at 570.  Dydzak's bare claims are not even close to being plausible.

Dydzak has no real response to this other than to utter a series of platitudes (*see* ECF No. 41, Opposition at page 5), such as the fact that no one is above the law, that due process is protected by the Constitution, and so on. Dydzak argues, without distinguishing or discussing the cases cited by MidFirst, that he has pled enough facts to make this extraordinarily improbable scenario plausible. He has not, and does not even come close to satisfying the standards of *Iqbal* and *Twombly*. Thus, even if this claim were not barred by prior Order of a Court, Dydzak's claim against MidFirst would still fail.

**C. <u>PLAINTIFF FAILS TO ESTABLISH SUBJECT MATTER JURISDICTION OVER THIS LAWSUIT, OR PERSONAL JURISDICTION OVER MIDFIRST</u>**

As discussed at length in briefs filed by other parties in this matter (*see e.g.*, Dato's Motion to Dismiss, ECF No. 14, at pages 9-10), this Court has no subject matter jurisdiction over this suit, which is little more than an attempt to relitigate Dydzak's California disbarment in Nevada. As discussed in *Clark v. State of Washington,* 366 F. 2d 678 (9th Cir. 1966), a lower federal court has no subject matter jurisdiction to consider a collateral attack of a decision by a state court to disbar an attorney.  *See also*, *Dist. Of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 n. 16 (1983). Likewise, under the Rooker-Feldman doctrine, lower federal courts are without jurisdiction to consider constitutional claims that are "inextricably intertwined" with questions pending before the state courts. *Gulda v. North Strabane Township*, 146 F.3d 168 (3d Cir. 1998); *Plyler v. Moore*, 129 F. 3d 728 (4th Cir. 1997). As this entire action is nothing more than a collateral attack on the California disbarment of Dydzak, this Court has no jurisdiction over the subject matter of this action.

Dydzak also has not established personal jurisdiction over MidFirst. As discussed in the opening brief, jurisdiction depends upon the three-prong minimum contacts test, which must satisfy all three of the following: (a) the non-resident defendant must purposefully directed its

activities to the forum, (b) plaintiff's claims must have arisen out of or relate to the defendants' forum-related activities, and (c) the exercise of jurisdiction must be reasonable. *Jardine v. Yamada & Sons, Inc.*, 2022 U.S. Dist. LEXIS 118339, *4 (D. Nev. July 1, 2022). Nothing in this case is alleged to have arisen out of any activity by MidFirst in Nevada. Indeed, this case has nothing to do with Nevada; the allegations, such as they are, are that MidFirst (and many others) had *ex parte* contacts with **California** judges pertaining to a **California** action (i.e., California Supreme Court Case No. S179850). *See Jardine*, *supra* at *5 ("[m]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden"). As such, the Complaint establishes no basis for personal jurisdiction over MidFirst.

Dydzak's response to this to assert that Defendant Judge Rawlinson is a resident of the State of Nevada, that Judge Rawlison was part of the Ninth Circuit panel that ruled on a Northern District of California case wherein MidFirst (or its predecessor entities) were named as parties, and that MidFirst therefore "does have a connection to the State of Nevada." None of this comes even close to satisfying the factors discussed above, as addressed in *Jardine v. Yamada & Sons, Inc*. In fact, this Court has no jurisdiction, likewise requiring dismissal.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

**III.      CONCLUSION**

2

        For the foregoing reasons, MidFirst's Motion to Dismiss should be sustained. Leave to

3

amend should be denied, since amendment would be futile. *Bryant v. BNSF Ry.*, 725 Fed. Appx.

4

572, 573 (9th Cir. 2018) ("The district court properly dismissed without leave to amend because

5

amendment would have been futile").

6

        Dated this 16th day of August, 2022.

7

                                **QUINTAIROS, PRIETO, WOOD &**
                                **BOYER, P.A.**

8

9

                        By:     */s/  Michael Ayers*
                                Michael Ayers, Esq.

10

                                (NV Bar No. 10851)
                                michael.ayers@qpwblaw.com

11

                                Clark Vellis, Esq.
                                (NV Bar No. 5533)

12

                                clark.vellis@qpwblaw.com
                                200 S. Virginia Street, 8th Floor

13

                                Reno, Nevada 89501
                                Telephone: 775-322-4697

14

                                Facsimile: 775-322-4698
                                *Attorneys for Defendant MIDFIRST*

15

                                *BANK (incorrectly named as 1ST*
                                *CENTURY BANK and/or 1ST CENTURY*

16

                                *BANCSHARES INC.)*

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System and through that service, a copy was sent with e-notice to all parties, and a copy as mailed, via U.S. Mail, postage prepaid, to all parties without e-notice.

Dated:  August 16, 2022

_/s/ Christine L. Miller_
An Employee of QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

1  THOMAS D. DILLARD, JR., ESQ.
   Nevada Bar No. 006270
2  **OLSON CANNON GORMLEY & STOBERSKI**
   9950 West Cheyenne Avenue
3  Las Vegas, Nevada 89129
   Telephone: (702) 384-4012
4  Facsimile: (702) 383-0701
   Tdillard@ocgas.com
5  *Attorneys for Defendants*
   *Tani G. Cantil-Sakauye, Chief Justice of California;*
6  *Jorge Navarrete, Clerk/Executive*
   *Officer of the Supreme Court of California;*
7  *and William Dato, Associate Justice of the California Court of Appeal,*
   *Fourth Appellate District, Division One*

8

9                    **UNITED STATES DISTRICT COURT**

10                        **DISTRICT OF NEVADA**

11

12  DANIEL DAVID DYDZAK                         )
                                                )
13          Plaintiff,                          )   CASE NO.: 2:22-cv-01008-APG-VCF
                                                )
14      vs.                                     )
                                                )
15  TANI CANTIL-SAKAUYE, JORGE                  )
    NAVARRETE, THOMAS LAYTON, aka TOM           )
16  LAYTON, CHARLES SCHWAB, DONALD F.           )
    MILES, JOHNNIE B. RAWLINSON, BARRY          )
17  G. SILVERMAN, WILLIAM A. FLETCHER,          )   **REPLY TO PLAINTIFF'S**
    PETER LIND SHAW, RONALD M. GEORGE           )   **OPPOSITION TO**
18  ERIC M. GEORGE, ALAN I. ROTHENBERG,         )   **DEFENDANT ASSOCIATE**
    1ST CENTURY BANK, 1ST CENTURY               )   **JUSTICE WILLIAM DATO'S**
19  BANCSHARES, INC., EDWARD EPHRAIM            )   **MOTION TO DISMISS**
    SCHIFFER, SIDNEY R. THOMAS, WILLIAM         )
20  DATO, MAXINE M. CHESNEY, MOLLY C.           )
    DWYER, GEORGE H. KING, A. WALLACE           )
21  TASHIMA, FERDINAND FRANCIS                  )
    FERNANDEZ, KIM MCCLANE WARDLAW,             )
22  WILLIAM C. CANBY, RONALD M. GOULD,          )
    RICHARD C. TALLMAN, and Does 1 through      )
23  50,  inclusive,                             )
                                                )
24          Defendants.                         )
    _____  )

25          COMES NOW Defendant, WILLIAM DATO, Associate Justice of the California Court

26  of Appeal (Fourth Appellate District, Division One) ("Associate Justice Dato"), by and through

27  his counsel of record, THOMAS D. DILLARD, JR., ESQ., of the law firm OLSON, CANNON,

28  GORMLEY, & STOBERSKI, and replies to Plaintiff's Opposition to Associate Justice

    Dato's motion to dismiss [Doc. #31].

**SER-218**

OLSON CANNON GORMLEY & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012  Telecopier (702) 383-0701

1

This Reply is made and based upon all the pleadings and papers on file herein, the

2

attached points and authorities, together with any argument that may be introduced at the time of

3

hearing this matter before this Honorable Court.

4

5

Dated this 8th day of August, 2022.

6

7

OLSON CANNON GORMLEY & STOBERSKI

8

By: _____

9

THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270

10

9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129

11

*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California;*

12

*Jorge Navarrete, Clerk/Executive*
*Officer of the Supreme Court of California;*

13

*and William Dato, Associate Justice of the*
*California Court of Appeal, Fourth Appellate*

14

*District, Division One*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OLSON CANNON GORMLEY & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012  Telecopier (702) 383-0701

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

As explained in Associate Justice Dato's motion to dismiss, this civil action is barred by lack of subject matter and personal jurisdiction, and also by absolute judicial immunity. Plaintiff's opposition to the motion to dismiss adopts the very same approach he has taken in his Complaint and is largely a carbon copy of oppositions he has filed to other motions. Plaintiff repeats the same untenable legal conclusions regarding subject matter jurisdiction, personal jurisdiction and validity of claims and demands that they be given full effect. Plaintiff makes legal assertions in conclusory terms, devoid of either narrative detail or cogent legal support, and blanket statements that jurisdiction lies in all respects with this Court and for Associate Justice Dato. Plaintiff just briefly addresses the jurisdictional defects of his Complaint in section I of his opposition at pages 3-5. His feeble attempt to satisfy his burden to establish jurisdiction does not cite to specific averments in his Complaint, relies upon no relevant authority and simply amounts to a demand to ratify an *ipse dixit* assertion. Accordingly, Plaintiff's opposition raises no colorable jurisdictional rebuttal and thus serves only to underscore the jurisdictional defects in the Complaint.

Plaintiff additionally asserts there is no immunity for his claims apparently because his grandiose conspiracy claims trump all defenses (a legal assertion that is completely opposite of well-established and controlling law). Plaintiff's arguments in his opposition are baseless and appear to be a reiteration of his serial filings in the California courts that twice resulted in a finding that he is a vexatious litigant. Plaintiff fails to rebut the absolute immunity applicable to judicial officers. Plaintiff merely reiterates that he has made far flung allegations of an ambiguous conspiratorial objective involving Associate Justice Dato and that he and all the other California state and federal jurists that had occasion to hear his claims entertained and adjudicated them with a malicious motive. The case law is clear that these allegations to not pierce judicial immunity. Plaintiff has therefore failed to state a viable claim for relief even if there was jurisdiction over the subject matter of this suit and personal jurisdiction in Nevada for

1  this movant. Associate Justice Dato therefore urges this Court to grant the motion to dismiss in

2  all respects and bring this frivolous suit to an end.

3  **II.   LEGAL ARGUMENT IN SUPPORT OF DISMISSAL FOR LACK OF**
   **JURISDICTION.**

4

5     **A.   This Court Lacks Subject Matter Jurisdiction Seeking Review of Claims Derived**
          **from His Disbarment From the Practice of Law in the State of California.**

6

7        Plaintiff argues that there is subject matter jurisdiction because he is the master of his

8  own suit and he has elected to file it in Clark County, Nevada. (Opp. p. 3, lines 7-9). Despite

9  Plaintiff's assertion, he has not satisfied his burden of demonstrating the existence of subject

10 matter jurisdiction. <u>Morrison v. Beach City LLC</u>, 116 Nev. 34, 36, 991 P.2d 982, 983 (2000)

11 ("The burden of proving the jurisdictional requirement is properly placed on the plaintiff").

12       Plaintiff cites to Nevada's statute pertaining vexatious litigants as a basis for subject

13 matter jurisdiction. This statute has nothing to do with collaterally attacking attorney discipline

14 from another state or a vexatious litigant order issued in a separate jurisdiction. NRS 155.165

15 obviously provides no subject matter jurisdiction shelter for Plaintiff's lawsuit.

16       Regardless of the title Plaintiff affixes to his claims, Plaintiff clearly calls upon U.S.

17 District Court of Nevada to entertain a collateral attack on the propriety of his disbarment by the

18 California Supreme Court and his protracted history of unsuccessful petitions and cases filed in

19 California state and federal courts to overturn that disciplinary action. Plaintiff has cited no law

20 and has not provided a cogent argument to establish that this Honorable Court has subject matter

21 jurisdiction over this peculiar case. Plaintiff also ignores all the legal authorities in the motion to

22 dismiss and the arguments based upon those authorities on pages 9-10. [#14]. He has not actually

23 opposed those points and authorities in any specific respect. The only argument that can be

24 derived from his response is that the legal authorities in Nevada and other jurisdictions along

25 with SCR 105(3)(b) do not apply to his claims because he has sued pursuant to 42 U.S.C. Section

26 1983. Nonetheless, Plaintiff still clearly asks this Court to review and overturn a disbarment

27 order by the Supreme Court of California. The fact that he claims that the discipline and

28 subsequent refusal to overturn his disbarment is of a constitutional magnitude is inconsequential.

OLSON CANNON GORMLEY & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

Associate Justice Dato's motion to dismiss establishes that this Court lacks subject matter jurisdiction, and Plaintiff's opposition on this jurisdictional issue lacks merit. The case should therefore be dismissed from this Honorable Court pursuant to Federal Rule of Civil Procedure 12(b)(1) without any further debate.

**B.**     <u>**Associate Justice Dato is Not Subject to Personal Jurisdiction in Nevada.**</u>

Plaintiff acknowledges that he brought suit in Nevada for no other reason that one of the many different Ninth Circuit Court of Appeal jurists who has in the past denied him his requested relief on matters involving his disbarment in California has a home office in Nevada. (Opp [#31] at p. 3: lines 14-19; p. 4: lines 17-26). Based upon that admission, Plaintiff then argues that because one of the many Defendants he named is a one-time Nevada resident that venue is proper in Clark County, Nevada. The clear failing in this singular argument to resist the motion to dismiss is that Associate Justice Dato did not seek dismissal based upon improper venue at all. To be sure, venue and personal jurisdiction are separate requirements. <u>See</u> <u>State ex rel. DePaul Health Center v. Mummert</u>, 870 S.W.2d 820, 821 (Mo. banc 1994) (stating "venue and personal jurisdiction address entirely different concerns and venue is not a prerequisite to personal jurisdiction").

Moreover, Plaintiff cannot obtain personal jurisdiction over everyone he names in a lawsuit even assuming that there is a personal jurisdiction over one of the other defendants. Plaintiff cites no law for his position and does not even suggest that Associate Justice Dato performed any act in, or directed towards, Nevada to establish personal jurisdiction. He of course had nothing whatsoever to do with the orders of Judge Johnnie Rawlinson of the Ninth Circuit or where her home office is located. Plaintiff argues that he is somehow intertwined with Judge Rawlinson's involvement in an assigned panel of the Ninth Circuit to his federal appeal. Plaintiff's Complaint and his Opposition are barren of any narrative making any cogent connection between Associate Judge Dato's involvement in Plaintiff's state litigation to Judge Rawlinson's Ninth Circuit order. What is more, there is nothing at about Plaintiff's protracted litigation history in California to challenge his disbarment (whether in the state or the federal

Law Offices of
**OLSON CANNON GORMLEY & STOBERSKI**
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

systems) that connects any judicial officer (who has issued decisions in those cases) to the jurisdiction of Nevada.

Plaintiff's opposition does nothing more than topple a straw man argument about venue and disregards the comprehensive points and authorities set forth on pages 10-15. [#14]. Plaintiff in so doing has failed to meet his burden of establishing personal jurisdiction over Associate Justice Dato. Dismissal is definitely warranted because there is no personal jurisdiction over Associate Justice Dato. Plaintiff abjectly fails to even try to argue that he is subject to either general jurisdiction here or specific jurisdiction. He has thus conceded that there is no personal jurisdiction, and yet he adamantly maintains that the motion should be denied because he demands justice. As Plaintiff noted in his brief, no one is above the law, including controlling law regarding the necessary Nevada connection for personal jurisdiction. Plaintiff fell well short of making even a colorable argument in support of a finding of personal jurisdiction over any of the California Defendants – including Associate Justice Dato. The Complaint cannot thus resist dismissal due to complete lack of personal jurisdiction pursuant to Rule 12(b)(2).

## III.   LEGAL ARGUMENT IN SUPPORT OF DISMISSAL FOR FAILURE TO STATE A CLAIM FOR RELIEF

### Associate Justice Dato Enjoys Absolute Immunity from this Suit

Plaintiff's Complaint and his Opposition is barren of any factual allegations to pierce Associate Justice Dato's absolute immunity from suit. Plaintiff just argues that his naked allegations regarding fraud, discrimination and that Defendants formed a conspiratorial objective to violate his rights ought to be enough to withstand a motion to dismiss. But such allegations of conspiracy by a judicial officer do not overcome absolute judicial immunity. Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) ("even where a party alleges that a judge conspired with another party, as here, such allegations do not pierce the immunity").

Plaintiff has not satisfied the general pleading requirement that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). "A pleading that offers 'labels and conclusions' or 'a

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Complaint is bereft of any facts, as opposed to conclusory assertions, that Associate Justice Dato undertook any act or omission that was outside of his role as a judicial officer of the Supreme Court of California. See <u>Rose v. Bartle</u>, 871 F.2d 331, 345 (3d Cir. 1989) ("The mere invocation of the catch-word [like ministerial] ... cannot suffice ... to forestall dismissal on immunity grounds."). Plaintiff's contention that a judicial officer's entry of an order declaring him to be a vexatious litigant is unprotected by immunity is without merit. The case law makes clear that for a judge's entry of an order declaring a litigant to be a vexatious litigant is a judicial act well within the ambit of his jurisdiction.

In an effort to fill the gap from formulaic recitations to state a plausible claim, Plaintiff still relies upon what amounts to a conclusory conspiracy claim to avoid having to identify allegations in the Complaint indicating Associate Justice Dato acted in the clear absence of jurisdiction. This is not a novel approach to cover pleading infirmities this way and has been addressed by numerous courts and uniformly found to be lacking to state a plausible conspiracy claim and to overcome immunity.[1]

The requirements for pleading a conspiracy are indeed even higher "where the state officials allegedly involved in the conspiracy are immune from suit." <u>Sooner Prods. Co. v. McBride</u>, 708 F.2d 510, 512 (10th Cir. 1983) (noting that "mere conclusory allegations with no

---

[1]"To state a claim for a conspiracy . . . , the plaintiff must state specific facts to support the existence of a claimed conspiracy." <u>Burns v. County of King</u>, 883 F.2d 819, 821 (9th Cir. 1989). "[A]n agreement or 'meeting of the minds' must be shown." <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 152 (1970); <u>Manis v. Sterling</u>, 862 F.2d 679, 681 (8th Cir. 1988) ("Allegations of conspiracy . . . must be pled with sufficient specificity and factual support to suggest a 'meeting of the minds.'"). Diffuse and expansive allegations are insufficient unless amplified by specific instances of misconduct. See <u>Dwares v. City of New York</u>, 985 F.2d 94, 99 (2d Cir. 1993); <u>Shearin v. EF. Hutton Group</u>, 885 F.2d 1162, 1166 (3d Cir. 1989) (stating the plaintiff must "address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose"). To be sure, conclusory allegations of conspiracy involving a state officer is insufficient to support a § 1983 claim. <u>Simmons v. Sacramento Cty. Sup. Court</u>, 318 F.3d 1156, 1161 (9th Cir. 2003).

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action"). A § 1983 plaintiff must provide sufficient factual averments to support the plausible inference that some prearranged plan or joint action existed between the conspirators to engage in all the conspiratorial activities and to obtain an unconstitutional objective. Id. Accordingly, a plaintiff's "undifferentiated contention that 'defendants' infringed [their] rights" will not suffice; rather, "it is incumbent upon . . . plaintiff[s] to 'identify specific actions taken by particular defendants'" in order to make out a viable § 1983 conspiracy claim. Pahls v. Thomas, 718 F.3d 1210, 1226 (10th Cir. 2013); see also Albrecht v. Hamilton, 223 Fed.Appx. 122, 124-25 (3d Cir. 2007) ("[The plaintiff] . . . "fails to plead even 'basic facts' in support of his allegation that the prosecutor worked 'in collusion' with the defendants . . . nor does he allege any facts from which we can infer that the prosecution shared the defendants' motivation to deprive him of his constitutional rights. Rather, the complaint contains only a general averment of conspiracy amounting to nothing more than a conclusion of law."). The factual allegations purporting to state a claim and skirt the immunity defense must focus specifically on the conduct of the individual alleged to have caused the plaintiff's injury as opposed to imprecise conspiracy claims. Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 2005). Further, allegations that a judge conspired to violate a person's civil rights do not overcome judicial immunity. Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984 (1976) (allegations of conspiracy to wrongfully convict plaintiff did not overcome prosecutorial immunity); Ashelman v. Pope, 793 F.2d 1072, 10771-78 (9th Cir. 1986) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors."). Absolute immunity insulates state actors, like judges and prosecutors, from charges or erroneous acts or irregular action, even when it is alleged that such action was driven by malice, bad faith, or corruption. Forrester v. White, 484 U.S. 219, 227-28, 108 S.Ct. 538 (1988) (holding an act "does not become less judicial by virtue of allegations of malice or corruption of motive"); Moore v. Brewster, supra, 96 F.3d 1240 at 1244 (allegations that a judge conspired with another party do not pierce absolute judicial immunity). Absolute immunity covers "virtually all acts, regardless of motivation," therefore,

"when the underlying activity at issue is covered by absolute immunity, the plaintiff derives no benefit from alleging a conspiracy." Pinaud v. County of Suffolk, 52 F.3d 1139, 1148 (2d Cir. 1995). Plaintiff's allegations and argument regarding improper motive, bad faith, or even acts taken in an unquestionably illegal manner are all irrelevant. See Red Zone 12 LLC v. City of Columbus, 758 F.App'x 508, 513-14 (6th Cir. 2019); Ashelman, 793 F.2d at 1078 ("[A] conspiracy . . . to predetermine the outcome . . . does not pierce the immunity").

Plaintiff next contends that he seeks extraordinary relief in some unspecified form in his Complaint and that judicial immunity attaches to only his claims for monetary relief. He cites no source for this legal assertion because there is no good law that supports his argument. Judicial immunity is an immunity from suit, not the award of damages, and applies to bar suits for declaratory and injunctive relief. Mireles v. Waco, 502 U.S. 9, 11 (1991); Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996); see also Mullis v. United States Bankruptcy Court for the Dist. of Nev., 828 F.2d 1385, 1394 (9th Cir. 1987) (finding absolute judicial immunity to apply in Bivens action as well as seeking of declaratory and injunctive relief); Shahroki v. Throne, Case No.2:22-cv-00001-JAD-NJK, 2022 WL 2080090 *3 & n.22 (D. Nev., June 9, 2022) (stating judicial "immunity applies to civil actions for damages as well as declaratory or equitable relief").

Section 1983 currently provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In 1996, Congress enacted the Federal Courts Improvement Act ("FCIA"), which amended § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000); see also Roth v. King, 449 F.3d 1272, 1286-1287 (D.C. Cir. 2006) (concluding that the district court erred in concluding that appellees might be able to obtain injunctive relief against individuals acting in a judicial capacity, in light of the changes to Federal Courts Improvement Act); Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) ("Absolute immunity

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

1  bars not only Montero's § 1983 claim for damages but also his claim for injunctive relief");

2  Azubuko v. Ashley, 443 F.3d 302 (3rd Cir. 2006) (doctrine of judicial immunity applies even

3  when plaintiff seeks declaratory relief, unless plaintiff alleges that a declaratory judgment was

4  violated or declaratory relief is not available).

5      Thus, § 1983 itself grants "judicial immunity from suit for injunctive relief for acts taken

6  in a judicial capacity." Wolfe v. Strankman, 392 F.3d 358, 366 (9th Cir. 2004); Craig v.

7  Villicana, 676 Fed. Appx. 716 (9th Cir. 2017) (holding that judicial immunity extends to

8  declaratory and other equitable relief). Plaintiff has made no showing or allegations that the

9  exception to judicial immunity from suit for injunctive relief—namely, violation of a declaratory

10  decree or the unavailability of declaratory relief—applies, nor is there any indication that plaintiff

11  could make such a showing. As a result, Plaintiff's claim for injunctive relief does not fall within

12  the narrow set of circumstances set forth in § 1983 and states no valid claim for relief. See Just

13  Network, Inc. v. Craighead Cnty., 931 F.3d 753, 763 (8th Cir. 2019).

14      Finally, Plaintiff's argument that there was extrinsic fraud also fails as a matter of law to

15  pierce Associate Justice Dato' absolute judicial immunity. Plaintiff's claim that there was

16  discriminatory conduct and clear bias is of no consequence either. Plaintiff's allegations that the

17  "wrongful acts . . . [were done] in cahoots" other Defendants also fail to state a valid claim.

18  Finally, Plaintiff's blanket assertion that allegations are not judicial in nature are insufficient as a

19  matter of law to withstand dismissal based upon absolute immunity. The jurisdictionally

20  defective claims fail to state any facts stating a valid cause of action.

21      The Complaint should therefore also be dismissed with prejudice pursuant to Federal

22  Rule of Civil Procedure 12(b)(6). Plaintiff has not made any allegation against Associate Justice

23  Dato outside of his judicial function or in clear excess of his judicial authority. The immunity

24  applies regardless of Plaintiff's naked assertions that there was a conspiracy or a fraudulent or

25  corrupt motive underlying the performance of judicial acts. In accordance with the state court

26  order providing immunity to the Chief Justice of the California Supreme Court, immunity from

27  suit also applies to all of Plaintiff's claims for relief, regardless of the remedy sought, against

28  Associate Justice Dato.

OLSON CANNON GORMLEY & STOBERSKI
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

## IV.   <u>CONCLUSION</u>

IN ACCORDANCE WITH THE FOREGOING, the Court should dismiss Associate Justice Dato, because this Court lacks subject matter jurisdiction on the claims and lacks personal jurisdiction over him. Alternatively, the Court should dismiss all claims with prejudice for failure to state a claim because Associate Justice Dato is immune from suit.

Respectfully Submitted this 8th day of August, 2022.

OLSON CANNON GORMLEY & STOBERSKI

By: _____
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California;*
*Jorge Navarrete, Clerk/Executive*
*Officer of the Supreme Court of California;*
*and William Dato, Associate Justice of the*
*California Court of Appeal, Fourth Appellate*
*District, Division One*

OLSON CANNON GORMLEY & STOBERSKI
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

## CERTIFICATE OF SERVICE

I hereby certify that I am employed in the law offices of OLSON CANNON GORMLEY & STOBERSKI, and that on the 8th day of August, 2022, I served a copy of the foregoing **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASSOCIATE JUSTICE WILLIAM DATO'S MOTION TO DISMISS,** in the following manner:

Through the CM/ECF system of the United States District Court for the District of Nevada, (or, if necessary, by U.S. Mail, first class, postage pre-paid, and/or via email): upon the following:

Daniel David Dydzak
4265 Marina City Drive,
Suite 407W
Marina del Rey, CA 90292
ddydzak@yahoo.com
*Plaintiff Pro Se*

Craig R. Anderson, Esq.
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, NV 89145
smong@maclaw.com
canderson@maclaw.com
*Attorneys for Defendant*
*Judge Donald F. Miles*

Michael Ayers, Esq.
Clark Vellis, Esq.
QUINTAIROS, PRIETO, WOOD &
BOYER, P.A.
200 S. Virginia St., 8th Fl.
Reno, NV 89501
michael.ayers@qpwblaw.com
clark.vellis@qpwblaw.com
*Attorneys for MIDFIRST BANK*
*incorrectly named herein as 1ST*
*CENTURY BANK and/or 1ST*
*CENTURY BANCSHARES, INC.*

Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
*Defendants in propria persona*

David J. Carroll, Esq.
Eric M. George, Esq.
ELLIS GEORGE CIPOLLONE
801 S. Figueroa Street, Suite 2000
Los Angeles, California 90017
cubence@egcfirm.com
www.egcfirm.com
*Defendants in propria persona Eric M.*
*George, Ronald M. George, and Alan I.*
*Rothenberg*

Patrick Rose, Esq.
Patrick.Rose@usdoj.gov
Dionne.White@usdoj.gov
*Assistant United States Attorney for*
*Peter Lind Shaw*

*/s/ Jessica Kaufman*
An employee of OLSON CANNON GORMLEY & STOBERSKI

**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com

*Attorneys for Defendant Donald F. Miles*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

vs.

TANI CANTIL-SAKAUYE; JORGE NAVARRETE; THOMAS LAYTON a/k/a TOM LAYTON; CHARLES SCHWAB; DONALD F. MILES; JOHNNIE B. RAWLINSON; BARRY G. SILVERMAN; WILLIAM A. FLETCHER; PETER LIND SHAW; RONALD M. GEORGE; ERIC M. GEORGE; ALAN L. ROTHENBERG; 1ST CENTURY BANK; 1ST CENTURY BANCSHARES, INC.; EDWARD EPHRAIM SCHIFFER; SIDNEY R. THOMAS; WILLIAM DATO; MAXINE M. CHESNEY; MOLLY C. DWYER; GEORGE H. KING; A. WALLACE TASHIMA; FERDINAND FRANCIS FERNANDEZ; KIM MCCLANE WARDLAW; WILLIAM C. CANBY; RONALD M. GOULD; RICHARD C. TALLMAN and DOES 1 through 50, inclusive,

Defendants.

Case No.: 2:22-cv-01008-APG-VCF

**DEFENDANT DONALD F. MILES' RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT**

Defendant Donald F. Miles ("Retired-Judge Miles"), by and through his attorneys of record, Marquis Aurbach, hereby submits his Response to Plaintiff's Opposition to Motion to Dismiss (ECF No. 16) in the above-entitled action. This Response is made and based on the attached Memorandum of Points and Authorities and all pleadings and papers on file herein.





MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

<div align="center">**MEMORANDUM OF POINTS AND AUTHORITIES**</div>

**I.    INTRODUCTION**

This Reply supports Retired-Judge Miles' Motion to Dismiss ("Motion") which requests that this Court: (1) dismiss Plaintiff Daniel David Dydzak's ("Plaintiff") complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as Nevada lacks subject matter jurisdiction to evaluate attorney discipline imposed by the California Supreme Court; and (2) dismiss Plaintiff's complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2), as Plaintiff has pled no facts that would establish this Court's personal jurisdiction – general or specific – over Retired-Judge Miles.

**II.    LEGAL ARGUMENT**

Plaintiff's response, brings forth a plethora of arguments, couched in colorful adjectives, pertaining to points apart from the Motion at hand. In the interest of judicial economy, this Reply solely focuses on issues relevant to the underlying Motion. Nevertheless, Plaintiff's claim against Retired-Judge Miles should be dismissed because this Court does not have jurisdiction to hear the claim.

**A.    PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1), THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS CASE**

Plaintiff's complaint names Retired-Judge Miles, but not the Honorable Judge Johnny Rawlinson ("Judge Rawlinson"), in the third cause of action alleging a conspiracy affecting the affirmation of Plaintiff's disbarment by the California Supreme Court.  Next, Plaintiff alleges in his opposition that Nevada has proper subject matter jurisdiction because Plaintiff's fifth Cause of Action implicates Judge Rawlinson, a resident of the State of Nevada. How Plaintiff connects the two causes of action is unclear. However, even if the two claims could somehow be intertwined, Plaintiff's claim against Retired-Judge Miles still fails.

This Court does not have subject matter jurisdiction over Retired-Judge Miles. In a similar case, the Ninth Circuit has held that a lower federal court does not have subject matter jurisdiction to consider Washington State Supreme Court's decision to disbar an attorney. *Clark*

<div align="center">Page 2 of 5</div>

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:17012-001 4799339_1

*v. State of Washington*, 366 F.2d 678 (9ᵗʰ Cir. 1996). Thus, here, Plaintiff's disbarment may not be reviewed by means of an original action in a lower federal court. *Dist. Of Columbia Ct. of App. V. Feldman*, 460 U.S. 462, 482 N.16 (1983). Moreover, Nevada Supreme Court Rule 105(3)(b) authorizes the Nevada Supreme Court with the power to review discipline imposed by the Nevada State Bar. Nevada Supreme Court Rule 105(3)(b) does not give the Nevada Supreme Court subject matter jurisdiction over hearing attorney discipline decided by the California Supreme Court. *See also Clark v. State of Washington*, 366 F.2d 678 (9ᵗʰ Cir. 1996). Therefore, this court cannot consider attorney discipline decided by the California Supreme Court.

This claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), as neither the State of Nevada nor a lower federal court has subject matter jurisdiction over this claim regarding discipline imposed by the California Supreme Court.

**B.    PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2), THIS COURT LACKS PERSONAL JURISDICTION OVER RETIRED-JUDGE MILES**

Plaintiff, a California resident, has not pled facts in his complaint nor produced evidence in his opposition that would establish this Court's personal jurisdiction – general or specific – over Retired-Judge Miles, a California resident. *See Helicopteros Nacionales De Columbia, S.A. v. Hall*, 466 U.S. 408, 414-415 (1984). Plaintiff also does not allege the injuries he sustained occurred in Nevada or that Retired-Judge Miles has any ties to Nevada. *See Nguyen v. Margines*, 2021 WL 5761766 *2 (D. Nev. Dec. 3, 2021) (dismissing the plaintiff's suit against California State-Court Judges seeking damages against them for judgments entered against the plaintiffs in other cases in California due to lack of personal jurisdiction.) Thus, pursuant to Federal Rule of Civil Procedure 12(b)(2), the claim against Retired-Judge Miles should be dismissed for want of personal jurisdiction.

**1.    The State of Nevada does not have general jurisdiction over Retired-Judge Miles**

Plaintiff's response alleges that minimum contacts have implicated Retired-Judge Miles to be tried in the State of Nevada. Plaintiff also alleges Retired-judge Miles actively participated in harming Plaintiff in Nevada but does not produce evidence of said minimum contacts or how

Page 3 of 5

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:17012-001 4799339_1

the claimed harm was inflicted.

Notwithstanding Plaintiff's statements in his opposition, Plaintiff agrees that Retired-Judge Miles is a resident of, domiciled in and that the conduct complained of occurred in California. All of these facts support Retired-Judge Miles's lack of continuous and systematic contact in Nevada. A lack of such activity runs contrary to long established precedent regarding a defendant's activities in the forum state, which must be so continuous and systematic that said defendant may be deemed present in the forum and hence subject to suit over claims unrelated to its activities here. *Helicopteros*, 466 U.S. at 415-16; *Trump v Eighth Judicial Dist. Ct.*, 109 Nev. 687, 699 (1993). Moreover, Plaintiff's allegations regarding Judge Rawlinson possibly residing in Las Vegas, Nevada do not establish personal jurisdiction over Retired-Judge Miles.

Plaintiff's claim against Retired-Judge Miles should be dismissed for lack of general jurisdiction. Plaintiff does not present evidence supporting that Retired-Judge Miles has any activity in Nevada, let alone activities so substantial he could be deemed present in Nevada.

### 2. The State of Nevada does not have specific jurisdiction over Retired-Judge Miles

Plaintiff asserts Retired-Judge Miles' minimum contacts with the State of Nevada stem from his alleged tortious acts towards Plaintiff, which produced foreseeable consequences in Nevada. Plaintiff produces no facts to explain what these acts or consequences are or how these alleged acts or consequences occurred, or how Retired-Judge Miles is liable. More importantly, Plaintiff does not state how these acts or consequences are connected to Nevada. Plaintiff does not present evidence that Retired-Judge Miles purposefully directed activity towards, availed himself of Nevada, nor does Plaintiff show how this claim arises out of Nevada. *Rutsky & Co. Ins. Services, Inc. v American Special Risk Ins. Services*, 328 F.3d 1122, 1129 (9th Cir. 2003). Thus, Plaintiff has not established facts sufficient to establish personal jurisdiction. *See Huffy Corp. v. Overlord Industries*, et al, 46 F. Supp. 2d 1093, 1096 (D. Nev. 2003).

Plaintiff's claim against Retired-Judge Miles should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because Plaintiff has failed to supply the Court with any facts that would establish personal jurisdiction.

MAC:17012-001 4799339_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

III.    **CONCLUSION**

Based on the above, the claims against Retired-Judge Miles should be dismissed due to lack of subject matter jurisdiction and lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and (2).

Dated this 8th day of August, 2022.

MARQUIS AURBACH


By      *s/Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorney for Defendant Donald F. Miles*


**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **DEFENDANT DONALD F. MILES' RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT** was submitted electronically for filing and/or service with the United States District Court on the 8th day of August, 2022.  Electronic service of the foregoing document shall be made in accordance with the CM/ECF-Service List.

I further certify that I served a copy of this document by mailing a true and correct copy thereof, postage prepaid, addressed to: N/A


     *s/Sherri Mong*
an employee of Marquis Aurbach

MAC:17012-001 4799339_1

1  Daniel David Dydzak
2  Plaintiff
   4265 Marina City Drive, Suite 407W
3  Marina del Rey, CA 90292
   Telephone: (310) 867-1289
4  Email: ddydzak@yahoo.com
5

FILED _____  _____ RECEIVED
_____ ENTERED   _____ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 0 3 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

6
7
8              UNITED STATES DISTRICT COURT
9                 DISTRICT OF NEVADA
10
                                    Case No. 2:22-cv-01008-APG-VCF
11
12 DANIEL DAVID DYDZAK,            PLAINTIFF'S REQUEST FOR JUDICIAL
                                   NOTICE; EXHIBIT 1
13         Plaintiff,
14       v.                        Before Hon. Andrew P. Gordon,
                                   U.S. District Judge
15
16 TANI CANTIL-SAKAUYE, et al.,
17         Defendants.
18
19
20
21      TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF
22 RECORD:
23        COMES NOW Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), and
24 requests judicial notice of the docket of Ninth Circuit Case No. 12-56960, DYDZAK v.
25 CANTIL-SAKAUYE et al., Rule 201, Federal Rules of Evidence. A true and correct copy
26 of the docket is marked and attached hereto as Exhibit 1 and incorporated by reference
27 herein.
28        Contrary to what Defendants RONALD M. GEORGE, ERIC M. GEORGE and

DYDZAK V. CANTIL-SAKAUYE

ALAN I. ROTHENBERG FALSELY assert in Reply Briefs, this appeal is PENDING. The "Coughenour" Order is marked by "fraud upon the court" and NOT final. It should not be given any weight by this Court as the Order is under appeal, marked by extrinsic fraud, and not final It is illegal and against due process, equal protection, the First Amendment right of access to the courts, and other constitutional protections for the Ninth Circuit, with an illegal panel, to rule that "No further filings will be entertained in this closed case." This is canard language put in to prejudice pro se litigants, and created, upon information and belief, by former staff attorney Schiffer and illegal commissioner Shaw. Any federal judge knows that a void order can be reversed and set aside at any time. Moreover, the aforesaid language is against the unanimous seminal holding of the U.S. Supreme Court that a party can file documents and pleadings to make a complete record and aid in his prosecution or defense of a case. Holt v. Virginia, 381 U.S. 131 (1965).

Defendants SCHIFFER and SHAW no longer work for the Ninth Circuit, and engaged in unlawful actions against DYDZAK, as alleged in the lawsuit. Defendant CANTIL-SAKAUYE has announced her imminent departure from the CA Supreme Court and is on appeal before the Supreme Court of Nevada with Defendant NAVARRETE. Defendants CANTIL-SAKAUYE and NAVARRETE violated DYDZAK's civil rights and unlawfully interfered with the processes of the Court. The present causes of action in the operative Complaint before this Honorable federal Court have not been litigated on the merits and are clearly not res judicata or subject to collateral estoppel.

Exhibit 1 demonstrates, without question, that the Coughenour Order is not a final order but on PENDING appeal. See PACER nos. 42-91.

Dated: August 1, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK

Plaintiff

DYDZAK V. CANTIL-SAKAUYE

2

**General Docket**
**United States Court of Appeals for the Ninth Circuit**

| | |
|---|---|
| Court of Appeals Docket #: 12-56960 | Docketed: 10/26/2012 |
| Nature of Suit: 2440 Other Civil Rights | Termed: 05/18/2015 |
| Daniel Dydzak v. Tani Cantil-Sakauye, et al | |
| Appeal From: U.S. District Court for Central California, Los Angeles | |
| Fee Status: IFP | |

**Case Type Information:**
  1) civil
  2) united states
  3) null

**Originating Court Information:**
  **District:** 0973-2 : 2:11-cv-05560-JCC
  **Court Reporter:** Blanca Carvajal, Manager
  **Trial Judge:** John C. Coughenour, Senior District Judge
  **Date Filed:** 07/06/2011

| **Date Order/Judgment:** | **Date Order/Judgment EOD:** | **Date NOA Filed:** | **Date Rec'd COA:** |
|---|---|---|---|
| 09/26/2012 | 09/28/2012 | 10/23/2012 | 10/25/2012 |

**Prior Cases:**

| | | | |
|---|---|---|---|
| 02-55325 | Date Filed: 02/25/2002 | Date Disposed: 02/12/2003 | Disposition: Affirmed - Memorandum |
| 03-55216 | Date Filed: 02/05/2003 | Date Disposed: 02/28/2005 | Disposition: Affirmed - Opinion |
| 09-56325 | Date Filed: 08/20/2009 | Date Disposed: 11/18/2009 | Disposition: Affirmed - Judge Order |
| 10-55772 | Date Filed: 05/17/2010 | Date Disposed: 08/10/2010 | Disposition: Dismissed - Judge Order |
| 10-56000 | Date Filed: 06/23/2010 | Date Disposed: 03/22/2011 | Disposition: Rule 42-1 Dismissal - Clerk Order |
| 10-80193 | Date Filed: 09/28/2010 | Date Disposed: 06/24/2011 | Disposition: Affirmed - Judge Order |
| 11-55143 | Date Filed: 01/24/2011 | Date Disposed: 07/07/2011 | Disposition: Affirmed - Judge Order |

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Related | | | | |
| | 10-55772 | 10-56000 | 06/23/2010 | |
| | 10-56000 | 11-55143 | 01/24/2011 | |
| | 10-80193 | 11-55143 | 01/24/2011 | |
| | 10-80193 | 11-56028 | 06/17/2011 | |
| | 11-55143 | 11-56028 | 06/17/2011 | |
| | 11-56028 | 12-56960 | 10/26/2012 | |
| | 11-56028 | 12-57106 | 11/20/2012 | |

DANIEL DAVID DYDZAK
  Plaintiff - Appellant,

          Daniel David Dydzak
          Direct: 310-867-1289
          [NTC Pro Se]
          Suite 407W
          4265 Marina City Dr.
          Marina Del Rey, CA 90292

  v.

TANI GORRE CANTIL-SAKAUYE
        Defendant - Appellee,

JOYCE L. KENNARD
        Defendant - Appellee,

MARVIN R. BAXTER
        Defendant - Appellee,

KATHRYN M. WERDEGAR
        Defendant - Appellee,

MING W. CHIN
        Defendant - Appellee,

CAROL A. CORRIGAN

*EXHIBIT 1        3*

Defendant - Appellee,

RONALD M. GEORGE
    Defendant - Appellee,

CALIFORNIA SUPREME COURT
    Defendant - Appellee,

SCOTT J. DREXEL
    Defendant - Appellee,

BETH JAY
    Defendant - Appellee,

JOANN REMKE
    Defendant - Appellee,

PERCY ANDERSON, Judge
    Defendant - Appellee,

CORMAC J. CARNEY, Judge
    Defendant - Appellee,

DAVID O. CARTER
    Defendant - Appellee,

AUDREY B. COLLINS, Judge
    Defendant - Appellee,

VALERIE BAKER FAIRBANK, Judge
    Defendant - Appellee,

GARY A. FEESS, Judge
    Defendant - Appellee,

DALE S. FISCHER, Judge
    Defendant - Appellee,

DOLLY M. GEE, Judge
    Defendant - Appellee,

ANDREW J. GUILFORD, Judge
    Defendant - Appellee,

PHILIP S. GUTIERREZ, Judge
    Defendant - Appellee,

TERRY J. HATTER, Jr., Judge
    Defendant - Appellee,

ROBERT J. KELLEHER, Judge
    Defendant - Appellee,

WILLIAM D. KELLER, Judge
    Defendant - Appellee,

GEORGE H. KING, Judge
    Defendant - Appellee,

R. GARY KLAUSNER, Judge
    Defendant - Appellee,

JOHN A. KRONSTADT, Judge
    Defendant - Appellee,

J. SPENCER LETTS, Judge
    Defendant - Appellee,

CONSUELO B. MARSHALL, Judge
        Defendant - Appellee,

ALVIN HOWARD MATZ, Judge
        Defendant - Appellee,

MARGARET M. MORROW, Judge
        Defendant - Appellee,

JACQUELINE H. NGUYEN, Judge
        Defendant - Appellee,

S. JAMES OTERO, Judge
        Defendant - Appellee,

MARIANA R. PFAELZER, Judge
        Defendant - Appellee,

VIRGINIA A. PHILLIPS, Judge
        Defendant - Appellee,

DEAN D. PREGERSON, Judge
        Defendant - Appellee,

MANUEL L. REAL, Administrative Law Judge, Judge
        Defendant - Appellee,

JAMES V. SELNA, Judge
        Defendant - Appellee,

CHRISTINA A. SNYDER, Judge
        Defendant - Appellee,

ALICEMARIE H. STOTLER, Administrative Law Judge, Judge
        Defendant - Appellee,

ROBERT J. TIMLIN, Judge
        Defendant - Appellee,

JOSEPHINE L. STATON, Judge
        Defendant - Appellee,

JOHN F. WALTER, Judge
        Defendant - Appellee,

STEPHEN V. WILSON, Judge
        Defendant - Appellee,

OTIS D. WRIGHT II, Judge
        Defendant - Appellee,

ALICIA G. ROSENBERG, Magistrate Judge
        Defendant - Appellee,

ROBERT H. WHATLEY
        Defendant - Appellee,

5

DANIEL DAVID DYDZAK,

       Plaintiff - Appellant,

v.

TANI GORRE CANTIL-SAKAUYE; JOYCE L. KENNARD; MARVIN R. BAXTER; KATHRYN M. WERDEGAR; MING W. CHIN; CAROL A. CORRIGAN; RONALD M. GEORGE; CALIFORNIA SUPREME COURT; SCOTT J. DREXEL; BETH JAY; JOANN REMKE; PERCY ANDERSON, Judge; CORMAC J. CARNEY, Judge; DAVID O. CARTER; AUDREY B. COLLINS, Judge; VALERIE BAKER FAIRBANK, Judge; GARY A. FEESS, Judge; DALE S. FISCHER, Judge; DOLLY M. GEE, Judge; ANDREW J. GUILFORD, Judge; PHILIP S. GUTIERREZ, Judge; TERRY J. HATTER, Jr., Judge; ROBERT J. KELLEHER, Judge; WILLIAM D. KELLER, Judge; GEORGE H. KING, Judge; R. GARY KLAUSNER, Judge; JOHN A. KRONSTADT, Judge; J. SPENCER LETTS, Judge; CONSUELO B. MARSHALL, Judge; ALVIN HOWARD MATZ, Judge; MARGARET M. MORROW, Judge; JACQUELINE H. NGUYEN, Judge; S. JAMES OTERO, Judge; MARIANA R. PFAELZER, Judge; VIRGINIA A. PHILLIPS, Judge; DEAN D. PREGERSON, Judge; MANUEL L. REAL, Administrative Law Judge, Judge; JAMES V. SELNA, Judge; CHRISTINA A. SNYDER, Judge; ALICEMARIE H. STOTLER, Administrative Law Judge, Judge; ROBERT J. TIMLIN, Judge; JOSEPHINE L. STATON, Judge; JOHN F. WALTER, Judge; STEPHEN V. WILSON, Judge; OTIS D. WRIGHT II, Judge; ALICIA G. ROSENBERG, Magistrate Judge; ROBERT H. WHATLEY,

       Defendants - Appellees.

6

| | | |
|---|---|---|
| 10/26/2012 | ☐ 1<br>27 pg, 224.41 KB | DOCKETED CAUSE AND ENTERED APPEARANCES OF APPELLANT IN PRO SE AND NO APPEARANCE FOR APPELLEES. SEND MQ: No. The schedule is set as follows: Fee due from Appellant Daniel David Dydzak on 10/23/2012. Transcript ordered by 11/23/2012. Transcript due 02/21/2013. Appellant Daniel David Dydzak opening brief due 04/02/2013. [8378108] (BG) [Entered: 10/26/2012 01:09 PM] |
| 10/31/2012 | ☐ 2<br>2 pg, 98.1 KB | Filed clerk order (Deputy Clerk: CKP): A review of the district court docket reflects that appellant has not paid the docketing and filing fees for this appeal. Within 21 days from the date of entry of this order, appellant shall: (1) file a motion with this court to proceed in forma pauperis; (2) pay $455.00 to the district court as the docketing and filing fees for this appeal and provide proof of payment to this court; or (3) otherwise show cause why the appeal should not be dismissed for failure to prosecute. If appellant fails to comply with this order, the appeal will be dismissed automatically by the Clerk under Ninth Circuit Rule 42-1. [8382381] (CKP) [Entered: 10/31/2012 09:03 AM] |
| 11/13/2012 | ☐ 3<br>19 pg, 512.72 KB | Filed Appellant Daniel David Dydzak motion for leave to appeal in forma pauperis; memorandum of points and authorities; declaration of Daniel D. Dydzak thereto; exhibits. Served on 11/09/2012. [8400696] (RL) [Entered: 11/14/2012 10:33 AM] |
| 01/11/2013 | ☐ 4<br>1 pg, 31.81 KB | Filed order (Appellate Commissioner): The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status. The previously established briefing schedule remains in effect. (MOATT) [8471602] (SAM) [Entered: 01/11/2013 04:13 PM] |
| 01/11/2013 | ☐ 5 | Fee status changed ( [Case Number 12-56960: IFP] ). [8471603] (SAM) [Entered: 01/11/2013 04:13 PM] |
| 03/27/2013 | ☐ 6<br>12 pg, 328.92 KB | Filed Appellant Daniel David Dydzak emergency motion for stay of proceedings or, in the alternative, 90-day continuance to file opening brief based upon good cause; declaration of Daniel D. Dydzak thereto; exhibit; request for judicial notice. Served on 03/24/2013. [8566964] (RL) [Entered: 03/27/2013 04:45 PM] |
| 03/28/2013 | ☐ 7<br>1 pg, 101.92 KB | Filed clerk order (Deputy Clerk: GS): The appellant's motion to extend time to file appellant opening brief until 07/01/2013 is granted. Appellant Daniel David Dydzak opening brief due 07/01/2013. As there is no appearance by the appellees, this case shall be deemed ready for calendaring upon the filing of the opening brief. [8568470] (GS) [Entered: 03/28/2013 02:47 PM] |
| 07/01/2013 | ☐ 8<br>12 pg, 330.52 KB | Filed Appellant Daniel David Dydzak motion for transfer of appeal to different Circuit than Ninth Circuit, stay of proceedings or, in the alternative, extension of time to November 15, 2013, to file opening brief; memorandum of points and authorities; declaration of Daniel D. Dydzak thereto; exhibit. Served on 06/27/2013. [8689305] (RL) [Entered: 07/02/2013 01:38 PM] |
| 07/12/2013 | ☐ 9<br>1 pg, 42.28 KB | Filed order (Appellate Commissioner): Appellant's motion for an extension of time to file the opening brief is granted. The opening brief is now due November 15, 2013. Because appellant is proceeding without counsel, the excerpts of record requirement is waived. See 9th Cir. R. 30-1.2. Because there is no appearance by appellee, briefing will be completed upon the filing of the opening brief. Appellant's alternative requests to transfer this appeal to a court of appeals other than the Ninth Circuit, or to stay this appeal pending the disposition of his petition for writ of certiorari in appeal No. 12-57105, Dydzak v. Schwarzenegger, are denied. (MOATT) [8702456] (SAM) [Entered: 07/12/2013 04:25 PM] |
| 11/13/2013 | ☐ 10<br>6 pg, 205.03 KB | Filed Appellant Daniel David Dydzak motion to transfer appeal to different circuit courtr, motion to stay further action., to extend time to file appellant opening brief until 02/18/2014. Served on 11/07/2013. [8859933] (CW) [Entered: 11/13/2013 08:31 AM] |
| 12/06/2013 | ☐ 11<br>1 pg, 44.57 KB | Filed order (Appellate Commissioner): Appellant's motion for an extension of time to file the opening brief is granted. The opening brief is now due February 18, 2014. Because appellant is proceeding without counsel, the excerpts of record requirement is waived. See 9th Cir. R. 30-1.2. Because there is no appearance by appellees, briefing will be completed upon the filing of the opening brief. Appellant's alternative requests to transfer this appeal to a court of appeals other than the Ninth Circuit, or to stay this appeal pending the disposition of his petitions for writ of certiorari in Dydzak v. Schwarzenegger and Dydzak v. Central District of California (U.S. Supreme Court Nos. 13-5330, 13-7046), are denied. (MOATT) [8891433] (WL) [Entered: 12/06/2013 07:18 AM] |
| 02/19/2014 | ☐ 12<br>8 pg, 240.23 KB | Filed Appellant Daniel David Dydzak new motion for transfer of appeal to different circuit than Nith Circuit, stay of proceedings or, in the alternative, extension of time to May 25, 2014 to file opening brief; memorandum of points and authorities; declaration of Daniel D. Dydzak thereto . Served on 02/14/2014. [8984410] (RL) [Entered: 02/19/2014 07:32 PM] |
| 03/04/2014 | ☐ 13<br>2 pg, 44.69 KB | Filed order (Appellate Commissioner): Appellant's motion for an extension of time to file the opening brief is granted. The opening brief is now due May 27, 2014. Because appellant is proceeding without counsel, the excerpts of record requirement is waived. See 9th Cir. R. 30-1.2. Because there is no appearance by appellees, briefing will be completed upon the filing of the opening brief. No further requests for extensions of time will be entertained. If the opening brief is not filed by May 27, 2014, this appeal will be dismissed by the Clerk for failure to prosecute. See 9th Cir. R. 42-1. Appellant's alternative requests to transfer this appeal to a court of appeals other than the Ninth Circuit, or to stay this appeal pending the disposition of his proceeding in Dydzak v. U.S. Dist. Ct. for the Central Dist. of California (U.S. Supreme Court No. 13-7046), are denied. (MOATT) [9000262] (WL) [Entered: 03/04/2014 07:47 AM] |

| | | |
|---|---|---|
| 03/20/2014 | ☐ 14<br>11 pg, 304.79 KB | Filed Appellant Daniel David Dydzak motion to reverse and modify order of March 4, 2014 by appellate commissioner Peter L. Shaw; memorandum of points and authorities; declaration of Daniel D. Dydzak thereto; exhibit. Deficiencies: None. Served on 03/13/2014. [9024880] (RL) [Entered: 03/20/2014 03:43 PM] |
| 04/08/2014 | ☐ 15<br>2 pg, 41.78 KB | Filed order (ALFRED T. GOODWIN and WILLIAM C. CANBY) Appellant's March 20, 2014 "motion to reverse and modify order of March 4, 2014" is construed as a motion for reconsideration of the Appellate Commissioner's March 4, 2014 order. The motion for reconsideration is denied. See 9th Cir. R. 27-10. Appellant's request to transfer this appeal to a court of appeals other than the Ninth Circuit, contained in the March 20, 2014 filing, is denied. Appellant's opening brief remains due May 27, 2014. Because appellant is proceeding without counsel, the excerpts of record requirement is waived. See 9th Cir. R. 30-1.2. Because there is no appearance by appellees, briefing will be [9048738] (WL) [Entered: 04/08/2014 10:54 AM] |
| 04/21/2014 | ☐ 16<br>12 pg, 338.54 KB | Filed Appellant Daniel David Dydzak motion to reverse and set aside void and unlawful April 8, 2014 order; memoransum of points and authorities; Declaration of Daniel D. Dydzak thereto; exhibit. Deficiencies: None. Served on 04/17/2014. [9065850] (JFF) [Entered: 04/21/2014 01:55 PM] |
| 05/12/2014 | ☐ 17<br>6 pg, 150.98 KB | Filed Appellant Daniel David Dydzak motion to expedite ruling. Deficiencies: None. Served on 05/08/2014. [9092893] (JFF) [Entered: 05/13/2014 10:36 AM] |
| 05/23/2014 | ☐ 18<br>20 pg, 667.9 KB | Filed original and 7 copies of Appellant Daniel David Dydzak (Informal: Yes) opening brief of 12 pages. Served on 05/21/2014. [9109769] (TLH) [Entered: 05/27/2014 03:28 PM] |
| 05/23/2014 | ☐ 19<br>5 pg, 123.84 KB | Filed Appellant Daniel David Dydzak motion to stay appeal and order settlement conference; memorandum of ponts and authorities; Declaration of Daniel D. Dydzak. Deficiencies: None. Served on 05/21/2014. [9110578] (JFF) [Entered: 05/28/2014 10:32 AM] |
| 06/03/2014 | ☐ 20<br>2 pg, 42.03 KB | Filed order (ALFRED T. GOODWIN and WILLIAM C. CANBY) Appellant's May 12, 2014 "motion to expedite ruling" on the April 21, 2014 motion is denied. Appellant's April 21, 2014 "motion to reverse and set aside void and unlawful April 8, 2014 order" is construed as a motion for reconsideration of the April 8, 2014 order, which denied reconsideration of the Appellate Commissioner's March 4, 2014 order and denied appellant's request to transfer this appeal to a court of appeals other than the Ninth Circuit. The motion for reconsideration is denied. See 9th Cir. R. 27-10. Appellant's May 23, 2014 "motion to stay appeal and order settlement conference" is denied. Appellant's requests for a transfer of this appeal to a court of appeals other than the Ninth Circuit, contained in his April 21, 2014 and May 12, 2014 motions, are denied. No motions for reconsideration, clarification, or modification of these denials shall be entertained. The opening brief has been filed. Because there is no appearance by appellees, briefing is now completed. [9118447] (WL) [Entered: 06/03/2014 02:59 PM] |
| 01/26/2015 | ☐ 21<br>13 pg, 440.62 KB | Filed Appellant Daniel David Dydzak notice that settlement discussion have not resolved this case request for oral argument and published openion on the merits; declaration of Daniel David Dydzak. Deficiencies: None. Served on 01/21/2015. [9397053] (JFF) [Entered: 01/27/2015 10:21 AM] |
| 03/02/2015 | ☐ 22<br>9 pg, 256.15 KB | Filed Appellant Daniel David Dydzak motion to expedite case. Deficiencies: None. Served on 02/27/2015. [9445179] (JFF) [Entered: 03/04/2015 01:21 PM] |
| 03/16/2015 | ☐ 23<br>9 pg, 252.7 KB | Filed Appellant Daniel David Dydzak motion to expedite case. Deficiencies: None. Served on 02/27/2015. [9463363] (JFF) [Entered: 03/19/2015 09:49 AM] |
| 05/11/2015 | ☐ 24<br>2 pg, 30.9 KB | Filed Appellant Daniel David Dydzak letter dated 04/25/2015 re: Circuit rule 27-12 and 34.3. Paper filing deficiency: None. [9538235] (JFF) [Entered: 05/14/2015 03:27 PM] |
| 05/18/2015 | ☐ 25<br>8 pg, 202.59 KB | FILED MEMORANDUM (EDWARD LEAVY, CONSUELO M. CALLAHAN and MILAN D. SMITH, JR.) AFFIRMED. FILED AND ENTERED JUDGMENT. [9540588] (Buccinio, Gabriela) [Entered: 05/18/2015 10:24 AM] |
| 05/26/2015 | ☐ 26<br>76 pg, 3.73 MB | Filed Appellant Daniel David Dydzak motion to reverse and set aside void and unlawful memorandum. Deficiencies: None. Served on 05/22/2015. [9552562] (JFF) [Entered: 05/28/2015 10:27 AM] |
| 05/29/2015 | ☐ 27<br>20 pg, 661.97 KB | Filed Appellant Daniel David Dydzak motion to transfer appeal, to stay proceedings. Deficiencies: None. Served on 05/26/2015. [9556355] (JFF) [Entered: 06/01/2015 10:46 AM] |
| 06/01/2015 | ☐ 28<br>16 pg, 624.01 KB | Filed Appellant Daniel David Dydzak motion to reconsider. Deficiencies: None. Served on 05/27/2015. [9557976] (JFF) [Entered: 06/02/2015 09:39 AM] |
| 06/05/2015 | ☐ 29<br>11 pg, 362.71 KB | Filed Appellant Daniel David Dydzak supplemental motion to reverse and set aside void and unlawful memorandum. Deficiencies: None. Served on 05/22/2015. [9564843] (JFF) [Entered: 06/08/2015 11:30 AM] |
| 06/09/2015 | ☐ 30<br>10 pg, 306.68 KB | Filed Appellant Daniel David Dydzak motion to expedite hearing of transfer/stay motion and other pending motions. Deficiencies: None. Served on 06/04/2015. [9569269] (JFF) [Entered: 06/10/2015 01:54 PM] |
| 06/29/2015 | ☐ 31 | Filed Appellant Daniel David Dydzak letter dated 06/26/2015 re: Request ruling on pending motions.. |

| | | |
|---|---|---|
| | 6 pg, 209.81 KB | Paper filing deficiency: None. [9595530] (Walker, Synitha) [Entered: 07/01/2015 12:25 PM] |
| 07/06/2015 | ☐ 32<br>14 pg, 406.91 KB | Filed Appellant Daniel David Dydzak motion to expedite hearing of transfer/stay motion and other pending motions. Deficiencies: None. Served on 07/03/2015. [9601705] (JFF) [Entered: 07/07/2015 03:56 PM] |
| 07/13/2015 | ☐ 33<br>2 pg, 79.27 KB | Filed Appellant Daniel David Dydzak letter dated 07/10/2015 re: request ruling. Paper filing deficiency: None. [9609140] (JFF) [Entered: 07/14/2015 10:01 AM] |
| 07/16/2015 | ☐ 34<br>11 pg, 320.45 KB | Filed Appellant Daniel David Dydzak motion to expedite hearing of transfer/stay motion and other pending motions. Deficiencies: None. Served on 07/13/2015. [9613696] (JFF) [Entered: 07/17/2015 11:17 AM] |
| 07/28/2015 | ☐ 35<br>1 pg, 58.33 KB | Filed Appellant Daniel David Dydzak letter dated 07/23/2015 re: pending motions. Paper filing deficiency: None. [9627196] (JFF) [Entered: 07/29/2015 02:28 PM] |
| 08/03/2015 | ☐ 36<br>9 pg, 251.74 KB | Filed Appellant Daniel David Dydzak fourth motion to expedite hearing of transfer/stay motion and other pending motions. Deficiencies: None. Served on 07/29/2015. [9633701] (JFF) [Entered: 08/04/2015 10:35 AM] |
| 08/11/2015 | ☐ 37<br>10 pg, 286.09 KB | Filed Appellant Daniel David Dydzak motion for order to show causeand fifth motion to expedite hearing of transfer and other pending motions; memorandum of points and authorities in support thereof; declaration of Daniel D. Dydzak. Deficiencies: None. Served on 08/07/2015. [9643440] (JFF) [Entered: 08/11/2015 04:12 PM] |
| 08/12/2015 | ☐ 38<br>1 pg, 31.93 KB | Filed order (EDWARD LEAVY, CONSUELO M. CALLAHAN and MILAN D. SMITH, JR.) We treat Dydzak's motion for reconsideration, filed on June 1, 2015, as a petition for panel rehearing, and deny the petition. All remaining motions are also denied. No further filings will be entertained in this closed case. [9644721] (MS) [Entered: 08/12/2015 02:26 PM] |
| 08/17/2015 | ☐ 39<br>2 pg, 86.42 KB | Filed Appellant Daniel David Dydzak letter dated 08/10/2015 re: could the court expedite ruling (nan per 8/12/15 order). Paper filing deficiency: None. [9649720] (JFF) [Entered: 08/17/2015 03:06 PM] |
| 08/21/2015 | ☐ 40<br>1 pg, 185.05 KB | MANDATE ISSUED. (EL, CMC and MDS) [9656064] (RL) [Entered: 08/21/2015 12:18 PM] |
| 08/21/2015 | ☐ 42<br>16 pg, 406.23 KB | Filed Appellant Daniel David Dydzak motion to reverse and set aside void and unlawful August 12, 2015 order. Deficiencies: nan per 8/12/15 order. Served on 08/17/2015. [9659188] (JFF) [Entered: 08/25/2015 10:20 AM] |
| 08/24/2015 | ☐ 41<br>3 pg, 192.57 KB | Filed Appellant Daniel David Dydzak letter dated 08/20/2015 re: part of record. Paper filing deficiency: nan per 8/12/15 order. [9659179] (JFF) [Entered: 08/25/2015 10:18 AM] |
| 08/26/2015 | ☐ 43<br>1 pg, 40.68 KB | Filed Appellant Daniel David Dydzak letter dated 08/17/2015 re: acting witout jurisdiction. Paper filing deficiency: : nan per 8/12/15 order [9661233] (JFF) [Entered: 08/26/2015 10:54 AM] |
| 08/26/2015 | ☐ 44<br>27 pg, 787.19 KB | Filed Appellant Daniel David Dydzak motion to compel clerk of Ninth Circuit. Deficiencies: nan per 8/12/15 order. Served on 08/24/2015. [9663448] (JFF) [Entered: 08/28/2015 10:21 AM] |
| 08/27/2015 | ☐ 45<br>3 pg, 132.48 KB | Filed Appellant Daniel David Dydzak letter dated 08/24/2015 re: request investigation. Paper filing deficiency:nan per 8/12/15 order [9664980] (JFF) [Entered: 08/28/2015 04:31 PM] |
| 08/28/2015 | ☐ 47<br>12 pg, 354.08 KB | Filed Appellant Daniel David Dydzak motion to strike or set aside/reverse void and unlawful mandate. Deficiencies: None. Served on 08/26/2015. [9669192] (JFF) [Entered: 09/02/2015 10:04 AM] |
| 09/01/2015 | ☐ 46<br>3 pg, 193.59 KB | Filed Appellant Daniel David Dydzak letter dated 08/20/2015 re: correspondence be made part of the record. Paper filing deficiency: None. [9669175] (JFF) [Entered: 09/02/2015 09:59 AM] |
| 09/04/2015 | ☐ 48<br>68 pg, 1.03 MB | Filed Appellant Daniel David Dydzak letters and miscellaneous motions dated 08/17/2015, 08/20/2015 and 08/24/2015 [9673492] (Buccinio, Gabriela) [Entered: 09/04/2015 04:11 PM] |
| 09/04/2015 | ☐ 49<br>1 pg, 58.99 KB | Filed Appellant Daniel David Dydzak letter dated 09/01/2015 re: Filed documents. Paper filing deficiency: nan per 8/12/15 order [9675048] (JFF) [Entered: 09/08/2015 03:18 PM] |
| 09/08/2015 | ☐ 50<br>10 pg, 312.35 KB | Filed Appellant Daniel David Dydzak motion to expedite case. Deficiencies: nan per 8/12/15 order . Served on 09/04/2015. [9678243] (JFF) [Entered: 09/10/2015 01:51 PM] |
| 09/14/2015 | ☐ 51<br>10 pg, 309.08 KB | Filed Appellant Daniel David Dydzak motion for order to show cause. Deficiencies: nan per 8/12/15 order .Served on 08/07/2015. [9682131] (JFF) [Entered: 09/14/2015 03:50 PM] |
| 09/16/2015 | ☐ 52<br>1 pg, 53.86 KB | Filed Appellant Daniel David Dydzak letter dated 09/12/2015 re: questions on pending motions( nan per 8/12/2015). Paper filing deficiency: None. [9685724] (JFF) [Entered: 09/16/2015 04:04 PM] |
| 09/25/2015 | ☐ 53<br>10 pg, 304.04 KB | Filed Appellant Daniel David Dydzak second motion to expedite case. Deficiencies: nan per 8/12/15. Served on 09/18/2015. [9698255] (JFF) [Entered: 09/28/2015 11:21 AM] |
| 09/28/2015 | ☐ 55<br>2 pg, 69.8 KB | Filed letter dated 09/24/2015 re: pleading on pacer. Paper filing deficiency: nan per 8/12/15 [9701454] (JFF) [Entered: 09/30/2015 09:30 AM] |

*9*

| 09/29/2015 | ☐ 54<br>1 pg, 59.11 KB | Filed Appellant Daniel David Dydzak letter dated 09/25/2015 re: pleading on pacer. Paper filing deficiency: nan per 8/12/15 [9701447] (JFF) (Entered: 09/30/2015 09:28 AM] |
| 09/30/2015 | ☐ 56<br>13 pg, 367.65 KB | Filed Appellant Daniel David Dydzak third motion to expedite case. Deficiencies: nan per 8/12/15 Served on 09/28/2015. [9703493] (JFF) (Entered: 10/01/2015 10:02 AM] |
| 10/06/2015 | ☐ 57<br>1 pg, 57.27 KB | Filed Appellant Daniel David Dydzak letter dated 10/03/2015 re: motion to expedite case deficiency: nan per 8/12/15 [9711632] (JFF) (Entered: 10/08/2015 10:40 AM] |
| 10/08/2015 | ☐ 58<br>1 pg, 64.09 KB | Filed Appellant Daniel David Dydzak letter dated 10/05/2015 re: ex parte comunication. Paper filing deficiency: nan per 8/12/15 [9716151] (JFF) (Entered: 10/13/2015 01:33 PM] |
| 10/23/2015 | ☐ 59<br>11 pg, 364.36 KB | Filed Appellant Daniel David Dydzak fourth motion to expedite case. Deficiencies: nan per 8/12/15 .Served on 10/20/2015. [9733037] (JFF) (Entered: 10/26/2015 03:32 PM] |
| 10/27/2015 | ☐ 60<br>2 pg, 75.85 KB | Filed Appellant Daniel David Dydzak letter dated 10/24/2015 re: copy of ltr. Paper filing deficiency: nan per 8/12/15 . [9735490] (JFF) (Entered: 10/28/2015 09:22 AM] |
| 10/27/2015 | ☐ 61<br>2 pg, 94.18 KB | Filed Appellant Daniel David Dydzak letter dated 10/21/2015 re: review of pacer. Paper filing deficiency: None. [9735497] (JFF) (Entered: 10/28/2015 09:25 AM] |
| 10/29/2015 | ☐ 62<br>1 pg, 28 KB | Filed Appellant Daniel David Dydzak letter dated 10/26/2015 re: review of pacer. Paper filing deficiency:nan per 8/12/15 . [9738595] (JFF) (Entered: 10/29/2015 04:21 PM] |
| 11/02/2015 | ☐ 63<br>2 pg, 23.59 KB | Filed Appellant Daniel David Dydzak letter dated 10/30/2015 re: carry out an investigation. Paper filing deficiency: Paper filing deficiency:nan per 8/12/15 [9743673] (JFF) (Entered: 11/03/2015 04:03 PM] |
| 11/05/2015 | ☐ 64<br>2 pg, 75.7 KB | Copy of letter received from Appellant Daniel David Dydzak deficiency:nan per 8/12/15 [9747840] (JFF) (Entered: 11/06/2015 01:45 PM] |
| 11/05/2015 | ☐ 65<br>33 pg, 2.98 MB | Filed Appellant Daniel David Dydzak letter dated 10/21/2015 re: pending motion. Paper filing deficiency: No further filings per 08/12/2015order. [9747888] (JFF) (Entered: 11/06/2015 02:02 PM] |
| 11/05/2015 | ☐ 66<br>2 pg, 90.03 KB | Copy of letter received from Appellant Daniel David Dydzak areas of inquiry. deficiency: No further filings per 08/12/2015 order.[9747920] (JFF) (Entered: 11/06/2015 02:15 PM] |
| 11/23/2015 | ☐ 67<br>9 pg, 255.8 KB | Filed Appellant Daniel David Dydzak fifth motion to expedite. Deficiencies: No further filings per 08/12/2015 order. Served on 11/18/2015. [9770655] (JFF) (Entered: 11/25/2015 10:32 AM] |
| 12/07/2015 | ☐ 68<br>2 pg, 73.66 KB | Filed Appellant Daniel David Dydzak letter dated 12/04/2015 re: no rulling on pending motion. Paper filing deficiency: No further filings per 8/12/15 order. [9784421] (JFF) (Entered: 12/08/2015 03:22 PM] |
| 12/15/2015 | ☐ 69<br>2 pg, 36.49 KB | Filed Appellant Daniel David Dydzak letter dated 12/10/2015 re: Pending motions. Paper filing deficiency: No further filings per 12/07/2015 order. [9796555] (JFF) (Entered: 12/17/2015 10:56 AM] |
| 12/15/2015 | ☐ 70<br>15 pg, 158.4 KB | Filed Appellant Daniel David Dydzak sixth motion to expedite. Deficiencies: No further filings per 8/12/2015 order. Served on 12/07/2015. [9796576] (JFF) (Entered: 12/17/2015 11:00 AM] |
| 12/21/2015 | ☐ 71<br>1 pg, 38.96 KB | Filed Appellant Daniel David Dydzak letter dated 12/17/2015 re: to confirm telephonic voice message. Paper filing deficiency: No further filings per 8/12/2015 order [9802096] (JFF) (Entered: 12/22/2015 11:34 AM] |
| 12/21/2015 | ☐ 72<br>2 pg, 77.99 KB | Filed Appellant Daniel David Dydzak letter dated 12/16/2015 re: review of pacer. Paper filing deficiency: No further filings per 8/12/2015 order. [9802123] (JFF) (Entered: 12/22/2015 11:42 AM] |
| 12/21/2015 | ☐ 73<br>1 pg, 58.45 KB | Filed Appellant Daniel David Dydzak letter dated 12/17/2015 re: to confirm telephonic voice message. Paper filing deficiency: No further filings per 8/12/2015 order. [9802152] (JFF) (Entered: 12/22/2015 11:48 AM] |
| 12/30/2015 | ☐ 74<br>27 pg, 846.34 KB | Filed Appellant Daniel David Dydzak motion to take judicial notice. Deficiencies: No further filings per 8/12/2015 order. Served on 12/24/2015. [9810887] [Edited 12/30/2015 by JFF] (JFF) (Entered: 12/30/2015 04:38 PM] |
| 01/04/2016 | ☐ 75<br>2 pg, 70.01 KB | Filed Appellant Daniel David Dydzak letter dated 12/29/2015 re: no ruling. Paper filing deficiency: No further filings per 8/12/2015 order. [9815701] (JFF) (Entered: 01/05/2016 02:17 PM] |
| 01/19/2016 | ☐ 76<br>2 pg, 28.45 KB | Filed Appellant Daniel David Dydzak letter dated 01/12/2016 re: pending motion. Paper filing deficiency: No further filings per 8/12/2015 order. [98337-[Edited 01/20/2016 by JFF] (JFF) (Entered: 01/20/2016 01:57 PM] |
| 01/19/2016 | ☐ 77<br>15 pg, 161.62 KB | Filed Appellant Daniel David Dydzak seventh motion to expedite. Deficiencies: No further filings per 8/12/2015 order. Served on 01/12/2016. [9834977] (JFF) (Entered: 01/21/2016 10:44 AM] |
| 01/28/2016 | ☐ 78<br>2 pg, 18.74 KB | Filed Appellant Daniel David Dydzak letter dated 01/24/2016 re: no ruling. Paper filing deficiency: No further filings per 8/12/2015 order. [9847356] (JFF) (Entered: 01/29/2016 02:50 PM] |
| 02/08/2016 | ☐ 80 | Filed Appellant Daniel David Dydzak letter dated 02/01/2016 re: request ruling. Paper filing deficiency: No |

*10*

| | | |
|---|---|---|
| | 2 pg, 68.97 KB | further filings per 8/12/2016 order. [9860833] (JFF) [Entered: 02/10/2016 10:25 AM] |
| 02/09/2016 | ☐ 79<br>14 pg, 161.47 KB | Filed Appellant Daniel David Dydzak motion to compel. Deficiencies: No further filings per 08/12/2015 order. Served on 02/05/2016. [9860822] (JFF) [Entered: 02/10/2016 10:21 AM] |
| 02/12/2016 | ☐ 81<br>8 pg, 96.15 KB | Filed Appellant Daniel David Dydzak motion to take judicial notice of. Deficiencies: No further filings per 08/12/2015 order. Served on 02/07/2016. [9866301] (JFF) [Entered: 02/16/2016 02:52 PM] |
| 02/22/2016 | ☐ 82<br>2 pg, 82.58 KB | Filed Appellant Daniel David Dydzak letter dated 02/18/2016 re: no rulling on pending motions. Paper filing deficiency: No further filings per 08/12/2015 order. [9874510]-[Edited 02/23/2016 by JFF] (JFF) [Entered: 02/23/2016 10:42 AM] |
| 02/25/2016 | ☐ 83<br>11 pg, 79.53 KB | Filed Appellant Daniel David Dydzak eighth motion to expedite. Deficiencies: No further filings per 08/12/2015 . Served on 02/22/2016. [9880017]-[Edited 03/07/2016 by JFF] (JFF) [Entered: 02/26/2016 11:23 AM] |
| 03/04/2016 | ☐ 84<br>2 pg, 22.77 KB | Filed Appellant Daniel David Dydzak letter dated 02/27/2016 re: docket entry#83. Paper filing deficiency: No further filings per 08/12/2015 order. [9892438] (JFF) [Entered: 03/07/2016 04:06 PM] |
| 03/08/2016 | ☐ 85<br>12 pg, 83.37 KB | Filed Appellant Daniel David Dydzak ninth motion to expedite. Deficiencies: No further filings per 08/12/2016 order. Served on 03/02/2016. [9896259] (JFF) [Entered: 03/09/2016 04:11 PM] |
| 03/10/2016 | ☐ 86<br>2 pg, 21.89 KB | Filed Appellant Daniel David Dydzak letter dated 03/04/2016 re: 02/27/2016 letter. Paper filing deficiency: No further filings per 08/12/2015 order. [9897759] (JFF) [Entered: 03/10/2016 03:32 PM] |
| 03/11/2016 | ☐ 87<br>2 pg, 29.01 KB | Filed Appellant Daniel David Dydzak letter dated 03/07/2016 re: variouse conversations with clerks office. Paper filing deficiency: No further filings per 08/12/2015 order. [9900753] (JFF) [Entered: 03/14/2016 01:38 PM] |
| 03/15/2016 | ☐ 88<br>2 pg, 64.99 KB | Filed Appellant Daniel David Dydzak letter dated 03/12/2016 re: no rullings on pending motions. Paper filing deficiency: No further filings per 08/12/2015 order. [9903447] (JFF) [Entered: 03/16/2016 09:44 AM] |
| 04/01/2016 | ☐ 89<br>2 pg, 26.17 KB | Filed Appellant Daniel David Dydzak letter dated 03/29/2016 re: ongoing violation. Paper filing deficiency: None. [9925544] (JFF) [Entered: 04/04/2016 10:35 AM] |
| 04/05/2016 | ☐ 90<br>12 pg, 113.24 KB | Filed Appellant Daniel David Dydzak tenth motion to expedite. Deficiencies: No further filings per 08/12/2015 order. Served on 03/29/2016. [9929924] (JFF) [Entered: 04/06/2016 02:22 PM] |
| 04/19/2016 | ☐ 91<br>1 pg, 23.89 KB | Filed Appellant Daniel David Dydzak letter dated 04/14/2016 re: telephonic conversations today with senior staff attorney Edward Schiffer re: the lack of ruling on pending matters before the 9ᵗʰ Circuit. Paper filing deficiency: No further filings per 08/12/2015 order. [9948535] (JFF) [Entered: 04/21/2016 01:55 PM] |

16

## CERTIFICATE/PROOF OF SERVICE

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On August 1, 2022, I served a true and correct copy of the following document or pleading on the interested parties or their counsel of record:

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE; EXHIBIT 1

[X]   [BY U.S. MAIL] On this same day,  I mailed the interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

OLSON CANNON GORMLEY & STOBERSKI          MARQUIS AURBACH

9950 WEST CHEYENE AVENUE                  10001 PARK RUN DRIVE

LAS VEGAS, NEVADA 89129                    LAS VEGAS, NEVADA 89145


QUINTAIROS, PRIETO, WOOD & BOYER, P.A.     PATRICK A. ROSE, ESQ.

200 S. VIRGINIA ST., 8TH FL.               U.S. ATTORNEY OFFICE

RENO, NEVADA 89501                         501 LAS VEGAS BLVD. SO.

                                           SUITE 1100

                                           LAS VEGAS, NEVADA 89101

12

1    ERIC M. GEORGE

2    RONALD M. GEORGE

3    ALAN I. ROTHENBERG

4    c/o AVENUE OF THE STARS

5    30TH FLOOR

6    LOS ANGELES, CA 90067

7

8       I declare under penalty of perjury under the laws of the United States of America that the

9    foregoing is true and correct, and that this Declaration was executed on August 1, 2022,

10   at Los Angeles, California.

11

12

13                         Jim Lane

14                         JIM LANE

15                         Declarant

16

17

18

19

20

21

22

23

24

25

26

27

28

13

Daniel O. Dydzall
4265 Laguna City Dr.
#407 W
Lanna del Rey CA 90292

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
XRAYED US MARSHALS SERVICE

AUG 03 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

Clerk , U - S. District Court
District of Nevada
Lloyd D. George U. S.
333 Las Vegas
Rm. 9 334
Las Nevada

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
              COUNSEL/PARTIES OF RECORD

        AUG - 1 2022

     CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| | Case No. **2:22-cv-01008-APG-VCF** |
| DANIEL DAVID DYDZAK, <br><br> Plaintiff, <br><br> v. <br><br> TANI CANTIL-SAKAUYE, et al., <br><br> Defendants. | **PLAINTIFF'S OPPOSITION AND RESPONSE TO MOTION TO DISMISS BY DEFENDANT DONALD F. MILES; MEMORANDUM OF POINTS AND AUTHORITIES THERETO** <br><br> **Hearing Requested** <br><br> Before Hon. Andrew P. Gordon, U.S. District Judge |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF

RECORD:

COMES NOW Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), and

opposes and responds to the unsupportable Motion to Dismiss Plaintiff's Complaint by

Defendant DONALD F. MILES ("MILES").

It is to be noted that Defendants CANTIL-SAKAUYE and NAVARRETE are

pending parties under appeal before the Nevada Supreme Court or Nevada Court of

DYDZAK V. CANTIL-SAKAUYE

SER-249

Appeal. It has recently been announced in the press that Defendant CANTIL-SAKAUYE is "retiring" in the near term as Chief Justice of the Supreme Court of California.

A cause of action is stated against Defendant MILES.

. Of further note in opposition is the following:

(1) This lawsuit is not contesting DYDZAK's illegal disbarment in the State of California. The Complaint avers new causes of action and claims that have never been litigated on the merits.

(2) The history, legal identity and apparatus of the State Bar of California is irrelevant to the cause of action against Defendant MILES.

(3) Defendant MILES is being sued in this lawsuit in an individual basis. He enjoys no immunity from suit under either federal or state law. He has not been an administrative hearing officer of the California State Bar Court for numerous years and is apparently retired. He is presently, upon information and belief, an inactive California attorney.

(4) The judicial notice asked for is not relevant to the Third Cause of Action against Defendant MILES.


Dated: July 27, 2022                          Respectfully Submitted,

                                              DANIEL DAVID DYDZAK
                                              Plaintiff

DYDZAK V. CANTIL-SAKAUYE                    2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

## THIS HONORABLE COURT HAS SUBJECT MATTER AND PERSONAL JURISDICTION OVER DEFENDANT MILES

Plaintiff is the one bringing the lawsuit. He elects the venue when there is a proper jurisdictional basis therefor. There are several Defendants in this case, residing in various jurisdictions such as Nevada, California, Arizona and Washington.

In this case, Defendant RAWLINSON is, and was at all times relevant to this litigation, a resident of the State of Nevada (Paragraph 7 of the Complaint). This lawsuit was properly and jurisdictionally filed in Clark County, Nevada.  Venue is proper in Las Vegas, Nevada, because venue exists where any of the defendants reside. NRS 13.040.

There is proper subject matter jurisdiction in this case, because the Fifth Cause of Action for Violation of Civil Rights includes Defendant RAWLINSON, residing in Clark County, Nevada (Paragraphs 47-51 of the Complaint). The Nevada Court where this case was originally filed before it was removed has concurrent jurisdiction to hear federal claims (Paragraph 28 of the Complaint). Tafflin v. Levitt, 493 U.S. 455 (1990). As well, the gravamen of allegations against Defendant RAWLINSON implicate in lower court proceedings Defendants being sued in this lawsuit. There are therefore minimum contacts.

Under Nevada law, the district courts have original jurisdiction over all matters excluded from the jurisdiction of the justice and municipal courts and appellate jurisdiction in cases arising from these courts. Morrison v. Beach City LLC, 991 P.2d 982 (2000). This federal court has jurisdiction to hear this case because of diversity of citizenship and federal questions presented. The U.S. District Court in Nevada further has supplemental or ancillary jurisdiction to hear related state claims. Removal was appropriate where certain of the Defendants moved for same.

Defendant RAWLINSON was served with process the day after President's day. This was done by an adult over eighteen years old at the Ninth Circuit's address in

DYDZAK V. CANTIL-SAKAUYE          3

Pasadena, California. The lawsuit as well has been provided via certified mail to the local Nevada U.S. Attorney and the Attorney General of the United States in Washington, D.C.

Defendant RAWLINSON and other Defendants represented by Mr. Rose have been afforded additional time to responsively plead by this Court.

As pointed out in Plaintiff's opposition papers to the GEORGES' and ROTHENBERG's Motion to Dismiss, the wrongful, illegal, harsh and fraudulent conduct DYDZAK alleges in this lawsuit against state actors such as Defendant MILES, while new claims, emanate directly and indirectly from actions earlier taken in the Northern District of California federal court. One of the Defendants in that litigation was Defendant CANTIL-SAKAUYE, and there is no question she has acted with Defendant MILES and other Defendants, as alleged, to harm DYDZAK. This then led to unlawful conduct by Defendant RAWLINSON and others, as alleged in this lawsuit. The claims presented in this case have never been tried on the merits to final conclusion or informal resolution. They are therefore not barred by res judicata or collateral estoppel. There are minimum contacts implicating Defendant MILES and his conspiracy with others, such as Defendant CANTIL-SAKAUYE, to harm DYDZAK in no uncertain terms. This lawsuit is not challenging in any manner DYDZAK's illegal California disbarment.

The torts committed by Defendant MILES are more than adequately pled at the pleading stage. Purported outside evidence has no relevance at the pleading stage. The allegations, as pled, are taken as true for pleading purposes. Defendant MILES knows the tortious conduct Nevada-based RAWLINSON did with others. He is an active participant-Defendant in harming DYDZAK in Nevada and elsewhere. DYDZAK has and had a right to elect his forum in the State of Nevada. Regrettable as it is to say, it is doubtful, given the "politics" of DYDZAK's situation at play in this case that he could get a fair shake in the California state courts with the causes of action alleged herein before this federal court. DYDZAK trusts that this Honorable federal District Court will treat him fairly and give him his day in court on the merits.

Given the foregoing, Defendant MILES has minimum contacts with the State of Nevada, so that maintenance of the suit against him does not offend traditional notions of

DYDZAK V. CANTIL-SAKAUYE                    4

fair play and substantial justice. <u>International Shoe v. Washington</u>, 326 U.S. 310 (1945).
Defendant MILES did tortious acts towards DYDZAK having foreseeability liability,
producing consequences in the State of Nevada. <u>Hess v. Pawlowski</u>, 274 U.S. 352 (1927).

The "minimum contacts" doctrine recognizes the power of the sovereign state of
Nevada to exercise jurisdiction where a sufficient connection exists with a nonresident.
I.e., commonly referred to as a "long-arm" statute. Nevada has a long-arm statute, and is
interpreted broadly to reach the outer limits of federal constitutional due process. See
<u>Welburn v. Eighth Jud. Dist. Ct. of State</u>, 806 P.2d 1045 (1991).

A recent case in the news, Johnny Depp v. Amber Heard, was tried in Virginia.
Counsel for Heard contended that the matter did not belong in Virginia but in another
state jurisdiction. The trial judge ruled that the case could stay in Virginia as there were
minimum contacts. This is the same situation with Defendant MILES.

II

## THE COMPLAINT MORE THAN SUFFICIENTLY ALLEGES A CAUSE OF
## ACTION AGAINST DEFENDANT MILES

The Third Cause of Action for Conspiracy to Unlawfully Interfere with the
Processes of the Court is more than sufficiently pled with respect to Defendant MILES.
Therefore, the Motion to Dismiss should be denied with prejudice as to him. Or leave to
amend should be granted.

At page 5, lines 16-21 of Plaintiff's opposition papers to the GEORGES' Motion to
Dismiss, authority is cited why the conspiracy count is sufficiently pled. Same is
incorporated by reference herein with regard to Defendant MILES.

With respect to the third count, Defendant MILES can be sued for damages. He was
not acting in a judicial function or capacity but as an individual. Illegal ex parte contacts
and communications are not allowed. Same is actionable.

No-one is above the Rule of Law, not even the President of the United States.
See <u>U.S. v. Nixon</u>, 418 U.S. 683 (1974). This Court has to do the right thing, give

DYDZAK V. CANTIL-SAKAUYE        5

DYDZAK his day in court and allow him to pursue his more than sufficiently alleged causes of action.

The Due Process Clause, guaranteed by the 5th and 14th Amendments, requires that there be fairness in state proceedings and activities related thereto. This is a cornerstone of the American judicial system. This U.S. District Court cannot ignore tainted state proceedings and state actor misconduct as well as wrongful and unlawful conduct by Defendant MILES. The law favors a trial on the merits.

The moving papers offer no persuasive authority why his lawsuit should not be allowed to proceed. DYDZAK has standing to pursue remedies for illegal actions by the subject state actors and Defendant MILES.

This federal District Court has jurisdiction to adjudicate this case fully on the merits against Defendant MILES. This Court has the power to declare laws and improper state decisions unconstitutional. See, for example, <u>Gibson v. Chouteau,</u> 80 U.S. (13 Wall.) 92 (1872).

And certainly DYDZAK has a right of redress in this case. As Chief Justice Marshall stated in <u>Marbury v. Madison,</u> 5 U.S. 137 (1803): "The Government of the United States has been emphatically termed a government of laws and not of men. It will certainly cease to deserve this high appellation if the laws furnish no remedy for the violation of vested legal rights."

The Motion to Dismiss does NOT adequately address at all why DYDZAK cannot sue Defendant MILES in his individual capacity. The moving papers offer no persuasive authority why the conspiracy count is not adequately pled.

Plaintiff has already sufficiently stated causes of action through "notice" pleading—a short and plain statement of the claim showing Plaintiff is entitled to relief, See Fed.R.Civ.P. 8(a)(2).

As stated in other pleadings, this lawsuit is not in bad faith nor frivolous.

### III   <u>CONCLUSION</u>

For the reasons set forth herein, and in the interests of justice and equity, the

1   Motion to Dismiss Plaintiff's Complaint should be denied with

2   prejudice. Defendant MILES should be ordered to answer forthwith. The averments and

3   allegations of the Complaint are taken and presumed to be true, pending discovery. Leave

4   to amend should be liberally granted, if the Court so requires same. See, for instance, Rule

5   15(a), 16(b) NRCP; Rule 15 F.R.C.P. Bringing up irrelevant purported evidence or

6   distorted matters is of no consequence at the pleading stage. Engaging in purported

7   character assassination is irrelevant.

8

9   Dated: July 27, 2022                    Respectfully Submitted,

10

11                                          DANIEL DAVID DYDZAK

12                                          Plaintiff

13

DYDZAK V. CANTIL-SAKAUYE                 7

**CERTIFICATE/PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is  4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On July 28, 2022, I served a true and correct copy of the following document or pleading on the interested parties or their counsel of record:

PLAINTIFF'S OPPOSITION AND RESPONSE TO MOTION TO DISMISS BY DEFENDANT DONALD F. MILES; MEMORANDUM OF POINTS AND AUTHORITIES THERETO

[X]   [BY U.S. MAIL] On this same day,  I mailed the interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

OLSON CANNON GORMLEY & STOBERSKI         MARQUIS AURBACH

9950 WEST CHEYENE AVENUE                 10001 PARK RUN DRIVE

LAS VEGAS, NEVADA 89129                  LAS VEGAS, NEVADA 89145


QUINTAIROS, PRIETO, WOOD & BOYER, P.A.   PATRICK A. ROSE, ESQ.

200 S. VIRGINIA ST., 8TH FL.        U.S. ATTORNEY OFFICE

RENO, NEVADA 89501                       501 LAS VEGAS BLVD. SO.

                                         SUITE 1100

                                         LAS VEGAS, NEVADA 89101

8

1  ERIC M. GEORGE

2  RONALD M. GEORGE

3  ALAN I. ROTHENBERG

4  c/o AVENUE OF THE STARS

5  30TH FLOOR

6  LOS ANGELES, CA 90067

7

8        I declare under penalty of perjury under the laws of the United States of America that the

9  foregoing is true and correct, and that this Declaration was executed on July 28, 2022,

10  at  Los Angeles, California.

11

12                                                  *Jim Lane*

13                                _____

14                                JIM LANE

15                                Declarant

16

17

18

19

20

21

22

23

24

25

26

27

28

SER-257



David O Dydzak
4265 Marina City Dr.
#407W
Marina del Rey, CA 90292

Clerk, U.S. District Ct.
District of Nevada
Lloyd D. George U.S. Courthouse
333 Las Vegas Blvd. So.
Rm 1334
Las Vegas, Nevada 89101

ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
XRAYED
AUG - 1 2022
BY
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
DEPUTY
MARSHALS SERVICE

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
         COUNSEL/PARTIES OF RECORD

           AUG - 1 2022

      CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY:_____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| DANIEL DAVID DYDZAK, | Case No. 2:22-cv-01008-APG-VCF |
| Plaintiff, | **PLAINTIFF'S OPPOSITION AND RESPONSE TO MOTION TO DISMISS BY DEFENDANT WILLIAM DATO; MEMORANDUM OF POINTS AND AUTHORITIES THERETO ; EXHIBIT 1** |
| v. | **Hearing Requested** |
| TANI CANTIL-SAKAUYE, et al., | Before Hon. Andrew P. Gordon, U.S. District Judge |
| Defendants. | |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

COMES NOW Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), and opposes and responds to the ill-advised and unsupportable Motion to Dismiss Plaintiff's Complaint by Defendant WILLIAM DATO ("DATO").

It is to be noted as a preliminary matter that Plaintiff objects to the caption of the

DYDZAK V. CANTIL-SAKAUYE

Motion to Dismiss insofar as it "plays up" improperly the government title of the moving

Defendant. Defendant DATO is not named in the caption of the Complaint in his

government capacity or position with respect to the judicial branch of the State of

California.  Moreover, as the Complaint avers, this Defendant acted unlawfully,

fraudulently and in the absence of jurisdiction so he enjoys no immunity from suit.

Clearly, as a sued party, Defendant DATO should be dealt with by this Court fairly and

impartially regardless of his so-called title, as Plaintiff expects equal fairness and

impartiality as well by this Court.

It is to be noted that Defendants CANTIL-SAKAUYE and NAVARRETE are

pending parties under appeal before the Nevada Supreme Court or Nevada Court of

Appeal. Opposing counsel deliberately neglects to mention same. In fact, DYDZAK got a

recent Order pertaining thereto from the Chief Justice of the Nevada Supreme Court,

giving him an extension to pay certain court costs related to said appeal.

It is to be further noted that the time period to respond to the Motion to Dismiss is

statutorily extended by three (3) days, because DYDZAK was served via mail and not

electronically with various pleadings and Court Orders.

There are a lot of misleading statements in the subject Motion to Dismiss that are

irrelevant at the pleading stage. The Complaint adequately avers cognizable claims against

Defendant DATO.

To show the wrongful and unlawful conduct alleged in this case, Defendant

CHARLES SCHWAB is in default and refuses to respond to the lawsuit. E.g., see Exhibit

1. Plaintiff will be moving for his default shortly.

A civil lawsuit is a search for the truth in the judicial arena. Certainly, misleading,

distorted and uncalled for character aspersions and misstatements of the record are not

warranted at the pleading stage.

Dated: July 24, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK

Plaintiff

DYDZAK V. CANTIL-SAKAUYE                              2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

### THIS HONORABLE COURT HAS SUBJECT MATTER AND PERSONAL JURISDICTION OVER DEFENDANT DATO

Plaintiff is the one bringing the lawsuit. He elects the venue when there is a proper jurisdictional basis therefor. There are several Defendants in this case, residing in various jurisdictions such as Nevada, California, Arizona and Washington.

In this case, Defendant RAWLINSON is, and was at all times relevant to this litigation, a resident of the State of Nevada (Paragraph 7 of the Complaint). This lawsuit was properly and jurisdictionally filed in Clark County, Nevada. Venue is proper in Las Vegas, Nevada, because venue exists where any of the defendants reside. NRS 13.040.

There is proper subject matter jurisdiction in this case, because the Fifth Cause of Action for Violation of Civil Rights includes Defendant RAWLINSON, residing in Clark County, Nevada (Paragraphs 47-51 of the Complaint). The Nevada Court where this case was originally filed before it was removed has concurrent jurisdiction to hear federal claims (Paragraph 28 of the Complaint). Tafflin v. Levitt, 493 U.S. 455 (1990). As well, the gravamen of allegations against Defendant RAWLINSON implicate in lower court proceedings Defendants being sued in this lawsuit. There are therefore minimum contacts.

Under Nevada law, the district courts have original jurisdiction over all matters excluded from the jurisdiction of the justice and municipal courts and appellate jurisdiction in cases arising from these courts. Morrison v. Beach City LLC, 991 P.2d 982 (2000). This federal court has jurisdiction to hear this case because of diversity of citizenship and federal questions presented. The U.S. District Court in Nevada further has supplemental or ancillary jurisdiction to hear related state claims. Removal was appropriate where certain of the Defendants moved for same.

Defendant RAWLINSON was served with process the day after President's day. This was done by an adult over eighteen years old at the Ninth Circuit's address in

DYDZAK V. CANTIL-SAKAUYE          3

1   Pasadena, California. The lawsuit as well has been provided via certified mail to the local

2   Nevada U.S. Attorney and the Attorney General of the United States in Washington, D.C.

3   Defendant RAWLINSON and other Defendants represented by Mr. Rose have

4   been afforded additional time to responsively plead by this Court.

5   As pointed out in Plaintiff's opposition papers to the GEORGES' and

6   ROTHENBERG's Motion to Dismiss, the wrongful, illegal, harsh and fraudulent conduct

7   DYDZAK alleges in this lawsuit against state actors such as Defendant DATO, while new

8   claims, emanate directly and indirectly from actions earlier taken in the Northern District

9   of California federal court. One of the Defendants in that litigation was Defendant

10   CANTIL-SAKAUYE, and there is no question she has acted with Defendant DATO, as

11   alleged, to harm DYDZAK. This then led to unlawful conduct by Defendant

12   RAWLINSON and others, as alleged in this lawsuit. The claims presented in this case

13   have never been tried on the merits to final conclusion or informal resolution. They are

14   therefore not barred by res judicata or collateral estoppel. There are minimum contacts

15   implicating Defendant DATO and his conspiracy with others, such as Defendant

16   CANTIL-SAKAUYE, to harm DYDZAK in no uncertain terms. This lawsuit is not

    challenging in any manner DYDZAK's illegal California disbarment.

17   The torts committed by Defendant DATO are more than adequately pled at the

18   pleading stage. Purported outside evidence has no relevance at the pleading stage. The

19   allegations, as pled, are taken as true for pleading purposes. Defendant DATO knows the

20   tortious conduct Nevada-based RAWLINSON did with others. He is an active participant-

21   Defendant in harming DYDZAK in Nevada and elsewhere. DYDZAK has and had a right

22   to elect his forum in the State of Nevada. Regrettable as it is to say, it is doubtful, given

23   the "politics" of DYDZAK's situation at play in this case that he could get a fair shake in

24   the California state courts with the causes of action alleged herein before this federal

25   court. DYDZAK trusts that this Honorable federal District Court will treat him fairly and

26   give him his day in court on the merits.

27   Given the foregoing, Defendant DATO has minimum contacts with the State of

28   Nevada, so that maintenance of the suit against him does not offend traditional notions of

DYDZAK V. CANTIL-SAKAUYE                    4

fair play and substantial justice. <u>International Shoe v. Washington</u>, 326 U.S. 310 (1945). Defendant DATO did tortious acts towards DYDZAK having foreseeability liability, producing consequences in the State of Nevada. <u>Hess v. Pawlowski</u>, 274 U.S. 352 (1927).

The "minimum contacts" doctrine recognizes the power of the sovereign state of Nevada to exercise jurisdiction where a sufficient connection exists with a nonresident. I.e., commonly referred to as a "long-arm" statute. Nevada has a long-arm statute, and is interpreted broadly to reach the outer limits of federal constitutional due process. See <u>Welburn v. Eighth Jud. Dist. Ct. of State</u>, 806 P.2d 1045 (1991).

## II

## THE COMPLAINT MORE THAN SUFFICIENTLY ALLEGES CAUSES OF ACTION AGAINST DEFENDANT DATO

The Third Cause of Action for Conspiracy to Unlawfully Interfere with the Processes of the Court is more than sufficiently pled with respect to Defendant DATO. Therefore, the Motion to Dismiss should be denied with prejudice as to him. Or leave to amend should be granted. Defendant DATO has no immunity from suit to do wrongful acts in the absence of jurisdiction as alleged in the third count of the Complaint.

At page 5, lines 16-21 of Plaintiff's opposition papers to the GEORGES' Motion to Dismiss, authority is cited why the conspiracy count is sufficiently pled. Same is incorporated by reference herein with regard to Defendant DATO.

The Eighth Cause of Action for Violation of Civil Rights against Defendants CANTIL-SAKAUYE and DATO is more than sufficiently pled to overcome the Motion to Dismiss. Therefore, the Motion to Dismiss should be denied with prejudice as this cause of action. Plaintiff is not suing Defendant DATO in this count for monetary damages because he did a judicial act, albeit wrongfully. He is suing for appropriate equitable and declaratory relief. (See Para. 66). Defendant CANTIL-SAKAUYE is on appeal in the Nevada state court.

The United States Supreme Court recognizes that a party can bring an "independent

DYDZAK V. CANTIL-SAKAUYE                    5

claim" to challenge a fraudulent order or judgment. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). See also Kougasian v. TMSL, Inc., 359 F.3d 1136 (9th Cir. 2004). That appellate Court noted that , federally and in state matters, courts have equitable power to set aside illegal processes, Orders and judgments on grounds of fraud, mistake or lack of jurisdiction. It further noted that a judgment or order is a nullity if obtained by fraud, bribes, forgery of documents and similar illegal activity.

The moving Defendant does not have absolute or even quasi-judicial immunity when he does illegal acts beyond the province of his ministerial compass. See, for example, Barbera v. Smith, 836 F.2d 96, 100 (2nd Cir. 1987); Burns v. Reed, 500 U.S. 478, 493 (1991). A state actor cannot act unreasonably and unconstitutionally, and only enjoys qualified immunity. If he acts unreasonably, he can be held accountable civilly. Harlow v. Fitzgerald, 457 U.S. 800 (1982).

With respect to the third count, Defendant DATO can be sued for damages and equitable/declaratory relief. He was not acting in a judicial function or capacity. Illegal ex parte contacts and communications are not allowed. Same is actionable.

In this case, Defendant DATO is not being sued for monetary damages in the 8th count , only equitable and declaratory relief. What Defendants are doing to DYDZAK here—discriminating against him in violation of his civil and constitutional rights—is actionable. See Brown v. Board of Education, 347 U.S. 483 (1954).

The record is clear, as alleged in the Complaint, that the moving Defendant committed civil rights violations in addition to "fraud upon the court" or extrinsic fraud. This cannot and should not be tolerated by this federal court.

No-one is above the Rule of Law, not even the President of the United States. See U.S. v. Nixon, 418 U.S. 683 (1974). This Court has to do the right thing, give DYDZAK his day in court and allow him to pursue his more than sufficiently alleged causes of action.

The Due Process Clause, guaranteed by the 5th and 14th Amendments, requires that there be fairness in state proceedings and activities related thereto. This is a cornerstone of the American judicial system. This U.S. District Court cannot ignore

DYDZAK V. CANTIL-SAKAUYE                    6

1    tainted state proceedings and state actor misconduct.

2          The law favors a trial on the merits.

3          The moving papers offer no persuasive authority why his lawsuit should not

4    be allowed to proceed. DYDZAK has standing to pursue federal remedies for

5    illegal actions by the subject state actors.

6          This federal District Court has jurisdiction to adjudicate this case fully on the

7    merits against Defendant DATO. This Court has the power to declare laws and

8    improper state decisions unconstitutional. See, for example, Gibson v. Chouteau,

9    80 U.S. (13 Wall.) 92 (1872).

10         And certainly DYDZAK has a right of redress in this case. As Chief Justice

11   Marshall stated in Marbury v. Madison, 5 U.S. 137 (18, 03): "The Government of

12   the United States has been emphatically termed a government of laws and not of

13   men. It will certainly cease to deserve this high appellation if the laws furnish no

     remedy for the violation of vested legal rights."

14         The Motion to Dismiss does NOT adequately address at all why DYDZAK

15   cannot sue Defendant DATO for civil rights violations when there is a showing of

16   extrinsic fraud, i.e., illegal and unconstitutional acts and conduct by state actors and

17   agents. The moving papers offer no persuasive authority why the conspiracy count

18   is not adequately pled.

19         Biased and unfair actions can be collaterally attacked and sued upon. See

20   unanimous decision of United States Supreme Court, Gibson v. Berryhill, 411 U.S.

21   564 (1973) [trier of fact incompetent to act by reason of bias].

22         Plaintiff has already sufficiently stated causes of action through "notice"

23   pleading—a short and plain statement of the claim showing Plaintiff is entitled to relief,

24   See Fed.R.Civ.P. 8(a)(2).

25

26                              III

27   **THE CAUSES OF ACTION AGAINST DEFENDANT DATO ARE NOT BARRED**

28   **BY ANY IMMUNITY DEFENSE**

DYDZAK V. CANTIL-SAKAUYE              *7*

1   This lawsuit is not contesting DYDZAK's illegal disbarment by the Supreme Court

2   of California, as falsely claimed by the moving Defendant in the Motion to Dismiss.

3   With respect to the third count, Defendant DATO can be sued for damages,

4   equitable relief and declaratory relief. He was not acting as a judge with respect to the

5   allegations in that cause of action. He has no immunity from suit.

6   With regard to the Eighth Cause of Action against Defendants CANTIL-

7   SAKAUYE and DATO, she was not acting in a judicial capacity but administratively,

8   unlawfully and unethically. Therefore, Defendant CANTIL-SAKAUYE cannot avail

9   herself of any immunity defense and can be sued for equitable and monetary relief.

10  See, thereto, Harper v. Merckle, 638 F.2d 848 (5th Cir. 1981); Wolfe v. Strankman (No.

11  02-15720, 2004 9th Cir.). This issue is on appeal before the Nevada Supreme Court.

12  Defendant DATO can be appropriately sued for declaratory and equitable relief.  As stated

13  earlier, Defendant DATO is not being sued for damages in the eighth count.

14  IV

15  **THIS LAWSUIT IS NOT IN BAD FAITH NOR FRIVOLOUS; THEREFORE,**

16  **THIS COURT, EXERCISING ITS INDEPENDENT JURISDICTION AND**

17  **AUTHORITY, SHOULD NOT CONSIDER UNLAWFUL, "RIGGED"**

18  **PREFILING ORDERS EMANATING FROM OTHER COURTS**

19

20  With regard to the federal judge Coughenour pre-filing Order, this Order is subject

21  to numerous pending appeal motions in the Ninth Circuit Court of Appeals, which

22  have not been deliberately ruled upon for years. The purported Coughenour "political"

23  Order is not final and still being appealed in the 9th Circuit Court of Appeals.

24  An Order that is not final should not been given any weight or collateral estoppel

25  effect. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982).

26  The Coughenour Order was apparently, unethically not drafted by this jurist, but,

27  upon reasonable information and belief, fraudulently and illegally by a disgraced,

28  former staff attorney, Lydia Yurchuk, with the Central District of CA U.S. District

DYDZAK V. CANTIL-SAKAUYE                              8

Court. This is so, even though that entire Court (and roster of judges) were disqualified from hearing DYDZAK's lawsuit by Order of then Chief Judge Kozinski of the 9th Circuit. Clearly, a staff attorney with the Central District of CA should not have been working on the Order with Judge Coughenour of the State of Washington when the Central District Judges were all disqualified by then Chief Judge Kozinski. When Plaintiff brought this issue up in certain of his pleadings, attorney Lydia Yurtchuk was apparently "fired" or took an early retirement on inactive status. She no longer worked for the Central District of California federal Court. The Coughenour Order is restricted to the Central District of California, which has a political animus towards DYDZAK, and there was "fraud upon the court" towards him with respect to that Order. So that purported pre-filing Order should be disavowed and disregarded by the U.S. District Court in its ruling process.

As for the purported pre-filing Order of California Judge Dato, as set forth in the 8th Cause of Action in the Complaint, that purported pre-filing Order should not be given any weight and regard by this Honorable Court. It is DYDZAK's legitimate position that this Order is invalid/void and marked by extrinsic fraud. That pre-filing Order came about several years ago when Judge Dato was a Superior Court Judge, and the subject case was illegally transferred to him in San Diego even though there were no San Diego-based Defendants therein. It is a bogus, rigged pre-filing Order, deliberately meant to harm DYDZAK's right of redress to the Courts in California. When Judge Dato made the Order, he was "rewarded" by Defendant CANTIL-SAKAUYE, using her influence, with a subsequent appointment to the California Court of Appeal. Unfortunately, further, Judge Dato has covered up the corruption of Defendant CANTIL-SAKAUYE towards Plaintiff by sitting on the California Commission on Judicial Performance and protecting her unethical conduct towards DYDZAK. She got him appointed to that position, upon reasonable information and belief, to protect herself. Moreover, Judge DATO's credibility is undermined as well by his history of disreputable conduct. He was associated for many years with convicted, disbarred, fraudster class-action attorney Bill Lerach of San Diego. Sources

advise DYDZAK that Judge DATO should have been indicted with Bill Lerach for criminal conduct at that time but never was.

   A Nevada Court has independent jurisdiction over whether a litigant is vexatious. NRS 155.165; <u>Jones v. State ex rel. Dept. of Motor Vehicles & Public Safety</u>, 121 Nev. 44, 110 P.3d 30 (2005). Clearly, this lawsuit has merit and should be allowed to proceed. With the new claims and causes of action presented by the Complaint, this federal court likewise should not hold that any pre-filing order applies or that DYDZAK is herein vexatious. The various causes action stand on their own and are clearly not frivolous and in bad faith.

## V   <u>CONCLUSION</u>

   For the reasons set forth herein, and in the interests of justice and equity, The Motion to Dismiss Plaintiff's Complaint should be denied with prejudice. Defendant DATO should be ordered to answer forthwith. The averments and allegations of the Complaint are taken and presumed to be true, pending discovery, Leave to amend should be liberally granted, if the Court so requires same. See, for instance, Rule 15(a), 16(b) NRCP; Rule 15 F.R.C.P. Bringing up irrelevant purported evidence or distorted matters is of no consequence at the pleading stage. Engaging in purported character assassination is irrelevant.

Dated: July 24, 2022                              Respectfully Submitted,

                                                  DANIEL DAVID DYDZAK

                                                        Plaintiff

DYDZAK V. CANTIL-SAKAUYE                    10

DANIEL DAVID DYDZAK
4265 MARINA CITY DRIVE, SUITE 407W
MARINA DEL REY, CA 90292
TELEPHONE: (310) 867-1289

Charles Schwab
c/o CT Corp
330 N. Brand Blvd, Suite 700
Glendale, CA 91203

July 5, 2022

RE: DYDZAK V. CANTIL-SAKAUYE ET AL.
U.S. DISTRICT COURT, NEVADA
2:2022cv01008

Dear Mr. Schwab:

A registered process server first attempted to serve you with my Nevada lawsuit pleadings against you, initially filed in the Eighth Judicial District state court in Las Vegas, Nevada. This service attempt was at your downtown San Francisco office whereat you have maintained a personal office for numerous years, upon information and belief. In the past, you have been served with legal papers at this address. The process server was advised at that time that CT Corp was duly authorized to accept service on your behalf and to serve it on same.

Thereafter, the Nevada lawsuit was served on you at CT Corp's former Los Angeles address in downtown Los Angeles. As you are likely aware, CT Corp is agent for service for many persons and companies, and maintains numerous offices throughout the United States. CT Corp recently moved its Los Angeles office to Glendale, CA.

The lawsuit was recently removed to the United States District Court in Las Vegas, Nevada. It is pending before an United States District Judge and U.S. Magistrate Judge. I have telephonically contacted representatives of you in San Francisco and New York indicating that you are in default of answering or otherwise responsively pleading to the lawsuit. I further have left numerous messages with various attorneys over many weeks at Arnold & Porter, one of the law firms you use, indicating that you are in default of answering or responsively pleading to the lawsuit. In fact, I have indicated to the aforesaid persons that I will be obligated to file a motion for default and default judgment if you do not respond. You are clearly "playing games."

Accordingly, I am putting you on formal notice in writing that I will be moving for your default and default judgment in the near term. A copy of this correspondence will be provided to the Court and interested parties/counsel as an Exhibit. Please govern yourself accordingly.

Very truly yours,

/S/

DANIEL DAVID DYDZAK

EXHIBIT 1

11

SER-269

## CERTIFICATE/PROOF OF SERVICE

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On July 27, 2022, I served a true and correct copy of the following document or pleading on the interested parties or their counsel of record:

PLAINTIFF'S OPPOSITION AND RESPONSE TO MOTION TO DISMISS BY DEFENDANT WILLIAM DATO; MEMORANDUM OF POINTS AND AUTHORITIES THERETO; EXHIBIT 1

[X]   [BY U.S. MAIL] On this same day, I mailed the interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

OLSON CANNON GORMLEY & STOBERSKI
9950 WEST CHEYENE AVENUE
LAS VEGAS, NEVADA 89129

MARQUIS AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. VIRGINIA ST., 8TH FL.
RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.
U.S. ATTORNEY OFFICE
501 LAS VEGAS BLVD. SO.
SUITE 1100
LAS VEGAS, NEVADA 89101

12

1 ERIC M. GEORGE

2 RONALD M. GEORGE

3 ALAN I. ROTHENBERG

4 c/o AVENUE OF THE STARS

5 30TH FLOOR

6 LOS ANGELES, CA 90067

7

8       I declare under penalty of perjury under the laws of the United States of America that the

9 foregoing is true and correct, and that this Declaration was executed on July 27, 2022,

10 at  Los Angeles, California.

11

12 _____

13 JIM LANE

14 Declarant

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13



Daniel D. Tydale
4205 Mouri City Dr.
#407 (W)
Marina del Rey, CA 90292

Clerk (Civil Filing)
U.S. District Court
333 S. Las Vegas Blvd.
Las Vegas, NV 89101

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

AUG - 1 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY:                    DEPUTY

1  JASON M. FRIERSON
   United States Attorney
2  District of Nevada
   Nevada Bar Number 7709
3
   PATRICK A. ROSE
4  Assistant United States Attorney
   Nevada Bar Number 5109
5  501 Las Vegas Blvd. So., Suite 1100
   Las Vegas, Nevada 89101
6  (702) 388-6336
   Patrick.Rose@usdoj.gov
7  *Attorneys for Defendants*
   *Dwyer, Shaw, Schiffer, Thomas, King*
8
9              **UNITED STATES DISTRICT COURT**
10                  **DISTRICT OF NEVADA**
11
12  DANIEL DAVID DYDZAK,              Case No. 2:22-cv-01008-APG-VCF

13                  Plaintiff,       **Joint Status Report**

14  vs.

15  TANI CANTIL-SAKAUYE, et al.,

16                  Defendants.

17
18         Pursuant to the Minutes of the Court (ECF No. 3), the undersigned *pro se* parties

19  and the undersigned attorneys for represented parties submit this Joint Status Report.

20         After removing this action from state court, Defendants Molly Dwyer, Peter Shaw,

21  Edward Schiffer, Sidney Thomas, and George King (the "Ninth Circuit Defendants") filed

22  a motion for extension of time to respond to the complaint (ECF No. 4). Plaintiff Daniel

23  David Dydzak filed a non-opposition (ECF No. 19), and the Court granted the motion in

24  an order (ECF No. 20) setting August 30, 2022, as the due date for the Ninth Circuit

25  Defendants to file a response to the complaint.[1]

26
27  _____
28  [1] There are additional named defendants who are associated with the U.S. Court of Appeals
    for the Ninth Circuit and have pending requests for representation authority with the
    applicable section of the Department of Justice. *See* 28 C.F.R. § 50.15.

Defendants Eric George, Ronald M. George, and Alan I. Rothenberg filed a motion to dismiss (ECF No. 5, filed July 1, 2022) and a request for judicial notice (ECF No. 8, filed July 1, 2022). Plaintiff filed an opposition (ECF No. 24, filed July 20, 2022).

Defendant William Dato filed a motion to dismiss (ECF No. 14, filed July 12, 2022).

Defendant Ronald F. Miles filed a motion to dismiss (ECF No. 16, filed July 12, 2022).

Defendant MidFirst Bank (incorrectly named as 1st Century Bank and/or 1st Century Bancshares) filed a motion to dismiss (ECF No. 22, filed July 20, 2022).

Action required of the Court will be a ruling on the several motions to dismiss, as well as the request for judicial notice, after the parties file their respective oppositions and replies.

Respectfully submitted this 27th day of July 2022.

OLSON CANNON GORMLEY & STOBERSKI

/s/ Thomas D. Dillard
Thomas D. Dillard, Esq.
9950 West Cheyenne Avenue
Las Vegas, NV 89129
*Attorneys for Defendants Tani G. Cantil-Sakauye, Jorge Navarrete, and William Dato*

MARQUIS AURBACH

/s/ Craig R. Anderson
Craig R. Anderson, Esq.
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorneys for Defendant Donald F. Miles*

JASON M. FRIERSON
United States Attorney

/s/ Patrick A. Rose
PATRICK A. ROSE
Assistant United States Attorney
*Attorneys for Defendants
Dwyer, Shaw, Schiffer, Thomas, King*

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

/s/ Michael Ayers
Michael Ayers, Esq.
Clark Vellis, Esq.
200 S. Virginia St., 8th Fl.
Reno, NV 89501
*Attorneys for MIDFIRST BANK
incorrectly named herein as 1ST
CENTURY BANK and/or 1ST
CENTURY BANCSHARES, INC.*

1
2
3
Daniel D. Dydzak
4265 Marina City Drive, Suite 407W
4
Marina del Rey, CA 90292
*Plaintiff, in Pro Per*
5
6
7
Ronald M. George
8
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
9
*Defendant in propria persona*
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Eric M. George
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
*Defendant in propria persona*

FOR

Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
*Defendant in propria persona*

3

SER-275

1

2

3  Daniel D. Dydzak
   _____          _____
   Daniel D. Dydzak                      Eric M. George
4  4265 Marina City Drive, Suite 407W    c/o 2121 Avenue of the Stars, 30th floor
   Marina del Rey, CA 90292              Los Angeles, California 90067
5  *Plaintiff, in Pro Per*               *Defendant in propria persona*

6

7  _____          _____
   Ronald M. George                      Alan I. Rothenberg
8  c/o 2121 Avenue of the Stars, 30th floor   c/o 2121 Avenue of the Stars, 30th floor
   Los Angeles, California 90067         Los Angeles, California 90067
9  *Defendant in propria persona*        *Defendant in propria persona*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

| | |
|---|---|
| **From:** | Daniel Dydzak |
| **To:** | Rose, Patrick (USANV) |
| **Subject:** | [EXTERNAL] Dydzak v Cantil Sakauye |
| **Date:** | Friday, July 22, 2022 8:46:00 AM |

Dear Mr . Rose,

I have reviewed the Joint Status Report. You are authorized to print my name and date same.

Very truly yours,

Daniel D. Dydzak

Plaintiff

<u>**Certificate of Service**</u>

I hereby certify that on July 27th, 2022, I electronically filed and served the foregoing Joint Status Report with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system, and also served via US Mail to the parties and addresses below.

<u>US Mail</u>

Daniel D. Dydzak
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone (310) 867-1289
*Plaintiff, in Pro Per*

Eric M. George
Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
E-Mail: egeorge@egcfirm.com
*Defendants in propria persona*
*Eric M. George, Ronald M. George,*
*and Alan I. Rothenberg*

　　　　　　　　　　　　　*/s/ Vera A. Minkova*
　　　　　　　　　　　　　　Paralegal Specialist

4

1  Eric M. George
   Ronald M. George
2  Alan I. Rothenberg
   c/o 2121 Avenue of the Stars, 30th Floor
3  Los Angeles, California 90067
   Telephone: (310) 274-7100
4  Facsimile: (310) 275-5697
   Email: egeorge@egcfirm.com
5
   Defendants *in propria persona*
6  Eric M. George, Ronald M. George, and Alan I.
   Rothenberg
7

8                  UNITED STATES DISTRICT COURT

9                      DISTRICT OF NEVADA

10

11 DANIEL DAVID DYDZAK,                Case No. 2:22-cv-01008-APG-VCF

12         Plaintiff,                  The Hon. Andrew P. Gordon

13     vs.                            **DEFENDANTS ERIC GEORGE,
                                       RONALD M. GEORGE, AND ALAN I.**
14 TANI CANTIL-SAKAUYE, et al.,        **ROTHENBERG'S REPLY IN SUPPORT
                                       OF MOTION TO DISMISS COMPLAINT**
15         Defendants.
                                       Trial Date:  None Set
16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff's opposition to Defendants' motion to dismiss does nothing to show that this Court has personal jurisdiction over defendants who have no connection whatsoever to the State of Nevada.  The law is clear that each defendant to a proceeding must *independently* have sufficient connections to the forum state in order for a court to exercise personal jurisdiction over them. Plaintiff has alleged no such connections against Defendants Eric M. George, Ronald M. George, or Alan I. Rothenberg (collectively the "Attorney Defendants") and no such connections exist. The single allegation that one of the other named Defendants, Judge Johnnie B. Rawlinson, resides in Nevada does not establish jurisdiction over the Attorney Defendants as Plaintiff argues. Accordingly, the Attorney Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

### II.    ARGUMENT

#### A.    Judge Rawlinson's Alleged Connection to Nevada Does Not Provide a Sufficient Basis for Suing All Defendants In Nevada

Plaintiff's argument that Judge Rawlinson's alleged residence in the State of Nevada makes jurisdiction in Nevada proper over all Defendants is incorrect on its face.  It is a fundamental tenant of Due Process that jurisdiction must be established over each defendant individually.  "Plaintiff[] must make a prima facie showing of jurisdictional facts giving rise to specific jurisdiction over each defendant separately." *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837 848 (N.D. Cal. 2018) (citing *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990)).  Likewise, the United States Supreme Court has made clear that, because personal jurisdiction must be met as to each defendant in a case, it is improper to aggregate the forum contacts of multiple defendants in order to establish jurisdiction over one.  *See Rush v. Savchuk*, 444 U.S. 320, 328, 331-32 (1980) (holding that, in a case involving a car accident, the fact that Defendant's insurer did business in the forum state was insufficient by itself to tie Defendant to the forum state); *see also Skurkis v. Montelongo*, Case No. 16-cv-0972-YGR, 2016 WL 4719271 at   4 (N.D. Cal. Sept. 9, 2016) (granting a motion to dismiss for lack of personal jurisdiction where the plaintiff failed to show

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

"*each* defendant's *own* contacts with [the forum state]" and instead only made allegations concerning the entity defendants' conduct generally and as a group) (emphasis in original).

Here, Plaintiff alleges that Judge Rawlinson, and only Judge Rawlinson, resides in Nevada (Compl. 7.) Plaintiff's Complaint contains no other allegations that the Attorney Defendants were in any way associated with the State of Nevada. Instead, in his opposition brief, Plaintiff argues that a sufficient connection exists because the Attorney Defendants were named in a prior case and Judge Rawlinson was a member of the Ninth Circuit appellate panel presiding over an appeal in that case. (Opp. at 4.) But this attenuated association does nothing to show that the Attorney Defendants are subject to jurisdiction in the State of Nevada. None of the Attorney Defendants are domiciled in Nevada, nor do they have such "continuous and systematic" contacts with the state that exercise of general personal jurisdiction over them in the state would be considered reasonable under *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984).

Similarly, the cause of action against the Attorney Defendants, conspiracy to unlawfully interfere with the processes of the court, did not arise from any alleged contact taking place in Nevada. Contrary to Plaintiff's assertion, the fact that the Attorney Defendants allegedly communicated with other California-based Defendants concerning a matter in the California Supreme Court arising from a California State Bar does not establish jurisdiction over the Attorney Defendants in Nevada. *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) (explaining that the test for specific personal jurisdiction involves a defendant "purposefully avail[ing] himself of the privilege of conducting activities in the forum . . . ."). Additionally, because the cause of action pertaining to the Attorney Defendants does not arise from activity taking place in Nevada, Plaintiff is unable to show that specific personal jurisdiction exists here. Accordingly, personal jurisdiction in Nevada is improper and the Attorney Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]

---

[1] Plaintiff also incorrectly states that the Central District of California's Order, issued nearly ten years ago, is not final because it "is subject to numerous pending appeal motions in the Ninth

REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

III.  **CONCLUSION**

It is clear that this Court lacks jurisdiction over Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg, and that Plaintiff attempted to bring his lawsuit in Nevada only because he is no longer permitted to bring his claims in California.  Accordingly, the Attorney Defendants respectfully request that this Court dismiss them from this litigation.

Date: July 27, 2022

Respectfully submitted,

By  _____/s/ Eric M. George_____
Eric M. George, *in propria persona*
c/o 2121 Avenue of the Stars, Suite 3000
Los Angeles, California 90067
Tel. (310) 274-7100

Date: July 27, 2022

By  _____/s/ Alan I. Rothenberg_____
Alan I. Rothenberg, *in propria persona*
c/o 2121 Avenue of the Stars, Suite 3000
Los Angeles, California 90067
Tel. (310) 274-7100

---

Circuit Court of Appeals."  (Opp. at 6.)  In May 2015, the Ninth Circuit Court of Appeals affirmed Judge Coughenour's vexatious litigant order in its entirety and denied all associated pending motions.  (*See* Attorney Defendants' Supplemental Request for Judicial Notice, Ex. A, Ninth Circuit Memorandum dated May 18, 2015, Case No. 12-56960.)  The Ninth Circuit then denied Plaintiff's motion for reconsideration, specifying that "[n]o further filings will be entertained in this closed case."  (*See* Attorney Defendants' Supplemental Request for Judicial Notice, Ex. B, Ninth Circuit Order dated August 12, 2015, Case No. 12-56960).

1   Date: July 27, 2022

2

3

4                            By        */s/ Ronald M. George*

5                                    Ronald M. George, *in propria persona*

                                   c/o 2121 Avenue of the Stars, Suite 3000

6                                  Los Angeles, California 90067

                                 Tel. (310) 274-7100

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 27 day of July, 2022, I caused a true and correct copy of

**DEFENDANTS ERIC GEORGE, RONALD M. GEORGE, AND ALAN I.**

**ROTHENBERG'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

to be placed in the United States Mail, with first class postage prepaid, addressed as follows:

Daniel D. Dydzak                                    Plaintiff, in Pro Per
4265 Marina City Drive, Suite 407W
Marina del Rey, CA  90292
Telephone (310) 867-1289

By _____

Corinne Ubence, an Employee of
ELLIS GEORGE CIPOLLONE O'BRIEN
ANNAGUEY LLP

## CERTIFICATE OF SERVICE

I hereby certify that on this 27 day of July, 2022, a true and correct copy of

**DEFENDANTS ERIC GEORGE, RONALD M. GEORGE, AND ALAN I.**

**ROTHENBERG'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

was served via the United States District Court CM/ECF system on all parties or persons requiring

notice.

By _____

Corinne Ubence, an Employee of
ELLIS GEORGE CIPOLLONE O'BRIEN
ANNAGUEY LLP

1   Brian D. Blakley, Esq.
    Nevada Bar No. 13074
2   LEWIS ROCA ROTHGERBER CHRISTIE LLP
    3993 Howard Hughes Parkway, Suite 600
3   Las Vegas, NV  89169
    Tel:    702.949.8200
4   Email:  BBlakley@lewisroca.com

5   *Attorney for Defendant Charles Schwab*

6

7

8                   IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEVADA
9

10  DANIEL DAVID DYDZAK,                          Case No. 2:22-CV-01008-APG-VCF

11          Plaintiff,

12      vs.                                       **DEFENDANT CHARLES SCHWAB'S**
                                                  **MOTION TO DISMISS COMPLAINT**
13  TANI CANTIL-SAKAUYE; JORGE                    **PURSUANT TO FRCP 12(B)(1) AND**
    NAVARRETE; THOMAS LAYTON a/k/a                **12(B)(2)**
14  TOM LAYTON, CHARLES SCHWAB;
    DONALD F. MILES; JOHNNIE B.
15  RAWLINSON; BARRY G. SILVERMAN;
    WILLIAM A. FLETCHER; PETER LIND
16  SHAW; RONALD M. GEORGE; ERIC M.
    GEORGE; ALAN L. ROTHENBERG; 1ST
17  CENTURY BANK; 1ST CENTURY
    BANCSHARES, INC.; EDWARD EPHRAIM
18  SCHIFFER; SIDNEY R. THOMAS;
    WILLIAM DATO; MAXINE M. CHESNEY;
19  MOLLY C. DWYER; GEORGE H. KING; A.
    WALLACE TASHIMA; FERDINAND
20  FRANCIS FERNANDEZ; KIM MCCLANE
    WARDLAW; WILLIAM C. CANBY;
21  RONALD M. GOULD; RICHARD C.
    TALLMAN and DOES 1 through 50, inclusive,
22
            Defendants.
23

24

25          Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(2), Defendant Charles

26  Schwab moves to dismiss Plaintiff Daniel D. Dydzak's ("Plaintiff") Complaint for lack of subject

27  matter jurisdiction and lack of personal jurisdiction. Alternatively, Defendant Charles Schwab

28  moves to dismiss for insufficient service of process (pursuant to Rule 12(b)(4) and 4(c)) and for

1    failure to state a claim (pursuant to Rule 12(b)(6)). Finally, Defendant Charles Schwab

2    ("Schwab") moves to dismiss Plaintiff's Complaint on the grounds that it is in violation of a

3    March 19, 2018 order arising from the Northern District of California declaring Plaintiff a

4    vexatious litigant and forbidding him from pursuing this suit in federal court without leave. This

5    Motion is made and based upon all the pleadings and papers on file herein, the attached Points &

6    Authorities, and any oral argument the Court entertains.

7                                    **INTRODUCTION**

8    *A.    Nature of the Case*

9            Plaintiff is a disbarred, former California attorney who filed suit in the Eighth Judicial

10   District Court of Nevada on February 3, 2022. Plaintiff has spent the past twelve years

11   unsuccessfully attempting to challenge his 2010 California disbarment. (*See* California Supreme

12   Court Case No. S179850.) California State and federal courts have repeatedly rejected his claims.

13   *See e.g.*, *Dydzak v. United States*, 2017 WL 4922450 (N.D. Cal. Oct. 31, 2017); *Dydzak v. Chen*,

14   2018 WL 10455693 (N.D. Cal. April 20, 2018). As a result of Plaintiff's actions, he has been

15   declared a vexatious litigant by State and federal courts in California. *See Dydzak v. Cantil-*

16   *Sakauye*, No. C11-5560-JCC, ECF No. 35 (C.D. Cal. Sept. 25, 2012) (**Exhibit A**);  *Dydzak v.*

17   *United States*, 2018 U.S. Dist. LEXIS 44805 (N.D. Cal. Mar. 19, 2018) (**Exhibit B**); Dydzak v.

18   United States, 2018 U.S. Dist. LEXIS 44842 (N.D. Cal. 2018) (**Exhibit C**);

19   https://www.courts.ca.gov/documents/vexlit.pdf (listing Dydzak as a vexatious litigant) (**Exhibit**

20   **D**).

21           In an attempt to circumvent his vexatious litigant designation, Plaintiff has now moved his

22   claims to Nevada, with the sole justification that "one of the parties resides in Clark County."

23   (Compl., ECF No. 1-2 at ¶ 5). In this case, Plaintiff, a California resident, has sued 24 defendants,

24   a majority of whom are current or former California state judicial officers or federal judges

25   located in California.

26           As the Complaint makes clear, Schwab is "an individual residing in the County of San

27   Francisco, State of California." (*Id.*, at ¶ 6). Schwab founded a financial services company known

28   as Charles Schwab & Co., Inc. (a/k/a) The Charles Schwab Corporation (the "Corporation"),

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

1   which was headquartered in San Francisco, California until January 1, 2020, when it moved its

2   headquarters to Westlake, Texas. The Corporation is not a defendant in this suit, and Schwab

3   himself has no personal ties or connections to the State of Nevada.

4       The only allegation nominally directed at Schwab is Plaintiff's Third Cause of Action.

5   While his name appears in the heading of the Third Cause of Action, Schwab is not mentioned in

6   the substance of the allegations. Instead Plaintiff claims only that "the above-named Defendants

7   had improper, unethical and illegal ex parte, extra-judicial communications and contacts with

8   Defendants CANTIL-SAKAUYE and NAVARRETE" and that "[s]uch overt acts were done as

9   part of a conspiracy to obstruct justice and interfere with the processes of the Court." (*Id.*, at ¶

10  39). It bears repeating: there isn't a single factual allegation that so much as mentions Schwab in

11  the Third Cause of Action.

12      Other than the reference to Schwab in the heading of Plaintiff's Third Cause of Action and

13  in Plaintiff's identification of Schwab as a party, the Complaint references him only in passing

14  and in passive tense in the Sixth and Seventh Causes of Action for an unspecified "Violation of

15  Civil Rights." These causes of action are not directed against Schwab, and indeed both are

16  asserted only against "federal actors," which Schwab is not. (*Id.*, at ¶¶ 56, 60).

17  **B.    *Jurisdictional Allegations***

18      Plaintiff identifies himself as a person residing in the County of Los Angeles, California

19  (*Id.*, at ¶ 1). Plaintiff sued the now-dismissed Defendants Judge Tani G. Cantil-Sakauye and Jorge

20  Navarrete as individuals residing in San Francisco, California. (*Id.*, at ¶¶ 2-3). Plaintiff is also

21  suing a number of California Supreme Court Judges, California State Bar Court Hearing Judges,

22  California State Bar investigators and panel members, Ninth Circuit Court of Appeals Judges, a

23  California Bank, a State of Delaware Corporation, and Schwab. (*Id.*, at ¶¶ 2-25). Plaintiff does

24  not allege that any of these defendants, including Schwab, took any actions in, or directed

25  towards Nevada.

26      Plaintiff references Nevada only once in the entire Complaint—namely, when he alleges

27  that Ninth Circuit Judge Johnnie B. Rawlinson is an individual residing in the City of Las Vegas.

28

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

(*Id.*, at ¶ 7).[1] Plaintiff does not allege that Judge Rawlinson performed any judicial or non-judicial act in Nevada. It appears that Judge Rawlinson's only involvement in the subject matter of the Complaint was as a Ninth Circuit judge assigned to one of Plaintiff's appeals in a Court based in San Francisco, California. The Complaint most certainly does not allege any joint action between Judge Rawlinson and Schwab—or even a tangential connection between the allegations against Judge Rawlinson and the allegations against Schwab. *See generally Id.*

In short, the Complaint does not establish any nexus whatsoever between Schwab and Nevada. Thus, it fails to establish personal jurisdiction over him.

## APPLICABLE LEGAL STANDARDS

### A.   Standards for Subject Matter Jurisdiction

The defense of lack of jurisdiction over the subject matter, may, at the option of the defendant, be made by motion. *See* Fed. R. Civ. P. 12(b)(1). Rule (12)(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action." (emphasis added). The plaintiff has the burden of proving subject matter jurisdiction. *See Consejo de Desarrollo Economico de Mexicali v. United States*, 417 F. Supp. 2d 1176, 1181 (D. Nev. 2006). If the movant challenges the existence of subject matter jurisdiction, the pleadings are treated as evidence on the issue. The non-moving party cannot rest on the allegations of the complaint but must present evidence to defeat the motion. *Nevada v. U.S.*, 221 F.Supp. 2d 1241, 1248 (D. Nev. 2002); *Charles A. Wright & Arthur R. Miller*, Federal Practice and Procedure §1363 at 653-54 (1969).

### B.   Standards for Personal Jurisdiction

Furthermore, to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must "prove sufficient facts to establish that jurisdiction is proper" by "presenting sufficient evidence to establish that (1) personal jurisdiction is proper under the laws of the state where it is asserted; and (2) the exercise of jurisdiction does not violate the defendant's right to due process

---

[1] Although even here, Plaintiff does not mention Nevada, alleging that Judge Rawlinson instead resides in "the City of Las Vegas, State of California." (*Id.*, at ¶7). While the complaint may be read as referring to Nevada, for the reasons set forth below, it nevertheless does not allege sufficient grounds for jurisdiction in this Court.

118250098.1

- 4 -

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

1    secured by the United States Constitution." *Prescott v. Slide Fire Sols.*, LP, 341 F. Supp. 3d 1175,

2    1180 (D. Nev. 2018) (internal citations omitted). When considering a motion to dismiss for lack

3    of personal jurisdiction, the plaintiff is required to go beyond the pleadings and proffer some

4    competent evidence supporting a finding of personal jurisdiction. *In re Boon Glob. Ltd.*, 923 F.3d

5    643, 650 (9th Cir. 2019) (internal citations omitted) (explaining that the plaintiff "cannot simply

6    rest on the bare allegations of its complaint").

7    **C.    Standards for Insufficient Service of Process**

8            Under Rules 4(e), a plaintiff must serve an individual by "following state law for service

9    of the summons… in the state where the district court is located" or by "doing any of the

10   following: (A) delivering a copy of the summons and of the complaint to the individual

11   personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with a

12   person of suitable age and discretion who resides there; or (C) delivering a copy of each to an

13   agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1)-

14   (2). Plaintiff must serve the summons and complaint within 90 days of filing the complaint unless

15   the court grants an extension. Fed. R. Civ. P. 4(m). If service is not made within this time period,

16   the court <u>must</u> dismiss the action without prejudice. *Id*. (emphasis added).

17   **D.    Standard for Failure to State a Claim**

18           In considering a Rule 12(b)(6) motion to dismiss, a complaint "must plead 'enough facts

19   to state a claim to relief that is plausible on its face.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067

20   (9th Cir. 2009). A complaint "must plead 'enough facts to state a claim to relief that is plausible

21   on its face.'" *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that

22   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

23   alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The

24   plausibility standard "asks for more than sheer possibility that a defendant acted unlawfully." *Id*.

25   A claim that is possible but is not supported by enough facts to "nudge [it] across the line from

26   conceivable to plausible . . . must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547,

27   127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007).

28           Additionally, under Rule 8(a)(2), each asserted claim must contain "a short and plain

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

1  statement of the claim showing that the pleader is entitled to relief." This rule requires that a

2  Complaint "give the defendant fair notice of what the … claim is and the grounds upon which it

3  rests." *Twombly*, 550 U.S. at 545.

4  ### E.    Judicial Notice of Court Documents

5          Schwab requests that this Court take judicial notice of publicly recorded documents

6  without converting this motion into one for summary judgment. A court may consider matters of

7  public record in ruling on a motion to dismiss. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th

8  Cir. 2012). Further, it is well established that a court may take judicial notice of facts that are not

9  subject to reasonable dispute as evidenced by public records outside of the Rule 56 context.

10 *MGIC Indemn. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). This includes taking

11 judicial notice of pleadings, memoranda, and other court filings. *Reyn's Pasta Bella, LLC v. VISA*

12 *USA, Inc.*, 442 F.3d 741, 746 N.6 (9th Cir. 2006). This also includes taking judicial notice of a

13 vexatious litigant designation. *Baker v. Firstcom Music*, 2021 U.S. Dist. LEXIS 250351, *6 (C.D.

14 Cal. 2021).

15                          **LEGAL ARGUMENT**

16 ### A.    The Complaint Must Be Dismissed for Lack of Subject Matter Jurisdiction

17         This Court lacks subject matter jurisdiction over this case, which is styled as a collateral

18 attack on attorney discipline rendered <u>by the State Bar of California</u> against Plaintiff's <u>California</u>

19 <u>law license</u>. (*See e.g.* Compl., ECF No. 1-2 at ¶¶ 39, 48-50, 61, 67-68). State supreme courts are

20 the ultimate arbiters of attorney behavior and discipline in their respective states. Thus, a Federal

21 District Court in Nevada lacks subject matter jurisdiction to evaluate (or unwind) attorney

22 discipline imposed on California attorneys by the California Supreme Court. While Nevada

23 Supreme Court Rule 105(3)(b) creates subject matter jurisdiction for the Nevada Supreme Court

24 to review discipline imposed by the Nevada State Bar, neither it, nor any other rule, provides

25 grounds for the Nevada Supreme Court to review discipline imposed by the State of California.

26 Moreover, there is no statute providing jurisdiction to a Federal District Court to review attorney

27 discipline imposed by any state bar, including Nevada.

28         The law on this point is settled. In *Clark v. State of Washington*, 366 F.2d 678 (9th Cir.

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

1996), the Ninth Circuit held that a lower federal court did not have subject matter jurisdiction to consider a collateral attack on a decision by the Washington State Supreme Court to disbar an attorney. The United States Supreme Court agreed in *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 fn.16 (1983) ("'[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States certiorari to the State Court, and not by means of an original action in a lower federal court'.") (internal citations omitted). Here, Plaintiff's Complaint is nothing more than a collateral challenge to his disbarment and the numerous denials of his repeated attempts to overturn said disbarment. (*See e.g.* Compl., ECF No. 1-2 at ¶¶ 39, 48-50, 61, 67-68). Plaintiff seeks only to circumvent and overturn the rulings of the California courts, but this Court lacks subject matter jurisdiction to do so. Thus, the Complaint <u>must</u> be dismissed, under Rule 12(b)(1), for lack of subject matter jurisdiction.

**B.       *The Complaint Must Be Dismissed for Lack of Personal Jurisdiction***

The Court also lacks personal jurisdiction over Schwab. To survive this motion to dismiss, Plaintiff must "prove sufficient facts to establish that jurisdiction is proper" by "presenting sufficient evidence to establish that (1) personal jurisdiction is proper under the laws of the state where it is asserted; and (2) the exercise of jurisdiction does not violate the defendant's right to due process secured by the United States Constitution." *Prescott*, 341 F. Supp. 3d at 1180. A court analyzes the issues of due process by considering whether personal jurisdiction is either "general" or "specific." *See Helicopteros Nacionales De Columbia, S.A. v. Hall*, 466 U.S. 408, 414-415 (1984).

Here, Plaintiff has pled no facts that could establish this Court's general or specific personal jurisdiction over Schwab, a California resident. Plaintiff does not allege that the injuries he sustained occurred in Nevada, that Schwab engaged in any conduct in or directed to Nevada, that Schwab was served with process in Nevada, or that this case has anything at all to do with Nevada. *See Nguyen v. Margines*, 2021 WL 5761766 *2 (D. Nev. Dec. 3, 2021) (finding lack of personal jurisdiction and dismissing where plaintiff sued California judges and sought damages for rulings in California cases). Plaintiff makes no allegation that this Court has jurisdiction over

1  Schwab. Instead—and at the very most—he alleges only that one unrelated Defendant (Judge

2  Rawlinson of the Ninth Circuit) is a Las Vegas resident. (*See e.g.* Compl., ECF No. 1-2 at ¶¶ 7,

3  28, 48). Therefore, Plaintiff has failed to establish personal jurisdiction over Schwab, and the

4  claims against him must be dismissed under Rule 12(b)(2).

5         1.      **Schwab is Not Subject to General Jurisdiction**

6        Because Plaintiff does not (and cannot) allege that Schwab, a California resident, has had

7  continuous and systematic contacts in Nevada, this Court lacks general jurisdiction over him.

8  General jurisdiction exists only where the defendant's activities in the forum state are so

9  substantial or continuous and systematic that it may be deemed present in the forum and hence

10  subject to suit over claims unrelated to its activities here. *Helicopteros*, 466 U.S. at 415-16;

11  *Edwards v. Juan Martinez, Inc.*, 506 F.Supp.3d 1061, 1068 (D. Nev. Dec. 10, 2020). This

12  jurisdiction is necessary where a defendant is held to answer in a forum for causes of action

13  unrelated to his forum activities. *Edwards,* 506 F.Supp.3d at 1070.

14        In this case, Plaintiff alleges that Schwab, like previously dismissed defendants Chief

15  Justice Cantil-Sakauye and Jorge Navarrete, is a resident in the State of California and is

16  domiciled in California. (Compl.. ECF No. 1-2 at ¶¶ 2, 3, 6 ). Further, the Complaint makes clear

17  that the conduct complained of occurred in California. (*See e.g. Id*. at ¶¶ 31-32, 37, 39, 42, 48, 53,

18  60-62, 67-68). The entirety of the allegations pertain to attorney discipline taken against Plaintiff

19  in the State of California, including his disbarment and denial of Plaintiff's various complaints

20  and petitions to overturn that discipline, as well as a state order declaring Plaintiff a vexatious

21  litigant. *Id*.

22        Continuing his vexatious litigation practices, Plaintiff simply brought suit in this forum

23  because he has been declared a vexatious litigant by both state and federal courts in California

24  and is barred from further litigation there (and, indeed, elsewhere, as described below). *See*

25  *Dydzak v. Cantil-Sakauye*, No. C11-5560-JCC, ECF No. 35 (**Exhibit A**); *Dydzak v. United*

26  *States*, 2018 U.S. Dist. LEXIS 44805 (**Exhibit B**); *Dydzak v. United States*, 2018 U.S. Dist.

27  LEXIS 44842 (**Exhibit C**); https://www.courts.ca.gov/documents/vexlit.pdf (listing Dydzak as a

28  vexatious litigant) (**Exhibit D**);  *see also* Compl., ECF No. 1-2 at ¶ 67. Now, he impermissibly

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

- 8 -

1   seeks to avail himself of access to this Nevada Court, because one of many jurists who exercised

2   jurisdiction over his California case, the Honorable Judge Rawlinson, still allegedly maintains a

3   home office in Nevada. The mere fact that Judge Rawlinson served as a U.S. District Court Judge

4   in Nevada (before her elevation to the Ninth Circuit) and still lives in Nevada does not establish

5   personal jurisdiction over the other defendants, including Schwab. In total, Plaintiff has alleged

6   no set of facts to establish that this Court has general jurisdiction over Schwab.

7           **2.       Schwab is Not Subject to Specific Jurisdiction**

8           Schwab is also not subject to specific jurisdiction because Plaintiff has not alleged that

9   Schwab had any contacts whatsoever with the State of Nevada. The due process clause forbids

10  haling a defendant into court that does not have certain minimum contacts with the forum state

11  such that jurisdiction does not offend traditional notions of fair play and substantial justice. *See*

12  *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945) (quotation omitted).

13  Here, the Complaint does not allege that Schwab has <u>any</u> contact with Nevada. Thus, there can be

14  no specific personal jurisdiction.

15          Under the United States Constitution, due process requires minimum contact between

16  defendants and Nevada such that "the maintenance of the suit does not offend 'traditional notions

17  of fair play and substantial justice'." *International Shoe*, 326 U.S. at 316 (quotation omitted). The

18  defendant's contact with the forum state must be such that the defendant "should reasonably

19  anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S.

20  286, 297 (1980). To show specific jurisdiction, as is at issue here, Plaintiff must demonstrate facts

21  showing that the defendant purposefully availed himself of the privilege of acting in Nevada or

22  caused important consequences here, that the cause of action arises from the defendant's activities

23  in Nevada, and that those activities, or the consequences thereof, have such a substantial

24  connection with Nevada as to make the exercise of jurisdiction over the defendant reasonable.

25  *Stevo Design, Inc. v. SBR Mktg. Ltd.,* 968 F. Supp. 2d 1082, 1086–87 (D. Nev. 2013).

26          Given this standard, and the absence of general jurisdiction here, specific jurisdiction

27  exists only when a plaintiff can satisfy a three-prong test. First, Plaintiff must establish that the

28  non-resident defendant purposefully directed his activities or some transaction with the forum

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

1   state or a resident thereof or performed some act by which he purposefully availed himself of the

2   privilege of conducting activities in the forum state. Second, the claim must be one that arises out

3   of or relates to the defendant's forum-related activities. Third, and finally, the exercise of

4   jurisdiction must comport with fair play and substantial justice; i.e., it must be reasonable. *Rutsky*

5   *& Co. Ins. Services, Inc. v. American Special Risk Ins. Services*, 328 F.3d 1122, 1129 (9th Cir.

6   2003). Plaintiff bears the burden of establishing personal jurisdiction as to all elements. *See Huffy*

7   *Corp. v. Overlord Industries, et. al*, 246 F. Supp. 2d 1093, 1096 (D. Nev. 2003).

8        Here, Plaintiff cannot satisfy any one, let alone all, of the elements in the three-prong test.

9   First, Plaintiff does not allege, or even remotely suggest, that Schwab "purposefully directed" any

10  activity towards Nevada. Plaintiff's Complaint clearly indicates that all of the allegations involve

11  acts that occurred in California. Second, there isn't anything to suggest that any of Plaintiff's

12  claims arise out of any activities within the state of Nevada. The Complaint is further devoid of

13  any allegations drawing any connection, let alone a direct nexus, between any purported acts of

14  Schwab in California and the acts of Judge Rawlinson in a federal appellate case. This analysis is

15  also dispositive of the third element. Since Schwab did not purposely avail himself of Nevada and

16  the Complaint does not allege any forum-related activities, jurisdiction is inherently unreasonable.

17       Plaintiff still seeks to force Schwab (in addition to the host of other unrelated defendants)

18  to defend against his vague, far-flung claim in Nevada. Plaintiff is using this suit as a method of

19  burdening and harassing those he purportedly holds responsible for his disbarment and his failed

20  efforts to reverse it. Plaintiff's previous frivolous and unjustified positions led to repeated

21  findings that he is a vexatious litigant. As a result, Plaintiff has continued his campaign here in

22  Nevada in hopes of avoiding the orders of the California courts. The precise reasons for

23  Plaintiff's decision to blame Schwab are unclear, but the effect is that Schwab has been caught up

24  in this campaign against these judicial officials. Despite his efforts, Plaintiff has overwhelmingly

25  failed to meet his burden with respect to any of the three requirements for specific jurisdiction.

26  Thus, the claims against Schwab must be dismissed.

27  . . .

28  . . .

*C.     Schwab Has Not Been Served: Plaintiff Served a Corporation Rather than Schwab, an Individual*

Further, Plaintiff never served Schwab as required by Rule 4(e), and Rule 4(m)'s 90-day deadline for service expired long ago. It is beyond dispute that Plaintiff failed to serve Schwab personally. Likewise, Plaintiff did not serve Schwab via a suitable person residing at Schwab's abode, and he did not deliver the summons and complaint to an agent authorized to receive service for Schwab. At best, Plaintiff served the Corporation rather than Schwab the individual. Since the Corporation is not a party to this suit, and since Schwab has not been properly served, the Complaint must be dismissed as to Schwab.

Plaintiff filed his Complaint on February 10, 2022. Plaintiff purports to have served Schwab in California via CT Corporation System ("CT Corp."), however, he has not filed a proof of service with the Court. In addition, CT Corp. acts as an agent for process service to corporations rather than individuals. It is, in fact, the registered agent of the Corporation, but has no authority to accept service on behalf of Schwab the individual. This is facially evident from CT Corp.'s "Process Server Delivery Details" acknowledgement form, which reflects that CT Corp. was acting on behalf of the non-party Corporation and the process server did not serve Schwab the individual. ("Process Delivery Details," **Exhibit E**). The Process Delivery Details form reflects that service of process occurred on an "entity," <u>not an individual</u>. (*See id.*). There is no reference to service upon an individual. This purported service took place on March 28, 2022. It has now been over 90 days since Plaintiff first filed his Complaint, and Plaintiff did not request that this Court issue an extension of the time to serve Schwab.

Plaintiff is a former attorney who has filed this and numerous other proceedings to reinstate his law license and assert his alleged competence to practice law. Nevertheless, he sought to obtain service from CT Corp. while it was acting as the registered agent of record for service for the Corporation, with no evidence that it was authorized to act on behalf of Schwab the individual. Even a cursory review of CT Corp.'s website or any degree of inquiry directed at CT Corp. prior to or after attempting service would have revealed that it acts as an agent for corporations, not individuals. Plaintiff has no excuse for his lack of diligence in timely effecting

1   service.

2          The fact that Schwab is represented here by counsel does not excuse Plaintiff's failure to

3   serve him, nor may Plaintiff excuse his failure to serve Schwab by arguing that Schwab

4   ultimately had notice of the instant suit. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).

5   Furthermore, service on a legally separate entity cannot bind Schwab. *Lawrence v. Las Vegas*

6   *Metro. Police Dep't*, 451 F. Supp. 3d 1154, 1165-7 (D. Nev. 2020). Finally, because Schwab is

7   only making a limited appearance to file the instant motion to dismiss, he has not waived, and is

8   not waiving service. Plaintiff cannot evade dismissal for ignoring the rules for service.

9   **D.      The Complaint Fails to State a Claim for Relief as to Schwab**

10          The Complaint fails to state a claim for relief against Schwab. Only Plaintiff's Third

11   Cause of Action ("Conspiracy to Unlawfully do [sic] Interfere With the Processes of the Court")

12   is nominally stated against Schwab, in the sense that he is listed on its heading alongside

13   "DEFENDANTS… MILES, GEORGE, E. GEORGE, ROTHENBERG, BANK, BANCSHARES

14   [and] DATO." (Compl., ECF No. 1-2 at 7.) But all that is stated in the actual allegation is that:

15          the above-named Defendants had improper, unethical and illegal <u>ex parte</u>, extra-
            judicial communications and contacts with Defendants CANTIL-SAKAUYE and
16          NAVARRETE on or about September 11, 2019, and on other occasions thereafter,
            and continuing to the present, to affect the outcome of the California Supreme
17          Court Case No S179850 and harm DYDZAK, as herein alleged. Such overt acts
            were done as part of a conspiracy to obstruct justice and interfere with the
18          processes of the Court.

19

20   (*Id.*, at ¶ 39)(emphasis in original). Plaintiff fails to provide any further detail regarding

21   those alleged "communications and contacts." They appear to be distinct from the alleged

22   conduct described in paragraphs 53 and 61, where Schwab is actually mentioned, since

23   those claims involve different defendants. (*Id.*, at ¶¶ 53, 61.) There is no specific allegation

24   regarding Schwab's agreement or involvement in the alleged conspiracy set forth in the

25   Third Cause of Action, whatever it is. These threadbare allegations fail to state a claim for

26   at least three reasons.

27          First, this claim has already been dismissed as to defendants Justice Cantil-Sakauye and

28   Navarrete, (Order Granting Defendants' Motion to Dismiss, June 3, 2022), and must likewise be

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

118250098.1                                    - 12 -

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

LEWIS ROCA

1    dismissed as to Schwab. Plaintiff's Complaint appears to nominally allege that Schwab engaged

2    in some sort of conspiracy to convince or induce Justice Cantil-Sakauye and Navarrete to harm

3    him. (Compl., ECF No. 1-2 at ¶ 39) In this circumstance, Schwab can be held liable for the

4    alleged conspiracy only when there is a resulting wrongful act by Justice Cantil-Sakauye and/or

5    Navarrete. *Fleeger v. Bell*, 95 F. Supp. 2d 1126, 1130–31 (D. Nev. 2000), *aff'd*, 23 F. App'x 741

6    (9th Cir. 2001). Because this Court dismissed this claim as to Justice Cantil-Sakauye and

7    Navarrete, who allegedly committed the wrongful act, it must also dismiss it as to Schwab. *Id.*

8    *See also Motogolf.com, LLC v. Top Shelf Golf, LLC*, 528 F. Supp. 3d 1168, 1180 (D. Nev. 2021).

9         Second, even if Plaintiff's Third Cause of Action against Schwab could otherwise survive

10   the dismissal of Justice Cantil-Sakauye and Navarrete, it fails to present a "short and plain

11   statement of the claim" as required by Rule 8(a)(2) and therefore does not "give [Schwab] fair

12   notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545.

13   There is no description of the alleged communications with Justice Cantil-Sakauye and Navarrete.

14   Nor is Schwab's name or supposed conduct mentioned specifically. The mere allegation that a

15   nebulous group of defendants communicated and conspired to "harm DYDZAK" fails to put

16   Schwab on any notice of what he is accused of doing wrong. Indeed, it is exactly the type of

17   "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has held

18   fails to rise "above the speculative level" or state a claim. *Iqbal*, 556 U.S. at 678. Mere allusions

19   to conspiracy, with nothing more as to Schwab, require dismissal for failure to state a claim.

20   *Flowers v. Carville*, 266 F. Supp. 2d 1245, 1251 (D. Nev. 2003).

21        Third, even assuming the alleged communications did take place, the Third Cause of

22   Action fails to state a claim against Schwab.  Schwab was not a party to California Supreme

23   Court Case No S179850, and such communications would not have been "ex parte." Furthermore,

24   Schwab is not a licensed attorney nor is he a judicial official, and this Court is therefore not

25   empowered to punish him for alleged "unethical communications" even if they had taken place.

26   The use of such phrases demonstrates that these allegations cannot be logically applied to

27   Schwab.

28        Since Plaintiff's Third Cause of Action is the only one nominally state against Schwab,

1  dismissal of Plaintiff's Third Cause of Action as to Schwab should dismiss the totality of

2  Plaintiff's Complaint as to Schwab. However, because of Plaintiff's scattershot pleading style and

3  history of vexatious litigation, Plaintiff may seek to twist other allegations in the Complaint to

4  target Schwab. As set forth below, that should not be permitted, and dismissal of the whole

5  Complaint as to Schwab is warranted.

6         Although Schwab is mentioned in Plaintiff's Sixth and Seventh Causes of Action for

7  alleged, nebulously-defined infringement of Plaintiff's "CIVIL RIGHTS," neither cause of action

8  is directed at Schwab. Plaintiff's Sixth Cause of Action is only stated "AGAINST

9  DEFENDANTS SHAW, SCHIFFER, CANBY, GOULD AND TALLMAN." (Compl., ECF No.

10  1-2 at 12). Plaintiff's Sixth Cause of Action further clarifies that all defendants to which it applies

11  are "federal actors." (*Id*. at ¶ 56). Schwab's name is absent from this list, and he is not a federal

12  actor. In reference to Schwab, Plaintiff's Sixth Cause of Action states only in the passive tense,

13  that "Defendants SHAW and SCHIFFER have been 'bribed' by financial incentives and illicit

14  payments by Defendant SCHWAB to harm DYDZAK and prepare rulings against him. At the

15  very least, these Defendants have financial conflicts of interest or the appearance of same." (*Id*.,

16  at ¶ 53(3)). For all these reasons, this claim is clearly not stated against Schwab. And even if it

17  were, Plaintiff has failed to state any facts sufficient to demonstrate a nexus between himself and

18  Schwab, to identify any nexus between Schwab and Shaw/Schiffer, to describe in detail sufficient

19  to put Schwab on notice of the alleged "financial incentives and illicit payments" purportedly at

20  issue or even to allege why Schwab would make said payments.

21         Likewise, Plaintiff's Seventh Cause of Action is only stated "AGAINST DEFENDANTS

22  KING, FERNANDEZ, TASHIMA AND WARDLAW." (*Id*., at 15). Like Plaintiff's Sixth Cause

23  of Action, Plaintiff's Seventh Cause of Action is confined to "federal actors." (*Id*., at ¶ 60).

24  Because Schwab is not listed under this Cause of Action, and is not a federal actor, this Cause of

25  Action likewise does not state a claim against Schwab. Similarly, Plaintiff's Seventh Cause of

26  Action only references Schwab indirectly, and in the passive tense: "…Defendant WARDLAW

27  was wrongfully bribed by Defendant SCHWAB to harm DYDZAK, or has and had financial

28  conflicts of interest involving Defendant SCHWAB or his business entities" *Id*., at ¶ 61(5); *see*

*also id.* at ¶ 61(1) ("Defendant KING further has, and had at all times herein mentioned, biases and conflicts of interest, or the appearance of same, towards DYDZAK, including but not limited to taking bribes or financial incentives from Defendant SCHWAB."). Again, for all these reasons, this claim is clearly not stated against Schwab, And even if it were, again, Plaintiff failed to allege sufficient facts to put Schwab on notice of any nexus between Schwab and Defendants King, Fernandez, Tashima and Wardlaw.

In other words, neither Plaintiff's Sixth nor Seventh Cause of Action state a claim against Schwab. Both are phrased solely in passive tense, and both clearly read as directed at other parties. And the mere mention of Schwab within these Causes of Action is insufficient to put Schwab on notice of any claims against him.

Finally, even if Plaintiff's Sixth or Seventh Cause of Action could otherwise survive dismissal, Plaintiff's claims for violation of his civil rights may not be asserted against Schwab, a private individual not acting under color of law. *Secress v. Ullman*, 147 F. App'x 636, 637–38 (9th Cir. 2005). "[V]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. Nor is a conclusory allegation of conspiracy between a private person and a judge sufficient to establish the private person acted under color of law." *Id*., citing *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *Schucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988). Here, Plaintiff cannot even muster an insufficient, conclusory allegation against Schwab. The Complaint does not state what "Civil Right[]" was allegedly violated, nor what alleged conduct of Schwab was responsible for the purported violation of Plaintiff's civil rights. Plaintiff's unsupported allegations of conspiracy fail to state a claim here, just as they did in the Northern District of California. *Dydzak v. United States*, 2017 U.S. Dist. LEXIS 180458, *11 (N.D. Cal. 2017) (dismissing Plaintiff's previous, similar allegations against Schwab of conspiracy for failure to state a claim). To the extent that either Plaintiff's Sixth or Seventh Cause of Action might be construed as against Schwab they must be dismissed as to him.

**D.    *Plaintiff's Claims are Barred by his Vexatious Litigant Designation***

Plaintiff is a registered vexatious litigant who is subject to a March 19, 2018 order from

the Northern District of California prohibiting him from pursuing suit in <u>any</u> federal court "arising out of, or related to his disbarment" without leave of court (the "Vexatious Litigant Order"). *Dydzak v. United States*, 2018 U.S. Dist. LEXIS 44842, *5, fn. 3 (**Exhibit C**). Plaintiff's Complaint arises out of and relates to his disbarment, and is exactly the sort of frivolous, specious filing the Vexatious Litigant Order was designed to prevent. Plaintiff does not have or even claim to have leave of court to pursue this suit, which must therefore be dismissed.

Plaintiff was declared a vexatious litigant multiple times—including by the Central District of California, the Los Angeles Superior Court, and the San Diego Superior Court. *See e.g., Dydzak v. Cantil-Sakauye*, No. C11-5560-JCC, ECF No. 35 (**Exhibit A**); *Dydzak v. United States*, 2018 U.S. Dist. LEXIS 44805 (**Exhibit B**); *Id*. (**Exhibit C**); https://www.courts.ca.gov/documents/vexlit.pdf (listing Dydzak as a vexatious litigant) (**Exhibit D**). In addition, on March 19, 2018, Judge Maxine Chesney of the Northern District of California, ruled as follows as to Plaintiff:

> Plaintiff is hereby PROHIBITED from initiating any further litigation in this **or any other federal** court raising any claim **based on, arising out of, or related to his disbarment** or alleging that orders entered in lawsuits previously filed by him related to the same were rigged, fixed, or otherwise unlawful or illegitimate, without prior authorization from the federal court in which he seeks to initiate such litigation.

*Dydzak*, 2018 U.S. Dist. LEXIS 44842, at *5 (**Exhibit C**) (emphasis added). The present action unquestionably arises out of Plaintiff's disbarment. As stated above, Plaintiff's Third Cause of Action (the only one directed against Schwab), alleges that Schwab (and others) "had improper, unethical and illegal ex parte, extra-judicial communications and contacts with Defendants CANTIL-SAKAUYE and NAVARRETTE on or about September 11, 2019, and on other occasions thereafter, and continuing to the present, to affect the outcome of the California Supreme Case No. S179850 and harm Dydzak." (Compl., ECF No. 1-2 at ¶ 39). California Supreme Case No. S179850 is a proceeding pertaining to Plaintiff's disbarment. Moreover Plaintiff's Sixth and Seventh causes of action (which mention but are not directed at Schwab) also arise out of proceedings related to his disbarment. All of these causes of action are based entirely on (groundless) allegations that these proceedings were "rigged, fixed, or otherwise unlawful or

illegitimate." *Dydzak*, 2018 U.S. Dist. LEXIS 44842, at *5.

Where, as here, a district court issues an order barring a plaintiff from pursuing litigation in any federal court, that ruling is binding outside of the district where it was issued. *Justice v. Luna*, 2016 U.S. Dist. LEXIS 164557, *2-3 (E.D. Cal. 2016) (dismissing action by vexatious litigant where another district issued vexatious litigant order prohibiting plaintiff "from filing any new civil actions in any federal court of the United States, without first obtaining leave of that court.") (internal citations omitted); *see also In re Fillbach*, 223 F.3d 1089, 1090 (9th Cir. 2000) (noting court has authority to dismiss where litigant filed in one district court to avoid a vexatious litigant order in another court).

This applies even where another party removed an action to federal court. *Jemzura v. Mikoll*, 2001 U.S. Dist. LEXIS 13550 (N.D.N.Y. 2001) (barring filing in the Northern District of New York as violating vexatious litigant order where suit had been filed in state court then removed by defendants because the suit fell "squarely" within the parameters of the vexatious litigant prohibition); *see also Dantzler v. United States Equal Emp't Opportunity Comm'n*, 810 F. Supp. 2d 312, 319 (D.D.C. 2011) (noting that "[a] litigant should not be allowed to intentionally circumvent the spirit and intent of an injunction barring future filings by simply filing a new complaint in another court or jurisdiction"); *Whitehead v. Twentieth Century Fox Film Corp.*, 2005 U.S. Dist. LEXIS 18893, 2005 WL 3275905, at *1 (D.D.C. Aug. 29, 2005) (dismissing the plaintiff's claim that was filed in state court to avoid a prior injunction issued in federal court, thereby violating the "intent and spirit" of the injunctive order); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) (concluding that the "district court was within its authority in dismissing" a suit for failure to comply with another jurisdiction's pre-filing injunction, and noting that the pre-filing injunction had been enforced "by various courts around the country").

Plaintiff's claims fall squarely within the parameters of the Northern District of California's injunction, and Plaintiff may not pursue them without prior authorization. Plaintiff did not obtain such prior authorization and does not claim otherwise. Plaintiff has been deemed a vexatious litigant in both California state and federal courts. *See Dydzak v. Cantil-Sakauye*, No. C11-5560-JCC, ECF No. 35 (**Exhibit A**); *Dydzak v. United States*, 2018 U.S. Dist. LEXIS 44805

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA

1  (**Exhibit B**); *Dydzak v. United States*, 2018 U.S. Dist. LEXIS 44842 (**Exhibit C**);

2  https://www.courts.ca.gov/documents/vexlit.pdf (listing Dydzak as a vexatious litigant) (**Exhibit**

3  **D**);  s*ee also* Compl., ECF No. 1-2 at ¶ 67. He now seeks to pursue the same vexatious claims in

4  Nevada in an attempt to resuscitate his long-discredited improper claims. This end-run around the

5  Northern District of California's injunction and other courts' must not stand. Plaintiff's claims

6  run contrary to the spirit and intent of that order. For this further reason, this matter should be

7  dismissed with prejudice.

8                                              **CONCLUSION**

9          For the foregoing reasons, the claims against Charles Schwab (the individual) should be

10  dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service

11  of process, failure to state a claim, and because Plaintiff is barred from filing these claims as a

12  vexatious litigant.

13

14          Dated this ___ day of July, 2022.

15                                              LEWIS ROCA ROTHGERBER CHRISTIE LLP

16

17                                              By_____
18                                                    Brian D. Blakley
                                                     Nevada Bar No. 13074
19                                                    3993 Howard Hughes Parkway, Suite 600
                                                     Las Vegas, NV  89169
20
                                                *Attorney for Charles Schwab*
21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2          I hereby certify that, on July 25, 2022, a true and exact copy of the foregoing has been

3    served upon all parties via CM/ECF.

4

5                                                   /s/ Annette Jaramillo

6                                                 An employee of Lewis Roca
                                                 Rothgerber Christie LLP
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

**LEWIS** ROCA

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** | 23-15784; 23-16193

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are <u>NOT</u> Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

Daniel David Dydzak
4265 Marina City Drive, Ste. 407W
Marina del Rey, CA 90292

**Description of Document(s)** *(required for all documents)*:

Federal Judicial Defendants' Supplemental Excerpts of Record Volume II

**Signature** | s/ Patrick A. Rose  **Date** | May 15, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 15**      **SER-305**      *Rev. 12/01/2018*