## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

DANIEL DAVID DYDZAK,

*Plaintiff-Appellant,*

v.

TANI CANTIL-SAKAUYE, ET AL.,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of Nevada
Case No. 2:22-cv-01008-APG-VCF
Hon. Andrew P. Gordon

## ANSWERING BRIEF OF
## APPELLEES ERIC M. GEORGE, RONALD M. GEORGE,
## AND ALAN I. ROTHENBERG

ELLIS GEORGE LLP
Eric M. George (CA Bar No. 166403)
egeorge@ellisgeorge.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
(310) 274-7100
*Attorneys for Appellees Eric M. George,*
*Ronald M. George, and Alan I. Rothenberg*

# TABLE OF CONTENTS

**Page**

INTRODUCTION.............................................................................................................. 1

JURISDICTIONAL STATEMENT.................................................................................. 2

ISSUE PRESENTED ........................................................................................................ 2

STATEMENT OF THE CASE .......................................................................................... 2

SUMMARY OF ARGUMENT ........................................................................................ 6

STANDARD OF REVIEW................................................................................................ 7

ARGUMENT...................................................................................................................... 7

    I.   The District Court Properly Determined that it Lacked General
         Jurisdiction Over the Attorney-Defendants..................................................... 9

    II.  The District Court Properly Determined that it Lacked Specific
         Jurisdiction Over the Attorney-Defendants................................................... 11

    III. The District Court Properly Denied Dydzak Leave to Amend................... 13

CONCLUSION .............................................................................................................. 15

CERTIFICATE OF COMPLIANCE

STATEMENT OF RELATED CASES

ADDENDUM

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985) ................................................................... 8

*Calder v. Jones,*
    465 U.S. 783 (1984) ................................................................... 12

*Chaset v. Fleer/Skybox Intern., LP,*
    300 F.3d 1083 (9th Cir. 2002) .................................................... 14

*CollegeSource, Inc. v. AcademyOne, Inc.,*
    653 F.3d 1066 (9th Cir. 2011) ...................................................... 9

*Daimler AG v. Bauman,*
    571 U.S. 117 (2014) .............................................................. 7, 8

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.,*
    557 F.2d 1280 (9th Cir. 1977) .................................................... 11

*Dole Food Co. v. Watts,*
    303 F.3d 1104 (9th Cir. 2002) .................................................... 12

*Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.,*
    905 F.3d 597 (9th Cir. 2018) ........................................................ 7

*Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.,*
    972 F.3d 1101 (9th Cir. 2020) .................................................... 12

*Goodyear Dunlop Tire Operations, S.A. v. Brown,*
    564 U.S. 915 (2011) ................................................................... 8

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
    466 U.S. 408 (1984) ................................................................... 8

*Int'l Shoe Co. v. Washington,*
    326 U.S. 310 (1945) ................................................................... 8

*Lake v. Lake,*
    817 F.2d 1416 (9th Cir. 1987) .................................................... 12

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

*Lazar v. Kroncke,*
862 F.3d 1186 (9th Cir. 2017) ...................................................................... 7

*Mavrix Photo, Inc. v. Brand Technologies, Inc.,*
647 F.3d 1218 (9th Cir. 2011) ...................................................................... 7

*Milliken v. Meyer,*
311 U.S. 457 (1940) ...................................................................................... 8

*Pebble Beach Co. v. Caddy,*
453 F.3d 1151 (9th Cir. 2006) ...................................................................... 7

*Rosemore v. Burns,*
No. 3:20-cv-00475, 2021 WL 183325 (D. Nev. Jan. 15, 2021) ................ 14

*Rush v. Savchuk,*
444 U.S. 320 (1980) ................................................................................. 7, 10

*Schwarzenegger v. Fred Martin Motor Co.,*
374 F.3d 797 (9th Cir. 2004) ........................................................7, 9, 12, 13

*Sher v. Johnson,*
911 F.2d 1357 (9th Cir. 1990) ................................................................. 7, 10

*Tuazon v. R.J. Reynolds Tobacco Co.,*
433 F.3d 1163 (9th Cir. 2006) ...................................................................... 9

*Walden v. Fiore,*
571 U.S. 277 (2014) ................................................................................. 8, 11

**STATE CASES**

*Viega GmbH v. Eighth Jud. Dist. Ct.,*
328 P.3d 1152 (Nev. 2014) ........................................................................... 6

**FEDERAL STATUTES**

28 U.S.C. § 1291 ............................................................................................ 2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

28 U.S.C. § 1442 ............................................................................................ 4

28 U.S.C. § 1442(a)(1) .................................................................................... 2

28 U.S.C. § 1442(a)(3) .................................................................................... 2

**STATE STATUTES**

Nev. Rev. Stat. § 14.065 ................................................................................. 8

**RULES**

Fed. R. App. 4(a)(1)(A) .................................................................................. 2

Fed. R. Civ. P. 12(b)(2) ........................................................................... 2, 4, 6

## INTRODUCTION

This case is the latest in a long line of frivolous lawsuits brought by Appellant Daniel David Dydzak, a disbarred California lawyer. Since his 2010 disbarment, Dydzak has repeatedly sued every person, judge, lawyer, and court clerk whom he suspects of causing his disbarment or interfering with his attempts to challenge his disbarment. A California state court and two federal district courts have deemed Dydzak a vexatious litigant and have prefiling orders in place prohibiting him from initiating further litigation relating to his disbarment without prior authorization. In an apparent attempt to circumvent these orders, Dydzak filed this lawsuit in Nevada state court, alleging that venue was proper there because one of the Defendants, United States Circuit Judge Johnnie Rawlinson, resides in Las Vegas.

Defendants and Appellees Eric M. George, Ronald M. George, and Alan I. Rothenberg (collectively, "Attorney-Defendants") were among the twenty-five attorneys, judges, court clerks, and other persons Dydzak named as defendants in this lawsuit. The Attorney-Defendants are each California-based attorneys – Ronald M. George also being the former Chief Justice of the California Supreme Court – who have no connection at all to the State of Nevada, and certainly none that has anything to do with the facts underlying this lawsuit. The Attorney-Defendants thus moved to dismiss the Complaint for lack of personal jurisdiction. After Dydzak failed to offer any evidence that the Attorney-Defendants had any connection to Nevada, the district court granted the motion. Dydzak's only argument on appeal is that Judge

Rawlinson's connection to Nevada is sufficient to establish jurisdiction over *every* defendant. As explained below, that assertion is incorrect. And as there is no other basis for personal jurisdiction over the Attorney-Defendants, this Court should affirm the order and judgment dismissing them under Federal Rule of Civil Procedure 12(b)(2).

## JURISDICTIONAL STATEMENT

Dydzak filed this action in Nevada state court. AttyDefsSER-181–199. Several federal officer defendants subsequently removed this action to the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1442(a)(1) and (a)(3). Notice of Removal, ECF No. 1; AttyDefsSER-218. On August 4, 2023, the district court entered a final judgment. AttyDefsSER-3. On August 30, 2023, Dydzak timely appealed from the judgment. AttyDefsSER-211–212; Fed. R. App. 4(a)(1)(A). This Court has appellate jurisdiction under 28 U.S.C. § 1291.

## ISSUE PRESENTED

1. Whether the district court erred in dismissing the Attorney-Defendants for lack of personal jurisdiction when there was no evidence that they or the underlying facts had any connection to the State of Nevada.

## STATEMENT OF THE CASE

Appellant Daniel David Dydzak is a former California lawyer who was disbarred in 2010 after a series of suspensions, reprovals, and charges of misconduct. AttyDefsSER-59–73, 168–172. Since then, he has repeatedly and unsuccessfully

contested his disbarment in various venues. AttyDefsSER-77–80, 168–172. This has included lawsuits against the State of California, the State Bar Court, and an ever-expanding list of judges, attorneys, and court clerks, based upon increasingly-wild accusations that these parties exerted improper influence over his state bar proceedings or improperly denied him relief therefrom. AttyDefsSER-77–80.

Following his repeated efforts to challenge his disbarment, Dydzak was deemed a vexatious litigant in both federal and California courts and had prefiling orders entered against him. He is prohibited from bringing further claims in *any* federal court relating to his disbarment "or alleging that orders entered in lawsuits previously filed by him related to the same were rigged, fixed, or otherwise unlawful or illegitimate" without prior authorization. AttyDefsSER-8–9. He is also required to provide security in the amount of $5,000 for each defendant against whom he elects to proceed in any such approved actions. AttyDefsSER-9. In California state court, Dydzak is not permitted to file any new litigation on his own behalf without the approval of the presiding justice or the presiding judge of the court in which the action would be filed. AttyDefsSER-87.

Undeterred by these orders, Dydzak filed this action in Nevada state court. AttyDefsSER-181–199. The named defendants once again included a host of current and former judges and clerks in state and federal courts, current and former attorneys, and a financial institution and its holding company. AttyDefsSER-182–185. The allegations were also familiar: a wide-ranging conspiracy to violate Dydzak's civil

rights and influence the outcome of his disbarment proceeding. AttyDefsSER-186–199. This time, however, Dydzak claimed that venue was proper in Nevada because one of the defendants, United States Circuit Judge Johnnie Rawlinson, resides in Nevada. AttyDefsSER-182–183, 185.

Dydzak's Complaint correctly alleges that Attorney-Defendants are residents of California. AttyDefsSER-183. Dydzak named them in his third cause of action for conspiracy to unlawfully interfere with the processes of the court, AttyDefsSER-188, alleging that they had "improper, unethical and illegal ex parte, extra-judicial communications and contacts" with Defendants Tani Cantil-Sakauye, then-Chief Justice of the California Supreme Court, and Jorge Navarrete, the Clerk and Executive Officer of the California Supreme Court, as part of a conspiracy to obstruct justice and affect the outcome of Dydzak's disbarment challenge. AttyDefsSER-187–188.

After the Nevada state court dismissed Chief Justice Cantil-Sakauye and Mr. Navarrete for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim for relief, Order Granting Defs' Mot. to Dismiss, ECF No. 1-3, several judges of this Court, whom Dydzak had named as defendants, removed the case to the U.S. District Court for the District of Nevada pursuant to the federal officer removal statute, 28 U.S.C. § 1442. Notice of Removal, ECF No. 1. The Attorney-Defendants subsequently moved to dismiss Dydzak's Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). AttyDefsSER-41–54. As each explained in declarations accompanying their motion,

4

they are all lawyers admitted to practice in California, are all residents of Los Angeles County, none has ever resided in or practiced law in Nevada, and none has had any substantial business dealings in Nevada. AttyDefsSER-56, 174, 176. And, as they explained in the motion, nothing about Dydzak's disbarment from the California State Bar had anything to do with the State of Nevada. AttyDefsSER-49–53.

In his opposition, Dydzak produced no evidence at all that the Attorney-Defendants had any connection to the State of Nevada. AttyDefsSER-30–37. Instead, he argued that, because Judge Rawlinson was assigned to a Ninth Circuit panel presiding over a case where Attorney-Defendants were named parties, and because Judge Rawlinson was a resident of Nevada, that was enough for a Nevada court to exercise jurisdiction over them. AttyDefsSER-33–34. The district court granted the Attorney-Defendants' motion. AttyDefsSER-4–11. The court held that it lacked personal jurisdiction over Attorney-Defendants because there were no allegations or evidence that they had continuous and systematic contacts with Nevada, nor that they had created contacts with Nevada that were related to this litigation. AttyDefsSER-6–7. The court explained that Judge Rawlinson's random selection to sit as an appellate judge in a case involving Attorney-Defendants did not constitute a contact that they had intentionally created with the state, and therefore was insufficient to establish personal jurisdiction over them. AttyDefsSER-7. The court also held that Dydzak had violated the two prefiling orders prohibiting him from initiating further litigation related to his disbarment in a federal court. AttyDefsSER-

8–10.[1]  On August 4, 2023, the district court entered a final judgment in favor of Attorney-Defendants.  AttyDefsSER-3.  On August 30, 2023, Dydzak timely appealed.  AttyDefsSER-211–212.

## SUMMARY OF ARGUMENT

The district court correctly held that it lacked personal jurisdiction over the Attorney-Defendants.  Nevada's long-arm statute is co-extensive with federal due process, *Viega GmbH v. Eighth Jud. Dist. Ct.*, 328 P.3d 1152, 1156 (Nev. 2014), and the district court properly concluded that it lacked both general jurisdiction and specific jurisdiction over the Attorney-Defendants.  The district court properly determined it lacked general jurisdiction over them because there was no evidence that they had continuous and systematic contacts with Nevada.  AttyDefsSER-6, 56, 174, 176.  The district court also properly found that it lacked specific jurisdiction over the Attorney-Defendants because Dydzak presented "no allegations or evidence that the moving defendants engaged in acts directed at Nevada or purposefully availed themselves of the privilege of conducting activities in Nevada," which in turn was supported by the evidence Attorney-Defendants submitted.  AttyDefsSER-6–7.  The district court thus correctly dismissed the Attorney-Defendants under Federal Rule of Civil Procedure 12(b)(2).  The order and judgment should be affirmed.

---

[1] Dydzak previously appealed this order to this Court before judgment was entered.  *Dydzak v. MidFirst Bank, et al.*, Case No. 22-16717.  The Court dismissed that appeal for lack of jurisdiction.

6

## STANDARD OF REVIEW

The grant of a motion to dismiss for lack of personal jurisdiction is reviewed *de novo*. *Lazar v. Kroncke*, 862 F.3d 1186, 1193 (9th Cir. 2017). However, "[t]he factual findings underlying the district court's jurisdiction determination are reviewed for clear error." *Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 602 (9th Cir. 2018). It is the plaintiff's burden to demonstrate that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). While uncontroverted jurisdictional allegations in the complaint must be taken as true, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

## ARGUMENT

The district court properly dismissed the Attorney-Defendants for lack of personal jurisdiction. Jurisdiction must be established as to each individual defendant in a case. *Sher,* 911 F.2d at 1365 (citing *Rush v. Savchuk*, 444 U.S. 320 (1980)). "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Personal jurisdiction over a defendant in federal court is considered proper "if it is permitted by [the state's] long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55 (9th Cir. 2006).

Under Nevada's long-arm statute, its courts may exercise personal jurisdiction

over out-of-state defendants if consistent with "the Constitution of the United States." Nev. Rev. Stat. § 14.065. Thus, a Nevada court may exercise jurisdiction over parties as long as doing so "comports with the limits imposed by federal due process." *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler*, 571 U.S. at 125). Due process requires that a defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

Consistent with due process, courts may exercise either general jurisdiction or specific jurisdiction over a defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-416 (1984). General jurisdiction may be asserted over out-of-state defendants "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction is appropriate where the defendants have purposefully established sufficient minimum contacts with the forum state and the litigation arises from those contacts. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473-74 (1985).

Here, neither general nor specific jurisdiction exists as to any of the Attorney-Defendants. Dydzak has not shown that they reside in Nevada or have sufficient (or any) contacts there, or that any of the activity forming the basis of his claims arose from contacts with the state. Thus, the district court correctly dismissed the

Attorney-Defendants.

## I.    The District Court Properly Determined that it Lacked General Jurisdiction Over the Attorney-Defendants.

In order to exercise general jurisdiction over a nonresident defendant, "the defendant must engage in 'continuous and systematic general business contacts,' . . . that 'approximate physical presence' in the forum state." *Schwarzenegger*, 374 F.3d at 801 (citations omitted). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Id.* "To determine whether a nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, [the Ninth Circuit] consider[s] their '[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets.'" *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011) (quoting *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006)).

The Attorney-Defendants all reside in California, have never resided in Nevada, and conduct no substantial business at all in Nevada. AttyDefsSER-56, 174, 176. Indeed, Dydzak himself alleges that they are all residents of California, AttyDefsSER-183, and he does not allege or provide any evidence of them having any contacts at all with Nevada, much less "substantial, continuous, and systematic" contacts. The only alleged connection this entire lawsuit has to the State of Nevada is that another

defendant, Judge Rawlinson, allegedly resides in Nevada.  AttyDefsSER-182–183, 185.

Of course, Judge Rawlinson's alleged residence in Nevada is insufficient to establish

personal jurisdiction over any other defendant in the case, including the Attorney-

Defendants.  *See, e.g., Sher*, 911 F.2d at 1365 (explaining that "jurisdiction depends only

upon each defendant's relationship with the forum" and that jurisdiction must be

established over each defendant individually, regardless of any joint liability).

In his Informal Opening Brief, Dydzak attempts to expand on his misguided

reasoning that jurisdiction exists over the Attorney-Defendants simply because

another defendant resides in Las Vegas.  Informal Opening Brief (IOB) at 6.  He

argues that the torts alleged in his underlying Complaint came about as the result of

Judge Rawlinson's response to other Defendants' conduct "in Northern and Southern

California, and other locations under the 9th Circuit umbrella."  *Id.*  Specifically,

Dydzak argues that the Attorney-Defendants were parties to a conspiracy to commit a

tort and that they were implicated in prior rulings that were appealed before Judge

Rawlinson.  *Id.* at 7.  This supposed connection to Judge Rawlinson does not establish

personal jurisdiction over Attorney-Defendants.  The Supreme Court has made clear

that, because personal jurisdiction must be met as to each defendant in a case, it is

improper to aggregate the forum contacts of multiple defendants in order to establish

jurisdiction over one.  *See Rush*, 444 U.S. at 331-32 (holding that, in a case involving a

car accident, the fact that the defendant's insurer did business in the forum state was

insufficient by itself to sue the defendant in the forum state).  Likewise, a defendant's

random and fortuitous connection to another person who resides in the forum state is insufficient to establish jurisdiction. *See Walden*, 571 U.S. at 286.

Dydzak's single contention as to Judge Rawlinson does not meet the "exacting standard" required to assert general personal jurisdiction over the Attorney-Defendants. Thus, the district court correctly determined that Dydzak had not established general jurisdiction over the Attorney-Defendants.

## II. The District Court Properly Determined that it Lacked Specific Jurisdiction Over the Attorney-Defendants.

Dydzak likewise cannot establish specific jurisdiction over the Attorney-Defendants. Specific jurisdiction is appropriate only where, although "the defendant's activities are not so pervasive as to subject him to general jurisdiction . . . the nature and quality of the defendant's contacts [with the forum state] in relation to the cause of action" make the court's exercise of jurisdiction fair. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977).

The Ninth Circuit has established a three-prong test for examining specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and

substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). It is the plaintiff's burden to satisfy the first two prongs, and if the plaintiff fails to satisfy either one, personal jurisdiction cannot be established. *Id.*

As to the first prong, both purposeful direction and purposeful availment "ask whether defendants have voluntarily derived some benefit from their interstate activities such that they will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020) (internal quotation marks omitted.). In cases involving tort claims, the Ninth Circuit generally focuses its analysis on the "purposeful direction" analysis, as opposed to the "purposeful availment" analysis used in contract actions. *Id.*

The purposeful direction requirement in intentional tort cases is analyzed under the so-called "effects" test set forth in *Calder v. Jones*, 465 U.S. 783 (1984). *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). This test "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.*

Here, Dydzak's allegations do not meet the "effects" test, and therefore do not establish purposeful direction. The single cause of action against the Attorney-Defendants – conspiracy to unlawfully interfere with the processes of the court – did

12

not arise from any alleged contact taking place in or directed at the State of Nevada. Rather, Dydzak alleged that the Attorney-Defendants had improper contact with former California Chief Justice Cantil-Sakauye and Mr. Navarrete, the Clerk and Executive Officer of the California Supreme Court, AttyDefsSER-188, neither of whom has any alleged connection to Nevada. The alleged communications were related to a California Supreme Court order affirming the California State Bar's decision to disbar Dydzak, which likewise has nothing to do with Nevada. As the district court observed, "the fact that Rawlinson was randomly selected to sit as an appellate judge for that case and that she happens to live in Nevada are not contacts the [Attorney-Defendants] created with Nevada." AttyDefsSER-7.

Without a showing of purposeful direction, Dydzak cannot meet the first or second prongs of the specific jurisdiction analysis. Dydzak has neither alleged facts nor presented any evidence supporting general or specific jurisdiction, and the Attorney-Defendants' evidence confirms no such facts exist. The district court's dismissal of his Complaint for lack of personal jurisdiction was therefore proper. *See Schwarzenegger*, 374 F.3d at 800 (explaining that, where a motion to dismiss for lack of personal jurisdiction is based on written materials, courts evaluate the plaintiff's pleadings and affidavits to determine whether the plaintiff has made a showing of personal jurisdiction).

## III. The District Court Properly Denied Dydzak Leave to Amend

Dydzak makes a passing suggestion that he should be granted leave to amend,

AttyDefsSER-37; IOB at 8, yet he does not explain how amended *allegations* alone could possibly create personal jurisdiction over the Attorney-Defendants. Attorney-Defendants have demonstrated, through evidence, that they do not have sufficient contacts with Nevada to warrant jurisdiction over them in the district court. AttyDefsSER-56, 174, 176. Indeed, Dydzak's claim of conspiracy to unlawfully interfere with the processes of the court did not involve any act aimed at or likely to result in harm in Nevada. There is thus no reasonable possibility that Dydzak could amend the allegations to establish jurisdiction over the Attorney-Defendants. Because leave to amend would be futile, there was no error in declining to grant leave to amend. *See Rosemore v. Burns*, No. 3:20-cv-00475, 2021 WL 183325, at *3-4 (D. Nev. Jan. 15, 2021) (granting motion to dismiss for lack of jurisdiction and denying leave to amend because the jurisdictional defect could not be cured); *see also Chaset v. Fleer/Skybox Intern., LP*, 300 F.3d 1083, 1087 (9th Cir. 2002) (explaining that a court may deny leave to amend where the deficiency cannot be cured by amendment).

Dydzak should not be granted leave to amend for the additional reason that he is subject to vexatious litigant orders precluding him from initiating further litigation in any federal court raising any claim "based on, arising out of, or related to his disbarment or alleging that orders entered in lawsuits previously filed by him related to the same were rigged, fixed, or otherwise unlawful or illegitimate, without prior authorization from the federal court in which he seeks to initiate such litigation." AttyDefsSER-8–10. Dydzak's Complaint, brought without permission, flies in the

face of these orders. AttyDefsSER-9. As the district court correctly held, "Dydzak should not be able to evade the vexatious litigant orders by filing suit in state court and awaiting the inevitable removal of the action to federal court." *Id.*

## CONCLUSION

For the foregoing reasons, Appellees Eric M. George, Ronald M. George, and Alan I. Rothenberg respectfully request that this Court affirm the district court's judgment dismissing them for lack of personal jurisdiction.

DATED: May 15, 2024        E LLIS G EORGE LLP
Eric M. George

By:       / s/ *Eric M. George*
ERIC M. GEORGE
*Attorneys for Eric M. George, Ronald M. George, and Alan I. Rothenberg*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** | 23-15784 and 23-16193

I am the attorney or self-represented party.

**This brief contains** | 3,503 | **words,** including | 0 | words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

⦿ complies with the word limit of Cir. R. 32-1.

◯ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

◯ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

◯ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

◯ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

◯ complies with the length limit designated by court order dated [               ].

◯ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** | s/ Eric M. George | **Date** | May 15, 2024

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 8**                                                                      *Rev. 12/01/22*

## STATEMENT OF RELATED CASES
## (CIRCUIT RULE 28-2.6)

Below is a list of all the cases previously pending before this Court of which Appellees Eric M. George, Ronald M. George, and Alan I. Rothenberg are aware that relate to the instant action:

1.  *Dydzak v. California*, Ninth Circuit Case No. 09-56325. Appeal taken by Appellant relating to his disbarment from the California State Bar.

2.  *Dydzak v. Remke, et al.*, Ninth Circuit Case No. 10-56000. Appeal taken by Appellant relating to his disbarment from the California State Bar.

3.  *Dydzak v. George, et al.*, Ninth Circuit Case No. 11-55143. Appeal taken by Appellant relating to his disbarment from the California State Bar.

4.  *Dydzak v. Cantil-Sakauye*, Ninth Circuit Case No. 12-56960. Appeal taken by Appellant litigating his disbarment from the California State Bar and his status as a vexatious litigant.

5.  *Dydzak v. United States of America*, Ninth Circuit Case No. 18-15673. Appeal taken by Appellant relating to his disbarment from the California State Bar and his status as a vexatious litigant.

6.  *Dydzak v. MidFirst Bank, et al.*, Ninth Circuit Case No. 22-16717. Appeal taken by Appellant from orders in the same district court case that underlies this appeal.

7.  *Dydzak v. MidFirst Bank, et al.*, Ninth Circuit Case No. 23-16122. Appeal

taken by Appellant from orders in the same district court case that underlies this appeal.


DATED: May 15, 2024          ELLIS GEORGE LLP
                             Eric M. George


                    By:    _____/s/ Eric M. George_____
                           ERIC M. GEORGE
                           *Attorneys for Eric M. George, Ronald M. George,*
                           *and Alan I. Rothenberg*

## ADDENDUM
## (CIRCUIT RULE 28-2.7)

Nev. Rev. Stat. § 14.065(1)

A court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of this state or the Constitution of the United States.

## CERTIFICATE OF SERVICE
### (Federal Rule of Appellate Procedure 25(c); Circuit Rule 25-5(f)(2))

I hereby certify that on May 15, 2024, I electronically filed the foregoing Answering Brief of Appellees Eric M. George, Ronald M. George, and Alan I. Rothenberg with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate Electronic Filing System.

I further certify that on May 15, 2024, I served the foregoing document by Federal Express for delivery within three days to the following unregistered case participant:

Daniel David Dydzak

4265 Marina City Drive, Suite 407W

Marina Del Rey, CA 90292

Date: May 15, 2024                    */s/ Eric M. George*

Eric M. George