# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

DANIEL DAVID DYDZAK,

*Plaintiff-Appellant,*

v.

TANI CANTIL-SAKAUYE, ET AL.,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of Nevada
Case No. 2:22-cv-01008-APG-VCF
Hon. Andrew P. Gordon

## SUPPLEMENTAL EXCERPTS OF RECORD OF APPELLEES ERIC M. GEORGE, RONALD M. GEORGE, AND ALAN I. ROTHENBERG

ELLIS GEORGE LLP
Eric M. George (CA Bar No. 166403)
egeorge@ellisgeorge.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
(310) 274-7100
*Attorneys for Appellees Eric M. George,
Ronald M. George, and Alan I. Rothenberg*

# INDEX[1]

| Dkt. No. | Description | Page |
|---|---|---|
| | **VOLUME 1 of 1 – Pages 1 to 226** | |
| 97 | *Dydzak v. George* Judgment (filed 2023-08-04) | 4 |
| 80 | Order Granting Motions to Dismiss (filed 2022-10-07) | 5 |
| 28 | Reply in Support of Motion to Dismiss (filed 2022-07-27) | 13 |
| 28-1 | Eric M. George, Ronald M. George, and Alan I. Rothenberg's Supplemental Request for Judicial Notice in support of Motion to Dismiss Complaint (filed 2022-07-27) | 20 |
| 28-2 | Exhibit A to Eric M. George, Ronald M. George, and Alan I. Rothenberg's Supplemental Request for Judicial Notice in support of Motion to Dismiss Complaint (filed 2022-07-27) | 25 |
| 28-3 | Exhibit B to Eric M. George, Ronald M. George, and Alan I. Rothenberg's Supplemental Request for Judicial Notice in support of Motion to Dismiss Complaint (filed 2022-07-27) | 29 |
| 24 | Daniel David Dydzak's Opposition to Motion to Dismiss (filed 2022-07-20) | 31 |
| 5 | Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg's Motion to Dismiss | 42 |
| 5-1 | Declaration of Eric M. George in support of Motion to Dismiss Complaint (filed 2022-07-01) | 56 |
| 5-2 | Declaration of Ronald M. George in support of Motion to Dismiss Complaint (filed 2022-07-01) | 174 |
| 5-3 | Declaration of Alan I. Rothenberg in support of Motion to Dismiss Complaint (filed 2022-07-01) | 176 |
| 8 | Request for Judicial Notice in support of Eric M. George, Ronald M. George, and Alan I. Rothenberg's Motion to Dismiss Complaint (filed) 2022-07-01 | 178 |
| | Daniel David Dydzak's Complaint, USDC, Clark County, District of Nevada (filed 2022-02-03) | 182 |
| 100 | Daniel David Dydzak's Notice of Appeal, USDC District of Nevada (filed August 23, 2023) | 212 |
| | District Court Docket Sheet | 216 |

---

[1] Pursuant to Ninth Circuit Rule 30-1.3, Appellees have included in this Supplemental Excerpts of Record all documents cited by Appellant in his Informal Opening Brief that relate to the disposition of his claims against Appellees Eric M. George, Ronald M. George, and Alan I. Rothenberg.

AO450 (NVD Rev. 2/18)   Judgment in a Civil Case

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Daniel David Dydzak

                            Plaintiff,

    v.

Tani Cantil-Sakauye, et al.,

                         Defendants.

JUDGMENT IN A CIVIL CASE

Case Number: 2:22-cv-01008-APG-VCF

___ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

___ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

☒ **Decision by Court.** This action came for consideration before the Court. The issues have been considered and a decision has been rendered.

### IT IS ORDERED AND ADJUDGED

Defendants Tani G. Cantil-Sakauye and Jorge Navarette are dismissed without prejudice for lack of subject matter jurisdiction and lack of personal jurisdiction.

Defendants Eric George, Ronald George, Alan Rothenberg, William Dato, Donald Miles, MidFirst Bank, Charles Schwab, William Canby, Ferdinand Fernandez, William Fletcher, Ronald Gould, Barry Silverman, Richard Tallman, Sidney Thomas, Kim Wardlaw, Maxine Chesney, Molly Dwyer, George King, Edward Schiffer, Peter Shaw, and A. Wallace Tashima are dismissed without prejudice for lack of personal jurisdiction. Defendant Thomas Layton is dismissed without prejudice for failure to timely serve.

08/04/2023
_____
Date

DEBRA K. KEMPI
_____
Clerk

/s/ C. Torres
_____
Deputy Clerk

**AttyDefsSER-003**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANIEL DAVID DYDZAK,                         Case No.: 2:22-cv-01008-APG-VCF

     Plaintiff                              **Order Granting Motions to Dismiss**

v.                                           [ECF Nos. 5, 14, 16, 22, 25]

TANI CANTIL-SAKAUYE, et al.,

     Defendants

     Daniel Dydzak sues numerous defendants for various claims arising out of or related to his disbarment as a California attorney and the subsequent lawsuits he has pursued in California state and federal courts.  The California state and federal courts have entered vexatious litigant orders barring him from bringing such lawsuits in California or federal courts without pre-filing authorization.  Dydzak filed this action in Nevada state court. ECF No. 1-2.  Defendants Molly Dwyer, Peter Shaw, Edward Schiffer, Sidney Thomas, and George King removed the action under 28 U.S.C. §§ 1442(a)(1) and (3) because they are federal officers and judges. ECF No. 1.

     Defendants Eric George, Ronald George, Alan Rothenberg, William Dato, Donald Miles, MidFirst Bank, and Charles Schwab (collectively, the moving defendants) filed motions to dismiss raising various arguments, including that this lawsuit is barred by the vexatious litigant orders, that this court lacks subject matter and personal jurisdiction, that the complaint fails to state a claim, that Schwab was not properly served, and that absolute judicial immunity bars the claims against Dato. ECF Nos. 5, 14, 16, 22, 25.

     Dydzak responds that as the plaintiff, he can choose where to sue and Nevada is a proper venue because defendant Johnnie Rawlinson resides here.  He asserts that Rawlinson was one member of an illegally constituted appellate panel presiding over an appeal in a case out of the

**AttyDefsSER-004**

Northern District of California in which the moving defendants were parties, so the defendants have contacts with Nevada.  He contends that subject matter jurisdiction exists because the complaint asserts violations of his federal civil rights.  He also contends that the vexatious litigant orders are on appeal or were the product of fraud and therefore should not be enforced. According to Dydzak, Dato acted fraudulently and in the absence of jurisdiction, so he is not entitled to absolute judicial immunity.  Finally, he asserts that he properly served Schwab.

I grant the motions to dismiss because this court lacks personal jurisdiction over the moving defendants.  Additionally, Dydzak's claims against the moving defendants are barred by vexatious litigant orders and Dydzak has not sought pre-filing authorization.

## I. PERSONAL JURISDICTION

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).  If the motion to dismiss is based on written materials rather than an evidentiary hearing, I must determine whether the plaintiff's "pleadings and affidavits make a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotation omitted).  In deciding whether the plaintiff has met his burden, I must accept as true the complaint's uncontroverted allegations. *Id.*

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co.*, 453 F.3d at 1154.  Nevada's long-arm statute permits the exercise of jurisdiction on any basis consistent with federal due process. Nev. Rev. Stat. § 14.065(1).

AttyDefsSER-005

1    Personal jurisdiction over defendants may be based on general or specific jurisdiction.

2  "A court may assert general jurisdiction over defendants when their affiliations with the State are

3  so continuous and systematic as to render them essentially at home in the forum State."

4  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (simplified).  By

5  contrast, specific jurisdiction may be exercised when the defendants have sufficient minimum

6  contacts with the forum state and the claims against them arise from those contacts. *Burger King*

7  *Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

8    The moving defendants are alleged to be California residents or entities, and there are no

9  allegations or evidence that they have continuous and systematic contacts with Nevada. ECF No.

10  1-2 at 3-5.  Consequently, there is no basis to exercise general jurisdiction over them, and

11  Dydzak does not assert that general personal jurisdiction applies.

12    The Ninth Circuit has established a three-prong test for analyzing a claim of specific

13  personal jurisdiction:

14    (1) The non-resident defendant must purposefully direct his activities or
     consummate some transaction with the forum or resident thereof; or perform
15    some act by which he purposefully avails himself of the privilege of conducting
     activities in the forum, thereby invoking the benefits and protections of its laws;
16    (2) the claim must be one which arises out of or relates to the defendant's forum-
     related activities; and
17    (3) the exercise of jurisdiction must comport with fair play and substantial justice,
     i.e. it must be reasonable.

18

19  *Schwarzenegger*, 374 F.3d at 802 (quotation omitted).  "The plaintiff bears the burden of

20  satisfying the first two prongs of the test." *Id.* at 802.  If he succeeds, the defendant then must

21  "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.*

22    In analyzing specific jurisdiction, the court "focuses on the relationship among the

23  defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014)

3

(simplified).  That "relationship must arise out of contacts that the defendant himself creates with the forum State." *Id.* at 284 (simplified).  It cannot be based on the "random, fortuitous, or attenuated contacts" the defendant "makes by interacting with other persons affiliated with the State." *Id.* at 286 (simplified).  The "defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284.  Thus, the "analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285.

Dydzak contends that the defendants were parties to a case arising out of the Northern District of California in which Rawlinson was one of the Ninth Circuit judges on the appellate panel.  Judge Rawlinson is alleged to live in Nevada. ECF No. 1-2 at 3.  But the fact that Rawlinson was randomly selected to sit as an appellate judge for that case and that she happens to live in Nevada are not contacts the moving defendants created with Nevada.  And with no allegations or evidence that the moving defendants engaged in acts directed at Nevada or purposefully availed themselves of the privilege of conducting activities in Nevada, Dydzak's claims against them do not arise out of or relate to the moving defendants' forum-related activities because there are none.  Dydzak therefore has not made a prima facie showing of personal jurisdiction over any of the moving defendants.

In his various responses, Dydzak did not request amendment or jurisdictional discovery, and he offers no basis for suspecting that amendment or jurisdictional discovery would change the outcome. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (stating that a plaintiff seeking jurisdictional discovery must provide some basis to believe that discovery will lead to relevant evidence).  And as discussed below, Dydzak's claims are barred by vexatious

4

AttyDefsSER-007

1    litigant orders.  I therefore grant the moving defendants' motions to dismiss without leave to

2    amend or to conduct jurisdictional discovery.

3    **II.  VEXATIOUS LITIGANT ORDERS**

4         Dydzak is subject to multiple vexatious litigant orders.  As relevant here, Judge

5    Coughenour entered an order against Dydzak in the Central District of California declaring

6    Dydzak a vexatious litigant and prohibiting him "from initiating any further litigation in this or

7    any other federal court alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on

8    his disbarment without the prior authorization from the presiding judge of the U.S. District Court

9    for the Central District of California." *Dydzak v. Cantil-Sakauye*, 2:11-cv-5560-JCC, ECF No.

10   35 (C.D. Cal. Sept. 25, 2012).  Dydzak also must "provide security in the amount of $5,000 for

11   each defendant against whom he seeks to proceed with Court authorization in the future." *Id.*

12   That order was affirmed on appeal. *Dydzak v. Cantil-Sakauye*, 9th Cir. No. 12-56960, Dkt. No.

13   25.  The Ninth Circuit denied reconsideration and stated it would not entertain further motions in

14   that appeal. *Dydzak v. Cantil-Sakauye*, 9th Cir. No. 12-56960, Dkt. No. 38.  The mandate issued

15   on August 21, 2015. *Dydzak v. Cantil-Sakauye*, 9th Cir. No. 12-56960, Dkt. No. 40.  Despite that

16   appeal being closed, Dydzak continued to file numerous motions in the case for nearly a year.

17   *Dydzak v. Cantil-Sakauye*, 9th Cir. No. 12-56960, Dkt. Nos. 39, 42-91.

18        Judge Chesney issued a separate vexatious litigant order in *Dydzak v. United States of*

19   *America* in the Northern District of California.  Judge Chesney also declared Dydzak a vexatious

20   litigant and prohibited Dydzak "from initiating any further litigation in this or any other federal

21   court raising any claim based on, arising out of, or related to his disbarment or alleging that

22   orders entered in lawsuits previously filed by him related to the same were rigged, fixed, or

23   otherwise unlawful or illegitimate, without prior authorization from the federal court in which he

5

seeks to initiate such litigation." *Dydzak v. United States of Am.*, 3:17-cv-04360-MMC, ECF No. 61 (N.D. Cal. March 19, 2018).  Judge Chesney also required $5,000 in security for each defendant that Dydzak seeks to sue. *Id.*  Dydzak appealed this order as well. *Dydzak v. U.S.A.*, 9th Cir. No. 18-15673.  Judge Rawlinson was a member of the appellate panel for that appeal. The appeal was dismissed for failure to prosecute. *Dydzak v. U.S.A.*, 9th Cir. No. 18-15673, Dkt. No. 24.  The Ninth Circuit stated that no further filings would be accepted, and the mandate issued. *Dydzak v. U.S.A.*, 9th Cir. No. 18-15673, Dkt. Nos. 24, 26.  Dydzak nevertheless again filed numerous motions in the closed appeal. *Dydzak v. U.S.A.*, 9th Cir. No. 18-15673, Dkt. Nos. 25, 27-33.

Although Dydzak filed this lawsuit in Nevada state court, he has not sought pre-filing authorization after some of the federal defendants removed the case to this court.  Dydzak should not be able to evade the vexatious litigant orders by filing suit in state court and awaiting the inevitable removal of the action to federal court. *See, e.g.*, *Whitehead v. Twentieth Century Fox Film Corp.*, No. CIV.A. 05-1462 GK, 2005 WL 3275905, at *3 (D.D.C. Aug. 29, 2005) (declining to allow a vexatious litigant to "circumvent" a pre-filing authorization order by filing in state court, which the defendants then removed to federal court); *Sassower v. Abrams*, 833 F. Supp. 253, 266 (S.D.N.Y. 1993) (same).

Dydzak contends that his claims do not fall within the parameters of the orders but instead they allege the defendants engaged in *ex parte* communications "to affect the outcome of the California Supreme Court Case No. S179850." ECF No. 1-2 at 9.  That case is Dydzak's disbarment proceeding. *See* ECF No. 5-1 at 114-18.  Dydzak also alleges that another defendant had improper *ex parte* communications with Dato to cause Dato to place Dydzak on the vexatious litigant list in California state court. ECF No. 1-2 at 9; *see also Dydzak v. United*

**AttyDefsSER-009**

*States*, No. 17-CV-04360-EMC, 2017 WL 4922450, at *1 n.2 (N.D. Cal. Oct. 31, 2017) (describing the case that resulted in Dato's order as "involv[ing] similar allegations" to Dydzak's other cases). Dydzak thus is alleging that an order entered in one of his previously filed lawsuits related to his disbarment was rigged, fixed, or otherwise unlawful or illegitimate.

Finally, Dydzak asserts that I should not enforce the vexatious litigant orders because they are not final. Dydzak is wrong, both factually and legally. As set forth above, the appeals have been resolved. The fact that Dydzak filed numerous motions after the mandates issued does not mean the appeals remain pending. And Dydzak is incorrect that a party is free to ignore a court's ruling until it is finalized on appeal. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (stating that "an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings"). As the Supreme Court has explained:

> [It is a] basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.

*Maness v. Meyers*, 419 U.S. 449, 458 (1975). Consequently, even if Dydzak were correct that the appeals were not final, the vexatious litigant orders have not been overturned and Dydzak therefore must comply with them. Because he has not done so, I grant the moving defendants' motions to dismiss.

## III. CONCLUSION

I THEREFORE ORDER that defendants Eric George, Ronald George, and Alan Rothenberg's motion to dismiss **(ECF No. 5) is GRANTED**.

7

**AttyDefsSER-010**

1      I FURTHER ORDER that defendant William Dato's motion to dismiss **(ECF No. 14) is**

2 **GRANTED**.

3      I FURTHER ORDER that defendant Donald Miles' motion to dismiss **(ECF No. 16) is**

4 **GRANTED**.

5      I FURTHER ORDER that defendant MidFirst Bank's motion to dismiss **(ECF No. 22) is**

6 **GRANTED**.

7      I FURTHER ORDER that defendant Charles Schwab's motion to dismiss **(ECF No. 25)**

8 **is GRANTED**.

9      DATED this 7th day of October, 2022.

10

11                                 _____
                                ANDREW P. GORDON

12                                 UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

**AttyDefsSER-011**

1  Eric M. George
   Ronald M. George
2  Alan I. Rothenberg
   c/o 2121 Avenue of the Stars, 30th Floor
3  Los Angeles, California 90067
   Telephone: (310) 274-7100
4  Facsimile: (310) 275-5697
   Email: egeorge@egcfirm.com
5
   Defendants *in propria persona*
6  Eric M. George, Ronald M. George, and Alan I.
   Rothenberg
7

8                  UNITED STATES DISTRICT COURT

9                      DISTRICT OF NEVADA

10

11  DANIEL DAVID DYDZAK,                     Case No. 2:22-cv-01008-APG-VCF

12              Plaintiff,                    The Hon. Andrew P. Gordon

13         vs.                               **DEFENDANTS ERIC GEORGE,
                                             RONALD M. GEORGE, AND ALAN I.**
14  TANI CANTIL-SAKAUYE, et al.,             **ROTHENBERG'S REPLY IN SUPPORT
                                             OF MOTION TO DISMISS COMPLAINT**
15              Defendants.
                                             Trial Date:  None Set
16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION**

Plaintiff's opposition to Defendants' motion to dismiss does nothing to show that this Court has personal jurisdiction over defendants who have no connection whatsoever to the State of Nevada.  The law is clear that each defendant to a proceeding must *independently* have sufficient connections to the forum state in order for a court to exercise personal jurisdiction over them. Plaintiff has alleged no such connections against Defendants Eric M. George, Ronald M. George, or Alan I. Rothenberg (collectively the "Attorney Defendants") and no such connections exist. The single allegation that one of the other named Defendants, Judge Johnnie B. Rawlinson, resides in Nevada does not establish jurisdiction over the Attorney Defendants as Plaintiff argues. Accordingly, the Attorney Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

**II.    ARGUMENT**

**A.    Judge Rawlinson's Alleged Connection to Nevada Does Not Provide a Sufficient Basis for Suing All Defendants In Nevada**

Plaintiff's argument that Judge Rawlinson's alleged residence in the State of Nevada makes jurisdiction in Nevada proper over all Defendants is incorrect on its face.  It is a fundamental tenant of Due Process that jurisdiction must be established over each defendant individually.  "Plaintiff[] must make a prima facie showing of jurisdictional facts giving rise to specific jurisdiction over each defendant separately." *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837 848 (N.D. Cal. 2018) (citing *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990)).  Likewise, the United States Supreme Court has made clear that, because personal jurisdiction must be met as to each defendant in a case, it is improper to aggregate the forum contacts of multiple defendants in order to establish jurisdiction over one.  *See Rush v. Savchuk*, 444 U.S. 320, 328, 331-32 (1980) (holding that, in a case involving a car accident, the fact that Defendant's insurer did business in the forum state was insufficient by itself to tie Defendant to the forum state); *see also Skurkis v. Montelongo*, Case No. 16-cv-0972-YGR, 2016 WL 4719271 at *4 (N.D. Cal. Sept. 9, 2016) (granting a motion to dismiss for lack of personal jurisdiction where the plaintiff failed to show

1    "*each* defendant's *own* contacts with [the forum state]" and instead only made allegations

2    concerning the entity defendants' conduct generally and as a group) (emphasis in original).

3          Here, Plaintiff alleges that Judge Rawlinson, and only Judge Rawlinson, resides in Nevada

4    (Compl. ¶ 7.)  Plaintiff's Complaint contains no other allegations that the Attorney Defendants

5    were in any way associated with the State of Nevada.  Instead, in his opposition brief, Plaintiff

6    argues that a sufficient connection exists because the Attorney Defendants were named in a prior

7    case and Judge Rawlinson was a member of the Ninth Circuit appellate panel presiding over an

8    appeal in that case.  (Opp. at 4.)  But this attenuated association does nothing to show that the

9    Attorney Defendants are subject to jurisdiction in the State of Nevada.  None of the Attorney

10    Defendants are domiciled in Nevada, nor do they have such "continuous and systematic" contacts

11    with the state that exercise of general personal jurisdiction over them in the state would be

12    considered reasonable under *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,

13    415-16 (1984).

14          Similarly, the cause of action against the Attorney Defendants, conspiracy to unlawfully

15    interfere with the processes of the court, did not arise from any alleged contact taking place in

16    Nevada.  Contrary to Plaintiff's assertion, the fact that the Attorney Defendants allegedly

17    communicated with other California-based Defendants concerning a matter in the California

18    Supreme Court arising from a California State Bar does not establish jurisdiction over the

19    Attorney Defendants in Nevada.  *See Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270

20    (9th Cir. 1995) (explaining that the test for specific personal jurisdiction involves a defendant

21    "purposefully avail[ing] himself of the privilege of conducting activities in the forum . . . .").

22    Additionally, because the cause of action pertaining to the Attorney Defendants does not arise

23    from activity taking place in Nevada, Plaintiff is unable to show that specific personal jurisdiction

24    exists here.  Accordingly, personal jurisdiction in Nevada is improper and the Attorney

25    Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]

26

27    ---

    [1] Plaintiff also incorrectly states that the Central District of California's Order, issued nearly ten
years ago, is not final because it "is subject to numerous pending appeal motions in the Ninth

28

AttyDefsSER-014

III.    **CONCLUSION**

It is clear that this Court lacks jurisdiction over Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg, and that Plaintiff attempted to bring his lawsuit in Nevada only because he is no longer permitted to bring his claims in California.  Accordingly, the Attorney Defendants respectfully request that this Court dismiss them from this litigation.

Date: July 27, 2022

Respectfully submitted,

By    _____*/s/ Eric M. George*_____
Eric M. George, *in propria persona*
c/o 2121 Avenue of the Stars, Suite 3000
Los Angeles, California 90067
Tel. (310) 274-7100

Date: July 27, 2022

By    _____*/s/ Alan I. Rothenberg*_____
Alan I. Rothenberg, *in propria persona*
c/o 2121 Avenue of the Stars, Suite 3000
Los Angeles, California 90067
Tel. (310) 274-7100

---

Circuit Court of Appeals."  (Opp. at 6.)  In May 2015, the Ninth Circuit Court of Appeals affirmed Judge Coughenour's vexatious litigant order in its entirety and denied all associated pending motions.  (*See* Attorney Defendants' Supplemental Request for Judicial Notice, Ex. A, Ninth Circuit Memorandum dated May 18, 2015, Case No. 12-56960.)  The Ninth Circuit then denied Plaintiff's motion for reconsideration, specifying that "[n]o further filings will be entertained in this closed case."  (*See* Attorney Defendants' Supplemental Request for Judicial Notice, Ex. B, Ninth Circuit Order dated August 12, 2015, Case No. 12-56960).

1    Date: July 27, 2022

2

3

4                                          By    _____/s/ Ronald M. George_____

5                                                 Ronald M. George, *in propria persona*
                                                  c/o 2121 Avenue of the Stars, Suite 3000
6                                                 Los Angeles, California 90067
                                                  Tel. (310) 274-7100
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

**AttyDefsSER-016**

<u>**CERTIFICATE OF SERVICE**</u>

        I hereby certify that on this 27 day of July, 2022, I caused a true and correct copy of

**DEFENDANTS ERIC GEORGE, RONALD M. GEORGE, AND ALAN I.**

**ROTHENBERG'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

to be placed in the United States Mail, with first class postage prepaid, addressed as follows:

Daniel D. Dydzak                Plaintiff, in Pro Per
4265 Marina City Drive, Suite 407W
Marina del Rey, CA  90292
Telephone (310) 867-1289

By    _____

          Corinne Ubence, an Employee of
          ELLIS GEORGE CIPOLLONE O'BRIEN
          ANNAGUEY LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on this 27 day of July, 2022, a true and correct copy of

**DEFENDANTS ERIC GEORGE, RONALD M. GEORGE, AND ALAN I.**

**ROTHENBERG'S REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

was served via the United States District Court CM/ECF system on all parties or persons requiring

notice.

By _____

Corinne Ubence, an Employee of
ELLIS GEORGE CIPOLLONE O'BRIEN
ANNAGUEY LLP

**AttyDefsSER-018**

1   Eric M. George
    Ronald M. George
2   Alan I. Rothenberg
    c/o 2121 Avenue of the Stars, 30th Floor
3   Los Angeles, California 90067
    Telephone: (310) 274-7100
4   Facsimile: (310) 275-5697
    Email: egeorge@egcfirm.com
5
    Defendants *in propria persona*
6   Eric M. George, Ronald M. George, and Alan I.
    Rothenberg
7

8                    UNITED STATES DISTRICT COURT

9                         DISTRICT OF NEVADA

10

11  DANIEL DAVID DYDZAK,                  Case No. 2:22-cv-01008-APG-VCF
12         Plaintiff,                      The Hon. Andrew P. Gordon
13      vs.                                **DEFENDANTS ERIC M. GEORGE,**
                                           **RONALD M. GEORGE, AND ALAN I.**
14  TANI CANTIL-SAKAUYE, et al.,           **ROTHENBERG'S SUPPLEMENTAL**
                                           **REQUEST FOR JUDICIAL NOTICE IN**
15         Defendants.                     **SUPPORT OF MOTION TO DISMISS**
                                           **COMPLAINT**
16
17                                         Trial Date:  None Set
18
19
20
21
22
23
24
25
26
27
28

REQUEST FOR JUDICIAL NOTICE                    **AttyDefsSER-019**

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg hereby request that the Court take judicial notice of the following documents in support of its concurrently filed Reply in Support of Motion to Dismiss Plaintiff's Complaint:

1.      Ninth Circuit Memorandum dated May 18, 2015 in the matter of *Dydzak v. Cantil-Sakauye*, Case No. 12-56960.  A true and correct copy is attached as **Exhibit A** hereto.

2.      Ninth Circuit Order dated August 12, 2015 in the matter of *Dydzak v. Cantil-Sakauye*, Case No. 12-56960.  A true and correct copy is attached as **Exhibit B** hereto.

A court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).   Pursuant to Federal Rule of Evidence 201(b), courts may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  (Fed. R. Evid. 201(b)(2).)

Courts may take judicial notice of "court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746, n.6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)).  Documents are properly subject to judicial notice when they are readily verifiable.  *Reyn's Pasta Bella*, 442 F.3d at 746 n.6 (taking judicial notice of documents filed in a separate litigation in another court even though the documents were filed under seal).

Here, Defendants request that the Court take judicial notice of a memorandum and an order, both issued by the United States Court of Appeals for the Ninth Circuit.  Both documents are matters of public record and they are copies of court files, which are readily verifiable. Additionally, the documents are being presented to this Court in support of undisputed facts recited in Defendants' reply brief.  Therefore, it is proper for this court to take judicial notice of Exhibits A and B in adjudicating Defendants' Motion to Dismiss.

Based on the foregoing, Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg respectfully request that this Court take judicial notice of the documents attached as

AttyDefsSER-020

1 | Exhibits A and B hereto.

4 | Date: July 27, 2022                              Respectfully submitted,

7 | By      _/s/ Eric M. George_____

8 | Eric M. George, *in propria persona*
9 | c/o 2121 Avenue of the Stars, Suite 3000
   | Los Angeles, California 90067
10 | Tel. (310) 274-7100

12 | Date: July 27, 2022

15 | By      _/s/ Alan I. Rothenberg_____

16 | Alan I. Rothenberg, *in propria persona*
   | c/o 2121 Avenue of the Stars, Suite 3000
17 | Los Angeles, California 90067
   | Tel. (310) 274-7100

19 | Date: July 27, 2022

22 | By      _/s/ Ronald M. George_____

23 | Ronald M. George, *in propria persona*
   | c/o 2121 Avenue of the Stars, Suite 3000
24 | Los Angeles, California 90067
   | Tel. (310) 274-7100

**AttyDefsSER-021**

1

<u>**CERTIFICATE OF SERVICE**</u>

2

I hereby certify that on this 27 day of July, 2022, I caused a true and correct copy of

3

**DEFENDANTS ERIC GEORGE, RONALD M. GEORGE, AND ALAN I.**

4

**ROTHENBERG'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT**

5

**OF MOTION TO DISMISS COMPLAINT**

6

to be placed in the United States Mail, with first class postage prepaid, addressed as follows:

7

Daniel D. Dydzak                                        Plaintiff, in Pro Per
4265 Marina City Drive, Suite 407W

8

Marina del Rey, CA  90292
Telephone (310) 867-1289

9

10

11

12

By _____

13

Corinne Ubence, an Employee of
ELLIS GEORGE CIPOLLONE O'BRIEN

14

ANNAGUEY LLP

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AttyDefsSER-022**

1

## <u>CERTIFICATE OF SERVICE</u>

2       I hereby certify that on this 27 day of July, 2022, a true and correct copy of

3   **DEFENDANTS ERIC GEORGE, RONALD M. GEORGE, AND ALAN I.**

4   **ROTHENBERG'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT**

5   **OF MOTION TO DISMISS COMPLAINT**

6   was served via the United States District Court CM/ECF system on all parties or persons requiring

7   notice.

8

9                                        By _____

10                                          Corinne Ubence, an Employee of
                                            ELLIS GEORGE CIPOLLONE O'BRIEN
11                                          ANNAGUEY LLP

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AttyDefsSER-023**

# EXHIBIT A

## Ninth Circuit Memorandum
## May 18, 2015
## *Dydzak v. Cantil-Sakauye*
## Case No. 12-56960

# EXHIBIT A

**AttyDefsSER-024**

FILED

**NOT FOR PUBLICATION**

MAY 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL DAVID DYDZAK,

          Plaintiff - Appellant,

   v.

TANI CANTIL-SAKAUYE; et al.,

          Defendants - Appellees.

No. 12-56960

D.C. No. 2:11-cv-05560-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John C. Coughenour, District Judge, Presiding[**]

Submitted May 13, 2015[***]

Before:    LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

     Daniel David Dydzak, a disbarred California attorney, appeals pro se from

the district court's judgment dismissing his action alleging constitutional claims

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable John C. Coughenour, United States District Judge for
the Western District of Washington, sitting by designation under 28 U.S.C.
§ 292(b).

     [***]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

**AttyDefsSER-025**

related to his disbarment, and from its order declaring him a vexatious litigant. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a sua sponte dismissal for failure to state a claim. *Barrett v. Belleque*, 544 F.3d 1060, 1061 (9th Cir. 2008). We affirm.

The district court properly dismissed Dydzak's claims against the federal judges and California Supreme Court Chief Justice Tani Cantil-Sakauye because they are immune from liability. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.").

The district court properly dismissed on the basis of the doctrine of res judicata Dydzak's claims against defendants Scott J. Drexel, Joann Remke, the California Supreme Court, and California Supreme Court Justices Joyce L. Kennard, Marvin R. Baxter, Kathryn M. Werdegar, Ming W. Chin, Carol A. Corrigan, and Ronald M. George, because Dydzak alleged nearly identical claims related to his disbarment against these defendants in a prior federal action in which there was a final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956-57 (9th Cir. 2002) (setting forth elements of res judicata).

The district court properly dismissed Dydzak's claims against defendant Beth Jay under the doctrine of collateral estoppel because the issues raised in these

12-56960

**AttyDefsSER-026**

claims had been previously litigated, and were necessary to the prior judgment.

*See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (a prior

decision has preclusive effect if the issues at stake are identical, were actually

litigated by the party against whom preclusion is asserted, and were a critical and

necessary part of the prior judgment).

The district court did not abuse its discretion by entering a pre-filing order

against Dydzak after providing him notice and an opportunity to be heard,

developing an adequate record for review, making substantive findings regarding

his frivolous litigation history, and tailoring the restriction narrowly. *See Molski v.*

*Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056, 1057-61 (9th Cir. 2007) (per

curiam) (setting forth standard of review and discussing factors to consider before

imposing pre-filing restrictions).

We reject Dydzak's contentions that the district court lacked jurisdiction and

that its proceedings involved extrinsic fraud or fraud upon the court.

Dydzak's requests for oral argument, filed on January 26, 2015 and set forth

in his opening brief, are denied.

Dydzak's remaining requests, set forth in his opening brief, are denied.

All pending motions are denied.

**AFFIRMED.**

12-56960

**AttyDefsSER-027**

# EXHIBIT B

## Ninth Circuit Order
## August 12, 2015
## *Dydzak v. Cantil-Sakauye*
## Case No. 12-56960

# EXHIBIT B

FILED

UNITED STATES COURT OF APPEALS

AUG 12 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL DAVID DYDZAK, | No. 12-56960 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-05560-JCC |
| v. | Central District of California, Los Angeles |
| TANI CANTIL-SAKAUYE; et al., | |
| Defendants - Appellees. | ORDER |

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

We treat Dydzak's motion for reconsideration, filed on June 1, 2015, as a petition for panel rehearing, and deny the petition.

All remaining motions are also denied.

No further filings will be entertained in this closed case.

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

```
_____ FILED         _____ RECEIVED
_____ ENTERED       _____ SERVED ON
             COUNSEL/PARTIES OF RECORD

            JUL 2 0 2022

     CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

DANIEL DAVID DYDZAK,

Plaintiff,

v.

TANI CANTIL-SAKAUYE, et al.,

Defendants.

Case No. 2:22-cv-01008-APG-VCF

Assigned to Hon. Andrew P. Gordon

PLAINTIFF'S OPPOSITION AND RESPONSE TO MOTION TO DISMISS BY DEFENDANTS ERIC GEORGE, RONALD M. GEORGE AND ALAN I. ROTHENBERG; MEMORANDUM OF POINTS AND AUTHORITIES THERETO; PLAINTIFF'S OPPOSITION AND RESPONSE TO REQUEST FOR JUDICIAL NOTICE

Hearing Requested

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

COMES NOW Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), and opposes and responds to the meritless and unsupportable Motion to Dismiss Plaintiff's

DYDZAK V. CANTIL-SAKAUYE

**AttyDefsSER-030**

Complaint by Defendants ERIC GEORGE, RONALD M. GEORGE and ALAN I. ROTHENBERG (collectively "GEORGE DEFENDANTS").

Plaintiff further responds to the Request for Judicial Notice.

Dated: June 18, 2022                                Respectfully Submitted,

DANIEL DAVID DYDZAK

Plaintiff

AttyDefsSER-031

## MEMORANDUM OF POINTS AND AUTHORITIES

### I

## THIS HONORABLE COURT HAS SUBJECT MATTER AND PERSONAL JURISDICTION OVER GEORGE DEFENDANTS

Plaintiff is the one bringing the lawsuit. He elects the venue when there is a proper jurisdictional basis therefor. There are several Defendants in this case, residing in various jurisdictions such as Nevada, California, Arizona and Washington.

In this case, Defendant RAWLINSON is, and was at all times relevant to this litigation, a resident of the State of Nevada (Paragraph 7 of the Complaint). This lawsuit was properly and jurisdictionally filed in Clark County, Nevada. Venue is proper in Las Vegas, Nevada, because venue exists where any of the defendants reside. NRS 13.040. Thereafter, the case was removed by certain Defendants.

Defendant RAWLINSON, with various other federal Defendants, was served with process the day after President's Day by an adult over eighteen years old. Various other federal Defendants were served on other dates. Plaintiff will address this issue in another pleading with more detail in the future.

There is proper subject matter jurisdiction in this case, because the Fifth Cause of Action for Violation of Civil Rights includes Defendant RAWLINSON, residing in Clark County, Nevada (Paragraphs 47-51 of the Complaint). The Nevada Court had concurrent jurisdiction to hear federal claims (Paragraph 28 of the Complaint). Tafflin v. Levitt, 493 U.S. 455 (1990). Thereafter, the case was removed by certain Defendants to federal court.

Under Nevada law, the district courts have original jurisdiction over all matters excluded from the jurisdiction of the justice and municipal courts and appellate jurisdiction in cases arising from these courts. Morrison v. Beach City LLC, 991 P.2d 982 (2000).

Certain federal Defendants were entitled to remove the case to federal court under diversity of citizenship grounds.

DYDZAK V. CANTIL-SAKAUYE                3

**AttyDefsSER-032**

GEORGE DEFENDANTS allege that they do not belong as parties, because they allegedly have no connection to the State of Nevada. This is inaccurate. Defendant RAWLINSON was part of an illegally constituted Appellate panel in the Ninth Circuit involving a case emanating from the U.S. District Court of the Norther District of California where GEORGE DEFENDANTS were named as parties and whereby Defendant CHESNEY was involved [Defendant CHESNEY was served a long time ago by a registered process server and has not yet appeared]. So they do have a connection to the State of Nevada. And Plaintiff can elect his forum when there are many parties from different states.

GEORGE DEFENDANTS do have minimum contacts with the State of Nevada, so that maintenance of the suit against them does not offend traditional notions of fair play and substantial justice. International Shoe v. Washington, 326 U.S. 310 (1945). GEORGE DEFENDANTS did tortious acts towards DYDZAK having foreseeability liability, producing consequences in the State of Nevada. Hess v. Pawlowski, 274 U.S. 352 (1927).

The "minimum contacts" doctrine recognizes the power of the sovereign state of Nevada to exercise jurisdiction where a sufficient connection exists with a nonresident. I.e., commonly referred to as a "long-arm" statute. Nevada has a long-arm statute, and it is interpreted broadly to reach the outer limits of federal constitutional due process. See Welburn v. Eighth Jud. Dist. Ct. of State, 806 P.2d 1045 (1991).

III

**THE COMPLAINT MORE THAN SUFFICIENTLY ALLEGES A CAUSE OF ACTION AGAINST GEORGE DEFENDANTS**

The Third Cause of Action for Conspiracy to Unlawfully Interfere with the Processes of the Court is more than sufficiently pled to withstand this Motion to Dismiss. Therefore, the Motion to Dismiss should be denied with prejudice as to the moving Defendants. Or leave to amend should be granted to Plaintiff.

DYDZAK V. CANTIL-SAKAUYE                    4

AttyDefsSER-033

No-one is above the Rule of Law, not even the President of the United States. See <u>U.S. v. Nixon</u>, 418 U.S. 683 (1974). This Court has to do the right thing, give DYDZAK his day in court and allow him to pursue his more than sufficiently alleged causes of action.

The Due Process Clause, guaranteed by the 5th and 14th Amendments, requires that there be fairness in state proceedings and activities related thereto. This is a cornerstone of the American judicial system. This federal District Court cannot ignore tainted state proceedings and state actor misconduct. Nor can it ignore illegal actions by the GEORGE DEFENDANTS as private individuals.

The law favors a trial on the merits.

The moving papers offer no persuasive authority why his lawsuit should not be allowed to proceed. Certainly, DYDZAK has a right of redress in this case. As Chief Justice Marshall stated in <u>Marbury v. Madison</u>, 5 U.S. 137 (1803): "The Government of the United States has been emphatically termed a government of laws and not of men. It will certainly cease to deserve this high appellation if the laws furnish no remedy for the violation of vested legal rights."

The Motion to Dismiss does NOT adequately address at all why DYDZAK cannot sue moving Defendants in the Third Cause of Action. This count is adequately pled. DYDZAK has alleged the requisite elements for a conspiracy to commit the underlying tort. E.g., conspiracy to commit violation of civil rights, 42 USC 1985; CA CACI No. 3600 (CA Jury Instructions); <u>Pettitt v. Levy</u> (1972) 28 Cal.App.3d 484, 491.

Plaintiff has already sufficiently stated  causes of action through "notice" pleading—a short and plain statement of the claim showing Plaintiff is entitled to relief, See Fed.R.Civ.P. 8(a)(2).

## IV

## THIS LAWSUIT IS NOT IN BAD FAITH NOR FRIVOLOUS; THEREFORE, THIS COURT, EXERCISING ITS INDEPENDENT JURISDICTION AND

AttyDefsSER-034

**AUTHORITY, SHOULD NOT CONSIDER UNLAWFUL, "RIGGED"**
**PREFILING ORDERS EMANATING FROM OTHER COURTS**

      With regard to the federal judge Coughenour pre-filing Order, this Order is subject to numerous pending appeal motions in the Ninth Circuit Court of Appeals, which have not been deliberately ruled upon for years. The purported Coughenour "political" Order is not final and still being appealed in the 9th Circuit Court of Appeals.

      An Order that is not final should not been given any weight or collateral estoppel effect. <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56 (1982).

      The Coughenour Order was apparently, unethically not drafted by this jurist, but, upon reasonable information and belief, fraudulently and illegally by a disgraced, former staff attorney, Lydia Yurchuk, with the Central District of CA U.S. District Court. This is so, even though that entire Court (and roster of judges) were disqualified from hearing DYDZAK's lawsuit by Order of then Chief Judge Kozinski of the 9th Circuit. Clearly, a staff attorney with the Central District of CA should not have been working on the Order with Judge Coughenour of the State of Washington when the Central District Judges were all disqualified by then Chief Judge Kozinski. When Plaintiff brought this issue up in certain of his pleadings,  attorney Lydia Yurtchuk was apparently "fired" or took an early retirement on inactive status. She no longer worked for the Central District of California federal Court. The Coughenour Order is restricted to the Central District of California, which has a political animus towards DYDZAK, and there was "fraud upon the court" towards him with respect to that Order. So that purported pre-filing Order should be disavowed and disregarded by this U.S. District Court in its ruling process.

      As for the purported pre-filing Order of  California Judge Dato, as set forth in the 8th Cause of Action in the Complaint, that purported pre-filing Order should not be given any weight and regard by this Honorable Court. It is DYDZAK's legitimate position that this Order is invalid/void and marked by extrinsic fraud. That pre-filing Order came about several years ago when Judge Dato was a Superior Court Judge, and

**AttyDefsSER-035**

the subject case was illegally transferred to him in San Diego even though there were
no San Diego-based Defendants therein. It is a bogus, rigged pre-filing Order,
deliberately meant to harm DYDZAK's right of redress to the Courts in California.
When Judge Dato made the Order, he was "rewarded" by Defendant CANTIL-
SAKAUYE, using her influence, with a subsequent appointment to the California
Court of Appeal. Unfortunately, further, Judge Dato has covered up the corruption of
Defendant CANTIL-SAKAUYE towards Plaintiff by sitting on the California
Commission on Judicial Performance and protecting her unethical conduct towards
DYDZAK. She got him appointed to that position, upon reasonable information and
belief, to protect herself. Moreover, Judge DATO's credibility is undermined as well
by his history of disreputable conduct. He was associated for many years with
convicted, disbarred, fraudster class-action attorney Bill Lerach of San Diego. Sources
advise DYDZAK that  Judge DATO should have been indicted with Bill Lerach for
criminal conduct at that time but never was.

A Nevada Court has independent jurisdiction over whether a litigant is vexatious.
NRS 155.165; Jones v. State ex rel. Dept. of Motor Vehicles & Public Safety, 121
Nev. 44, 110 P.3d 30 (2005). Clearly, this lawsuit has merit and should be allowed to
proceed.  Likewise, this federal lawsuit is not frivolous and should be allowed to
proceed.

This lawsuit is not contesting Plaintiff's illegal disbarment in the State of
California. The Cause of Action against GEORGE DEFENDANTS is sufficiently pled
and no pre-filing Order applies to the new claims against them that have never been
litigated before. DYDZAK has a right of redress to the Courts, not to be "politically"
shut down.

With respect to the Request for Judicial Notice, the pleadings proferred are not
relevant to the new claims asserted in this lawsuit against the GEORGE
DEFENDANTS.  The Request for Judicial Notice should be denied with prejudice.
At the pleading stage, the allegations of the Complaint are liberally construed and
regarded as true. See F.R.Evidence, Rule 201.

DYDZAK V. CANTIL-SAKAUYE                    7

1
2

## V.  CONCLUSION

3

4       For the reasons set forth herein, and in the interests of justice and equity, the

5   Motion to Dismiss Plaintiff's Complaint by GEORGE DEFENDANTS should be denied

6   with prejudice. Said Defendants should be ordered to answer forthwith. The Request for

7   Judicial Notice is not relevant at the pleading stage, since the averments and allegations

8   are taken and presumed to be true, pending discovery. Leave to amend should be liberally

9   granted, if the Court so requires same. See F.R.C.P. , Rule 15.

10      It is to be noted that the allegations of corruption and misconduct in Plaintiff's

11  lawsuit is so pervasive that Defendant SCHWAB, although duly served, has not

12  responded to the lawsuit and is in default. A default motion will be filed shortly as to

13  Defendant SCHWAB.

14      It is no surprise that the Georges and Mr. Rothenberg would collude to harm

15  DYDZAK. On one occasion, after suing Mr, Rothenberg on behalf of former legal clients.

16  the latter said to Plaintiff: "I'm going to get you." And Defendant RONALD M.

17  GEORGE once telephonically stated to Plaintiff: "Nobody cares what you have to say."

18  This astonishingly referred, upon information and belief, to his influence and ex parte

19  contacts with certain persons to harm DYDZAK.

20      This federal court has jurisdiction over ancillary or supplemental claims over

21  GEORGE DEFENDANTS in addition to the federal causes of action.

22      Plaintiff has tried repeatedly to settle this case, to no avail. Hence, he has no choice

23  but to litigate and have appropriate rulings from this U.S. District Court. As always,

24  Plaintiff is open to reasonable resolution.

Dated: June 18, 2022                    Respectfully Submitted,

DANIEL DAVID DYDZAK

Plaintiff

DYDZAK V. CANTIL-SAKAUYE          8

**AttyDefsSER-037**

1

## CERTIFICATE/PROOF OF SERVICE

2      I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to

3 the within above-entitled action, that I am employed in the County of Los Angeles, State of

4 California, and that my business address is  4265 Marina City Drive, Suite 407W, Marina del

5 Rey, CA 90292.

6      On July 18, 2022, I served a true and correct copy of the following document or pleading on

7 the interested parties or their counsel of record:

8

9 PLAINTIFF'S OPPOSITION AND RESPONSE TO MOTION TO DISMISS BY

10 DEFENDANTS ERIC GEORGE, RONALD M. GEORGE AND ALAN I.ROTHENBERG;

11 MEMORANDUM OF POINTS AND AUTHORITIES THERETO; PLAINTIFF'S

12 OPPOSITION AND RESPONSE TO REQUEST FOR JUDICIAL NOTICE

13

14      [X]  [BY U.S. MAIL] On this same day,  I mailed the interested parties or their

15 counsel of record the above-described document or pleading by regular United States mail to their

16 respective service or mailing addresses.

17

18 OLSON CANNON GORMLEY & STOBERSKI          MARQUIS AURBACH

19 9950 WEST CHEYENE AVENUE                  10001 PARK RUN DRIVE

20 LAS VEGAS, NEVADA 89129                   LAS VEGAS, NEVADA 89145

21 HINSHAW & CULBERTSON, LLP                 PATRICK A. ROSE, ESQ.

22 350 SOUTH GRAND AVE, STE 3600             U.S. ATTORNEY OFFICE

23 LOS ANGELES, CA 90071                     501 LAS VEGAS BLVD. SO.

24                                          SUITE 1100

25                                          LAS VEGAS, NEVADA 89101

26

27

28

PROOF OF SERVICE                    9

**AttyDefsSER-038**

1  ERIC M. GEORGE

2  RONALD M. GEORGE

3  ALAN I. ROTHENBERG

4  c/o 2121 AVENUE OF THE STARS

5  SUITE 3000

6  LOS ANGELES, CA 90067

7

8       I declare under penalty of perjury under the laws of the United States of America that the

9  foregoing is true and correct, and that this Declaration was executed on July 18, 2022,

10  at  Los Angeles, California.

11

12                                                JIM LANE

13                                                Declarant

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE                          10

AttyDefsSER-039

XRAYED US MARSHALS SERVICE

David O. Dydzuk
4265 Marina City Drive
#407W
Marina del Rey, CA 90292

FILED _____ RECEIVED
ENTERED _____ SERVED ON
_____ COUNSEL/PARTIES OF RECORD

JUL 20 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

FIRST CLASS

TO:
Clerk's Office (Rm 1334)
U.S. District Court
Lloyd D. George US Courthouse
333 Las Vegas Blvd So.
Las Vegas, Nevada
89101

U.S. POSTAGE PAID
MARINA DEL REY, CA
JUL 19 '22
90292
AVOLIN_#2
$1.68
R2304M116658-02

AttyDefsSER-040

1

Eric M. George
Ronald M. George
2  Alan I. Rothenberg
c/o 2121 Avenue of the Stars, Suite 3000
3  Los Angeles, California 90067
Telephone: (310) 274-7100
4  Facsimile: (310) 275-5697
E-Mail: egeorge@egcfirm.com

5

Defendants *in propria persona*
6  Eric M. George, Ronald M. George, and Alan I.
Rothenberg

7

8

UNITED STATES DISTRICT COURT

9

DISTRICT OF NEVADA

10

11

12  DANIEL DAVID DYDZAK,                    Case No. 2:22-cv-01008-APG-VCF

            Plaintiff,                      The Hon. Andrew P. Gordon
13
      vs.                                   **DEFENDANTS ERIC GEORGE,**
14                                          **RONALD M. GEORGE, AND ALAN I.**
    TANI CANTIL-SAKAUYE, et al.,            **ROTHENBERG'S NOTICE OF MOTION**
15                                          **AND MOTION TO DISMISS**
            Defendant.                      **COMPLAINT**
16
                                            Trial Date:  None Set
17

18

19

20

21

22

23

24

25

26

27

28

**AttyDefsSER-041**

1    Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg hereby move for

2  the dismissal of the Complaint filed by Plaintiff Daniel David Dydzak on the basis of lack of

3  personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

4    This Motion is based upon the following Memorandum of Points and Authorities; all

5  pleadings and papers on file in this action; the declarations of Eric George, Ronald George, and

6  Alan Rothenberg; the request for judicial notice and its attached exhibits; and such other matters

7  as may be presented to the court at the time of the hearing, including oral argument.

8

9

10  Date: July 1, 2022

11                                                Respectfully submitted,

12

13

14      By _____

15          Eric M. George, *in propria persona*
            c/o 2121 Avenue of the Stars, Suite 3000
16          Los Angeles, California 90067
            Tel. (310) 274-7100

17

18  Date: July 1, 2022

19

20

21      By      */s/ Alan I. Rothenberg*
         _____

22          Alan I. Rothenberg, *in propria persona*
            c/o 2121 Avenue of the Stars, Suite 3000
23          Los Angeles, California 90067
            Tel. (310) 274-7100

24

25

26

27

28

**AttyDefsSER-042**

-2-

1 | Date: July 1, 2022
2 |
3 |
4 |                              By  _Ronald W. George_
5 |                                  Ronald M. George, *in propria persona*
                                     c/o 2121 Avenue of the Stars, Suite 3000
6 |                                  Los Angeles, California 90067
                                     Tel. (310) 274-7100
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

AttyDefsSER-043

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

This lawsuit is the latest iteration of a decade-long effort by Plaintiff, a former attorney, to challenge his disbarment in the State of California.  This newest Complaint is once again brought against a host of current and former judges in California's state and federal courts, as well as several California attorneys.  The main difference between this Complaint and Plaintiff's previous unsuccessful efforts to overturn his disbarment is that Plaintiff brings this action in the State of Nevada rather than in California.[1]  As is clear from the few facts alleged in Plaintiff's Complaint, the conduct forming the basis for his claims took place wholly within California: Plaintiff alleges that defendants engaged in various forms of malfeasance related to his disbarment proceedings in California Supreme Court Case No. S179850.  Furthermore, Plaintiff and almost all of the defendants reside or operate in California; only one of the 26 defendants named is alleged to reside in Nevada.[2]

Plaintiff brings this suit in Nevada—based on a single, attenuated connection one of the defendants allegedly has to the State of Nevada—because he is prohibited from making any further attempts to litigate this matter in California.  Plaintiff's ongoing efforts to re-litigate his disbarment, and his conduct throughout the many proceedings, resulted in his being declared a vexatious litigant by both California state and federal courts.  Thus, it appears that the instant lawsuit is Plaintiff's attempt to circumvent the orders of the California courts by re-litigating his disbarment in a different forum.

---

[1] Plaintiff's Complaint was initially filed in the Eighth Judicial District Court of the State of Nevada.  The case was then removed to this United States District Court for the District of Nevada on July 24, 2022.

[2] Two of the defendants, Chief Justice of the California Supreme Court Tani Cantil-Sakauye and Clerk of the California Supreme Court Jorge Navarrete, were dismissed from this case on June 3, 2022.  (*See* Eighth Judicial District Court Order Granting Defs.' Mot. to Dismiss dated June 3, 2022, Dkt. No. 11).  The dismissal was based, in part, on a lack of personal jurisdiction given that they are California residents and that Plaintiff failed to allege any other connection between these defendants and the State of Nevada.  (*Id*. at 7-9.)  A Notice of Appeal of the Order granting their dismissal was filed on June 8, 2022 (Dkt. No. 13.)

AttyDefsSER-044

1    It is clear that this Court lacks jurisdiction over Defendants Eric M. George, Ronald M.

2    George, and Alan I. Rothenberg.  Accordingly, Defendants move under Federal Rule of Civil

3    Procedure 12(b)(2) to dismiss Plaintiff's Complaint.

4    **II.    STATEMENT OF FACTS**

5        **A.    THE PARTIES**

6        Plaintiff is a former California attorney who was disbarred in 2008.  (*See* Request For

7    Judicial Notice (RJN), Exhibit A, Opinion on Review and Order In the Matter of Daniel David

8    Dydzak dated December 3, 2009, Review Department of the State Bar Court, Nos. 04-O-14383;

9    06-O-10960.)  In the ensuing years Plaintiff filed four lawsuits in federal court contesting his

10   disbarment.  (RJN, Exhibit B, Order dated September 25, 2012, *Dydzak v. Cantil-Sakauye*, C.D.

11   Cal. Case No. C11-5560-JCC, Dkt. No. 35 at 3-7.)  Despite having his claims repeatedly

12   dismissed with prejudice, Plaintiff continued to refile his claims against many of the same

13   defendants, including numerous federal judges and all of the justices of the California Supreme

14   Court.  (*Id*. at 5.)  The United States District Court for the Central District of California eventually

15   determined that Plaintiff had "abused [the] Court's process by filing multiple meritless lawsuits

16   based on the same claims and consistently filing motions to disqualify any judge who rules against

17   him (as well as countless other judges with whom Plaintiff has had little or no interaction)."  (*Id*.

18   at 7.)  The court declared Plaintiff a vexatious litigant, prohibiting him from filing in federal court

19   any complaint alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens v. Six Unnamed*

20   *Agents*, 403 U.S. 388 (1971) related to his disbarment without prior authorization from the

21   presiding judge.  (*Id*. at 10.)

22       The following year, Plaintiff was similarly declared a vexatious litigant by order of the

23   California Superior Court.  (RJN, Exhibit C, Prefiling Order—Vexatious Litigant, *Dydzak v.*

24   *Dunn*, Cal. Super. Ct. Case No. 30-2012-00558031, at 1.)  The California court prohibited Plaintiff

25   "from filing any new litigation in the courts of California without approval of the presiding judge

26   of the court in which the action is to be filed."  (*Id*.)

27       Defendants in this action are current and former judges in California state and district

28   courts and the United States Court of Appeals for the Ninth Circuit, current and former attorneys,

-5-

**AttyDefsSER-045**

1   and a bank and its holding company.  (Compl. ¶¶ 2-25).  Defendant Eric M. George is an attorney

2   at a Los Angeles-based law firm; Defendant Ronald M. George is a former Chief Justice of the

3   California Supreme Court; and Defendant Alan I. Rothenberg is an attorney and Chairman of

4   Defendant 1st Century Bank (collectively "Attorney Defendants").

5          **B.    PLAINTIFF'S ALLEGATIONS**

6                   **1.    Conspiracy Allegations**

7          The third cause of action in Plaintiff's Complaint is the only claim brought as to the

8   Attorney Defendants.  Plaintiff alleges that they engaged in a conspiracy to unlawfully interfere

9   with the processes of the court, stating that the Attorney Defendants had "improper, unethical and

10  illegal ex parte, extra-judicial communications and contacts" with the Honorable Tani G. Cantil-

11  Sakauye, current Chief Justice of the California Supreme Court, and Jorge Navarrete, the

12  Clerk/Executive Officer of the California Supreme Court—both of whom were also defendants in

13  this action.  (Compl. ¶¶ 39-40.)  Plaintiff contends that these contacts were intended to affect the

14  outcome of his disbarment challenge, as part of a conspiracy to obstruct justice.  (*Id*. ¶ 39.)

15  Plaintiff claims that he suffered damages as a result of Defendants' alleged actions, and that

16  because the acts "were also done with malice, fraud and oppression" he is entitled to an award of

17  punitive damages against each Defendant in the amount of $10,000,000 jointly and severally. (*Id.*

18  ¶ 40.)

19                  **2.    Jurisdictional Allegations**

20         In his Complaint, Plaintiff states that he resides in the County of Los Angeles, California.

21  (Compl. ¶ 1.)  He alleges that Defendant Eric M. George is a resident of the County of Los

22  Angeles, California (*id*. ¶ 12), that Defendant Ronald M. George is a resident of the County of San

23  Francisco, California (*id*. ¶ 11), and that Defendant Alan I. Rothenberg is a resident of the County

24  of Los Angeles, California (*id*. ¶ 13).

25         Plaintiff's only mention of the State of Nevada in his Complaint is his allegation that

26  Defendant and Ninth Circuit Judge Johnnie B. Rawlinson resides in the City of Las Vegas, "State

27  of California [sic]."  (*Id*. ¶ 7.)  There are no allegations that any activity that forms the basis for the

28  lawsuit took place in Nevada, nor that Defendants Eric M. George, Ronald M. George, or Alan I.

**AttyDefsSER-046**

1   Rothenberg reside in Nevada or have any connection at all with the state.

2       Plaintiff filed this action on February 3, 2022, in Nevada state court.  On June 22, 2022,

3   the Attorney Defendants filed a Motion to Dismiss Plaintiff's Complaint in that court.  On June

4   24, 2022, several defendants removed the case to this Court based on the federal officer removal

5   statute, 28 U.S.C. § 1442.  The Attorney Defendants' Motion in the state court was subsequently

6   denied without prejudice upon removal.  *See* Minute Order at 2, ECF No. 3.  Thus, the Attorney

7   Defendants hereby refile their Motion in federal court in accordance with Local Rule 81-1 and this

8   Court's Minute Order dated June 27, 2022.

9   **IV.    LEGAL STANDARDS**

10      Pursuant to Federal Rule of Civil Procedure 12(b)(2), a motion to dismiss should be

11  granted where the Court lacks personal jurisdiction over the defendant.  A court's personal

12  jurisdiction over a defendant, its power to "rend[er] a judgment personally binding him," is based

13  on its "de facto power over the defendant's person." " *Int'l Shoe Co. v. State of Wash.*, 326 U.S.

14  310, 316 (1945).  This power comes either from a defendant's presence within the territory of the

15  forum or certain minimum contacts he has with it.  *Id.*  (internal citations omitted).  Absent such

16  "contacts, ties, or relations" to a state, the Due Process Clause does not permit the courts of that

17  state to issue a binding judgment against a defendant.  *Perkins v. Benguet Consol. Min. Co.*, 342

18  U.S. 437, 447 (1952).

19      "In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff

20  bears the burden of establishing that jurisdiction is proper."  *Mavrix Photo, Inc. v. Brand*

21  *Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).  Where the motion is based on written

22  materials rather than an evidentiary hearing, the plaintiff must make at least a prima facie showing

23  of jurisdictional facts.  *Id.*  The court "may not assume the truth of allegations in a pleading which

24  are contradicted by affidavit."  *Id.*

25  **V.     ARGUMENT**

26      **A.    Plaintiff is a Vexatious Litigant Seeking a New Forum to Re-open His Claims**

27      A passing glace at even the caption of Plaintiff's Complaint reveals that this is nothing

28  more than a frivolous lawsuit intended to harass prominent lawyers and judges in California.  The

**AttyDefsSER-047**

1   defendants include the current and former Chief Justices of the California Supreme Court, ten

2   current and senior judges of the United States Court of Appeals for the Ninth Circuit, an Associate

3   Justice of the California Court of Appeal, and former judges of the United States District Court for

4   the Northern and Central Districts of California.

5        Plaintiff has brought lawsuits against swaths of the legal community over the last ten years,

6   alleging that judges, investigators, lawyers, and clerks were variously involved in a conspiracy

7   surrounding his disbarment.  Indeed, Plaintiff has named Defendant Ronald M. George in multiple

8   other lawsuits involving allegations related to his disbarment.  *See* RJN, Ex. D, Complaint, *Dydzak*

9   *v. George*, Case No. 10-cv-05820-SVW, ECF No. 1 (C.D. Cal. Aug. 5, 2010); *Dydzak v.*

10  *Alexander*, Case No. 2:16-cv-02915-ODW, 2016 WL 3094753 (C.D. Cal. June 1, 2016);[3] *Dydzak*

11  *v. Schwab*, Case No. 16-cv-04799-YGR, 2016 WL 10647201 (N.D. Cal. Nov. 30, 2016); *Dydzak*

12  *v. United States*, Case No. 17-cv-04360-EMC, 2017 WL 4922450 (N.D. Cal. Oct. 31, 2017).  In

13  the most recent of the aforementioned lawsuits, Plaintiff accused Defendants Eric M. George,

14  Ronald M. George, and Alan I. Rothenberg of unlawfully intercepting his telephonic

15  communications and improperly paying to influence local judges and attorneys against him.

16  These claims were disposed of with prejudice.  *Dydzak v. United States*, 2017 WL 4922450, at *9-

17  12.  Despite this disposition, Plaintiff brings the instant lawsuit against these same three

18  defendants, once again alleging they engaged in "improper," "illegal" *ex parte* and extrajudicial

19  communications as part of a conspiracy against him.  (Compl. ¶ 39.)

20       As a result of his prior frivolous and harassing filings relating to his disbarment, Plaintiff

21  has been deemed a vexatious litigant in the California courts.  He is prohibited from filing in the

22  Central District of California any complaint alleging deprivation of rights under 42 U.S.C. § 1983

23  or *Bivens v. Six Unnamed Agents*, 403 U.S. 388 (1971) as it relates to his disbarment without prior

24  authorization from the presiding judge.  (RJN, Ex. B at 10.)  This restriction was imposed on

25  Plaintiff after he filed four federal lawsuits "replete with frivolous allegations, motions, and

26

27  _____

[3] Defendants are referenced in the *Dydzak v. Alexander* case, although they are not formally
named as defendants in that complaint.

28

-8-

**AttyDefsSER-048**

1  appeals" and which named as defendants "virtually every sitting judge in the Central District of

2  California." *Dydzak v. Alexander*, 2016 WL 3094753, at *2 n. 3.

3      Plaintiff is also prohibited from filing "any new litigation in the courts of California

4  without approval of the presiding judge of the court in which the action is to be filed." (RJN,

5  Exhibit C, at 1.)  The California Supreme Court has underscored this decision by confirming that

6  it will "no longer consider challenges to [Plaintiff's] disbarment." (RJN, Exhibit E, California

7  Supreme Court docket, Case No. S179850, entry dated September 11, 2019.)

8      Thus, it is clear that Plaintiff long ago exhausted his opportunities to challenge his

9  disbarment, has repeatedly attempted to relitigate that challenge in California, and now, having

10  been barred from doing so, is looking to start again in Nevada.

11      **B.**      **Personal Jurisdiction Does Not Exist as to Any Defendant**

12      Plaintiff cannot establish personal jurisdiction over Defendants Eric M. George, Ronald M.

13  George, or Alan I. Rothenberg. "Federal courts ordinarily follow state law in determining the

14  bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

15  Personal jurisdiction over a defendant in federal court is considered proper "if it is permitted by a

16  long-arm statute and if the exercise of that jurisdiction does not violate federal due process."

17  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55 (9th Cir. 2006). Under Nevada's long-arm

18  statute, its courts may exercise personal jurisdiction over out-of-state defendants if consistent with

19  "the Constitution of the United States." (Nev. Rev. Stat. § 14.065.) Thus, in order to determine

20  whether Nevada may exercise jurisdiction over the Attorney Defendants, the court must determine

21  whether the exercise of such jurisdiction "comports with the limits imposed by federal due

22  process" on the State of Nevada. *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler*,

23  571 U.S. at 125). Due process requires, if a Defendant is outside the forum state, that "he have

24  certain minimum contacts with [the forum state] such that the maintenance of the suit does not

25  offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316

26  (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

27      In determining whether exercising personal jurisdiction over a defendant offends due

28  process, courts examine whether general or specific jurisdiction exists under the circumstances.

**AttyDefsSER-049**

1    *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).  Here, neither is

2    applicable because Plaintiff has not and cannot show that Defendants reside in Nevada or have

3    sufficient (or any) contacts there, nor that any of the activity forming the basis of his claims took

4    place in Nevada.  Therefore, Plaintiff's Complaint should be dismissed as to Defendants Eric M.

5    George, Ronald M. George, and Alan I. Rothenberg for want of personal jurisdiction.

6                    **i.        General Jurisdiction Over Defendants is Improper in this Court**

7                    In order for this Court to exercise general personal jurisdiction over a defendant, the

8    defendant must be domiciled in Nevada.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564

9    U.S. 915, 924 (2011).  If a defendant is not domiciled in Nevada, general personal jurisdiction

10   may also be appropriate where a defendant's contacts with the forum are so "continuous and

11   systematic" that the exercise of jurisdiction over him could be considered "reasonable and just."

12   *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984) (citing *Perkins v.*

13   *Benguet Consol. Mining Co.*, 342 U.S. 437, 438, 445 (1952)).  "To determine whether a

14   nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, [the

15   Ninth Circuit] consider[s] their '[l]ongevity, continuity, volume, economic impact, physical

16   presence, and integration into the state's regulatory or economic markets.'"  *CollegeSource, Inc. v.*

17   *AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011) (quoting *Tuazon v. R.J. Reynolds Tobacco*

18   *Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006)).  "The standard for general jurisdiction 'is an exacting

19   standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled

20   into court in the forum state to answer for any of its activities anywhere in the world.'"

21   *CollegeSource*, 653 F.3d at 1074 (internal citations omitted).

22                   There is no evidence or even any allegations to support general jurisdiction in Nevada.

23   The Attorney Defendants all reside in California, have never resided in Nevada, and conduct no

24   substantial business at all in Nevada.  (*See* Declaration of Eric M. George in Support of

25   Defendants' Motion to Dismiss Complaint ("E. George Decl.") ¶ 2; Declaration of Ronald M.

26   George in Support of Defendants' Motion to Dismiss Complaint ("R. George Decl.") ¶ 2;

27   Declaration of Alan I. Rothenberg in Support of Defendants' Motion to Dismiss Complaint

28   ("Rothenberg Decl.") ¶ 2, all filed concurrently herewith.)  Plaintiff's Complaint likewise

**AttyDefsSER-050**

confirms that general jurisdiction does not exist.  Plaintiff himself alleges that Eric M. George, Ronald M. George, and Alan I. Rothenberg are residents of the State of California.  (Compl. at ¶¶ 11-13).  The Complaint makes no mention of these defendants residing in Nevada or having any other contact in Nevada, let alone "substantial" or "continuous and systematic" contacts. Additionally, the alleged conduct that forms the basis of Plaintiff's claims against Defendants took place in California; his allegations concern a California Supreme Court decision affirming the California State Bar's decision to withdraw Plaintiff's license to practice law in California. (Compl. at ¶ 39.)  The only alleged connection that any defendant or this lawsuit has with the State of Nevada is Plaintiff's assertion that another of the defendants, Judge Johnnie Rawlinson, resides there.  (Compl. ¶ 7.)  This single allegation is insufficient to establish personal jurisdiction over Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg.  Thus, general personal jurisdiction over these Defendants has not been established and dismissal is proper under Federal Rule of Civil Procedure 12(b)(2).

### ii.       Specific Jurisdiction Over Defendants is Also Improper in this Court

Plaintiff likewise cannot establish specific jurisdiction over any of the Defendants. Specific jurisdiction is appropriate where, although "the defendant's activities are not so pervasive as to subject him to general jurisdiction . . . the nature and quality of the defendant's contacts [with the forum state] in relation to the cause of action" make the court's exercise of jurisdiction fair. *Data Disc, Inc.v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977).

The test for whether personal jurisdiction is proper over an out-of-state defendant based upon his contacts with the forum state is as follows:

> (1) [t]he nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (2) the claim must be one which arises out of or results from the defendant's forum-related activities. (3) Exercise of jurisdiction must be reasonable.

*Data Disc*, 557 F.2d at 1287 (citing *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 789 (9th Cir. 1977)).  "If any of the three requirements is not satisfied, jurisdiction in the forum would

AttyDefsSER-051

deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

There are likewise no facts or evidence to establish specific jurisdiction for any of the Attorney Defendants.  First, there is no evidence or even any allegations of any of them purposefully availing themselves of the forum state; in fact, Plaintiff's complaint makes no mention of any activity by any of these defendants that is associated with the State of Nevada at all.  (Compl. ¶¶ 38-40; E. George Decl. ¶ 2; R. George Decl. ¶ 2; Rothenberg Decl. ¶ 2.)  Second, the cause of action (conspiracy to unlawfully interfere with the processes of the court) did not arise from the Attorney Defendants' activities in Nevada.  Rather, it arose from their alleged activity surrounding a California Supreme Court case, which itself concerned a California State Bar decision recommending the withdrawal Plaintiff's license to practice law in California.  The communications that make up the alleged conspiracy are between California-based Defendants and the Chief Justice and Clerk of the California Supreme Court.  Plaintiff makes no other allegations that this cause of action arose from any activities in the forum state.  Finally, because there exist no allegations of activities in the forum state, and Plaintiff's claim does not arise from forum-related activities, it follows that the exercise of jurisdiction over the Attorney Defendants in Nevada would not be reasonable.

Thus, Plaintiff has clearly failed to meet any element of the test for specific jurisdiction.  It remains that the only allegation in his Complaint related to the State of Nevada is that Judge Rawlinson resides there.  But as the U.S. Supreme Court has made clear, "considering the 'defending parties' together and aggregating their forum contacts in determining whether [a court] had jurisdiction" is "plainly unconstitutional" because the requirements of *International Shoe* must be met as to each defendant.  *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) (holding that Minnesota could not exercise jurisdiction over a defendant who had no ties to the state merely because the insurer responsible for defending him did business in that state).  To that end, the Nevada state court has already determined that Judge Rawlinson's alleged connection to Nevada does not itself establish personal jurisdiction over the other defendants in this matter.  (*See* Eighth Judicial District Court of Nevada Order Granting Defendants Chief Justice Cantil-Sakauye and

AttyDefsSER-052

Jorge Navarrete's Motion to Dismiss dated June 2, 2022 at 8-9, ECF No. 1-3.)  Accordingly, there is no basis for specific jurisdiction over Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg and the claims against them should be dismissed.

## VI.   <u>CONCLUSION</u>

It is clear based on the content of Plaintiff's Complaint, and his status as a vexatious litigant in California courts, that Plaintiff is merely seeking another forum in which to continue bringing frivolous and harassing claims regarding his disbarment.  Plaintiff has failed to meet his burden of making a prima facie showing that this Court can exercise personal jurisdiction over Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg.  Therefore, in accordance with the foregoing, Defendants respectfully request that the Court dismiss them from the action due to want of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

Date: July 1, 2022

Respectfully submitted,

By _____

Eric M. George, *in propria persona*
c/o 2121 Avenue of the Stars, Suite 3000
Los Angeles, California 90067
Tel. (310) 274-7100

Date: July 1, 2022

By ____/s/ Alan I. Rothenberg_____

Alan I. Rothenberg, *in propria persona*
c/o 2121 Avenue of the Stars, Suite 3000
Los Angeles, California 90067
Tel. (310) 274-7100

-13-

**AttyDefsSER-053**

1 | Date: July 1, 2022

2

3

4 | By _____

5 | Ronald M. George, *in propria persona*
c/o 2121 Avenue of the Stars, Suite 3000
Los Angeles, California 90067

6 | Tel. (310) 274-7100

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-

**AttyDefsSER-054**

1 | Eric M. George
Ronald M. George
2 | Alan I. Rothenberg
c/o 2121 Avenue of the Stars, Suite 3000
3 | Los Angeles, California 90067
Telephone: (310) 274-7100
4 | Facsimile: (310) 275-5697
E-Mail: egeorge@egcfirm.com
5 |
Defendants *in propria persona*
6 | Eric M. George, Ronald M. George, and Alan I.
Rothenberg
7 |
8 | UNITED STATES DISTRICT COURT
9 | DISTRICT OF NEVADA
10 |
11 |
12 | DANIEL DAVID DYDZAK,                     Case No. 2:22-cv-01008-APG-VCF

              Plaintiff,                      The Hon. Andrew P. Gordon
13 |
       vs.                                    **DECLARATION OF ERIC M. GEORGE
14 |                                          IN SUPPORT OF DEFENDANTS ERIC M.
       TANI CANTIL-SAKAUYE, et al.,           GEORGE, RONALD M. GEORGE, AND
15 |                                          ALAN I ROTHENBERG'S MOTION TO
              Defendant.                      DISMISS COMPLAINT**
16 |
                                              Trial Date:  None Set
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

**DECLARATION OF ERIC M. GEORGE**

I, Eric M. George, declare and state as follows:

1.      I am an attorney at law admitted to practice in the State of California.  I am representing myself *in propria persona* in this action.  I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.

2.      I reside in the County of Los Angeles, California.  I do not maintain a residence in the State of Nevada, and I have never lived in the State of Nevada.  I am not, nor have I ever been, licensed to practice law in the State of Nevada.  I do not conduct any substantial business in the State of Nevada.  I did not have substantial contact with the State of Nevada at the time of Plaintiff's disbarment, nor have I had such contacts in the intervening years since.  I am unaware of any relationship between the State of Nevada and the facts underlying this lawsuit (with the exception that one of the defendant-judges named in this lawsuit allegedly resides in Nevada).  This lawsuit does not arise from any conduct or contact, personal or professional, that I have ever had with the State of Nevada.

3.      Attached hereto as **Exhibit A** is a true and correct copy of the Opinion on Review and Order In the Matter of Daniel David Dydzak dated December 3, 2009, Review Department of the State Bar Court, Nos. 04-O-14383; 06-O-10960.

4.      Attached hereto as **Exhibit B** is a true and correct copy of the Order dated September 25, 2012 in the matter of *Dydzak v. Cantil-Sakauye*, C.D. Cal. Case No. C11-5560-JCC, Dkt. No. 35.

5.      Attached hereto as **Exhibit C** is a true and correct copy of the Prefiling Order—Vexatious Litigant dated April 5, 2013 in the matter of *Dydzak v. Dunn*, Cal. Super. Ct. Case No. 30-2012-00558031.

6.      Attached hereto as **Exhibit D** is a true and correct copy of the Complaint in the matter of *Dydzak v. George*, Case No. 10-cv-05820-SVW, Dkt. No. 1 (C.D. Cal. Aug. 5, 2010).

/ / /

/ / /

/ / /

1    7.    Attached hereto as **Exhibit E** is a true and correct copy of the docket for California

2    Supreme Court Case No. S179850.

3    Executed this 1st day of July 2022, at Los Angeles, California.

4    I declare under penalty of perjury under the laws of the United States of America that the

5    foregoing is true and correct.

6

7    _____

8    Eric M. George

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

Opinion on Review and Order In the
Matter of Daniel David Dydzak dated
December 3, 2009, Review Department
of the State Bar Court, Nos. 04-O-14383;
06-O-10960

**AttyDefsSER-058**

**PUBLIC MATTER – NOT DESIGNATED FOR PUBLICATION**

**Filed December 3, 2009**

**REVIEW DEPARTMENT OF THE STATE BAR COURT**

| | | |
|---|---|---|
| In the Matter of | ) | Nos**. 04-O-14383; 06-O-10960** |
| | ) | |
| **DANIEL DAVID DYDZAK,** | ) | **OPINION ON REVIEW** |
| | ) | **AND ORDER** |
| A Member of the State Bar. | ) | |
| | ) | |

BY THE COURT:[1]

      This is Daniel David Dydzak's fifth disciplinary proceeding in less than 10 years.  In 1998, he was suspended for 30 days for wide-ranging misconduct in five client matters, including failure to:  promptly pay client funds, maintain client trust account funds, communicate with a client, return client files, return unearned fees, and cooperate with the State Bar investigation.  He received a private reproval in 2002 when he neglected to report $3,500 in sanctions for filing a frivolous appeal.  Also in 2002, Dydzak was publicly reproved for failure to show respect for the court by making a scurrilous remark about a judge while leaving the courtroom.  In 2004, he received a one-year stayed suspension and two years' probation for engaging in the unauthorized practice of law (UPL) while on suspension from his first discipline.

      In this proceeding, the hearing judge recommended disbarment after finding Dydzak culpable of serious professional misconduct in four separate matters.  Dydzak is appealing, asserting a plethora of procedural, substantive and constitutional issues.[2]

---

[1] Before Remke, P. J., Epstein, J. and Purcell, J.

[2] Dydzak filed no less than 21 pleadings in the Hearing Department, the Review Department and the Supreme Court, all of which were denied.  Those pleadings raised the same

Dydzak's latest misconduct reflects a lack of understanding of his professional responsibilities, even after prior disciplines should have motivated him to reflect upon, and conform to, the ethical parameters of the legal profession. Upon our de novo review (*In re Morse* (1995) 11 Cal.4th 184, 207), we find clear and convincing evidence supporting the hearing judge's culpability findings, as well as additional culpability and aggravation. We conclude that Dydzak should be disbarred because additional discipline will not adequately protect the public.

## I. PROCEDURAL HISTORY

Dydzak was admitted to the practice of law in California on December 17, 1985, and he has been a member of the State Bar of California since then. On August 11, 2006, the Office of the Chief Trial Counsel of the State Bar of California (State Bar) filed a notice of disciplinary charges (NDC) in case numbers 04-O-14383, 05-O-00017 and 05-O-02000. On December 27, 2006, it filed another NDC in case number 06-O-10960. The matters were consolidated, and Dydzak was charged with a combined total of 11 counts of misconduct. The case was tried on July 24-25, 2007, and submitted on October 25, 2007. The decision was filed on August 5, 2008.[3]

---

procedural and constitutional issues that he resurrects in this plenary appeal. Any issues not specifically addressed here have been considered and rejected as moot or without factual and/or legal basis.

[3] Rule 220(b) of the Rules of Procedure of the State Bar of California specifies that the decision should be filed within 90 days of submission, but the rule "is neither mandatory nor jurisdictional, but directory." (*In the Matter of Petilla* (Review Dept. 2001) 4 Cal. State Bar Ct. Rptr. 231, 246.) Nevertheless, adherence to the rule is important because it serves the dual purpose of public protection when a respondent is culpable of misconduct and prompt vindication of a respondent's professional reputation when no culpability is found.

**AttyDefsSER-060**

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.     CASE NUMBER 04-O-14383**

### 1.     LaFlamme Matter

Thomas LaFlamme hired Dydzak to substitute as his attorney of record in a civil lawsuit that LaFlamme had filed in the Los Angeles County Superior Court.  After Dydzak presented LaFlamme's case, the court granted the defendant's motion for a non-suit as to all causes of action.  On September 23, 2003, the Superior Court judge signed and filed an order directing that judgment be entered in favor of the defendant.

On November 20, 2003, Dydzak filed a notice of appeal with an incomplete Case Information Statement (CIS) in the Court of Appeal.  On January 4, 2004, the Court of Appeal returned the CIS to Dydzak because he failed to attach a copy of the Superior Court's order, and instructed him to file a corrected CIS by February 18, 2004.  Dydzak then filed three separate applications for extensions of time.  In its order granting Dydzak's third request for additional time, the Court of Appeal again directed him to file a completed "Case Information Sheet, with the appealable order" no later than May 6, 2004.

Instead of timely filing the completed CIS as ordered by the Court of Appeal, Dydzak filed a pleading on May 13, 2004, entitled "Plaintiff's/Appellant's Notice of Abandoning Appeal Without Prejudice to Refile New Notice of Appeal Once Judgment is Entered." [4]  He then waited six more months to file a motion for entry of judgment in the Superior Court.[5]  Before Dydzak

---

[4] Dydzak claims that during the entire time he was attempting to perfect LaFlamme's appeal, he was unaware that the Superior Court had filed its order directing entry of judgment on September 23, 2003.  When asked why he did not simply go to the Superior Court to ascertain if the order had been filed or to obtain an endorsed-filed copy of the final order to attach to the CIS, he stated:  "Well, I don't believe . . . that I am required to have such a heavy burden to visit the court file."

[5] It appears that the clerk of the court did not officially enter the judgment in the records until December 8, 2004, after Dydzak filed the motion for entry of judgment.

AttyDefsSER-061

had time to file a second notice of appeal, LaFlamme terminated him on December 30, 2004.  At that point, the filing of LaFlamme's appeal had been delayed for more than a year.

### Count 1 – Failure to Perform Competently (Rules Prof. Conduct, rule 3-110(A))[6]

Rule 3-110(A) provides that an attorney must "not intentionally, recklessly, or repeatedly fail to perform legal services with competence."  Despite numerous orders of the Court of Appeal requiring him to file a completed CIS "with the appealable order," Dydzak made no effort to do so within the time specified by the Court of Appeal.  His failure to perfect his client's appeal, which languished for more than a year, clearly constitutes a failure to perform with competence.

### 2.     The Cofield Matter

On November 30, 2001, Brad and Maria Cofield, husband and wife, hired Dydzak to file a lawsuit against their former business associates.  The Cofields verbally agreed to a contingency agreement and gave Dydzak $1,500 as a retainer and cost advance with the remaining costs to be deducted from any recovery.  Six months later, on May 30, 2002, Dydzak filed a complaint in the Los Angeles County Superior Court.  On November 27, 2002, he filed a first amended complaint.

A year and a half after the Cofields retained him, Dydzak sent them a letter on June 10, 2003, stating that they needed to sign a contingent fee agreement and to advance an additional $1,000 "to continue on the case, and for both of you to agree in writing that all costs incurred in the case . . . will be paid by both of you."  Dydzak concluded by stating:  "If both of you will not agree to [these two] foregoing [conditions], I respectfully request that you substitute me out of the case.  If not, I will file a motion to withdraw shortly."  The Cofields refused to sign an

---

[6]Unless otherwise indicated, all further references to rules are to these Rules of Professional Conduct of the State Bar.

**AttyDefsSER-062**

agreement or pay the additional costs, stating in a letter dated August 4, 2003: "This is not the agreement we made when you took the case." Their letter also criticized Dydzak's handling of the case. Despite his previous statement, Dydzak did not file a motion to withdraw.

Dydzak failed to appear at the Cofields' final status conference on January 8, 2004, at which the Superior Court set a trial date of January 20, 2004, and issued an order to show cause (OSC) why Dydzak should not be sanctioned for his failure to appear. Dydzak had actual notice of the OSC hearing, which was scheduled for the same date as the trial. On January 20, 2004, Dydzak did not appear. The Cofields were present, however, and only then learned from the Superior Court judge that Dydzak had filed a request for dismissal on January 15, 2004. According to Dydzak, the Cofields authorized him to settle and dismiss the case in exchange for a waiver of costs. The Cofields credibly testified that they never gave Dydzak permission to settle or dismiss their lawsuit.[7] They paid subsequent counsel approximately $18,000 to vacate the dismissal of their case. Eventually, the Cofields represented themselves at trial, obtaining a partial verdict in their favor.

**Count 2 – Failure to Perform Competently (Rule 3-110(A))**

Dydzak willfully violated rule 3-110(A) by failing to appear at the final status conference, and by settling and dismissing the Cofields' case without their consent. And he did so without any assurance that the Cofields' interests were protected. Although his settlement and dismissal of the Cofields' case without their authority constitute a failure to perform with competence, as charged in Count 2, this conduct is more appropriately charged in Count 3 as

---

[7] The Cofields' testimony was corroborated by a declaration by Dydzak filed in the Superior Court in support of the motion to vacate the dismissal in which he attested, under penalty of perjury: "This case was dismissed based upon mistake, inadvertence and excusable neglect on my part due to the that that I was under the <u>mistaken</u> impression that my clients, Brad Cofield and Maria Cofield, authorized me to dismiss the case because of their unavailability and their lack of financial resources to prosecute the case through trial. In hindsight, my impression was incorrect. . . ." (Emphasis in the original.)

AttyDefsSER-063

moral turpitude.  Accordingly, we dismiss this count with prejudice as duplicative.  (*Bates v. State Bar* (1990) 51 Cal.3d 1056, 1060 [duplicate allegations of misconduct serve little, if any, purpose in State Bar proceedings.)

### Count 3 – Moral Turpitude (Business and Professions Code Section 6106)[8]

The hearing judge found that Dydzak willfully violated section 6106 when he settled and then dismissed the Cofields' case without their consent.  We agree.  The overreaching involved in resolving a lawsuit without the client's approval constitutes a deliberate breach of a fiduciary duty owed to the client and involves moral turpitude per se.  (*In the Matter of Kittrell* (Review Dept. 2000) 4 Cal. State Bar Ct. Rptr. 195, 208.)

### 3.     The Sylver Matter

In 2003, Dydzak represented Marshall Sylver and Sylver Enterprises, Inc. (collectively the Sylver defendants) in a lawsuit in the U. S. District Court for the Central District of California.  Dydzak filed an opposition to the plaintiff's motion to strike the Sylver defendants' pleadings on October 3, 2003, and attached a supporting declaration, attesting under penalty of perjury that he was "duly admitted to practice law before all of the Courts of the State of California."  On October 20, 2003, he appeared at the hearing on the motion to strike.  At the time Dydzak filed the pleadings and appeared at the hearing, he was suspended from the practice of law for failure to pay costs in a prior disciplinary matter.

### Count 4 – Unauthorized Practice of Law/Holding Out as Entitled to Practice (§§ 6068, subd. (a), 6125, and 6126)

The hearing judge, citing *Benninghoff v. Superior Court* (2006) 136 Cal.App.4th 61, dismissed Count 4 because he found that Dydzak may not be disciplined based on his conduct in federal court either for UPL or for holding himself out under sections 6125 or 6126.  Under the

---

[8] Unless otherwise indicated, all further statutory references are to the Business and Professions Code.  Section 6106 makes the commission "of any act involving moral turpitude, dishonesty or corruption . . . a cause for disbarment or suspension."

**AttyDefsSER-064**

facts of this case, we agree with the hearing judge that Dydzak may not be disciplined under section 6125, even though he practiced law in the federal court while he was suspended by the State Bar.  (*Surrick v. Killion* (3d Cir. 2006) 449 F.3d 520, 530-531 [suspension from membership from a state bar does not necessarily lead to disqualification from a federal bar]; cf. *In the Matter of Wells* (Review Dept. 2006) 4 Cal. State Bar Ct. Rptr. 896, 902-903 [discipline may be imposed for UPL in federal court when matter involves settlement of state law claims].)

However, section 6126 is broader than section 6125 and prohibits an attorney who is suspended by the State Bar from holding himself out as entitled to practice in California.  We find Dydzak culpable of a violation of section 6126 for representing in his declaration filed in the federal court that he was duly admitted to practice before all California courts.  While we do not seek to restrict or assume jurisdiction over Dydzak's practice before the federal courts, the California Supreme Court may discipline a practitioner for acts committed in federal court that " ' reflect on his integrity and fitness to enjoy the rights and privileges of an attorney' " in California.  (*In the Matter of Gadda* (Review Dept. 2002) 4 Cal. State Bar Ct. Rptr. 416, 420, citations omitted.)  "Barring the [s]tates from disciplining their bar members based on misconduct occurring in federal court would lead to the unacceptable consequence that an attorney could engage in misconduct at will in one federal district without jeopardizing the state-issued license that facilitates the attorney's ability to practice in other federal and state venues." (*Canatella v. California* (9th Cir. 2005) 404 F.3d 1106, 1110-1111.)  We thus find Dydzak culpable of violating a California Supreme Court order that prohibited him from holding himself out as entitled to practice law in California in violation of section 6126.

**B.     CASE NUMBER 06-O-10960**

   **1.     The Thronson Matter**

On March 24, 2003, Frances Thronson retained Dydzak to represent her in a personal injury case against Trader Joe's.  Shortly thereafter, she gave him $250 for fees and costs.  In

**AttyDefsSER-065**

April 2003, Dydzak told Thronson that he would file a complaint within five to seven days and send her a copy once he had filed it.  Thronson called five or six times during the following weeks, asking Dydzak's assistant for a copy of the complaint.

In May 2003, Dydzak left a voicemail message for Thronson falsely stating that he had filed "papers" against Trader Joe's.  In fact, he did not file the complaint until one year later in May 2004.  In the meantime, he repeatedly evaded Thronson's continued requests for a copy of the complaint and for a status conference, all the while professing that the complaint had been filed.  Finally, Dydzak met with Thronson on May 7, 2004, the date Dydzak actually filed the complaint.  He still did not provide a copy of the complaint, leaving her to believe that he had filed it the previous year as he had assured her.  At the May 7, 2004, meeting, Thronson signed a retainer agreement with Dydzak.

On September 7, 2004, Dydzak failed to appear at a case management conference (CMC) in Thronson's case.  The Superior Court issued an OSC directing Dydzak to file a declaration no later than October 1, 2004, showing why Thronson's case should not be dismissed for his failure to (1) appear at the CMC, (2) file proof of service of the complaint, (3) comply with the California Rules of Court regarding CMCs, and (4) timely prosecute her case.  The court set the OSC hearing for October 7, 2004.  Dydzak filed his declaration in response to the OSC four days late on October 5, 2004, and then failed to appear at the hearing.  As a result, the Superior Court dismissed Thronson's case on October 7, 2004.  Dydzak did not inform Thronson that her case had been dismissed, let alone the reasons for the dismissal.

Dydzak waited more than five months to file a motion to set aside the dismissal, which the Superior Court denied in April 2005.  He then filed a motion for reconsideration, which the court denied in July 2005.  On October 25, 2005, Dydzak filed a notice of appeal and -- more than a year after the dismissal – he finally advised Thronson that her case had been dismissed by

**AttyDefsSER-066**

the Superior Court.  Even then, he neglected to disclose the reasons for the dismissal.  On

December 8, 2005, the Court of Appeal filed an order dismissing the appeal because Thronson

was in default.

On January 17, 2006, Thronson sent a letter to Dydzak detailing the history of their

association and indicating that she "would be willing to call it quits if [she] received $10,000 in

compensation for a variety of ills.  I could then let the matter go."  Dydzak responded by letter

on January 26, 2006, falsely stating that he had previously advised her of the Court of Appeal's

dismissal.  He further falsely claimed that "I explained to you that the costs [to set aside the

dismissal] were expensive.  You failed to timely remit to me required monies for said appeal,

resulting in the dismissal of the appeal."  Dydzak insisted in his letter that Thronson send him

$800 to cover costs so that he could "pursue the appeal by moving to reinstate same."  He also

stated that he had previously informed Thronson that she "had major difficulties of proof in [her]

case."  Thronson credibly testified that she was never advised about the cost of appeal or that her

case lacked merit.  In his January 26 letter, Dydzak did not advise her that the deadline to seek

reinstatement had already expired on December 23, 2005, or that the Court of Appeal's order

dismissing the appeal was final as of January 16, 2006.

### Count 1 – Failure to Perform Competently (Rule 3-110(A))

Without question, Dydzak willfully violated rule 3-110(A) when he repeatedly failed to

competently perform legal services for Thronson.  His disregard of his fiduciary duty to protect

her interests, as detailed above, was egregious.

### Counts 2, 3, 4 and 5 -- Moral Turpitude (§ 6106)

Dydzak's many misrepresentations to Thronson about the status of her case, as set forth

in Counts 2, 3, 4, and 5, constitute moral turpitude in violation of section 6106.  His statements

involved both affirmative misrepresentations (e.g., his repeated claims that  he had filed the

**AttyDefsSER-067**

complaint against Trader Joe's), and nondisclosures (e.g., his repeated failure to inform Thronson of the dismissals by the Superior Court and the Court of Appeal and the reasons for the dismissals). In finding moral turpitude, " '[n]o distinction can . . . be drawn among concealment, half-truth, and false statement of fact. [Citation.]' [Citation.]" (*In the Matter of Chesnut* (Review Dept. 2000) 4 Cal. State Bar Ct. Rptr. 166, 174.) In the interest of economy, all of Dydzak's misrepresentations could have been properly charged as one count, but we nevertheless find that each violation of section 6106 set forth in counts 2, 3, 4, and 5 was established by clear and convincing evidence.

### Count 6 – Failure to Advise of Significant Developments (§ 6068, subd. (m))

Dydzak willfully violated section 6068, subdivision (m), which requires that attorneys keep their clients advised of significant developments. He failed to timely tell Thronson about the dismissal of her case, the reasons for that dismissal, and the consequences of the dismissal of her appeal. However, the hearing judge correctly gave no additional weight for the violation of section 6068, subdivision (m) because Dydzak's failure to inform Thronson was a basis for establishing culpability for misrepresentation in Counts 2, 3, 4, and 5. Therefore, Count 6 is dismissed as duplicative. (*Bates v. State Bar, supra,* 51 Cal.3d at p. 1060.)

### Count 7 – Failure to Respond to Client's Inquiries (§ 6068, subd. (m))

We find clear and convincing evidence that Dydzak willfully violated section 6068, subdivision (m), which requires attorneys to promptly respond to reasonable client inquiries. He repeatedly failed to promptly respond to numerous reasonable status inquiries from Thronson during a two-and-one-half-year period from May 2003 through June 2006.

### III.  MITIGATING AND AGGRAVATING CIRCUMSTANCES

### A.    MITIGATION

Dydzak bears the burden of proving mitigating circumstances by clear and convincing evidence. (Rules Proc. of State Bar, tit. IV, Stds. for Atty. Sanctions for Prof. Misconduct, std.

**AttyDefsSER-068**

1.2(e).)[9]  To establish his good character as a mitigating circumstance, Dydzak presented

testimony from two former clients. (Std. 1.2(e)(vi).)  He also introduced into evidence

declarations from nine individuals (two attorneys, four clients, and Dydzak's mother, brother,

and wife).  However, the value of their statements is reduced for lack of specificity that they

adequately understood the nature of Dydzak's current wrongdoing and/or the extent of his prior

record of discipline.  Therefore, we find this factor is entitled to minimal weight in mitigation.

## B.    AGGRAVATION

The State Bar bears the burden of proving aggravating circumstances by clear and

convincing evidence.  (Std. 1.2(b).)

### 1.    Prior Record of Discipline

Dydzak has been previously disciplined four times, which is an extremely serious

aggravating circumstance.  It is all the more so because certain aspects of Dydzak's present

misconduct echo his prior misconduct, particularly his failure to communicate and his abdication

of responsibility to clients.  (Std. 1.2(b)(i).)

### 2.    Multiple Acts

We have found Dydzak culpable of numerous counts of misconduct in four separate

matters.  Such multiple acts of misconduct constitute an aggravating circumstance.  (Std.

1.2(b)(ii).)

### 3.    Significant Harm

Dydzak's misconduct caused significant harm in two separate client matters.  The

Cofields had to hire two attorneys at a total cost of $18,000 to set aside the dismissal of their

case.  Thronson not only lost her cause of action against Trader Joe's, she lost the opportunity to

---

[9] All further references to standards are to this source.

AttyDefsSER-069

be reimbursed approximately $2,800 for her medical expenses, which the insurance company initially offered but which Dydzak told her to reject in favor of filing a lawsuit.  (Std. 1.2(b)(iv).)

### 4.    Dishonesty and Overreaching

The hearing judge was unwilling to consider as aggravation that Dydzak's misconduct was surrounded by bad faith, dishonesty, and concealment under standard 1.2 (b)(iii).  The judge deemed it duplicative of the facts relied upon in establishing Dydzak's culpability for moral turpitude.  We agree.  (See, e.g., *In the Matter of Chesnut, supra,*  4 Cal. State Bar Ct. Rptr. 166, 176.)  However, standard 1.2 (b)(iii) also proscribes overreaching, which we find here as aggravating conduct due to Dydzak's attempt to renegotiate his fee agreement with the Cofields by threatening to withdraw a year and a half after commencing litigation on their behalf.  (*In the Matter of Shalant* (Review Dept. 2005) 4 Cal. State Bar Ct. Rptr. 829, 837-838 [coercive renegotiation of fees after commencement of trial constituted moral turpitude].)

### 5.    Lack of Insight and Remorse

Dydzak fails to demonstrate any remorse for his wrongdoing and instead continues to assert that his clients and others are responsible for his misconduct.  (Std. 1.2(b)(v).)  This is a significant factor in aggravation.  During the past decade, he has been disciplined four times, yet, incredibly, he complains in his brief on appeal that "[p]rior to this proceeding no [State] Bar attorney nor the Enforcement Unit [of the State Bar] ever explained to Dydzak the he could risk disbarment or severe discipline if there were disciplinary proceedings in the future against him."

"The law does not require false penitence.  [Citation.]  But it does require that the respondent accept responsibility for his acts and come to grips with his culpability.  [Citation.]" (*In the Matter of Katz* (Review Dept. 1991) 1 Cal. State Bar Ct. Rptr. 502, 511.)  Dydzak has failed to do this.

**AttyDefsSER-070**

# IV.  DISCUSSION

The purpose of State Bar disciplinary proceedings is not to punish the attorney, but to protect the public, to preserve public confidence in the profession and to maintain the highest possible professional standards for attorneys.  (Std. 1.3; *Chadwick v. State Bar* (1989) 49 Cal.3d 103, 111.)  In determining the appropriate level of discipline, we look to the standards for guidance, although we do not apply them in a talismanic fashion.  (*In the Matter of Van Sickle* (Review Dept. 2006) 4 Cal. State Bar Ct. Rptr. 980, 994.)  We also look to decisional law for additional guidance.  (*Snyder v. State Bar* (1990) 49 Cal.3d 1302, 1310-1311.)

Standard 1.6(a) provides that, when two or more acts of misconduct are found in a single disciplinary proceeding and different sanctions are prescribed for those acts, the recommended sanction is to be the most severe of them.  The most severe standard applicable here is standard 1.7(b), which provides that the degree of discipline for  an attorney with two or more prior records of discipline shall be disbarment unless the most compelling mitigating circumstances clearly predominate.

We recognize that despite the unequivocal language of standard 1.7(b), disbarment has not been imposed in every instance where a respondent has a prior history of two or more disciplines.  But we generally follow standard 1.7(b) where there is a "repeated finding of culpability of the same offense, or continuing misconduct of increasing severity."  (*In the Matter of Trousil* (Review Dept. 1990) 1 Cal. State Bar Ct. Rptr. 229, 241.)

We can find no justification here for a departure from standard 1.7(b).  Dydzak seriously compromised the rights of his clients and engaged in acts of moral turpitude, including making significant misrepresentations to his clients.  His misconduct is extremely serious and threatens the public because it has not only continued unabated during his decade-long involvement with the State Bar disciplinary system, but it has been increasing in severity.

**AttyDefsSER-071**

The reasons for our disbarment recommendation in *In the Matter of Shalant, supra*, 4 Cal. State Bar Ct. Rptr. at p. 842 apply equally here: "Respondent's extended history of inattention to his fiduciary responsibilities to his clients, together with his failure to learn from his past misdeeds, creates a grave risk that additional harm will result to his clients. Furthermore, respondent's manifest indifference to the consequences of his actions and the absence of any significant mitigation evidence compel [this court] to conclude that . . . . [¶] . . . disbarment [is] necessary to best serve the goals of attorney discipline in this case." (See also *Morgan v. State Bar* (1990) 51 Cal.3d 598; *In the Matter of Thomson* (Review Dept. 2006) 4 Cal. State Bar Ct. Rptr. 966.)

## V. RECOMMENDED DISCIPLINE

The court recommends that **DANIEL DAVID DYDZAK** be disbarred from the practice of law in the State of California and that his name be stricken from the roll of attorneys admitted to practice in this state.

## VI. RULE 9.20 AND COSTS

The court also recommends that Daniel David Dydzak be ordered to comply with the requirements of rule 9.20 of the California Rules of Court and to perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 calendar days, respectively, after the effective date of the Supreme Court order in this proceeding.

The court also recommends that costs be awarded to the State Bar in accordance with section 6086.10, such costs being enforceable both as provided in section 6140.7 and as a money judgment.

## VII. ORDER OF INACTIVE ENROLLMENT

Because the hearing judge recommended disbarment, he properly ordered that Daniel David Dydzak be involuntarily enrolled as an inactive member of the State Bar as required by

**AttyDefsSER-072**

section 6007, subdivision (c)(4), and Rules of Procedure of the State Bar, rule 220(c). The hearing judge's order of involuntary inactive enrollment became effective on August 8, 2008, and Daniel David Dydzak has remained on involuntary inactive enrollment since that time and will remain on involuntary inactive enrollment pending final disposition of this proceeding.

**AttyDefsSER-073**

# Exhibit B

Order dated September 25, 2012, *Dydzak v. Cantil-Sakauye*, C.D. Cal. Case No. C11-5560-JCC, Dkt. No. 35

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| DANIEL DAVID DYDZAK, | CASE NO. C11-5560-JCC |
| Plaintiff, | ORDER |
| v. | |
| TANI CANTIL-SAKAUYE, et al., | |
| Defendant. | |

In its order of March 2, 2012, the Court dismissed on its own motion *pro se* Plaintiff Daniel Dydzak's Complaint and ordered Mr. Dydzak to show cause as to why he should not be sanctioned for failure to comply with Federal Rule of Civil Procedure 11(b). (Dkt. No. 16.) Shortly thereafter, this Court issued a second order to show cause, in which it directed Mr. Dydzak to show cause as to (1) why he should not be declared a vexatious litigant, and (2) why he should not be prohibited from initiating further litigation alleging deprivation of rights under 42 U.S.C. § 1983 relating to his disbarment without prior authorization. (Dkt. No. 19.) Plaintiff responded to each order to show cause on April 2 and April 5, 2012, respectively. (Dkt. Nos. 31, 32.) Having considered Plaintiff's responses and the balance of the record, the Court finds that Plaintiff has failed to show good cause and hereby ORDERS that plaintiff is declared a vexatious litigant and subject to this pre-filing order, as explained below.

//

ORDER
PAGE - 1

**AttyDefsSER-075**

## I.   DISCUSSION

As the Ninth Circuit has recognized, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). To combat such abuses, litigation misconduct is sanctionable under this Court's inherent power, C.D. Cal. Local Rule 83-8, and Federal Rule of Civil Procedure 11. In rare circumstances, such sanctions may take the form of a pre-filing order, which limits one's ability to initiate further litigation. *See De Long*, 912 F.2d at 1147 (recognizing "inherent power of federal courts to regulate the activities of abusive litigants"); C.D. Cal. Local Rule 83-8.2 (authorizing court to issue "orders as are appropriate to control the conduct of a vexatious litigant"); FED. R. CIV. P. 11(c)(4) (permitting Court to impose sanctions in the form of nonmonetary directives). Before imposing a pre-filing order against a *pro se* litigant, however, a district court must (1) provide the litigant with "adequate notice and a chance to be heard," (2) identify the "cases and motions that support the conclusion that [the litigant's] filings are so numerous or abusive that they should be enjoined," (3) make "substantive findings as to the frivolous or harassing nature of the litigant's actions," and (4) ensure that any pre-filing order is "narrowly tailored to closely fit the specific vice encountered." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (quoting *De Long*, 912 F.2d at 1145-48 (internal quotation and citation omitted)). The purpose of these requirements is to ensure that the pre-filing order does not "tread on the litigant's due process right of access to the courts." *Id.* This Court addresses each of these requirements below.

### A.   Notice and Opportunity to be Heard

In the instant case, the Court finds that Mr. Dydzak was provided with adequate notice and an opportunity to be heard. By its orders dated March 2 and March 7, 2012, this Court directed Mr. Dydzak to show cause as to why he should not be sanctioned for failure to abide by Rule 11(b) and why he should not be declared a vexatious litigant and subject to a pre-filing bar.

AttyDefsSER-076

1    (Dkt. Nos. 16, 19.) Mr. Dydzak was given the opportunity to respond, which he did through two

2    separate opposition briefs. (Dkt. Nos. 31, 32.) In his responses to the orders to show cause,

3    Plaintiff also provided the Court with signed declarations in support of his opposition briefs. *Id.*

4    The Court has thoroughly considered each of Mr. Dydzak's responses and supporting materials.

5    Accordingly, Plaintiff was provided notice and afforded an opportunity to respond to the

6    possibility that he would be declared a vexatious litigant and subject to a pre-filing order. *See*

7    *Molski*, 500 F.3d at 1058-59; *cf. Pacific Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d

8    1112, 1118 (9th Cir. 2000) (imposing sanctions against attorney and holding that "[t]he

9    opportunity to brief the issue fully satisfies due process requirements").

10   **B.  Adequate Record**

11          The second requirement is that this Court establish an adequate record of review. *See De*

12   *Long*, 912 F.2d at 1147-48.  "An adequate record for review should include a listing of all the

13   cases and motions that led the district court to conclude that a vexatious litigant order was

14   needed." *Id.* at 1147. In this Court's prior order to show cause (Dkt. No. 19), the Court provided

15   a case-by-case and motion-by-motion replay of Mr. Dydzak's litigation history, which it includes

16   in full and supplements below.

17          This is Mr. Dydzak's fourth federal lawsuit challenging his 2008
18   disbarment. In the first such case, *Dydzak v. State of California, et al.*, C08-7765-
     VAP (AGR) (C.D. Cal. 2008) (*Dydzak I*), Mr. Dydzak alleged that individual
19   defendants in separate actions he had been litigating prior to his disbarment had
     exerted improper influence over his state bar proceedings. He sued the State of
20   California, the State Bar Court, and numerous judges and attorneys affiliated with
     the State Bar Court for deprivation of rights under 42 U.S.C. § 1983. On the
21   defendants' motion to dismiss, U.S. Magistrate Judge Alicia Rosenberg
22   recommended that the claims for injunctive and declaratory relief be dismissed
     based on *Younger* abstention, and that the claims for monetary relief be dismissed
23   based on Eleventh Amendment and quasi-judicial immunity. (*Id.*, Dkt. No. 45.)
     U.S. District Judge Virginia Phillips adopted the report and recommendation and
24   granted the motion to dismiss. (*Id.*, Dkt. No. 48.)

25          Following entry of judgment in the matter, Mr. Dydzak filed a motion
26   requesting that Judges Phillips and Rosenberg be disqualified. The motion was
     referred to Judge R. Gary Klausner, who issued an order denying the motion to

ORDER
PAGE - 3

**AttyDefsSER-077**

disqualify. (*Id.*, Dkt. No. 54.) Mr. Dydzak promptly moved to disqualify Judge Klausner. In an eight-page order, Judge Margaret Morrow denied that motion. (*Id.*, Dkt. No. 61.) Following a flurry of rejected motions by Mr. Dydzak, including a motion for reconsideration, a motion to reopen his case, and an additional motion to disqualify Judges Phillips and Rosenberg, Mr. Dydzak moved to disqualify all of the judges in the U.S. District Court for the Central District of California. (*Id.*, Dkt. No. 95.) That motion was referred to Judge George Wu, who issued yet another thoroughly drafted order denying the motion. (*Id.*, Dkt. No. 98.) Judge Wu also referred to Judge Morrow the issue of whether to sanction Mr. Dydzak for his disregard of the prior-issued orders for disqualification. Mr. Dydzak appealed the judgment in the matter to the Ninth Circuit, which summarily affirmed. (*Id.*, Dkt. No. 107; CA 09-56325, Dkt. No. 12 (9th Cir. Nov. 18, 2009).)

On February 4, 2010, Mr. Dydzak submitted a new application to the court to proceed *in forma pauperis*, along with a complaint naming the same defendants named in *Dydzak I*, along with several additional individual defendants. *See Dydzak v. Remke et al.*, C10-0828-UA-AGR (C.D. Cal. 2010). The proposed complaint recycled the allegations from *Dydzak I*. Judge Audrey Collins denied Mr. Dydzak's request to proceed *in forma pauperis* and rejected the complaint, finding that it failed to state a claim, that *res judicata* barred claims that were the same as those in *Dydzak I*, and that the claims for injunctive and declaratory relief were barred by *Younger* abstention. (*Id.*, Dkt. No. 2.)

Ten days later, Mr. Dydzak initiated another lawsuit under 42 U.S.C. § 1983. *See Dydzak v. Remke, et al.*, C10-1297-AHM-AGR (C.D. Cal. 2010) (*Dydzak II*). He named nearly all of the defendants from *Dydzak I*, along with Judges Rosenberg, Phillips, Morrow, Klausner, Wu, and Collins. On Judge Percy Anderson's order to show cause why the claims against the federal judges should not be dismissed based on judicial immunity, Mr. Dydzak voluntarily dismissed the claims against the judges, and Judge Anderson discharged the order. Judge Gary Feess, the Case Management & Assignment Committee Chair for the Central District, reassigned the case to Judge Phillips pursuant to General Order 08-05, which requires that when a case is closed and *an identical case is re-filed*, it must be transferred to the originally assigned judge. (*Id.*, Dkt. No. 34.) As Judge Phillips was a defendant in *Dydzak II*, she recused herself, and the matter was again reassigned to Judge A. Howard Matz. Judge Matz denied Mr. Dydzak's motion for a preliminary injunction, recounted Mr. Dydzak's multiple legal challenges to his disbarment up to that point, and observed that the complaint in the matter was "largely incoherent." (*Id.*, Dkt. No. 41.)

Mr. Dydzak appealed Judge Matz's order to the Ninth Circuit, but while the appeal was pending, Judge Matz granted the State Bar defendants' motion to dismiss. As in *Dydzak I* and the application rejected by Judge Collins, the court held that the claims for declaratory and injunctive relief were barred by *Younger*

ORDER
PAGE - 4

**AttyDefsSER-078**

1   abstention and that the claims for monetary relief were barred by the Eleventh
2   Amendment. (*Id.*, Dkt. No. 51.) The Ninth Circuit denied Mr. Dydzak's
    application to proceed *in forma pauperis* "because appellant has failed to show
3   that the appeal is not frivolous." (*Id.*, Dkt. Nos. 60, 62; CA 10-56000, Dkt. Nos. 5,
    7 (9th Cir. 2011).)
4
            Before the Ninth Circuit had rendered its order dismissing his appeal, Mr.
5   Dydzak had already filed his third lawsuit. *See Dydzak v. George, et al.*, C10-
    5820-SVW (C.D. Cal. 2010) (*Dydzak III*). He again alleged deprivation of rights
6   under § 1983 and again named nearly all of the defendants from *Dydzak I* and *II*,
    including the federal judge defendants from *Dydzak II*—Klausner, Morrow, Wu,
7   Phillips, Collins, and Rosenberg—despite the fact that Judge Anderson had
8   dismissed those claims *with prejudice*. (*See Dydzak II*, Dkt. No. 9.) This time, Mr.
    Dydzak also sued the California Supreme Court and all seven of its justices
9   individually, along with Judges Matz and Feess. (*Dydzak III*, Dkt. No. 1.) He
    repeated his allegations from *Dydzak I* and *II*, and larded his complaint with
10  additional allegations of bias, conspiracy, and duplicity against anyone even
    peripherally involved in his state bar proceedings.
11
            The State Bar of California immediately moved to dismiss the complaint,
12  and the United States moved to appear as *amicus curiae* regarding the issue of
13  judicial immunity. Notably, after Judge Stephen Wilson granted the United States
    leave to appear, Mr. Dydzak voluntarily dismissed the claims against the federal
14  judges "without prejudice." (*Id.*, Dkt. No. 14.) On November 8, 2010, in an 18-
    page order, Judge Wilson dismissed Mr. Dydzak's claims with prejudice because
15  (1) Mr. Dydzak was collaterally estopped from bringing his § 1983 claims against
    the State Bar defendants; (2) the claims against the justices of the California
16  Supreme Court were barred by the doctrine of judicial immunity; and (3) the
17  Eleventh Amendment barred the claims against the remaining state entities. (*Id.*,
    Dkt. No. 16.) Mr. Dydzak moved for reconsideration, which the court denied in
18  another thoroughly drafted order. (*Id.*, Dkt. No. 23.)
19
            That did not end the matter for Mr. Dydzak. He again appealed the
20  dismissal of his complaint, and, as he had in *Dydzak I*, moved to disqualify Judge
    Wilson and all judges and magistrate judges of the U.S. District Court for the
21  Central District of California. (*Id.*, Dkt. No. 28.) Ninth Circuit Chief Judge
22  Kozinski designated Robert Whaley, Senior U.S. District Judge for the Eastern
    District of Washington, to adjudicate the motion to disqualify. Judge Whaley
23  denied the motion, noting that Mr. Dydzak's allegations were "based on
    speculation and sources that have not been identified." (*Id.*, Dkt. No. 42.) The
24  Ninth Circuit again denied Mr. Dydzak's application to proceed *in forma pauperis*
    because "the appeal is frivolous," and it ordered Mr. Dydzak to show cause why
25  the judgment should not be summarily affirmed. (*Id.*, Dkt. No. 40; CA 11-55143,
    Dkt. No. 13 (9th Cir. April 20, 2011).) Following Mr. Dydzak's response to the
26  order to show cause, the Ninth Circuit summarily affirmed the district court on

ORDER
PAGE - 5

AttyDefsSER-079

1   July 7, 2011.

2            This brings us to the Complaint recently dismissed by this Court. (Dkt.
3   Nos. 1, 16.) For the fourth time in federal court, Mr. Dydzak alleged deprivation
    of rights under § 1983, in a rehash of his previous three complaints. He sued the
4   California Supreme Court and its justices as individuals despite the prior
    dismissal of those claims with prejudice. He sued Judges Klausner, Morrow,
5   Phillips, Collins, and Rosenberg despite the prior dismissal of those claims with
    prejudice. For good measure, he sued nearly all other judges of the U.S. District
6   Court for the Central District of California, regardless of their involvement in his
    prior matters. He also sued Judge Whaley for denying his motion to disqualify the
7   judges of the Central District in *Dydzak III*. The Court spelled out the various
    fatal deficiencies in Mr. Dydzak's claims and again dismissed his Complaint, this
8   time *sua sponte*.

9   (Dkt. No. 19.)

10           Immediately following the dismissal of his claims, Mr. Dydzak pushed forward,

11  undeterred by yet another dismissal with prejudice. He filed numerous motions including, among

12  others, a motion for reconsideration (Dkt. No. 27), a motion to disqualify counsel for defendants,

13  (Dkt. No. 25), and expectedly, a motion to disqualify the undersigned. (Dkt. No. 23.) To

14  adjudicate the latter motion to disqualify, Ninth Circuit Chief Judge Kozinski designated Justin

15  L. Quackenbush, Senior U.S. District Judge for the Eastern District of Washington. Plaintiff then

16  challenged that designation in a motion for reconsideration directed to Chief Judge Kozinski.

17  (Dkt. No. 30.)  In yet another thorough opinion disposing of Mr. Dydzak's attempt to disqualify

18  a judge who has dismissed his claims, Judge Quackenbush denied the motion to disqualify. (Dkt.

19  No. 33.) In doing so, Judge Quackenbush expressed concern that Mr. Dydzak may have sought

20  to delay or avoid an adverse decision by this Court given that the motion to disqualify was filed

21  shortly after this Court's order dismissing Plaintiff's claims. *Id.* at 10. Additionally, Judge

22  Quackenbush noted that "Plaintiff has requested the disqualification of a presiding judge at least

23  *eight* times under similar circumstances[,]" and explained that Plaintiff's actions appeared to

24  occur "as a matter of course" anytime he was faced with an adverse action. *Id.*

25           In addition to dismissing Plaintiff's claims with prejudice on March 2, 2012, this Court

26  ordered Mr. Dydzak to show cause as to why he should not be sanctioned for failure to comply

ORDER
PAGE - 6

AttyDefsSER-080

1  with Fed. R. Civ. P. 11(b). (Dkt. No. 16.) Thereafter, on March 7, 2012, this Court issued an

2  additional order in which Plaintiff was directed to show cause as to why he should not be

3  declared a vexatious litigant and barred from initiating future litigation related to his disbarment

4  without prior authorization. (Dkt. No. 19.)

5       Based on the record compiled from the above cases and the current matter, the Court

6  concludes that the record is adequate for review.

7       **C. Frivolous or Harassing Nature of Plaintiff's Actions**

8       Third, the district court is required to make findings as to the frivolous or harassing

9  nature of the litigant's actions. *See Molski*, 500 F.3d at 1059 (citing *De Long*, 912 F.2d at 1148).

10  In making this determination, the Court considers not just the number of filings, but the contents

11  thereof. *Id.* A pre-filing order cannot be based only upon a showing of litigiousness; rather, the

12  plaintiff's claims must be "patently without merit." *Id.* (quoting *Moy v. United States*, 906 F.2d

13  467, 470 (9th Cir. 1990)). In the instant case, the Court finds that there is sufficient basis to

14  conclude that Plaintiff's litigation relating to his 2008 disbarment has been abusive and frivolous.

15       As explained in this Court's prior orders to show cause and order dismissing Plaintiff's

16  complaint (Dkt. Nos. 16, 19), Mr. Dydzak has abused this Court's process by filing multiple

17  meritless lawsuits based on the same claims and consistently filing motions to disqualify any

18  judge who rules against him (as well as countless other judges with whom Plaintiff has had little

19  or no interaction). His claims have consistently lacked a credible factual foundation and, as

20  detailed in this Court's order of March 2, 2012, Plaintiff has displayed an utter disregard for the

21  applicable law and prior rulings of this Court and the Ninth Circuit. (*See* Dkt. No. 16.)

22       Specifically, Mr. Dydzak has initiated four lawsuits in federal court based on his

23  expanding visions of conspiracy regarding his 2008 disbarment. At each stage, Plaintiff's claims

24  have been dismissed; his second, third, and fourth complaints were dismissed *with prejudice*.

25  (*See Dydzak II*, Dkt. No. 9 (dismissing claims against federal judge defendants with prejudice

26  based on judicial immunity); *Dydzak II*, Dkt. No. 51 (dismissing remaining claims without leave

ORDER
PAGE - 7

**AttyDefsSER-081**

1  to amend on grounds of *Younger* abstention and the Eleventh Amendment); *Dydzak III*, Dkt. No.

2  16 (dismissing claims with prejudice based on collateral estoppel, judicial immunity, and the

3  Eleventh Amendment); Dkt. No. 16 (dismissing claims based on judicial immunity, *res judicata*,

4  and collateral estoppel); *see also Dydzak v. Remke et al.*, C10-0828-AGR (C.D. Cal. 2010)

5  (denying application to proceed *in forma pauperis* and rejecting complaint based on *res judicata*

6  and *Younger* abstention).) Yet, Mr. Dydzak has taken each dismissal in stride, using it as an

7  excuse to file countless motions to disqualify and to bring a new case based on allegations of the

8  same ever-expanding conspiracy against the same and additional defendants.

9       Additionally, Plaintiff has unsuccessfully appealed the dismissals in each of his three

10  prior cases. The first two appeals were, respectively, barred as untimely (*Dydzak I*, Dkt. No.

11  107)[1], and summarily dismissed for failure to respond to the Court's order (*Dydzak II*, Dkt. Nos.

12  60, 62, 63, 64). The dismissal of Mr. Dydzak's third complaint was summarily affirmed by the

13  Ninth Circuit on the grounds of collateral estoppel, judicial immunity, and the Eleventh

14  Amendment. (*Dydzak III*, Dkt. No. 44.) Further, in denying Mr. Dydzak's application to proceed

15  *in forma pauperis* in his second appeal, the Ninth Circuit explained that "appellant has failed to

16  show that the appeal is not frivolous[,]" and in his third appeal, the Court again noted that "the

17  appeal is frivolous." (*Dydzak II*, Dkt. Nos. 60, 62; *Dydzak III*, Dkt. No. 40.)  The Court thus

18  stresses that it is not merely the volume of filings in Mr. Dydzak's litigation history that leads the

19  Court to find that his claims are frivolous. Rather, it is the fact that Mr. Dydzak's claims are

20  recycled from case to case and legally meritless, as demonstrated by the repeated dismissals on

21  the same few grounds.

22       In his responses, Mr. Dydzak fails to persuade this Court that his filings in this case and

23  in prior cases were not, in fact, "patently without merit."  In large part, Plaintiff uses his

24

25

26

[1] Mr. Dydzak attempted to appeal the dismissal in *Dydzak I*, but the Ninth Circuit limited the scope of the appeal to the motions to disqualify Judges Phillips, Rosenberg, and Morrow, because Plaintiff did not timely appeal the dismissal. (*Dydzak I*, Dkt. No. 107.) The denials of those motions to disqualify were summarily affirmed. *Id.*

ORDER
PAGE - 8

1   responses as an opportunity to continue making allegations regarding the same overarching

2   conspiracy that has been the subject of his series of lawsuits. Nothing in Plaintiff's responses

3   warrants a finding that there was a basis in fact or law for Plaintiff to continue bringing such

4   claims, especially in light of the prior dismissals. The Court also notes that Mr. Dydzak

5   mischaracterizes the procedural history of his litigation in the Central District of California. To

6   cite a few examples, he argues that in his second lawsuit, Judge Anderson discharged an order to

7   show cause, thereby "showing there was merit to the lawsuit." (Dkt. No. 32, at 9.) As noted

8   above, however, Judge Anderson dismissed the claims at issue (against the federal judge

9   defendants) *with prejudice* after Plaintiff, in response to the Court's order to show cause as to

10  why those claims should not be dismissed based on judicial immunity, voluntarily dismissed

11  those defendants. (*See Dydzak II*, Dkt. No. 9.) As another example, Plaintiff describes the appeal

12  of his third lawsuit by stating that "[t]he Ninth Circuit did not hear the matter, because

13  DYDZAK has learnt that it never grants appeals in pro se civil rights cases." (Dkt. No. 32, at 9-

14  10.) The Ninth Circuit, however, noted that the appeal was frivolous, issued an order to show

15  cause to which Mr. Dydzak responded, and summarily affirmed the district court on the grounds

16  of collateral estoppel, judicial immunity, and the Eleventh Amendment. (*See Dydzak III*, Dkt.

17  Nos. 40, 44.) Such mischaracterizations exemplify Mr. Dydzak's disregard for the prior rulings

18  of this Court and the Ninth Circuit as he blindly presses forward with his litigation efforts.

19          Having considered Mr. Dydzak's filings in each of his prior cases and in the instant

20  matter, the Court finds that Plaintiff is not just litigious. Rather, Plaintiff's repeated attempts to

21  bring the same or similar claims against the same or similar defendants, and his continued

22  motions to disqualify, as described above, lead this Court to find that Mr. Dydzak's conduct has

23  become abusive and that his claims are frivolous.

24      **D.  Narrowly Tailored Order**

25          The final factor under *De Long* requires that the pre-filing order must be "narrowly

26  tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. In *Molski*, the

**AttyDefsSER-083**

1  Ninth Circuit held that the pre-filing order at issue was narrowly tailored where, rather than

2  barring the vexatious litigant from filing *any* claims, it instead required the litigant to seek

3  authorization before filing the same types of claims that had been filed vexatiously. 500 F.3d at

4  106. In light of Mr. Dydzak's conduct, the Court finds that the imposition of a pre-filing bar,

5  subject to the conditions stated below, is appropriately limited to Plaintiff's wrongful behavior in

6  accordance with *Molski* and *De Long*.

7  **II.    CONCLUSION**

8          For the foregoing reasons, it is hereby ORDERED that:

9          (1) Plaintiff is declared a vexatious litigant under C.D. Cal. Local Rule 83-8.2 and this

10             Court's inherent authority;

11         (2) Plaintiff is PROHIBITED from initiating any further litigation in this or any other

12             federal court alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on

13             his disbarment without the prior authorization from the presiding judge of the U.S.

14             District Court for the Central District of California; and

15         (3) Plaintiff is REQUIRED to provide security in the amount of $5,000 for each

16             defendant against whom he seeks to proceed with Court authorization in the future.

17         Should Mr. Dydzak wish to file a complaint, he must submit a copy of his proposed

18 complaint, a letter requesting that the complaint be filed, and a copy of this Order, to the Clerk of

19 this Court. The Clerk shall then forward the letter, the complaint, and a copy of this Order to the

20 presiding Judge for a determination whether the complaint should be accepted for filing.

21 //

22 //

23 //

24 //

25 //

26 //

ORDER
PAGE - 10

**AttyDefsSER-084**

1    DATED this 25th day of September 2012.

2

3

4

5

6

7
                                            John C. Coughenour
8                                           UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 11

**AttyDefsSER-085**

# Exhibit C

Prefiling Order – Vexatious Litigant
dated April 5, 2013, *Dydzak v. Dunn,*
Cal. Super. Ct. Case No. 30-2012-
00558031

RECEIVED

APR 1 0 2013          **MC-700**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and Address):* *(To be completed only if a party is making the motion)* Danielle A. Lee (223875) The State Bar of California 180 Howard St., San Francisco, CA 94105 | FOR COURT USE ONLY |
|---|---|

ATTORNEY FOR *(Name):* Dunn, Babcock, et al.

TELEPHONE NO.: 415-538-2339

FAX NO.: 415-538-2321

E-MAIL ADDRESS: danielle.lee@calbar.ca.gov

☐ **COURT OF APPEAL,**       **APPELLATE DISTRICT, DIVISION**

☑ **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego

STREET ADDRESS: 220 W. Broadway

MAILING ADDRESS:

CITY AND ZIP CODE: San Diego, CA 92101

BRANCH NAME: Central Division

CASE NAME: Daniel D. Dydzak v.  Joseph Lawrence Dunn et al.

| **PREFILING ORDER—VEXATIOUS LITIGANT** | CASE NUMBER: 30-2012-00558031 |
|---|---|

1. Name and address of each plaintiff or cross-complainant or other party subject to this prefiling order:

   Daniel D. Dydzak
   4265 Marina City Drive
   Marina Del Ray, 90292

2. This prefiling order is entered pursuant to a motion made by      ☐ the court   ☑ party (name):

   Defendants Dunn, Babcock, et al.

3. The person or persons identified in item 1, unless represented by an attorney, are prohibited from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed.

4. The clerk is ordered to provide a copy of this order to the California Judicial Council by fax at 415-865-4329 or by mail at the address below.

| Vexatious Litigant Prefiling Orders California Judicial Council Administrative Office of the Courts 455 Golden Gate Avenue San Francisco, California 94102 | Date:   APR 0 5 2013 |
|---|---|

JUDICIAL OFFICER

WILLIAM S. DATO

CLERK'S CERTIFICATE

The foregoing document, consisting of ___ page(s), is a full, true, and correct copy of the ☐ original ☐ copy on file in this office.

Clerk of the Superior Court

by _____ ,COLAS

APR 0 8 2013

Page 1 of 1

Form Adopted for Mandatory Use Judicial Council of California MC-700 [Rev. January 1, 2013]          **PREFILING ORDER—VEXATIOUS LITIGANT**          Code of Civil Procedure, § 391.7 www.courts.ca.gov

ENTERED

**AttyDefsSER-087**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** Daniel D Dydzak vs Joseph Lawrence Dunn

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>30-2012-00558031 |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the PRE-FILING ORDER VEXATIOUS LITIGANT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at San Diego, California, on 04/08/2013.

Clerk of the Court, by: _____, Deputy
L. San Nicolas

JUDICIAL COUNCIL OF CALIFORNIA
455 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102

☐ Additional names and address attached.

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

AttyDefsSER-088

# Exhibit D

Complaint, *Dydzak v. George*, Case No.
10-cv-05820-SVW, Dkt. No. 1 (C.D.
Cal. Aug. 5, 2010)

**AttyDefsSER-089**

1

2  DANIEL DAVID DYDZAK
   PLAINTIFF PRO SE
3  4265 MARINA CITY DRIVE, SUITE 407W
   MARINA DEL REY, CA 90292
4  TELEPHONE: (310) 867-1289
5          UNITED STATES DISTRICT COURT

6          CENTRAL DISTRICT OF CALIFORNIA

7  DANIEL DAVID DYDZAK,               )    CASE NO. **CV10  5820** · SVW

8                                     )
            Plaintiff,                )    COMPLAINT FOR DAMAGES
9       vs.                          )    AND EQUITABLE/DECLARATORY
                                      )    RELIEF,  TEMPORARY RESTRAINING
10                                    )    ORDER , PRELIMINARY INJUNCTION
11 RONALD M. GEORGE, CARLOS R.       )    AND PERMANENT INJUNCTION
   MORENO, JOYCE L. KENNARD,          )
12 KATHRYN MICKLE WERDEGAR,          )    1. DEPRIVATION OF RIGHTS UNDER
   MING W. CHIN, MARVIN R. BAXTER,   )       COLOR OF STATE LAW
13 CAROL A. CORRIGAN,  SUPREME       )       (CIVIL RIGHTS ACT, TITLE 42 U.S.C.
   COURT OF CALIFORNIA, STATE         )       SECTION 1983)
14 BAR OF CALIFORNIA,  DONALD        )
   F. MILES,  STATE BAR COURT,       )    2.  INTENTIONAL INTERFERENCE
15 BOARD OF GOVERNORS OF STATE       )        WITH ECONOMIC RELATIONS
16 BAR OF CALIFORNIA,  JOANN M.      )
   REMKE, CATHERINE D. PURCELL,       )    3.  FRAUD
17 JUDITH EPSTEIN,  RONALD W.        )
   STOVITZ,  PATRICE E. McELROY,      )
18 RICHARD A. PLATEL,  LUCY          )    DEMAND FOR JURY TRIAL
19 ARMENDARIZ,  RICHARD A. HONN,     )
   BERNARD A. BURK,  KENNETH  G.      )
20 HAUSMAN, SEAN M. SELEGUE,         )
21 HOWARD, RICE, NEMEROSKI,          )
   CANADY,  FALK & RABKIN,            )
22 SCOTT DREXEL,  A. HOWARD MATZ,    )
23 GARY A. FEESS,  R. GARY KLAUSNER, )
   MARGARET M. MORROW,  GEORGE       )
24 H. WU, VIRGINIA A. PHILLIPS, AUDREY)
25 B. COLLINS,  ALICIA G. ROSENBERG, )
   and DOES 1 through 10, Inclusive,  )
26                                    )
27              Defendants.           )
   _____)
28

   DYDZAK V. GEORGE              -1-                    COMPLAINT

AttyDefsSER-090



8/5/2010 1:49:36 PM  Receipt #: 143690
Cashier : KPAGE CLA 1-1]
Paid by: DANIEL D. DYDZAK
2:CV10-05820
2010-086900      5 - Civil Filing Fee(1)
Amount :                        $60.00
2:CV10-05820
2010-510000     11 - Special Fund F/F(1)
Amount :                       $190.00
2:CV10-05820
2010-086400     Filing Fee - Special(1)
Amount :                       $100.00
Cash Payment :                 350.00

AttyDefsSER-091

COMES NOW Plaintiff Pro Se, DANIEL DAVID DYDZAK, an individual, and alleges as follows:

PRELIMINARY ALLEGATIONS

1. Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), is, and at all times herein mentioned was, an adult over eighteen years old and a resident of the County of Los Angeles, State of California.

2. At all times relevant hereto, until on or about May 12, 2010, DYDZAK was a licensed California attorney and member of the State Bar of California. He actively practiced law in the State of California, in both state and federal courts, for over two decades.

3. On or about August 10, 2008, DYDZAK received written notice in the mail that he was placed on inactive status by unlawful, biased, fraudulent and unconstitutional Decision of the California State Bar Court dated August 5, 2008 and effective August 8, 2008. Said Decision recommending the

-2-

DYDZAK V. GEORGE                    COMPLAINT

AttyDefsSER-092

draconian, unlawful and uncalled for measure of disbarment
against DYDZAK was written by State Bar Judge, Defendant DONALD
F. MILES ("MILES").

4. Thereafter, DYDZAK appealed the Decision and filed
other post-trial motions in the Review Department of Defendant
STATE BAR COURT. In particular, DYDZAK discovered that there
were valid and legitimate legal and factual grounds to
disqualify State Bar Judge MILES in his matter and set aside
MILES' Decision. Notwithstanding same, on or about December 3,
2010, the Review Department, in an Opinion and Order on Review
by Defendants, Review Judges, JOANN REMKE, CATHERINE D. PURCELL
and JUDITH EPSTEIN, unlawfully, unconstitutionally and
wrongfully supported MILES' Decision, recommending DYDZAK's
disbarment to the California Supreme Court.

5. DYDZAK timely filed a Petition for Writ of Review in
the California Supreme Court on numerous legal, constitutional
and factual grounds, challenging the unlawful and wrongful
recommendation of disbarment. On or about May 12, 2010,
the Supreme Court of California summarily, unlawfully,

-3-

DYDZAK V. GEORGE                    COMPLAINT

illegally, unconstitutionally and against DYDZAK's civil rights denied the Petition, without sufficient and detailed explanation. Said Supreme Court further ordered that DYDZAK be disbarred, removed from the roll of attorneys in the State of California, and pay vague, unconstitutional and unsubstantiated disciplinary costs in excess of $ 15,000. Contrary to the Supremacy Clause of the U.S. Constitution, the Due Process and Equal Protection Clauses of the California Constitution, and other applicable law, DYDZAK was not provided oral argument and written decision on the merits by the highest court in California. Plaintiff is informed and believes, and thereon alleges, that the aforesaid disbarment Order became effective on or about June 11, 2010. As a proximate, direct and legal result of the unlawful actions of the Supreme Court of California, as herein alleged, the aforesaid disbarment Order of the Supreme Court of California was and is, unquestionably, void, voidable, illegal, unconstitutional and against DYDZAK's civil rights.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant, THE STATE BAR OF CALIFORNIA ("BAR"), is, and at

-4-

DYDZAK V. GEORGE                    COMPLAINT

all times herein mentioned was, a public corporation, with two offices in the City of San Francisco and City of Los Angeles, State of California, and responsible for administratively supervising all attorneys licensed in the State of California.

7.   Plaintiff is informed and believes, and thereon alleges, that Defendant, BOARD OF GOVERNORS OF THE STATE BAR OF CALIFORNIA ("BOARD"), is, and at all times herein mentioned was, an entity comprised of individuals who manage, operate, supervise and otherwise direct all activities of Defendant BAR, with two offices in the City of San Francisco and City of Los Angeles, State of California.

8.   Plaintiff is informed and believes, and thereon alleges, that Defendant STATE BAR COURT ("COURT") is, and at all times herein mentioned was, a public corporation duly organized and existing under and by virtue of the laws of the State of California. Upon information and belief, said COURT is, and was at all times relevant hereto, set up to oversee disciplinary matters involving attorneys licensed in the State of California, with a Hearing Department and Review Department in Los Angeles

-5-

DYDZAK V. GEORGE                    COMPLAINT

AttyDefsSER-095

and San Francisco, California.

9.   Plaintiff is informed and believes, and thereon alleges, that Defendants JOANN M. REMKE, RONALD W. STOVITZ, PATRICE E. McELROY, DONALD F. MILES, RICHARD A. PLATEL, JUDITH EPSTEIN, LUCY ARMENDARIZ, RICHARD A. HONN and CATHERINE D. PURCELL, are, and at all times herein mentioned were, residents of the State of California. Plaintiff is further informed and believes, and thereon alleges, that the aforementioned individual Defendants are, and at all times herein mentioned were, members and judges of Defendant COURT and/or the Review Department thereof and acting or purportedly acting with the authorization, permission and consent of Defendants COURT, BAR, BOARD, STATE OF CALIFORNIA, and the other individual named Defendants, and acting in concert with the said Defendants, and each of them, to commit the unlawful activity and conduct alleged herein.

10.   Plaintiff is informed and believes, and thereon alleges, that the individual Defendants referenced and named herein are, and were at all times herein mentioned, agents,

-6-

DYDZAK V. GEORGE                    COMPLAINT

AttyDefsSER-096

employees and/or officers of Defendant BAR, STATE OF CALIFORNIA, or the UNITED STATES OF AMERICA.

11.   Plaintiff is informed and believes, and thereon alleges, that Defendant SUPREME COURT OF CALIFORNIA is, and at all times herein mentioned was, a governmental entity or public corporation duly organized and existing under and by virtue of the laws of the State of California.

12.   Plaintiff is informed and believes, and thereon alleges, that Defendants, RONALD M. GEORGE ("GEORGE"), CARLOS R. MORENO ("MORENO"), JOYCE L. KENNARD ("KENNARD"), KATHRYN MICKLE WERDEGAR ("WERDEGAR"), MING W. CHIN ("CHIN"), MARVIN R. BAXTER ("BAXTER") and CAROL A. CORRIGAN ("CORRIGAN") [hereinafter collectively "CALIFORNIA SUPREME COURT JUSTICES"], are, and were at all times herein mentioned, justices and members of the current Supreme Court of California. On or about May 12, 2010, Defendants, CALIFORNIA SUPREME COURT JUSTICES, made the illegal, unconscionable and unconstitutional Order to disbar DYDZAK, as herein alleged and described.

13.   Defendant GEORGE is shortly retiring as Chief Justice

-7-

DYDZAK V. GEORGE                    COMPLAINT

of Defendant SUPREME COURT OF CALIFORNIA, to a large extent

under a cloud of misconduct and ethical and judicial violations,

due to his wrongful and unlawful actions towards DYDZAK and for

other reasons, as hereinafter alleged. Said Defendant GEORGE, in

his blatant and unfair cover-up of the misconduct of State Bar

Judge MILES and other State Bar officials and State Bar Court

judges, has conspired with the other Defendants, MORENO,

KENNARD, WERDEGAR, CHIN, BAXTER and CORRIGAN, to deprive DYDZAK

of his civil and constitutional rights and earn a living

practicing law, to DYDZAK's extreme prejudice.

    14.    Plaintiff is informed and believes, and thereon

alleges, that Defendants, CALIFORNIA SUPREME COURT JUSTICES,

are, and were at all times herein mentioned, residents of the

City and County of San Francisco, State of California.

    15.    Plaintiff is further informed and believes, and thereon

alleges, that Defendants, CALIFORNIA SUPREME COURT JUSTICES,

are acting, and at all times herein mentioned were acting, with

the authorization, permission and consent of Defendants BAR,

BOARD, and the other Defendants herein in doing the unlawful,

-8-

DYDZAK V. GEORGE                    COMPLAINT

unconstitutional and wrongful acts herein alleged.

16.  Plaintiff is informed and believes, and thereon alleges, that Defendants, BERNARD A. BURK, KENNETH G. HAUSMAN, and SEAN M. SELEGUE (collectively "HOWARD RICE ATTORNEYS"), are, and were at all times herein mentioned, attorneys duly licensed by the State Bar of California to practice law in said state.

17.  Plaintiff is informed and believes, and thereon alleges, that Defendants, HOWARD RICE ATTORNEYS, are, and were at all times herein mentioned, residents of the City and County of San Francisco.

18.  Plaintiff is informed and believes, and thereon alleges, that Defendant, HOWARD, RICE, NEMEROSKI, CANADY, FALK & RABKIN ("HOWARD, RICE"), is, and at all times herein mentioned was, an establishment law firm, with numerous Fortune 500 clients, with its head office in the City of San Francisco, State of California.

19.  Plaintiff is unaware of the exact legal status or capacity of HOWARD, RICE, whether it is a professional corporation, limited partnership, an association or other such

-9-

DYDZAK V. GEORGE                      COMPLAINT

AttyDefsSER-099

legal entity. Plaintiff will seek leave to amend this Complaint to set forth such exact legal status or capacity of HOWARD, RICE when same is ascertained, before or at time of trial

20. Plaintiff is informed and believes, and thereon alleges, that Defendants, A. HOWARD MATZ, GARY A. FEESS, R. GARY KLAUSNER, MARGARET M. MORROW, GEORGE H. WU, VIRGINIA A. PHILLIPS, AUDREY B. COLLINS and ALICIA G. ROSENBERG, are, and at all times herein mentioned were, United States Judges or Magistrates for the United States District Court of the Central District of California.

21. Plaintiff is informed and believes, and thereon alleges, that Defendant SCOTT DREXEL is, and was at all times herein mentioned, former Chief Trial Counsel of the State Bar of California. Plaintiff is further informed and believes, and thereon alleges, that said Defendant is, and was at all times herein mentioned, a resident of the County of San Francisco, State of California.

22. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and

-10-

DYDZAK V. GEORGE                    COMPLAINT

therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint in order to allege their true names and capacities when same are ascertained.

23.   Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages herein alleged were proximately caused by their conduct.

24.   Plaintiff is informed and believes, and upon such information and belief alleges, that at all times herein mentioned each of the Defendants was the agent, servant and employee of each of the remaining Defendants, and, in doing the acts hereinafter alleged, was acting within the purpose, course and scope of such agency, service and employment, and with the permission and consent of each of the other Defendants.

25.   DYDZAK was admitted to the practice of law in the State of California on December 17, 1985. In or about August, 2006 and January, 2007, the Office of the Chief Trial Counsel ("OCTC") filed Notices of Disciplinary Charges against DYDZAK

- 11 -

DYDZAK V. GEORGE                    COMPLAINT

and DYDZAK filed appropriate responses to same.

26.   DYDZAK believed and found out that the alleged charges were politically motivated, because he had filed in the Los Angeles Superior Court on behalf of clients a major lawsuit against a former State Bar President and establishment lawyer, one Alan Rotheriberg. Mr. Rothenberg had political connections with Defendants BAR, BOARD and COURT and knew Defendant DREXEL, the then Chief Trial Counsel, and other members of the Board of Governors. The filing of the NDC charges coincided with DYDZAK's litigating and attempting to settle the case involving Mr. Rothenberg. Rothenberg indeed threatened DYDZAK at the time of his deposition in said litigation that he was "going to get him," referring to his connections with Defendants BAR, BOARD and COURT.

27.   DYDZAK is informed and believes, and thereon alleges, that Defendant DREXEl, maliciously, unethically, unprofessionally and in conspiracy with Rothenberg, communicated in person and telephonically with said attorney between in or about August, 2006, and continuing throughout 2007 and 2008,

-12-

DYDZAK V. GEORGE                    COMPLAINT

about pursuing disciplinary charges against DYDZAK, despite the lack of merit to said charges and the weakness of the disciplinary allegations against DYDZAK.

28.  In so doing, Defendant DREXEL, to enrich himself, preserve his employment and be influential in the state bar hierarchy, was improperly currying favor with politically connected, establishment attorneys, such as Rothenberg. Such attorneys are well known to contribute monies to the Foundation of the State Bar of California and are and were on the Judicial Council headed by Defendant George as Chief Justice. Rothenberg was previously associated with high-powered L.A. law firms, Latham, Watkins and Manat, Phelps, Rothenberg & Tunney.

29. Plaintiff is informed and believes, and thereon alleges, that Defendant DREXEL's contract of employment as Chief Trial Counsel was several months ago not renewed, in large measure because said Defendant abused his position and was shown through his office to unfairly target practicing attorneys, mostly sole practitioners, on even the most trivial of matters.

30.  Plaintiff is informed and believes, and thereon

-13-

DYDZAK V. GEORGE                          COMPLAINT

alleges, that Defendant GEORGE, as a former long-time prosecutor with a conservative, pro-government bent, turned a blind eye to any misconduct by Defendant DREXEL because he met with DREXEL weekly to discuss the administration of the courts in California and state bar matters. Defendant DREXEL was, at all relevant times hereto, either a member of Defendant BOARD and the Judicial Council or closely aligned and involved with and influential in affecting its decisions. Defendant DREXEL's agenda was to increase the size and importance of the bloated, fiscally irresponsible State Bar bureaucracy and his office of enforcement, no matter what ill treatment was meted out to practicing attorneys.

31.    DYDZAK contested the alleged disciplinary charges, which he believed did not have merit, were politically motivated and were defensible. Moreover, during Defendant DREXEL's tenure as Chief Trial Counsel, Defendant DREXEL and other state bar attorneys earned reputations as being unfair, unethical and targeting sole practitioners and Plaintiff's attorneys.

32.    One of the State Bar attorneys assigned to DYDZAK's

DYDZAK V. GEORGE                    COMPLAINT

disciplinary proceedings, ELI MORTGENSTERN, even advised and admitted to DYDZAK that his hands were tied to resolve the disciplinary matter involving DYDZAK, because he had marching orders to seek disbarment against DYDZAK, no matter how meritless, insubstantial or untenable any client complaint against DYDZAK was.

33. On or about August 5, 2008, Defendant DONALD F. MILES, the State Bar hearing judge in Los Angeles, issued an unfair, unlawful and draconian Decision recommending that DYDZAK be disbarred and placing him on inactive status as of August 8, 2008. Defendant MILES took over 200 days to render said decision, making it improbable to conclude that DYDZAK posed a serious, immediate risk of harm to the public after DYDZAK had practiced law more than twenty years with distinction in the State of California.

34. Shortly after this decision was filed, DYDZAK discovered that Defendant MILES has, and had at all times herein mentioned, an actual bias, prejudice or conflict of interest, or the appearance of same, because DYDZAK was suing on behalf of

-15-

DYDZAK V. GEORGE                    COMPLAINT

his prior client, SHANEL STASZ, in Los Angeles Superior Court
MILES' former partner and long-time friend of 17 or more years,
Defendant BERNARD A. BURK, a partner/director with Defendant
HOWARD, RICE as well as defendants such as Charles Schwab and
Charles Schwab & Co., long-time clients of said law firm. Prior
to his inactive status, DYDZAK was attorney of record for STASZ
in LASC Case Nos. BC383161 and BC383162, which litigation
involved major HOWARD, RICE clients and exposed said law firm
and its partner, Defendant BURK, to major liability.

35. In August and September, 2008, accordingly, DYDZAK
filed various motions to disqualify Defendant MILES and set
aside the State Bar decision. Defendant MILES unethically,
unlawfully and improperly ruled on his own disqualification and
would not disqualify himself, unlawfully striking the motion
from the record. Defendant REMKE, as the presiding judge,
improperly delayed ruling, violating DYDZAK's due process and
civil rights, and then transferred the disqualification matter
to Defendant McELROY. Defendant McELROY, who was the original
judge in the proceedings and should not have ruled because of

-16-

DYDZAK V. GEORGE                    COMPLAINT

this conflict of interest or the appearance of same, denied the disqualification motion, without any written reasoning or oral argument. Such unethical and wrongful action was done to protect Defendant MILES, at the expense of DYDZAK's legal career and professional standing.

36. Plaintiff is informed and believes, and thereon alleges, that Defendant McELROY, presently the supervising judge of Defendant COURT, is in another disciplinary case presently under investigation and scrutiny for taking a bribe and spoliation of evidence.

37. Not surprisingly, given the developing legal storm and cover-up to "protect the troops at any cost," Defendant Judges REMKE, STOVITZ and EPSTEIN of the Review Department summarily denied DYDZAK's Petition for Review, focusing primarily on the issue of MILES' disqualification, on or about September 25, 2008. Defendant SUPREME COURT OF CALIFORNIA, unfairly, wrongfully and unethically aiding in the cover-up, denied DYDZAK's interlocutory Petition For Review on or about November 12, 2008, concerning the disqualification of Defendant MILES.

-17-

DYDZAK V. GEORGE                    COMPLAINT

AttyDefsSER-107

This denial Order patently showed that Defendants, SUPREME COURT
OF CALIFORNIA and CALIFORNIA SUPREME COURT JUSTICES, were not
interested in upholding the Rule of Law, but instead favored the
illegal and biased actions of state bar court judges who they
helped appoint and personally knew. Said Order also showed said
Defendants cared not one iota about the individual civil and
constitutional rights of "politically" targeted and unfairly
maligned sole practitioners, such as Plaintiff DYDZAK.

    38. During the time-frame of the fall of 2008, Defendants,
CALIFORNIA SUPREME COURT JUSTICES, including Defendant GEORGE,
were well aware that a case involving Defendant HOWARD, RICE,
which Defendant SELEGUE was arguing, was before said Court for
argument and ruling, to wit, <u>Schatz v. Allan Matkins Leek Gamble
& Mallory, LLP.</u> Plaintiff is informed and believes, and thereon
alleges, that the ruling in said litigation was reached on
January 26, 2009. In derogation and violation of their ethical
duties and responsibilities, and raising an undeniable conflict
of interest, or the appearance of same, Defendants, CALIFORNIA
SUPREME COURT JUSTICES, including Defendant GEORGE, failed to
reveal at any time to DYDZAK that their consideration of this

-18-

DYDZAK V. GEORGE                    COMPLAINT

case would or reasonably could prejudice their review and
adjudication of his interlocutory writ in or about November,
2008. DYDZAK was making serious allegations about the misconduct
of Defendants HOWARD, RICE, BURK and MILES, yet Defendants,
CALIFORNIA SUPREME COURT JUSTICES, with bias, illegally and
unfairly chose to hear Schatz on the merits and provide written
decision and oral argument, while flushing DYDZAK's aforesaid
interlocutory writ into the judicial toilet. Denial of said writ
sacrificed DYDZAK's legal rights and ability to earn a living,
placed him in destitute state, ruined his reputation, and
jeopardized his marriage.

39. In the fall of 2008, and at all other times relevant
thereto, San Francisco-based Defendant HOWARD, RICE bragged in
its marketing that several cases it handles or has worked on are
routinely before Defendant SUPREME COURT OF CALIFORNIA
Defendant HOWARD, RICE has, and had at all relevant times
hereto, a politically correct status and reputation for clients
as an influential, establishment law firm which could be called
upon to represent their legal interests before Defendant SUPREME
COURT OF CALIFORNIA and Defendants, CALIFORNIA SUPREME COURT

DYDZAK V. GEORGE                    COMPLAINT

JUSTICES. It is clear from the illegal cover-up for Defendant MILES, a former clerk with Defendant SUPREME COURT OF CALIFORNIA, that the latter and the justices thereof favor judges and big, well-connected law firms over Plaintiff's attorneys, small law firms and sole practitioners.

40.    Plaintiff is informed and believes, and thereon alleges, that Defendant HOWARD, RICE regularly makes monetary contributions to the California State Bar Foundation and that certain of its partners/directors have been or are appointed members of the Judicial Council headed by Defendant GEORGE. Furthermore, Plaintiff is informed and believes, and thereon alleges, that in the Bay area Defendants, HOWARD RICE ATTORNEYS, and other attorneys employed by Defendant HOWARD, RICE are so socially and in legal circles intimately connected to Defendant GEORGE and the other Associate Justices of Defendant SUPREME COURT OF CALIFORNIA, that this interaction clearly affected, influenced and prejudiced the latter's review of DYDZAK's disciplinary case.

41. In his state bar court case, DYDZAK filed subsequent,

DYDZAK V. GEORGE                    COMPLAINT

numerous and bonafide motions in the Review Department of

Defendant COURT and approximately five interlocutory petitions

for review before Defendant SUPREME COURT OF CALIFORNIA. These

included but were not limited to the issue of disqualifying

Defendant MILES and the Review Judges and setting aside his

decision of August 5, 2008, as void or voidable due to bias,

prejudice or conflict of interest, or the appearance of same.

The Supreme Court denied the Writs summarily, not ruling on the

merits. The Review Judges, in particular, Defendants REMKE,

PURCELL and EPSTEIN, continued to wrongfully and unethically

rule on their own disqualification and strike key pleadings and

evidence from the state bar record. They willfully perjured

themselves by falsely claiming they did not know about being

formally investigated by the Judicial Performance Committee of

the State of California (which investigation was ongoing at that

time), being served with motions, and being sued in federal

court by Plaintiff, a case which was dismissed without prejudice

on or about January 26, 2010 by the Ninth Circuit Court of

Appeals on procedural grounds. A subsequently refiled lawsuit is

-21-

DYDZAK V. GEORGE                          COMPLAINT

now pending before the Ninth Circuit.

42.    In or about October, 2008, DYDZAK found out that two partners/directors with Defendant HOWARD, RICE, Defendants HAUSMAN and SELEGUE, had illegally gained access to Defendant MILES' tainted bar decision and attached it with a sworn and dated Declaration as an Exhibit in one of the Staz LASC cases on or about September 27, 2008. Said attorneys never duly and properly paid for or ordered same from the Clerk's Office of Defendant COURT. Since said decision was not posted on the internet until January or February, 2009, this "smoking gun" factor proved that Defendant MILES and/or agents/employees of Defendant COURT had impermissibly and unlawfully communicated with Defendants SELEGUE, HAUSMAN and other HOWARD, RICE personnel and lawyers about DYDZAK's bar disciplinary proceeding. This evidenced an actual bias, prejudice and/or conflict of interest, or the appearance of same, by Defendant MILES, mandating his disqualification and the setting aside and reversing of his decision dated August 5, 2008.

43. To date, despite demand therefor from DYDZAK, neither

DYDZAK V. GEORGE                    COMPLAINT

Defendants SELEGUE, HAUSMAN nor HOWARD RICE have produced
credible evidence that they, or any of them, properly received a
copy of MILES' decision lawfully. Plaintiff is informed and
believes. and thereon alleges, that Defendant MILES in or about
July, August and September, 2008, had improper telephonic
communications with Defendants BURK, SELEGUE, HAUSMAN and other
HOWARD, RICE personnel concerning and affecting DYDZAK's
disciplinary case and the disqualification issues of Defendant
MILES thereto. Defendant MILES has failed and refused, and
continues to fail and refuse, to produce his telephonic records
during this time frame which would prove he did     communicate
with the aforesaid individuals.

    44.   On or about December 3, 2009, the Review Department of
Defendant COURT, despite a flagrant and disturbing pattern of
numerous acts of bias, prejudice and conflict of interest (or
the appearance of same), and numerous constitutional and civil
rights violations by Defendants MILES, REMKE, PURCELL, STOVITZ,
EPSTEIN, McELROY and ARMENDARIZ and the other Defendants, as
herein alleged, affirmed and modified Defendant MILES' tainted,

23-

DYDZAK V. GEORGE                    COMPLAINT

biased and unlawful decision by issuing an Opinion and Order on Review recommending DYDZAK's disbarment. Defendants REMKE, EPSTEIN and PURCELL had no jurisdiction to issue such an Opinion and Order On Review on the aforesaid date since there was a Writ pending before the California Supreme Court.

45. On or about January 25, 2010, Charles Nettles, a deputy court clerk with Defendant COURT, and Michelle Cramton, a State Bar Administrator, were directed by Defendants REMKE, PURCELL and EPSTEIN of the Review Department to transmit its unfair, unlawful, and biased recommended decision of disbarment to the California Supreme Court. Upon information and belief, on or about January 27, 2010, Mr. Nettles and Ms. Cramton unlawfully and unconstitutionally served notice of said Transmittal of State Bar Court Recommendation, despite the fact that the Review Judges should have disqualified themselves and DYDZAK had not duly exhausted his post-decision remedies before petitioning Defendant SUPREME COURT OF CALIFORNIA.

46. On or about January 27, 2010, Defendant BAR, by and through the Office of Chief Trial Counsel, and Mr. Nettles

DYDZAK V. GEORGE                    COMPLAINT

also served by mail a certificate of costs in DYDZAK's state bar disciplinary case, Case No. 04-0-14383, 06-0-10960. This included an unconscionable, unlawful, vague, unconstitutional and excessive "base charge" assessment and other alleged costs totaling $ 15,209.31 which are being sought against DYDZAK. The base assessment in question evidences that Defendants COURT, BAR and BOARD and Defendant JUDGES and employees/agents have a biased incentive and agenda to prosecute attorneys such as Plaintiff to reap an unjust windfall for themselves and perpetuate the Bar bureaucracy. In DYDZAK's disciplinary matter, the Defendant Judges could and cannot be fair and impartial when there is, and was at all times herein mentioned, a clear-cut economic incentive for them to discipline attorneys.

47.  At all times relevant hereto, and continuing to the present, a series of internet articles at the Leslie Brodie blog and other easily accessible world-wide web sources have exposed numerous instances of misconduct and unfortunate judicial corruption by State Bar Court Judges. For instance, former State Bar Judge, Defendant STOVITZ,  continued to make rulings as a

DYDZAK V. GEORGE                    COMPLAINT

Judge Pro Tem when he had no judicial mandate to do so from the
Supreme Court of California. In another matter, Review Judge
EPSTEIN used her influence to obtain a favorable disciplinary
resolution for a former associate of her defunct law firm.

48.   Community activist and actor, PERRY F. CARAVELLO, has
lodged a formal complaint on or about July 26, 2010, with the
Committee on Judicial Performance of the State of California
concerning misconduct by Defendant GEORGE. For instance,
CARAVELLO alleges that Defendant GEORGE flagrantly and
unethically received illegal payments from Los Angeles County
of approximately $ 30,000 per annum while he was a Los Angeles
Superior Court Judge and did not report such payments on
required Form 700. Defendant GEORGE continued to turn a blind
eye to said illegal payments when he was appointed to the
Supreme Court of California. Such actions resulted in California
taxpayers being defrauded of more than $ 300 million dollars
over a twenty-year period. This situation has been documented in
the well-known case of incarcerated Richard Fine, a disbarred
attorney who exposed said bribery and corruption and claims he

DYDZAK V. GEORGE                    COMPLAINT

is being politically persecuted for his stance.

49. Defendants MATZ, FEESS, KLAUSNER, MORROW, PHILLIPS, WU, COLLINS and ROSENBERG, beginning November 25, 2008, and continuing to the present, violated DYDZAK's civil and constitutional rights by conspiring, individually and in concert, to protect the Defendant Judges of the State Bar Court and Review Department, as well as certain bar officials and agents, from liability and a finding that DYDZAK's civil and constitutional rights were violated, as herein alleged. Said federal judges and magistrate engaged, without limitation, in the following unlawful and wrongful conduct:

(i) In federal lawsuits, DYDZAK v. STATE OF CALIFORNIA et al. (CV 08-7765-VAP-AGR), DYDZAK v. REMKE et al. (CV 10-828-UA (AGR)), and DYDZAK v. REMKE et al. (CV 10-1297- AHM(AGRx)) not allowing DYDZAK to prosecute said cases, conduct discovery, grant appropriate declaratory and injunctive relief, and obtain a waiver of the filing fee due to DYDZAK's indigent status in order to protect the State Bar and State Bar Court Defendants named herein, particularly state judges and state officials;

(ii) Falsely claiming that the cases were barred by the

-21-

DYDZAK V. GEORGE                    COMPLAINT

doctrines of federal abstention and quasi-judicial and judicial immunity, in order to protect the State Bar and State Bar Court Defendants named herein, particularly state judges and state officials;

(iii) Unilaterally taking the case of DYDZAK v. REMKE et al. (CV 10-1297) from fair and principled United States District Judge, PERCY ANDERSON, who discharged an OSC and properly ruled that the case was not barred by res judicata and presented triable issues not barred by federal abstention;

(iv) Unilaterally and illegally not allowing principled and fair U.S. District Judge PERCY ANDERSON to issue appropriate declaratory and injunctive relief to DYDZAK by "politically" reassigning Case No. CV 10-1297, by senior judge Defendant FEESS, to U.S. District Judge, Defendant MATZ and Defendant-Magistrate ROSENBERG. The latters' proven track record and biased modus operandi are, and have been at all times herein mentioned, to rule against DYDZAK, no matter what the facts and evidentiary record are, to ensure that he was disbarred to protect the illegal actions and conduct of Defendants herein.

(v) Defendant COLLINS, as chief judge of the United States

28-

DYDZAK V. GEORGE                    COMPLAINT

AttyDefsSER-118

District Court for the Central District of California,
repeatedly condoning the pattern of misconduct and violation of
DYDZAK's civil and constitutional rights engaged in by certain
federal judges in her judicial district, notably Defendants
PHILLIPS and ROSENBERG; further denying access by DYDZAK to the
Central District Court by illegally denying him a waiver of a
filing fee despite his clearly indigent status on bogus,
deliberately misstated legal grounds.

(vi) Violating DYDZAK's due process and equal protection
rights guaranteed by the 5th and 14TH Amendments, and other
applicable law, so that DYDZAK could not have his day in court,
a trial on the merits, thereby depriving DYDZAK of practicing
law and unfairly and illegally leading to his disbarment at
present.

(vii) Denying DYDZAK oral argument, a trial on the merits
and appropriate injunctive and declaratory relief, because of
their bias, inability and reluctance to rule against any judge
in the California judiciary and uphold the Rule of Law.

(viii) Striking key pleadings from the record, issuing
certain rulings without jurisdiction, not disqualifying

-29-

DYDZAK V. GEORGE                    COMPLAINT

themselves despite a showing of bias or appearance of same, and deliberately misstating the evidentiary record, rulings and pleadings.

(ix) Intentionally delaying and making adverse rulings and not allowing DYDZAK a waiver of the filing fee for Case No. CV 10-828-UA (AGR) to retaliate against DYDZAK for exposing the bias and prejudice of Defendants ROSENBERG and PHILLIPS before the Ninth Circuit Court of Appeals and Associate Justice Stephen Breyer of the United States Supreme Court.

(x) Chief United States District Judge, Defendant COLLINS, willfully and intentionally condoning the unlawful actions of certain Judges of the United States Central District as well as the named Defendants, by on February 11, 2010: (a) falsely ruling in Case No. CV 10-828-UA (AGR) that the case failed to state a claim for relief and that judges and clerks enjoyed immunity; (b) refusing a waiver of the filing fee despite DYDZAK's indigent status against his due process rights.

(xi) Chief United States District Judge Defendant COLLINS willfully and intentionally trying to intimidate DYDZAK by

-30-

DYDZAK V. GEORGE                           COMPLAINT

having an U.S. Marshall contact him telephonically in or about March, 2010. Said Marshall at COLLINS' insistence falsely claimed that DYDZAK had allegedly mistreated federal court staff when he had not. DYDZAK had instead simply exercised his First Amendment Right of Expression when politely talking to said staff.

(xii) The aforesaid federal judges except on one occasion violating the California and U.S. Constitutions, and DYDZAK's civil rights, by repeatedly not allowing DYDZAK to make an evidentiary record through oral argument. So the politics of the sensitive subject matter of this litigation can be hidden from the press and public at large, DYDZAK has been refused without justification oral argument for any dispositive motion before any U.S. District Judge, against his constitutional and civil rights.

50. Beginning on or about August 5, 2008, and continuing to the present, the State Bar and State Bar Judge Defendants, and each of them, violated DYDZAK's civil and constitutional rights, including but not limited to a fair trial and post-trial

31-

DYDZAK V. GEORGE                           COMPLAINT

proceedings, by the following, without limitation:

(i) Defendant MILES and then the Review Judges not setting aside Defendant MILES' decision of August 5, 2008, contrary to the 5th and 14th Amendments and other applicable law, since same is void and/or voidable due to bias, prejudice, conflict of interest or the appearance of same;

(ii) Not providing DYDZAK a fair trial and post-trial proceedings as guaranteed by the 5th and 14th Amendments and other applicable law;

(iii) Not disqualifying Defendant MILES due to his actual prejudice, bias and conflict of interest against DYDZAK or the appearance of same;

(iv) Improperly upholding Defendant MILES' ruling on his own disqualification;

(v) Defendant MILES willfully perjuring himself as a judicial officer in violation of the Canons of Ethics, falsely claiming in his decision that he was not served with disqualification pleadings when he was as required by statute;

(vi) Not reinstating DYDZAK to active status retroactively as a licensed attorney, knowing that his

32

DYDZAK V. GEORGE                    COMPLAINT

constitutional and civil rights have been violated;

(vii) Placing DYDZAK on inactive status without a proper hearing against his civil, constitutional and due process rights;

(viii)  Defendant REMKE improperly ruling as part of the Review Panel even though she was the presiding judge and had an actual or inherent bias, prejudice or conflict of interest or the appearance of same;

(ix) Defendant COURT conspiring among its individual Judges to not disqualify Defendant MILES for political reasons, in order to uphold the purported integrity and reputation of the State Bar Court and the Review Department, when Defendant COURT and its individual judges knew that it was unlawful, unconscionable and against DYDZAK's civil and constitutional rights to do so;

(x)  Defendant BAR and BOARD improperly, "politically" and unlawfully pursuing disciplinary charges against Plaintiff during the time DYDZAK was suing for prior clients former State Bar President, Alan Rothenberg, and the latter's Century City

-33-

DYDZAK V. GEORGE                    COMPLAINT

1
2
3    DYDZAK's professional work primarily as a Plaintiff's attorney.

4        (xiv)  Defendant MILES not disqualifying himself and writing

5    a biased decision against DYDZAK when this judge knew or was

6    aware that DYDZAK represented Shanel Stasz in two pending LASC

7    lawsuits, which exposed his long-time friend and prior partner,

8    Bernard Burk, former law firm, HOWARD, RICE, as well as

9    prominent clients such as Charles Schwab & Co., Charles Schwab

10   and the Hugo Quakenbush Trust and Estate to major multimillion

11   dollar liability.

12       (xv) Defendant MILES not disqualifying himself and writing a

13   biased decision against DYDZAK when a sworn Declaration from

14   Sean Selegue, Esq. dated September 26, 2008, provides

15   irrefutable evidence of contacts and communications of attorneys

16   SELEGUE and HAUSMAN obtaining key pleadings from Defendant COURT

17   without ordering or paying for same. Defendant SELEGUE had

18   physical possession of the Miles' decision dated August 5, 2008,

19   many months before it was posted on the internet and did not

20   order or pay for same. Defendants SELEGUE and HAUSMAN were

21   intimately familiar with DYDZAK's disciplinary proceedings,

22
23
24
25                              35

26   DYDZAK V. GEORGE              COMPLAINT

27
28

AttyDefsSER-124

which shows that this information was provided to them by
Defendant MILES and  agents/employees of Defendant COURT under
his control or supervision.

(xvi) Defendant MILES having an actual conflict of interest,
prejudice or bias, or the appearance of same, and improperly,
unethically and unlawfully ruling on his own disqualification.
The Motion for Disqualification in question was filed on August
15, 2008. Judge MILES illegally ruled on his own
disqualification on August 20, 2008, in derogation of his duties
and responsibilities as a judicial officer.

(xvii) Defendant MILES' very act of ruling on his own
disqualification and unlawfully and unethically striking
DYDZAK's meritorious disqualification motion from the record
shows he had and has an actual bias, prejudice or conflict of
interest, or the appearance of same. Such conduct violated
DYDZAK's civil and constitutional rights as well as Section
106(e)(4) of the State Bar Rules of Procedure, C.C.P. Section
170.1(a)(6) and Canon 3C(1) of California's judicial ethics.

(xviii) Presiding and Review Judge REMKE and Supervising
Judge McELROY unconstitutionally and unlawfully taking more than

-36-

DYDZAK V. GEORGE                    COMPLAINT

two weeks (until September 5, 2008) to act on the
disqualification issue of Defendant MILES.

(xix) Defendant McELROY violating her judicial duties and
unethically and unlawfully acting in ruling on the
Reconsideration Motion concerning Judge MILES' disqualification
and the striking of his disqualification motion. Defendant
McELROY had an actual and inherent conflict of interest,
prejudice and bias, or the appearance of same, because (1) she
was specifically requested in writing not to rule on same because
she was the original trial judge; and (2) she was the original
trial judge who transferred the case to Judge MILES, and as such
had preconceived conceptions and ideas about DYDZAK and the
MILES' decision which would not allow her to be impartial and
unbiased.

(xx) On or about September 25, 2008, Review Department
Judges ruling en banc on the disqualification of Defendant
MILES, summarily denying same. This action was biased, violated
DYDZAK's civil rights and was unconstitutional for a number of
reasons: (1) There was an unnecessary and improper 40-day delay

37-

DYDZAK V. GEORGE                    COMPLAINT

AttyDefsSER-126

against due process; (2) The Review Department did not require
the State Bar of California to brief the disqualification issue;
(3) DYDZAK was not afforded oral argument; (4) The Review
Department did not issue a sufficiently detailed decision to
explain itself; (5) Presiding Judge REMKE should not have been a
member of the Review Department, because of her inherent and
actual conflict of interest and bias, or the appearance of same,
being both the Presiding Judge and the Review Judge. (6) Judge
REMKE should not have ruled on behalf of the Review Department,
because of her extensive involvement in the disqualification
matter at the hearing department stage.

(xxi)   The Review Petition for Interlocutory Relief re the
Disqualification of Defendant MILES  was impermissibly
intercepted and reviewed by Supervising Judge McELROY and this
delayed the filing thereof.

(xxii)  Judge MILES perjured himself in a court pleading
denying the disqualification and striking the disqualification
motion by falsely claiming that he was not served with
disqualification pleadings, even though his clerks have always
accepted all disqualification pleadings for him per statutory



DYDZAK V. GEORGE                    COMPLAINT

requirements and as attested to by Anthony Rogell in sworn
Declarations which are part of the record.

(xxiii) The Notice of Disciplinary Charges involving DYDZAK
did not properly notify him in writing that he could be placed
on inactive status with no Order to Show Cause hearing, a
violation of his civil rights and procedural and substantive due
process.

(xxiv) DYDZAK was denied his right to a fair trial and in
post-trial proceedings concerning the disqualification of
Defendant MILES and the reversing or setting aside of MILES'
decision dated August 5, 2008. Actual bias and the facts
surrounding such disqualification mandated recusal of State Bar
Judge MILES. The Stasz litigation, the timing of Defendant
MILES' decision, his relationship with Bernard Burk, his law
firm and their clients, Judge MILES' dishonesty re service and
ruling on and striking his own disqualification more than met
the state and federal law standard for disqualification.

(xxv) Defendant MILES not disqualifying himself and setting
aside his decision of August 5, 2008, against DYDZAK, despite
knowing about Stasz' litigation (LASC Case Nos. BC383161 and

-39-

DYDZAK V. GEORGE                    COMPLAINT

BC383162) whereby: (1) his long-time friend and former partner, Bernard Burk, was being sued for millions of dollars in damages and implicating HOWARD, RICE in major malfeasance and corruption; and (2) both cases involving the Estate and/or Trust of Hugo Quakenbush, the latter being the late co-founder of Charles Schwab & Co. and one of the law firm's, Burk's and MILES' long-time clients. MILES' decision was reached on August 5, 2008, during the period of service on Burk.

(xxvi) DYDZAK being denied procedural and substantive due process and equal protection contrary to his civil rights and the 5th and 14th Amendments by being put on inactive status by Defendants MILES and COURT without a hearing or OSC.

(xxvii) Defendant MILES not disclosing at any time prior to his decision of August 5, 2008, his professional relationship and friendship with attorney Bernard Burk.

(xxviii) Defendant MILES not disqualifying himself and setting aside his decision of August 5, 2008, against DYDZAK, despite being aware of the STASZ litigation prior to DYDZAK's inactive status and that Bernard Burk, Esq. was displeased STASZ

-70-

DYDZAK V. GEORGE                    COMPLAINT

AttyDefsSER-129

was pursuing legal claims against Burk and HOWARD, RICE clients.

(xxix) Upon receiving the original disqualification motion, Defendant MILES improperly did not give that motion to another State Bar Judge to rule upon as required by state bar rules of procedure, the canons of ethics and other applicable law.

(xxx) Defendant MILES not disqualifying himself and setting aside his decision of August 5, 2008, against DYDZAK, despite being a party to a federal lawsuit involving Plaintiff and the subject of a formal investigation of which he is and was aware.

(xxxi) Defendant MILES falsely and perjurously claiming that he was not duly served with disqualification pleadings when Anthony Rogell has provided sworn and dated Declarations that service was effectuated on said judge or his clerk, as required by statute, with regard to all such pleadings.

(xxxii) At all relevant times, Defendants REMKE, EPSTEIN and PURCELL have refused to disqualify themselves in DYDZAK's disciplinary case despite being formally investigated and being parties and sued in a federal lawsuit involving Plaintiff.

(xxxiii) Defendant MILES showing his bias by leaving out

DYDZAK V. GEORGE                    COMPLAINT

1
2
3   key evidence and exculpatory factors in his decision of August
4   5, 2008 against DYDZAK, including failing to properly grant a
5   dispositive motion to dismiss the LaFlamme count in the Notice
6   of Disciplinary Charges.
7       (xxxiv) At all relevant times, Defendants REMKE, EPSTEIN and
8   PURCELL have perjured themselves by falsely claiming they were
9   unaware of being sued in federal court, formally investigated,
10  and served with disqualification and other motions in DYDZAK's
11  disciplinary case.
12      (xxxv) Defendant MILES and agents and employees of Defendant
13  COURT having unlawful and improper communications and contacts
14  with HOWARD, RICE attorneys, Sean Selegue, Kenneth Hausman and
15  Bernard Burk, concerning DYDZAK's disciplinary case.
16      (xxxvi) Defendant MILES and agents and employees of
17  Defendant COURT unlawfully and improperly providing information
18  and pleadings to HOWARD RICE attorneys, Sean Selegue, Kenneth
19  Hausman and Bernard Burk, concerning DYDZAK's disciplinary case.
20      (xxxvii) At all relevant times, Defendants REMKE, EPSTEIN
21  and PURCELL unlawfully striking key motions, including
22  disqualification motions, from the record in DYDZAK's
23
24
25                              -72-
26  DYDZAK V. GEORGE                COMPLAINT
27
28

1
2
3  disciplinary case, showing actual bias, prejudice and conflict
4  of interest, or the appearance of same.
5      (xxxviii) At all relevant times, Defendant ARMENDARIZ
6  wrongfully and unethically refusing to disqualify herself in
7  DYDZAK' disciplinary case, and further wrongfully and
8  unethically striking the disqualification motion concerning
9  herself from the record in DYDZAK's disciplinary case.
10     (xxxix) On or about February 9, 2009, Defendants and State
11 Bar Review Judges REMKE, EPSTEIN and PURCELL wrongfully "hiding"
12 an Order denying their disqualification in duplicity and
13 conspiracy with Case Administrator, ROSALIE RUIZ. The subject
14 Order was filed on February 9, 2009, but not properly served on
15 DYDZAK. Plaintiff was deliberately left off the service list.
16 The Order with the doctored proof of service was sent to
17 DYDZAK's former counsel, Edward Lear, but not DYDZAK. Only when
18 DYDZAK filed a request for a ruling did he finally obtain the
19 Order with two proofs of service affixed thereto.
20     (xxxx) At all relevant times, the Review Judges improperly,
21 unlawfully and deliberately did not rule on a second extension
22 request by DYDZAK to pay for the reporter's transcript while
23
24
25
26 DYDZAK V. GEORGE                    COMPLAINT
27
28

subject to disqualification review by the California Supreme
Court. They further unlawfully refused to disqualify themselves
or refer the matter to the California Supreme Court or Judicial
Council.

(xxxxi) In taking the actions herein described, DYDZAK's
civil rights were violated as well as the 5th and 14th Amendments
as well as Article 1, Section 7(a) of the Constitution of the
State of California.

(xxxxii) In taking the actions herein described and not
disqualifying themselves due to their actual bias, prejudice,
conflict of interest, or the appearance of same, Defendants
MILES, ARMENDARIZ, REMKE, STOVITZ, EPSTEIN, McELROY and PURCELL
violated DYDZAK's civil rights.

(xxxxiii) In delaying ruling numerous times on DYDZAK's
motions, as herein alleged, Plaintiff's civil rights were
violated as well as Rule 1013 of the <u>Rules of Procedure</u> of the
State Bar Court.

(xxxxiv) In not deciding and adjudicating matters fairly,
correctly and efficiently, Defendants MILES, ARMENDARIZ, REMKE,
STOVITZ, EPSTEIN, McELROY and PURCELL violated DYDZAK's civil

DYDZAK V. GEORGE                    COMPLAINT

AttyDefsSER-133

1
2
3 rights as well as Rule 1015 of the <u>Rules of Procedure</u> of the
4 State Bar Court.
5     (xxxxv) In acting unfairly and unlawfully, as herein
6 described, Defendants MILES, ARMENDARIZ, REMKE, STOVITZ, EPSTEIN,
7 McELROY and PURCELL did not perform the duties of their office
8 impartially and diligently. Such conduct violated DYDZAK's civil
9 rights and Canon 3 of the <u>California Code of Judicial Ethics.</u>
10     (xxxxvi)  The unlawful actions of Defendants MILES,
11 ARMENDARIZ, REMKE, EPSTEIN, McELROY and PURCELL, in ruling on
12 their own disqualification and not reinstating DYDZAK, have
13 affected his career, standing in his former profession, his
14 ability to earn a living, his former clients' cases, upcoming
15 court proceedings and appearances, and contributed substantially
16 to the demise of his marriage, now ending in divorce.
17     (xxxxvii) The unlawful non-service of the February 9, 2009
18 Order for over a month violated DYDZAK's civil rights, due
19 process and equal protection, and constituted judicial politics,
20 unfairness and bias towards DYDZAK.
21     (xxxxviii) Placing DYDZAK on inactive status before all
22 appellate remedies were pursued, and without an Order to Show
23
24
25
26 DYDZAK V. GEORGE                COMPLAINT
27
28

1

2

3    Cause hearing, violated DYDZAK's civil rights as well as <u>Business</u>

4    <u>and Professions Code</u>, Sections 6077©(4) and 6083.

5         (xxxxix) DYDZAK was unconscionably, unlawfully and

6    unconstitutionally assessed $ 15,209.31 for alleged costs of

7    prosecution in his disciplinary case. Such assessment

8    demonstrates that Defendants COURT, BAR, BOARD, and the

9    Defendant Judges, as well as Defendant Bar officials, employees

10   and agents, have a predisposed economic incentive and bias to

11   pursue disciplinary proceedings against attorneys such as

12   DYDZAK, particularly sole practitioners and Plaintiff's

13   attorneys, because of their pro-government political slant,

14   desire to raise revenue for Defendant BAR, COURT and BOARD, and

15   perpetuate a bloated Bar bureaucracy.

16        (xxxxx) In inordinately delaying ruling on motions involving

17   his disciplinary case, DYDZAK's civil rights were violated as

18   well as his due process right to reasonable and speedy

19   adjudication contrary to the 5th, 6th and 14th Amendments.

20        (xxxxxi) At all relevant times, Defendant RUIZ engaged in

21   preparing, dating and signing fraudulent proofs of service on

22

23   behalf of Defendants COURT, REMKE, EPSTEIN and PURCELL, in order

24

25

26   DYDZAK V. GEORGE                    COMPLAINT

27

28

AttyDefsSER-135

that DYDZAK would not receive pleadings timely and to prejudice his rights.

(xxxxxii) Defendants, COURT, REMKE, PURCELL and EPSTEIN, unlawfully and against procedural and substantive due process, held oral argument in DYDZAK's disciplinary case when they had no jurisdiction to do so, by virtue of their being pending Writs to the California Supreme Court and their being subject to disqualification.

(xxxxxiii) At all relevant times, CHARLENE FOSTER, an employee of Defendant BAR, in conspiracy and duplicity with BAR attorney, Danielle Lee, Esq. perjured herself on a proof of service, so that DYDZAK would be prejudiced in his receipt of opposition papers filed in his prior federal lawsuit.

(xxxxxiv) In or about December, 2009, and January, 2010, and on other previous occasions, Defendants REMKE, EPSTEIN and PURCELL struck major motions and evidence from the record in DYDZAK's disciplinary case, as well as improperly and unlawfully ruled on their own disqualification, showing their outright bias and hostility towards DYDZAK.

(xxxxxv) The pattern of delaying ruling by Defendants

DYDZAK V. GEORGE                    COMPLAINT

MILES, REMKE, EPSTEIN, PURCELL, STOVITZ and McELROY, violated
DYDZAK's civil rights and to be reinstated as an active member
of the State Bar of California so that he could earn a living.

(xxxxxvi)  The Orders and decisions of Defendants COURT,
MILES, REMKE, EPSTEIN, PURCELL, STOVITZ and McELROY, demonstrate
bias, prejudice and conflict of interest, or the appearance of
same, to such an extent that they are void or voidable and
violate DYDZAK's constitutional and civil rights.

(xxxxxvii)  The State Bar Rules of Procedure and State Bar
Act violate DYDZAK's constitutional rights, and are
unconstitutional on their face, insofar as the Presiding Judge
has adjudicatory functions over both the Hearing Department and
Review Department. As Presiding Judge, Defendant REMKE received
pleadings, papers, letters and other authority at the Hearing
Department stage concerning the disqualification of Judge MILES.
It was consequently improper and unlawful for her to be a member
of the Review Department in ruling against DYDZAK. Defendant
REMKE had an actual prejudice, conflict of interest or bias, or
the appearance of same, as a direct, proximate and legal result
thereof.

78-

DYDZAK V. GEORGE                    COMPLAINT

AttyDefsSER-137

(xxxxxviii) At all relevant times, Defendants REMKE, EPSTEIN and PURCELL unlawfully issued Orders and the Opinion on Review and Order on December 3, 2009, when they had no jurisdiction to do so as Writs were pending before the California Supreme Court and had not been adjudicated.

51.   In summarily disbarring DYDZAK, without written decision on the merits and not affording DYDZAK oral argument and briefing, Defendants SUPREME COURT OF CALIFORNIA and CALIFORNIA SUPREME COURT JUSTICES violated DYDZAK's civil and constitutional rights, including but not limited to violating the Supremacy Clause of the U.S. Constitution and the due process and equal protection clauses of the U.S. and California Constitutions. Furthermore, in not disclosing their relationship with HOWARD RICE and SELEGUE, and not respecting the Rule of Law towards DYDZAK, said Defendants, and each of them, unlawfully covered up for the corruption of the California Judiciary and certain State Bar Court and Review Judges, particularly the misconduct and malfeasance of Defendant MILES, as hereinbefore alleged.

DYDZAK V. GEORGE                    COMPLAINT

### FIRST CAUSE OF ACTION

### (DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW)

### (AGAINST ALL NAMED DEFENDANTS OTHER THAN

### HOWARD, RICE, BURK, SELEGUE AND HAUSMAN)

52. Plaintiff refers to and incorporates, as though fully set forth herein, the preceding Preliminary Allegations and Paragraphs of the Complaint, including Paragraphs 1 through 51, inclusive.

53.  This is an action for deprivation of constitutional rights under color of state law brought pursuant to the recodification Section 1979 of the Civil Rights Act of 1971, Title 42 United States Code, Section 1983, for remedies for Defendants' deprivation of Plaintiff's civil rights. Through this action, Plaintiff seeks all legal and equitable relief to which he may be entitled, including, but not limited to compensatory and punitive damages, attorney's fees and costs, prejudgment interest, and injunctive relief against the aforementioned Defendants and each of them.

54.  Defendants, and each of them, have engaged in the



DYDZAK V. GEORGE                    COMPLAINT

unlawful and wrongful conduct and acts herein alleged, and thereby violated his civil rights.

55. At all times herein mentioned, Plaintiff was, and now is, a resident of Los Angeles County, State of California.

56. At all times herein mentioned, Defendants, and each of them, acted under color of their authority as such in doing all the things herein mentioned and taking the actions herein alleged.

57. In taking the actions herein alleged, Defendants acted, and continue to act, under color of and pursuant to the laws, statutes, ordinances, regulations, customs, and usages of the State of California, the State Bar of California, and the the State Bar Court and pursuant to the official policies and practices of said Defendants.

58. By reason of the aforesaid conduct of Defendants and each of them, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Constitution of the United States and laws enacted thereunder in that the unlawful, wrongful and oppressive conduct herein alleged amounted to an

51-

DYDZAK V. GEORGE                    COMPLAINT

1
2
3     arbitrary, vindictive, malicious and unprofessional intrusion by
4     Defendants into the security, safety and well-being of
5     Plaintiff's privacy, person, and livelihood and were not
6     authorized by law. Furthermore, the herein described civil
7     rights violations and unlawful and wrongful actions to
8     Plaintiff's person and livelihood `d deprived Plaintiff of
9     liberty and property without due process of law, including the
10    ability to practice law as an active member of the State Bar of
11    California.

12        59. Jurisdiction of the subject matter of this action is
13    established in this Court under Title 28 of the United States
14    Code, Section 1343.

15        60. As a direct, legal and proximate result of Defendants'
16    actions against Plaintiff, as alleged above, Plaintiff has been
17    harmed in that Plaintiff was injured, subjected to humiliation,
18    indignity, undue emotional trauma and stress and prevented from
19    transacting and attending to his normal business and personal
20    affairs. Plaintiff suffered great physical and mental pain and
21    suffering, all to his general damage in an amount according to
22
23
24
25                              52
26    DYDZAK V. GEORGE              COMPLAINT
27
28

AttyDefsSER-141

proof at or before trial.

61. As a direct, legal and proximate result of the Defendants' actions and conduct, Plaintiff has also incurred special damages and medical expenses, in an amount according to proof at or before trial.

62. The above-recited actions of Defendants, and each of them, in depriving Plaintiff of his constitutionally protected rights were done with evil motive and intent, maliciously and with reckless or callous indifference to Plaintiff's rights. Plaintiff is therefore entitled to an award of exemplary or punitive damages, according to proof.

63. Plaintiff is informed and believes, and thereon alleges, that Defendants will continue in their unlawful conduct, unless and until restrained by the Court. If Defendants are not restrained, as specified below, Plaintiff will sustain immediate and irreparable injury, loss, and damage in that Plaintiff will continue to experience and suffer from the fear of additional, unwarranted scrutiny and will continue to suffer humiliation and indignity, as well as great physical and mental

DYDZAK V. GEORGE                    COMPLAINT

pain and suffering, resulting from Defendants' ongoing deprivation of his rights, including but not limited to his right to practice law as an active member of the State Bar of California.

64. Plaintiff has duly exhausted state law remedies available to him prior to filing suit, including approximately five Writs of Review to the California Supreme Court which were denied without prejudice and without a hearing on the merits.

65. Therefore, Plaintiff requests the following injunctive relief, equitable relief, declaratory relief and other legal relief against Defendants and each of them, to wit:

1. That it is adjudged and decreed that DYDZAK's constitutional rights and civil rights were violated, and continue to be violated, by Defendants, and each of them, as herein alleged, particularly due to the failure by Defendant MILES, Defendant COURT and the individual Defendant Judges of the State Bar Court and Review Department to disqualify Defendant MILES and set aside his decision of August 5, 2008;

2. That the decision of August 5, 2008, by Defendant

-54-

DYDZAK V. GEORGE

COMPLAINT

AttyDefsSER-143

MILES recommending DYDZAK's disbarment be set aside as void or voidable based upon violation of DYDZAK's civil and constitutional rights, and based upon DYDZAK's showing of unclean hands, judicial misconduct, government misconduct, bias, prejudice and conflict of interest or the appearance of same, by Defendants and each of them.

3. That the Opinion on Review and Order filed December 3, 2009, by Defendants REMKE, EPSTEIN and PURCELL be set aside as void or voidable based upon violation of DYDZAK's civil and constitutional rights, and based upon DYDZAK's showing of unclean hands, judicial misconduct, government misconduct, bias, prejudice and conflict of interest or the appearance of same, by Defendants and each of them.

4. That the Transmittal of State Bar Court Recommendation, imposition of costs and proposed Order to the California Supreme Court recommending DYDZAK's disbarment by Defendant COURT be set aside, stricken or reversed based upon violation of DYDZAK's civil and constitutional rights, and based upon DYDZAK's showing of unclean hands, judicial misconduct,

DYDZAK V. GEORGE                    COMPLAINT

government misconduct, bias, prejudice and conflict of interest or the appearance of same, by Defendants and each of them.

5.   That the Order entered on or about May 12, 2010, or any other Order by Defendant SUPREME COURT OF CALIFORNIA and Defendants CALIFORNIA SUPREME COURT JUDGES, disbarring DYDZAK from the practice of law in California, imposing disciplinary costs, and striking his name from the roll of attorneys be set aside, stricken or reversed based upon violation of DYDZAK's civil and constitutional rights, and based upon DYDZAK's showing of unclean hands, judicial misconduct, government misconduct, bias, prejudice and conflict of interest or the appearance of same, by Defendants and each of them.

6.   That DYDZAK be restored to active status forthwith and retroactively as of August 5, 2008, as a member of the State Bar of California due to the aforesaid wrongful and unlawful conduct and violation of his civil and constitutional rights;

.   That the State Bar Court and Review Department, and any of the named Defendant Judges of said Court and Review

DYDZAK V. GEORGE                    COMPLAINT

Department, be prevented, disqualified and enjoined from ruling
on any legal matters involving the discipline of DYDZAK
retroactively, presently and in the future due to their past and
ongoing civil and constitutional rights violations towards him;

7. That this Court issue appropriate injunctive
relief in the form of a Temporary Restraining Order, Preliminary
Injunction or Permanent Injunction, or whatever similar
equitable relief it believes is appropriate and legal to protect
Plaintiff's civil, legal and constitutional rights;

8. That this Honorable Court appoint an independent
federal judge or other appropriate body outside the State Bar
Court and Review Department to adjudicate, hear, settle and
resolve any disciplinary matters involving DYDZAK due to the
past and ongoing violation of his civil and constitutional
rights by Defendants and each of them.

9. That the entire Chief Trial Counsel's Office and
Office of General Counsel of the State Bar of California,
including but not limited to Eli Mortgenstern, Scott Drexel,
Augustus Hernandez, Janet Hunt, Victoria Malloy, and Danielle

*57-*

DYDZAK V. GEORGE                    COMPLAINT

AttyDefsSER-146

Lee, be enjoined and disqualified from being involved in any disciplinary matters involving DYDZAK because of their past and ongoing violation of DYDZAK's civil and constitutional rights and clear bias, prejudice, conflict of interest and animosity towards him, without foundation.

10. That there be a declaration that Plaintiff's right to a fair trial and post-trial proceedings were violated along with other civil, legal and constitutional rights by Defendants and each of them.

11. That Defendants MATZ, FEESS, KLAUSNER, MORROW, WU, PHILLIPS, ROSENBERG and COLLINS be enjoined from hearing and adjudicating any issue and aspect of the within action due to their bias, prejudice, and conflict of interest, or the appearance of same.

12. That DYDZAK be granted appropriate declaratory relief, in order to protect his civil and constitutional rights and remedy the unlawful actions and conduct alleged herein, and allow him to practice law forthwith in the State of California.

**SECOND CAUSE OF ACTION**

-58-

DYDZAK V. GEORGE                    COMPLAINT

**(INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS)**

**(AGAINST DEFENDANTS BURK, SELEGUE AND HAUSMAN)**

66.  Plaintiff refers to and incorporates by reference herein Paragraphs 1 through 65, inclusive, of this Complaint, as though fully set forth herein.

67.  On August 8, 2008, and at all other relevant times hereto, there existed an economic relationship between DYDZAK and SHANEL STASZ by virtue of their attorney-client agreement whereby DYDZAK agreed to represent STASZ in her LASC litigation, as hereinbefore alleged and described.   STASZ agreed that DYDZAK would receive as attorney's fees 1/3 of any gross recovery, either by judgment or settlement, in her LASC litigation.

68. At all times herein mentioned, and continuing to the present, DYDZAK has enjoyed cordial relations with Ms. Stasz, and previously represented her in a number of legal matters while licensed as an attorney. In the past, he has benefited financially from representing Ms. Stasz and received

-59-

DYDZAK V. GEORGE                    COMPLAINT

professional fees.

69.   On or about August 8, 2008, and at all times relevant hereto, Defendants HOWARD, RICE, HAUSMAN, SELEGUE and BURK were well aware of the existence of the economic relationship between DYDZAK and Ms. Stasz. Attorney Burk knew that DYDZAK represented STASZ on a number of legal matters and communicated with DYDZAK on legal issues involving STASZ in or about July, 2008.

70.   In unlawfully communicating with Defendant MILES, and agents and employees of Defendant COURT, about DYDZAK's disciplinary proceedings, and in improperly and illegally gaining access to the MILES' decision directly through contacting MILES, or his agents and employees thereof, Defendants BURK, HAUSMAN and SELEGUE, individually and on behalf of Defendant HOWARD RICE, persuaded and influenced MILES to put DYDZAK on inactive status and recommend his disbarment. This unlawful conduct was done, so that HOWARD RICE clients and Defendant BURK's legal interests could be protected from major liability and expense.

71.   As a direct, legal and proximate result thereof, Plaintiff has sustained general pain and suffering, severe

DYDZAK V. GEORGE                    COMPLAINT

emotional distress and anguish, loss of earnings and earning capacity, loss of good will and reputation, incurred substantial loans which has been unable to repay to date, and further incurred considerable storage and moving costs, all to his general damage, according to proof at or before trial.

### THIRD CAUSE OF ACTION

### (FRAUD)

### (AGAINST DEFENDANT SELEGUE)

72.   Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 71, inclusive, of the Complaint.

73.   In a sworn Declaration dated September 26, 2010, in the STASZ litigation against Defendant BURK, submitted in connection with a Motion to Quash Service, Defendant SELEGUE falsely represented under oath that he obtained access to the MILES' decision by traveling to Los Angeles, California, to obtain same.

74. This representation was in fact false, fraudulent and

-*b*/-

DYDZAK V. GEORGE                    COMPLAINT

misleading. The true facts were that Defendant SELEGUE willfully
perjured himself on this point and thereby committed a felony;
never traveled to Los Angeles to obtain the MILES' decision;
unlawfully and illegally obtained MILES' Decision directly from
MILES and/or an agent or employee of Defendant COURT; tortiously
interfered with the attorney-client relationship between DYDZAK
and STASZ by illegally and unethically communicating with
Defendant MILES; conspired with Defendant MILES and other
members of his law firm to destroy DYDZAK's ability to practice
law and represent STASZ in her LASC cases; influenced and
persuaded MILES in conspiracy with Defendants HAUSMAN and BURK
to have DYDZAK disbarred; had not properly ordered nor paid for
MILES' Decision dated August 5, 2008, affecting DYDZAK; intended
by his dishonest and fraudulent Declaration to gain a tactical
advantage in litigation against STASZ; and intended to
maliciously and permanently injure DYDZAK's career, reputation
and livelihood by the aforesaid actions and by virtue of his
fraudulent and dishonest Declaration.

75.  Had DYDZAK known the foregoing on or about September

DYDZAK V. GEORGE                    COMPLAINT

26, 2008, or before said date, and had he further known about the misconduct of Defendants SELEGUE, HAUSMAN and BURK, on or before September 26, 2008, as herein alleged, he would have advised STASZ to immediately report. SELEGUE and HOWARD, RICE to the State Bar of California for ethical and professional violations, including but not limited to Defendant SELEGUE committing perjury, a felony and crime of moral turpitude. DYDZAK further would have moved before Defendant MILES made his fraudulent and unethical Decision against him for an Order disqualifying Defendant MILES from making a decision due to the jurist's prejudice, bias and conflict of interest or the appearance of same.

76.  As a direct, legal and proximate result of the fraud perpetrated by Defendant SELEGUE, and the aforementioned false representation, Plaintiff has suffered general damages, in an amount not yet ascertained. Plaintiff will seek leave to amend the Complaint in order to set forth such amount when it is determined, according to proof.

77.  In taking the actions herein alleged, and making the



DYDZAK V. GEORGE                    COMPLAINT

AttyDefsSER-152

misrepresentation herein described, Defendant SELEGUE acted maliciously, oppressively, and fraudulently, in conscious disregard of Plaintiff's rights. Plaintiff is, therefore, entitled to an award of exemplary or punitive damages, according to proof.

WHEREFORE, Plaintiff prays judgment as follows:

ON FIRST CAUSE OF ACTION:

1. For general damages in the amount of $ 10,000,000;

2. For special damages and medical expenses, according to proof;

3. For punitive damages, according to proof;

4. For injunctive relief as set forth herein;

5. For reasonable attorney's fees pursuant to Title 42 of the United States Code, Section 1988(b);

6. For costs of suit incurred herein;

7. For a dismissal of any alleged disciplinary charges against DYDZAK due to the violation of his civil, legal, equitable and constitutional rights;

8. For such other and further relief as the Court deems just and proper in the premises;

DYDZAK V. GEORGE                    COMPLAINT

9.    Setting aside and declaring void or voidable Defendant MILES' unlawful, unconstitutional, biased, and illegal State Bar Decision dated August 5, 2008 against DYDZAK, and any other unconstitutional, unlawful and illegal rulings, orders, opinions and decisions of the State Bar Court and Review Department referenced herein and pertaining thereto;

10.    Setting aside and declaring void or voidable the unlawful, biased, unconstitutional, and illegal Opinion On Review and Order filed December 3, 2009, by Defendants REMKE, EPSTEIN and PURCELL against DYDZAK, and any other unconstitutional, unlawful and illegal rulings, orders, opinions and decisions of the State Bar Court and Review Department referenced herein and pertaining thereto;

11.    Enjoining, setting aside and declaring void or voidable the transmittal of the State Bar Court Recommendation, Imposition of Costs, and Proposed Order to the California Supreme Court against DYDZAK, as alleged herein;

12.    Setting aside and declaring void or voidable the unlawful, biased, unconstitutional, and illegal Order of the



DYDZAK V. GEORGE                    COMPLAINT

Supreme Court of California entered on or about May 12, 2010, disbarring DYDZAK, assessing unlawful and vague disciplinary costs, and illegally removing him from the roll of attorneys admitted to practice law in the State of California.

13.   For any injunctive relief as allowed by Federal Rules of Civil Procedure, Rules 57, 65, and other appropriate Rules therein as well as 42 U.S.C. Section 1983 et seq. ;

14.   For appropriate declaratory relief and judgment by virtue of 28 U.S.C. Section 2201 et seq.


ON SECOND CAUSE OF ACTION

1.   For general damages, according to proof;

2.   For costs of suit incurred herein;

3.   For such other and further relief as ordered by this Honorable Court and warranted in the premises.


ON THIRD CAUSE OF ACTION

1.   For general damages, according to proof;

2.   For punitive damages, according to proof;

3.   For costs of suit incurred herein;


DYDZAK V. GEORGE                    COMPLAINT

4.   For such other and further relief as ordered by this Honorable Court and warranted in the premises.

Dated: August 4, 2010

DANIEL D. DYDZAK

Plaintiff Pro Se

DYDZAK V. GEORGE                          COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is ___*NoNe*_____.

The case number on all documents filed with the Court should read as follows:

## CV10- 5820 SVW

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AttyDefsSER-157

Name & Address:
DANIEL DAVID DYDZAK
Plaintiff Pro Se
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292

FOR OFFICE USE ONLY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| DANIEL DAVID DYDZAK, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV10 5820 ◄ SVW |
| v. | |
| RONALD M. GEORGE, CARLOS R. MORENO, JOYCE L. KENNARD, [ATTACHMENT A] | **SUMMONS** |
| DEFENDANT(S). | |

TO: DEFENDANT(S): RONALD M. GEORGE, CARLOS R. MORENO, JOYCE L. KENNARD, [ATTACHMENT A]

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _DANIEL DAVID DYDZAK, PRO SE_, whose address is _4265 Marina City Drive, #407W, Marina del Rey, CA 90292_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __8-5-10__    By: ____CHRIS SAWYER____
                          Deputy Clerk
                          (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS

**AttyDefsSER-158**

1   ATTACHMENT A

2

3   KATHRYN MICKLE WERDEGAR, MING W. CHIN, MARVIN R. BAXTER, CAROL A.

4   CORRIGAN, SUPREME COURT OF CALIFORNIA, STATE BAR OF CALIFORNIA, DONALD

5   F. MILES, STATE BAR COURT, BOARD OF GOVERNORS OF STATE BAR OF CALIFORNIA,

6   JOANN M. REMKE,  CATHERINE D. PURCELL, JUDITH EPSTEIN, RONALD W. STOVITZ,

7   PATRICE E. McELROY, RICHARD A. PLATEL, LUCY ARMENDARIZ, RICHARD A. HONN,

8   BERNARD A. BURK, KENNETH G. HAUSMAN, SEAN M. SELEGUE, HOWARD, RICE,

9   NEMEROSKI, CANADY,  FALK & RABKIN,  SCOTT DREXEL, A. HOWARD MATZ, GARY A.

10  FEESS, R. GARY KLAUSNER, MARGARET M. MORROW, GEORGE H. WU,

11  VIRGINIA A. PHILLIPS, AUDREY B. COLLINS, ALICIA G. ROSENBERG, and DOES 1 through

12  10, Inclusive,

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CV-127 (09-09)          PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

AttyDefsSER-159

Name & Address:
DANIEL DAVID DYDZAK
Plaintiff Pro Se
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292

FOR OFFICE USE ONLY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| DANIEL DAVID DYDZAK, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV10 5820 • SVW |
| RONALD M. GEORGE, CARLOS R. MORENO, JOYCE L. KENNARD, [ATTACHMENT A] | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): RONALD M. GEORGE, CARLOS R. MORENO, JOYCE L. KENNARD,
       [ATTACHMENT A]

A lawsuit has been filed against you.

Within __60__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _DANIEL DAVID DYDZAK_, whose address is _4265 Marina City Drive, #407W, Marina del Rey, CA 90292_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __8-5-10__

Clerk, U.S. District Court

By: _____
CHRO SAWYER
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                                    SUMMONS

AttyDefsSER-160

1 ATTACHMENT A

2

3 KATHRYN MICKLE WERDEGAR, MING W. CHIN, MARVIN R. BAXTER, CAROL A.

4 CORRIGAN, SUPREME COURT OF CALIFORNIA, STATE BAR OF CALIFORNIA, DONALD

5 F. MILES, STATE BAR COURT, BOARD OF GOVERNORS OF STATE BAR OF CALIFORNIA,

6 JOANN M. REMKE, CATHERINE D. PURCELL, JUDITH EPSTEIN, RONALD W. STOVITZ,

7 PATRICE E. McELROY, RICHARD A. PLATEL, LUCY ARMENDARIZ, RICHARD A. HONN,

8 BERNARD A. BURK, KENNETH G. HAUSMAN, SEAN M. SELEGUE, HOWARD, RICE,

9 NEMEROSKI, CANADY, FALK & RABKIN, SCOTT DREXEL, A. HOWARD MATZ, GARY A.

10 FEESS, R. GARY KLAUSNER, MARGARET M. MORROW, GEORGE H. WU,

11 VIRGINIA A. PHILLIPS, AUDREY B. COLLINS, ALICIA G. ROSENBERG, and DOES 1 through

12 10, Inclusive,

CV-127 (09-09)    PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

AttyDefsSER-161

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)
DANIEL DAVID DYDZAK

**DEFENDANTS**
RONALD M. GEORGE, CARLOS R. MORENO, JOYCE L. KENNARD,
[ATTACHMENT A]

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
DANIEL DAVID DYDZAK, PLAINTIFF PRO SE,4265 MARINA CITY DRIVE, SUITE 407W, MARINA DEL REY, CA 90292
TELEPHONE: (310) 867-1289

Attorneys (If Known)
DANIELLE A. LEE, ESQ.
180 HOWARD STREET, SAN FRANCISCO, CA 94105
TELEPHONE: (415) 538-2339

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** 10,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
CIVIL RIGHTS ACTION, TITLE 42 U.S.C. SECTION 1983; FRAUD; INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

(☑ 440 Other Civil Rights checked; ☑ 463 Habeas Corpus-Alien Detainee checked)

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08) | CIVIL COVER SHEET | Page 1 of 2

**AttyDefsSER-162**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑Yes
If yes, list case number(s): CV-08-7765-VAP-AGR; CV 10-1297-PA and AHM (AGRx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff DANIEL DAVID DYDZAK | Los Angeles County, State of California |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant RONALD M. GEORGE | San Francisco County, State of California |
| Defendant CARLOS R. MORENO | San Francisco County, State of California |
| Defendant JOYCE L. KENNARD [Attachment For Other Defendants] | San Francisco County, State of California |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY, STATE OF CALIFORNIA | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date August 5, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**AttyDefsSER-163**

1

ATTACHMENT A

2

3  KATHRYN MICKLE WERDEGAR, MING W. CHIN, MARVIN R. BAXTER, CAROL A.

4  CORRIGAN, SUPREME COURT OF CALIFORNIA, STATE BAR OF CALIFORNIA, DONALD

5  F. MILES, STATE BAR COURT, BOARD OF GOVERNORS OF STATE BAR OF CALIFORNIA,

6  JOANN M. REMKE, CATHERINE D. PURCELL, JUDITH EPSTEIN, RONALD W. STOVITZ,

7  PATRICE E. McELROY, RICHARD A. PLATEL, LUCY ARMENDARIZ, RICHARD A. HONN,

8  BERNARD A. BURK, KENNETH G. HAUSMAN, SEAN M. SELEGUE, HOWARD, RICE,

9  NEMEROSKI, CANADY, FALK & RABKIN, SCOTT DREXEL, A. HOWARD MATZ, GARY A.

10  FEESS, R. GARY KLAUSNER, MARGARET M. MORROW, GEORGE H. WU,

11  VIRGINIA A. PHILLIPS, AUDREY B. COLLINS, ALICIA G. ROSENBERG, and DOES 1 through

12  10, Inclusive,

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AttyDefsSER-164

ATTACHMENT FOR OTHER DEFENDANTS

| | |
|---|---|
| Defendant KATHRYN MICKLE WERDEGAR | San Francisco County, State of California |
| Defendant MING W. CHIN | San Francisco County, State of California |
| Defendant MARVIN R. BAXTER | San Francisco County, State of California |
| Defendant CAROL A. CORRIGAN | San Francisco County, State of California |
| Defendant SUPREME COURT OF CALIFORNIA | San Francisco County, State of California |
| Defendant STATE BAR OF CALIFORNIA | San Francisco County, State of California |
| Defendant DONALD F. MILES | Los Angeles County, State of California |
| Defendant STATE BAR COURT | Los Angeles County, State of California |
| Defendant BOARD OF GOVERNORS OF | |
| STATE BAR OF CALIFORNIA | San Francisco County, State of California |
| Defendant JOANN M. REMKE | Los Angeles County, State of California |
| Defendant CATHERINE D. PURCELL | Los Angeles County, State of California |
| Defendant JUDITH EPSTEIN | Los Angeles County, State of California |
| Defendant RONALD W. STOVITZ | Los Angeles County, State of California |
| Defendant PATRICE E. McELROY | Los Angeles County, State of California |
| Defendant RICHARD A. PLATEL | Los Angeles County, State of California |
| Defendant LUCY ARMENDARIZ | Los Angeles County, State of California |
| Defendant RICHARD A. HONN | Los Angeles County, State of California |
| Defendant BERNARD A. BURK | San Francisco County, State of California |
| Defendant KENNETH G. HAUSMAN | San Francisco County, State of California |
| Defendant SEAN A. SELEGUE | San Francisco County, State of California |
| Defendant HOWARD, RICE, NEMEROSKI | San Francisco County, State of California |
| CANADY, FALK & RABKIN | |
| Defendant SCOTT DREXEL | San Francisco County, State of California |

AttyDefsSER-165

ATTACHMENT FOR OTHER DEFENDANTS (Page 2)

| | |
|---|---|
| Defendant A. HOWARD MATZ | Los Angeles County, State of California |
| Defendant GARY A. FEESS | Los Angeles County, State of California |
| Defendant R. GARY KLAUSNER | Los Angeles Count County, State of California |
| Defendant MARGARET M. MORROW | Los Angeles County, State of California |
| Defendant GEORGE H. WU | Los Angeles County, State of California |
| Defendant VIRGINIA A. PHILLIPS | Riverside County, State of California |
| Defendant AUDREY B. COLLINS | Los Angeles County, State of California |
| Defendant ALICIA G. ROSENBERG | Los Angeles County, State of California |

AttyDefsSER-166

# Exhibit E

California Supreme Court docket, Case No. S179850, entry dated September 11, 2019

**AttyDefsSER-167**

# Appellate Courts Case Information



Supreme Court



## Docket (Register of Actions)

**DYDZAK ON DISCIPLINE**
**Division SF**
**Case Number S179850**

| Date | Description | Notes |
|------|-------------|-------|
| 01/27/2010 | Record of State Bar discipline filed | recommendation: disbarrment.<br><br>*7 volumes. |
| 04/01/2010 | Petition for writ of review filed | Petitioner: Daniel David Dydzak<br>Attorney: Daniel David Dydzak under CRC 8.25(b) |
| 04/01/2010 | Forma pauperis application filed | |
| 04/20/2010 | Response by State Bar filed | Non-Title Respondent: State Bar of California<br>Attorney: Danielle A. Lee |
| 05/03/2010 | Reply to State Bar response filed | Petitioner: Daniel David Dydzak<br>Attorney: Daniel David Dydzak crc 8.25 (b) |
| 05/12/2010 | Petition for writ of review denied; disbarred | The petition for writ of review is denied.<br>The court orders that Daniel David Dydzak, State Bar Number 121857, is disbarred from the practice of law in California and that his name is stricken from the roll of attorneys.<br>Daniel David Dydzak must also comply with rule 9.20 of the California Rules of Court and perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 calendar days, respectively, after the effective date of this order.<br>Costs are awarded to the State Bar in accordance with Business and Professions Code section 6086.10 and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment. |
| 05/21/2010 | Order filed | The order filed on May 12, 2010, is amended as to the State Bar case numbers to read; "S.B.C. Nos. 04-O-14383/06-O-10960." |
| 06/01/2010 | Received: | notice from the Supreme Court of United States, dated May 27, 2010; petition for writ of certiorari was filed May 24, 2010,and placed on the US Supreme Court docket on May 27, 2010, under No. 09-11066. |
| 06/04/2010 | Received: | service copy of notice that petition is filed under US Supreme Court # 09-11066. |
| 07/26/2010 | Note: Mail returned (unable to forward) | states name does not exist; return to sender. |
| 10/07/2010 | Received: | from the Supreme Court of the United States, Office of the Clerk, dated October 4, 2010, a notice that the petition for writ of certiorari filed under case# 09-11066, was denied. |
| 01/11/2012 | Motion filed | by Daniel D. Dydzak, petitioner, to reopen disciplinary case due to fraud upon the court and reverse and set aside void disbarment order.<br><br>(to court for consideration) |
| 01/23/2012 | Received: | Letter and proposed order from petitioner. |
| 01/30/2012 | Received: | Petitioner's request for ruling forthwith on pending motion |
| 02/06/2012 | Received: | Petitioner's second request for ruling on pending motion |
| 02/15/2012 | Received: | Petitioner's Third Request for Ruling Forthwith on Pending Motion |

AttyDefsSER-168

| 02/15/2012 | Motion denied | The motion to reopen the disciplinary proceeding filed on January 11, 2012 is denied. |
|---|---|---|
| 02/22/2012 | Note: Mail returned (unable to forward) | Order filed 2/15/12, sent to petitioner. |
| 09/20/2013 | Returned record | to State Bar Court (7 vols.) |
| 03/01/2018 | Motion filed | Motion to Reopen Disciplinary Case and Reverse, Set Aside or Vacate Unlawful Disbarment Order<br><br>Daniel David Dydzak, Petitioner |
| 03/19/2018 | Received: | Petitioner's Request for Expedited Ruling. |
| 03/19/2018 | Application for relief from default filed | By State Bar of California to file Opposition to Motion to Reopen Disciplinary Case and Reverse, Set Aside or Vacate Unlawful Disbarment Order. |
| 03/19/2018 | Received: | State Bar's Untimely Opposition to Motion to Reopen Disciplinary Case and Reverse, Set Aside or Vacate Unlawful Disbarment Order. |
| 03/21/2018 | Letter sent to: | Sean T. Strauss, The State Bar of California, Office of General Counsel<br><br>Dear Mr Strauss:<br><br>The court has considered your application to file your untimely opposition to petitioner's motion to reopen his disciplinary case and reverse, set aside, or vacate unlawful disbarment order. Your application to file the untimely opposition has been denied. (Cal. Rules of Court, rule 8.60(d).)<br><br>The court has directed that your motion be returned to you, and we are returning herewith the original and eight copies of the motion. |
| 05/09/2018 | Motion denied | The motion to reopen disciplinary case and reverse, set aside, or vacate disbarment order is denied. |
| 05/14/2018 | Motion filed | Motion to reverse and set aside void order filed May 9, 2018, and to disqualify Chief Justice Tani Cantil-Sakauye<br><br>Daniel David Dydzak, Petitioner |
| 05/17/2018 | Motion filed | Petitioner Dydzak's Motion to Reconsider, Reverse and Set Aside Void Order Filed and Dated May 9, 2018; Memorandum of Points and Authorities; Declaration of Daniel David Dydzak in Support Thereof; Exhibit; Request for Oral Argument<br><br>Daniel David Dydzak, Petitioner |
| 05/17/2018 | Received: | Letter dated May 14, 2018, from petitioner Daniel Dydzak |
| 05/21/2018 | Received: | Letter dated May 16, 2018, from petitioner Daniel Dydzak |
| 05/21/2018 | Note: Mail returned (unable to forward) | Order issued on May 9, 2018 to petitioner. |
| 05/24/2018 | Received: | Letter dated May 20, 2018, from petitioner Daniel Dydzak |
| 05/24/2018 | Received: | Letter dated May 21, 2018, from petitioner Daniel Dydzak |
| 06/06/2018 | Filed: | Petitioner's Notice of Non-Opposition by State Bar of California to Petitioner Dydzak's Two Pending Motions |
| 06/06/2018 | Filed: | Petitioner's Request for Expedited Ruling Re: Petitioner Dydzak's Two Pending Motions and Proposed Order |
| 06/06/2018 | Filed: | Petitioner's Request for Judicial Notice; Declaration of Daniel D. Dydzak thereto; Exhibit |
| 06/14/2018 | Received: | Letter dated June 11, 2018, from petitioner Daniel D. Dydzak |
| 06/27/2018 | Motion denied | The request for judicial notice filed June 6, 2018, is granted. The motion to reverse and set aside order and disqualify the Chief Justice, filed May 14, 2018, is denied. The motion to reconsider, reverse, and set aside order, filed May 17, 2018, is denied. |
| 07/02/2018 | Received: | Letter dated June 29, 2018, from petitioner Daniel D. Dydzak. |
| 07/02/2018 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed June 27, 2018 Due to Lack of Proper Quorum and to Disqualify Chief Justice Tani Cantil-Sakauye Based Upon Disqualification Factors and a Showing of Extrinsic Fraud |

**AttyDefsSER-169**

| 07/16/2018 | Received: | Letter dated July 13, 2018, from petitioner Daniel D. Dydzak. |
|---|---|---|
| 07/16/2018 | Filed: | Petitioner Dydzak's Request for Expedited Ruling Re: Motion to Reverse and Ser Aside Void Order Filed June 27, 2018, etc. |
| 08/08/2018 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed July 2, 2018, is denied. |
| 08/13/2018 | Received: | Letter dated August 11, 2018, from petitioner Daniel D. Dydzak. |
| 08/13/2018 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed August 8, 2018 Due to Lack of Proper Quorum |
| 08/20/2018 | Received: | Letter dated August 15, 2018, from petitioner Daniel D. Dydzak. |
| 09/12/2018 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed August 13, 2018, is denied. |
| 09/17/2018 | Received: | Letter dated September 15, 2018, from petitioner Daniel D. Dydzak. |
| 09/17/2018 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed September 12, 2018 Due to Lack of Proper Quorum |
| 09/17/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated September 12, 2018, addressed to the Commission on Judicial Performance. |
| 09/17/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated September 14, 2018, addressed to the Commission on Judicial Performance. |
| 09/20/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated September 18, 2018, addressed to the Commission on Judicial Performance. |
| 09/24/2018 | Note: Mail returned (unable to forward) | Copy of an order issued on September 12, 2018, to Daniel Dydzak. |
| 09/26/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated September 24, 2018, addressed to the Commission on Judicial Performance. |
| 10/10/2018 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed September 17, 2018, is denied. Corrigan, J., was absent and did not participate. |
| 10/19/2018 | Received: | Letter dated October 17, 2018, from petitioner Daniel D. Dydzak. |
| 10/19/2018 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed October 10, 2018 Due to Lack of Proper Quorum |
| 10/19/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated October 16, 2018, addressed to the Commission on Judicial Performance. |
| 10/23/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated October 15, 2018, addressed to Director of the Commission on Judicial Performance. |
| 10/23/2018 | Received: | Letter dated October 18, 2018, from petitioner Daniel D. Dydzak. |
| 10/29/2018 | Note: Mail returned (unable to forward) | Copy of order issued on October 10, 2018, to Daniel Dydzak. |
| 11/14/2018 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed October 19, 2018, is denied. |
| 11/19/2018 | Motion filed | "Petitioner Dydzak's motion to reverse and set aside void order filed November 14, 2018..." |
| 11/19/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated November 15, 2018, addressed to the Commission on Judicial Performance. |
| 11/19/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated November 16, 2018, addressed to the President and other Justices. |
| 11/21/2018 | Motion filed | Petitioner Dydzak's Motion for Order to Show Cause |
| 11/26/2018 | Note: Mail returned (unable to forward) | Copy of order issued on November 14, 2018, to Daniel Dydzak. |

**AttyDefsSER-170**

| 11/26/2018 | Received: | Service copy of petitioner Daniel Dydzak's motion for extension of time dated November 19, 2018, addressed to the U.S. Court of Appeals for the Ninth Circuit. |
|---|---|---|
| 11/26/2018 | Received: | Letter, dated November 23, 2018, from petitioner Daniel Dydzak. |
| 12/03/2018 | Received: | Letter dated November 26, 2018, from petitioner Daniel D. Dydzak. |
| 01/23/2019 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed November 19, 2018, and the motion for an order to show cause filed November 21, 2018 are denied. |
| 01/28/2019 | Motion filed | Petitioner Dydzak's Motion for Order to Show Cause |
| 01/28/2019 | Received: | Service copy of letter from petitioner Daniel Dydzak dated January 23, 2019, addressed to the Commission on Judicial Performance. |
| 01/28/2019 | Received: | Notice of Errata

Petitioner inadvertently typed the date of November 26, 2018, instead of January 24, 2019, on letter sent to this office pertaining to Petitioner's newly submitted Motion for Order to Show Cause, etc. |
| 01/28/2019 | Motion filed | Petitioner Dydzak's Motion to Vacate, Reverse and Set Aside Void Order of January 23, 2019 |
| 01/28/2019 | Received: | Petitioner Dydzak's Notice of filing proof of service for Order to Show Cause |
| 01/30/2019 | Motion filed | Petitioner Dydzak's Motion to Reverse, Set Aside or Vacate Unlawful Disbarment Order |
| 01/30/2019 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed January 23, 2019, Due to Lack of Proper Quorum |
| 01/31/2019 | Motion filed | Petioner Dydzak's Motion for Oral Argument of Pending Motions |
| 02/01/2019 | Motion filed | Petitioner Dydzak's Motion for Expedited Hearing and Ruling on Pending Motions |
| 02/01/2019 | Note: Mail returned (unable to forward) | Copy of order issued on January 23, 2019, to Daniel Dydzak. |
| 02/19/2019 | Filed: | Petitioner Dydzak's Notice of Non-Opposition to Pending Motions |
| 03/20/2019 | Received: | Letter dated March 16, 2019, from petitioner Daniel D. Dydzak. |
| 04/02/2019 | Received: | Service copy of letter from petitioner Daniel Dydzak dated March 28, 2019, addressed to the Commission on Judicial Performance. |
| 04/08/2019 | Received: | Service copy of letter from petitioner Daniel Dydzak dated April 3, 2019, addressed to the Commission on Judicial Performance. |
| 04/08/2019 | Filed: | Letter dated April 4, 2019, from petitioner Daniel D. Dydzak - Second request for expedited ruling on pending motions; non-opposition to said motions by State Bar of California. |
| 04/17/2019 | Order filed | The motion to vacate, reverse and set aside order, request for judicial notice, and the motion for an order to show cause filed January 28, 2019 are denied. The motions for oral argument and for an expedited hearing are denied. |
| 04/22/2019 | Motion filed | Petitioner Dydzak's Letter dated April 20, 2019, and Motion for Order to Show Cause |
| 04/22/2019 | Received: | Service copy of Petitioner Daniel Dydzak's letter dated April 19, 2019, addressed to the Commission on Judicial Performance. |
| 04/22/2019 | Received: | Service copies of Petitioner Daniel Dydzak's two letters dated April 18, 2019, addressed to the Commission on Judicial Performance. |
| 04/25/2019 | Received: | Petitioner's Request for Judicial Notice ; Declaration of Daniel D. Dydzak thereto; Exhibit |
| 04/25/2019 | Received: | Letter dated April 21, 2019, from Daniel Dydzak entitled "Request for Emergency Expedited Ruling on Two Pending Motions". |
| 04/25/2019 | Received: | Letter dated April 21, 2019, from Daniel Dydzak and Disqualification Motion |
| 04/29/2019 | Received: | Service copy of Letter from Daniel Dydzak dated April 23, 2019, and Motion addressed to the Ninth Circuit Court of Appeals |
| 05/02/2019 | Received: | Service copy of letter dated April 29, 2019, from Daniel Dydzak, addressed to the State Bar of California. |
| 05/06/2019 | Received: | Service copy of letter dated May 4, 2019, from Daniel Dydzak addressed to the Commission on Judicial Performance. |

**AttyDefsSER-171**

| 05/06/2019 | Received: | Petitioner's Notice of Non-Opposition by State Bar of California to Petitioner Dydzak's Pending Motions |
| 05/06/2019 | Received: | Service copy of letter dated May 2, 2019, from Daniel Dydzak addressed to the Clerk of the Ninth Circuit Court of Appeals and Motion. |
| 05/06/2019 | Received: | Service copy of letter from Daniel Dydzak dated May 4, 2019, addressed to the Commission on Judicial Performance. |
| 05/28/2019 | Received: | Service copy of letter dated May 23, 2019, from Daniel Dydzak addressed to the Office of Disciplinary Counsel Board of Professional Responsibility District of Colombia Court of Appeals. |
| 05/28/2019 | Received: | Petitioner Dydzak's New Motion for Oral Argument of Pending Motions and to Permit Camera Coverage and Media Filming |
| 05/28/2019 | Received: | Petitioner Dydzak's Motion for Leave to Take Videotaped Depositions of Pertinent Material Witnesses |
| 05/28/2019 | Received: | Petitioner Dydzak's Motion for Expedited Hearing and Ruling on Pending Motions |
| 05/28/2019 | Received: | Service copy of letter dated May 24, 2019, from Daniel Dydzak addressed to Elaine M. Howle, CPA, California State Auditor. |
| 07/03/2019 | Received: | Letter dated June 30, 2019, from Daniel Dydzak entitled Request for Ruling on Pending Motions at July 10, 2019, Petition Conference. |
| 07/29/2019 | Received: | Letter dated July 25, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at July 31, 2019 Conference". |
| 08/05/2019 | Received: | Letter dated August 1, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at August 14, 2019 Conference". |
| 08/05/2019 | Received: | Service copy of letter dated August 2, 2019, from Daniel Dydzak addressed to Chief Trial Counsel of the State Bar of California. |
| 08/19/2019 | Received: | Letter dated August 15, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at August 21, 2019 Conference". |
| 08/26/2019 | Received: | Letter dated August 22, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at August 28, 2019 Conference". |
| 09/03/2019 | Received: | Letter dated August 29, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at September 11, 2019 Conference". |
| 09/11/2019 | Motion denied | The motion for an order to show cause filed April 22, 2019 is denied. This matter is now final. The court will no longer consider challenges to petitioner's disbarment. |

**Click here** to request automatic e-mail notifications about this case.

Careers  |  Contact Us  |  Accessibility  |  Public Access to Records  |  Terms of Use  |  Privacy                    © 2022 Judicial Council of California

**AttyDefsSER-172**

1   Eric M. George
    Ronald M. George
2   Alan I. Rothenberg
    c/o 2121 Avenue of the Stars, Suite 3000
3   Los Angeles, California 90067
    Telephone: (310) 274-7100
4   Facsimile: (310) 275-5697
    E-Mail: egeorge@egcfirm.com
5
    Defendants *in propria persona*
6   Eric M. George, Ronald M. George, and Alan I.
    Rothenberg
7

8                    UNITED STATES DISTRICT COURT

9                        DISTRICT OF NEVADA

10

11
    DANIEL DAVID DYDZAK,                    Case No. 2:22-cv-01008-APG-VCF
12
              Plaintiff,                    The Hon. Andrew P. Gordon
13
         vs.                               **DECLARATION OF RONALD M.
14                                          GEORGE IN SUPPORT OF
    TANI CANTIL-SAKAUYE, et al.,            DEFENDANTS ERIC M. GEORGE,
15                                          RONALD M. GEORGE, AND ALAN I.
              Defendant.                    ROTHENBERG'S MOTION TO DISMISS
16                                          COMPLAINT**

17                                          Trial Date:  None Set

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:22-cv-01008-APG-VCF
DECLARATION OF RONALD M. GEORGE ISO MOTION TO DISMISS COMPLAINT

1        **DECLARATION OF RONALD M. GEORGE**

2   I, Ronald M. George, declare and state as follows:

3   1.  I am an attorney admitted to practice in the State of California.  I am representing

4 myself *in propria persona* in this action.  I have firsthand, personal knowledge of the facts set

5 forth below and if called as a witness I could competently testify thereto.

6   2.  I reside in the County of Los Angeles, California.  I do not maintain a residence in

7 the State of Nevada, and I have never lived in the State of Nevada.  I am not, nor have I ever been,

8 licensed to practice law in the State of Nevada.  I do not conduct any substantial business in the

9 State of Nevada.  I did not have substantial contact with the State of Nevada at the time of

10 Plaintiff's disbarment, nor have I had such contacts in the intervening years since.  I am unaware

11 of any relationship between the State of Nevada and the facts underlying this lawsuit (with the

12 exception that one of the defendant-judges named in this lawsuit allegedly resides in Nevada).

13 This lawsuit does not arise from any conduct or contact, personal or professional, that I have ever

14 had with the State of Nevada.

15   Executed this 1st day of July 2022, at Los Angeles, California.

16   I declare under penalty of perjury under the laws of the United States of America that the

17 foregoing is true and correct.

18

19             Ronald M. George

20

21

22

23

24

25

26

27

28

1    Eric M. George
     Ronald M. George
2    Alan I. Rothenberg
     c/o 2121 Avenue of the Stars, Suite 3000
3    Los Angeles, California 90067
     Telephone: (310) 274-7100
4    Facsimile: (310) 275-5697
     E-Mail: egeorge@egcfirm.com
5
     Defendants *in propria persona*
6    Eric M. George, Ronald M. George, and Alan I.
     Rothenberg
7

8

9                   UNITED STATES DISTRICT COURT

10                       DISTRICT OF NEVADA

11

12   DANIEL DAVID DYDZAK,                    Case No. 2:22-cv-01008-APG-VCF

13            Plaintiff,                     The Hon. Andrew P. Gordon

14        vs.                               **DECLARATION OF ALAN I.
                                            ROTHENBERG IN SUPPORT OF
15   TANI CANTIL-SAKAUYE, et al.,            DEFENDANTS ERIC M. GEORGE,
                                            RONALD M. GEORGE, AND ALAN I.
16            Defendant.                     ROTHENBERG'S MOTION TO DISMISS
                                            COMPLAINT**
17
                                            Trial Date:  None Set
18

19

20

21

22

23

24

25

26

27

28

Case No. 2:22-cv-01008-APG-VCF
DECLARATION OF ALAN I. ROTHENBERG ISO MOTION TO DISMISS COMPLAINT

1

## **DECLARATION OF ALAN I. ROTHENBERG**

2          I, Alan I. Rothenberg, declare and state as follows:

3          1.          I am an attorney admitted to practice in the State of California.  I am representing

4     myself *in propria persona* in this action.  I have firsthand, personal knowledge of the facts set

5     forth below and if called as a witness I could competently testify thereto.

6          2.          I reside in the County of Los Angeles, California.  I do not maintain a residence in

7     the State of Nevada, and I have never lived in the State of Nevada.  I am not, nor have I ever been,

8     licensed to practice law in the State of Nevada.  I do not conduct any substantial business in the

9     State of Nevada.  I did not have substantial contact with the State of Nevada at the time of

10    Plaintiff's disbarment, nor have I had such contacts in the intervening years since.  I am unaware

11    of any relationship between the State of Nevada and the facts underlying this lawsuit (with the

12    exception that one of the defendant-judges named in this lawsuit allegedly resides in Nevada).

13    This lawsuit does not arise from any conduct or contact, personal or professional, that I have ever

14    had with the State of Nevada.

15          Executed this 1st day of July 2022, at Los Angeles, California.

16          I declare under penalty of perjury under the laws of the United States of America that the

17    foregoing is true and correct.

18

19                                                            */s/ Alan I. Rothenberg*

20                                                            Alan I. Rothenberg

21

22

23

24

25

26

27

28

**AttyDefsSER-176**

1  Eric M. George
   Ronald M. George
2  Alan I. Rothenberg
   c/o 2121 Avenue of the Stars, Suite 3000
3  Los Angeles, California 90067
   Telephone: (310) 274-7100
4  Facsimile: (310) 275-5697
   E-Mail: egeorge@egcfirm.com
5
   Defendants *in propria persona*
6  Eric M. George, Ronald M. George, and Alan I.
   Rothenberg
7

8

9              UNITED STATES DISTRICT COURT

10                  DISTRICT OF NEVADA

11

12 DANIEL DAVID DYDZAK,                    Case No. 2:22-cv-01008-APG-VCF

13           Plaintiff,                     The Hon. Andrew P. Gordon

14       vs.                               **REQUEST FOR JUDICIAL NOTICE IN
                                           SUPPORT OF DEFENDANTS ERIC M.**
15 TANI CANTIL-SAKAUYE, et al.,            **GEORGE, RONALD M. GEORGE, AND
                                           ALAN I. ROTHENBERG'S MOTION TO**
16           Defendant.                     **DISMISS COMPLAINT**

17                                          Trial Date:  None Set

18

19

20

21

22

23

24

25

26

27

28

**AttyDefsSER-177**

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg hereby request that the Court take judicial notice of the following documents in support of its concurrently filed Motion to Dismiss Plaintiff's Complaint:

1.    Opinion on Review and Order In the Matter of Daniel David Dydzak dated December 3, 2009, Review Department of the State Bar Court, Nos. 04-O-14383; 06-O-10960.  A true and correct copy is attached as **Exhibit A** to the Declaration of Eric M. George.

2.    Order dated September 25, 2012, *Dydzak v. Cantil-Sakauye*, C.D. Cal. Case No. C11-5560-JCC, Dkt. No. 35.  A true and correct copy is attached as **Exhibit B** to the Declaration of Eric M. George.

3.    Prefiling Order—Vexatious Litigant dated April 5, 2013, *Dydzak v. Dunn*, Cal. Super. Ct. Case No. 30-2012-00558031.  A true and correct copy is attached as **Exhibit C** to the Declaration of Eric M. George.

4.    Complaint, *Dydzak v. George*, Case No. 10-cv-05820-SVW, Dkt. No. 1 (C.D. Cal. Aug. 5, 2010).  A true and correct copy is attached as **Exhibit D** to the Declaration of Eric M. George.

5.    California Supreme Court docket, Case No. S179850, entry dated September 11, 2019.  A true and correct copy is attached as **Exhibit E** to the Declaration of Eric M. George.

A court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).   Pursuant to Federal Rule of Evidence 201(b), courts may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  (Fed. R. Evid. 201(b)(2).)

"Courts may take judicial notice of some public records, including the 'records and reports of administrative bodies.'"  *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (quoting *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)).  Courts may also take judicial notice of "court filings and other matters of public record."  *Reyn's Pasta Bella, LLC*

AttyDefsSER-178

1   *v. Visa USA, Inc.*, 442 F.3d 741, 746, n.6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena*

2   *Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)).  Documents are properly

3   subject to judicial notice when they are readily verifiable.  *Reyn's Pasta Bella*, 442 F.3d at 746 n.6

4   (taking judicial notice of documents filed in a separate litigation in another court even though the

5   documents were filed under seal).

6       Here, Defendants request that the Court take judicial notice of an order issued by the

7   California State Bar Court, a court order in a federal California case, a court order in a California

8   state court case, a complaint in a federal California case, and a copy of the official docket of a

9   California Supreme Court case.  All of these documents are matters of public record: one is a

10   record from an administrative body, the State Bar Court of California, and the others are copies of

11   court files, which are readily verifiable.  Additionally, the documents are being presented to this

12   Court in support of undisputed facts recited in Defendants' Motion.  Therefore, it is proper for this

13   court to take judicial notice of Exhibits A-E in adjudicating Defendants' Motion to Dismiss.

14       Based on the foregoing, Defendants Eric M. George, Ronald M. George, and Alan I.

15   Rothenberg respectfully request that this Court take judicial notice of the documents attached as

16   Exhibits A-E to the Declaration of Eric M. George.

18   Date: July 1, 2022

19                     Respectfully submitted,

21                     By _____

22                         Eric M. George, *in propria persona*

23                         c/o 2121 Avenue of the Stars, Suite 3000
Los Angeles, California 90067
Tel. (310) 274-7100

1  Date: July 1, 2022

2

3

4                                    By      /s/ Alan I. Rothenberg

5                                            Alan I. Rothenberg, *in propria persona*
                                            c/o 2121 Avenue of the Stars, Suite 3000
6                                            Los Angeles, California 90067
                                            Tel. (310) 274-7100
7

8  Date: July 1, 2022

9

10

11                                   By

12                                          Ronald M. George, *in propria persona*
                                            c/o 2121 Avenue of the Stars, Suite 3000
13                                          Los Angeles, California 90067
                                            Tel. (310) 274-7100
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AttyDefsSER-180

1   DANIEL D. DYDZAK
    Plaintiff
2   4265 Marina City Drive, Suite 407W
    Marina del Rey, CA 90292
3   Telephone: (310) 867-1289

                                      CASE NO: A-22-847734-C
                                      Department 27

4

5

6

7                           DISTRICT COURT

8                       CLARK COUNTY, NEVADA

9

10  DANIEL DAVID DYDZAK,               )  Case No.
                                       )  Dept. No.
11                                     )
              Plaintiff,               )  COMPLAINT FOR DAMAGES AND
12                                     )  EQUITABLE RELIEF
                                       )
13      v.                             )
                                       )
14                                     )  DEMAND FOR JURY TRIAL
    TANI CANTIL-SAKAUYE, JORGE         )
15  NAVARRETE, THOMAS LAYTON, aka TOM  )
    LAYTON, CHARLES SCHWAB, DONALD F.  )
16  MILES, JOHNNIE B. RAWLINSON, BARRY )
    G. SILVERMAN, WILLIAM A. FLETCHER, )
17  PETER LIND SHAW, RONALD M. GEORGE, )
    ERIC M. GEORGE, ALAN I. ROTHENBERG,)
18  1ST CENTURY BANK, 1ST CENTURY      )
    BANCSHARES, INC., EDWARD EPHRAIM   )
19  SCHIFFER, SIDNEY R. THOMAS, WILLIAM)
    DATO, MAXINE M. CHESNEY, MOLLY C.  )
20  DWYER, GEORGE H. KING, A. WALLACE  )
    TASHIMA, FERDINAND FRANCIS         )
21  FERNANDEZ, KIM MCCLANE WARDLAW,    )
    WILLIAM C. CANBY, RONALD M. GOULD, )
22  RICHARD C. TALLMAN, and DOES 1 through )
    50, inclusive,                     )
23                                     )
              Defendants.              )
24                                     )
                                       )
25                                     )

26

27  COMPLAINT

28

**AttyDefsSER-181**

COMES NOW Plaintiff, DANIEL D. DYDZAK ("DYDZAK"), and alleges as follows:

## PRELIMINARY ALLEGATIONS

1. Plaintiff is, and was at all times herein mentioned, an individual over eighteen years old residing in the County of Los Angeles, State of California.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant TANI CANTIL-SAKAUYE ("CANTIL-SAKAUYE") is, and was at all times herein mentioned, an individual residing in the County of San Francisco, State of California.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant JORGE NAVARRETE ("NAVARRETE") is, and was at all times herein mentioned, an individual residing in the County of San Francisco, State of California.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant THOMAS LAYTON, aka TOM LAYTON ("LAYTON"), is, and was at all times herein mentioned, an individual residing in the County of Los Angeles, State of California.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant DONALD F. MILES ("MILES") is, and was at all times herein mentioned, an individual residing in Redding, California.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant CHARLES SCHWAB ("SCHWAB") is, and was at all times herein mentioned, an individual residing in the County of San Francisco, State of California.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant JOHNNIE B. RAWLINSON ("RAWLINSON") is, and was at all times herein mentioned, an individual residing

COMPLAINT                                    2

AttyDefsSER-182

in the City of Las Vegas, State of California.

8.   Plaintiff is informed and believes, and thereon alleges, that Defendant BARRY G. SILVERMAN ("SILVERMAN") is, and was at all times herein mentioned, an individual residing in the City of  Phoenix, State of Arizona.

9.   Plaintiff is informed and believes, and thereon alleges, that Defendant WILLIAM A. FLETCHER ("FLETCHER") is, and was at all times herein mentioned, an individual residing in the County of  San Francisco, State of California.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant PETER LIND SHAW ("SHAW") is, and was at all times herein mentioned, an individual residing in the County of San Francisco, State of California.

11.   Plaintiff is informed and believes, and thereon alleges, that Defendant RONALD M. GEORGE ("GEORGE") is, and was at all times herein mentioned, an individual residing in the County of San Francisco, State of California.

12.   Plaintiff is informed and believes, and thereon alleges, that Defendant ERIC M. GEORGE  ("E.GEORGE") is, and was at all times herein mentioned, an individual residing in the County of Los Angeles, State of California.

13.   Plaintiff is informed and believes, and thereon alleges, that Defendant ALAN I. ROTHENBERG ("ROTHENBERG") is, and was at all times herein mentioned, an individual residing in the County of Los Angeles, State of California.

14,  Plaintiff is informed and believes, and thereon alleges, that Defendant 1ST CENTURY BANK ("BANK") is, and was at all times herein mentioned, a legal entity, exact status unknown at this time, located and providing financial services in the County of Los Angeles, State of California. Plaintiff  will amend this Complaint accordingly at or before trial when the exact legal status and

COMPLAINT                                              3

AttyDefsSER-183

1    identity of Defendant BANK is ascertained.

2         15.    Plaintiff is informed and believes, and thereon alleges, that Defendant 1st CENTURY

3    BANCSHARES, INC. ("BANCSHARES") is, and was at all times herein mentioned, a corporation

4    duly organized and existing under and by virtue of the laws of the State of Delaware, engaged in

5    providing financial and banking services. Upon further information and belief,  Defendant

6    BANCSHARES' business address is, and was at all times relevant hereto, in Wilmington,

7    Delaware. Upon further information and belief, said Defendant is, and was at all times herein

8    mentioned, a holding company for Defendant BANK.

9         16.    Plaintiff is informed and believes, and thereon alleges, that Defendant EDWARD

10   EPHRAIM SCHIFFER ("SCHIFFER") is, and was at all times herein mentioned, an individual

11   residing in the County of San Francisco, State of California.

12        17.    Plaintiff is informed and believes, and thereon alleges, that Defendant SIDNEY R.

13   THOMAS ("THOMAS") is, and was at all times herein mentioned, an individual residing in

14   Billings, Montana.

15        18.    Plaintiff is informed and believes, and thereon alleges, that Defendant WILLIAM

16   DATO ("DATO") is, and was at all times herein mentioned, an individual residing in the County of

17   San Diego, State of California.

18        19.    Plaintiff is informed and believes, and thereon alleges, that Defendant MAXINE M.

19   CHESNEY ("CHESNEY") is, and was at all times herein mentioned, an individual residing in the

20   County of San Francisco, State of California.

21        20.    Plaintiff is informed and believes, and thereon alleges, that Defendant MOLLY C.

22   DWYER ("DWYER") is, and was at all times herein mentioned, an individual residing in the

23   County of San Francisco, State of California.

24        21.    Plaintiff is informed and believes, and thereon alleges, that Defendant A. WALLACE

25   TASHIMA ("TASHIMA") is, and was at all times herein mentioned, an individual residing in the

26
     COMPLAINT                          4
27

28

**AttyDefsSER-184**

1  County of Los Angeles, State of California.

2       22.    Plaintiff is informed and believes, and thereon alleges, that Defendants

3  FERDINAND FRANCIS FERNANDEZ ("FERNANDEZ") and KIM MCLANE WARDLAW

4  ("WARDLAW") are, and were at all times herein mentioned, individuals residing in the County

5  of Los Angeles, State of California.

6       23.    Plaintiff is informed and believes, and thereon alleges, that Defendant WILLIAM

7  C. CANBY ("CANBY") is, and was at all times herein mentioned, an individual residing in the

8  City of Phoenix, State of Arizona.

9       24.    Plaintiff is informed and believes, and thereon alleges, that Defendant RONALD M.

10  GOULD ("GOULD") is, and was at all times herein mentioned, an individual residing in the City

11  of Seattle, State of Washington.

12       25.    Plaintiff is informed and believes, and thereon alleges, that Defendant RICHARD

13  C. TALLMAN ("TALLMAN") is, and was at all times herein mentioned, an individual residing

    in the City of Seattle, State of Washington.

14       26.    Plaintiff is unaware at the present time of the identities and capacities of

15  Defendants fictiously named and designated as DOES 1 through 50, inclusive. Plaintiff alleges

16  that said DOE Defendants, and each of them, are responsible and liable for the wrongful and

17  unlawful acts of the other Defendants and acted in concert with each other. Plaintiff will seek

18  leave to amend this Complaint at or before trial to set forth their true names and capacities when

19  ascertained. DYDZAK is entitled to appropriate monetary and equitable relief against them,

20  according to proof.

21       27.    Furthermore, Plaintiff alleges that these DOE Defendants have damaged him and

22  otherwise acted illegally and against his civil and constitutional rights, as herein alleged.

23                                      JURISDICTION

24       28.    Venue is proper in this Court because one of the parties resides in Clark County

25  and committed wrongful acts against Plaintiff in this jurisdiction. Nevada NRS 13.040. Moreover,

26  state courts have concurrent jurisdiction with federal courts to hear federal claims, such as

27  violation of civil rights. Tafflin v. Levitt, 493 U.S. 455 (1990).

28  COMPLAINT                              5

**AttyDefsSER-185**

## FIRST CAUSE OF ACTION

## (VIOLATION OF CIVIL RIGHTS)

## (AGAINST DEFENDANTS CANTIL-SAKAUYE AND NAVARRETE)

29. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 28, inclusive, of the Complaint, and any and all allegations contained therein.

30. This is a civil rights complaint for declaratory relief, equitable relief and other appropriate relief pursuant to 42 U.S.C. 1983 et seq. Plaintiff's civil rights have been violated, as alleged and described herein.

31. On or about September 13, 2019, and continuing to the present, in Case No. S179850, Defendants CANTIL-SAKAUYE and NAVARRETE illegally conspired to not file, as required, legal pleadings, motions and papers duly submitted by DYDZAK for docket filing with the Clerk's Office of the Supreme Court of California. Furthermore, Defendant CANTIL-SAKAUYE issued a fraudulent, perjurous, void and illegal Order on September 11, 2021 in said case in conspiracy with Defendant NAVARRETE.

32. As state actors employed as officers of the Court in California, Defendants CANTIL-SAKAUYE acted unreasonably and unlawfully so as to violate Plaintiff's constitutional and federally protected rights, as herein alleged and described.

33. As a direct, legal and proximate result of their misconduct and unlawful, wrongful actions, as herein alleged and described. Plaintiff has sustained general damages, including, without limitation, suffering, and continuing to suffer, physical and mental pain and anguish, and severe emotional distress. Plaintiff has also suffered economic losses, according to proof. The exact amount of such general damages is unknown at this time, but will be ascertained and set forth before or at time of trial, according to proof.

34. Plaintiff is entitled to appropriate declaratory and equitable relief, declaring that his civil and constitutional rights have been violated as aforesaid by Defendants CANTIL-SAKAUYE and

COMPLAINT                                    6

AttyDefsSER-186

NAVARRETE. A Temporary Restraining Order (TRO), Preliminary Injunction and Permanent injunction should issue, enjoining said Defendants from continuing to violate Plaintiff's civil and constitutional rights.

35.     Plaintiff is also entitled to an award of punitive damages due to a showing of malice, fraud and oppression by said Defendants towards DYDZAK, in the amount of $ 10,000,000.

**SECOND CAUSE OF ACTION**

**(VIOLATION OF WIRETAP ACT, 18 USC 2511)**

**(AGAINST DEFENDANT LAYTON)**

36.     Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 35, inclusive, of the Complaint, and any and all allegations contained therein.

37.     On or about September 11, 2019, and continuing to the present, Defendant LAYTON has, upon reasonable information and belief, illegally interfered with and intercepted on a constant basis Plaintiff's wire and electronic communications, including but not limited to telephonic communications and texts with third persons, relayed on his cell phone, 310-867-1289, contrary to the Federal Wiretap Act. Plaintiff is entitled to appropriate equitable relief and to recover from Defendant LAYTON damages, attorney's fees, costs and penalties, as provided for in said Wiretap Act pursuant to 18 USC 2511 and according to proof. LAYTON has, and had at all times relevant hereto, an unsavory reputation, being known as the "bagman" and "fixer" for disgraced, disbarred attorney, Thomas V. Girardi.

**THIRD CAUSE OF ACTION**

**(CONSPIRACY TO UNLAWFULLY INTERFERE WITH THE PROCESSES OF THE COURT)**

**(AGAINST DEFENDANTS SCHWAB, MILES, GEORGE, E.GEORGE, ROTHENBERG, BANK, BANCSHARES, DATO)**

COMPLAINT                                    7

AttyDefsSER-187

1    38.    Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1

2    through 37, inclusive, of the Complaint and any and all allegations contained therein.

3

4    39.    Plaintiff is informed and believes, and thereon alleges, that the above-named

5    Defendants had improper, unethical and illegal ex parte, extra-judicial communications and contacts

6    with Defendants CANTIL-SAKAUYE and NAVARRETE on or about September 11, 2019, and on

7    other occasions thereafter, and continuing to the present, to affect the outcome of the California

8    Supreme Court Case No. S179850 and harm DYDZAK, as herein alleged. Such overt acts were done

9
     as part of a conspiracy to obstruct justice and interfere with the processes of that Court.
10

11    40.    As a direct, legal and proximate result of such wrongful and illegal acts, Plaintiff has

12    suffered general damages, according to proof. Such acts were also done with malice, fraud and

13    oppression, entitling Plaintiff to an award of punitive damages against said Defendants, and each of

14    them, in the amount of $ 10,000,000, jointly and severally.

15

16                      **FOURTH CAUSE OF ACTION**

17
                        **(VIOLATION OF CIVIL RIGHTS)**
18
                   **(AGAINST DEFENDANTS DWYER AND THOMAS)**
19

20

21    41.    Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through

22    39, inclusive, of the Complaint, and any and all allegations contained therein.

23    42.    This is a civil rights complaint for declaratory relief, equitable relief and other appropriate

24    relief pursuant to 42 U.S.C. 1983 et seq. Plaintiff's civil rights have been violated by Defendant

25

26    COMPLAINT                          8

27

28

**AttyDefsSER-188**

DWYER illegally blocking, or causing to be blocked, his cell phone number, 310-867-1289, to the San Francisco Clerk's Office of the Ninth Circuit Court of Appeals, telephone number 415-355-8000. This blockage, upon reasonable information and belief, was done with the wrongful, unconstitutional and illegal authorization, consent, knowledge, supervision and ratification of Defendant THOMAS. It was done more than a year ago and continues to the present. Defendants DWYER and THOMAS were put on notice, administratively, and at all times relevant hereto, that DYDZAK's cell phone was unlawfully blocked, against due process, equal protection of laws and his First Amendment right to access to the courts. As of the date of this Complaint, and continuing to the present, Defendants DWYER and THOMAS have not unblocked, or taken steps to unblock, Plaintiff's cell phone to the aforesaid Ninth Circuit number, all to his damage and prejudice and against his civil and constitutional rights.

43.     Federal actors, such as Defendants DWYER and THOMAS, acing under color of federal authority can be sued for violation of civil rights <u>Bivens v. Six Unnamed Agents</u>, 403 U.S. 388 (1971). Since both of them were acting administratively, illegally and in bad faith, said Defendants enjoy no immunity from monetary damages. In this matter, Defendants DWYER and THOMAS, and each of them, acted unreasonably and unlawfully so as to violate Plaintiff's constitutionally and federally protected rights, as herein alleged and described.

44.     As a direct, legal and proximate result of the above-referenced Defendants' misconduct and unlawful, wrongful actions, as herein alleged and described, Plaintiff has sustained general damages, according to proof.

45.     Plaintiff is entitled to appropriate declaratory and equitable relief, declaring that his

COMPLAINT                                    9

AttyDefsSER-189

civil and constitutional rights have been violated as aforesaid by Defendants DWYER and THOMAS. A Temporary Restraining Order (TRO), Preliminary Injunction and Permanent Injunction should issue, enjoining said Defendants from continuing to violate Plaintiff's civil and constitutional rights.

46.    Plaintiff is also entitled to an award of punitive damages due to a showing of malice, fraud and oppression by said Defendants towards DYDZAK, in the amount of $ 10,000,000.

## FIFTH CAUSE OF ACTION

## (VIOLATION OF CIVIL RIGHTS)

## (AGAINST DEFENDANTS CHESNEY, SILVERMAN, FLETCHER AND RAWLINSON)

47.    Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 46, inclusive, of the Complaint, and any and all allegations contained therein.

48.    The above-named Defendants, and each of them, violated Plaintiff's civil rights by the following:

(1)    Defendant CHESNEY violated her oath to be fair and impartial as a federal judge in a case filed in the Northern District of California U.S. District Court, DYDZAK V. USA et al ["NORTHERN DISTRICT CASE"]. She was disqualified in law and fact, subject to disqualification, and has biases and conflicts of interest or the appearance of same. Any and all of her Orders and rulings are therefore void ab initio, including a "fraud upon the court", overbroad and void Pre-filing Order against DYDZAK.

(2)    Defendant CHESNEY had the case illegally transferred to her after having, upon information and belief, improper ex parte and extrajudicial communications and contacts with third

COMPLAINT                                    10

parties and Defendant CANTIL-SAKAUYE and/or agents of said latter Defendant She had an unethical, preexisting relationship with material witness and party, CANTIL-SAKAUYE.

(3)     As a "senior status" judge, Defendant CHESNEY was not properly, legally assigned to hear the NORTHERN DISTRICT CASE per statutory requirements under 28 USC Section 294. She therefore did not have jurisdiction and standing to hear and adjudicate the case, and acted in the absence of jurisdiction. Mireles v. Waco, 502 U.S. 9 (1991).

(4)     Defendants SILVERMAN, FLETCHER and RAWLINSON, and each of them, acted unethically, fraudulently and illegally in the appeal of the NORTHERN DISTRICT CASE (18-15673, 9th Cir.) by ruling since said Panel had a "senior status" judge, Defendant SILVERMAN, who was not properly, legally assigned to the case. 28 USC Section 294.

(5)     Defendants SILVERMAN, FLETCHER and RAWLINSON, and each of them, violated DYDZAK's civil rights by not ruling on four pending motions in case 18-15673, thereby obstructing justice.

49.     At all times relevant hereto, and continuing to the present, Defendant THOMAS and Defendant SCHIFFER, upon reasonable information and belief, knew about the aforesaid wrongful conduct by Defendants CHESNEY, SILVERMAN, FLETCHER and RAWLINSON and have acquiesced in the judicial corruption and misconduct at issue.

50.     With respect to the Fifth Cause of Action herein, Plaintiff is not suing Defendants CHESNEY, SILVERMAN, FLETCHER and RAWLINSON for monetary damages, only appropriate equitable and declaratory relief. As federal actors, acting under color of federal law, said Defendants, and each of them, acted unreasonably and unlawfully so as to violate Plaintiff's constitutional and federally protected rights, as herein alleged and described.

COMPLAINT                                    11

AttyDefsSER-191

51.     Plaintiff is entitled to appropriate declaratory and equitable relief, declaring that his constitutional and civil rights have been violated as aforesaid by the aforementioned Defendants. A TRO, Preliminary Injunction and Permanent Injunction should issue, enjoining said Defendants from continuing to violate Plaintiff's civil and constitutional rights.

## SIXTH CAUSE OF ACTION
## (VIOLATION OF CIVIL RIGHTS)
## (AGAINST DEFENDANTS SHAW, SCHIFFER, CANBY, GOULD AND TALLMAN)

52.     Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 51, inclusive, of the Complaint and any and all allegations contained therein.

53.     The above-named Defendants, and each of them, violated Plaintiff's civil rights by the following:

(1)     In the Ninth Circuit case, 10-80193, In re DANIEL DAVID DYDZAK, Esq., Defendant SHAW misrepresented to DYDZAK, at all times relevant hereto, that he could make rulings and conduct an evidentiary hearing in a judicial capacity. This was a false misrepresentation and extrinsic fraud or "fraud upon the court." The Judicial Council of the United States confirmed to DYDZAK that Defendant SHAW is an inactive attorney and not a qualified federal judge. At present, and at all times relevant hereto, Defendant SHAW is and was not an Article III Judge. Thus, any and all rulings and Orders by Defendant SHAW in Case No. 10-80193 are, and were at all times herein mentioned, void ab initio and should be reversed and set aside.

(2) Defendant SCHIFFER, as a federally licensed attorney who assisted Defendant SHAW

COMPLAINT                                    12

AttyDefsSER-192

in the aforesaid 9th Circuit case is, and was aware at all times herein mentioned, that Defendant SHAW

is not a proper federal judge but has perpetuated with Defendant SHAW that fraud upon the court.

(3)    Upon information and belief, Defendants SHAW and SCHIFFER have been "bribed" by

financial incentives and illicit payments by Defendant SCHWAB to harm DYDZAK and prepare

rulings against him. At the very least, these Defendants have financial conflicts of interest or the

appearance of same.

(4)    Defendants CANBY, GOULD and TALLMAN acted unethically, fraudulently and

illegally by doing rulings and Orders adverse to DYDZAK in Case No. 10-80193 without a proper

and legal three-judge quorum, as required by 28 USC Section 46©. Furthermore, they violated the

statutory requirements of 28 USC Section 294, because Defendant CANBY could not act as a "senior

status" judge on the case, as he was not duly appointed pertaining thereto. As well, Defendants

CANBY, GOULD and TALLMAN perpetrated a "fraud upon the court" by using Defendant SHAW

as a purported judicial officer or judge when he is not a proper Article III Judge but simply an inactive

attorney. At all times relevant hereto, and continuing to the present, Defendants CANBY, GOULD,

TALLMAN, SHAW and SCHIFFER knew, or reasonably should have known, they the Panel was

irregular and unlawful. They all further knew that Defendant SHAW is not a proper judge or judicial

officer. Upon further information and believe, all of these Defendants had biases and conflicts of

interest, or the appearance of same, towards Plaintiff.

(5)    At all times relevant hereto, and continuing to the present, Defendants CANBY,

GOULD, TALLMAN, SHAW and SCHIFFER are acting illegally and obstructing justice by there

not being rulings in the Ninth Circuit on pending motions filed in or about 2016 and 2017. Defendant

COMPLAINT                                    13

AttyDefsSER-193

THOMAS is, and was at all times herein mentioned, aware of this situation but, administratively, does nothing about the aforesaid unlawful and fraudulent conduct. The Rule of Law means nothing to these Defendants. The fair and proper administration of justice means nothing to these Defendants.

54.     Defendants CANBY, GOULD and TALLMAN are being sued in the Sixth Cause of Action for only equitable and declaratory relief. Plaintiff is not seeking monetary damages against any of these Defendants with regard to the Sixth Count of this Complaint.

55.     Defendants SHAW and SCHIFFER are being sued in the Sixth Cause of Action for monetary damages, equitable and declaratory relief. As federal actors illegally acting under color of authority, they do not have absolute immunity from damages but only quasi-judicial immunity. They can be personally sued for damages because their illegal conduct offends constitutional norms and they did not, and continue to not, act reasonably and fairly towards DYDZAK. Harlow v. Fitzgerald, 457 U.S. 800 (1982). Their tortious conduct is, and was at all times herein mentioned, unpardonable and flagrantly illegal and offensive. Their conduct is criminal as well, because they have acted, and are continuing to act, to obstruct justice in harming and injuring DYDZAK. They should be held in civil and criminal contempt. Defendants CANBY, GOULD, TALLMAN and THOMAS' willing acquiescence in this criminal and civil wrongdoing is, and was at all times herein mentioned, actionable and unconscionable.

56.     The above-named Defendants, and each of them, as federal actors, acted unreasonably and unlawfully, so as to violate Plaintiff's constitutional and federally protected rights, as herein alleged and described.

57.     As a direct, legal and proximate result of the above-referenced Defendants' misconduct and unlawful, wrongful actions, as herein alleged and described, Plaintiff has sustained

COMPLAINT                          14

general damages, according to proof, with respect to Defendants SHAW and SCHIFFER. With regard to all of the named Defendants herein, Plaintiff is entitled to appropriate equitable and declaratory relief, including a TRO, Preliminary Injunction and Permanent Injunction, against them.

58.    With regard to Defendants SHAW and SCHIFFER, they acted with malice, fraud and oppression towards DYDZAK. An award of punitive damages is therefore warranted against them in the amount of $ 10,000,000.

## SEVENTH CAUSE OF ACTION

## (VIOLATION OF CIVIL RIGHTS)

## (AGAINST DEFENDANTS KING, FERNANDEZ, TASHIMA AND WARDLAW)

59.    Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 58, inclusive, of the Complaint, and any and all allegations contained therein.

60.    As federal actors, the above-named Defendants acted under color of authority to violate DYDZAK's civil and constitutional rights in IN RE DANIEL DAVID DYDZAK in the County of Los Angeles, State of California, on or about February 11, 2013, on other relevant dates, and continuing to the present.

61.    The following wrongful actions were committed by these Defendants, without limitation:

(1) In a case in the federal District Court in Los Angeles, California (D.C. No. 2:10-mc-00270-GHK), Defendant KING had, upon information and belief, improper ex parte communications and contacts to affect the outcome of this case. Defendant KING further has, and had at all times

COMPLAINT                                    15

herein mentioned, biases and conflicts of interest, or the appearance of same, towards DYDZAK, including but not limited to taking bribes or financial incentives from Defendant SCHWAB.

(2)     Defendant KING denied as a jurist DYDZAK a fair and impartial process in the aforementioned case, and would not provide him an evidentiary hearing to contest certain disciplinary proceedings affecting DYDZAK. Same is, and was at all times herein mentioned, against, without limitation, substantive and procedural due process, equal protection of laws, and proper First Amendment access to the courts.

(3)     Upon information and belief, Defendant KING had improper, unethical and unlawful communications with Defendants GEORGE and CANTIL-SAKAUYE, so as to fraudulently and maliciously do rulings adverse to DYDZAK.

(4)     As a result of the foregoing, Defendant KING's rulings and Orders adverse to DYDZAK are, and were at all times herein mentioned, void ab initio.

(5)     In the appeal of the aforesaid District Court case, 9th Circuit Case No. 11-56028, Defendants FERNANDEZ, TASHIMA and WARDLAW, individually and as jurists, acted unlawfully and unconstitutionally towards Plaintiff by doing rulings and Orders adverse to him. In particular, they acted and are acting without a proper legal quorum as "senior status" Defendant FERNANDEZ was not duly appointed to rule in the case. Further, they have, and had at all times herein mentioned, biases and conflicts of interest, or the appearance of same towards Plaintiff, and they are willingly, unethically refusing to rule on pending motions. In particular, Defendant WARDLAW was wrongfully bribed by Defendant SCHWAB to harm DYDZAK, or has and had financial conflicts of interest involving Defendant SCHWAB or his business entities. Upon further information and belief, Defendant TASHIMA has and had financial conflicts of interest, making

COMPLAINT                              16

AttyDefsSER-196

*which DR*

monies from the State Bar of California ~~who~~ dislikes DYDZAK for exposing its corruption and judicial corruption. These Defendants, upon further information and belief, have been involved in ongoing improper and unethical ex parte and extrajudicial communications with Defendants ROTHENBERG, GEORGE, E.GEORGE, and CANTIL-SAKAUYE to harm and injure DYDZAK.

62. Egregiously, and against DYDZAK's civil and constitutional rights, Defendants FERNANDEZ, WARDLAW and TASHIMA continue to not disqualify themselves in the aforesaid appeal despite an illegal panel. Upon information and belief, they further are involved in an illegal cover-up of not having the Ninth Circuit Court of Appeals rule in this appeal on pending, valid motions filed on April 1, 2016, and January 28, 2020. This ongoing unlawful failure to rule and obstruct justice is known, administratively, to Defendant THOMAS and Defendant SCHIFFER. who have taken no steps to remedy the wrongful situation.

63. Defendants KING, FERNANDEZ, WARDLAW and TASHIMA are not being sued in this Seventh Cause of Action for monetary damages but only appropriate equitable and declaratory relief declaring that DYDZAK's civil and constitutional rights have been violated. Due to the illegal conduct of said Defendants, a TRO, Preliminary Injunction and Permanent Injunction should issue as well to protect Plaintiff's civil and constitutional rights, according to proof.

## EIGHTH CAUSE OF ACTION

## (VIOLATION OF CIVIL RIGHTS)

## (AGAINST DEFENDANTS DATO AND CANTIL-SAKAUYE)

64. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1

17

through 63, inclusive, of the Complaint and any and all allegations contained therein.

65.     This is a civil rights complaint pursuant to 42 U.S.C. 1983 et seq. where appropriate declaratory and equitable relief is sought. Plaintiff's civil rights have been violated, as herein alleged.

66.     Defendant DATO is not being sued in this 8th count for monetary damages, only appropriate declaratory and equitable relief. Since Defendant CANTIL-SAKAUYE is acting in an administrative capacity as head of the Judicial Council of California, she can be sued in this cause of action for damages and equitable and declaratory relief for violating Plaintiff's civil and constitutional rights.

67.     Upon information and belief, on April 5, 2013, and continuing to the present Defendant CANTIL-SAKAUYE had improper ex parte and extrajudicial communications with Defendant DATO to cause Plaintiff to be improperly put on a Vexatious Litigant List or Pre-filing List with respect to Plaintiff's being able to file any legal cases in the State of California. Defendant DATO had no jurisdiction to act and acted in the absence of jurisdiction because of his illegal and improper contacts and communications with Defendant CANTIL-SAKAUYE. He thereby conspired with Defendant CANTIL-SAKAUYE to commit extrinsic fraud or a "fraud upon the court" in a case illegally transferred to the San Diego Superior Court from Orange County Superior Court involving DYDZAK. There were no San Diego based Defendants warranting the case being heard in that judicial territory or jurisdiction.

68.     Upon further information and belief, Defendant DATO was rewarded by Defendant CANTIL-SAKAUYE for the aforesaid extrinsic fraud by his being subsequently promoted to the San Diego Court of Appeal as a jurist. She also used her influence as well in his being appointed as a member serving on the California Commission On Judicial Performance. She did so in order that he

18

AttyDefsSER-198

could protect her history of judicial corruption and malfeasance towards Plaintiff and others.

69.     State actors, such as Defendants DATO and CANTIL-SAKAUYE, acting under color of state authority, can be sued for violation of civil rights. DYDZAK is being unfairly denied access to the California courts due to the wrongful and unlawful acts of the aforesaid Defendants.

70.     Plaintiff is entitled to an award of general damages, according to proof, against Defendant CANTIL-SAKAUYE. Because of her malice, fraud and oppression towards him, Plaintiff is also entitled to an award of punitive damages in the amount of $ 10,000,000.

71.     Appropriate equitable and declaratory relief should be granted against these Defendants and the issuance of appropriate injunctive relief, according to proof.

WHEREFORE, Plaintiff prays judgment as follows:

1.  For appropriate equitable, declaratory and injunctive relief, as prayed and according to proof;

2.  For punitive damages, as prayed and according to proof;

3.  For reasonable attorney's fees, according to proof;

4.  For costs of suit incurred hereinl and

5.  For such other and further relief as the Court deems proper and just in the premises.

Dated: November 28, 2021

DANIEL DAVID DYDZAK

Plaintiff

19

AttyDefsSER-199

# DISTRICT COURT CIVIL COVER SHEET

**CASE NO: A-22-847734-C**
**Department 27**

........................C.L.A.R.K........................County, Nevada

Case No. _____

*(Assigned by Clerk's Office)*

## I. Party Information *(provide both home and mailing addresses if different)*

| Plaintiff(s) (name/address/phone): | Defendant(s) (name/address/phone): |
|---|---|
| DANIEL DAVID DYDZAK | TANI CANTIL-SAKAUYE |
| 4265 Marina City Drive, Suite 407W | 350 McAllister St., San Francisco, CA 94102 |
| Marina del Rey, CA 90292 | Telephone: (415) 865-7000 |
| Telephone: (310) 867-1289 | [Attachment] |
| Attorney (name/address/phone): | Attorney (name/address/phone): |
| Not Applicable | Unknown |

## II. Nature of Controversy *(please select the one most applicable filing type below)*

### Civil Case Filing Types

| Real Property | | Torts | |
|---|---|---|---|
| **Landlord/Tenant** | **Negligence** | **Other Torts** | |
| ☐ Unlawful Detainer | ☐ Auto | ☐ Product Liability | |
| ☐ Other Landlord/Tenant | ☐ Premises Liability | ☐ Intentional Misconduct | |
| **Title to Property** | ☐ Other Negligence | ☐ Employment Tort | |
| ☐ Judicial Foreclosure | **Malpractice** | ☐ Insurance Tort | |
| ☐ Other Title to Property | ☐ Medical/Dental | ☒ Other Tort | |
| **Other Real Property** | ☐ Legal | | |
| ☐ Condemnation/Eminent Domain | ☐ Accounting | | |
| ☐ Other Real Property | ☐ Other Malpractice | | |

| Probate | Construction Defect & Contract | Judicial Review/Appeal |
|---|---|---|
| **Probate** *(select case type and estate value)* | **Construction Defect** | **Judicial Review** |
| ☐ Summary Administration | ☐ Chapter 40 | ☐ Foreclosure Mediation Case |
| ☐ General Administration | ☐ Other Construction Defect | ☐ Petition to Seal Records |
| ☐ Special Administration | **Contract Case** | ☐ Mental Competency |
| ☐ Set Aside | ☐ Uniform Commercial Code | **Nevada State Agency Appeal** |
| ☐ Trust/Conservatorship | ☐ Building and Construction | ☐ Department of Motor Vehicle |
| ☐ Other Probate | ☐ Insurance Carrier | ☐ Worker's Compensation |
| **Estate Value** | ☐ Commercial Instrument | ☐ Other Nevada State Agency |
| ☐ Over $200,000 | ☐ Collection of Accounts | **Appeal Other** |
| ☐ Between $100,000 and $200,000 | ☐ Employment Contract | ☐ Appeal from Lower Court |
| ☐ Under $100,000 or Unknown | ☐ Other Contract | ☐ Other Judicial Review/Appeal |
| ☐ Under $2,500 | | |

| Civil Writ | | Other Civil Filing | |
|---|---|---|---|
| **Civil Writ** | | **Other Civil Filing** | |
| ☐ Writ of Habeas Corpus | ☐ Writ of Prohibition | ☐ Compromise of Minor's Claim | |
| ☐ Writ of Mandamus | ☐ Other Civil Writ | ☐ Foreign Judgment | |
| ☐ Writ of Quo Warrant | | ☐ Other Civil Matters | |

*Business Court filings should be filed using the Business Court civil coversheet.*

November 28, 2021
_____
Date

_____
Signature of initiating party or representative

*See other side for family-related case filings.*

**AttyDefsSER-200**

ATTACHMENT

(CIVIL COVER SHEET)

Defendant JORGE NAVARRETE
350 McAllister St.
San Francisco, CA 94102
Telephone: (415) 865-7000

Defendant THOMAS LAYTON
1951 Ravista Lane
La Canada Flintfridge, CA 91011
Telephone: Unknown2

Defendant CHARLES SCHWAB
211 Main Street
San Francisco, CA 94105
Telephone: (866) 855-9102

Defendant DONALD F. MILES
6328 Quail Creek Rd.
Redding, CA 96002
Telephone: Unknown

Defendant JOHNNIE B. RAWLINSON
333 Las Vegas Blvd.
Las Vegas, NV 89101
Telephone: Unknown

CIVIL COVER SHEET                    2

AttyDefsSER-201

1  Defendant BARRY G. SILVERMAN
2  401 West Washington St.
3  Phoenix, Arizona 85003
4  Telephone: Unknown
5
6  Defendant WILLIAM A. FLETCHER
7  95 Seventh St.
8  San Francisco, CA 94119
9  Telephone: (415) 355-8000
10
11  Defendant PETER LIND SHAW
12  95 Seventh St.
13  San Francisco, CA 94119
14  Telephone: (415) 355-8000
15
16  Defendant RONALD M. GEORGE
17  1333 Jones St.
18  Suite 706
19  San Francisco, CA 94109
20  Telephone: (415) 314-1896
21  Defendant ERIC M. GEORGE
22  2121 Avenue of the Stars
23  Suite 2800
24  Los Angeles, CA 90067
25  Telephone: (310) 274-7100
26
27
28

3

AttyDefsSER-202

| | |
|---|---|
| 1 | Defendant ALAN I ROTHENBERG |
| 2 | 1875 Century Park East |
| 3 | Ste 1400 |
| 4 | Los Angeles, CA 90067 |
| 5 | Telephone: (310) 270-9501 |
| 6 | |
| 7 | Defendant 1ST CENTURY BANK |
| 8 | 1875 Century Park East |
| 9 | Suite 100 |
| 10 | Los Angeles, CA 90067 |
| 11 | Telephone: (310) 270-9500 |
| 12 | |
| 13 | Defendant 1ST CENTURY BANCSHARES, INC. |
| 14 | 1875 Century Park East |
| 15 | Suite 1400 |
| 16 | Los Angeles, CA 90067 |
| 17 | Telephone: (310) 270-9500 |
| 18 | Defendant EDWARD EPHRAIM SCHIFFER |
| 19 | 95 Seventh St. |
| 20 | San Francisco, CA 94119 |
| 21 | Telephone: (415) 355-7935 |
| 22 | |
| 23 | Defendant SIDNEY R. THOMAS |
| 24 | 2601 2nd Avenue North |
| 25 | Billings, MT 59101 |
| 26 | Telephone: Unknown |
| 27 | |
| 28 | 4 |

1   Defendant WILLIAM DATO

2   750 B Street

3   Suite 300

4   San Diego, CA 92101

5   Telephone: (619) 744-0760

6

7   Defendant MAXINE M. CHESNEY

8   455 Golden Gate Avenue

9   San Francisco, CA 94102

10  Telephone: (415) 522-2000

11

12  Defendant MOLLY C. DWYER

13  95 Seventh Street

14  San Francisco, CA 94119

15  Telephone: (415) 355-8000

16  Defendant GEORGE H. KING

17  555 W. 5th St., 32nd Floor

18  Los Angeles, CA 90013

19  Telephone: (213) 253-9706

20

21  Defendant A. WALLACE TASHIMA

22  125 S. Grand Ave.

23  Pasadena, CA 91105

24  Telephone: (213) 894-3570

25

26

27                                    5

28

AttyDefsSER-204

Defendant FERDINAND FRANCIS FERNANDEZ
125 S. Grand Ave.
Pasadena, CA 91105
Telephone: (213) 894-3570

Defendant KIM MCCLANE WARDLAW
125 S. Grand Ave.
Pasadena, CA 91105
Telephone: (213) 894-3570

Defendant WILLIAM C. CANBY
401 West Washington St.
Phoenix, Arizaona 85003
Telephone: Unknown

Defendant RONALD M. GOULD
1010 Fifth Avenue
Seattle, WA 98104
Telephone: Unknown

Defendant RICHARD C. TALLMAN
1010 Fifth Avenue
Seattle, WA  98104
Telephone: Unknown

6

AttyDefsSER-205

Print Form

1  SUMM
2
3
4
5
6                           DISTRICT COURT
7                      CLARK COUNTY, NEVADA
8
   DANIEL DAVID DYDZAK,
9
10                                        CASE NO. A-22-847734-C
11              Plaintiff(s),
                                          DEPT. NO.  27
12          -vs-
13  TANI CANTIL-SAKAUYE,
14  [ATTACHMENT]        Defendant(s).
15
16                      SUMMONS - CIVIL
17
   **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU**
18 **WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.**
   **READ THE INFORMATION BELOW.**
19
20 **TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against
21 you for the relief set forth in the Complaint.
22      1.    If you intend to defend this lawsuit, within 20 days after this Summons is
23            served on you, exclusive of the day of service, you must do the following:
24            (a) File with the Clerk of this Court, whose address is shown below, a
25                formal written response to the Complaint in accordance with the rules
26                of the Court, with the appropriate filing fee.
27            (b) Serve a copy of your response upon the attorney whose name and
28                address is shown below.

                                                   SUMM Civil/7/23/2009

**AttyDefsSER-206**

2.  Unless you respond, your default will be entered upon application of the
    Plaintiff(s) and failure to so respond will result in a judgment of default
    against you for the relief demanded in the Complaint, which could result in
    the taking of money or property or other relief requested in the Complaint.

3.  If you intend to seek the advice of an attorney in this matter, you should do
    so promptly so that your response may be filed on time.

4.  The State of Nevada, its political subdivisions, agencies, officers,
    employees, board members, commission members and legislators each
    have 45 days after service of this Summons within which to file an Answer
    or other responsive pleading to the Complaint.

STEVEN D. GRIERSON
CLERK OF COURT                    2/14/2022

Submitted by:

DANIEL DAVID DVORAK

By: _____

Deputy Clerk            Date
Robyn Rodriguez
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

NOTE: When service is by publication, add a brief statement of the object of the
action.  See Nevada Rules of Civil Procedure 4(b).

2

AttyDefsSER-207

## AFFIDAVIT OF SERVICE

STATE OF     )
              )   ss:
COUNTY OF  )

_____, being duly sworn, says: That at all times herein affiant was and is over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____ on the _____ day of _____, 20_____ and served the same on the _____ day of _____, 20_____ by:

**(Affiant must complete the appropriate paragraph)**

1. Delivering and leaving a copy with the Defendant _____ at (state address) _____

2. Serving the Defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at (state address) _____

   **[Use paragraph 3 for service upon agent, completing (a) or (b)]**

3. Serving the Defendant _____ by personally delivering and leaving a copy at (state address) _____

   (a) With _____ as _____, an agent lawfully designated by statute to accept service of process;

   (b) With _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope, postage prepaid (Check appropriate method):

   ☐ Ordinary mail
   ☐ Certified mail, return receipt requested
   ☐ Registered mail, return receipt requested

3

SUMM Civil/7/23/2009

**AttyDefsSER-208**

1  addressed to the Defendant _____ at Defendant's last known address which is

2  (state address) _____

3

4  I declare under penalty of perjury under the law of the State of Nevada that the

5  foregoing is true and correct.

6  EXECUTED this _____ day of _____, 20_____.

7

8  _____

9  Signature of person making service

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

AttyDefsSER-209

ATTACHMENT (SUMMONS)

JORGE NAVARRETE, THOMAS LAYTON, aka TOM LAYTON, CHARLES

SCHWAB, DONALD F. MILES, JOHNNIE B. RAWLINSON, BARRY G.

SILVERMAN, WILLIAM A. FLETCHER, PETER LIND SHAW, RONALD M.

GEORGE, ERIC M. GEORGE, ALAN I. ROTHENBERG, 1ST CENTURY BANK, 1ST

CENTURY BANCSHARES, INC., EDWARD EPHRAIM SCHIFFER, SIDNEY R.

THOMAS, WILLIAM DATO, MAXINE M. CHESNEY, MOLLY G. DWYER,

GEORGE H. KING, A. WALLACE TASHIMA, FERDINAND FRANCIS

FERNANDEZ, KIM MCCLANE WARDLAW, WILLIAM C. CANBY, RONALD M.

GOULD, RICHARD C. TALLMAN, and DOES 1 through 50, inclusive,

ATTACHMENT

1
2  Daniel David Dydzak
   Plaintiff
3  4265 Marina City Drive, Suite 407W
   Marina del Rey, CA 90292
4  Telephone: (310) 867-1289
   Email: ddydzak@yahoo.com
5

```
┌──────────────────────────────────────┐
│ ____ FILED        ____ RECEIVED       │
│ ____ ENTERED      ____ SERVED ON      │
│         COUNSEL/PARTIES OF RECORD     │
│                                       │
│            AUG 3 0 2023               │
│                                       │
│      CLERK US DISTRICT COURT          │
│        DISTRICT OF NEVADA             │
│ BY: _____ RG DEPUTY    │
└──────────────────────────────────────┘
```

6

7

8              **UNITED STATES DISTRICT COURT**

9               **FOR DISTRICT OF NEVADA**

10                                    **No. 2:22-cv-01008-APG-VCF**

11

12

13  DANIEL DAVID DYDZAK,              **NOTICE OF APPEAL**

              Plaintiff,
14

15         v.

16  TANI CANTIL-SAKAUYE, et al.,

17              Defendants.

18

19
_____

20

21      TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF

22  RECORD:

23

24      NOTICE IS HEREBY GIVEN that Plaintiff, DANIEL DAVID DYDZAK

25  ("DYDZAK"), appeals to the Ninth Circuit Court of Appeals from the Order Directing

26  Entry of Judgment and Judgment filed and dated August 4, 2023 (Docket Entries 96 and

    97).
27

28

DYDZAK V. CANTIL-SAKAUYE

**AttyDefsSER-211**

1

2    Dated: August 28, 2023

3

4                                        DANIEL DAVID DYDZAK

5                                        Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DYDZAK V. CANTIL-SAKAUYE                    2        **AttyDefsSER-212**

**CERTIFICATE/PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Ste 407W, Marina del Rey, CA 90292.

On August 28, 2023, I served a true and correct copy of the following document or pleading on the interested parties or their counsel of record:

NOTICE OF APPEAL

[X]   [BY U.S. MAIL] On this same day, I mailed the interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

OLSON CANNON GORMLEY & STOBERSKI             MARQUIS AURBACH

9950 WEST CHEYENE AVENUE                     10001 PARK RUN DRIVE

LAS VEGAS, NEVADA 89129                       LAS VEGAS, NEVADA 89145


QUINTAIROS, PRIETO, WOOD & BOYER, P.A.        PATRICK A. ROSE, ESQ.

200 S. VIRGINIA ST., 8TH FL.            U.S. ATTORNEY OFFICE

RENO, NEVADA 89501                            501 LAS VEGAS BLVD. SO.

                                              SUITE 1100

                                              LAS VEGAS, NEVADA 89101

**AttyDefsSER-213**

1   ERIC M. GEORGE                     LEWIS ROCA

2   RONALD M. GEORGE                   3993 HOWARD HUGHES PARKWAY

3   ALAN I. ROTHENBERG                 STE 600

4   c/o 2121 AVENUE OF THE STARS   LAS VEGAS, NEVADA 89161

5   30TH FLOOR

6   LOS ANGELES, CA 90067

7

8   HINSHAW & CULBERTSON, LLP

9   350 SOUTH GRAND AVE., STE 3600

10  LOS ANGELES, CA 90071

11

12          I declare under penalty of perjury under the laws of the United States of America that the

13  foregoing is true and correct, and that this Declaration was executed on August 28, 2023.

14  at  Los Angeles, California.

15

16

17                              JIM LANE

18                              Declarant

19

20

21

22

23

24

25

26

27

28

# United States District Court
## District of Nevada (Las Vegas)
## CIVIL DOCKET FOR CASE #: 2:22−cv−01008−APG−VCF

Dydzak v. Cantil−Sakauye et al
Assigned to: Judge Andrew P. Gordon
Referred to: Magistrate Judge Cam Ferenbach
Case in other court:  Ninth Circuit, Court of Appeals, 22−16717
                              Ninth Circuit, 23−15784
                              Ninth Circuit, 23−16122
                              Ninth Circuit Court of Appeals, 23−16193
Cause: 28:1442 Petition for Removal

Date Filed: 06/24/2022
Date Terminated: 04/18/2023
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Daniel David Dydzak**          represented by   **Daniel David Dydzak**
                                              4265 Marina City Drive Suite 407W
                                            Marina del Rey, CA 90292
                                            310−867−1289
                                            PRO SE

V.

**Defendant**

**Tani Cantil−Sakauye**        represented by   **Thomas D Dillard**
*TERMINATED: 09/29/2022*                           Olson, Cannon, Gormley, Angulo &
                                            Stoberski
                                            9950 West Cheyenne Avenue
                                            Las Vegas, NV 89129
                                            (702) 384−4012
                                            Fax: (702) 383−0701
                                            Email: tdillard@ocgas.com
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**MidFirst Bank**               represented by   **Clark V Vellis**
*TERMINATED: 10/07/2022*                           Quintairos, Prieto, Wood & Boyer, P.A.
                                            200 South Virginia Street
                                            8th Floor
                                            Reno, NV 89501
                                            United Sta
                                            775−322−4697
                                            Fax: 775−322−4698
                                            Email: clark.vellis@qpwblaw.com
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Michael R. Ayers**
                                            Quintairos, Prieto, Wood & Boyer, P.A.
                                            3740 Lakeside Drive
                                            Ste Suit 202
                                            Reno, NV 89509
                                            775−322−4697
                                            Fax: 775−322−4698
                                            Email: michael.ayers@qpwblaw.com
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

                                            **Michael A.S. Newman**

**AttyDefsSER-215**

Maynard Nexsen LLP
10100 Santa Monica Boulevard
Ste 550
Los Angeles, CA 90067
310–596–4500
Email: mnewman@maynardnexsen.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**William Canby**                      represented by   **Patrick A Rose**
                                                        U.S. Attorney's Office
                                                        501 Las Vegas Blvd. South, Suite 1100
                                                        Las Vegas, NV 89101
                                                        702–388–6336
                                                        Email: Patrick.Rose@usdoj.gov
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Maxine Chesney**                     represented by   **Patrick A Rose**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**William Dato**                       represented by   **Thomas D Dillard**
*TERMINATED: 10/07/2022*                                (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Molly Dwyer**                        represented by   **Patrick A Rose**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Ferdinand Francis Fernandez**        represented by   **Patrick A Rose**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**William Fletcher**                   represented by   **Patrick A Rose**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Eric George**                        represented by   **Eric M George**
2121 Avenue of the Stars                                Ellis George Cipollone O'Brien Annaguey
Suite 3000                                              LLP
Los Angeles, CA 90067                                   2121 Avenue of the Stars
*TERMINATED: 10/07/2022*                                Ste 30th Floor
                                                        Los Angeles, CA 90067
                                                        310–274–7100
                                                        Fax: 310–275–5697
                                                        Email: egeorge@ellisgeorge.com
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Ronald George**                      represented by   **Eric M George**
*TERMINATED: 10/07/2022*                                (See above for address)

**AttyDefsSER-216**

**Defendant**

**Ronald Gould**                        represented by   **Patrick A Rose**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**George King**                         represented by   **Patrick A Rose**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Thomas Layton**
*TERMINATED: 10/18/2022*

**Defendant**

**Kim McClane Wardlaw**                 represented by   **Patrick A Rose**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Donald Miles**                        represented by   **Craig R. Anderson**
*TERMINATED: 10/07/2022*                                 Marquis & Aurbach
                                                         10001 Park Run Drive
                                                         Las Vegas, NV 89145
                                                         702−382−0711
                                                         Fax: 702−382−5816
                                                         Email: canderson@maclaw.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Jorge Navarrete**                     represented by   **Thomas D Dillard**
*TERMINATED: 09/29/2022*                                 (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Johnnie Rawlinson**                   represented by   **Patrick A Rose**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Alan I Rothenberg**                   represented by   **Eric M George**
2121 Avenue of the Stars, Suite 3000                     (See above for address)
Los Angeles, CA 90067                                    *ATTORNEY TO BE NOTICED*
*TERMINATED: 10/07/2022*

**Defendant**

**Edward Ephraim Schiffer**             represented by   **Patrick A Rose**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Charles Schwab**                      represented by   **Brian Douglas Blakley**
*TERMINATED: 10/07/2022*                                 Lewis Roca Rothgerber, LLP
                                                         3993 Howard Hughes Pkwy., Ste 600
                                                         Las Vegas, NV 89169

**AttyDefsSER-217**

702−474−2687
Email: BBlakley@lrrc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Peter Lind Shaw**                  represented by  **Patrick A Rose**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Barry Silverman**                  represented by  **Patrick A Rose**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Richard Tallman**                  represented by  **Patrick A Rose**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Wallace Tashima**                  represented by  **Patrick A Rose**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Sidney Thomas**                    represented by  **Patrick A Rose**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/24/2022 | 1 | PETITION FOR REMOVAL from Eighth Judicial District Court, Case Number A−22−847734−C, by Edward Ephraim Schiffer, Peter Lind Shaw, Sidney Thomas, George King, Molly Dwyer. Proof of service due by 5/4/2022. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C) (Rose, Patrick)<br><br>NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1−1, a party must <u>immediately</u> file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 06/24/2022) |
| 06/27/2022 | | Attorney update in case: Attorney Thomas D Dillard for Tani Cantil−Sakauye, William Dato, and Jorge Navarrete. Craig R. Anderson for Donald Miles. (DRS) (Entered: 06/27/2022) |
| 06/27/2022 | | Case randomly assigned to Judge Andrew P. Gordon and Magistrate Judge Cam Ferenbach. (DRS) (Entered: 06/27/2022) |
| 06/27/2022 | 2 | STANDING ORDER. This case has been assigned to the Honorable Andrew P. Gordon. Judge Gordon's Chambers Practices, which are posted on the U.S. District Court, District of Nevada public website, may also be accessed directly via this hyperlink: www.nvd.uscourts.gov. (Copies have been distributed pursuant to the NEF − DRS) (Entered: 06/27/2022) |
| 06/27/2022 | 3 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Andrew P. Gordon on 6/27/2022. Statement regarding removed action is due by 7/12/2022. Joint Status Report regarding removed action is due by 7/27/2022. (Copies have been distributed pursuant to the NEF − DRS) (Entered: 06/27/2022) |
| 07/01/2022 | 4 | MOTION to Extend Time (First Request) *to Respond to Plaintiffs Complaint* re 1 Petition for Removal,, by Defendants Molly Dwyer, George King, Edward Ephraim |

| | | |
|---|---|---|
| | | Schiffer, Peter Lind Shaw, Sidney Thomas. (Rose, Patrick) (Entered: 07/01/2022) |
| 07/01/2022 | 5 | MOTION to Dismiss by Defendants Eric George, Ronald George, Alan I Rothenberg.. Responses due by 7/15/2022. Discovery Plan/Scheduling Order due by 8/15/2022. (Attachments: # 1 Declaration, # 2 Declaration, # 3 Declaration, # 4 Certificate of Service)(HAM)<br><br>NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1–1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 07/05/2022) |
| 07/01/2022 | 6 | CERTIFICATE of Interested Parties by Eric George, Ronald George, Alan I Rothenberg that identifies all parties that have an interest in the outcome of this case. (HAM) (Entered: 07/05/2022) |
| 07/01/2022 | 7 | Consent for Electronic Service of Documents by Defendant Eric George. (HAM) (Entered: 07/05/2022) |
| 07/01/2022 | 8 | REQUEST for Judicial Notice re 5 Motion to Dismiss,, by Defendants Eric George, Ronald George, Alan I Rothenberg. (HAM) (Entered: 07/05/2022) |
| 07/05/2022 | 9 | First STIPULATION FOR EXTENSION OF TIME (First Request) *for Defendant MidFirst Bank to Respond to Plaintiff's Complaint* by Defendants 1st Century Bancshares, Inc., 1st Century Bank. by Defendants 1st Century Bancshares, Inc., 1st Century Bank. (Ayers, Michael) (extend) (answer) (Entered: 07/05/2022) |
| 07/05/2022 | 10 | ORDER Granting 9 Stipulation for Extension of Time. 1st Century Bank answer due 7/20/2022. Signed by Magistrate Judge Cam Ferenbach on 7/5/2022. (Copies have been distributed pursuant to the NEF – JQC) (Entered: 07/06/2022) |
| 07/06/2022 | 11 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Andrew P. Gordon on 7/6/2022. Regarding the Requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to 5 Motion to Dismiss,,. Opposition due 14 days from the date of this Minute Order, and reply due seven 7 days after the filing of the opposition. (Copies have been distributed pursuant to the NEF – EDS) (Entered: 07/06/2022) |
| 07/12/2022 | 12 | STATEMENT REGARDING REMOVAL by Defendants Molly Dwyer, George King, Edward Ephraim Schiffer, Peter Lind Shaw, Sidney Thomas.. (Rose, Patrick) (Entered: 07/12/2022) |
| 07/12/2022 | 13 | CERTIFICATE OF SERVICE for 3 Minute Order Removal Case, by Defendants Molly Dwyer, George King, Edward Ephraim Schiffer, Peter Lind Shaw, Sidney Thomas.. (Rose, Patrick) (Entered: 07/12/2022) |
| 07/12/2022 | 14 | MOTION to Dismiss by Defendant William Dato. by Defendant William Dato. Responses due by 7/26/2022. Discovery Plan/Scheduling Order due by 8/26/2022. (Dillard, Thomas)<br><br>NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1–1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 07/12/2022) |
| 07/12/2022 | 15 | CERTIFICATE of Interested Parties by Tani Cantil–Sakauye, William Dato, Jorge Navarrete. There are no known interested parties other than those participating in the case. (Dillard, Thomas) (Entered: 07/12/2022) |
| 07/12/2022 | 16 | MOTION to Dismiss by Defendant Donald Miles. by Defendant Donald Miles. Responses due by 7/26/2022. Discovery Plan/Scheduling Order due by 8/26/2022. (Anderson, Craig)<br><br>NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1–1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 07/12/2022) |

| | | |
|---|---|---|
| 07/12/2022 | 17 | CERTIFICATE of Interested Parties by Donald Miles. There are no known interested parties other than those participating in the case (Anderson, Craig) (Entered: 07/12/2022) |
| 07/12/2022 | 18 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Andrew P. Gordon on 7/12/2022. Regarding the Requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to 14 Motion to Dismiss, 16 Motion to Dismiss,. Opposition due 14 days from the date of this Minute Order, and reply due seven 7 days after the filing of the opposition. (Copies have been distributed pursuant to the NEF – EDS) (Entered: 07/12/2022) |
| 07/14/2022 | 19 | Non–Opposition to 4 Motion to Extend/Shorten Time by Plaintiff Daniel David Dydzak. Replies due by 7/21/2022. (HAM) (Entered: 07/14/2022) |
| 07/14/2022 | 20 | ORDER granting 4 Motion to Extend Time Re: 1 Petition for Removal. Molly Dwyer answer due 8/30/2022; George King answer due 8/30/2022; Edward Ephraim Schiffer answer due 8/30/2022; Peter Lind Shaw answer due 8/30/2022; Sidney Thomas answer due 8/30/2022. Signed by Magistrate Judge Cam Ferenbach on 7/14/2022. (Copies have been distributed pursuant to the NEF – HAM) (Entered: 07/14/2022) |
| 07/20/2022 | 21 | CERTIFICATE of Interested Parties by 1st Century Bancshares, Inc., 1st Century Bank that identifies all parties that have an interest in the outcome of this case. Corporate Parent Midfirst Bank for 1st Century Bancshares, Inc., 1st Century Bank added.. (Ayers, Michael) (Entered: 07/20/2022) |
| 07/20/2022 | 22 | MOTION to Dismiss 1 Petition for Removal,, by Defendants 1st Century Bancshares, Inc., 1st Century Bank. Responses due by 8/3/2022. Discovery Plan/Scheduling Order due by 9/3/2022. (Attachments: # 1 Exhibit Dydzak v. United States, 2018 U.S. Dist. LEXIS 44805, (N.D. Cal. Mar. 19, 2018), # 2 Exhibit Dydzak v. United States, 2018 U.S. Dist. LEXIS 44842 (N.D.Cal. 2018), # 3 Exhibit Vexatious Litigant List)(Ayers, Michael)

NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1–1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 07/20/2022) |
| 07/20/2022 | 23 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Andrew P. Gordon on 7/20/2022. Regarding the Requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to 22 Motion to Dismiss,,. Opposition due 14 days from the date of this Minute Order, and reply due seven 7 days after the filing of the opposition. (Copies have been distributed pursuant to the NEF – EDS) (Entered: 07/20/2022) |
| 07/20/2022 | 24 | RESPONSE to 5 MOTION to Dismiss by Defendants Eric George, Ronald George, Alan I Rothenberg.. ~~22 Motion to Dismiss~~ by Plaintiff Daniel David Dydzak. Replies due by 7/27/2022. (HAM) Modified docket relationship on 8/4/2022. Document is a response to #5 not #22. (LE). (Entered: 07/20/2022) |
| 07/25/2022 | 25 | MOTION to Dismiss by Defendant Charles Schwab. Responses due by 8/8/2022. Discovery Plan/Scheduling Order due by 9/8/2022. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Blakley, Brian)

NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1–1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 07/25/2022) |
| 07/26/2022 | 26 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Andrew P. Gordon on 7/26/2022. Regarding the Requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to 25 Motion to Dismiss. Opposition due 14 days from the date of this Minute Order, and reply due seven 7 days after the filing of the opposition. (Copies have been distributed pursuant to the NEF – SLD) (Entered: 07/26/2022) |
| 07/26/2022 | 27 | ERRATA to 25 Motion to Dismiss, by Defendant Charles Schwab.. (Attachments: # 1 Supplement, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Blakley, Brian) (Entered: 07/26/2022) |

| 07/27/2022 | 28 | REPLY to Response to 5 Motion to Dismiss,, by Defendants Eric George, Ronald George, Alan I Rothenberg. (Attachments: # 1 Supplement Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg's Supplemental Request for Judicial Notice in Support of Motion to Dismiss Complaint, # 2 Exhibit A to Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg's Supplemental Request for Judicial Notice in Support of Motion to Dismiss Complaint, # 3 Exhibit B to Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg's Supplemental Request for Judicial Notice in Support of Motion to Dismiss Complaint)(George, Eric) (Entered: 07/27/2022) |
|---|---|---|
| 07/27/2022 | 29 | Joint STATUS REPORT by Defendants Molly Dwyer, George King, Edward Ephraim Schiffer, Peter Lind Shaw, Sidney Thomas.. (Rose, Patrick) (Entered: 07/27/2022) |
| 08/01/2022 | 30 | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by Michael A.S. Newman and DESIGNATION of Local Counsel Michael R. Ayers (Filing fee $ 250 receipt number ANVDC–6993424) by Defendants 1st Century Bancshares, Inc., 1st Century Bank. (Ayers, Michael) (Entered: 08/01/2022) |
| 08/01/2022 | 31 | RESPONSE to 14 Motion to Dismiss, by Plaintiff Daniel David Dydzak. Replies due by 8/8/2022. (HAM) (Entered: 08/02/2022) |
| 08/01/2022 | 32 | RESPONSE to 16 Motion to Dismiss, by Plaintiff Daniel David Dydzak. Replies due by 8/8/2022. (HAM) (Entered: 08/02/2022) |
| 08/02/2022 | 33 | ORDER granting 30 Verified Petition for Permission to Practice Pro Hac Vice by Michael A.S. Newman and DESIGNATION of Local Counsel Michael R. Ayers. Signed by Judge Andrew P. Gordon on 8/2/2022. Any Attorney not yet registered with the Court's e–filng system shall register on the PACER website www.pacer.gov (Copies have been distribered pursuant to the NEF – HAM) (Entered: 08/02/2022) |
| 08/03/2022 | 34 | REQUEST for Judicial Notice by Plaintiff Daniel David Dydzak. (HAM) (Entered: 08/03/2022) |
| 08/04/2022 | 35 | NOTICE of Docket Correction to 24 Response, : QC Modified docket relationship on 8/4/2022. Document is a response to ECF No. 5 Motion to Dismiss. **(no image attached)** (LE) (Entered: 08/04/2022) |
| 08/08/2022 | 36 | REPLY to Response to 16 Motion to Dismiss, by Defendant Donald Miles. (Anderson, Craig) (Entered: 08/08/2022) |
| 08/08/2022 | 37 | REPLY to Response to 14 Motion to Dismiss, by Defendant William Dato. (Dillard, Thomas) (Entered: 08/08/2022) |
| 08/09/2022 | 38 | CERTIFICATE OF SERVICE for 22 Motion to Dismiss,, by Defendants 1st Century Bancshares, Inc., 1st Century Bank.. (Ayers, Michael) (Entered: 08/09/2022) |
| 08/10/2022 | 39 | NOTICE re 31 , 32 Responses by Daniel David Dydzak. (HAM) (Entered: 08/10/2022) |
| 08/11/2022 | 40 | ORDER. It is ordered that plaintiff Daniel Dydzak's request to extend time (ECF No. 39 ) is GRANTED. The time for Dydzak to file responses to the motions to dismiss filed by defendants 1st Century Bank and 1st Century Bancshares, Inc. (ECF No. 22 ) and defendant Charles Schwab (ECF No. 25 ) is extended to August 25, 2022. It is further ordered that defendants 1st Century Bank and 1st Century Bancshares, Inc., which claims they have been incorrectly named in this action, shall file a motion to change the caption to accurately reflect the correctly named defendant by August 19, 2022. Signed by Judge Andrew P. Gordon on 8/11/2022. (Copies have been distributed pursuant to the NEF – HAM) (Entered: 08/11/2022) |
| 08/11/2022 | 41 | RESPONSE to 22 Motion to Dismiss by Plaintiff Daniel David Dydzak. Replies due by 8/18/2022. (TRW) (Entered: 08/11/2022) |
| 08/11/2022 | 42 | NOTICE by Daniel David Dydzak re Missing Opposition re 41 Response to 22 Motion to Dismiss. (HAM) (Entered: 08/12/2022) |
| 08/16/2022 | 43 | REPLY to Response to 22 Motion to Dismiss,, by Defendants 1st Century Bancshares, Inc., 1st Century Bank. (Ayers, Michael) (Entered: 08/16/2022) |

| | | |
|---|---|---|
| 08/16/2022 | 44 | MOTION to Correct 40 Order,,, Set/Reset Deadlines & Hearings,, by Defendants 1st Century Bancshares, Inc., 1st Century Bank. Responses due by 8/30/2022. (Attachments: # 1 Declaration Declaration of Bryon Linkous)(Ayers, Michael) (pleading) (Entered: 08/16/2022) |
| 08/25/2022 | 45 | RESPONSE to 25 Motion to Dismiss, by Plaintiff Daniel David Dydzak. Replies due by 9/1/2022. (HAM) (Entered: 08/25/2022) |
| 08/30/2022 | 46 | MOTION to Dismiss by Defendants William Canby, Maxine Chesney, Molly Dwyer, Ferdinand Francis Fernandez, William Fletcher, Ronald Gould, George King, Johnnie Rawlinson, Edward Ephraim Schiffer, Peter Lind Shaw, Barry Silverman, Richard Tallman, Sidney Thomas, Kim McClane Wardlaw. Responses due by 9/13/2022. (Rose, Patrick) (Entered: 08/30/2022) |
| 08/31/2022 | 47 | ORDER granting 44 Motion to change caption. MidFirst Bank will be a named defendant in place of 1st Century Bank and 1st Century Bancshares, Inc. Signed by Magistrate Judge Cam Ferenbach on 8/31/2022. (Copies have been distributed pursuant to the NEF – HAM) (Entered: 08/31/2022) |
| 08/31/2022 | 48 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Andrew P. Gordon on 8/31/2022. Regarding the Requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to 46 Motion to Dismiss,. Opposition due 14 days from the date of this Minute Order, and reply due seven 7 days after the filing of the opposition. (Copies have been distributed pursuant to the NEF – EDS) (Entered: 08/31/2022) |
| 09/01/2022 | 49 | REPLY to Response to 25 Motion to Dismiss, by Defendant Charles Schwab. (Blakley, Brian) (Entered: 09/01/2022) |
| 09/02/2022 | 50 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Andrew P. Gordon on 9/2/2022. Regarding the Requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to 14 Motion to Dismiss, 16 Motion to Dismiss, 46 Motion to Dismiss, 25 Motion to Dismiss, 5 Motion to Dismiss, 22 Motion to Dismiss. Opposition due 14 days from the date of this Minute Order, and reply due seven 7 days after the filing of the opposition. (Copies have been distributed pursuant to the NEF – HAM) (Entered: 09/02/2022) |
| 09/02/2022 | 51 | LETTER to Chief Judge Du from Daniel Dydzak. (HAM) (Entered: 09/02/2022) |
| 09/02/2022 | 52 | MOTION to Stay Case by Plaintiff Daniel David Dydzak. Responses due by 9/16/2022. (HAM) (Entered: 09/02/2022) |
| 09/02/2022 | 53 | MOTION to Appoint Special Master by Plaintiff Daniel David Dydzak. Responses due by 9/16/2022. (HAM) (Entered: 09/02/2022) |
| 09/12/2022 | 54 | RESPONSE to 52 Motion to Stay Case or Discovery by Defendant Charles Schwab. Replies due by 9/19/2022. (Attachments: # 1 Exhibit 1)(Blakley, Brian) (Entered: 09/12/2022) |
| 09/12/2022 | 55 | RESPONSE to 53 Motion to Appoint Special Master by Defendant Charles Schwab. Replies due by 9/19/2022. (Blakley, Brian) (Entered: 09/12/2022) |
| 09/13/2022 | 56 | RESPONSE to 53 Motion to Appoint Special Master by Defendants William Canby, Maxine Chesney, Molly Dwyer, Ferdinand Francis Fernandez, William Fletcher, Ronald Gould, George King, Johnnie Rawlinson, Edward Ephraim Schiffer, Peter Lind Shaw, Barry Silverman, Richard Tallman, Sidney Thomas, Kim McClane Wardlaw. Replies due by 9/20/2022. (Rose, Patrick) (Entered: 09/13/2022) |
| 09/13/2022 | 57 | JOINDER to 55 Response to 53 Motion to Appoint Special Master by Defendant Donald Miles. (Anderson, Craig) Modified to link back to underlying motion on 9/15/2022 (EDS). (Entered: 09/13/2022) |
| 09/13/2022 | 58 | JOINDER to 56 Response to 53 Motion to Appoint Special Master by Defendant Donald Miles. (Anderson, Craig) Modified to link back to underlying motion on 9/15/2022 (EDS). (Entered: 09/13/2022) |
| 09/14/2022 | 59 | RESPONSE to 52 Motion to Stay Case or Discovery by Defendant Donald Miles. Replies due by 9/21/2022. (Anderson, Craig) (Entered: 09/14/2022) |

| 09/14/2022 | 60 | RESPONSE to 52 Motion to Stay Case or Discovery, 53 Motion to Appoint Special Master by Defendants Eric George, Ronald George, Alan I Rothenberg. Replies due by 9/21/2022. (George, Eric) (Entered: 09/14/2022) |
|---|---|---|
| 09/14/2022 | 61 | EX PARTE MOTION for Extension of Time (First Request) to file Response re 46 Motion to Dismiss by Plaintiff Daniel David Dydzak. (TRW) (answer) (Entered: 09/14/2022) |
| 09/14/2022 | 62 | RESPONSE to 52 Motion to Stay Case or Discovery by Defendants William Canby, Maxine Chesney, Molly Dwyer, Ferdinand Francis Fernandez, William Fletcher, Ronald Gould, George King, Johnnie Rawlinson, Edward Ephraim Schiffer, Peter Lind Shaw, Barry Silverman, Richard Tallman, Sidney Thomas, Kim McClane Wardlaw. Replies due by 9/21/2022. (Rose, Patrick) (Entered: 09/14/2022) |
| 09/15/2022 | 63 | NOTICE of intent to dismiss pursuant to FRCP 4(m). The ☀ Petition for Removal☀ in this action was filed on☀ 6/24/2022.☀ To date no proper proof of service has been filed as to☀ Thomas Layton and Wallace Tashima.☀ FRCP 4(m) dismissal deadline set for 10/15/2022. (EDS) (Entered: 09/15/2022) |
| 09/15/2022 | 64 | MOTION to Stay Discovery re 46 Motion to Dismiss, by Defendants William Canby, Maxine Chesney, Molly Dwyer, Ferdinand Francis Fernandez, William Fletcher, Ronald Gould, George King, Johnnie Rawlinson, Edward Ephraim Schiffer, Peter Lind Shaw, Barry Silverman, Richard Tallman, Sidney Thomas, Kim McClane Wardlaw. Responses due by 9/29/2022. (Rose, Patrick) (Entered: 09/15/2022) |
| 09/16/2022 | 65 | **ERROR:** Document terminated – wrong event used. Attorney refiled document. See ECF 67 . ~~JOINDER to 52 Motion to Stay Case or Discovery by Defendants Tani Cantil–Sakauye, William Dato, Jorge Navarrete. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Dillard, Thomas)~~ Modified on 9/16/2022 (SLD). (Entered: 09/16/2022) |
| 09/16/2022 | 66 | RESPONSE to 53 Motion to Appoint Special Master by Defendants Tani Cantil–Sakauye, William Dato, Jorge Navarrete. Replies due by 9/23/2022. (Attachments: # 1 Exhibit A)(Dillard, Thomas) (Entered: 09/16/2022) |
| 09/16/2022 | 67 | RESPONSE to 52 Motion to Stay Case or Discovery by Defendants Tani Cantil–Sakauye, William Dato, Jorge Navarrete. Replies due by 9/23/2022. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Dillard, Thomas) (Entered: 09/16/2022) |
| 09/16/2022 | 68 | RESPONSE to 53 Motion to Appoint Special Master by Defendant MidFirst Bank. Replies due by 9/23/2022. (Ayers, Michael) (Entered: 09/16/2022) |
| 09/16/2022 | 69 | RESPONSE to 52 Motion to Stay Case or Discovery by Defendant MidFirst Bank. Replies due by 9/23/2022. (Ayers, Michael) (Entered: 09/16/2022) |
| 09/19/2022 | 70 | REPLY to 69 Response to 64 Motion to Stay Case or Discovery, by Plaintiff Daniel David Dydzak. (HAM) (Entered: 09/20/2022) |
| 09/19/2022 | 71 | REPLY to 68 Response to 53 Motion to Appoint Special Master by Plaintiff Daniel David Dydzak. (HAM) (Entered: 09/20/2022) |
| 09/21/2022 | 72 | REPLY to 66 Response to 53 Motion to Appoint Special Master by Plaintiff Daniel David Dydzak. (HAM) (Entered: 09/21/2022) |
| 09/21/2022 | 73 | REPLY to 57 , 58 Joinders re 53 Motion to Appoint Special Master by Plaintiff Daniel David Dydzak. (HAM) (Entered: 09/21/2022) |
| 09/22/2022 | 74 | REPLY to 60 Response to 52 Motion to Stay Case or Discovery and 53 Motion to Appoint Special Master by Plaintiff Daniel David Dydzak. (TRW) (Entered: 09/22/2022) |
| 09/26/2022 | 75 | RESPONSE to 69 Response to 52 Motion to Stay Case or Discovery by Plaintiff Daniel David Dydzak. (HAM) (Entered: 09/26/2022) |
| 09/26/2022 | 76 | REPLY to 75 Response to 64 Motion to Stay Case or Discovery, by Plaintiff Daniel David Dydzak. (HAM) (Entered: 09/26/2022) |
| 09/26/2022 | 77 | REPLY to 75 Response to 64 Motion to Stay Case or Discovery, by Plaintiff Daniel David Dydzak. (HAM) (Entered: 09/26/2022) |

| | | |
|---|---|---|
| 09/27/2022 | 78 | MOTION to Extend Time (First Request) *to Respond to Plaintiffs Complaint* re 1 Petition for Removal,, by Defendant Wallace Tashima. Responses due by 10/11/2022. (Rose, Patrick) (answer) (Entered: 09/27/2022) |
| 09/30/2022 | 79 | ORDER Denying 53 Motion to Appoint Special Master and Granting 61 Ex Parte Motion to Extend Time (First Request). Responses re 46 Motion to Dismiss due by 12/15/2022.<br>IT IS FURTHER ORDERED that Dydzaks Motion to Stay Case (ECF No. 52 ) is GRANTED in part. Discovery is stayed until Judge Gordon resolves the pending Motions to Dismiss. However, the Motion is denied to the extent it seeks to stay rulings on fully briefed Motions to Dismiss.<br>IT IS FURTHER ORDERED that the federal defendants Motion to Stay Discovery (ECF No. 64 ) is GRANTED. Discovery is stayed until resolution of the pending Motions to Dismiss. Signed by Judge Andrew P. Gordon on 9/30/2022. (Copies have been distributed pursuant to the NEF − TRW ) (Entered: 09/30/2022) |
| 10/07/2022 | 80 | ORDER Granting 5 Motion to Dismiss, 14 Motion to Dismiss, 16 Motion to Dismiss, 22 Motion to Dismiss, and 25 Motion to Dismiss. Signed by Judge Andrew P. Gordon on 10/7/2022. (Copies have been distributed pursuant to the NEF − TRW) (Entered: 10/07/2022) |
| 10/07/2022 | 81 | JOINDER to 46 Motion to Dismiss, by Defendant Wallace Tashima.. (Rose, Patrick) (Entered: 10/07/2022) |
| 10/11/2022 | 82 | RESPONSE to 78 Motion to Extend Time by Plaintiff Daniel David Dydzak. Replies due by 10/18/2022. (HAM) (Entered: 10/11/2022) |
| 10/18/2022 | 83 | ORDER. It is ordered that Plaintiff Daniel Dydzak's claim against defendant Thomas Layton is DISMISSED without prejudice for failure to timely and properly serve. Signed by Judge Andrew P. Gordon on 10/18/2022. (Copies have been distributed pursuant to the NEF − HAM ) (Entered: 10/18/2022) |
| 10/28/2022 | 84 | ORDER granting 78 Motion to Extend Time Re: 1 Petition for Removal, Wallace Tashima answer due 10/31/2022. Signed by Magistrate Judge Cam Ferenbach on 10/28/2022. (Copies have been distributed pursuant to the NEF − HAM) (Entered: 10/28/2022) |
| 11/01/2022 | 85 | NOTICE OF APPEAL as to 80 Order on Motion to Dismiss, by Plaintiff Daniel David Dydzak. E−mail notice (NEF) sent to the US Court of Appeals, Ninth Circuit. *Filing fee not paid.* (HAM) (Entered: 11/01/2022) |
| 11/03/2022 | 86 | USCA ORDER for Time Schedule as to 85 Notice of Appeal filed by Daniel David Dydzak. **USCA Case Number 22−16717**. (Copies have been distributed pursuant to the NEF − TRW) (Entered: 11/07/2022) |
| 12/15/2022 | 87 | RESPONSE to 46 Motion to Dismiss, by Plaintiff Daniel David Dydzak. Replies due by 12/22/2022. (HAM) (Entered: 12/15/2022) |
| 12/22/2022 | 88 | REPLY to Response to 46 Motion to Dismiss, by Defendants William Canby, Maxine Chesney, Molly Dwyer, Ferdinand Francis Fernandez, William Fletcher, Ronald Gould, George King, Johnnie Rawlinson, Edward Ephraim Schiffer, Peter Lind Shaw, Barry Silverman, Richard Tallman, Wallace Tashima, Sidney Thomas, Kim McClane Wardlaw. (Rose, Patrick) (Entered: 12/22/2022) |
| 01/27/2023 | 89 | ORDER of USCA, Ninth Circuit, as to 85 Notice of Appeal filed by Daniel David Dydzak. Appeal is DISMISSED for lack of jurisdiction. (Copies have been distributed pursuant to the NEF − TRW) (Entered: 01/27/2023) |
| 03/21/2023 | 90 | MANDATE of USCA, Ninth Circuit, as to 89 USCA Order re 85 Notice of Appeal filed by Daniel David Dydzak. Appeal is DISMISSED for lack of jurisdiction. (Copies have been distributed pursuant to the NEF − TRW) (Entered: 03/21/2023) |
| 04/17/2023 | 91 | ORDER. It Is Therefore Ordered that the motion to dismiss defendants William Canby, Ferdinand Fernandez, William Fletcher, Ronald Gould, Barry Silverman, Richard Tallman, Sidney Thomas, Kim Wardlaw, Maxine Chesney, Molly Dwyer, George King, Edward Schiffer, Peter Shaw, and A. Wallace Tashima EF Nos. 46 , 81 is GRANTED. It Is Further Ordered. that the motion to dismiss defendant Johnnie Rawlinson is GRANTED with prejudice. The clerk of the court is instructed to enter |

| | | |
|---|---|---|
| | | judgment in favor of defendant Johnnie Rawlinson and against plaintiff Daniel Dydzak. Because there are no outstanding claims or parties, the clerk of the court is instructed to close this case. See order for further details. Signed by Judge Andrew P. Gordon on 4/17/2023. (Copies have been distributed pursuant to the NEF – LOE) (Entered: 04/18/2023) |
| 04/18/2023 | 92 | JUDGMENT in favor of Johnnie Rawlinson against Daniel David Dydzak. Signed by Clerk of Court Debra K. Kempi on 4/18/2023. (Copies have been distributed pursuant to the NEF – LOE) (Entered: 04/18/2023) |
| 05/15/2023 | 93 | NOTICE OF APPEAL as to 91 Order on Motion to Dismiss,,,,,,, by Plaintiff Daniel David Dydzak. Filing fee $ 505 (DUE). E–mail notice (NEF) sent to the US Court of Appeals, Ninth Circuit. (JQC) (Entered: 05/15/2023) |
| 05/16/2023 | 94 | PROPOSED Judgment by Plaintiff Daniel David Dydzak. (ALZ) (Entered: 05/16/2023) |
| 05/23/2023 | 95 | USCA ORDER for Time Schedule as to 93 Notice of Appeal filed by Daniel David Dydzak. **USCA Case Number 23–15784**. (Copies have been distributed pursuant to the NEF – JQC) (Entered: 05/25/2023) |
| 08/04/2023 | 96 | ORDER. I THEREFORE ORDER the clerk of court to enter judgment as follows:Defendants Tani G. Cantil–Sakauye and Jorge Navarette are dismissed without prejudicefor lack of subject matter jurisdiction and lack of personal jurisdiction.1Defendants Eric George, Ronald George, Alan Rothenberg, William Dato, Donald Miles,MidFirst Bank, Charles Schwab, William Canby, Ferdinand Fernandez, William Fletcher,Ronald Gould, Barry Silverman, Richard Tallman, Sidney Thomas, Kim Wardlaw, MaxineChesney, Molly Dwyer, George King, Edward Schiffer, Peter Shaw, and A. Wallace Tashima are dismissed without prejudice for lack of personal jurisdiction. Defendant Thomas Layton isdismissed without prejudice for failure to timely serve. Signed by Judge Andrew P. Gordon on 8/4/2023. (Copies have been distributed pursuant to the NEF – CT) (Entered: 08/04/2023) |
| 08/04/2023 | 97 | JUDGMENT in favor of MidFirst Bank, Alan I Rothenberg, Barry Silverman, Charles Schwab, Donald Miles, Edward Ephraim Schiffer, Eric George, Ferdinand Francis Fernandez, George King, Jorge Navarete, Kim McClane Wardlaw, Maxine Chesney, Molly Dwyer, Peter Lind Shaw, Richard Tallman, Ronald George, Ronald Gould, Sidney Thomas, Tani Cantil–Sakauye, Thomas Layton, Wallace Tashima, William Canby, William Dato, William Fletcher against Daniel David Dydzak. Signed by Clerk of Court Debra K. Kempi on 8/4/2023. (Copies have been distributed pursuant to the NEF – CT) (Entered: 08/04/2023) |
| 08/14/2023 | 98 | NOTICE OF APPEAL by Plaintiff Daniel David Dydzak. Filing fee $ 505 – due. E–mail notice (NEF) sent to the US Court of Appeals, Ninth Circuit. (AMMi) (Entered: 08/18/2023) |
| 08/23/2023 | 99 | USCA ORDER for Time Schedule as to 98 Notice of Appeal filed by Daniel David Dydzak. **USCA Case Number 23–16122**. (Copies have been distributed pursuant to the NEF – JQC) (Entered: 08/24/2023) |
| 08/30/2023 | 100 | NOTICE OF APPEAL by Plaintiff Daniel David Dydzak. Filing fee $ 505 – due. E–mail notice (NEF) sent to the US Court of Appeals, Ninth Circuit. (AMMi) (Entered: 09/01/2023) |
| 09/05/2023 | 101 | RECEIPT of Payment: $ 505.00, receipt number 5502. (JQC) (Entered: 09/05/2023) |
| 09/19/2023 | 102 | USCA ORDER for Time Schedule as to 100 Notice of Appeal filed by Daniel David Dydzak. **USCA Case Number 23–16193**. (Copies have been distributed pursuant to the NEF – AMMi) (Entered: 10/13/2023) |
| 11/27/2023 | 103 | ORDER of USCA, Ninth Circuit, as to 100 Notice of Appeal filed by Daniel David Dydzak. **This appeal is dismissed for failure to prosecute. This order served on the district court shall, 21 days after the date of the order, act as the mandate of this court.** (Copies have been distributed pursuant to the NEF – ALZ) (Entered: 11/27/2023) |
| 03/04/2024 | 105 | RECEIPT of Payment: $ 605, receipt number 8242 (AMMi – Ad hoc: COA) (Entered: 04/10/2024) |

**AttyDefsSER-225**

| 04/04/2024 | 104 | ORDER of USCA, Ninth Circuit, as to <u>100</u> Notice of Appeal filed by Daniel David Dydzak.<br><br>On January 3, 2024, this court ordered appellant to pay the fees for appeal No. 23−16193 and file a consolidated opening brief by February 29, 2024. The order warned that failure to do so would result in dismissal of the appeal(s).<br><br>Appellant filed a consolidated opening brief on March 1, 2024, but has not paid the overdue fees. As a consequence, appeal No. 23−16193 is dismissed. See 9th Cir. R. 42−1. This order will be served on the district court, and in 21 days, will become the mandate of this court for appeal No. 23−16193. A motion to reinstate appeal No. 23−16193 will not be entertained absent proof that fees have been paid.<br><br>Appeal No. 23−15784 remains pending. The answering brief is due May 15, 2024 and needs to address only the portions of the opening brief that relate to appeal No. 23−15784. The optional reply brief is due within 21 days of service of the answering brief.<br><br>(Copies have been distributed pursuant to the NEF − RJDG) (Entered: 04/05/2024) |

## CERTIFICATE OF SERVICE

**(Federal Rule of Appellate Procedure 25(c); Circuit Rule 25-5(f)(2))**

I hereby certify that on May 15, 2024, I electronically filed the foregoing Supplemental Excerpts of Record of Appellees Eric M. George, Ronald M. George, and Alan I. Rothenberg with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Appellate Electronic Filing System.

I further certify that on May 15, 2024, I served the foregoing document by Federal Express for delivery within three days to the following unregistered case participant:

Daniel David Dydzak

4265 Marina City Drive, Suite 407W

Marina Del Rey, CA 90292

Date: May 15, 2024                    */s/ Eric M. George*

                                      Eric M. George